**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy                06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Blink Holdings, Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **27-2776354** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**45 West 45th Street, 10th Floor
New York, NY 10036**

Number, Street, City, State & ZIP Code

**New York**

County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.blinkfitness.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | **Blink Holdings, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A. *Check one:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B. *Check all that apply*

☐  Tax-exempt entity (as described in 26 U.S.C. §501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐  Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

7139

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11. *Check all that apply*:

  ☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

  ☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

  ☐  A plan is being filed with this petition.

  ☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒  No.

☐  Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐  No

☒  Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | **See Schedule 1** | | Relationship | |
|---|---|---|---|---|---|
| | District | | When | Case number, if known | |

| Debtor | **Blink Holdings, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.

    Insurance agency _____

    Contact name _____

    Phone _____

---

**█ Statistical and administrative information – On a consolidated basis**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Blink Holdings, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **08/12/2024**
                MM / DD / YYYY

**X** **/s/ Guy Harkless**                          **Guy Harkless**
Signature of authorized representative of debtor      Printed name

Title    **President**

---

**18. Signature of attorney**

**X** **/s/ Sean T. Greecher**                Date **08/12/2024**
Signature of attorney for debtor                     MM / DD / YYYY

**Sean T. Greecher**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**      Email address   **sgreecher@ycst.com**

**4484 - Delaware**
Bar number and State

**SCHEDULE 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below, including the Debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

|     | Entity Name | Federal Employer Identification Number (EIN) |
| --- | --- | --- |
| 1. | Blink Holdings, Inc. | 27-2776354 |
| 2. | 692 Broadway Fitness Club, Inc. | 27-1908592 |
| 3. | Bergen Town Center Fitness Club, Inc | 27-2538809 |
| 4. | Blink 101 W 87th Street, Inc. | 83-1783466 |
| 5. | Blink 1060 W Alameda, Inc. | 83-1265606 |
| 6. | Blink 1065 6th Avenue, Inc. | 90-1019542 |
| 7. | Blink 108-14 Roosevelt, Inc. | 37-1777158 |
| 8. | Blink 1134 Fulton, Inc. | 83-2810654 |
| 9. | Blink 116th Street, Inc. | 30-0749666 |
| 10. | Blink 12201 Victory Blvd Inc. | 84-3211199 |
| 11. | Blink 125 Park, Inc. | 38-3954457 |
| 12. | Blink 125th Street, Inc. | 35-2432332 |
| 13. | Blink 130 W.G. Street, Inc. | 37-1893849 |
| 14. | Blink 16123 Bellflower Blvd., Inc. | 83-2965389 |
| 15. | Blink 16th Street, Inc. | 35-2482999 |
| 16. | Blink 18th Avenue, Inc. | 32-0559117 |
| 17. | Blink 19500 Plummer, Inc. | 84-1994631 |
| 18. | Blink 2192 Texas Parkway, Inc. | 84-2945470 |
| 19. | Blink 229 E. Foothill Boulevard, Inc. | 37-1895426 |
| 20. | Blink 2374 Grand Concourse, Inc. | 46-0787144 |
| 21. | Blink 2465 Jerome Inc. | 83-2903660 |
| 22. | Blink 2862 Fulton Street, Inc. | 38-4086152 |
| 23. | Blink 287 Broadway, Inc. | 32-0489864 |
| 24. | Blink 2883 3rd Avenue, Inc. | 38-3979327 |
| 25. | Blink 3779 Nostrand, Inc. | 90-0991412 |
| 26. | Blink 56-02 Roosevelt, Inc. | 32-0458357 |

| | Entity Name | Federal Employer Identification Number (EIN) |
|---|---|---|
| 27. | Blink 600 Third Avenue, Inc. | 45-4495006 |
| 28. | Blink 69th Street Inc. | 36-4883652 |
| 29. | Blink 78-14 Roosevelt, Inc. | 36-4763657 |
| 30. | Blink 79th Holdings Inc. | 83-2909310 |
| 31. | Blink 8201 Broadway, Inc. | 84-2616273 |
| 32. | Blink 833 Flatbush, Inc. | 45-5092397 |
| 33. | Blink 886 Broadway, Inc. | 83-4227471 |
| 34. | Blink 88th Street, Inc. (f/k/a Blink Hylan Blvd., Inc.) | 46-1952665 |
| 35. | Blink 97-01 Northern Blvd., Inc. | 83-3318749 |
| 36. | Blink 98th Street, Inc. (f/k/a Blink 25 Broadway, Inc.) | 45-4982583 |
| 37. | Blink 9901 S. Alameda, Inc. | 30-1061345 |
| 38. | Blink Abrams Road Inc. | 84-2870711 |
| 39. | Blink Airline Drive, Inc. | 84-2005358 |
| 40. | Blink Amboy Road Inc. (f/k/a Blink 1239 Fulton, Inc.) | 46-0777652 |
| 41. | Blink Ashland Avenue, Inc. | 83-2658290 |
| 42. | Blink Ashland Inc. | 84-3234185 |
| 43. | Blink Atlantic Ave LB Inc. | 84-3175172 |
| 44. | Blink Atlantic Avenue, Inc. | 80-0961483 |
| 45. | Blink Avenue A, Inc. | 61-1770310 |
| 46. | Blink Baldwin, Inc. | 46-1827913 |
| 47. | Blink Beach Street, Inc. | 83-3167941 |
| 48. | Blink Bedford, Inc. | 83-3194165 |
| 49. | Blink Belleville Inc. | 36-4921832 |
| 50. | Blink Bissonnet, Inc. | 84-5091686 |
| 51. | Blink Braddock Avenue Inc. | 35-2632603 |
| 52. | Blink Brentwood, Inc. | 45-5556468 |
| 53. | Blink Broadway Marketplace, Inc. | 27-3900800 |
| 54. | Blink Brookhurst, Inc. | 30-1004151 |
| 55. | Blink Clifton, Inc. | 90-1026972 |
| 56. | Blink Commercial Boulevard, Inc. | 83-4461645 |

