IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BLINK HOLDINGS, INC., *et al.* | § | Case No. 24-11686 (JKS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**JOINT LIMITED OBJECTION OF THE TEXAS TAXING AUTHORITIES TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING AND USE CASH COLLATERAL; (II) GRANTING LIENS, SUPERPRIORITY CLAIMS, AND ADEQUATE PROTECTION; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**
(Related Docket Entry Nos. 13 and 63)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

NOW COME the Texas Taxing Authorities[1], secured creditors and parties in interest, and file this Joint Limited Objection to *Debtors' Motion for Interim and Final Orders (1) Authorizing Debtors to Obtain Postpetition Financing and Use Case Collateral; (II) Granting Liens, Superpriority Claims, and Adequate Protection; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* (the "DIP Motion"), and respectfully shows as follows:

Background

1.   The Texas Taxing Authorities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries.

---

[1] The term "Texas Taxing Authorities" shall refer to: Fort Bend County, City of Houston (where represented by Linebarger), Houston Community College System, Houston Independent School District, Tarrant County, City of Houston (where represented by Perdue), Alief Independent School District, Fort Bend Independent School District, Spring Branch Independent School District.

1

2.     The Texas Taxing Authorities hold secured pre-petition tax claims for tax year 2024 in the estimated amount of $92,299.83[2] (the "Tax Claims"). These claims are secured by tax liens on the tangible personal property of the Debtors within their taxing boundaries (the "Tax Liens"). The Tax Liens attach to the taxpayer's property on January 1 of each tax year.

3.     The Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Sections 32.01 and Section 32.05(b) of the Texas Property Tax Code. The priority of the tax claims is determined under applicable non-bankruptcy law. 11 U.S.C. §506; *Butner v. U.S.*, 440 U.S. 48, 55 (1979). The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. *See* Texas Property Tax Code §32.05 (b); *See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).

4.     The tax lien arises on January 1 of each tax year and "floats" to after acquired property. *See City of Dallas v. Cornerstone Bank*, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtors. *See In re Universal Seismic*, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. *See In re: Winns*, 177 B.R. 253 (Bankr. W.D. Tex. 1995). The property taxes are due upon receipt pursuant to Texas Property Tax Code Sec. 31.02.

---

[2] Due diligence remains ongoing and the estimated amount due to all Texas Taxing Authorities is subject to change.

**Limited Objection**

5.   The Texas Taxing Authorities object to the DIP Motion to the extent that that it seeks to prime the valid, enforceable, senior liens held by the Texas Taxing Authorities without adequate protection or consent as required by 11 U.S.C. 364(d)(1)(B)[3].

6.   The Debtors are seeking to sell collateral of the Texas Taxing Authorities through a Section 363 sale of substantially all of their assets (the "Sale Motion").[4] The sale of these assets creates cash collateral for which the Tax Liens attach. The Texas Taxing Authorities do not consent to the use of their cash collateral without adequate protection.

8.   The Texas Taxing Authorities object to the use of their cash collateral and the payment of proceeds from the sale of their collateral to any party whose interest is inferior to their Tax Liens, unless and until they are adequately protected with the funding of a segregated account (the "Texas Tax Reserve").

9.   Further, funds from the Texas Tax Reserve should not be distributed to any other party unless and until the Tax Claims are paid in full or as ordered by this Court.

10.   Inclusion of language similar to the below would resolve this objection:

> *Notwithstanding any other provisions in this Final Order or any final orders pertaining to the use of cash collateral in these Chapter 11 Cases, any statutory liens on account of ad valorem taxes held by the Texas Taxing Authorities (insert footnote) (the "Tax Liens") shall neither be primed by nor made subordinate to any liens granted to any party hereby to the*

---

[3] 11 USC 364(d)(1)(B) requires that "… there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted."

[4] *See Document number 81: Debtors' Motion for Entry of Orders (I) (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, (C) Establishing Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Granting Related Relief; and (II) (A) Authoring and Approving the Debtors' Entry Into an Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances (C) Approving the Assumption and Assignment of the Assumed Contracts, and (D) Granting Related Relief.*

*extent the Tax Liens are valid, senior, perfected, and unavoidable, and all parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Texas Taxing Authorities are fully preserved. Furthermore, as adequate protection for the asserted secured tax claims of the Texas Taxing Authorities to such Tax Liens (the "Tax Claims"), the Debtors shall set aside the amount of $93,000.00 in a segregated account (the "Texas Tax Reserve"). The Tax Liens of the Texas Taxing Authorities shall attach to the Tax Reserve to the same extent and with the same priority as the liens attached to the Debtors' assets securing the Tax Liens. The funds in the Tax Reserve shall be on the order of adequate protection and shall constitute neither the allowance of the Tax Claims nor a cap on the amounts the Texas Taxing Authorities may be entitled to receive. The funds from the Tax Reserve may be distributed only upon agreement between the Texas Taxing Authorities and the Debtors, or by subsequent order of the Court, duly noticed to the Texas Taxing Authorities. Notwithstanding any order that may be entered converting these Chapter 11 cases to cases under chapter 7, the funds in the Tax Reserve will continue to be held for the benefit of the Texas Tax Authorities and the Tax Liens shall remain attached to the funds in the Tax Reserve in their relative priority until the Tax Claims are paid in full.*

### Prayer

WHEREFORE, the Texas Taxing Authorities respectfully request that a Final Order approving the DIP Motion (1) include clarifying language that their liens are not primed nor made subordinate to any other party, (2) provide funds in a segregated account sufficient to pay the Tax Claims as adequate protection, and (3) grant them such other and further relief as is just and proper.

Dated: September 3, 2024

Respectfully submitted,

**LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP**

*/s/ Tara L. Grundemeier*
Tara L. Grundemeier
Texas State Bar Number 24036691
4828 Loop Central Drive, Suite 600
Houston, Texas 77081
(713) 844-3478 (phone)
(713) 844-3503 (fax)
tara.grundemeier@lgbs.com

**PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.**

*/s/ Melissa E. Valdez*
Melissa E. Valdez
Texas State Bar Number 24051463
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860 Telephone
(713) 862-1429 Facsimile
mvaldez@pbfcm.com

Counsel for Texas Taxing Authorities

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware on September 3, 2024, to all parties who have registered for and consented to electronic service in these cases.

      */s/ Tara L. Grundemeier*
      Tara L. Grundemeier