IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 92 |

**CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED ORDER FOR AUTHORITY TO RETAIN AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

On August 20, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Application for Authority to Retain and Employ Epiq Corporate Restructuring, LLC as Administrative Advisor Effective as of Petition Date* [Docket No. 92] (the "**Application**") filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A proposed form of order approving the Application was attached to the Motion as Exhibit C (the "**Proposed Order**"). The deadline to file objections or otherwise respond to the Application was established as September 3, 2024 at 4:00 p.m. (ET) (as may have been extended by the Debtors for any party, the "**Objection Deadline**").

Prior to the Objection Deadline, the Debtors received informal comments from the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"). No other formal or informal responses or objections to the Application were received.

Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of order (the "**Revised Proposed Order**"), a copy of which is attached hereto as Exhibit A,

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

31984902.1

which resolves the U.S. Trustee's comments. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as <u>Exhibit B</u>.

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, and the U.S. Trustee does not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's convenience.

Dated: Wilmington, Delaware
       September 5, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
         sgreecher@ycst.com
         amielke@ycst.com
         tpowell@ycst.com
         rlamb@ycst.com
         bcarver@ycst.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

# **EXHIBIT A**

**Revised Proposed Order**

31984902.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 92 |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN
AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC
AS ADMINISTRATIVE ADVISOR EFFECIVE AS OF PETITION DATE**

Upon consideration of the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), requesting entry of an order appointing Epiq Corporate Restructuring, LLC ("**Epiq**") as administrative advisor ("**Administrative Advisor**") in the Debtors' chapter 11 cases, effective as of the Petition Date, in accordance with the Engagement Agreement attached to the Application as <u>Exhibit A</u> (the "**Engagement Agreement**"), all as more fully described in the Application; and upon the Tran Declaration submitted in support of the Application; and this Court being satisfied that Epiq has

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

31973778.1

the capability and experience to provide the services described in the Application and that Epiq does not hold or represent an interest adverse to the Debtors or the estate related to any matter for which Epiq will be employed; and this Court having jurisdiction to consider the Application and the relief requested therein in pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT**

    1.     The Application is granted to the extent set forth herein.

    2.     Debtors are authorized to retain Epiq as Administrative Advisor under section 327(a) of the Bankruptcy Code effective as of the Petition Date under the terms of the Engagement Agreement as modified herein, and Epiq is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

    3.     Epiq is authorized to take such other action to comply with all duties set forth in the Application.

    4.     Epiq shall apply to this Court for allowance of its compensation and reimbursement of expenses incurred after the Petition Date in accordance with sections 330 and

31973778.1

331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify Epiq and each other Indemnified Person, as that term is defined in the Engagement Agreement (collectively, the "**Indemnified Persons**"), under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. The Indemnified Persons shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify the Indemnified Persons, or provide contribution or reimbursement to the Indemnified Persons, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from an Indemnified Person's gross negligence, willful misconduct or fraud; (b) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations if this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217, 233-35 (3d Cir. 2003); or (c) settled before a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. Notwithstanding anything to the contrary in the Engagement Agreement, during the Chapter 11 Cases, the limitation of liability contained in the Engagement Agreement shall be given no effect.

9.  If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing the Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Person or Epiq must file an application therefor in this Court, and the Debtors may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution or reimbursement.

10. The Debtors and Epiq are authorized to take all action necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Epiq engagement.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

31973778.1

# EXHIBIT B

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. ~~　　~~ **92** |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN
AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC
AS ADMINISTRATIVE ADVISOR EFFECIVE AS OF PETITION DATE**

Upon consideration of the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), requesting entry of an order appointing Epiq Corporate Restructuring, LLC ("**Epiq**") as administrative advisor ("**Administrative Advisor**") in the Debtors' chapter 11 cases, effective as of the Petition Date, in accordance with the Engagement Agreement attached to the Application as <u>Exhibit A</u> (the "**Engagement Agreement**"), all as more fully described in the Application; and upon the Tran Declaration submitted in support of the Application; and this Court being

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

31973778.1

satisfied that Epiq has the capability and experience to provide the services described in the Application and that Epiq does not hold or represent an interest adverse to the Debtors or the estate related to any matter for which Epiq will be employed; and this Court having jurisdiction to consider the Application and the relief requested therein in pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Application is granted to the extent set forth herein.

2. Debtors are authorized to retain Epiq as Administrative Advisor under section 327(a) of the Bankruptcy Code effective as of the Petition Date under the terms of the Engagement Agreement as modified herein, and Epiq is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Epiq is authorized to take such other action to comply with all duties set forth in the Application.

4. Epiq shall apply to this Court for allowance of its compensation and reimbursement of expenses incurred after the Petition Date in accordance with sections 330 and

31973778.1

331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify Epiq and each other Indemnified Person, as that term is defined in the Engagement Agreement (collectively, the "**Indemnified Persons**"), under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. The Indemnified Persons shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify the Indemnified Persons, or provide contribution or reimbursement to the Indemnified Persons, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from an Indemnified Person's gross negligence, willful misconduct or fraud; (b) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations if this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217, 233-35 (3d Cir. 2003); or (c) settled before a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. Notwithstanding anything to the contrary in the Engagement Agreement, during the Chapter 11 Cases, the limitation of liability contained in the Engagement Agreement shall be given no effect.

9. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing the Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Person or Epiq must file an application therefor in this Court, and the Debtors may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution or reimbursement.

10. The Debtors and Epiq are authorized to take all action necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Epiq engagement.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.