## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 95** |

### CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

On August 20, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 95] (the "**Motion**") filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A proposed form of order approving the Motion was attached to the Motion as Exhibit A (the "**Proposed Order**"). The deadline to file objections or otherwise respond to the Motion was established as September 3, 2024 at 4:00 p.m. (ET) (as may have been extended by the Debtors, the "**Objection Deadline**").

Prior to the Objection Deadline, the Debtors received informal comments from the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and the proposed counsel to the official committee of unsecured creditors (the "**Committee**"). No other formal or informal responses or objections to the Motion were received.

---

[1]     The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

Following discussions with the U.S. Trustee and the Committee, the Debtors have agreed to a revised form of order (the "**Revised Proposed Order**"), a copy of which is attached hereto as <u>Exhibit A</u>, which resolves the U.S. Trustee's and the Committee's comments.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as <u>Exhibit B</u>.

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, and the U.S. Trustee and the Committee do not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's convenience.

Dated: Wilmington, Delaware
      September 5, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
       sgreecher@ycst.com
       amielke@ycst.com
       tpowell@ycst.com
       rlamb@ycst.com
       bcarver@ycst.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

31982640.1

## EXHIBIT A

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 95** |

## ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and

---

[1]    The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

factual bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to retain and compensate the professionals

identified on the OCP List (collectively, the "**OCPs**"), attached hereto as <u>Exhibit 2</u>, in the ordinary

course of business pursuant to the following OCP Procedures:

(a)      Each OCP shall cause a declaration of disinterestedness, substantially in the form annexed as <u>Exhibit 1</u> to the Order (each, a "**Declaration of Disinterestedness**"), to be filed with the Court and served upon: (i) the Debtors, c/o Triple P RTS, LLC, 300 North LaSalle, Suite 1420, Chicago, IL 60654, Attn: Steven Shenker (sshenker@pppllc.com) and Scott Canna (scanna@pppllc.com); (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (iv) proposed counsel to the official committee of unsecured creditors appointed in the Chapter 11 Cases (the "**Committee**"): (i) Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin S. Elliott (kelliott@kelleydrye.com); and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801 Attn: Eric Monzo (emonzo@morrisjames.com) and Brya Keilson (bkeilson@morrisjames.com) (collectively, the "**Notice Parties**").

(b)      The Notice Parties shall have fourteen (14) days after the date of filing of each OCP's Declaration of Disinterestedness (the "**Objection Deadline**") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

(c)      If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be

authorized to:  (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth below.

(d)     The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided that fees paid to OCPs excluding costs and disbursements, may not exceed the monthly amount set forth for such OCP on the OCP List in the column titled "OCP Cap" (each, as applicable, the "**OCP Cap**"), calculated on average over the prior rolling three-month period. The OCP Cap may be increased, provided that the Debtors shall file a notice with the Court detailing the identity of the affected OCP and the amount of the proposed increased OCP Cap.  The Notice Parties shall have fourteen (14) days to file with the Court an objection to the proposed increased OCP Cap amount.  Absent the filing of an objection, the increased OCP Cap shall be deemed approved without further action by the Court.

(e)     To the extent that fees payable to any OCP exceed the OCP Cap, the applicable OCP shall file a fee application (a "**Fee Application**") with the Court for payment of the fees and expenses for the monthly period during which the OCP Cap was exceeded in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court.

(f)     Within thirty (30) calendar days after the end of, and with respect to, each full three (3)-month period after the Petition Date (including any initial partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "**Quarterly Statement**").  Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

(g)     The Debtors reserve the right to retain additional OCPs from time to time during the Chapter 11 Cases by:  (i) including such OCPs on a supplement to the OCP List that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

3.     The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs.  In such event, the Debtors shall file the amended OCP List with this Court and serve such list on the Notice

Parties.  Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.  If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.      Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5.      This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

31973891.2

# **EXHIBIT 1**

**Declaration of Disinterestedness**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ____** |
| | **Obj. Deadline: [●], 2024 at 4:00 p.m. (ET)** |

## DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO THE ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

I, [NAME], declare under penalty of perjury:

1.       I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "**Firm**").

2.       Blink Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3.       The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases. The Firm, however, does not perform services for any such person in connection with the Chapter 11 Cases, or have any relationship

---

[1]      The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.

5.      Neither I nor any principal, partner, director, officer, [etc.] of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.      The Firm's current customary [hourly] rates, subject to change from time to time, are $ [____]. [In the normal course of business, the Firm revises its regular [hourly] rates and advises that, effective [____] of each year, the aforementioned rates will be revised to the regular [hourly] rates that will be in effect at that time.]

8.      [The Debtors owe the Firm $[____] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.] [For non-legal firms:  The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

9.      As of the Petition Date, which was the date on which the Debtors commenced the Chapter 11 Cases, the Firm [was/was not] party to an agreement for

indemnification with certain of the Debtors.  [A copy of such agreement is attached as **<u>Exhibit 1</u>** to this Declaration.]

