**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 96 |

**CERTIFICATION OF COUNSEL REGARDING *REVISED*
PROPOSED ORDER (I) AUTHORIZING THE DEBTORS TO EMPLOY
AND RETAIN TRIPLE P RTS, LLC TO PROVIDE STEVEN SHENKER AS
CHIEF RESTRUCTURING OFFICER, SCOTT CANNA AS DEPUTY CHIEF
RESTRUCTURING OFFICER, AND ADDITIONAL PERSONNEL,
AS NECESSARY, EFFECTIVE AS OF THE PETITION DATE,
AND (II) GRANTING RELATED RELIEF**

On August 20, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Employ and Retain Triple P RTS, LLC to Provide Steven Shenker as Chief Restructuring Officer, Scott Canna as Deputy Chief Restructuring Officer, and Additional Personnel, as Necessary, Effective as of the Petition Date, and (II) Granting Related Relief* [Docket No. 96] (the "**Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A proposed form of order approving the Motion was attached to the Motion as Exhibit A (the "**Proposed Order**"). The deadline to file objections or otherwise respond to the Motion was established as September 3, 2024 at 4:00 p.m. (ET) (as may have been extended by the Debtors for any party, the "**Objection Deadline**").

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

Prior to the Objection Deadline, the Debtors received informal comments from the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").  No other formal or informal responses or objections to the Motion were received.

Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of order (the "**Revised Proposed Order**"), a copy of which is attached hereto as Exhibit A, which resolves the U.S. Trustee's comments.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as Exhibit B.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, and the U.S. Trustee does not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's convenience.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>September 5, 2024 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ Allison S. Mielke<br>Michael R. Nestor (No. 3526)<br>Sean T. Greecher (No. 4484)<br>Allison S. Mielke (No. 5934)<br>Timothy R. Powell (No. 6894)<br>Rebecca L. Lamb (No. 7223)<br>Benjamin C. Carver (No. 7176)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email:  mnestor@ycst.com<br>  sgreecher@ycst.com<br>  amielke@ycst.com<br>  tpowell@ycst.com<br>  rlamb@ycst.com<br>  bcarver@ycst.com<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors in Possession* |

# EXHIBIT A

**Revised Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 96 |

**ORDER (I) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN TRIPLE P RTS, LLC TO PROVIDE STEVEN SHENKER AS CHIEF RESTRUCTURING OFFICER, SCOTT CANNA AS DEPUTY CHIEF RESTRUCTURING OFFICER, AND ADDITIONAL PERSONNEL, AS NECESSARY, EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**"): (i) authorizing the Debtors to employ and retain Triple P RTS, LLC ("**Portage Point**"), pursuant to the terms and conditions of that certain letter agreement between Portage Point and the Debtors, dated August 11, 2024 (the "**Engagement Letter**"),[2] to provide the Debtors with (a) Mr. Shenker, as CRO of the Debtors and Mr. Canna as DCRO of the Debtors, and (b) Additional Personnel, as necessary, effective as of the Petition Date, and (ii) granting related relief; and upon the Shenker Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Engagement Letter, as applicable.

31973854.2

from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as modified herein.

2. The Debtors are authorized to engage Portage Point to provide Mr. Shenker as CRO, Mr. Canna as DCRO, and the Additional Personnel to perform the services described in the Motion effective as of the Petition Date, on the terms and conditions set forth in the Motion and the Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibits related thereto (including, but not limited to, the Engagement Letter) to the contrary:

    (a) Portage Point and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the Chapter 11 Cases.

    (b) In the event the Debtors seek to have Additional Personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c) Portage Point shall file with the Court, with copies to the Notice Parties, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d) No principal, employee, or independent contractor of Portage Point and its affiliates shall serve as a director of any of the Debtors during the pendency of the Chapter 11 Cases.

(e) Portage Point shall file with the Court, and provide notice to the Notice Parties, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts that describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. All time entries shall be reported in one-tenth of an hour (0.1) increments. Parties in interest shall have fourteen (14) days after the date each report is served to object to such report. In the event an objection is raised and not consensually resolved, the objected to portion of the staffing report shall be subject to review by the Court.

(f) Subject to the Notice Parties' rights to object, as set forth in the preceding paragraph, the Debtors are authorized to pay in the ordinary course of business all amounts invoiced by Portage Point for fees and expenses incurred in connection with Portage Point's retention.

(g) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the Chapter 11 Cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(h) There shall be no indemnification of Portage Point or its affiliates. However, the Debtors are permitted to indemnify the Executive Personnel on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' director and officers policy.

