**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 9 & 55 |

**CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED FINAL ORDER
(I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF
CRITICAL VENDORS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS
CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED
THERETO; AND (III) GRANTING RELATED RELIEF**

On August 12, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors; (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief* [Docket No. 9] (the "**Motion**") filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A proposed form of order approving the Motion on a final basis was attached to the Motion as <u>Exhibit B</u> (the "**Proposed Final Order**").

On August 13, 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order approving the Motion on an interim basis [Docket No. 55] (the "**Interim Order**"). Pursuant to the Interim Order, any objections or responses to entry of the Proposed Final Order were to be filed and served by September 3, 2024 at

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

32023250.1

4:00 p.m. (ET) (as may have been extended by the Debtors, the "**Objection Deadline**").

Prior to the Objection Deadline, the Debtors received informal comments from the Official Committee of Unsecured Creditors (the "**Committee**"). No other formal or informal responses or objections to the Motion were received.

Following discussions with the Committee, the Debtors have agreed to a revised form of order (the "**Revised Proposed Final Order**"), a copy of which is attached hereto as Exhibit A, which resolves the Committee's comments. Additionally, the Debtors have conformed the Revised Proposed Final Order to incorporate revisions made to the Interim Order at the request of the Court. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Final Order against the Proposed Final Order is attached hereto as Exhibit B.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, the Debtors respectfully request that the Court enter the Revised Proposed Final Order without further notice or hearing at the Court's convenience.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>September 5, 2024 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ Allison S. Mielke<br>Michael R. Nestor (No. 3526)<br>Sean T. Greecher (No. 4484)<br>Allison S. Mielke (No. 5934)<br>Timothy R. Powell (No. 6894)<br>Rebecca L. Lamb (No. 7223)<br>Benjamin C. Carver (No. 7176)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mnestor@ycst.com<br>      sgreecher@ycst.com<br>      amielke@ycst.com<br>      tpowell@ycst.com<br>      rlamb@ycst.com<br>      bcarver@ycst.com<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors in Possession* |

# EXHIBIT A

**Revised Proposed Final Order**

32023250.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 9 & 55 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of a final order (this "**Final Order**") (i) authorizing, but not directing, the Debtors, in their sole discretion, to pay the Critical Vendor Claims; (ii) authorizing the Banks to honor and process check and electronic transfers related to the foregoing; and (iii) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

31927476.3

157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in the exercise of their reasonable business judgment, to pay, honor, or otherwise satisfy Critical Vendor Claims in an amount not to exceed $1,375,000 in the aggregate (including amounts paid pursuant to the Interim Order), unless otherwise ordered by this Court.

3. The Debtors are authorized, but not directed, in their discretion, to condition the payment of a Critical Vendor Claim on the agreement of the Critical Vendor to continue supplying goods and/or services to the Debtors on the Customary Trade Terms, or such other trade terms as are agreed to by the Debtors and the Critical Vendor.

4. The Debtors are authorized, but not directed, in their discretion, and in consultation with the DIP Agent, to enter into Trade Agreements with the Critical Vendors, including, without limitation, on the following terms:

    a. The amount of the Critical Vendor's estimated prepetition claim, after accounting for any setoffs, other credits, and discounts thereto, shall be as mutually determined in good faith by the Critical Vendor and the Debtors (but such amount shall be used only for purposes of this Final Order and shall not be deemed a claim allowed by this Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of this Court);

31927476.3

    b.    The amount and timing of any payment agreed to be paid in satisfaction of such estimated prepetition claim by the Debtors, subject to the terms and conditions set forth in this Final Order;

    c.    The Critical Vendor's agreement to provide goods and/or services to the Debtors based upon the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability, and other applicable terms and programs), or such other trade terms as are agreed to by the Debtors and the Critical Vendor, and the Debtors' agreement to pay the Critical Vendor in accordance with such terms;

    d.    The Critical Vendor's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their respective assets or property (real or personal) any lien (a "**Lien**") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Critical Vendor by the Debtors arising from goods and/or services provided to the Debtors prior to the Petition Date, and that, to the extent that the Critical Vendor has previously obtained such a Lien, the Critical Vendor shall immediately take all necessary actions to release such Lien;

    e.    The Critical Vendor's acknowledgment that it has reviewed the terms and provisions of this Final Order and consents to be bound thereby;

    f.    The Critical Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

    g.    If a Critical Vendor which has received payment of a prepetition claim subsequently refuses to provide goods and/or services to the Debtors on Customary Trade Terms or such other trade terms as are agreed to by the Debtors and the Critical Vendor, the Debtors' rights are reserved to seek appropriate relief, including, to deem any payments received by the Critical Vendor on account of such prepetition claim shall be as having been in payment of any then outstanding postpetition obligations owed to such Critical Vendor, or to order such Critical Vendor to immediately repay to the Debtors any payments received on account of its prepetition claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding to such Critical Vendor, without the right of setoff, recoupment or reclamation.

