## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No. 93** |

### CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND (II) GRANTING RELATED RELIEF

On August 20, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* [Docket No. 93] (the "**Motion**") filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A proposed form of order approving the Motion was attached to the Motion as Exhibit A (the "**Proposed Order**").  The deadline to file objections or otherwise respond to the Motion was established as September 3, 2024 at 4:00 p.m. (ET) (as may have been extended by the Debtors for any party, the "**Objection Deadline**").

Prior to the Objection Deadline, the Debtors received informal comments from the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and the proposed counsel to the official committee of unsecured creditors (the "**Committee**").  No other formal or informal responses or objections to the Motion were received.

---

[1]  The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

Following discussions with the U.S. Trustee and the Committee, the Debtors have agreed to a revised form of order (the "**Revised Proposed Order**"), a copy of which is attached hereto as <u>Exhibit A</u>, which resolves the U.S. Trustee's and the Committee's comments.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as <u>Exhibit B</u>.

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, and the U.S. Trustee and the Committee do not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's convenience.

Dated: Wilmington, Delaware
      September 5, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
       sgreecher@ycst.com
       amielke@ycst.com
       tpowell@ycst.com
       rlamb@ycst.com
       bcarver@ycst.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

## <u>EXHIBIT A</u>

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 93** |

**ORDER (I) ESTABLISHING PROCEDURES FOR**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish

---

[1]   The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2]   Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion.

just cause for the relief granted herein; and upon all of the proceedings had before this Court; and

after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      All Professionals in the Chapter 11 Cases may seek compensation in

accordance with the following procedures (collectively, the "**Compensation Procedures**"):

(a)      On or after the 15th day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "**Monthly Fee Application**") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Application on the following: (i) the Debtors, c/o Triple P RTS, LLC, 300 North LaSalle, Suite 1420, Chicago, IL 60654, Attn: Steven Shenker (sshenker@pppllc.com) and Scott Canna (scanna@pppllc.com); (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (iii) counsel to the DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com), and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (v) proposed counsel to the official committee of unsecured creditors appointed in the Chapter 11 Cases (the "**Committee**"): (i) Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin S. Elliott (kelliott@kelleydrye.com); and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801 Attn: Eric Monzo (emonzo@morrisjames.com) and Brya Keilson (bkeilson@morrisjames.com) (collectively, the "**Application Recipients**" and each, an "**Application Recipient**"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a Monthly Fee Application that includes a request for compensation earned or expenses incurred during the previous months. The initial Monthly Fee Application will cover the period from the Petition Date through August 31, 2024.

(b)      Each Application Recipient will have until 4:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days after service of a Monthly Fee Application to review the request. Upon the expiration of such 21-day period, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "**CNO**"). After a CNO is filed with the Court, the Debtors are authorized and directed to pay the Professional an

amount (the "**Actual Monthly Payment**") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "**Maximum Monthly Payment**") that are not subject to an objection pursuant to subparagraph (c) below.

(c)     If any Application Recipient objects to a Monthly Fee Application, the objecting party shall, within twenty-one (21) days of service of the Monthly Fee Application, serve a written notice upon the respective Professional and each of the Application Recipients (the "**Notice of Objection to Monthly Fee Application**") setting forth the precise nature of the objection and the amount at issue.  Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis.  If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses.  If, however, the parties are unable to reach a resolution of the objection within 14 days after service of the objection, the objecting party shall file its objection (the "**Objection**") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "**Disputed Amount**") or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

(d)     At three-month intervals or such other intervals convenient to the Court (the "**Interim Fee Period**"), each of the Professionals may file and serve on the Application Recipients an interim fee application (each an "**Interim Fee Application**") for compensation and reimbursement of expenses sought in the Monthly Fee Applications served during such period.  Interim Fee Applications, if any, shall be filed with this Court and served on the Application Recipients within forty-five (45) days after the end of the applicable Interim Fee Period.  Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002.  Application Recipients will have twenty-one (21) days after service of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including October 31, 2024.

