# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 8 & 61 |

**CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED FINAL ORDER AUTHORIZING (A) PAYMENT OF PREPETITION OBLIGATIONS INCURRED IN THE ORDINARY COURSE OF BUSINESS IN CONNECTION WITH INSURANCE AND SURETY PROGRAMS, INCLUDING PAYMENT OF POLICY PREMIUMS, BROKER FEES, AND CLAIMS ADMINISTRATOR FEES, AND (B) CONTINUATION OF INSURANCE PREMIUM FINANCING PROGRAM; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

On August 12, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Interim and Final Orders (I) Authorizing (A) Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Insurance and Surety Programs, Including Payment of Policy Premiums, Broker Fees, and Claims Administrator Fees, and (B) Continuation of Insurance Premium Financing Program; (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief* [Docket No. 8] (the "**Motion**") filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A proposed form of order approving the Motion on a final basis was attached to the Motion as Exhibit B (the "**Proposed Final Order**").

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

32022132.2

On August 13, 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order approving the Motion on an interim basis [Docket No. 61] (the "**Interim Order**"). Pursuant to the Interim Order, any objections or responses to entry of the Proposed Final Order were to be filed and served by September 3, 2024 at 4:00 p.m. (ET) (as may have been extended by the Debtors, the "**Objection Deadline**").

Prior to the Objection Deadline, the Debtors received informal comments from the official committee of unsecured creditors (the "**Committee**") and the Hartford Fire Insurance Company ("**Hartford**"). No other formal or informal responses or objections to the Motion were received.

Following discussions with the Committee and Hartford, the Debtors have agreed to a revised form of order (the "**Revised Proposed Final Order**"), a copy of which is attached hereto as Exhibit A, which resolves the Committee's and Hartford's comments. Additionally, the Debtors have conformed the Revised Proposed Final Order to incorporate revisions made to the Interim Order at the request of the Court. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Final Order against the Proposed Final Order is attached hereto as Exhibit B.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's convenience.

Dated: Wilmington, Delaware  
       September 5, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
       sgreecher@ycst.com
       amielke@ycst.com
       tpowell@ycst.com
       rlamb@ycst.com
       bcarver@ycst.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

# EXHIBIT A

**Revised Proposed Order**

32022132.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 8 & 61 |

**FINAL ORDER (I) AUTHORIZING (A) PAYMENT OF
PREPETITION OBLIGATIONS INCURRED IN THE ORDINARY COURSE OF
BUSINESS IN CONNECTION WITH INSURANCE AND SURETY PROGRAMS,
INCLUDING PAYMENT OF POLICY PREMIUMS, BROKER FEES, AND CLAIMS
ADMINISTRATOR FEES, AND (B) CONTINUATION OF INSURANCE PREMIUM
FINANCING PROGRAM; (II) AUTHORIZING BANKS TO HONOR
AND PROCESS CHECK AND ELECTRONIC TRANSFER
REQUESTS RELATED THERETO; AND
<u>(III) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of a final order (this "**Final Order**"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to (a) continue and, to the extent necessary, renew insurance programs and surety programs and pay policy premiums, claims administrator fees, and broker fees arising thereunder or in connection therewith, as applicable, including prepetition obligations arising in the ordinary course of business, and (b) continue the Financed Insurance Program and renew or enter into new premium financing programs, as necessary, under substantially similar terms, in the

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

31927488.4

ordinary course of business; and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors and an appropriate exercise of their business judgment; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized to maintain the Insurance Programs and the Surety Program without interruption, and to renew, supplement, modify, or extend (including through obtaining "tail" coverage) the Insurance Programs, the Surety Program, or enter into new insurance policies or new surety bonds, and to incur and pay policy premiums, broker fees, and claims administrator fees arising thereunder or in connection therewith, in accordance with the same practices and procedures as were in effect prior to the Petition Date, or as may be determined by the Debtors in their business judgment. The Debtors are authorized, but not directed, in their discretion, to pay, honor or otherwise satisfy premiums, claims, deductibles, retrospective adjustments, administrative fees, broker fees (including, without limitation, the Broker Fees), and

31927488.4

any other obligations that were due and payable or related to the period prior to the Petition Date on account of the Insurance Programs (including the Financed Insurance Program) and the Surety Program.

3. The Debtors are authorized, but not directed, to perform their obligations associated with the Surety Program, including maintaining, renewing, and/or providing credit support, letters of credit, or other collateral in connection therewith and consistent with past practice, and to enter into new or related agreements in the ordinary course of business, to the extent applicable. The Debtors are authorized to (a) continue, in the ordinary course of business, the Financed Insurance Program and the PFA, and renew or enter into new premium financing programs, as necessary, under substantially similar terms; and (b) pay the installment payments under the Financed Insurance Program and the PFA and any such new premium financing programs as the same become due in the ordinary course of business.

4. The Debtors shall consult counsel to the official committee of unsecured creditors in the Chapter 11 Cases regarding any changes to the Insurance Programs or the Surety Program.

5. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any

such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

6. Nothing in this Final Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any of the Insurance Carriers, the Surety Carriers, or the Premium Financing Company; or (iv) shall be construed as a promise to pay a claim.

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8. Nothing herein shall prejudice the rights of Hartford Fire Insurance Company ("**Hartford**") with respect to any existing bond or related instruments that were previously, or are in the future, issued and/or executed by Hartford on behalf of any of the Debtors, their non-debtor affiliates, or the Debtors' past, present and future affiliates. Nothing herein shall require Hartford to issue or execute any bond or related instrument or to renew, alter, amend or increase the amount of any bond or related instrument; *provided*, *however*, that nothing herein shall eliminate any of Hartford's obligations or duties with respect to, or otherwise relieve Hartford from performing under, the Surety Bonds.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

31927488.4

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

## EXHIBIT B

**Blackline**

32022132.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BLINK HOLDINGS, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-11686 (JKS) <br><br> (Jointly Administered) <br><br> Ref. Docket Nos. 8 & 61 |

**FINAL ORDER (I) AUTHORIZING (A) PAYMENT OF
PREPETITION OBLIGATIONS INCURRED IN THE ORDINARY COURSE OF
BUSINESS IN CONNECTION WITH INSURANCE AND SURETY PROGRAMS,
INCLUDING PAYMENT OF POLICY PREMIUMS, BROKER FEES, AND CLAIMS
ADMINISTRATOR FEES, AND (B) CONTINUATION OF INSURANCE PREMIUM
FINANCING PROGRAM; (II) AUTHORIZING BANKS TO HONOR
AND PROCESS CHECK AND ELECTRONIC TRANSFER
REQUESTS RELATED THERETO; AND
(III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of a final order (this "**Final Order**"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to (a) continue and, to the extent necessary, renew insurance programs and surety programs and pay policy premiums, claims administrator fees, and broker fees arising thereunder or in connection therewith, as applicable, including prepetition obligations arising in the ordinary course of business, and (b) continue the Financed Insurance Program and renew or enter into new premium financing programs, as necessary, under substantially similar terms, in

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

31927488.1

the ordinary course of business; and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors and an appropriate exercise of their business judgment; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized to maintain the Insurance Programs and the Surety Program without interruption, and to renew, supplement, modify, or extend (including through obtaining "tail" coverage) the Insurance Programs, the Surety Program, or enter into new insurance policies or new surety bonds, and to incur and pay policy premiums, broker fees, and claims administrator fees arising thereunder or in connection therewith, in accordance with the same practices and procedures as were in effect prior to the Petition Date, or as may be determined by the Debtors in their business judgment. The Debtors are authorized, but not directed, in their discretion, to pay, honor or otherwise satisfy premiums, claims, deductibles, retrospective adjustments, administrative fees, broker fees (including, without limitation, the

31927488.1

Broker Fees), and any other obligations that were due and payable or related to the period prior to the Petition Date on account of the Insurance Programs (including the Financed Insurance Program) and the Surety Program.

3. The Debtors are authorized, but not directed, to perform their obligations associated with the Surety Program, including maintaining, renewing, and/or providing credit support, letters of credit, or other collateral in connection therewith and consistent with past practice, and to enter into new or related agreements in the ordinary course of business, to the extent applicable. The Debtors are authorized to (a) continue, in the ordinary course of business, the Financed Insurance Program and the PFA, and renew or enter into new premium financing programs, as necessary, under substantially similar terms; and (b) pay the installment payments under the Financed Insurance Program and the PFA and any such new premium financing programs as the same become due in the ordinary course of business.

4. The Debtors shall consult counsel to the official committee of unsecured creditors in the Chapter 11 Cases regarding any changes to the Insurance Programs or the Surety Program.

5. ~~4.~~ The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to

31927488.1

this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

5. ~~Notwithstanding anything in the Motion or herein to the contrary, this Final Order and any payments made or permitted to be made hereunder, shall be subject in all respects to any interim or final order approving the use of cash collateral and/or postpetition financing, including, without limitation, any budget approved in connection therewith.~~

6. Nothing in this Final Order: (~~a~~i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (~~b~~ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (~~c~~iii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any of the Insurance Carriers, the Surety Carriers, or the Premium Financing Company; or (~~d~~iv) shall be construed as a promise to pay a claim.

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8. Nothing herein shall prejudice the rights of Hartford Fire Insurance Company ("**Hartford**") with respect to any existing bond or related instruments that were previously, or are in the future, issued and/or executed by Hartford on behalf of any of the Debtors, their non-debtor affiliates, or the Debtors' past, present and future affiliates. Nothing herein shall require Hartford to issue or execute any bond or related instrument or to renew, alter, amend or increase the amount of any bond or related instrument; *provided, however,* that nothing

31927488.1

herein shall eliminate any of Hartford's obligations or duties with respect to, or otherwise relieve Hartford from performing under, the Surety Bonds.

9. ~~8.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10. ~~9.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

31927488.1