**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 10 & 53 |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE OPERATING
EXISTING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION
OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS
FORMS, AND (D) CONTINUE TO PERFORM AFFILIATE TRANSACTIONS;
(II) AUTHORIZING DEBTORS' CONTINUED USE OF CORPORATE CREDIT
CARDS AND GRANTING ADMINISTRATIVE EXPENSES STATUS TO
POSTPETITION CREDIT CARD OBLIGATIONS; (III) WAIVING CERTAIN
U.S. TRUSTEE GUIDELINES; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of a final order (this "**Final Order**") (i) authorizing the Debtors to (a) continue to operate their Cash Management System, (b) honor certain prepetition obligations related thereto, (c) maintain existing Bank Accounts and Business Forms, and (d) continue to perform Affiliate Transactions in the ordinary course of business; (ii) authorizing continued use of Corporate Credit Cards and granting administrative expense status to postpetition Credit Card Obligations; (iii) waiving certain requirements under section 345 of the Bankruptcy Code and the U.S. Trustee Guidelines; and (iv) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

31927491.2

the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 363(c) and 105(a) of the Bankruptcy Code, to (i) continue to manage their cash pursuant to the Cash Management System maintained by the Debtors before the Petition Date, as described in the Motion; (ii) collect, concentrate, and disburse cash in accordance with the Cash Management System, including intercompany funding to other Debtor entities; and (iii) to make ordinary course non-material changes to their Cash Management System.

3. The Debtors are authorized to continue to use the Corporate Credit Cards on a postpetition basis, and all postpetition extensions of credit under the Corporate Credit Cards shall be entitled to administrative expense status under sections 364(a) and 503(b) of the Bankruptcy Code. The Debtors are authorized to pay the outstanding Corporate Credit Card Obligations in an amount not to exceed $200,000.

4. Notwithstanding any requirements to the contrary in the U.S. Trustee Guidelines or otherwise, the Debtors are further authorized to: (i) designate, maintain, and continue to use any or all of their existing Bank Accounts in the names and with the account numbers existing immediately before the Petition Date; (ii) deposit funds in and withdraw funds from such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers and other debits; (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date, consistent with the Debtors' historical practice; and (iv) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts.

5. The Banks are authorized without the need for further order of this Court to: (i) continue to administer, service, and maintain the Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date, without interruption and in the ordinary course; (ii) receive, process, honor, and pay any and all checks, drafts, wires, ACH transfers, electronic fund transfers, payment orders or other items presented, issued or drawn on the Bank Accounts; and (iii) debit the Bank Accounts for: (a) all undisputed prepetition Bank Fees outstanding as of the date hereof, if any, owed to the Banks for the maintenance of the Cash Management System, (b) all checks drawn on the Bank Accounts which were cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, and (c) all checks or other items deposited in one of the Bank Accounts with such Bank prior to the Petition Date, which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the applicable Debtor was responsible for such items prior to the Petition Date, if payment of such prepetition obligation has been approved by the Court; *provided*, *however*, that checks, drafts, wires or electronic fund transfers (excluding any electronic fund transfers that the Banks are obligated to settle), or other

items presented, issued or drawn on the Bank Accounts prior to the Petition Date shall not be honored if (1) prohibited by a "stop payment" request received by the Banks from the Debtors or (2) not supported by sufficient funds in the applicable Bank Account.

6. Each Bank is authorized to accept and rely upon, without further inquiry, all representations from the Debtors as to which checks, drafts, wires, or ACH transfers are dated prior to, on or after the Petition Date and which checks are to be honored or dishonored, regardless of whether or not such payment or honoring is or is not authorized by an order of the Court. The Banks shall not be deemed in violation of this Final Order and shall have no liability for relying on such representations by the Debtors or honoring any check, draft, wire, or ACH transfer that is subject to this Final Order either (i) at the direction of the Debtors to honor such prepetition check, draft, wire, or ACH transfer; (ii) in the good-faith belief that this Court has authorized such prepetition check, draft, wire, or ACH transfer to be honored; or (iii) as a result of an innocent mistake so long as reasonable procedures were in place.

7. Those certain existing deposit agreements between the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The Debtors or the Banks may, without further order of this Court, implement non-material changes to the cash management systems and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts, subject to paragraphs 8 and 9 of this Final Order.

8. The Debtors are authorized to open new bank accounts; *provided*, that all accounts opened by any of the Debtors on or after the Petition Date at any financial institution

shall, for purposes of this Final Order, be deemed a Bank Account as if it had been listed on <u>Exhibit D</u> to the Motion; *provided*, *further*, that the Debtors shall provide notice of any such opened account to the United States Trustee for the District of Delaware ("**U.S. Trustee**") and counsel to the official committee of unsecured creditors appointed in the Chapter 11 Cases (the "**Committee**") within five (5) business days; *provided*, *further*, that the Debtors shall open any such new Bank Account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at such financial institution that is willing to immediately execute such agreement.

9. Nothing contained herein shall prevent the Debtors from closing any Bank Account(s) as they may deem necessary and appropriate, to the extent consistent with any order(s) of this Court relating thereto. The Banks are authorized to honor the Debtors' requests to close any of the Bank Accounts, and the Debtors shall give notice of the closure of any Bank Account within fifteen (15) days to the U.S. Trustee and counsel to any statutory committee appointed in the Chapter 11 Cases.

10. Pursuant to Local Rule 2015-2(a), the Debtors are authorized to continue to use their Business Forms and books and records without alteration or change and without the designation "Debtor in Possession" or a bankruptcy case number imprinted upon them. Notwithstanding the foregoing, once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; *provided* that, with respect to checks that the Debtors print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and provide the case number on such items within ten (10) days of the date of entry of this Final Order.

11. The Debtors shall maintain accurate and detailed records of all transfers, including Affiliate Transactions, so that all transactions may be ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions. All claims arising from Affiliate Transactions shall be reconciled on at least a monthly basis. The Debtors are not authorized to make any intercompany loans to non-debtor affiliates absent further order of the Court.

12. The Debtors are hereby authorized to continue to engage in the Affiliate Transactions in the ordinary course of business. Pursuant to section 503(b)(1) and 364(b) of the Bankruptcy Code, all valid claims on account of the Affiliate Transactions, including postpetition Intercompany Claims and postpetition claims arising from the Shared Services, shall be accorded administrative expense status. The Debtors shall provide advance notice (which may be by email) to the Committee of any proposed Affiliate Transaction that exceeds the amount budgeted for Affiliate Transactions in the Approved Budget (as such term is defined in the interim order approving the Debtors' postpetition financing [Docket No. 63]). Upon written request (which may be by email) of the Committee and subject to any and all of the Debtors' rights with respect to privileges and confidentiality, the Debtors shall provide counsel to the Committee with access to existing records of Affiliate Transactions.

13. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

14. Nothing in this Final Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice,

waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay any claim.

15. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

16. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

**Dated: September 5th, 2024**
**Wilmington, Delaware**

*[signature]*
**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

31927491.2

7