# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 95 |

### ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

31973891.2

factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to retain and compensate the professionals identified on the OCP List (collectively, the "**OCPs**"), attached hereto as <u>Exhibit 2</u>, in the ordinary course of business pursuant to the following OCP Procedures:

(a) Each OCP shall cause a declaration of disinterestedness, substantially in the form annexed as <u>Exhibit 1</u> to the Order (each, a "**Declaration of Disinterestedness**"), to be filed with the Court and served upon: (i) the Debtors, c/o Triple P RTS, LLC, 300 North LaSalle, Suite 1420, Chicago, IL 60654, Attn: Steven Shenker (sshenker@pppllc.com) and Scott Canna (scanna@pppllc.com); (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (iv) proposed counsel to the official committee of unsecured creditors appointed in the Chapter 11 Cases (the "**Committee**"): (i) Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin S. Elliott (kelliott@kelleydrye.com); and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801 Attn: Eric Monzo (emonzo@morrisjames.com) and Brya Keilson (bkeilson@morrisjames.com) (collectively, the "**Notice Parties**").

(b) The Notice Parties shall have fourteen (14) days after the date of filing of each OCP's Declaration of Disinterestedness (the "**Objection Deadline**") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

(c) If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be

31973891.2

authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth below.

(d) The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided that fees paid to OCPs excluding costs and disbursements, may not exceed the monthly amount set forth for such OCP on the OCP List in the column titled "OCP Cap" (each, as applicable, the "**OCP Cap**"), calculated on average over the prior rolling three-month period. The OCP Cap may be increased, provided that the Debtors shall file a notice with the Court detailing the identity of the affected OCP and the amount of the proposed increased OCP Cap. The Notice Parties shall have fourteen (14) days to file with the Court an objection to the proposed increased OCP Cap amount. Absent the filing of an objection, the increased OCP Cap shall be deemed approved without further action by the Court.

(e) To the extent that fees payable to any OCP exceed the OCP Cap, the applicable OCP shall file a fee application (a "**Fee Application**") with the Court for payment of the fees and expenses for the monthly period during which the OCP Cap was exceeded in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court.

(f) Within thirty (30) calendar days after the end of, and with respect to, each full three (3)-month period after the Petition Date (including any initial partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "**Quarterly Statement**"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

(g) The Debtors reserve the right to retain additional OCPs from time to time during the Chapter 11 Cases by: (i) including such OCPs on an supplement to the OCP List that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

3. The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtors shall file the amended OCP List with this Court and serve such list on the Notice

31973891.2

Parties. Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4. Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 5th, 2024**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

31973891.2