**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket Nos. 11 & 65** |

**CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED
FINAL ORDER (I) AUTHORIZING DEBTORS TO MAINTAIN AND HONOR
CERTAIN PREPETITION CUSTOMER PROGRAMS; (II) AUTHORIZING THE
DEBTORS TO SERVE CUSTOMERS CERTAIN PLEADINGS FILED IN THE
CHAPTER 11 CASES BY ELECTRONIC MEANS; (III) AUTHORIZING BANKS TO
HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS
RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

On August 12, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Maintain and Honor Certain Prepetition Customer Programs; (II) Authorizing the Debtors to Serve Customers Certain Pleadings Filed in the Chapter 11 Cases by Electronic Means; (III) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto; and (IV) Granting Related Relief* [Docket No. 11] (the "**Motion**") filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A proposed form of order approving the Motion on a final basis was attached to the Motion as <u>Exhibit B</u> (the "**Proposed Final Order**").

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

On August 14, 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order approving the Motion on an interim basis [Docket No. 65] (the "**Interim Order**").  Pursuant to the Interim Order, any objections or responses to entry of the Proposed Final Order were to be filed and served by September 3, 2024 at 4:00 p.m. (ET) (as may have been extended by the Debtors, the "**Objection Deadline**").

Prior to the Objection Deadline, the Debtors received informal comments from the official committee of unsecured creditors (the "**Committee**").  In addition, Bank of America, N.A. filed a *Reservation of Rights of Bank of America, N.A. Related to the Relief Sought in the Customer Programs Motion* [Docket No. 133] prior to the Objection Deadline.  No other formal or informal responses or objections to the Motion were received.

Following discussions with the Committee, the Debtors have agreed to a revised form of order (the "**Revised Proposed Final Order**"), a copy of which is attached hereto as Exhibit A, which resolves the Committee's comments.  In addition, the Debtors have conformed the Revised Proposed Final Order to incorporate revisions made to the Interim Order at the request of the Court.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Final Order against the Proposed Final Order is attached hereto as Exhibit B.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, the Debtors respectfully request that the Court enter the Revised Proposed Final Order without further notice or hearing at the Court's convenience.

Dated: Wilmington, Delaware
       September 5, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
      sgreecher@ycst.com
      amielke@ycst.com
      tpowell@ycst.com
      rlamb@ycst.com
      bcarver@ycst.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

32025231.1

**<u>EXHIBIT A</u>**

**Revised Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 11 & 65** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO MAINTAIN AND HONOR
CERTAIN PREPETITION CUSTOMER PROGRAMS; (II) AUTHORIZING THE
DEBTORS TO SERVE CUSTOMERS CERTAIN PLEADINGS FILED IN THE
CHAPTER 11 CASES BY ELECTRONIC MEANS; (III) AUTHORIZING BANKS TO
HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS
RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of a final order (this "**Final Order**") (i) authorizing, but not directing, the Debtors to (a) continue, renew, replace, modify, and/or terminate any of the Customer Programs in the ordinary course of business, and (b) maintain and honor the Customer Obligations in the ordinary course of business; (ii) authorizing the Debtors to utilize electronic means of communication to provide notice to their Customers; (iii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iv) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases

and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter

a final order consistent with Article III of the United States Constitution; and it appearing that

proper and adequate notice of the Motion has been given under the circumstances and in

accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is

necessary; and after due deliberation thereon; and this Court having found that the relief herein is

in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors, in their business judgment, are authorized, but not directed, to

continue, renew, replace, implement, modify, and/or terminate the Customer Programs as they

deem appropriate, in the ordinary course of business, without further application to this Court;

*provided* that the Debtors provide five (5) days' written notice (which may be by email) of any

material changes to any Customer Program to counsel for the official committee of unsecured

creditors appointed in the Chapter 11 Cases.

3.      The Debtors, in their business judgment, are authorized, but not directed,

maintain and honor the Customer Obligations in the ordinary course of business, without further

application to this Court; *provided* that to the extent that the Debtors make any cash payments

pursuant to this Final Order, such payments shall not exceed $550,000 in the aggregate.

