# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 12 & 54 |

**CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY ACCRUED PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (B) HONOR COMMISSION AND BONUS OBLIGATIONS TO NON-INSIDER EMPLOYEES IN THE ORDINARY COURSE OF BUSINESS; (C) PAY PREPETITION EMPLOYEE BUSINESS EXPENSES; (D) CONTRIBUTE TO PREPETITION EMPLOYEE BENEFIT PROGRAMS AND CONTINUE SUCH PROGRAMS IN THE ORDINARY COURSE OF BUSINESS; (E) PAY WORKERS' COMPENSATION OBLIGATIONS; (F) REMIT PAYMENTS FOR WHICH PREPETITION PAYROLL DEDUCTIONS WERE MADE; AND (G) PAY THE COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

On August 12, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Accrued Prepetition Employee Wages, Salaries, and Other Compensation; (B) Honor Commission and Bonus Obligations to Non-Insider Employees in the Ordinary Course of Business; (C) Pay Prepetition Employee Business Expenses; (D) Contribute to Prepetition Employee Benefit Programs And Continue Such Programs in the Ordinary Course of Business; (E) Pay Workers' Compensation Obligations; (F) Remit Payments for Which*

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

32024306.1

*Prepetition Payroll Deductions Were Made; and (G) Pay the Costs and Expenses Incident to the Foregoing Payments and Contributions; (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief* [Docket No. 12] (the "**Motion**") filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A proposed form of order approving the Motion on a final basis was attached to the Motion as Exhibit B (the "**Proposed Final Order**").

On August 13, 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order approving the Motion on an interim basis [Docket No. 54] (the "**Interim Order**").  Pursuant to the Interim Order, any objections or responses to entry of the Proposed Final Order were to be filed and served by September 3, 2024 at 4:00 p.m. (ET) (as may have been extended by the Debtors for any party, the "**Objection Deadline**").

No formal or informal responses or objections to the Motion were received.  The Debtors have conformed the revised form of order (the "**Revised Proposed Final Order**"), attached hereto as Exhibit A, to incorporate revisions made to the Interim Order at the request of the Court.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Final Order against the Proposed Final Order is attached hereto as Exhibit B.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, the Debtors respectfully request that the Court enter the Revised Proposed Final Order without further notice or hearing at the Court's convenience.

Dated: Wilmington, Delaware
September 5, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
    sgreecher@ycst.com
    amielke@ycst.com
    tpowell@ycst.com
    rlamb@ycst.com
    bcarver@ycst.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

# **EXHIBIT A**

**Revised Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 12 & 54 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY ACCRUED PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (B) HONOR COMMISSION AND BONUS OBLIGATIONS TO NON-INSIDER EMPLOYEES IN THE ORDINARY COURSE OF BUSINESS; (C) PAY PREPETITION EMPLOYEE BUSINESS EXPENSES; (D) CONTRIBUTE TO PREPETITION EMPLOYEE BENEFIT PROGRAMS AND CONTINUE SUCH PROGRAMS IN THE ORDINARY COURSE OF BUSINESS; (E) PAY WORKERS' COMPENSATION OBLIGATIONS; (F) REMIT PAYMENTS FOR WHICH PREPETITION PAYROLL DEDUCTIONS WERE MADE; AND (G) PAY THE COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of a final order (this "**Final Order**") (i) authorizing, but not directing, the Debtors, in accordance with their stated policies and in their discretion, to pay, honor, or otherwise satisfy the Employee Wages and Benefits, including amounts and obligations related to the period prior to the Petition Date; (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

31927506.2

related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, in their discretion, to pay, honor, or otherwise satisfy amounts and obligations on account of the Employee Wages and Benefits in the ordinary course of their business, including, without limitation, any amounts and obligations related to the period prior to the Petition Date; *provided, however*, that: (i) no payment to any Employee or Independent Contractor on account of Unpaid Wages, Commissions, and obligations under the Bonus Programs shall exceed, in the aggregate, the $15,150 statutory cap provided for under section 507(a)(4) of the Bankruptcy Code; and (ii) with respect to the Employee Wages and Benefits set forth in the table immediately below, the Debtors shall not pay any prepetition obligations on account of such Employee Wages and Benefits in excess of the applicable amounts set forth therein, unless required by applicable state law.

| **Employee Wages and Benefits** | **Aggregate Amount** |
|---|---|
| Unpaid Wages | $1,840,000 |
| Commissions | $120,000 |
| Bonus Programs | $155,000 |
| Payroll Processor Fees | $30,000 |
| Employee Expenses & Administrator Fees | $15,750 |
| Health Plan | $19,000 |
| Supplemental Health Benefits | $10,000 |
| FSA/HAS Benefits | $18,000 |
| 401(k) Plan | $25,000 |
| Severance Obligations | $0 |
| WC Program | $73,000 |

3. Subject to Paragraph 2 of this Final Order, the Debtors are authorized, in their discretion, in the ordinary course of their business, to (i) honor and continue the Employee Wages and Benefits and related obligations that are incurred postpetition in the ordinary course of business, including pursuant to the TSA, as applicable; (ii) withhold, and remit to the applicable third-parties, Wage Deductions, Trust Fund Taxes, and Payroll Taxes; and (iii) administer the Employee Benefits and the WC Program.

