IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 94 |

**CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED
ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF MOELIS &
COMPANY LLC AS DEBTORS' INVESTMENT BANKER
EFFECTIVE AS OF THE PETITION DATE**

On August 20, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Application for Entry of Order Authorizing Employment and Retention of Moelis & Company LLC as Debtors' Investment Banker Effective as of the Petition Date* [Docket No. 94] (the "**Application**") filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A proposed form of order approving the Application was attached to the Motion as Exhibit A (the "**Proposed Order**"). The deadline to file objections or otherwise respond to the Application was established as September 3, 2024 at 4:00 p.m. (ET) (as may have been extended by the Debtors for any party, the "**Objection Deadline**").

Prior to the Objection Deadline, the Debtors received informal comments from the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and the proposed counsel to the official committee of unsecured creditors (the "**Committee**"). No other formal or informal responses or objections to the Application were received.

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

32036839.1

Following discussions with the U.S. Trustee and the Committee, the Debtors have agreed to a revised form of order (the "**Revised Proposed Order**"), a copy of which is attached hereto as Exhibit A, which resolves the U.S. Trustee's and the Committee's comments. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as Exhibit B.

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, and the U.S. Trustee and the Committee do not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's convenience.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>September 5, 2024 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Allison S. Mielke*<br>Michael R. Nestor (No. 3526)<br>Sean T. Greecher (No. 4484)<br>Allison S. Mielke (No. 5934)<br>Timothy R. Powell (No. 6894)<br>Rebecca L. Lamb (No. 7223)<br>Benjamin C. Carver (No. 7176)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mnestor@ycst.com<br>      sgreecher@ycst.com<br>      amielke@ycst.com<br>      tpowell@ycst.com<br>      rlamb@ycst.com<br>      bcarver@ycst.com<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |

# EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 94 |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF**
**MOELIS & COMPANY LLC AS INVESTMENT BANKER TO THE DEBTORS AND**
**DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the consideration of the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"): (a) authorizing the employment and retention of Moelis & Company LLC ("**Moelis**") to serve as the Debtors' investment banker, effective as of the Petition Date, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"); (b) approving the provisions of the engagement letter between Moelis and the Debtors, dated as of July 31, 2023, attached hereto as Exhibit 1 ("**Engagement Letter**"), including the compensation arrangements and indemnification, contribution and reimbursement provisions set forth therein; (c) modifying the timekeeping requirements of Local Rule 2016-2, the guidelines of the United States Trustee for the District of Delaware (the "**U.S. Trustee Guidelines**") and any other applicable procedures and orders of the Court in connection with

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

1

Moelis' engagement; and (d) granting such other relief as is just and proper; and this Court finding that it has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application being adequate and appropriate under the particular circumstances; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and upon consideration of the Application, the Klein Declaration and the First Day Declaration; and upon the record of all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Application and the Klein Declaration establish just cause for the relief granted herein; and the Court being satisfied, based on the representations made in the Application and the Klein Declaration, that (a) Moelis does not hold or represent an interest adverse to the Debtors' estates and (b) Moelis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The Application is granted as set forth in this Order and the provisions set forth in the Engagement Letter (and all attachments thereto) are hereby approved, to the extent provided herein and except as otherwise expressly modified herein to the contrary.

2.   In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Moelis as their investment banker in the Chapter 11 Cases in

accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, to pay fees and reimburse expenses, and to provide indemnification, contribution, and/or reimbursement to Moelis on the terms and at the times specified in the Engagement Letter as modified herein, effective as of the Petition Date.

3. Moelis shall be compensated for fees and reimbursed for out-of-pocket expenses by the Debtors in accordance with the terms of the Application and/or Engagement Letter, as modified herein, and all fees and out-of-pocket expense reimbursements to be paid to Moelis, including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale Transaction Fee, the Restructuring Fee, DIP Capital Transaction Fee, and the Capital Transaction Fee, shall be subject to Section 328(a) of the Bankruptcy Code, except as set forth herein.

4. Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Moelis shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the Trustee Guidelines and any other procedures or orders of the Court; *provided, however*, that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Moelis' fees under the standard set forth in Section 330 of the Bankruptcy Code; accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Moelis' fees; the U.S. Trustee retains all rights to respond or object to Moelis' interim and final applications for compensation (including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale Transaction Fee, the Restructuring Fee and the Termination Fee) and reimbursement of out-

of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Moelis' interim and final fee pursuant to section 330 of the Bankruptcy Code; and *provided, further*, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in the Chapter 11 Cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated solely on an hourly or length-of-case based criteria.

