# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 15 |

**ORDER (I) AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY; (II) AUTHORIZING ABANDONMENT OF ANY REMAINING PROPERTY LOCATED AT THE PREMISES, IN EACH CASE EFFECTIVE AS OF THE PETITION DATE; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) authorizing the Debtors to reject, effective as of the Petition Date, certain unexpired leases and executory contracts, including any amendments or modifications thereto, which the Debtors have determined, in their business judgment, should be rejected; (ii) authorizing the Debtors to abandon property remaining at any location covered by an unexpired lease that this Court authorizes the Debtors to reject pursuant to the Motion; and (iii) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

31927492.2

from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Rejected Leases listed on <u>Schedule 1</u> hereto, including, as applicable, any and all supplements, schedules, amendments, modifications, guarantees, or other agreements in connection therewith to which any Debtor is a party, are hereby rejected effective as of the Petition Date.

3. In accordance with section 554(a) of the Bankruptcy Code, to the extent that the Debtors retained any interest in any Remaining Property located at the Premises as of the Petition Date, the Debtors are authorized to abandon such Remaining Property located at the Premises.  Any Remaining Property at the Premises not previously abandoned shall be deemed abandoned as of the Petition Date.  On and after the Petition Date, the Landlords are authorized to dispose of the Remaining Property upon notice to and subject to the rights of any individual or entity that may claim an interest in such Remaining Property, if known, and such abandonment shall be without prejudice to any Landlord's right to assert any claim based on such abandonment

31927492.2

and without prejudice to the Debtors or any other party in interest to object thereto. The automatic stay is modified to the extent necessary to allow such dispositions.

4. Nothing herein shall prejudice the rights of the Debtors to assert that any of the Rejected Leases were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of any of the Rejected Leases are limited to the remedies available under any applicable termination provision of such lease or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates, or to otherwise contest any claims that may be asserted in connection with any of the Rejected Leases.

5. All of the rights of the Debtors as to whether they surrendered the premises subject to the Rejected Leases and abandoned the Remaining Property prior to the Petition Date are preserved.

6. Nothing in this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 6th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

31927492.2

3