# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtor. | (Jointly Administered) |
| | Related to Docket Nos. 16 & 75 |
| | Hearing Date: September 10, 2024 at 1:00 p.m. |
| | Objection Deadline: September 6, 2024[2] |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION FOR AN ORDER (I) APPROVING (A) KEY EMPLOYEE INCENTIVE PLAN, AND (B) KEY EMPLOYEE RETENTION PLAN; AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its proposed undersigned counsel, hereby files this limited objection (the "Limited Objection") to the *Debtors' Motion for an Order (I) Approving (A) Key Employee Incentive Plan, and (B) Key Employee Retention Plan; and (II) Granting Related Relief* (the "KEIP/KERP Motion").[3] In support of this Limited Objection, the Committee respectfully states as follows:

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed counsel for the Debtors.

[2] Extended as to the Committee with the Debtors' consent.

[3] Docket No. 16 (Sealed); Docket No. 75 (Redacted).

16927764/1

**LIMITED OBJECTION**[4]

1.  The Committee recognizes that it is frequently appropriate for debtors to incentivize key employees to stay through the conclusion of a sale process. The Committee does not have any objection to the proposed KERP that the Debtors seek to be approved through the KEIP/KERP Motion. However, the Debtors have not met their burden of proving that the facts in this case support the proposed key employee incentive program for four insiders (the "KEIP Participants"), and the KEIP proposed in the KEIP/KERP Motion should be denied.

2.  The retention plan for the KEIP Participants does not constitute a benefit to the estates, and therefore the proposed payments are not entitled to administrative priority under section 503 of the Bankruptcy Code.

3.  Based on the information that the Committee has, it does not appear that the KEIP is an incentive program but rather an expensive retention plan for insiders, which is impermissible under the Bankruptcy Code. Among other things, the KEIP Participants are entitled to receive the first tier of KEIP payments without having to reach any benchmark other than the "closing of a sale." The "upside payment" proposed to the insiders is tied to sale value, with the first "incentive" marker set so low that it essentially covers just the DIP loan. The first and most of the second markers are layups ██████████████████████████████.

4.  Furthermore, none of the benchmarks are tied to cash flow, but rather solely to sale value. Moelis is being compensated for work being done in connection with a sale, and to tie the KEIP to nothing but sale value underscores its entirely retentive nature. The insiders can do nothing and stand to be compensated for work done by Moelis.

---

[4] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the KEIP/KERP Motion.

5. ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████.[5]

6. Accordingly, the Committee respectfully submits that the KEIP should be denied unless and until the Debtors meet their burden of demonstrating that the KEIP is incentivizing as required under section 503 of the Bankruptcy Code.

## JOINDER AND RESERVATION OF RIGHTS

7. The Committee joins in the objection the Office of the United States Trustee filed to the KEIP/KERP Motion and reserves its right to supplement this Limited Objection at any time until or at the hearing to consider the KEIP/KERP Motion.

[*Remainder of page intentionally left blank*]

---

[5] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that (i) the Court deny the Debtors' request to approve the KEIP unless the Debtors meet their burden of proof, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: September 6, 2024                    **MORRIS JAMES LLP**

*/s/ Siena B. Cerra*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Siena B. Cerra (DE Bar No. 7290)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
          bkeilson@morrisjames.com
          scerra@morrisjames.com

-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: ewilson@kelleydrye.com
          kelliott@kelleydrye.com
          abarajas@kelleydrye.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*