**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 16 & 75 |

**NOTICE OF FILING OF *REVISED* PROPOSED ORDER
(I) APPROVING (A) KEY EMPLOYEE INCENTIVE PLAN, AND (B) KEY
EMPLOYEE RETENTION PLAN; AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on August 15, 2024, the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") filed the *Debtors' Motion for an Order (I) Approving (A) Key Employee Incentive Plan, and (B) Key Employee Retention Plan; and (II) Granting Related Relief* [Docket Nos. 16 & 75] (the "**Motion**").[2] A proposed order was attached to the Motion as Exhibit A (the "**Proposed Order**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors have made certain modifications to the Proposed Order to address comments received by certain landlords, the Office of the United States Trustee for the District of Delaware, and proposed counsel to the official committee of unsecured creditors. Such modifications are included in the revised form of order attached hereto as Exhibit A (the "**Revised Proposed Order**"). For the convenience of the Court

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

32056812.1

and other interested parties, attached hereto as <u>Exhibit B</u> is a blackline comparing the Revised Proposed Order against the Proposed Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to seek entry of the Revised Proposed Order at the hearing scheduled before the Honorable J. Kate Stickles, United States Bankruptcy Judge, on September 10, 2024 at 1:00 p.m. (prevailing Eastern Time).

| | |
|---|---|
| Dated: Wilmington, Delaware<br>September 9, 2024 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Allison S. Mielke*<br>Michael R. Nestor (No. 3526)<br>Sean T. Greecher (No. 4484)<br>Allison S. Mielke (No. 5934)<br>Timothy R. Powell (No. 6894)<br>Rebecca L. Lamb (No. 7223)<br>Benjamin C. Carver (No. 7176)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mnestor@ycst.com<br>       sgreecher@ycst.com<br>       amielke@ycst.com<br>       tpowell@ycst.com<br>       rlamb@ycst.com<br>       bcarver@ycst.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

32056812.1

## **EXHIBIT A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 16, 17, 73, 74 & 75 |

**ORDER (I) APPROVING (A) KEY EMPLOYEE INCENTIVE PLAN, AND (B) KEY EMPLOYEE RETENTION PLAN; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) approving the KEIP and KERP; and (ii) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

32015039.2

no other or further notice is necessary; and that the adoption and implementation of the KERP and KEIP is supported by the Debtors' business judgment; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The KERP and KEIP are each approved on the terms described in the Motion and on <u>Exhibit B</u> attached thereto.

3. As a condition of receiving any KERP or KEIP payment, each Eligible Employee shall be required to execute a release and waiver of claims.

4. Upon three (3) days' written notice (which may be by email) to counsel for the official committee of unsecured creditors appointed in the Chapter 11 Cases, the Debtors are hereby authorized, in their sole discretion, to reallocate any forfeited KERP or KEIP payments to other non-insider Eligible Employees without need for notice to, or further order of, this Court.

5. The Debtors are authorized, but not directed, to take all actions necessary to implement the KERP and the KEIP and to make all payments provided thereunder.

6. All amounts earned and payable under the KERP and the KEIP shall have administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for all purposes in the Chapter 11 Cases and in any other cases under the Bankruptcy Code to which the Chapter 11 Cases may be converted.

7. The amount of any unsecured deficiency claim in respect of the Prepetition Obligations remaining after receipt by the DIP Lenders and Prepetition Secured Parties of the proceeds of any sale or disposition of DIP Collateral and Prepetition Collateral shall be reduced

32015039.2

by the amount of the sale proceeds paid to satisfy the Debtors' KEIP obligations (as described in paragraph 23 of the Motion).

8. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall itself create any right to future employment or entitlements to any Eligible Employee.

9. Nothing in this Order shall be deemed to authorize the payment of any severance payments to insiders of the Debtors or that are otherwise subject to section 503(c)(1) or (2) of the Bankruptcy Code.

