## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 97** |

**NOTICE OF FILING OF *REVISED* PROPOSED ORDER
(I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM,
INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE
BANKRUPTCY CODE, (II) ESTABLISHING AMENDED SCHEDULES BAR DATE
AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND
MANNER FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AND
(IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

   **PLEASE TAKE NOTICE** that, on August 20, 2024, the above-captioned debtors

and debtors-in-possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an*

*Order (I) Establishing Bar Dates for Filing Proofs of Claim, Including Requests for Payment*

*Under Section 503(b)(9) of the Bankruptcy Code, (II) Establishing Amended Schedules Bar Date*

*and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of*

*Claim, Including Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and*

*(IV) Approving Form and Manner of Notice Thereof* [Docket No. 97] (the "**Motion**").[2]    A

proposed order was attached to the Motion as Exhibit A (the "**Proposed Order**").

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

PLEASE TAKE FURTHER NOTICE that the Debtors have made certain modifications to the Proposed Order to address comments received by certain landlords, the Office of the United States Trustee for the District of Delaware, and proposed counsel to the official committee of unsecured creditors.  Such modifications are included in the revised form of order attached hereto as <u>Exhibit A</u> (the "**Revised Proposed Order**").  For the convenience of the Court and other interested parties, attached hereto as <u>Exhibit B</u> is a blackline comparing the Revised Proposed Order against the Proposed Order.

PLEASE TAKE FURTHER NOTICE that the Debtors intend to seek entry of the Revised Proposed Order at the hearing scheduled before the Honorable J. Kate Stickles, United States Bankruptcy Judge, on September 10, 2024 at 1:00 p.m. (prevailing Eastern Time).

Dated: Wilmington, Delaware
       September 9, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email: mnestor@ycst.com
      sgreecher@ycst.com
      amielke@ycst.com
      tpowell@ycst.com
      rlamb@ycst.com
      bcarver@ycst.com

*Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| | (Jointly Administered) |
| Debtors. | **Ref. Docket No. 97** |

**ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM,
INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE
BANKRUPTCY CODE, (II) ESTABLISHING AMENDED SCHEDULES BAR DATE
AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND
MANNER FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AND
(IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors

and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"),

(i) establishing deadlines for filing proofs of claim, including requests for payment under section

503(b)(9) of the Bankruptcy Code, in the Chapter 11 Cases, (ii) establishing the Amended

Schedules Bar Date and the Rejection Damages Bar Date, (iii) approving the form of and manner

for filing proofs of claim, including any requests for payment pursuant to section 503(b)(9) of the

Bankruptcy Code, and (iv) approving the form and manner of notice of the Bar Dates; all as more

fully set forth in the Motion; and upon consideration of the First Day Declaration; and due and

proper notice of the Motion having been given; and it appearing that no other or further notice of

---

[1]   The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

31973896.1

the Motion is required except as otherwise provided herein; and it appearing that the Court has

jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided

for herein is in the best interest of the Debtors, their estates, and their creditors and an appropriate

exercise of their business judgment; and after due deliberation and sufficient cause appearing

therefor,

<strong>IT IS HEREBY ORDERED THAT</strong>:

1.    The Motion is granted as set forth herein.

## I.    The Proof of Claim Form

2.    The Proof of Claim Form, substantially in the form attached hereto as

Exhibit 1, is approved.  The Debtors may accept the Proof of Claim Form or Official Form 410

via either hardcopy or the Online Portal, subject only to limitations set forth in this Order.

## II.    The Bar Dates and Procedures for Filing Proofs of Claim

3.    Each entity[3] that asserts a claim against the Debtors that arose before the

Petition Date shall be required to file an original proof of claim, substantially in the form attached

hereto as Exhibit 1 (the "**Proof of Claim Form**") or Official Form 410.[4]  Specifically, the

---

[3]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (i) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (ii) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (iii) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (iv) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]    Copies of Official Form 410 may be obtained: (i) by calling the Debtors' restructuring hotline at: (877) 848-5813; (ii) via email to: BlinkFitnessInfo@epiqglobal.com; (iii) online at https://dm.epiq11.com/BlinkFitness; and/or (iv) by visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

following bar dates (each, a "**Bar Date**" or collectively, the "**Bar Dates**," as applicable) are established:

a. Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, must be filed so that they are actually received at the addresses and in the form set forth herein before ***11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the later of (i) the date the Debtors file the Schedules with this Court and (ii) the date of entry of the Bar Date Order*** (the "**General Bar Date**").  The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in the Chapter 11 Cases, except for claims specifically exempt from complying with the applicable Bar Dates as set forth in the Motion or this Order.

b. Subject to Local Rule 3002-1(a), all governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so they are actually received at the addresses and in the form set forth herein ***on or before 11:59 p.m. (prevailing Eastern Time) on February 10, 2025*** (the "**Governmental Bar Date**").

c. If the Debtors amend or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (ii) 11:59 p.m. prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment to the Schedules (the "**Amended Schedules Bar Date**").

d. Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (i) the General Bar Date and (ii)(A) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the entry of an order approving the rejection of any

executory contract or unexpired lease of the Debtors, or (B) the effective date of rejection (the "**Rejection Damages Bar Date**").

4.     All proofs of claim must be filed so as to be actually received by Epiq Corporate Restructuring, LLC ("**Epiq**"), the notice and claims agent retained in the Chapter 11 Cases, on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein).

## III.   Parties Required to File Proofs of Claim

5.     Except as otherwise set forth herein, the following entities holding claims against the Debtors arising before the Petition Date **are** required to file proofs of claim on or before the applicable Bar Date:

    a.     any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of the Chapter 11 Cases or share in any distribution in any of the Chapter 11 Cases;

    b.     any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

    c.     any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

    d.     any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## IV.   Parties Exempted from the Bar Dates

6.     The following categories of claimants **shall not** be required to file a proof of claim by the applicable Bar Date:

    a.     any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 410;

b.   any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.   any entity whose claim has previously been allowed by order of the Court;

d.   any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.   any Debtor having a claim against another Debtor;

f.   any non-Debtor subsidiary having a claim against a Debtor;

g.   any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.   any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[5]

i.   the U.S. Trustee for any fees under 28 U.S.C. § 1930(a)(6);

j.   any landlord counterparty of an executory contract or an unexpired real property lease where such executory contract or unexpired lease has not yet been rejected as of the General Bar Date; provided, further, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amount unless and until such unexpired lease has been rejected;

k.   any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

---

[5]   The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

l.  any entity holding a claim for which a separate deadline is fixed by this Court;

m.  any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

n.  the DIP Agent, the DIP Lenders, the Prepetition Agent and Prepetition Lenders (as such terms are defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Utilize Cash Collateral; (II) Granting Senior Secured Priming Liens and Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to the Prepetition Secured Parties; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 63] and any further interim and final orders related thereto).