| | Entity Name | Federal Employer Identification Number (EIN) |
|---|---|---|
| 57. | Blink Company Intermediate Holdco Inc. | 84-3927929 |
| 58. | Blink Compton & Central Avenue, Inc. | 38-4074958 |
| 59. | Blink Concourse Holdings, Inc. | 45-5565698 |
| 60. | Blink Courtesy Plaza Inc. | 83-1805160 |
| 61. | Blink Deerwood Inc. | 84-2882616 |
| 62. | Blink Diversey, Inc. | 30-1095520 |
| 63. | Blink East 54th Street, Inc. | 30-0844661 |
| 64. | Blink East Orange, Inc. (f/k/a Blink Belleville, Inc.) | 37-1784847 |
| 65. | Blink East Tremont Avenue, Inc. | 61-1775251 |
| 66. | Blink Eighth Avenue, Inc. | 46-1939235 |
| 67. | Blink Farmers Boulevard Inc. | 61-1807517 |
| 68. | Blink Fitness Franchising, Inc. | 30-0838012 |
| 69. | Blink Fitness Rialto Inc. | 83-2986020 |
| 70. | Blink Flatlands Avenue, Inc. | 37-1757211 |
| 71. | Blink Fourth Avenue, Inc. | 61-1762535 |
| 72. | Blink Frankford Avenue, Inc. | 36-4853685 |
| 73. | Blink Fulton Street, Inc. | 61-1723329 |
| 74. | Blink Gage Park LLC | 84-3451110 |
| 75. | Blink Gates, Inc. | 36-4759927 |
| 76. | Blink Georgetown Inc. | 37-1902616 |
| 77. | Blink Hawthorne, Inc. | 30-0992856 |
| 78. | Blink Hicksville, Inc. | 38-3941155 |
| 79. | Blink Highway 249, Inc. | 84-5052871 |
| 80. | Blink Holdings II, Inc. | 84-4018470 |
| 81. | Blink Irvington Inc. | 45-5161528 |
| 82. | Blink Islandia, Inc. | 45-5092358 |
| 83. | Blink Jamaica Avenue, Inc. | 45-4494871 |
| 84. | Blink Jerome Avenue, Inc. | 37-1878960 |
| 85. | Blink Journal Square, Inc. | 38-3904829 |
| 86. | Blink Keller, Inc. | 83-3233569 |
| 87. | Blink Kendall Market Place Inc. | 84-2918310 |
| 88. | Blink Kenwood, Inc. | 84-2028594 |

| | Entity Name | Federal Employer Identification Number (EIN) |
|---|---|---|
| 89. | Blink Knickerbocker, Inc. | 37-1778698 |
| 90. | Blink KWT Holdco LLC | 84-3088279 |
| 91. | Blink Liberty Avenue, Inc. | 37-1766505 |
| 92. | Blink Linden, Inc. | 30-0818706 |
| 93. | Blink Lodi, Inc. | 80-0850640 |
| 94. | Blink Long Point, Inc. | 83-4487415 |
| 95. | Blink Macombs Road, Inc. | 90-1018701 |
| 96. | Blink Melville, Inc. | 45-2705999 |
| 97. | Blink Metropolitan Avenue, Inc. | 45-2119721 |
| 98. | Blink Miramar Parkway Inc. | 83-4112458 |
| 99. | Blink Myrtle Avenue, Inc. (f/k/a Blink 3780 Broadway, Inc.) | 46-1795639 |
| 100. | Blink Nassau Street, Inc. | 32-0440767 |
| 101. | Blink Newark, Inc. | 36-4868064 |
| 102. | Blink Normandie Avenue, Inc. | 30-0964950 |
| 103. | Blink North 10th Street Corp. | 84-4669850 |
| 104. | Blink North Riverside LLC | 84-3436520 |
| 105. | Blink Nostrand Avenue, Inc. | 45-2711259 |
| 106. | Blink NRH, Inc. | 83-3150472 |
| 107. | Blink Nutley, Inc. | 37-1888946 |
| 108. | Blink Pacific Boulevard, Inc. | 30-0963403 |
| 109. | Blink Parsippany, Inc. | 61-1709122 |
| 110. | Blink Passaic, Inc. | 30-0943994 |
| 111. | Blink Paterson, Inc. | 84-4567879 |
| 112. | Blink Perth Amboy, Inc. | 38-4010715 |
| 113. | Blink Plainfield, Inc. | 30-0950363 |
| 114. | Blink Richmond Road, Inc. | 84-2055108 |
| 115. | Blink Ridgeland Ave., Inc. | 83-1823664 |
| 116. | Blink Riverdale, Inc. | 36-4790560 |
| 117. | Blink Selden, Inc. | 45-2120221 |
| 118. | Blink SER Portfolio, Inc. | 83-2806426 |
| 119. | Blink South Orange, Inc. | 32-0469363 |

|  | **Entity Name** | **Federal Employer Identification Number (EIN)** |
|---|---|---|
| 120. | Blink Southern Boulevard, Inc. | 80-0807202 |
| 121. | Blink St. Ann's Avenue, Inc. | 90-0770908 |
| 122. | Blink Steinway Street, Inc. | 32-0403766 |
| 123. | Blink Stonebrook, Inc. | 83-2663967 |
| 124. | Blink Sunset Park, Inc. | 32-0502888 |
| 125. | Blink Union, Inc. | 90-1018825 |
| 126. | Blink Utica Avenue, Inc. | 80-0850078 |
| 127. | Blink Valley Stream, Inc. | 61-1737539 |
| 128. | Blink Webster Avenue, Inc. (f\k\a Blink Boston Post Road. Inc.) | 45-2120528 |
| 129. | Blink West 31st Street, Inc. | 80-0931806 |
| 130. | Blink West 8th Street, Inc. | 35-2519404 |
| 131. | Blink West Islip, Inc. | 45-4494932 |
| 132. | Blink Westchase Inc. | 83-4582685 |
| 133. | Blink White Plains, Inc. | 45-4982614 |
| 134. | Blink Whitman, Inc. | 35-2578935 |
| 135. | Blink Williamsbridge, Inc. | 90-0993963 |
| 136. | Blink Willingboro, Inc. | 37-1830171 |
| 137. | Blink Wissinoming, Inc. | 32-0503005 |
| 138. | Cross County Fitness Club, Inc. | 27-2776540 |

**UNANIMOUS WRITTEN CONSENT OF
THE RESTRUCTURING COMMITTEE OF
BOARDS OF DIRECTORS OF
BLINK HOLDINGS II, INC.
BLINK COMPANY INTERMEDIATE HOLDCO INC.
BLINK HOLDINGS, INC.
AND
BLINK HOLDINGS, INC.'S OPERATING SUBSIDIARIES
IN LIEU OF MEETINGS**