10.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date:  _____, 2024

_____
**[DECLARANT'S NAME]**

# **EXHIBIT 2**

## **Ordinary Course Professionals**

## Schedule of Ordinary Course Professionals

| Firm Name | Address | Description of Service | OCP Cap |
|---|---|---|---|
| FTI Consulting (SC) Inc. | 555 12th Street NW, Suite 700, Washington, DC 20004 | Public Relations Services | $75,000 |
| DLA Piper LLP US | Lockbox 750528 MAC Y1372-045, 401 Market Street, Philadelphia, PA 19106 | Legal Services – Trademarks & IP | $25,000 |
| Littler Mendelson, PC | 101 2nd Street, Suite 1000, San Francisco, CA 94105 | Legal Services – Employment Counsel | $25,000 |
| Plave Koch PLC | 3120 Fairview Park Drive, Suite 420 Falls Church, VA 22042 | Legal Services – Franchise Counsel | $25,000 |
| Hunton Andrews Kurth LLP | 951 E. Byrd Street, Riverfront Plaza East Tower, Richmond, VA 23219 | Legal Services – Regulatory and Compliance Counsel | $25,000 |

31973891.2

# **EXHIBIT B**

**Blackline**

31982640.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ——95 |

## ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN
## AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF
## BUSINESS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.



legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to retain and compensate the professionals identified on the OCP List (collectively, the "**OCPs**"), attached hereto as <u>Exhibit 2</u>, in the ordinary course of business pursuant to the following OCP Procedures:

(a)     Each OCP shall cause a declaration of disinterestedness, substantially in the form annexed as <u>Exhibit 1</u> to the Order (each, a "**Declaration of Disinterestedness**"), to be filed with the Court and served upon: (i) the Debtors, c/o Triple P RTS, LLC, 300 North LaSalle, Suite 1420, Chicago, IL 60654, Attn: Steven Shenker (sshenker@pppllc.com) and Scott Canna (scanna@pppllc.com); (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (iv) proposed counsel to ~~any statutory~~the official committee ~~that has been~~of unsecured creditors appointed in the Chapter 11 Cases (the "**Committee**"): (i) Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin S. Elliott (kelliott@kelleydrye.com); and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801 Attn: Eric Monzo (emonzo@morrisjames.com) and Brya Keilson (bkeilson@morrisjames.com) (collectively, the "**Notice Parties**").

(b)     The Notice Parties shall have fourteen (14) days after the date of filing of each OCP's Declaration of Disinterestedness (the "**Objection Deadline**") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.



(c) If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth below.

(d) The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided that fees paid to OCPs excluding costs and disbursements, may not exceed the monthly amount set forth for such OCP on the OCP List in the column titled "OCP Cap" (each, as applicable, the "**OCP Cap**"), calculated on average over the prior rolling three-month period.— The OCP Cap may be increased by mutual agreement between the Debtors and the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), provided, *further* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.detailing the identity of the affected OCP and the amount of the proposed increased OCP Cap.  The Notice Parties shall have fourteen (14) days to file with the Court an objection to the proposed increased OCP Cap amount.  Absent the filing of an objection, the increased OCP Cap shall be deemed approved without further action by the Court.

(e) To the extent that fees payable to any OCP exceed the OCP Cap, the applicable OCP shall file a fee application (a "**Fee Application**") with the Court for the amount in excess of thepayment of the fees and expenses for the monthly period during which the OCP Cap was exceeded in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

(f) Within thirty (30) calendar days after the end of, and with respect to, each full three (3)-month period after the Petition Date (including any initial partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "**Quarterly Statement**").  Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

(g) The Debtors reserve the right to retain additional OCPs from time to time during the Chapter 11 Cases by: (i) including such OCPs on an supplement to the OCP List that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.



3.      The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs.  In such event, the Debtors shall file the amended OCP List with this Court and serve such list on the Notice Parties.  Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.  If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.      Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5.      This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.    This Court retains ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.



## **EXHIBIT 1**

**Declaration of Disinterestedness**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ____** |
| | **Obj. Deadline: [●], 2024 at 4:00 p.m. (ET)** |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY]**
**PURSUANT TO THE ORDER (I) AUTHORIZING THE DEBTORS**
**TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE**
**ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

I, [NAME], declare under penalty of perjury:

1.      I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "**Firm**").

2.      Blink Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases.  The Firm, however, does not perform services for any such person in connection with the Chapter 11 Cases, or have any relationship

---

[1]     The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.



with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.

5.      Neither I nor any principal, partner, director, officer, [etc.] of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.      The Firm's current customary [hourly] rates, subject to change from time to time, are $ [_____].  [In the normal course of business, the Firm revises its regular [hourly] rates and advises that, effective [_____] of each year, the aforementioned rates will be revised to the regular [hourly] rates that will be in effect at that time.]

8.      [The Debtors owe the Firm $[_____] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.] [For non-legal firms:  The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

9.      As of the Petition Date, which was the date on which the Debtors commenced the Chapter 11 Cases, the Firm [was/was not] party to an agreement for


31973891.1
31973891.2

indemnification with certain of the Debtors.  [A copy of such agreement is attached as **<u>Exhibit 1</u>** to this Declaration.]

      10.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2024

_____
**[DECLARANT'S NAME]**


31973891.1
31973891.2

**<u>EXHIBIT 2</u>**

**Ordinary Course Professionals**

31973891.1
31973891.2

## Schedule of Ordinary Course Professionals

| Firm Name | Address | Description of Service | OCP Cap |
|---|---|---|---|
| FTI Consulting (SC) Inc. | 555 12th Street NW, Suite 700, Washington, DC 20004 | Public Relations Services | $75,000 |
| DLA Piper LLP US | Lockbox 750528 MAC Y1372-045, 401 Market Street, Philadelphia, PA 19106 | Legal Services – Trademarks & IP | $25,000 |
| Littler Mendelson, PC | 101 2nd Street, Suite 1000, San Francisco, CA 94105 | Legal Services – Employment Counsel | $25,000 |
| Plave Koch PLC | 3120 Fairview Park Drive, Suite 420 Falls Church, VA 22042 | Legal Services – Franchise Counsel | $25,000 |
| Hunton Andrews Kurth LLP | 951 E. Byrd Street, Riverfront Plaza East Tower, Richmond, VA 23219 | Legal Services – Regulatory and Compliance Counsel | $25,000 |