(i) For a period of three (3) years after the conclusion of the engagement, neither Portage Point nor any of its affiliates shall make any investments in the Debtors, the reorganized debtors, or any purchaser of the Debtors.

(j) Portage Point shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties

6

in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. Notwithstanding any provision to the contrary in the Engagement Letter, Portage Point shall be deemed to have waived, and shall not raise or assert, any defense based upon jurisdiction, venue, abstention, or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to Portage Point's engagement in the Chapter 11 Cases.

4. Notwithstanding any provision to the contrary in the Engagement Letter, the Portage Point Parties' liability shall not be limited, and Portage Point shall have whatever duties are imposed by law.

5. To the extent that there is any inconsistency between the terms of the Motion, the Engagement Letter, and this Order, the terms of this Order shall govern.

6. Notwithstanding anything to the contrary in the Motion, or any of its exhibits, including the Engagement Letter, during the course of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order or the Engagement Letter.

# **EXHIBIT B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. —96 |

**ORDER (I) AUTHORIZING THE DEBTORS TO EMPLOY AND
RETAIN TRIPLE P RTS, LLC TO PROVIDE STEVEN SHENKER AS CHIEF
RESTRUCTURING OFFICER, SCOTT CANNA AS DEPUTY CHIEF
RESTRUCTURING OFFICER, AND ADDITIONAL PERSONNEL, AS NECESSARY,
EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**"): (i) authorizing the Debtors to employ and retain Triple P RTS, LLC ("**Portage Point**"), pursuant to the terms and conditions of that certain letter agreement between Portage Point and the Debtors, dated August 11, 2024 (the "**Engagement Letter**"),[2] to provide the Debtors with (a) Mr. Shenker, as CRO of the Debtors and Mr. Canna as DCRO of the Debtors, and (b) Additional Personnel, as necessary, effective as of the Petition Date, and (ii) granting related relief; and upon the Shenker Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Engagement Letter, as applicable.



31973854.1
31973854.2

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as modified herein.

2. The Debtors are authorized to engage Portage Point to provide Mr. Shenker as CRO, Mr. Canna as DCRO, and the Additional Personnel to perform the services described in the Motion effective as of the Petition Date, on the terms and conditions set forth in the Motion and the Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibits related thereto (including, but not limited to, the Engagement Letter) to the contrary:

    (a) Portage Point and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the Chapter 11 Cases.

    (b) In the event the Debtors seek to have Additional Personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or



      expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c) Portage Point shall file with the Court, with copies to the Notice Parties, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d) No principal, employee, or independent contractor of Portage Point and its affiliates shall serve as a director of any of the Debtors during the pendency of the Chapter 11 Cases.

(e) Portage Point shall file with the Court, and provide notice to the Notice Parties, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts that describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. All time entries shall be reported in one-tenth of an hour (0.1) increments. Parties in interest shall have fourteen (14) days after the date each report is served to object to such report. In the event an objection is raised and not consensually resolved, the objected to portion of the staffing report shall be subject to review by the Court.

(f) Subject to the Notice Parties' rights to object, as set forth in the preceding paragraph, the Debtors are authorized to pay in the ordinary course of business all amounts invoiced by Portage Point for fees and expenses incurred in connection with Portage Point's retention.

(g) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the Chapter 11 Cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(h) ~~(g)~~ There shall be no indemnification of Portage Point or its affiliates ~~shall not be indemnified by the Debtors during the pendency of the Chapter 11 Cases~~. However, the Debtors are permitted to indemnify the Executive Personnel on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' director and officers policy.



(i) ~~(h)~~ For a period of three (3) years after the conclusion of the engagement, neither Portage Point nor any of its affiliates shall make any investments in the Debtors, the reorganized debtors, or any purchaser of the Debtors.

(j) ~~(i)~~ Portage Point shall ~~make reasonable efforts to~~ disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. Notwithstanding any provision to the contrary in the Engagement Letter, Portage Point shall be deemed to have waived, and shall not raise or assert, any defense based upon jurisdiction, venue, abstention, or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to Portage Point's engagement in the Chapter 11 Cases.

4. Notwithstanding any provision to the contrary in the Engagement Letter, the Portage Point Parties' liability shall not be limited, and Portage Point shall have whatever duties are imposed by law.

5. ~~4.~~ To the extent that there is any inconsistency between the terms of the Motion, the Engagement Letter, and this Order, the terms of this Order shall govern.

6. ~~5.~~ Notwithstanding anything to the contrary in the Motion, or any of its exhibits, including the Engagement Letter, during the course of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order or the Engagement Letter.


~~3~~1973854.1
~~3~~1973854.2