5. Nothing herein shall prejudice the Debtors' rights to request additional authority to pay Critical Vendor Claims.

6. The Debtors shall inform counsel to the official committee of unsecured creditors in the Chapter 11 Cases on a weekly basis of the identity of any Critical Vendors to which payments are made pursuant to this order and the amounts of such payments.

7. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

8. Nothing in this Final Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

9. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

5

10. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

31927476.3

# **EXHIBIT B**

**Blackline**

32023250.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (──JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. ──9 & ──55 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of a final order (this "**Final Order**") (i) authorizing, but not directing, the Debtors, in their sole discretion, to pay the Critical Vendor Claims; (ii) authorizing the Banks to honor and process check and electronic transfers related to the foregoing; and (iii) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

31927476.1

28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in the exercise of their reasonable business judgment, to pay, honor, or otherwise satisfy Critical Vendor Claims in an amount not to exceed $1,375,000 in the aggregate (including amounts paid pursuant to the Interim Order), unless otherwise ordered by this Court.

3. The Debtors are authorized, but not directed, in their discretion, to condition the payment of a Critical Vendor Claim on the agreement of the Critical Vendor to continue supplying goods and/or services to the Debtors on the Customary Trade Terms, or such other trade terms as are agreed to by the Debtors and the Critical Vendor.

4. The Debtors are authorized, but not directed, in their discretion, and in consultation with the DIP Agent, to enter into Trade Agreements with the Critical Vendors, including, without limitation, on the following terms:

   a. The amount of the Critical Vendor's estimated prepetition claim, after accounting for any setoffs, other credits, and discounts thereto, shall be as mutually determined in good faith by the Critical Vendor and the Debtors (but such amount shall be used only for purposes of this Final Order and shall not be deemed a claim allowed by this Court, and the rights of all parties in interest

31927476.1

2

                to object to such claim shall be fully preserved until further order of this Court);

    b.    The amount and timing of any payment agreed to be paid in satisfaction of such estimated prepetition claim by the Debtors, subject to the terms and conditions set forth in this Final Order;

    c.    The Critical Vendor's agreement to provide goods and/or services to the Debtors based upon the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability, and other applicable terms and programs), or such other trade terms as are agreed to by the Debtors and the Critical Vendor, and the Debtors' agreement to pay the Critical Vendor in accordance with such terms;

    d.    The Critical Vendor's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their respective assets or property (real or personal) any lien (a "**Lien**") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Critical Vendor by the Debtors arising from goods and/or services provided to the Debtors prior to the Petition Date, and that, to the extent that the Critical Vendor has previously obtained such a Lien, the Critical Vendor shall immediately take all necessary actions to release such Lien;

    e.    The Critical Vendor's acknowledgment that it has reviewed the terms and provisions of this Final Order and consents to be bound thereby;

    f.    The Critical Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

    g.    If a Critical Vendor which has received payment of a prepetition claim subsequently refuses to provide goods and/or services to the Debtors on Customary Trade Terms or such other trade terms as are agreed to by the Debtors and the Critical Vendor, the Debtors' rights are reserved to seek appropriate relief, including, to deem any payments received by the Critical Vendor on account of such prepetition claim shall be as having been in payment of any then outstanding postpetition obligations owed to such Critical Vendor, or to order such Critical Vendor to immediately repay to the Debtors any payments received on account of its prepetition claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding to such Critical Vendor, without the right of setoff, recoupment or reclamation.

5.    Nothing herein shall prejudice the Debtors' rights to request additional authority to pay Critical Vendor Claims.

31927476.1

3

6. The Debtors shall inform counsel to the official committee of unsecured creditors in the Chapter 11 Cases on a weekly basis of the identity of any Critical Vendors to which payments are made pursuant to this order and the amounts of such payments.

7. ~~6.~~ The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

~~7. Notwithstanding anything in the Motion or herein to the contrary, this Final Order and any payments made or permitted to be made hereunder, shall be subject in all respects to any interim or final order approving the use of cash collateral and/or postpetition financing, including, without limitation, any budget approved in connection therewith.~~

8. Nothing in this Final Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

9. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

10. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

31927476.1