(e)     The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate.  The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a certification of counsel and proposed order.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f)    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3.    Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and/or reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with the Court as to any monthly or interim compensation and/or reimbursement of expenses will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

4.    In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to any order entered in connection with the retention and compensation of "ordinary course" professionals (such professionals, the "**Required Professionals**") (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court and (ii) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in the Chapter 11 Cases.

5.      Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the Committee (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the respective Committee's counsel, which counsel will collect and file the Committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

6.      The Professionals shall be required to serve only the (i) Applications on the Application Recipients, and (ii) the notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in the Chapter 11 Cases.

7.      All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

8.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

31973882.1

**<u>EXHIBIT B</u>**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ——93** |

### ORDER (I) ESTABLISHING PROCEDURES FOR
### INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
### FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in

---

[1]    The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2]    Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion.

the Motion establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      All Professionals in the Chapter 11 Cases may seek compensation in

accordance with the following procedures (collectively, the "**Compensation Procedures**"):

(a)      On or after the 15th day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "**Monthly Fee Application**") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Application on the following:  (i) the Debtors, c/o Triple P RTS, LLC, 300 North LaSalle, Suite 1420, Chicago, IL 60654, Attn: Steven Shenker (sshenker@pppllc.com) and Scott Canna (scanna@pppllc.com); (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (iii) counsel to the DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com), and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (v) proposed counsel to any statutory the official committee that has been of unsecured creditors appointed in the Chapter 11 Cases (the "**Committee**"): (i) Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin S. Elliott (kelliott@kelleydrye.com); and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801 Attn: Eric Monzo (emonzo@morrisjames.com) and Brya Keilson (bkeilson@morrisjames.com) (collectively, the "**Application Recipients**" and each, an "**Application Recipient**").  Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a Monthly Fee Application that includes a request for compensation earned or expenses incurred during the previous months.  The initial Monthly Fee Application will cover the period from the Petition Date through August 31, 2024.

(b)      Each Application Recipient will have until 4:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days after service of a Monthly Fee Application to review the request.  Upon the expiration of such 21-day period, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "**CNO**").  After a

CNO is filed with the Court, the Debtors are authorized and directed to pay the Professional an amount (the "**Actual Monthly Payment**") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "**Maximum Monthly Payment**") that are not subject to an objection pursuant to subparagraph (c) below.

(c)     If any Application Recipient objects to a Monthly Fee Application, the objecting party shall, within twenty-one (21) days of service of the Monthly Fee Application, serve a written notice upon the respective Professional and each of the Application Recipients (the "**Notice of Objection to Monthly Fee Application**") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after service of the objection, the objecting party shall file its objection (the "**Objection**") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "**Disputed Amount**") or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

(d)     At three-month intervals or such other intervals convenient to the Court (the "**Interim Fee Period**"), each of the Professionals may file and serve on the Application Recipients an interim fee application (each an "**Interim Fee Application**") for compensation and reimbursement of expenses sought in the Monthly Fee Applications served during such period. Interim Fee Applications, if any, shall be filed with this Court and served on the Application Recipients within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. Application Recipients will have twenty-one (21) days after service of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including October 31, 2024.

(e)     The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a certification of counsel and proposed order. Upon allowance by the Court of a Professional's Interim

Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f)     The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3.     Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and/or reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with the Court as to any monthly or interim compensation and/or reimbursement of expenses will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

4.     In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to any order entered in connection with the retention and compensation of "ordinary course" professionals (such professionals, the "**Required Professionals**") (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court and (ii) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with

31973882.1

4

any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in the Chapter 11 Cases.

5. Each member of ~~any official committee formed by the U.S. Trustee~~the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the ~~committee~~Committee (excluding third-party counsel expenses of individual ~~committee~~Committee members) and supporting vouchers to the respective ~~committee's~~Committee's counsel, which counsel will collect and file the ~~committee~~Committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

6. The Professionals shall be required to serve only the (i) Applications on the Application Recipients, and (ii) the notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in the Chapter 11 Cases.

7. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.     This Court retains ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.