4.      The Debtors are authorized to continue to issue Refunds and Chargebacks,

in their discretion, in the ordinary course of business, whether related to payments made before or

after the Petition Date.

31927496.3

5.       The Debtors are authorized to continue to utilize the services of the Payment Processors, and the Payment Processors are authorized to continue processing payments in the ordinary course of business and in a manner consistent with past practice.

6.       The Debtors are authorized to pay or otherwise satisfy the Processing Fees that may have arisen before the Petition Date, and to continue to pay the Processing Fees in the ordinary course of business and in a manner consistent with past practice.

7.       The Debtors are authorized to continue operating under that certain *Merchant Services Agreement* (including all exhibits, schedules, addenda and supplements thereto, and as amended from time to time, collectively and as used herein, the "**MSA**"), dated April 28, 2017, by and among Blink Holdings, Inc. and Bank of America, N.A. ("**BofA**").  BofA is authorized to collect from the Debtors jointly and severally, and the Debtors are authorized to pay, all Processing Fees and all amounts due and owing pursuant and related to the MSA, regardless of whether such obligations are considered pre- or postpetition obligations, and whether they are collected via netting, debit to the applicable Debtors' accounts, including the BofA Reserve (as defined below) or otherwise, consistent with the MSA, and the foregoing rights shall survive any termination of the MSA.  BofA shall be permitted to continue to hold the reserve that was maintained by BofA prior to the Petition Date pursuant to the MSA in the amount of $1,500,000 (as may be increased as contemplated herein and below, the "**Reserve**").  In addition, during the period from the Petition Date through the earlier of the following to occur:  (a) the closing of a sale of all or substantially all of the Debtors' assets pursuant to a sale transaction under section 363 of the Bankruptcy Code; (b) the effective date of a chapter 11 plan; (c) the conversion to chapter 7 of the Bankruptcy Code or dismissal of the Chapter 11 Cases; or (d) the assumption and assignment of the MSA (such period, the "**Chapter 11 Term**"), BofA shall be permitted to

31927496.3

incrementally increase the Reserve each month in an amount equal to one percent (1%) of the Debtors' aggregate postpetition monthly sales, which Reserve shall continue to be maintained by BofA pursuant to the terms of the MSA; *provided, however*, that BofA shall not be permitted to further increase the Reserve during the Chapter 11 Term without further order of this Court.

8.      The Debtors shall not be required to serve hard copies of the Customer Pleadings upon the Customers who would otherwise be served with such hard copy notices or pleadings; *provided* that the Debtors shall instead provide notices and service of the Customer Pleadings to the Customers via email using the email addresses maintained by the Debtors in their books and records; *provided, however*, that the Debtors shall serve hard copies of the Customer Pleadings on any Customer upon such Customer's written request, which request may be by email.

9.      The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

10.      BofA shall have the right to net, setoff, or recoup against settlement amounts or against the Reserve account, in each case as provided by Paragraph 7 above, and BofA otherwise reserves all rights under the MSA and applicable bankruptcy law, except to the extent

those rights are constrained by this Final Order (or any order entered with BofA's express written consent that supersedes this Final Order).

11.    Nothing in this Final Order:  (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

12.    The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

14.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

# **EXHIBIT B**

**Blackline**

32025231.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (——JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. ——11 & ——65** |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO MAINTAIN AND HONOR CERTAIN PREPETITION CUSTOMER PROGRAMS; (II) AUTHORIZING THE DEBTORS TO SERVE CUSTOMERS CERTAIN PLEADINGS FILED IN THE CHAPTER 11 CASES BY ELECTRONIC MEANS; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of a final order (this "**Final Order**") (i) authorizing, but not directing, the Debtors to (a) continue, renew, replace, modify, and/or terminate any of the Customer Programs in the ordinary course of business, and (b) maintain and honor the Customer Obligations in the ordinary course of business; (ii) authorizing the Debtors to utilize electronic means of communication to provide notice to their Customers; (iii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iv) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED on a final basis as set forth herein.