4. The Debtors are authorized, but not directed, in their sole discretion, to honor and continue the Bonus Programs that were in effect as of the Petition Date; *provided, however*, that such relief shall not constitute or be deemed as an assumption or authorization to assume any of the Bonus Programs under section 365(a) of the Bankruptcy Code.

31927506.2

5. Nothing in this Final Order shall be deemed to authorize the payment of any amounts subject to section 503(c) of the Bankruptcy Code.

6. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

7. Nothing in this Final Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

8. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

31927506.2

# **EXHIBIT B**

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (——JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. ——12 & ——54 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY ACCRUED PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (B) HONOR COMMISSION AND BONUS OBLIGATIONS TO NON-INSIDER EMPLOYEES IN THE ORDINARY COURSE OF BUSINESS; (C) PAY PREPETITION EMPLOYEE BUSINESS EXPENSES; (D) CONTRIBUTE TO PREPETITION EMPLOYEE BENEFIT PROGRAMS AND CONTINUE SUCH PROGRAMS IN THE ORDINARY COURSE OF BUSINESS; (E) PAY WORKERS' COMPENSATION OBLIGATIONS; (F) REMIT PAYMENTS FOR WHICH PREPETITION PAYROLL DEDUCTIONS WERE MADE; AND (G) PAY THE COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of a final order (this "**Final Order**") (i) authorizing, but not directing, the Debtors, in accordance with their stated policies and in their discretion, to pay, honor, or otherwise satisfy the Employee Wages and Benefits, including amounts and obligations related to the period prior to the Petition Date; (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii)

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.



31927506.1
31927506.2

granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, in their discretion, to pay, honor, or otherwise satisfy amounts and obligations on account of the Employee Wages and Benefits in the ordinary course of their business, including, without limitation, any amounts and obligations related to the period prior to the Petition Date; *provided, however*, that: (i) no payment to any Employee or Independent Contractor on account of Unpaid Wages, Commissions, and obligations under the Bonus Programs shall exceed, in the aggregate, the $15,150 statutory cap provided for under section 507(a)(4) of the Bankruptcy Code; and (ii) with respect to the Employee Wages and Benefits set forth in the table immediately below, the Debtors shall not pay any prepetition

obligations on account of such Employee Wages and Benefits in excess of the applicable amounts set forth therein, unless required by applicable state law.

| **Employee Wages and Benefits** | **Aggregate Amount** |
|---|---|
| Unpaid Wages | $1,840,000 |
| Commissions | $120,000 |
| Bonus Programs | $155,000 |
| Payroll Processor Fees | $30,000 |
| Employee Expenses & Administrator Fees | $15,750 |
| Health Plan | $19,000 |
| Supplemental Health Benefits | $10,000 |
| FSA/HAS Benefits | $18,000 |
| 401(k) Plan | $25,000 |
| Severance Obligations | $0 |
| WC Program | $73,000 |

3. Subject to Paragraph 2 of this Final Order, the Debtors are authorized, in their discretion, in the ordinary course of their business, to (i) honor and continue the Employee Wages and Benefits and related obligations that are incurred postpetition in the ordinary course of business, including pursuant to the TSA, as applicable; (ii) withhold, and remit to the applicable third-parties, Wage Deductions, Trust Fund Taxes, and Payroll Taxes; and (iii) administer the Employee Benefits and the WC Program.

4. The Debtors are authorized, but not directed, in their sole discretion, to honor and continue the Bonus Programs that were in effect as of the Petition Date; *provided,*

*however*, that such relief shall not constitute or be deemed as an assumption or authorization to assume any of the Bonus Programs under section 365(a) of the Bankruptcy Code.

5. Nothing in this Final Order shall be deemed to authorize the payment of any amounts subject to section 503(c) of the Bankruptcy Code.

6. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

~~7. Notwithstanding anything in the Motion or herein to the contrary, this Final Order and any payments made or permitted to be made hereunder, shall be subject in all respects to any interim or final order approving the use of cash collateral and/or postpetition financing, including, without limitation, any budget approved in connection therewith.~~

<u>7.</u> ~~8.~~ Nothing in this Final Order:  (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.


~~31927506.1~~
<u>31927506.2</u>

4

8.    ~~9.~~ The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

9.    ~~10.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10.    ~~11.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

~~31927506.1~~
31927506.2