       5.       Notwithstanding anything to the contrary in the Application, the Engagement Letter or herein, the requirements of the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the Trustee Guidelines and any other procedures or orders of the Court are hereby modified such that Moelis restructuring professionals shall be required only to keep summary time records in half-hour increments, Moelis' non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep time records, Moelis' professionals shall not be required to keep time records on a project category basis and Moelis shall not be required to provide or conform to any schedule of hourly rates.

       6.       In the event that Moelis seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Moelis' own applications, both interim and final, and these invoices and time records shall be subject to the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Attorneys' fees and/or expenses reimbursed under the Engagement Letter shall be limited to those

expended in representing Moelis in retention and fee application matters, and Moelis shall not seek reimbursement of any fees or costs incurred defending any of Moelis' fee applications in these Chapter 11 Cases. For the avoidance of doubt, the preceding sentence does not apply to, and in no way limits, the provisions with respect to reimbursement of attorney's fees and/or expenses set forth in <u>Annex A</u> to the Engagement Letter with respect to indemnification.

7. The first paragraph of Section 2(c) of the Engagement Letter shall be deemed replaced with the following:

> A transaction fee (the "Sale Transaction Fee"), payable promptly at the initial closing of a Sale Transaction constituting a Comprehensive Sale, equal to $3,250,000 (the "Base Sale Transaction Fee"), plus (i) 2.0% for the portion of the Transaction Value (as defined below) in excess of $150,000,000 up to $155,000,000 (if any); plus (ii) 3.0% for the portion of the Transaction Value (as defined below) in excess of $155,000,000 up to $160,000,000 (if any); plus (iii) 4.0% for the portion of the Transaction Value (as defined below) in excess of $160,000,000 up to $165,000,000 (if any); plus (iv) 5.0% for the portion of the Transaction Value (as defined below) in excess of $165,000,000 up to $170,000,000 (if any); plus (v) 6.0% for the portion of the Transaction Value (as defined below) in excess of $170,000,000 up to $175,000,000 (if any); plus (vi) 7.0% for the portion of the Transaction Value (as defined below) in excess of $175,000,000 (if any). With respect to any Partial Sale(s) that, taken together, do not constitute a sale of a significant portion of the assets, properties, business, or equity of the Company or otherwise, taken together, do not constitute a Comprehensive Sale, the Sale Transaction Fee payable at the closing of such Sale Transaction shall not include the Base Sale Transaction Fee; provided, that upon the closing of any Partial Sale(s) which, taken together with all other Partial Sale(s), would constitute a sale of a significant portion of the assets, properties business, or equity of the Company or otherwise, taken together, would constitute a Comprehensive Sale, Moelis shall also be entitled to the Base Sale Transaction Fee in addition to any incremental Sale Transaction Fee(s) earned on such Sale Transaction(s).

8. The indemnification, contribution, and reimbursement provisions included in <u>Annex A</u> to the Engagement Letter are approved, subject during the pendency of these cases to the following modifications:

5

    a. Moelis shall not be entitled to indemnification, contribution, or reimbursement set forth in the Engagement Letter, unless such indemnification, contribution, or reimbursement is approved by the Court.

    b. Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify any Moelis Person (as defined in the Engagement Letter), or provide contribution or reimbursement to any Moelis Person, for any claim or expense that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Moelis Person's gross negligence, willful misconduct, bad faith, fraud or self-dealing to which the Debtors have not consented; (ii) for a contractual dispute in which the Debtors allege breach of the Moelis Person's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to clauses (i) and (ii) immediately above, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Moelis Person should not receive indemnification, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

    c. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing the Chapter 11 Cases, a Moelis Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, such Moelis Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Moelis Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, and/or reimbursement by any Moelis Persons, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Moelis Persons. All parties in interest shall retain the right to object to any demand by any Moelis Person for indemnification, contribution, and/or reimbursement.

9.     Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of these Chapter 11 Cases, any provision in the Engagement

6

Letter to the effect that Moelis is not acting as a fiduciary of the Debtors shall have no force or effect.