10. Nothing in this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay any claim.

11. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

32015039.2

## EXHIBIT B

## KERP/KEIP

| # | Name | Position | Department | Base Salary | Target Annual Bonus | | Award Recommendations | | | Fixed | KEIP Upside Payment Based on Sale Value | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | % of Salary | $ Value | % of Salary | % of Bonus | % of All-in Comp | | $75-100m | $100-$150m | >$150m |
| **Post-petition KEIP[1]** | | | | | | | | | | | | | |
| 1. | Guy Harkless | President | Executive | $ 520,000 | | $ | | | | | | | |
| 3. | Ben Balick | VP, Finance | Accounting | 252,000 | | | | | | | | | |
| 2. | Carissa Ganelli | SVP, Technology | MIS | 407,950 | | | | | | | | | |
| 4. | Cynthia Klocek | VP, Field Operations | Executive | 275,000 | | | | | | | | | |
| 4 | **Total Fixed KEIP (Insiders)** | | | $ 1,454,950 | 37% | $ 540,485 | 41% | 111% | 30% | | | | |
| | *Average* | | | *363,738* | *37%* | *135,121* | *41%* | *111%* | *30%* | | | | |
| **Post Petition KERP** | | | | | | | | | | | | | |
| 1. | | | Accounting | | | - | | | | | N/A | N/A | N/A |
| 2. | | | Real Estate & Acquisition | | | | | | | | N/A | N/A | N/A |
| 3. | | | Accounting | | | - | | | | | N/A | N/A | N/A |
| 4. | | | People Services | | | - | | | | | N/A | N/A | N/A |
| 5. | | | MIS | | | | | | | | N/A | N/A | N/A |
| 6. | | | Area Manager | | | | | | | | N/A | N/A | N/A |
| 7. | | | Marketing | | | | | | | | N/A | N/A | N/A |
| 8. | | | MIS | | | | | | | | N/A | N/A | N/A |
| 9. | | | Regional Directors | | | | | | | | N/A | N/A | N/A |
| 10. | | | Development Facilities | | | | | | | | N/A | N/A | N/A |
| 11. | | | Marketing | | | | | | | | N/A | N/A | N/A |
| 12. | | | Area Manager | | | - | | | | | N/A | N/A | N/A |
| 13. | | | Member Admin | | | - | | | | | N/A | N/A | N/A |
| 14. | | | Area Manager | | | - | | | | | N/A | N/A | N/A |
| 15. | | | MIS | | | - | | | | | N/A | N/A | N/A |
| 16. | | | Regional Directors | | | - | | | | | N/A | N/A | N/A |
| 17. | | | Regional Directors | | | - | | | | | N/A | N/A | N/A |
| 18. | | | Area Manager | | | - | | | | | N/A | N/A | N/A |
| 19. | | | Area Manager | | | - | | | | | N/A | N/A | N/A |
| 20. | | | Development Facilities | | | - | | | | | N/A | N/A | N/A |
| 21. | | | Accounting | | | - | | | | | N/A | N/A | N/A |
| 22. | | | Regional Directors | | | - | | | | | N/A | N/A | N/A |
| 23. | | | People Services | | | - | | | | | N/A | N/A | N/A |
| 24. | | | PT Manager | | | - | | | | | N/A | N/A | N/A |
| 25. | | | PT Manager | | | - | | | | | N/A | N/A | N/A |
| 40. | Top 15 Personal Trainers | | | NA | NA | NA | NA | NA | NA | | N/A | N/A | N/A |
| 40 | **Total KERP (All)** | | | $ 3,279,545 | 7% | $ 225,096 | 17% | 253% | 16% | $ 569,000 | N/A | N/A | N/A |
| | *Average* | | | *$ 81,989* | *7%* | *$ 5,627* | *17%* | *253%* | *16%* | *$ 14,225* | *N/A* | *N/A* | *N/A* |

1. The KEIP consists of a Fixed Payment and an Upside Payment tied to the total enterprise value of a successful bid. The Upside Payment may be earned only if the total enterprise value of a successful bid is at least $75,000,000, and either (a) the successful purchaser of the Company s assets in a Sale is a party other than a first-priority secured lender of the Company; or (b) the successful bid for the Company s assets in the Sale is an overbid submitted by one or more Lender(s).

# EXHIBIT B

## Blackline

32056812.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket ~~No~~Nos. 16, 17, 73, 74 & 75 |

**ORDER (I) APPROVING (A) KEY EMPLOYEE INCENTIVE PLAN, AND (B) KEY EMPLOYEE RETENTION PLAN; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) approving the KEIP and KERP; and (ii) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' ~~proposed~~ claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the ~~proposed~~ undersigned counsel for the Debtors.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.


~~3~~2015039.1
~~3~~2015039.2

adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and that the adoption and implementation of the KERP and KEIP is supported by the Debtors' business judgment; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The KERP and KEIP are each approved on the terms described in the Motion and on <u>Exhibit B</u> attached thereto.

3. As a condition of receiving any KERP or KEIP payment, each Eligible Employee shall be required to execute a release and waiver of claims.

4. ~~The~~ Upon three (3) days' written notice (which may be by email) to counsel for the official committee of unsecured creditors appointed in the Chapter 11 Cases, the Debtors are hereby authorized, in their sole discretion, to reallocate any forfeited KERP or KEIP payments to other non-insider Eligible Employees without need for notice to, or further order of, this Court.

5. The Debtors are authorized, but not directed, to take all actions necessary to implement the KERP and the KEIP and to make all payments provided thereunder.

6. All amounts earned and payable under the KERP and the KEIP shall have administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for all purposes in the Chapter 11 Cases and in any other cases under the Bankruptcy Code to which the Chapter 11 Cases may be converted.

7. The amount of any unsecured deficiency claim in respect of the Prepetition Obligations remaining after receipt by the DIP Lenders and Prepetition Secured Parties of the proceeds of any sale or disposition of DIP Collateral and Prepetition Collateral shall be reduced by the amount of the sale proceeds paid to satisfy the Debtors' KEIP obligations (as described in paragraph 23 of the Motion).

8. ~~7.~~ Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall itself create any right to future employment or entitlements to any Eligible Employee.

9. ~~8.~~ Nothing in this Order shall be deemed to authorize the payment of any severance payments to insiders of the Debtors or that are otherwise subject to section 503(c)(1) or (2) of the Bankruptcy Code.

~~9. Notwithstanding anything in the Motion or herein to the contrary, this Order and any payments made or permitted to be made hereunder, shall be subject in all respects to any interim or final order approving the use of cash collateral and/or postpetition financing, including, without limitation, any budget approved in connection therewith.~~

10. Nothing in this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay any claim.

11. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.



~~3~~2015039.1
~~3~~2015039.2



4

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.