## V.    Substantive Requirements of Proofs of Claim

7.  The following requirements shall apply with respect to filing and preparing each proof of claim:

a.  <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.  <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  <u>Original Signatures Required</u>.  Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://dm.epiq11.com/BlinkFitness) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.  <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the

individual Debtor's case number. A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Blink Holdings, Inc.

e.    Claim Against Multiple Debtor Entities. Each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.    Supporting Documentation. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to any party in interest upon request no later than ten days from the date of such request.

g.    Timely Service. Each proof of claim must be filed, including supporting documentation, so as to be ***actually*** ***received*** by Epiq on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either: (i) electronically through the Online Portal (available at **https://dm.epiq11.com/BlinkFitness**) or (ii) by overnight mail, or other hand delivery system, at the following address:

> Blink Holdings, Inc.
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Blvd.
> Beaverton, OR 97005

or by first class mail to:

> Blink Holdings, Inc.
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4420
> Beaverton, OR 97076-4420

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.    Receipt of Service. Claimants wishing to receive acknowledgment that their hard copy proofs of claim were received by Epiq must submit (i) a

copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

## VI.    Identification of Known Creditors

8.    The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## VII.    Procedures for Providing Notice of the Bar Date

### A.    Service of Bar Date Notices

9.    The Bar Date Notice, substantially in the form attached hereto as <u>Exhibit 2</u> is approved.

10.    As soon as reasonably practicable after the later of (i) entry of the Bar Date Order and (ii) filing of the Schedules, the Debtors shall cause the Bar Date Notice and the Proof of Claim Form (collectively, the "**Bar Date Package**") to be mailed via first class mail to the following entities:

     a.    the U.S. Trustee;

     b.    counsel to the official committee of unsecured creditors, if any;

     c.    counsel to the Prepetition Agent and DIP Agent;

     d.    all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

     e.    all entities that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

     f.    all entities that have filed proofs of claim in the Chapter 11 Cases as of the date of the Bar Date Order;

     g.    all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order;

31973896.1

8

h.    all entities that are party to executory contracts and unexpired leases with the Debtors;

i.    all entities that have filed pleadings in these Chapter 11 Cases as of the date of entry of the Bar Date Order, whether or not such party has filed a notice of appearance;

j.    all entities that are party to litigation with the Debtors;

k.    all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

l.    all regulatory authorities with jurisdiction over the Debtors' businesses, including environmental and permitting authorities;

m.    the U.S. Attorney's Office for the District of Delaware;

n.    the office of the attorney general for each state in which the Debtors maintain or conduct business;

o.    the Internal Revenue Service;

p.    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

q.    the U.S. Securities and Exchange Commission.

11.    In addition, in lieu of mailing a Bar Date Package to their current members and individuals who were formerly members within the 12 months prior to the Petition Date for whom the Debtors maintain active electronic mail addresses on record (the "**Members**"), other than those Members who are known by the Debtors to have asserted a claim prior to service of the Bar Date Package, the Debtors will cause the Bar Date Package to be sent by electronic mail to such Members.

12.    Any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 410.

13.    After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that:

(i) notices are returned by the post office with forwarding addresses; (ii) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (iii) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the Bar Date (the "**Supplemental Mailing Date**"), with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors. If the Debtors determine after the Supplemental Mailing Date that additional parties should receive the Bar Date Package, then the date by which a Proof of Claim must be filed by any such parties shall be the later of (i) the General Bar Date or the Government Bar Date, as applicable, or (ii) thirty (30) days from the mailing of the Bar Date Package to such additional parties.

   **B.**    **Publication of Bar Date Notice**

   14.    The Publication Notice, substantially in the form attached hereto as <u>Exhibit 3</u>, is approved.

   15.    The Debtors shall cause the Publication Notice to be published on one occasion in the national edition of the *New York Times* or another nationally circulated newspaper on or before the date that is 21 days before the General Bar Date.

   16.    The Publication Notice satisfies the notice requirements for creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.

**VIII.   Consequences of Failure to File a Proof of Claim**

   17.    Any entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to

31973896.1

accept or reject any plan of reorganization filed in the Chapter 11 Cases, participating in any distribution in the Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

18.     Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice to known and unknown creditors of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## IX.    Miscellaneous

19.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion.

20.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

21.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

22.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

31973896.1

11

# **EXHIBIT 1**

## **Proof of Claim Form**

**United States Bankruptcy Court for the District of Delaware**
**Blink Holdings, Inc., et al.**
**Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4420**
**Beaverton, OR 97076-4420**

To submit your form online please go to https://dm.epiq11.com/BlinkFitness

☐ Check box if the address on the envelope sent to you by the court needs to be updated.  Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

# Proof of Claim (Official Form 410)

**12/23**

In the United States Bankruptcy Court for the District of Delaware

Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form.**)

☐ Blink Holdings, Inc. (Case No. 24-11686)

☐ 692 Broadway Fitness Club, Inc. (Case No. 24-11687)

☐ Bergen Town Center Fitness Club, Inc (Case No. 24-11688)

☐ Blink Lodi, Inc. (Case No. 24-11689)

☐ Blink 101 W 87th Street, Inc. (Case No. 24-11690)

☐ Blink Selden, Inc. (Case No. 24-11691)

☐ Blink 1060 W Alameda, Inc. (Case No. 24-11692)

☐ Blink Long Point, Inc. (Case No. 24-11693)

☐ Blink 1065 6th Avenue, Inc. (Case No. 24-11694)

☐ Blink Macombs Road, Inc. (Case No. 24-11695)

☐ Blink SER Portfolio, Inc. (Case No. 24-11696)

☐ Blink Melville, Inc. (Case No. 24-11697)

☐ Blink South Orange, Inc. (Case No. 24-11698)

☐ Blink Metropolitan Avenue, Inc. (Case No. 24-11699)

☐ Blink Southern Boulevard, Inc. (Case No. 24-11700)

☐ Blink Bedford, Inc. (Case No. 24-11701)

☐ Blink Frankford Avenue, Inc. (Case No. 24-11702)

☐ Blink Miramar Parkway Inc. (Case No. 24-11703)

☐ Blink St. Ann's Avenue, Inc. (Case No. 24-11704)

☐ Blink Fulton Street, Inc. (Case No. 24-11705)

☐ Blink Belleville Inc. (Case No. 24-11706)

☐ Blink Myrtle Avenue, Inc. (Case No. 24-11707)

☐ Blink Steinway Street, Inc. (Case No. 24-11708)

☐ Blink Gage Park LLC (Case No. 24-11709)

☐ Blink Stonebrook, Inc. (Case No. 24-11710)

☐ Blink Nassau Street, Inc. (Case No. 24-11711)

☐ Blink Gates, Inc. (Case No. 24-11712)

☐ Blink 2883 3rd Avenue, Inc. (Case No. 24-11713)

☐ Blink Bissonnet, Inc. (Case No. 24-11714)

☐ Blink Sunset Park, Inc. (Case No. 24-11715)

☐ Blink Georgetown Inc. (Case No. 24-11716)

☐ Blink Newark, Inc. (Case No. 24-11717)

☐ Blink Union, Inc. (Case No. 24-11718)

☐ Blink Braddock Avenue Inc (Case No. 24-11719)

☐ Blink Hawthorne, Inc. (Case No. 24-11720)

☐ Blink Normadie Avenue, Inc. (Case No. 24-11721)

☐ Blink Utica Avenue, Inc. (Case No. 24-11722)

☐ Blink Hicksville, Inc. (Case No. 24-11723)

☐ Blink Brentwood, Inc. (Case No. 24-11724)

☐ Blink 3779 Nostrand, Inc. (Case No. 24-11725)

☐ Blink North 10th Street Corp. (Case No. 24-11726)

☐ Blink Valley Stream, Inc. (Case No. 24-11727)

☐ Blink Broadway Marketplace, Inc. (Case No. 24-11728)

☐ Blink Highway 249, Inc. (Case No. 24-11729)

☐ Blink North Riverside LLC (Case No. 24-11730)

☐ Blink 56-02 Roosevelt, Inc. (Case No. 24-11731)

☐ Blink Webster Avenue, Inc. (f/k/a Blink Boston Post Road, Inc.) (Case No. 24-11732)

☐ Blink Holdings II, Inc. (Case No. 24-11733)

☐ Blink Nostrand Avenue, Inc. (Case No. 24-11734)

☐ Blink West 31st Street, Inc. (Case No. 24-11735)

☐ Blink 600 Third Avenue, Inc. (Case No. 24-11736)

☐ Blink NRH, Inc. (Case No. 24-11737)

☐ Blink Irvington Inc. (Case No. 24-11738)

☐ Blink West 8th Street, Inc. (Case No. 24-11739)

☐ Blink Islandia, Inc. (Case No. 24-11740)

☐ Blink Brookhurst, Inc. (Case No. 24-11741)