**AUGUST 11, 2024**

THE UNDERSIGNED, being the sole member of the special committee formed on June 23, 2024, of the board of directors  of each of the Companies (as defined below) (the "**Restructuring Committee**") is adopting the resolutions set forth below, pursuant to (i) with respect to each of BLINK HOLDINGS II, INC., a Delaware corporation ("**Blink II**"), BLINK COMPANY INTERMEDIATE HOLDCO INC., a Delaware corporation ("**Intermediate Holdco**"), and BLINK HOLDINGS, INC. ("**BHI**"), a Delaware corporation, Section 141(f) of the Delaware General Corporation Law; (ii) with respect to the California corporations listed on <u>Schedule I</u> (collectively, the "**California Corporations**"), Section 307(b) of the California Corporations Code; (iii) with respect to the Delaware corporations listed on <u>Schedule II</u> (collectively, the "**Delaware Corporations**"), Section 141(f) of the Delaware General Corporation Law; (iv) with respect to the Florida corporations listed on <u>Schedule III</u> (collectively, the "**Florida Corporations**"), Section 607.0821(1) of the Florida Statutes; (v) with respect to the Illinois corporations listed on <u>Schedule IV</u> (collectively, the "**Illinois Corporations**"), Section 5/8.45(a) of the Illinois Business Corporation Act; (vi) with respect to the New Jersey corporations listed on <u>Schedule V</u> (collectively, the "**New Jersey Corporations**"), Section 14A:6-7.1(5) of the New Jersey Business Corporation Act; (vii) with respect to the New York corporations listed on <u>Schedule VI</u> (collectively, the "**New York Corporations**"), Section 708(b) of the New York Business Corporation Law; (viii) with respect to the Pennsylvania corporations listed on <u>Schedule VII</u> (collectively, the "**Pennsylvania Corporations**"), Section 1727(b) of the Pennsylvania Business Corporations law; (ix) with respect to the Texas corporations listed on <u>Schedule VIII</u> (collectively, the "**Texas Corporations**"), Section 21.415(b) of the Texas Business Organizations Code; and (x) with respect to each Company (as defined below), the articles or certificate of incorporation, the articles or certificate of formation, the bylaws, or the limited liability company or operating agreement, as applicable, of such Company (as defined below), and hereby waive any notice or the calling or holding of a meeting of the Restructuring Committee of the respective Boards, and in lieu of such meetings DOES HEREBY CONSENT to the following actions and to the adoption of the following resolutions and direct that this Unanimous Written Consent of the Restructuring Committee (this "**Consent**") be filed with each of the minutes of the proceedings of the Boards of the Companies.

**WHEREAS**, BHI is the sole member of BLINK KWT HOLDCO LLC, a Delaware limited liability company ("**KWT**") and actions taken herein by the Restructuring Committee of BHI are taken on behalf of BHI and, to the extent applicable and acting in BHI's capacity as the

3182064

sole member of KWI, on behalf of KWI pursuant to Section 18-404(d) of the Delaware Limited Liability Company Act;

**WHEREAS**, one of the Delaware Corporations, BLINK SER PORTFOLIO, INC. ("**SER**"), is the sole member of each of the Illinois limited liability companies listed on Schedule IX (collectively, the "**Illinois LLCs**"; and together with Blink II, Intermediate Holdco, BHI, the California Corporations, the Delaware Corporations, the Florida Corporations, the Illinois Corporations, the New Jersey Corporations, the New York Corporations, the Pennsylvania Corporations, the Texas Corporations, and KWT, the "**Companies**" and each, individually, a "**Company**") and actions taken herein by Restructuring Committee of SER are taken on behalf of SER and, to the extent applicable and acting in SER's capacity as the sole member of each of the Illinois LLCs, on behalf each of the Illinois LLCs pursuant to Section 15-1(e) of the Illinois Limited Liability Company Act;

**WHEREAS**, the board of directors of each of the Companies has delegated to the Restructuring Committee the authority to approve all decisions and take all actions with respect to the Restructuring Management (as defined in the resolutions adopted by the board of directors of each of the Companies for purposes of establishing the Restructuring Committee) of each of the Companies, including, without limitation, the authority to approve the Companies' filing of a voluntary petition to seek bankruptcy protection;

**WHEREAS**, the Restructuring Committee has had an opportunity to consult with the senior management of the Companies and the Companies' financial and legal advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and has reviewed the chapter 11 preparation materials, and the Restructuring Committee approves of the filing of chapter 11 petitions; and

**WHEREAS**, the Restructuring Committee desires to adopt and approve the following resolutions.

**Commencement and Prosecution of Bankruptcy Cases**

**NOW, THEREFORE BE IT RESOLVED**, that, in the judgment of the Restructuring Committee, it is desirable and in the best interests of each Company, their creditors, their stockholders, and other interested parties that a voluntary petition (the "**Petitions**" and each, individually, a "**Petition**") be filed by each of the Companies in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing a case (collectively, the "**Bankruptcy Cases**" and, each, a "**Bankruptcy Case**") under the provisions of chapter 11 of the Bankruptcy Code, along with any recognition or similar proceeding outside of the United States that may be required in relation thereto; and it is further

**RESOLVED**, that the filing of a voluntary petition on behalf of each Company be, and the same hereby is, approved, authorized, and adopted in all respects, and that the executive chairman, managing partner, president, secretary, chief executive officer, chief restructuring officer, deputy chief restructuring officer, and any other officer of the Companies (collectively, the "**Authorized Officers**" and each, individually, an "**Authorized Officer**"), as applicable, be

and hereby are, authorized and empowered on behalf of each Company, to execute, acknowledge, deliver, and verify the Petitions and to cause the same to be filed with the Bankruptcy Court at such time and in such form as such Authorized Officer may determine (which approval and authorization thereof shall be conclusively evidenced by the filing of the Petitions with the Bankruptcy Court); and it is further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized to (a) execute and file the Petitions, along with all schedules of assets and liabilities, statements of financial affairs, lists, motions, applications, pleadings, declarations, and other papers that any such Authorized Officer may determine necessary or proper in connection with the Bankruptcy Cases, (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petitions and to administer the Bankruptcy Cases in such form or forms as any such Authorized Officer may determine necessary or proper and in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts, as any such Authorized Officer may determine necessary or proper to accomplish the purposes of the resolutions, with any such determinations being conclusively evidenced by the executing, filing, acknowledging, delivering, verifying, or engaging thereof by such Authorized Officer; and it is further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized, directed, and empowered from time to time in the name and on behalf of each Company, to perform the obligations of the Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as any such Authorized Officers performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such Authorized Officer and by the Companies.

### Appointment of CRO

**WHEREAS**, pursuant to that certain engagement letter (the "**Engagement Letter**"), dated as of August 11, 2024, among the Companies and the financial advisory firm of Triple P RTS, LLC ("**PPP**"), the Companies retained PPP to provide the Companies with a Chief Restructuring Officer ("**CRO**") and other personnel to support the CRO;

**WHEREAS**, the Restructuring Committee has determined that it is advisable and in the best interests of the Companies to designate Steven Shenker ("**Mr. Shenker**") to serve as CRO, and Scott Canna ("**Mr. Canna**") as Deputy CRO, of each of the Companies.