2.     The Debtors, in their business judgment, are authorized, but not directed, to continue, renew, replace, implement, modify, and/or terminate the Customer Programs as they deem appropriate, in the ordinary course of business, without further application to this Court; *provided* that the Debtors provide five (5) days' written notice (which may be by email) of any material changes to any Customer Program to counsel for the official committee of unsecured creditors appointed in the Chapter 11 Cases.

3.     The Debtors, in their business judgment, are authorized, but not directed, maintain and honor the Customer Obligations in the ordinary course of business, without further application to this Court; *provided* that to the extent that the Debtors make any cash payments pursuant to this Final Order, such payments shall not exceed $550,000 in the aggregate.

31927496.1
31927496.3

4.      The Debtors are authorized to continue to issue Refunds and Chargebacks, in their discretion, in the ordinary course of business, whether related to payments made before or after the Petition Date.

5.      The Debtors are authorized to continue to utilize the services of the Payment Processors, and the Payment Processors are authorized to continue processing payments in the ordinary course of business and in a manner consistent with past practice.

6.      The Debtors are authorized to pay or otherwise satisfy the Processing Fees that may have arisen before the Petition Date, and to continue to pay the Processing Fees in the ordinary course of business and in a manner consistent with past practice.

7.      The Debtors are authorized to continue operating under that certain *Merchant Services Agreement* (including all exhibits, schedules, addenda and supplements thereto, and as amended from time to time, collectively and as used herein, the "**MSA**"), dated April 28, 2017, by and among Blink Holdings, Inc. and Bank of America, N.A. ("**BofA**").  BofA is authorized to collect from the Debtors jointly and severally, and the Debtors are authorized to pay, all Processing Fees and all amounts due and owing pursuant and related to the MSA, regardless of whether such obligations are considered pre- or postpetition obligations, and whether they are collected via netting, debit to the applicable Debtors' accounts, including the BofA Reserve (as defined below) or otherwise, consistent with the MSA, and the foregoing rights shall survive any termination of the MSA.  BofA shall be permitted to continue to hold the reserve that was maintained by BofA prior to the Petition Date pursuant to the MSA in the amount of $1,500,000 (as may be increased as contemplated herein and below, the "**Reserve**"). In addition, during the period from the Petition Date through the earlier of the following to occur: (a) the closing of a sale of all or substantially all of the Debtors' assets pursuant to a sale

transaction under section 363 of the Bankruptcy Code; (b) the effective date of a chapter 11 plan; (c) the conversion to chapter 7 of the Bankruptcy Code or dismissal of the Chapter 11 Cases; or (d) the assumption and assignment of the MSA (such period, the "**Chapter 11 Term**"), BofA shall be permitted to incrementally increase the Reserve each month in an amount equal to one percent (1%) of the Debtors' aggregate postpetition monthly sales, which Reserve shall continue to be maintained by BofA pursuant to the terms of the MSA; *provided, however*, that BofA shall not be permitted to further increase the Reserve during the Chapter 11 Term without further order of this Court.

8.    7. The Debtors shall not be required to serve hard copies of the Customer Pleadings upon the Customers who would otherwise be served with such hard copy notices or pleadings; *provided* that the Debtors shall instead provide notices and service of the Customer Pleadings to the Customers via email using the email addresses maintained by the Debtors in their books and records; *provided, however, that the Debtors shall serve hard copies of the Customer Pleadings on any Customer upon such Customer's written request, which request may be by email*.

9.    8. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to

31927496.1
31927496.3

this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

~~9. Notwithstanding anything in the Motion or herein to the contrary, this Final Order and any payments made or permitted to be made hereunder, shall be subject in all respects to any interim or final order approving the use of cash collateral and/or postpetition financing, including, without limitation, any budget approved in connection therewith.~~

10.    BofA shall have the right to net, setoff, or recoup against settlement amounts or against the Reserve account, in each case as provided by Paragraph 7 above, and BofA otherwise reserves all rights under the MSA and applicable bankruptcy law, except to the extent those rights are constrained by this Final Order (or any order entered with BofA's express written consent that supersedes this Final Order).

11.    ~~10.~~ Nothing in this Final Order:  (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

12.    ~~11.~~ The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13.    ~~12.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

14.    ~~13.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.