10. Any limitation on amounts to be contributed by the parties to the Engagement Letter shall be eliminated. The Moelis Persons shall retain any rights they may have to contribution at common law.

11. Moelis shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

12. Such services other than set forth in the Application that the Debtors may request that Moelis provide during the course of the Chapter 11 Cases, and as agreed to by Moelis, shall be subject to separate application and order of this Court.

13. The Debtors and Moelis are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

14. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Local Rules are satisfied by such notice.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

17. To the extent that there may be any inconsistency between the terms of the Application, the Klein Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

# EXHIBIT B

## Blackline

# EXHIBIT B

## Blackline

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ~~—~~ 94 |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
MOELIS & COMPANY LLC AS INVESTMENT BANKER TO THE DEBTORS AND
DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the consideration of the application (the "**Application**")[~~1~~2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"): (a) authorizing the employment and retention of Moelis & Company LLC ("**Moelis**") to serve as the Debtors' investment banker, effective as of the Petition Date, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"); (b) approving the provisions of the engagement letter between Moelis and the Debtors, dated as of July 31, 2023, attached hereto as Exhibit 1 ("**Engagement Letter**"), including the compensation arrangements and indemnification, contribution and reimbursement provisions set forth therein; (c) modifying the timekeeping requirements of Local Rule 2016-2, the guidelines of the United States Trustee for the District of Delaware (the "**U.S. Trustee Guidelines**") and any other applicable procedures and orders of the Court in connection

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[~~1~~2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

~~3~~1973789.1

with Moelis' engagement; and (d) granting such other relief as is just and proper; and this Court finding that it has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application being adequate and appropriate under the particular circumstances; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and upon consideration of the Application, the Klein Declaration and the First Day Declaration; and upon the record of all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Application and the Klein Declaration establish just cause for the relief granted herein; and the Court being satisfied, based on the representations made in the Application and the Klein Declaration, that (a) Moelis does not hold or represent an interest adverse to the Debtors' estates and (b) Moelis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is granted as set forth in this Order and the provisions set forth in the Engagement Letter (and all attachments thereto) are hereby approved, to the extent provided herein and except as otherwise expressly modified herein to the contrary.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Moelis as their investment banker in the Chapter 11 Cases in

accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, to pay fees and reimburse expenses, and to provide indemnification, contribution, and/or reimbursement to Moelis on the terms and at the times specified in the Engagement Letter as modified herein, effective as of the Petition Date.

3. Moelis shall be compensated for fees and reimbursed for out-of-pocket expenses by the Debtors in accordance with the terms of the Application and/or Engagement Letter, as modified herein, and all fees and out-of-pocket expense reimbursements to be paid to Moelis, including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale Transaction Fee, the Restructuring Fee, DIP Capital Transaction Fee, and the Capital Transaction Fee, shall be subject to Section 328(a) of the Bankruptcy Code, except as set forth herein.

4. Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Moelis shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the Trustee Guidelines and any other procedures or orders of the Court; *provided, however*, that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Moelis' fees under the standard set forth in Section 330 of the Bankruptcy Code; accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Moelis' fees; the U.S. Trustee retains all rights to respond or object to Moelis' interim and final applications for compensation (including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale Transaction Fee, the Restructuring Fee and the Termination

Fee) and reimbursement of out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Moelis' interim and final fee pursuant to section 330 of the Bankruptcy Code; and *provided, further*, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in the Chapter 11 Cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated solely on an hourly or length-of-case based criteria.

5. Notwithstanding anything to the contrary in the Application, the Engagement Letter or herein, the requirements of the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the Trustee Guidelines and any other procedures or orders of the Court are hereby modified such that Moelis restructuring professionals shall be required only to keep summary time records in half-hour increments, Moelis' non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep time records, Moelis' professionals shall not be required to keep time records on a project category basis and Moelis shall not be required to provide or conform to any schedule of hourly rates.

6. In the event that Moelis seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Moelis' own applications, both interim and final, and these invoices and time records shall be subject to the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Attorneys' fees and/or expenses reimbursed under the Engagement Letter

shall be limited to those expended in representing Moelis in retention and fee application matters, and Moelis shall not seek reimbursement of any fees or costs incurred defending any of Moelis' fee applications in these Chapter 11 Cases.  For the avoidance of doubt, the preceding sentence does not apply to, and in no way limits, the provisions with respect to reimbursement of attorney's fees and/or expenses set forth in <u>Annex A</u> to the Engagement Letter with respect to indemnification.