☐ Blink Nutley, Inc. (Case No. 24-11742)

☐ Blink 69th Street Inc. (Case No. 24-11743)

☐ Blink Jamaica Avenue, Inc. (Case No. 24-11744)

☐ Blink West Islip, Inc. (Case No. 24-11745)

☐ Blink Clifton, Inc. (Case No. 24-11746)

☐ Blink 78-14 Roosevelt, Inc. (Case No. 24-11747)

☐ Blink Jerome Avenue, Inc. (Case No. 24-11748)

☐ Blink Pacific Boulevard, Inc. (Case No. 24-11749)

☐ Blink Westchase Inc. (Case No. 24-11750)

☐ Blink 108-14 Roosevelt, Inc. (Case No. 24-11751)

☐ Blink Commercial Boulevard, Inc. (Case No. 24-11752)

☐ Blink 79th Holdings Inc. (Case No. 24-11753)

☐ Blink Journal Square, Inc. (Case No. 24-11754)

☐ Blink 1134 Fulton, Inc. (Case No. 24-11755)

☐ Blink Parsippany, Inc. (Case No. 24-11756)

☐ Blink White Plains, Inc. (Case No. 24-11757)

☐ Blink Company Intermediate Holdco, Inc. (Case No. 24-11758)

☐ Blink 116th Street, Inc. (Case No. 24-11759)

☐ Blink Keller, Inc. (Case No. 24-11760)

☐ Blink Passaic, Inc. (Case No. 24-11761)

☐ Blink 8201 Broadway, Inc. (Case No. 24-11762)

☐ Blink Whitman, Inc. (Case No. 24-11763)

☐ Blink Compton & Central Avenue, Inc. (Case No. 24-11764)

☐ Blink Kendall Market Place Inc. (Case No. 24-11765)

☐ Blink Paterson, Inc. (Case No. 24-11766)

☐ Blink Williamsbridge, Inc. (Case No. 24-11767)

☐ Blink Concourse Holdings, Inc. (Case No. 24-11768)

☐ Blink Kenwood, Inc. (Case No. 24-11769)

☐ Blink 833 Flatbush, Inc. (Case No. 24-11770)

☐ Blink Knickerbocker, Inc. (Case No. 24-11771)

☐ Blink Perth Amboy, Inc. (Case No. 24-11772)

☐ Blink Willingboro, Inc. (Case No. 24-11773)

☐ Blink Courtesy Plaza Inc. (Case No. 24-11774)

☐ Blink 886 Broadway, Inc. (Case No. 24-11775)

☐ Blink KWT Holdco LLC (Case No. 24-11776)

☐ Blink Plainfield, Inc. (Case No. 24-11777)

☐ Blink Deerwood, Inc. (Case No. 24-11778)

☐ Blink Liberty Avenue, Inc. (Case No. 24-11779)

☐ Blink 88th Street, Inc. (f/k/a Blink Hylan Blvd., Inc.) (Case No. 24-11780)

☐ Blink Richmond Road, Inc. (Case No. 24-11781)

☐ Blink Diversey, Inc. (Case No. 24-11782)

☐ Blink Linden, Inc. (Case No. 24-11783)

☐ Blink 97-01 Northern Blvd., Inc. (Case No. 24-11784)

☐ Blink Ridgeland Ave, Inc. (Case No. 24-11785)

☐ Blink East 54th Street, Inc. (Case No. 24-11786)

☐ Blink 12201 Victory Blvd, Inc. (Case No. 24-11787)

☐ Blink Riverdale, Inc. (Case No. 24-11788)

☐ Blink 98th Street, Inc. (f/k/a Blink 25 Broadway, Inc.) (Case No. 24-11789)

☐ Blink East Orange, Inc. (f/k/a Blink Belleville, Inc.) (Case No. 24-11790)

☐ Blink 125 Park, Inc. (Case No. 24-11791)

☐ Blink East Tremont Avenue, Inc. (Case No. 24-11792)

☐ Blink 9901 S. Alameda, Inc. (Case No. 24-11793)

☐ Blink Eighth Avenue, Inc. (Case No. 24-11794)

☐ Blink Abrams Road Inc. (Case No. 24-11795)

☐ Blink 2192 Texas Parkway, Inc. (Case No. 24-11796)

☐ Blink Farmers Boulevard Inc. (Case No. 24-11797)

☐ Blink 125th Street, Inc. (Case No. 24-11798)

☐ Blink Airline Drive, Inc. (Case No. 24-11799)

☐ Blink 229 E. Foothill Boulevard, Inc. (Case No. 24-11800)

☐ Blink Fitness Franchising, Inc. (Case No. 24-11801)

☐ Blink 130 W.G. Street, Inc. (Case No. 24-11802)

☐ Blink 2374 Grand Concourse, Inc. (Case No. 24-11803)

☐ Blink Amboy Road Inc. (f/k/a Blink 1239 Fulton, Inc.) (Case No. 24-11804)

☐ Blink Fitness Rialto Inc. (Case No. 24-11805)

☐ Blink 2465 Jerome Inc. (Case No. 24-11806)

☐ Blink 16123 Bellflower Blvd., Inc. (Case No. 24-11807)

☐ Blink Flatlands Avenue, Inc. (Case No. 24-11808)

☐ Blink Ashland Avenue, Inc. (Case No. 24-11809)

☐ Blink 2862 Fulton Street, Inc. (Case No. 24-11810)

☐ Blink Fourth Avenue, Inc. (Case No. 24-11811)

☐ Blink 16th Street, Inc. (Case No. 24-11812)

☐ Blink Ashland Inc. (Case No. 24-11813)

☐ Cross County Fitness Club, Inc. (Case No. 24-11814)

☐ Blink 287 Broadway, Inc. (Case No. 24-11815)

☐ Blink 18th Avenue, Inc. (Case No. 24-11816)

☐ Blink 19500 Plummer, Inc. (Case No. 24-11817)

☐ Blink Atlantic Avenue LB, Inc. (Case No. 24-11818)

☐ Blink Atlantic Avenue, Inc. (Case No. 24-11819)

☐ Blink Avenue A, Inc. (Case No. 24-11820)

☐ Blink Baldwin, Inc. (Case No. 24-11821)

☐ Blink Beach Street, Inc. (Case No. 24-11822)

☐ Blink Wissinoming, Inc. (Case No. 24-11823)

**Your claim can be filed electronically on Epiq's website at https://dm.epiq11.com/BlinkFitness.**

Official Form 410

# Proof of Claim

**12/23**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of these cases.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

**Fill in all the information about the claim as of the date these cases were filed (i.e., August 12, 2024).**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name

Number        Street

City                        State        ZIP Code

Country

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City                        State        ZIP Code

Country

Contact phone

Contact email

**4. Does this claim amend one already filed?**

☐ No

☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ___ / ___ / ___
MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing?

2

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br><br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ___  ___  ___  ___ |

| | |
|---|---|
| 7. **How much is the claim?** | $ _____. **Does this amount include interest or other charges?**<br><br>       ☐ No<br><br>       ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br><br>☐ Yes.  The claim is secured by a lien on property.<br><br>    **Nature of property:**<br><br>    ☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br><br>    ☐ Motor vehicle<br><br>    ☐ Other. Describe: _____<br><br>    **Basis for perfection:**  _____<br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    **Value of property:**            $_____<br>    **Amount of the claim that is secured:**  $_____<br>    **Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition:**  $_____<br><br>    **Annual Interest Rate** (when case was filed)_____%<br>    ☐ Fixed<br>    ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☐ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____ |

3

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☐ No <br><br> ☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No <br><br> ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No <br><br> ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. <br><br> $_____ |

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                      MM  /  DD  /  YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
     First name            Middle name            Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

        _____
        City                    State       ZIP Code       Country

Contact phone _____    Email _____

5

**<u>EXHIBIT 2</u>**

**Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| | (Jointly Administered) |
| Debtors. | **Ref. Docket No. [__]** |

## NOTICE OF DEADLINES FOR THE FILING OF
## PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
## PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE THAT:**

On August 12, 2024 (the "**Petition Date**"), Blink Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions (collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

On [__], 2024 the Court entered an order [Docket No. [__]] (the "**Bar Date Order**")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code. For your convenience, enclosed with this notice (this "**Bar Date Notice**")[3] is a proof of claim form.