**NOW, THEREFORE, BE IT RESOLVED**, that Mr. Shenker is hereby appointed as CRO and shall serve until such time as Mr. Shenker's successor shall be duly elected and qualified or until Mr. Shenker's earlier death, resignation, or removal as provided for in the respective bylaws, limited liability agreements, or equivalent organizational documents of each of the Companies; and it is further

31820642.6

3

**RESOLVED**, that Mr. Canna is hereby appointed as Deputy CRO and shall serve until such time as Mr. Canna's successor shall be duly elected and qualified or until Mr. Canna's earlier death, resignation, or removal as provided for in the respective bylaws, limited liability agreements, or equivalent organizational documents of each of the Companies; and it is further

**RESOLVED**, that the duties of CRO and Deputy CRO are those duties contemplated in the Engagement Letter and such other duties required to comply with the Bankruptcy Code and to advance each Company's rights and obligations in connection with the Bankruptcy Cases; and it is further

**RESOLVED**, that Mr. Shenker and Mr. Canna are hereby authorized, directed, and empowered, as CRO and Deputy CRO, respectively, on behalf of the Companies, to execute and deliver any documents, instruments, schedules, affidavits, or any other papers or documents to be entered into by the Companies, for any purpose, and to take any and all actions that may be necessary, appropriate, desirable, or convenient, in Mr. Shenker's or Mr. Canna's discretion in connection with the foregoing, on behalf of the Companies, to give effect to any such documents; and it is further

### Retention of Professionals

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**"), located at 1000 North King Street, Wilmington, DE 19801, shall be, and hereby is, authorized, directed, and empowered to represent the Companies as general bankruptcy counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights, including the preparation of pleadings and filings in the Bankruptcy Cases; and in connection therewith, the Authorized Officers be, and, acting alone or in any combination, hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that PPP shall be, and hereby is, authorized, directed, and empowered to provide the Companies with Mr. Shenker as CRO and Mr. Canna as Deputy CRO, and support personnel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations in connection with the Bankruptcy Cases; and, in connection therewith, the Authorized Officers be, and, acting alone or in any combination, hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate motion or application for authority to retain the services of PPP; and it is further

**RESOLVED**, that Moelis & Company ("**Moelis**") located at 399 Park Avenue, 4th Floor, New York, NY 10022, shall be, and hereby is, authorized, directed, and empowered to serve as investment banker to represent and assist the Companies in connection with the potential restructuring of the Companies' business and in carrying out their duties under the Bankruptcy

Code and to take any and all actions to advance each Company's rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the Authorized Officers be, and, acting alone or in any combination, hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Moelis; and it is further

**RESOLVED**, that Epiq Corporate Restructuring, LLC ("**Epiq**" and, together with Young Conaway, PPP, and Moelis, the "**Advisors**"), located at 777 3rd Avenue, 12th Floor, New York, NY 10017, shall be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, and balloting agent in connection with the Bankruptcy Cases; and in connection therewith, the Authorized Officers be, and, acting alone or in any combination, hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and it is further

**RESOLVED**, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advance each Company's rights and obligations and facilitate the Bankruptcy Cases; and it is further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, to employ any other individual or firm as professionals, consultants, financial advisors, or investment bankers to the Companies as is deemed necessary to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and, in connection therewith, the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application or motion for authority to retain the services of such individual or firms.

### Post-Petition Financing

**WHEREAS**, the Companies propose to enter into a secured super-priority priming debtor-in-possession financing transaction (such transaction, the "**DIP Financing**") as of or about the commencement of the Bankruptcy Cases to be evidenced by a binding term sheet, promissory note or credit agreement (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Financing Agreement**"), on terms and conditions substantially consistent with those presented to the Restructuring Committee and subject to approval of the Bankruptcy Court;

**WHEREAS**, the Companies desire to guaranty the payment and performance of the obligations (other than each such Company's own primary obligations) under the DIP Financing Agreement and the other Additional DIP Financing Documents (as defined below) and grant security interests in and liens upon substantially all of their assets as collateral for the obligations under the DIP Financing Agreement and the other Additional DIP Financing Documents; and

**WHEREAS**, it is hereby deemed that the DIP Financing Agreement and the Additional DIP Financing Documents and, to the extent any Company is a party thereto, the execution and delivery thereof, the performance of such Company's obligations thereunder and the transactions contemplated thereby, are advisable and in the best interests of the Companies.

**NOW, THEREFORE, BE IT RESOLVED**, that (a) the form, terms, and conditions of. the DIP Financing Agreement, together with any amendments, modifications, alterations, or changes thereto as may be approved by any Authorized Officer, (b) the execution, delivery, and performance by the Companies, to the extent they are party thereto, of the DIP Financing Agreement and the Additional DIP Financing Documents, and the consummation of the transactions contemplated thereunder, including the borrowing (and repayment) of any loans or funds or any other extension of credit under the DIP Financing Agreement and any Additional DIP Financing Document, the guaranty of any obligations under the DIP Financing Agreement and any Additional DIP Financing Document, and the use of proceeds to provide liquidity for the Companies throughout the Bankruptcy Cases, (c) the grant of security interests in all or any portion of any Company's assets to secure any obligations under the DIP Financing Agreement and any Additional DIP Financing Documents, (d) if applicable, the repayment, termination, or other treatment of existing third-party debt of the Companies and any other existing indebtedness pursuant to the terms of the DIP Financing Agreement and/or any Additional DIP Financing Document, and (e) the execution, delivery, and performance by the Companies, to the extent they are party thereto, of all agreements, security, guarantee or collateral documents, mortgages, financing statements, documents, promissory notes, instruments, notices, certificates, stock powers, payoff letters, fee letters, engagement letters, and all other related documents, including exhibits and schedules to or necessary, advisable, desirable, or appropriate (in the determination of any Authorized Officer) to be executed and delivered by any Company in connection with the DIP Financing Agreement, in each case, in such form and substance as may be approved by any Authorized Officer (each an "**Additional DIP Financing Document**" and collectively, the "**Additional DIP Financing Documents**"), are hereby in all respects authorized and approved, and that each Authorized Officer, any one of whom may act without the joinder of any of the others, be, and they hereby are, authorized, empowered, and directed to do and perform, or cause to be done and performed all such acts and things and to sign and deliver or cause to be signed and delivered, all such documents, agreements, certificates, and other instruments, and to take all such other actions as are necessary, advisable, desirable, or appropriate in order to effectuate the purpose and intent of the foregoing resolutions; and it is further

**RESOLVED**, that the granting by each Company of liens on and security interests in any or all of its assets to secure any obligations under the DIP Financing Agreement and any Additional DIP Financing Documents and the filing and recording of any UCC financing statements, fixture filings, intellectual property filings, or any other documents and the taking of any other actions necessary, advisable, desirable, or appropriate to perfect such security interests, are hereby authorized and approved, and each Authorized Officer is authorized on behalf of each applicable Company to execute and deliver any such other perfection documents or instruments, including, without limitation, continuation statements, and pay such fees, taxes, and expenses, as necessary; and it is further

31820642.6

**RESOLVED**, that the pledge by each Company of any equity interest held by it, the transfer of such equity interest to the administrative agent or collateral agent for the DIP Financing (the "**DIP Agent**") or any nominee thereof and any transfer from time to time by the DIP Agent or its nominee to any other person pursuant to the exercise of any rights under the DIP Financing Agreement and all steps required of such Company to give effect to such pledge and transfers, including the issuance of certificates of ownership and the entering of the names of any transferees onto the subsidiaries' equity holder registers, are hereby approved; and that each Authorized Officer  is hereby authorized, empowered, and directed on behalf of such Company, to execute and deliver any such other transfer documents or instruments; and it is further