7. The first paragraph of Section 2(c) of the Engagement Letter shall be deemed replaced with the following:

> A transaction fee (the "Sale Transaction Fee"), payable promptly at the initial closing of a Sale Transaction constituting a Comprehensive Sale, equal to $3,250,000 (the "Base Sale Transaction Fee"), plus (i) 2.0% for the portion of the Transaction Value (as defined below) in excess of $150,000,000 up to $155,000,000 (if any); plus (ii) 3.0% for the portion of the Transaction Value (as defined below) in excess of $155,000,000 up to $160,000,000 (if any); plus (iii) 4.0% for the portion of the Transaction Value (as defined below) in excess of $160,000,000 up to $165,000,000 (if any); plus (iv) 5.0% for the portion of the Transaction Value (as defined below) in excess of $165,000,000 up to $170,000,000 (if any); plus (v) 6.0% for the portion of the Transaction Value (as defined below) in excess of $170,000,000 up to $175,000,000 (if any); plus (vi) 7.0% for the portion of the Transaction Value (as defined below) in excess of $175,000,000 (if any).  With respect to any Partial Sale(s) that, taken together, do not constitute a sale of a significant portion of the assets, properties, business, or equity of the Company or otherwise, taken together, do not constitute a Comprehensive Sale, the Sale Transaction Fee payable at the closing of such Sale Transaction shall not include the Base Sale Transaction Fee; provided, that upon the closing of any Partial Sale(s) which, taken together with all other Partial Sale(s), would constitute a sale of a significant portion of the assets, properties business, or equity of the Company or otherwise, taken together, would constitute a Comprehensive Sale, Moelis shall also be entitled to the Base Sale Transaction Fee in addition to any incremental Sale Transaction Fee(s) earned on such Sale Transaction(s).

8. ~~7.~~ The indemnification, ~~exculpation,~~ contribution, and reimbursement provisions included in <u>Annex A</u> to the Engagement Letter are approved, subject during the pendency of these cases to the following modifications:

a. Moelis shall not be entitled to indemnification, contribution, or reimbursement set forth in the Engagement Letter, unless such indemnification, contribution, or reimbursement is approved by the Court.

b. Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify any Moelis Person (as defined in the Engagement Letter), or provide contribution or reimbursement to any Moelis Person, for any claim or expense that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Moelis Person's gross negligence, willful misconduct, bad faith, <ins>fraud</ins> or self-dealing to which the Debtors have not consented; (ii) for a contractual dispute in which the Debtors allege breach of the Moelis Person's <ins>contractual</ins> obligations <del>to maintain the confidentiality of nonpublic information,</del> unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003); or (iii) settled <del>without the Debtors' consent</del> prior to a judicial determination as to <del>the Moelis Person's gross negligence, willful misconduct, bad faith, or unconsented self-dealing</del><ins>clauses (i) and (ii) immediately above</ins>, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Moelis Person should not receive indemnification, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

c. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing the Chapter 11 Cases, a Moelis Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, such Moelis Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Moelis Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, and/or reimbursement by any Moelis Persons, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Moelis Persons. All parties in interest shall retain the right to object to any demand by any Moelis Person for indemnification, contribution, and/or reimbursement.

9. Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of these Chapter 11 Cases, any provision in the Engagement Letter to the effect that Moelis is not acting as a fiduciary of the Debtors shall have no force or effect.

10. Any limitation on amounts to be contributed by the parties to the Engagement Letter shall be eliminated. The Moelis Persons shall retain any rights they may have to contribution at common law.

11. ~~8.~~ Moelis shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

12. ~~9.~~ Such services other than set forth in the Application that the Debtors may request that Moelis provide during the course of the Chapter 11 Cases, and as agreed to by Moelis, shall be subject to separate application and order of this Court.

13. ~~10.~~ The Debtors and Moelis are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

14. ~~11.~~ Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Local Rules are satisfied by such notice.

15. ~~12.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. ~~13.~~ Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

17.    ~~14.~~ To the extent that there may be any inconsistency between the terms of the Application, the Klein Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.