---

[1]   The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2]   Capitalized terms used but not otherwise defined herein have the meanings set forth in the Bar Date Order. The Bar Date Order is available online, for free, at https://dm.epiq11.com/BlinkFitness.

[3]   As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively. The term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in the Chapter 11 Cases.

a.    ***The General Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of the Chapter 11 Cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file proofs of claim by the General Bar Date so that such proofs of claim are actually received by the Debtors' notice and claims agent, Epiq Corporate Restructuring, LLC ("Epiq") by the General Bar Date (i.e., 11:59 p.m. (prevailing Eastern Time) on [___], 2024)**.  The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in the Chapter 11 Cases.

b.    ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by 11:59 p.m. (prevailing Eastern Time) on February 10, 2025)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors are required to file proofs of claim so that such proofs of claim are actually received by Epiq by the Governmental Bar Date.

c.    ***Amended Schedules Bar Date***.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) 11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of the amendment to the Schedules.

d.    ***Rejection Damages Bar Date***.  In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (i) the General Bar Date, and (ii)(A) 11:59 p.m. (prevailing Eastern Time) on the date that is 30 days after the

entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, or (B) the effective date of rejection.  All entities holding such claims against the Debtors would be required to file proofs of claim so that such proofs are actually received by Epiq by the applicable Rejection Damages Bar Date.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date *must* file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.    any entity whose claim against a Debtor is *not* listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of the Chapter 11 Cases or share in any distribution in any of the Chapter 11 Cases;

b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file proofs of claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need *not* file proofs of claims:

a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any entity whose claim has previously been allowed by order of the Court;

d.    any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.    any Debtor having a claim against another Debtor;

f.    any non-Debtor direct or indirect subsidiary of Debtor Blink Holdings, Inc. having a claim against a Debtor;

g.    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.    any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[4]

i.    the U.S. Trustee for any fees under 28 U.S.C. § 1930(a)(6);

j.    any landlord counterparty of an executory contract or an unexpired real property lease where such executory contract or unexpired lease has not yet been rejected as of the General Bar Date; provided, further, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amount unless and until such unexpired lease has been rejected;

k.    any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

l.    any entity holding a claim for which a separate deadline is fixed by this Court;

m.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

n.    the DIP Agent, the DIP Lenders, the Prepetition Agent and Prepetition Lenders (as such terms are defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Utilize Cash Collateral; (II) Granting Senior Secured Priming Liens and Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to the Prepetition Secured Parties;*

---

[4]   The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

31973896.1

*(IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 63] and any further interim and final orders related thereto).

## IV. INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

a. Contents. Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b. Section 503(b)(9) Claim. Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. Original Signatures Required. Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://dm.epiq11.com/BlinkFitness) will be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d. Identification of the Debtor Entity. Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Blink Holdings, Inc.

e. Claim Against Multiple Debtor Entities. Each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f. Supporting Documentation. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to any party in interest upon request no later than ten days from the date of such request.

g.    <u>Timely Service</u>.    Each proof of claim must be filed, including supporting documentation, so as to be ***actually*** ***received*** by Epiq on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by (i) electronically through the Online Portal (available at **https://dm.epiq11.com/BlinkFitness**) or (ii) overnight mail, or other hand delivery system at the following address:

> Blink Holdings, Inc.
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Blvd.
> Beaverton, OR 97005

or by first class mail to:

> Blink Holdings, Inc.
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4420
> Beaverton, OR 97076-4420

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.    <u>Receipt of Service</u>.    Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

b.    YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (ii) subsequently

designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.

## VII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' schedules of assets and liabilities filed with the Court (collectively, the "**Schedules**").  To determine if and how you are listed on the Schedules, please refer to the Schedules, which are available online at **https://dm.epiq11.com/BlinkFitness**.  If you rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.    ADDITIONAL INFORMATION

Copies of the Schedules, the Bar Date Order, and other information regarding the Chapter 11 Cases are available for inspection free of charge on Epiq's website at **https://dm.epiq11.com/BlinkFitness**.  The Schedules and other filings in the Chapter 11 Cases are also available for a fee at the Court's website.  A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

**Additional Information**.  If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, by calling the Debtors' restructuring hotline at: (877) 848-5813, or writing (i) by hand delivery or overnight mail to: Blink Holdings, Inc. Claims Processing Center, c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005; (ii) by first class mail to: Blink Holdings, Inc. Claims processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4420, Beaverton, OR 97076-4420; (iii) via email to: BlinkFitnessInfo@epiqglobal.com; (iv) online at https://dm.epiq11.com/BlinkFitness.  **Please note** that Epiq **cannot** offer legal advice or advise whether you should file a proof of claim.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

*[Signature Page Follows]*

Dated: Wilmington, Delaware            **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
      [__], 2024

*/s/*_____

Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
       sgreecher@ycst.com
       amielke@ycst.com
       tpowell@ycst.com

*Counsel to the Debtors*
*and Debtors in Possession*

**EXHIBIT 3**

**Publication Notice**

31973896.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. No. 24-11686 (JKS) |
| | (Jointly Administered) |
| Debtors. | |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

> **THE GENERAL BAR DATE IS [__], 2024
> THE GOVERNMENTAL BAR DATE IS FEBRUARY 10, 2025
> THE AMENDED SCHEDULES BAR DATE IS AS DEFINED HEREIN
> THE REJECTION DAMAGES BAR DATE IS AS DEFINED HEREIN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Deadlines for Filing Proofs of Claim**.  On [__] 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. [__]] (the "**Bar Date Order**") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the above captioned debtors and debtors in possession (collectively, the "**Debtors**").

**The Bar Dates**.  Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose before August 12, 2024 (the "**Petition Date**"), no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before ***[__], 2024 at 11:59 p.m.***, prevailing Eastern Time (the "**General Bar Date**").  Governmental entities who have a claim or potential claim against the Debtors that arose before the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before ***February 10, 2025 at 11:59 p.m.***, prevailing Eastern Time (the "**Governmental Bar Date**").  All entities who have a claim or potential claim against the Debtors based on any amendment by the Debtors of their Schedules, no matter how remote or contingent such right to payment or equitable remedy may be, if they so choose, MUST FILE A PROOF OF CLAIM on the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

from the date on which the Debtors provide notice of the amendment (the "**Amended Schedules Bar Date**").  All entities who have a claim or potential claim against the Debtors based on the Debtors' rejection of an executory contract or unexpired lease, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on the later of (i) the General Bar Date, and (ii) (A) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, or (B) the effective date of rejection (the "**Rejection Claim Bar Date**").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

<u>**Filing a Proof of Claim**</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by the Debtors' notice and claims agent, Epiq Corporate Restructuring, LLC ("**Epiq**"), on or before the applicable Bar Date, either: (i) electronically through the Online Portal available at https://dm.epiq11.com/BlinkFitness or (ii) by overnight mail, or other hand delivery system, at the following address:

> Blink Holdings, Inc.
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Blvd.
> Beaverton, OR 97005

or by first class mail to:

> Blink Holdings, Inc.
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4420
> Beaverton, OR 97076-4420

<u>**Contents of Proofs of Claim**</u>.  Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) clearly identify the Debtor against which the claim is asserted; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based.  ***Please note*** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against Blink Holdings, Inc.