**RESOLVED**, that each Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each applicable Company, to take all actions (including, without limitation, (a) the negotiation, execution, delivery, and filing of any agreements, letters, certificates, or other instruments or documents, including the filing of UCC financing statements, fixture filings, intellectual property filings or mortgage, (b) any increase in the principal amount of any obligation, (c) the modification or amendment of any of the terms and conditions of the DIP Financing Agreement and/or any Additional DIP Financing Document to the extent such Company is a party, (d) the payment of any consideration, and (e) the payment of expenses, fees, and taxes) as any such Authorized Officer may deem necessary, advisable, desirable, or appropriate (such acts to be conclusive evidence that such Authorized Officer, in his or her sole discretion, deemed the same to be necessary, advisable, desirable, or appropriate) in order to effect the transactions contemplated under the DIP Financing Agreement or any Additional DIP Financing Document to the extent such Company is a party, and all acts of any such Authorized Officer  taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of such Company; and it is further

**RESOLVED**, that the execution, delivery, and performance of each of the documents described in the foregoing resolutions is necessary or convenient to the conduct, promotion, or attainment of the business and purposes of the Companies; and it is further

**RESOLVED**, that in connection with the Bankruptcy Cases, the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of each Company, as a debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Bankruptcy Cases, which agreement(s) may require the Companies to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Companies' existing lender(s) on terms substantially similar to those described or provided to the Restructuring Committee; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is further

**RESOLVED**, that, in connection with the Bankruptcy Cases, the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of each Company, as a debtor and debtor in possession, to (a) negotiate, execute, and deliver agreements for postpetition financing on terms substantially similar to those described or provided to the

Restructuring Committee; (b) pledge and grant liens on the Companies' assets as may be contemplated by or required under the terms of such postpetition financing; or (c) execute, deliver, verify, and/or file, or cause to be filed and/or executed, delivered, or verified, and to amend, supplement, or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, postpetition financing documents, and loan agreements (including any ancillary documents thereto) in such form as any such Authorized Officer may approve, and to take any and all actions that any such Authorized Officer determines advisable, necessary, or appropriate in connection with any postpetition financing or any cash collateral usage contemplated hereby or thereby (such approval and the approval of the Restructuring Committee to be conclusively evidenced by the execution thereof or taking of such action by an Authorized Officer); and it is further

### General

**RESOLVED**, that the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of each Company, to negotiate, execute, deliver, and perform on behalf of the Companies such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents, and to amend, supplement, or otherwise modify from time to time agreements, certificates, instruments, guaranties, notices, and all other documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, in such form as any such Authorized Officer may approve, and to take any and all actions that any such Authorized Officer determines advisable, necessary, or appropriate in connection with the Bankruptcy Cases or as any such Authorized Officer may deem necessary or proper to facilitate the transactions contemplated by these resolutions (such approval and the approval of the Restructuring Committee to be conclusively evidenced by the execution thereof or taking of such action by an Authorized Officer); and it is further

**RESOLVED**, that all acts done or actions taken prior to the date hereof by the Authorized Officers or any professionals engaged by the Companies, including, without limitation, the Advisors, with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with the Bankruptcy Cases, or any proceedings related thereto, or any matter related thereto, be and hereby are, adopted, approved, authorized, ratified, and confirmed in all respects as the acts and deeds of the Companies.

*[Signature Page Follows]*

31820642.6

IN WITNESS WHEREOF, the undersigned has executed this Consent as of the date set forth above.

_/s/ Manny Pearlman_
Manny Pearlman (as sole member of the Restructuring Committee)

## Schedule I

### California Corporations

1. Blink 1060 W Alameda, Inc.
2. Blink 12201 Victory Blvd Inc.
3. Blink 130 W.G. Street, Inc.
4. Blink 16123 Bellflower Blvd., Inc.
5. Blink 19500 Plummer, Inc.
6. Blink 229 E. Foothill Boulevard, Inc.
7. Blink 9901 S. Alameda, Inc.
8. Blink Atlantic Ave LB Inc.
9. Blink Brookhurst, Inc.
10. Blink Compton & Central Avenue, Inc.
11. Blink Fitness Rialto Inc.
12. Blink Normandie Avenue, Inc.
13. Blink Pacific Boulevard, Inc.

## <u>Schedule II</u>

### Delaware Corporations

1. Blink Fitness Franchising, Inc.
2. Blink SER Portfolio, Inc.

**<u>Schedule III</u>**

**Florida Corporations**

1. Blink 79th Holdings, Inc.
2. Blink Commercial Boulevard, Inc.
3. Blink Deerwood, Inc.
4. Blink Kendall Market Place, Inc.
5. Blink Miramar Parkway Inc.

## **Schedule IV**

### **Illinois Corporations**

1. Blink 101 W 87th Street, Inc.
2. Blink Ashland Avenue, Inc.
3. Blink Ashland Inc.
4. Blink Courtesy Plaza Inc.
5. Blink Diversey, Inc.
6. Blink Kenwood, Inc.
7. Blink Ridgeland Ave., Inc.
8. Blink Stonebrook, Inc.

## **Schedule V**

### **New Jersey Corporations**

1. Bergen Town Center Fitness Club, Inc.
2. Blink Belleville Inc.
3. Blink Clifton, Inc.
4. Blink East Orange, Inc.
5. Blink Hawthorne, Inc.
6. Blink Irvington, Inc.
7. Blink Journal Square, Inc.
8. Blink Linden, Inc.
9. Blink Newark, Inc.
10. Blink Nutley, Inc.
11. Blink Parsippany, Inc.
12. Blink Passaic, Inc.
13. Blink Patterson, Inc.
14. Blink Perth Amboy, Inc.
15. Blink Plainfield, Inc.
16. Blink South Orange, Inc.
17. Blink Union, Inc.
18. Blink Willingboro, Inc.