<u>**Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code**</u>.  Any proof of claim and/or priority asserting a claim arising under section 503(b)(9) of the Bankruptcy

31973896.1

Code must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

                **Additional Information**.  If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, by calling the Debtors' restructuring hotline at: (877) 848-5813, or writing (i) by hand delivery or overnight mail to: Blink Holdings, Inc. Claims Processing Center, c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005; (ii) by first class mail to: Blink Holdings, Inc. Claims processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4420, Beaverton, OR 97076-4420; (iii) via email to: BlinkFitnessInfo@epiqglobal.com; (iv) online at https://dm.epiq11.com/BlinkFitness. ***Please note*** that Epiq ***cannot*** offer legal advice or advise whether you should file a proof of claim.

**<u>EXHIBIT B</u>**

**Blackline**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
|  | (Jointly Administered) |
| Debtors. | Ref. Docket No. ~~——~~ 97 |

**ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), (i) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the Chapter 11 Cases, (ii) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (iii) approving the form of and manner for filing proofs of claim, including any requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, and (iv) approving the form and manner of notice of the Bar Dates; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and due

---

[1]    The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' ~~proposed~~ claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the ~~proposed~~ undersigned counsel for the Debtors.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

31973896.1

and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors and an appropriate exercise of their business judgment; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

## I.    The Proof of Claim Form

2.    The Proof of Claim Form, substantially in the form attached hereto as Exhibit 1, is approved.  The Debtors may accept the Proof of Claim Form or Official Form 410 via either hardcopy or the Online Portal, subject only to limitations set forth in this Order.

## II.    The Bar Dates and Procedures for Filing Proofs of Claim

3.    Each entity[3] that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original proof of claim, substantially in the form attached hereto as Exhibit 1 (the "**Proof of Claim Form**") or Official Form 410.[4]  Specifically,

---

[3]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (i) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (ii) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (iii) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (iv) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]    Copies of Official Form 410 may be obtained:  (i) by calling the Debtors' restructuring hotline at: (877) 848-5813; (ii) via email to: BlinkFitnessInfo@epiqglobal.com; (iii) online at

the following bar dates (each, a "**Bar Date**" or collectively, the "**Bar Dates**," as applicable) are established:

a. Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, must be filed so that they are actually received at the addresses and in the form set forth herein before ~~*5:00 p.m*~~ ***11:59 p.m.** (prevailing Eastern Time) on the date that is thirty (30) days after the later of (i) the date the Debtors file the Schedules with this Court and (ii) the date of entry of the Bar Date Order* (the "**General Bar Date**").  The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in the Chapter 11 Cases, except for claims specifically exempt from complying with the applicable Bar Dates as set forth in the Motion or this Order.

b. ~~All~~Subject to Local Rule 3002-1(a), all governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so they are actually received at the addresses and in the form set forth herein ***on or before*** ~~*5:00 p.m*~~ ***11:59 p.m.** (prevailing Eastern Time) on February 10, 2025* (the "**Governmental Bar Date**").

c. If the Debtors amend or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (ii) ~~5:00 p.m~~11:59 p.m. prevailing Eastern Time, on the date that is ~~21~~30 days from the date on which the Debtors provide notice of the amendment to the Schedules (the "**Amended Schedules Bar Date**").

---

https://dm.epiq11.com/BlinkFitness; and/or (iv) by visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

d.    Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (i) the General Bar Date and (ii) ~~5:00 p.m~~(A) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, or (B) the effective date of rejection (the "**Rejection Damages Bar Date**").

4.    All proofs of claim must be filed so as to be actually received by Epiq Corporate Restructuring, LLC ("**Epiq**"), the notice and claims agent retained in the Chapter 11 Cases, on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein). ~~If proofs of claim are not received by Epiq on or before the Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in the Chapter 11 Cases and/or receiving distributions from the Debtors on account of such claims in the Chapter 11 Cases.~~

## III.    Parties Required to File Proofs of Claim

5.    Except as otherwise set forth herein, the following entities holding claims against the Debtors arising before the Petition Date **are** required to file proofs of claim on or before the applicable Bar Date:

a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of the Chapter 11 Cases or share in any distribution in any of the Chapter 11 Cases;

b.    any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed

and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.    any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## IV.    Parties Exempted from the Bar Dates

6.    The following categories of claimants **shall not** be required to file a proof of claim by the applicable Bar Date:

a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any entity whose claim has previously been allowed by order of the Court;

d.    any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.    any Debtor having a claim against another Debtor;

f.    any non-Debtor subsidiary having a claim against a Debtor;

g.    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.    any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or

purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[5]

i.    the U.S. Trustee for any fees under 28 U.S.C. § 1930(a)(6);

j.    any landlord counterparty of an executory contract or an unexpired real property lease where such executory contract or unexpired lease has not yet been rejected as of the General Bar Date; provided, further, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amount unless and until such unexpired lease has been rejected;

k.    ~~i.~~ any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

l.    ~~j.~~ any entity holding a claim for which a separate deadline is fixed by this Court;

m.    ~~k.~~ any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

n.    ~~l.~~ the DIP Agent, the DIP Lenders, the Prepetition Agent and Prepetition Lenders (as such terms are defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Utilize Cash Collateral; (II) Granting Senior Secured Priming Liens and Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to the Prepetition Secured Parties; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 63] and any further interim and final orders related thereto).

## V.    Substantive Requirements of Proofs of Claim

7.    The following requirements shall apply with respect to filing and preparing each proof of claim:

---

[5]    The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

a.     <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.     <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.     <u>Original Signatures Required</u>.  Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://dm.epiq11.com/BlinkFitness) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.     <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Blink Holdings, Inc.

e.     <u>Claim Against Multiple Debtor Entities</u>.  Each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.     <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to any party in interest upon request no later than ten days from the date of such request.

g.     <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***<u>actually</u>*** ***<u>received</u>*** by Epiq on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either: (i) electronically through the Online Portal (available at

**https://dm.epiq11.com/BlinkFitness**) or (ii) by overnight mail, or other hand delivery system, at the following address:

> Blink                    Holdings,                    Inc.
> Claims                        Processing                    Center
> c/o        Epiq        Corporate        Restructuring,        LLC
> 10300              SW              Allen              Blvd.
> Beaverton, OR 97005

or by first class mail to:

> Blink                              Holdings,                    Inc.
> Claims                          Processing                    Center
> c/o        Epiq        Corporate        Restructuring,        LLC
> P.O.                          Box                          4420
> Beaverton, OR 97076-4420

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

    h.    <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their hard copy proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

## VI.    Identification of Known Creditors

    8.    The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## VII.    Procedures for Providing Notice of the Bar Date

### A.    Service of Bar Date Notices

    9.    The Bar Date Notice, substantially in the form attached hereto as <u>Exhibit 2</u> is approved.

    10.    As soon as reasonably practicable after the later of (i) entry of the Bar Date Order and (ii) filing of the Schedules, the Debtors shall cause the Bar Date Notice and the

Proof of Claim Form (collectively, the "**Bar Date Package**") to be mailed via first class mail to the following entities:

    a.    the U.S. Trustee;

    b.    counsel to the official committee of unsecured creditors, if any;

    c.    counsel to the Prepetition Agent and DIP Agent;

    d.    all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

    e.    all entities that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

    f.    all entities that have filed proofs of claim in the Chapter 11 Cases as of the date of the Bar Date Order;

    g.    all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order;

    h.    all entities that are party to executory contracts and unexpired leases with the Debtors;

    i.    all entities that have filed pleadings in these Chapter 11 Cases as of the date of entry of the Bar Date Order, whether or not such party has filed a notice of appearance;

    j.    ~~i.~~ all entities that are party to litigation with the Debtors;

    k.    ~~j.~~ all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

    l.    ~~k.~~ all regulatory authorities with jurisdiction over the Debtors' businesses, including environmental and permitting authorities;

    m.    ~~l.~~ the U.S. Attorney's Office for the District of Delaware;

    n.    ~~m.~~ the office of the attorney general for each state in which the Debtors maintain or conduct business;

    o.    ~~n.~~ the Internal Revenue Service;

p.      ~~o.~~ all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

q.      ~~p.~~ the U.S. Securities and Exchange Commission.