## Schedule VI

### New York Corporations

1. 692 Broadway Fitness Club, Inc.
2. Blink 1065 6th Avenue, Inc.
3. Blink 108-14 Roosevelt, Inc.
4. Blink 1134 Fulton, Inc.
5. Blink 116th Street, Inc.
6. Blink 125 Park, Inc.
7. Blink 125th Street, Inc.
8. Blink 16th Street, Inc.
9. Blink 18th Avenue, Inc.
10. Blink 2374 Grand Concourse, Inc.
11. Blink 2465 Jerome Inc.
12. Blink 2862 Fulton Street, Inc.
13. Blink 287 Broadway, Inc.
14. Blink 2883 3rd Avenue, Inc.
15. Blink 3779 Nostrand, Inc.
16. Blink 56-02 Roosevelt, Inc.
17. Blink 600 Third Avenue, Inc.
18. Blink 78-14 Roosevelt, Inc.
19. Blink 833 Flatbush, Inc.
20. Blink 886 Broadway, Inc.
21. Blink 88th Street, Inc.
22. Blink 97-01 Northern Blvd., Inc.
23. Blink 98th Street, Inc.
24. Blink Amboy Road Inc.
25. Blink Atlantic Avenue, Inc.
26. Blink Avenue A, Inc.
27. Blink Baldwin, Inc.
28. Blink Braddock Avenue Inc.
29. Blink Brentwood, Inc.
30. Blink Broadway Marketplace, Inc.
31. Blink Concourse Holdings, Inc.
32. Blink East 54th Street, Inc.
33. Blink East Tremont Avenue, Inc.
34. Blink Eighth Avenue, Inc.
35. Blink Farmers Boulevard Inc.
36. Blink Flatlands Avenue, Inc.
37. Blink Fourth Avenue, Inc.
38. Blink Fulton Street, Inc.
39. Blink Gates, Inc.
40. Blink Georgetown Inc.
41. Blink Hicksville, Inc.
42. Blink Islandia, Inc.
43. Blink Jamaica Avenue, Inc.
44. Blink Jerome Avenue, Inc.
45. Blink Knickerbocker, Inc.
46. Blink Liberty Avenue, Inc.
47. Blink Lodi, Inc.
48. Blink Macombs Road, Inc.
49. Blink Melville, Inc.
50. Blink Metropolitan Avenue, Inc.
51. Blink Myrtle Avenue, Inc.
52. Blink Nassau Street, Inc.
53. Blink North 10th Street Corp.
54. Blink Nostrand Avenue, Inc.
55. Blink Richmond Road, Inc.
56. Blink Riverdale, Inc.
57. Blink Selden, Inc.
58. Blink Southern Boulevard, Inc.
59. Blink St. Ann's Avenue, Inc.
60. Blink Steinway Street, Inc.
61. Blink Sunset Park, Inc.
62. Blink Utica Avenue, Inc.
63. Blink Valley Stream, Inc.
64. Blink Webster Avenue, Inc. (f/k/a/ Blink Boston Post Road, Inc.)
65. Blink West 31st Street, Inc.
66. Blink West 8th Street, Inc.
67. Blink West Islip, Inc.
68. Blink White Plains, Inc.
69. Blink Williamsbridge, Inc.
70. Cross County Fitness Club, Inc.

## Schedule VII

### Pennsylvania Corporations

1. Blink 69th Street Inc.
2. Blink Frankford Avenue, Inc.
3. Blink Whitman, Inc.
4. Blink Wissinoming, Inc.

**Schedule VIII**

**Texas Corporations**

1. Blink 2192 Texas Parkway, Inc.
2. Blink 8201 Broadway, Inc.
3. Blink Abrams Road, Inc.
4. Blink Airline Drive, Inc.
5. Blink Beach Street, Inc.
6. Blink Bedford, Inc.
7. Blink Bissonnet, Inc.
8. Blink Highway 249, Inc.
9. Blink Keller, Inc.
10. Blink Long Point, Inc.
11. Blink NRH, Inc.
12. Blink Westchase Inc.

## **Schedule IX**

### **Illinois LLCs**

1. Blink Gage Park LLC
2. Blink North Riverside LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors (each, a "**Debtor**" and, collectively, the "**Debtors**")

hereby state as follows:

1.  The mailing address of Debtor Blink Holdings II, Inc. ("**Blink Holdings II**") and each of its subsidiaries is 45 West 45th Street, 10th Floor, New York, New York 10036. A list of Blink Holdings II's equity interest holders, along with the nature of their equity interests and their addresses, is attached hereto as Exhibit A.

2.  Debtor Blink Company Intermediate Holdco, Inc. ("**Blink Intermediate Holdco**") is wholly owned by Blink Holdings II.

3.  Debtor Blink Holdings, Inc. is wholly owned by Blink Intermediate Holdco.

4.  The following Debtors are each wholly owned by Blink Holdings, Inc.: 692 Broadway Fitness Club, Inc.; Bergen Town Center Fitness Club, Inc.; Blink 101 W 87th Street Inc.; Blink 1060 W Alameda, Inc.; Blink 1065 6th Avenue, Inc.; Blink 108-14 Roosevelt, Inc.; Blink 1134 Fulton, Inc.; Blink 116th Street, Inc.; Blink 12201 Victory Blvd Inc.; Blink 125 Park, Inc.; Blink 125th Street, Inc.; Blink 130 W.G. Street, Inc.; Blink 16123 Bellflower Blvd., Inc.; Blink 18th Avenue, Inc.; Blink 19500 Plummer, Inc.; Blink 2192 Texas Parkway, Inc.; Blink 229 E. Foothill Boulevard, Inc.; Blink 2374 Grand Concourse, Inc.; Blink 2465 Jerome Inc.; Blink 2862 Fulton Street, Inc.; Blink 287 Broadway, Inc.; Blink 2883 3rd Avenue, Inc.; Blink 3779 Nostrand, Inc.; Blink 56-02 Roosevelt, Inc.; Blink 600 Third Avenue,

---

[1]  The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, which the Debtors have requested be jointly administered, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