11.     In addition, in lieu of mailing a Bar Date Package to their current members and individuals who were formerly members within the 12 months prior to the Petition Date for whom the Debtors maintain active electronic mail addresses on record (the "**Members**"), other than those Members who are known by the Debtors to have asserted a claim prior to service of the Bar Date Package, the Debtors will cause the Bar Date Package to be sent by electronic mail to such Members.

12.     Any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 410.

13.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (i) notices are returned by the post office with forwarding addresses; (ii) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (iii) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the Bar Date (the "**Supplemental Mailing Date**"), with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors. If the Debtors determine after the Supplemental Mailing Date that additional parties should receive the Bar Date Package, then the date by which a Proof of Claim must be filed by any such parties shall be the later of (i) the General Bar Date or the Government Bar Date, as applicable, or (ii) thirty (30) days from the mailing of the Bar Date Package to such additional parties.

B.      **Publication of Bar Date Notice**

14.     The Publication Notice, substantially in the form attached hereto as Exhibit 3, is approved.

15.     The Debtors shall cause the Publication Notice to be published on one occasion in the national edition of the *New York Times* or another nationally circulated newspaper on or before the date that is 21 days before the General Bar Date.

16.     The Publication Notice satisfies the notice requirements for creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.

VIII.   **Consequences of Failure to File a Proof of Claim**

17.     Any entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan of reorganization filed in the Chapter 11 Cases, participating in any distribution in the Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

18.     Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice to known and unknown creditors of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IX.    Miscellaneous**

19.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion.

20.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

21.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

22.    This Court retains ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**<u>EXHIBIT 1</u>**

**Proof of Claim Form**

**United States Bankruptcy Court for the District of Delaware**
**Blink Holdings, Inc., et al.**
**Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4420**
**Beaverton, OR 97076-4420**

To submit your form online please go to https://dm.epiq11.com/BlinkFitness

☐ Check box if the address on the envelope sent to you by the court needs to be updated.  Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

# Proof of Claim (Official Form 410)

**12/23**

In the United States Bankruptcy Court for the District of Delaware

Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form.**)

☐ Blink Holdings, Inc. (Case No. 24-11686)

☐ 692 Broadway Fitness Club, Inc. (Case No. 24-11687)

☐ Bergen Town Center Fitness Club, Inc (Case No. 24-11688)

☐ Blink Lodi, Inc. (Case No. 24-11689)

☐ Blink 101 W 87th Street, Inc. (Case No. 24-11690)

☐ Blink Selden, Inc. (Case No. 24-11691)

☐ Blink 1060 W Alameda, Inc. (Case No. 24-11692)

☐ Blink Long Point, Inc. (Case No. 24-11693)

☐ Blink 1065 6th Avenue, Inc. (Case No. 24-11694)

☐ Blink Macombs Road, Inc. (Case No. 24-11695)

☐ Blink SER Portfolio, Inc. (Case No. 24-11696)

☐ Blink Melville, Inc. (Case No. 24-11697)

☐ Blink South Orange, Inc. (Case No. 24-11698)

☐ Blink Metropolitan Avenue, Inc. (Case No. 24-11699)

☐ Blink Southern Boulevard, Inc. (Case No. 24-11700)

☐ Blink Bedford, Inc. (Case No. 24-11701)

☐ Blink Frankford Avenue, Inc. (Case No. 24-11702)

☐ Blink Miramar Parkway Inc. (Case No. 24-11703)

☐ Blink St. Ann's Avenue, Inc. (Case No. 24-11704)

☐ Blink Fulton Street, Inc. (Case No. 24-11705)

☐ Blink Belleville Inc. (Case No. 24-11706)

☐ Blink Myrtle Avenue, Inc. (Case No. 24-11707)

☐ Blink Steinway Street, Inc. (Case No. 24-11708)

☐ Blink Gage Park LLC (Case No. 24-11709)

☐ Blink Stonebrook, Inc. (Case No. 24-11710)

☐ Blink Nassau Street, Inc. (Case No. 24-11711)

☐ Blink Gates, Inc. (Case No. 24-11712)

☐ Blink 2883 3rd Avenue, Inc. (Case No. 24-11713)

☐ Blink Bissonnet, Inc. (Case No. 24-11714)

☐ Blink Sunset Park, Inc. (Case No. 24-11715)

☐ Blink Georgetown Inc. (Case No. 24-11716)

☐ Blink Newark, Inc. (Case No. 24-11717)

☐ Blink Union, Inc. (Case No. 24-11718)

☐ Blink Braddock Avenue Inc. (Case No. 24-11719)

☐ Blink Hawthorne, Inc. (Case No. 24-11720)

☐ Blink Normadie Avenue, Inc. (Case No. 24-11721)

☐ Blink Utica Avenue, Inc. (Case No. 24-11722)

☐ Blink Hicksville, Inc. (Case No. 24-11723)

☐ Blink Brentwood, Inc. (Case No. 24-11724)

☐ Blink 3779 Nostrand, Inc. (Case No. 24-11725)

☐ Blink North 10th Street Corp. (Case No. 24-11726)

☐ Blink Valley Stream, Inc. (Case No. 24-11727)

☐ Blink Broadway Marketplace, Inc. (Case No. 24-11728)

☐ Blink Highway 249, Inc. (Case No. 24-11729)

☐ Blink North Riverside LLC (Case No. 24-11730)

☐ Blink 56-02 Roosevelt, Inc. (Case No. 24-11731)

☐ Blink Webster Avenue, Inc. (f/k/a Blink Boston Post Road. Inc.) (Case No. 24-11732)

☐ Blink Holdings II, Inc. (Case No. 24-11733)

☐ Blink Nostrand Avenue, Inc. (Case No. 24-11734)

☐ Blink West 31st Street, Inc. (Case No. 24-11735)

☐ Blink 600 Third Avenue, Inc. (Case No. 24-11736)

☐ Blink NRH, Inc. (Case No. 24-11737)

☐ Blink Irvington Inc. (Case No. 24-11738)

☐ Blink West 8th Street, Inc. (Case No. 24-11739)

☐ Blink Islandia, Inc. (Case No. 24-11740)

☐ Blink Brookhurst, Inc. (Case No. 24-11741)

☐ Blink Nutley, Inc. (Case No. 24-11742)

☐ Blink 69th Street Inc. (Case No. 24-11743)

☐ Blink Jamaica Avenue, Inc. (Case No. 24-11744)

☐ Blink West Islip, Inc. (Case No. 24-11745)

☐ Blink Clifton, Inc. (Case No. 24-11746)

☐ Blink 78-14 Roosevelt, Inc. (Case No. 24-11747)

☐ Blink Jerome Avenue, Inc. (Case No. 24-11748)

☐ Blink Pacific Boulevard, Inc. (Case No. 24-11749)

☐ Blink Westchase Inc. (Case No. 24-11750)

☐ Blink 108-14 Roosevelt, Inc. (Case No. 24-11751)

☐ Blink Commercial Boulevard, Inc. (Case No. 24-11752)

☐ Blink 79th Holdings Inc. (Case No. 24-11753)

☐ Blink Journal Square, Inc. (Case No. 24-11754)

☐ Blink 1134 Fulton, Inc. (Case No. 24-11755)

☐ Blink Parsippany, Inc. (Case No. 24-11756)

☐ Blink White Plains, Inc. (Case No. 24-11757)

☐ Blink Company Intermediate Holdco, Inc. (Case No. 24-11758)

☐ Blink 116th Street, Inc. (Case No. 24-11759)

☐ Blink Keller, Inc. (Case No. 24-11760)