Inc.; Blink 69th Street Inc.; Blink 78-14 Roosevelt, Inc.; Blink 79th Holdings Inc.; Blink 833 Flatbrush, Inc.; Blink 88th Street, Inc.; Blink 886 Broadway, Inc.; Blink 97-01 Northern Blvd., Inc.; Blink 9901 S. Alameda, Inc.; Blink 98th Street, Inc.; Blink Abrams Road Inc.; Blink Airline Drive, Inc.; Blink Amboy Road Inc.; Blink Ashland Inc.; Blink Ashland Avenue, Inc.; Blink Atlantic Avenue, Inc.; Blink Atlantic Ave LB Inc.; Blink Avenue A, Inc.; Blink Baldwin, Inc.; Blink Beach Street, Inc.; Blink Bedford, Inc.; Blink Belleville Inc.; Blink Bissonnet, Inc.; Blink Braddock Avenue Inc.; Blink Brentwood, Inc.; Blink Broadway Marketplace, Inc.; Blink Brookhurst, Inc.; Blink Broadway Marketplace, Inc.; Blink Brookhurst, Inc.; Blink Clifton, Inc.; Blink Commercial Boulevard, Inc.; Blink Compton & Central Avenue, Inc.; Blink Concourse Holdings, Inc.; Blink Courtesy Plaza Inc.; Blink Deerwood Inc.; Blink Diversey, Inc.; Blink East 54th Street, Inc.; Blink East Orange, Inc.; Blink East Tremont Avenue, Inc.; Blink Eighth Avenue, Inc.; Blink Farmers Boulevard Inc.; Blink Fitness Franchising, Inc.; Blink Fitness Rialto Inc.; Blink Flatlands Avenue, Inc.; Blink Fourth Avenue, Inc.; Blink Fulton Street, Inc.; Blink Gates, Inc.; Blink Georgetown Inc.; Blink Hawthorne, Inc.; Blink Hicksville, Inc.; Blink Highway 249, Inc.; Blink Irvington Inc.; Blink Islandia, Inc.; Blink Jamaica Avenue, Inc.; Blink Jerome Avenue, Inc.; Blink Journal Square, Inc.; Blink Keller, Inc.; Blink Kendall Market Place Inc.; Blink Kenwood, Inc.; Blink Knickerbocker, Inc.; Blink KWT Holdco LLC; Blink Linden, Inc.; Blink Liberty Avenue, Inc.; Blink Lodi, Inc.; Blink Long Point, Inc.; Blink Macombs Road, Inc.; Blink Melville, Inc.; Blink Metropolitan Avenue, Inc.; Blink Miramar Parkway Inc.; Blink Myrtle Avenue, Inc.; Blink Nassau Street, Inc.; Blink Newark, Inc.; Blink Normandie Avenue, Inc.; Blink North 10th Street Corp.; Blink Nostrand Avenue, Inc.; Blink NRH, Inc.; Blink Nutley, Inc.; Blink Pacific Boulevard, Inc.; Blink Parsippany, Inc.; Blink Passaic, Inc.; Blink Paterson, Inc.; Blink Perth Amboy, Inc.; Blink Plainfield, Inc.; Blink Richmond Road, Inc.; Blink Ridgeland Ave., Inc.; Blink Riverdale, Inc.; Blink Selden, Inc.; Blink South Orange, Inc.; Blink Southern Boulevard, Inc.; Blink St. Ann's Avenue, Inc.; Blink Steinway Street, Inc.; Blink Stonebrook, Inc.; Blink Sunset Park, Inc.; Blink Union, Inc.; Blink Utica Avenue, Inc.; Blink Velley Stream, Inc.; Blink Webster Avenue, Inc.; Blink West 8th Street, Inc.; Blink West 31st Street, Inc.; Blink West Islip, Inc.; Blink Westchase Inc.; Blink White Plains, Inc.; Blink Whitman, Inc.; Blink Williamsbridge, Inc.; Blink Willingboro, Inc.; Blink Wissinoming, Inc.; Cross Country Fitness Club, Inc; and Blink SER Portfolio, Inc.

5.    Debtors Blink North Riverside LLC and Blink Gage Park LLC are each wholly owned by Blink SER Portfolio, Inc.

## **EXHIBIT A**

**List of Holders of Equity in Blink Holdings II, Inc.**

**List of Holders of Equity in Blink Holdings II, Inc.**

| Holder | Address | Class of Interest | Units | Percentage Ownership |
|---|---|---|---|---|
| Blink Intermediate Holdings II, LLC | c/o Equinox Fitness 31 Hudson Yards New York, NY 10001 | Common stock | 6,347,593 | 80.18% |
| Blink Intermediate Holdings, LLC | c/o Equinox Fitness 31 Hudson Yards New York, NY 10001 | Common stock | 65,209 | < 1.0% |
| Todd Magazine | ADDRESS ON FILE | Common stock | 34,731 | < 1.0% |
| Aaron Richter | ADDRESS ON FILE | Common stock | 8,091 | < 1.0% |
| John J. Gannon, Jr. (Trustee of the John J. Gannon, Jr. Living Trust dated December 7, 2015) | ADDRESS ON FILE | Common stock | 8,091 | < 1.0% |
| David Collignon | ADDRESS ON FILE | Common stock | 7,288 | < 1.0% |
| Keith Bohns | ADDRESS ON FILE | Common stock | 4,050 | < 1.0% |
| Mark Rothbart | ADDRESS ON FILE | Common stock | 3,045 | < 1.0% |
| Patrik Hellstrand | ADDRESS ON FILE | Common stock | 2,726 | < 1.0% |
| Emerson Figueroa | ADDRESS ON FILE | Common stock | 2,039 | < 1.0% |
| John Strachan | ADDRESS ON FILE | Common stock | 1,888 | < 1.0% |
| Tim Palancia | ADDRESS ON FILE | Common stock | 1,452 | < 1.0% |
| Eswar Veluri | ADDRESS ON FILE | Common stock | 1,270 | < 1.0% |
| Paul Chu | ADDRESS ON FILE | Common stock | 1,270 | < 1.0% |
| RSA Equinox Holdco LLC | c/o Related Companies Attn: Richard O'Toole & Jessica Rizzo 30 Hudson Yards, 72nd Floor New York, NY 10001 | Common stock | 1,090 | < 1.0% |
| John Orr | ADDRESS ON FILE | Common stock | 1,088 | < 1.0% |
| Gary Browne | ADDRESS ON FILE | Common stock | 972 | < 1.0% |
| Khidir Abdalla | ADDRESS ON FILE | Common stock | 860 | < 1.0% |
| Related Equinox Holdings, L.L.C. | c/o Related Companies Attn: Richard O'Toole & Jessica Rizzo 30 Hudson Yards, 72nd Floor New York, NY 10001 | Common stock | 818 | < 1.0% |
| Fran Pionegro | ADDRESS ON FILE | Common stock | 796 | < 1.0% |
| Frank Smith | ADDRESS ON FILE | Common stock | 726 | < 1.0% |
| Thomas Krieger | ADDRESS ON FILE | Common stock | 598 | < 1.0% |
| Steve DiDomenico | ADDRESS ON FILE | Common stock | 569 | < 1.0% |
| Liz Miersch | ADDRESS ON FILE | Common stock | 545 | < 1.0% |
| Darren Cappetta | ADDRESS ON FILE | Common stock | 511 | < 1.0% |
| Susan Mario Carrick | ADDRESS ON FILE | Common stock | 481 | < 1.0% |
| James Gu | ADDRESS ON FILE | Common stock | 425 | < 1.0% |
| Keith Irace | ADDRESS ON FILE | Common stock | 331 | < 1.0% |

31818342.4

| Holder | Address | Class of Interest | Units | Percentage Ownership |
|---|---|---|---|---|
| Rachel Sibony | ADDRESS ON FILE | Common stock | 289 | < 1.0% |
| Elizabeth Minton | ADDRESS ON FILE | Common stock | 99 | < 1.0% |

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   Blink Holdings, Inc., et al. |
| United States Bankruptcy Court for the:      District of Delaware |
| Case Number (If known): |