☐ Blink Passaic, Inc. (Case No. 24-11761)

☐ Blink 8201 Broadway, Inc. (Case No. 24-11762)

☐ Blink Whitman, Inc. (Case No. 24-11763)

☐ Blink Compton & Central Avenue, Inc. (Case No. 24-11764)

☐ Blink Kendall Market Place Inc. (Case No. 24-11765)

☐ Blink Paterson, Inc. (Case No. 24-11766)

☐ Blink Williamsbridge, Inc (Case No. 24-11767)

☐ Blink Concourse Holdings, Inc. (Case No. 24-11768)

☐ Blink Kenwood, Inc. (Case No. 24-11769)

☐ Blink 833 Flatbush, Inc. (Case No. 24-11770)

☐ Blink Knickerbocker, Inc. (Case No. 24-11771)

☐ Blink Perth Amboy, Inc. (Case No. 24-11772)

☐ Blink Willingboro, Inc. (Case No. 24-11773)

☐ Blink Courtesy Road, Inc. (Case No. 24-11774)

☐ Blink 886 Broadway, Inc. (Case No. 24-11775)

☐ Blink KWT Holdco LLC (Case No. 24-11776)

☐ Blink Plainfield, Inc. (Case No. 24-11777)

☐ Blink Deerwood, Inc. (Case No. 24-11778)

☐ Blink Liberty Avenue, Inc. (Case No. 24-11779)

☐ Blink 88th Street, Inc. (f/k/a Blink Hylan Blvd., Inc.) (Case No. 24-11780)

☐ Blink Richmond Road, Inc. (Case No. 24-11781)

☐ Blink Diversey, Inc. (Case No. 24-11782)

☐ Blink Linden, Inc. (Case No. 24-11783)

☐ Blink 97-01 Northern Blvd., Inc. (Case No. 24-11784)

☐ Blink Ridgeland Ave, Inc. (Case No. 24-11785)

☐ Blink East 54th Street, Inc. (Case No. 24-11786)

☐ Blink 12201 Victory Blvd, Inc. (Case No. 24-11787)

☐ Blink Riverdale, Inc. (Case No. 24-11788)

☐ Blink 98th Street, Inc. (f/k/a Blink 25 Broadway, Inc.) (Case No. 24-11789)

☐ Blink East Orange, Inc. (f/k/a Blink Belleville, Inc.) (Case No. 24-11790)

☐ Blink 125 Park, Inc. (Case No. 24-11791)

☐ Blink East Tremont Avenue, Inc. (Case No. 24-11792)

☐ Blink 9901 S. Alameda, Inc. (Case No. 24-11793)

☐ Blink Eighth Avenue, Inc. (Case No. 24-11794)

☐ Blink Abrams Road Inc. (Case No. 24-11795)

☐ Blink 2192 Texas Parkway, Inc. (Case No. 24-11796)

☐ Blink Farmers Boulevard Inc. (Case No. 24-11797)

☐ Blink 125th Street, Inc. (Case No. 24-11798)

☐ Blink Airline Drive, Inc. (Case No. 24-11799)

☐ Blink 229 E. Foothill Boulevard, Inc. (Case No. 24-11800)

☐ Blink Fitness Franchising, Inc. (Case No. 24-11801)

☐ Blink 130 W.G. Street, Inc. (Case No. 24-11802)

☐ Blink 2374 Grand Concourse, Inc. (Case No. 24-11803)

☐ Blink Amboy Road Inc. (f/k/a Blink 1239 Fulton, Inc.) (Case No. 24-11804)

☐ Blink Fitness Rialto Inc. (Case No. 24-11805)

☐ Blink 2465 Jerome Inc. (Case No. 24-11806)

☐ Blink 16123 Bellflower Blvd., Inc. (Case No. 24-11807)

☐ Blink Flatlands Avenue, Inc. (Case No. 24-11808)

☐ Blink Ashland Avenue, Inc. (Case No. 24-11809)

☐ Blink 2862 Fulton Street, Inc. (Case No. 24-11810)

☐ Blink Fourth Avenue, Inc. (Case No. 24-11811)

☐ Blink 16th Street, Inc. (Case No. 24-11812)

☐ Blink Ashland Inc. (Case No. 24-11813)

☐ Cross County Fitness Club, Inc. (Case No. 24-11814)

☐ Blink 287 Broadway, Inc. (Case No. 24-11815)

☐ Blink 18th Avenue, Inc. (Case No. 24-11816)

☐ Blink 19500 Plummer, Inc. (Case No. 24-11817)

☐ Blink Atlantic Avenue LB, Inc. (Case No. 24-11818)

☐ Blink Atlantic Avenue, Inc. (Case No. 24-11819)

☐ Blink Avenue A, Inc. (Case No. 24-11820)

☐ Blink Baldwin, Inc. (Case No. 24-11821)

☐ Blink Beach Street, Inc. (Case No. 24-11822)

☐ Blink Wissinoming, Inc. (Case No. 24-11823)

**Your claim can be filed electronically on Epiq's website at https://dm.epiq11.com/BlinkFitness.**

## Official Form 410
# Proof of Claim
**12/23**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of these cases.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

**Fill in all the information about the claim as of the date these cases were filed (i.e., August 12, 2024).**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes.   From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name

Number     Street

City                         State          ZIP Code

Country

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ __ ___ __ ___ __ ___ __ ___ __ ___ __ ___

**Where should payments to the creditor be sent?** (if different)

Name

Number     Street

City                         State          ZIP Code

Country

Contact phone

Contact email

**4. Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims registry (if known) _____          Filed on ____ / ____ / ____
                                                                                                                        MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing?

2

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ _____. Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                        $_____
Amount of the claim that is secured:        $_____
Amount of the claim that is unsecured:      $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

3

| 11. **Is this claim subject to a right of setoff?** | ☐ No |
| | ☐ Yes**.** Identify the property: _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.<br><br>$_____ |

| Part 3: | Sign Below |
|---------|------------|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                  MM  /  DD  /  YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
      First name          Middle name          Last name

Title  _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number        Street

         _____
         City                    State        ZIP Code        Country

Contact phone  _____    Email  _____

5

**<u>EXHIBIT 2</u>**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| | (Jointly Administered) |
| Debtors. | Ref. Docket No. [__] |

**NOTICE OF DEADLINES FOR THE FILING OF**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT**
**PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT:**

On August 12, 2024 (the "**Petition Date**"), Blink Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions (collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

On [__], 2024 the Court entered an order [Docket No. [__]] (the "**Bar Date Order**")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code. For your convenience, enclosed with this notice (this "**Bar Date Notice**")[3] is a proof of claim form.

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Bar Date Order. The Bar Date Order is available online, for free, at https://dm.epiq11.com/BlinkFitness.