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | JOHNSON HEALTH TECH NA, INC. 27829 NETWORK PLACE CHICAGO, IL  60673-1278 | CONTACT: PHYLLIS DANNIN PHONE: 401-749-5151 PHYLLIS.DANNIN@MATRIXFITNESS.COM | TRADE OBLIGATION | | | | $5,763,229.92 |
| 2 | JTRE 23 WS (DEL) LLC C/O JTRE 362 5TH AVE, 12TH FL NEW YORK, NY  10001 | CONTACT: JACK TERZI PHONE: 917-519-5225 JACK@JTREHOLDINGS.COM | LEASE OBLIGATION | C,U,D | | | $3,314,835.62 |
| 3 | RW 5901 FLATLANDS LLC 97-77 QUEENS BOULEVARD, SUITE 620 REGO PARK, NY  11374 | CONTACT: ALEX WEISS PHONE: 914-921-8240 AWEISS@LAUNDRYCAPITAL.COM | LEASE OBLIGATION | C,U,D | | | $1,436,249.80 |
| 4 | 96 NORTH 10TH STREET HOLDINGS LLC C/O TRANSITIONS ACQUISITIONS LLC 232 BROADWAY, SUITE 400 BROOKLYN, NY  11211 | CONTACT: MORDY GETZ PHONE: 551-277-1997 MORDY@SPARKREMGMT.COM | LEASE OBLIGATION | C,U,D | | | $1,194,164.38 |
| 5 | GLE-III, LLC C/O KIMCO REALTY CORPORATION 3333 NEW HYDE PARK ROAD, SUITE 100 P.O. BOX 5020 NEW HYDE PARK, NY  11042 | CONTACT: TODD BUCKSTEIN PHONE: 949-252-3852 TBUCKSTEIN@KIMCOREALTY.COM | LEASE OBLIGATION | C,U,D | | | $445,346.00 |
| 6 | MOTIONSOFT, INC. 1451 ROCKVILLE PIKE, SUITE 500 ROCKVILLE, MD  20852 | CONTACT: JEFF VANDIXHORN PHONE: 917-519-5225 JEFF@CLUBAUTOMATION.COM | TRADE OBLIGATION | | | | $445,263.46 |

Debtor: Blink Holdings, Inc., et al.                                                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   VBGO PENN PLAZA LLC 292 MADISON AVENUE. 7TH FLOOR NEW YORK, NY  10017 | CONTACT: BRETT THEIS PHONE: 212-551-8494 BTHEIS@ROSENBERGESTIS.COM | LEASE OBLIGATION | C,U,D | | | $416,665.00 |
| 8   CHICAGO, IL 4644-4658 S DREXEL LLC C/O INSITE REAL ESTATE LLC 1400 16TH ST, STE 300 OAK BROOK, IL  60523 | CONTACT: SCOTT NICHOLSON PHONE: 630-617-9101 SNICHOLSON@INSITEREALESTATE.COM | LEASE OBLIGATION | C,U,D | | | $354,161.00 |
| 9   AWESOMENESSTV HOLDINGS, LLC C/O VIACOM REALTY CORPORATION 1515 BROADWAY NEW YORK, NY  10036 | CONTACT: TRUPTI PATEL PHONE: 212-846-7951 TRUPTI.PATEL@PARAMOUNT.COM | LEASE OBLIGATION | C,U,D | | | $350,000.00 |
| 10  A&G REALTY PARTNERS, LLC 445 BROADHOLLOW RD, SUITE 410 MELVILLE, NY  11747 | CONTACT: ANDY GRAISER PHONE: 631-465-9506 ANDY@AGREP.COM | TRADE OBLIGATION | | | | $315,529.05 |
| 11  GOOD EARTH DISTRIBUTION, LLC 440 WEST STREET FORT LEE, NJ  07024 | CONTACT: MEREDITH COVE PHONE: 914 552-6795 MEREDITH.COVE@GOODEARTHPRODUCTS.COM | TRADE OBLIGATION | | | | $289,371.63 |
| 12  MBB REALTY LIMITED PARTNERSHIP 33 ROCK HILL ROAD, SUITE 350 BALA CYNWYD, PA  19004 | CONTACT: MICHAEL WILLNER PHONE: 610-658-7072 MICHAEL@POMRE.COM | LEASE OBLIGATION | C,U,D | | | $257,445.00 |
| 13  AVENUE CODE, LLC 26 O FARRELL STREET, STE. 600 SAN FRANCISCO, CA  94108 | CONTACT: MICHELE MARQUES PHONE: 415-610-6624 MMARQUES@AVENUECODE.COM | TRADE OBLIGATION | | | | $252,515.05 |
| 14  DUARTE BROTHERS WOODWORK INC. 97-21 78TH STREET OZONE PARK, NY  11416 | CONTACT: NORBEY DUARTE PHONE: 917-916-0758 DUARTEBROTHERS@AOL.COM | TRADE OBLIGATION | | | | $242,750.00 |
| 15  125 PARK OWNER LLC 420 LEXINGTON AVENUE, SUITE 1800 NEW YORK, NY  10170 | CONTACT: BRETT HERSCHENFELD PHONE: 212-216-1670 BRETT.HERSCHENFELD@SLGREEN.COM | LEASE OBLIGATION | | | | $201,597.73 |
| 16  BRIXMOR SPE 6LLC C/O DOWNTOWN L.A. LAW GROUP 601 N. VERMONT AVE. LOS ANGELES, CA  90004 | CONTACT: DAVID GERSTENHABER PHONE: 646-344-8888 DAVID.GERSTENHABER@BRIXMOR.COM | JUDGMENT | C,U,D | | | $197,329.07 |
| 17  ENEL X NORTH AMERICA, INC. ONE MARINA PARK DRIVE, SUITE 400 BOSTON, MA  02210 | CONTACT: RALPH CAMPANELLI PHONE: 774-418-2903 RALPH.CAMPANELLI@ENEL.COM | TRADE OBLIGATION | | | | $159,019.21 |
| 18  STELLA RISING INC. 920 BROADWAY, 2ND FLOOR NEW YORK, NY  10010 | CONTACT: ANTHONY VESPUCCI PHONE: 973-512-8506 AVESPUCCI@STELLARISING.COM | TRADE OBLIGATION | | | | $154,214.76 |

Debtor:  Blink Holdings, Inc., et al.

Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19   EAST 54TH STREET PARTNERS LLC C/O JTRE 362 5TH AVE, 12TH FL NEW YORK, NY  10001 | CONTACT: JACK TERZI PHONE: 917-519-5225 JACK@JTREHOLDINGS.COM | LEASE OBLIGATION | | | | $150,084.82 |
| 20   LEVIN PROPERTIES, L.P. PHILLIPS & ASSOCIATES, PLLC 45 BROADWAY, SUITE 430 NEW YORK, NY  10006 | CONTACT: JOHN VESSIE PHONE: 908-226-5277 JVESSIE@LEVINMGT.COM | JUDGMENT | C,U,D | | | $146,000.00 |

**Fill in this information to identify the case:**

Debtor name   __Blink Holdings, Inc.__

United States Bankruptcy Court for the:   __DISTRICT OF DELAWARE__

Case number (if known)   _____

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration   **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __08/12/2024__          X __/s/ Guy Harkless__
                                       Signature of individual signing on behalf of debtor

                                       __Guy Harkless__
                                       Printed name

                                       __President__
                                       Position or relationship to debtor

Official Form 202                 Declaration Under Penalty of Perjury for Non-Individual Debtors