[3] As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively. The term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

31973896.1

## I.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in the Chapter 11 Cases.

a.    ***The General Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of the Chapter 11 Cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file proofs of claim by the General Bar Date so that such proofs of claim are actually received by the Debtors' notice and claims agent, Epiq Corporate Restructuring, LLC ("Epiq") by the General Bar Date (i.e., ~~5:00  p.m~~11:59  p.m. (prevailing Eastern Time) on [___], 2024)**.  The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in the Chapter 11 Cases.

b.    ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by ~~5:00 p.m~~11:59  p.m. (prevailing Eastern Time) on February 10, 2025)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors are required to file proofs of claim so that such proofs of claim are actually received by Epiq by the Governmental Bar Date.

c.    ***Amended Schedules Bar Date***.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) ~~5:00  p.m~~11:59  p.m. (prevailing Eastern Time) on the date that is ~~twenty one~~thirty (~~21~~30) days from the date on which the Debtors provide notice of the amendment to the Schedules.

d.    ***Rejection Damages Bar Date***.  In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (i) the General Bar Date,

and (ii) ~~5:00 p.m~~(A) 11:59 p.m. (prevailing Eastern Time) on the date that is 30 days after the entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, or (B) the effective date of rejection. All entities holding such claims against the Debtors would be required to file proofs of claim so that such proofs are actually received by Epiq by the applicable Rejection Damages Bar Date.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date ***must*** file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.    any entity whose claim against a Debtor is ***not*** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of the Chapter 11 Cases or share in any distribution in any of the Chapter 11 Cases;

b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file proofs of claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need ***not*** file proofs of claims:

a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any entity whose claim has previously been allowed by order of the Court;

d.      any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.      any Debtor having a claim against another Debtor;

f.      any non-Debtor direct or indirect subsidiary of Debtor Blink Holdings, Inc. having a claim against a Debtor;

g.      any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.      any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[4]

i.      the U.S. Trustee for any fees under 28 U.S.C. § 1930(a)(6);

j.      any landlord counterparty of an executory contract or an unexpired real property lease where such executory contract or unexpired lease has not yet been rejected as of the General Bar Date; provided, further, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amount unless and until such unexpired lease has been rejected;

k.      ~~i.~~ any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

l.      ~~j.~~ any entity holding a claim for which a separate deadline is fixed by this Court;

m.      ~~k.~~ any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

n.      ~~l.~~ the DIP Agent, the DIP Lenders, the Prepetition Agent and Prepetition Lenders (as such terms are defined in the *Interim Order (I) Authorizing the Debtors to*

---

[4]  The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

*(A) Obtain Postpetition Financing, and (B) Utilize Cash Collateral; (II) Granting Senior Secured Priming Liens and Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to the Prepetition Secured Parties; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 63] and any further interim and final orders related thereto).

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

a.      <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.      <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      <u>Original Signatures Required</u>. Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://dm.epiq11.com/BlinkFitness) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.      <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Blink Holdings, Inc.

e.      <u>Claim Against Multiple Debtor Entities</u>.  Each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.      <u>Supporting Documentation</u>.   Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to

any party in interest upon request no later than ten days from the date of such request.

g.  <u>Timely Service</u>.   Each proof of claim must be filed, including supporting documentation, so as to be ***actually*** ***received*** by Epiq on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by (i) electronically through the Online Portal (available at **https://dm.epiq11.com/BlinkFitness**) or (ii) overnight mail, or other hand delivery system at the following address:

| | | | | |
|---|---|---|---|---|
| Blink | | Holdings, | | Inc. |
| Claims | | Processing | | Center |
| c/o | Epiq | Corporate | Restructuring, | LLC |
| 10300 | SW | Allen | Blvd. | |
| Beaverton, OR 97005 | | | | |

or by first class mail to:

| | | | | |
|---|---|---|---|---|
| Blink | | Holdings, | | Inc. |
| Claims | | Processing | | Center |
| c/o | Epiq | Corporate | Restructuring, | LLC |
| P.O. | | Box | | 4420 |
| Beaverton, OR 97076-4420 | | | | |

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.  <u>Receipt of Service</u>.   Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a.  YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

b.  YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.     RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.

## VII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' schedules of assets and liabilities filed with the Court (collectively, the "**Schedules**"). To determine if and how you are listed on the Schedules, please refer to the Schedules, which are available online at **https://dm.epiq11.com/BlinkFitness**. If you rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need ***not*** file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.   ADDITIONAL INFORMATION

Copies of the Schedules, the Bar Date Order, and other information regarding the Chapter 11 Cases are available for inspection free of charge on Epiq's website at **https://dm.epiq11.com/BlinkFitness**. The Schedules and other filings in the Chapter 11 Cases also are available for a fee at the Court's website. A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

**Additional Information**. If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, by calling the Debtors' restructuring hotline at: (877) 848-5813, or writing by (i) hand delivery or overnight mail to: Blink Holdings, Inc. Claims Processing Center, c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005; (ii) by first class mail to: Blink Holdings, Inc. Claims processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4420, Beaverton, OR 97076-4420; (iii) via email to: BlinkFitnessInfo@epiqglobal.com; (iv) online at https://dm.epiq11.com/BlinkFitness. ***Please note*** that Epiq ***cannot*** offer legal advice or advise whether you should file a proof of claim.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

*[Signature Page Follows]*

Dated: Wilmington, Delaware
[__], 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ _____

Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
           sgreecher@ycst.com
           amielke@ycst.com
           tpowell@ycst.com

*Counsel to the Debtors*
*and Debtors in Possession*

**EXHIBIT 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. No. 24-11686 (JKS) |
| | (Jointly Administered) |
| Debtors. | |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**THE GENERAL BAR DATE IS [__], 2024
THE GOVERNMENTAL BAR DATE IS FEBRUARY 10, 2025
THE AMENDED SCHEDULES BAR DATE IS AS DEFINED HEREIN
THE REJECTION DAMAGES BAR DATE IS AS DEFINED HEREIN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **Deadlines for Filing Proofs of Claim**.  On [__] 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. [__]] (the "**Bar Date Order**") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the above captioned debtors and debtors in possession (collectively, the "**Debtors**").

    **The Bar Dates**.  Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose before August 12, 2024 (the "**Petition Date**"), no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before *[__], 2024 at ~~5:00 p.m~~11:59 p.m.*, prevailing Eastern Time (the "**General Bar Date**").  Governmental entities who have a claim or potential claim against the Debtors that arose before the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before *February 10, 2025 at ~~5:00 p.m~~11:59 p.m.*, prevailing Eastern Time (the "**Governmental Bar Date**").  All entities who have a claim or potential claim against the Debtors based on any amendment by the Debtors of their Schedules, no matter how remote or contingent such right to payment or equitable remedy may be, if they so choose, MUST FILE A PROOF OF CLAIM on the later of (i) the

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) ~~5:00 p.m~~11:59 p.m., prevailing Eastern Time, on the date that is ~~21~~30 days from the date on which the Debtors provide notice of the amendment (the "**Amended Schedules Bar Date**").  All entities who have a claim or potential claim against the Debtors based on the Debtors' rejection of an executory contract or unexpired lease, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on the later of (i) the General Bar Date, and (ii) (A) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, or (B) the effective date of rejection (the "**Rejection Claim Bar Date**").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim**.  Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by the Debtors' notice and claims agent, Epiq Corporate Restructuring, LLC ("**Epiq**"), on or before the applicable Bar Date, either: (i) electronically through the Online Portal available at https://dm.epiq11.com/BlinkFitness or (ii) by overnight mail, or other hand delivery system, at the following address:

> Blink Holdings, Inc.
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Blvd.
> Beaverton, OR 97005

or by first class mail to:

> Blink Holdings, Inc.
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4420
> Beaverton, OR 97076-4420

**Contents of Proofs of Claim**.  Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) clearly identify the Debtor against which the claim is asserted; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based.  ***Please note*** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against Blink Holdings, Inc.

**Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code**.  Any proof of claim and/or priority asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Additional Information**.  If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, by calling the Debtors' restructuring hotline at: (877) 848-5813, or writing (i) by hand delivery or overnight mail to: Blink Holdings, Inc. Claims Processing Center, c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005; (ii) by first class mail to: Blink Holdings, Inc. Claims processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4420, Beaverton, OR 97076-4420; (iii) via email to: BlinkFitnessInfo@epiqglobal.com; (iv) online at https://dm.epiq11.com/BlinkFitness.  ***Please note*** that Epiq ***cannot*** offer legal advice or advise whether you should file a proof of claim.

31973896.1

| Summary report: Litera Compare for Word 11.5.0.74 Document comparison done on 9/8/2024 8:20:38 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://ycstwork.ycst.com/YCST01/31973896/1 | |
| **Modified DMS:** iw://ycstwork.ycst.com/YCST01/31973896/5 | |
| **Changes:** | |
| Add | 50 |
| Delete | 37 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 87 |