## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 6 & 56** |

## FINAL ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of a final order (this "**Final Order**") (i) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services on account of prepetition invoices, (ii) deeming the Utility Companies adequately assured of future payment, (iii) establishing Assurance Procedures for determining additional adequate assurance of future payment and authorizing the Debtors to provide additional adequate assurance of future payment to the Utility Companies, and (iv) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

---

[1]    The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

from the United States District Court for the District of Delaware dated February 29, 2012; and it

appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United

States Constitution; and it appearing that proper and adequate notice of the Motion has been given

under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that

no other or further notice is necessary; and after due deliberation thereon; and this Court having

found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient

cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED on a final basis as set forth herein.

2.     Subject to the Assurance Procedures set forth below, no Utility Company

may (i) alter, refuse, terminate or discontinue Utility Services to, or discriminate against, the

Debtors on the basis of the commencement of the Chapter 11 Cases or on account of outstanding

prepetition invoices or (ii) require additional assurance of payment, other than the Utility Deposit,

as a condition to the Debtors receiving such Utility Services.

3.     Pursuant to the Final Order, to the extent not already done, the Debtors shall

promptly deposit, as adequate assurance for the Utility Companies, $321,600 in the aggregate

(the "**Utility Deposit**") into a segregated account (the "**Utility Deposit Account**") to be

maintained during the pendency of the Chapter 11 Cases as provided for herein.

4.     Subject to the Assurance Procedures set forth below, the Utility Deposit

constitutes adequate assurance of future payment to the Utility Companies under section 366 of

the Bankruptcy Code (the "**Adequate Assurance**").

5.     The following Assurance Procedures are approved in all respects:

a.  Any Utility Company desiring assurance of future payment for utility service beyond the Adequate Assurance must serve a request (an "**Additional Assurance Request**") so that it is received by the following: (i) Blink Holdings, Inc., c/o Portage Point Partners LLC, 640 5th Avenue, 10th Floor, New York, NY 10019, Attn: Steven Shenker (sshenker@pppllc.com); (ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801, Attn: Benjamin C. Carver (bcarver@ycst.com); and (iii) proposed counsel to the official committee of unsecured creditors, Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin S. Elliott (kelliott@kelleydrye.com); and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 Attn: Eric Monzo (emonzo@morrisjames.com) and Brya Keilson (bkeilson@morrisjames.com).

b.  Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company; and (v) explain why the requesting Utility Company believes the Adequate Assurance is not sufficient adequate assurance of future payment.

c.  Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

d.  The Debtors, in their discretion, and in consultation with the DIP Agent, and counsel to the official committee of unsecured creditors, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of this Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtors believe such additional assurance is reasonable; provided, however, that the Debtors shall not be required to consult with the DIP Agent or counsel to the official committee of unsecured creditors regarding any resolution of an Additional Assurance Request involving $20,000 or less. Without the need for any notice to, or action, order or approval of, this Court, the Debtors may reduce the amount of the

Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

e. If the Debtors determine that an Additional Assurance Request is not reasonable or are not able to resolve such request, the Debtors shall, upon reasonable notice, request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code, which Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in the Chapter 11 Cases that is not less than twenty-one (21) days later, or such other date and time agreed to by the parties.

f. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services, the commencement of the Chapter 11 Cases, or any objections to the Adequate Assurance, or requiring the Debtors to furnish any additional deposit or other security for the continued provision of services.

g. The Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make an Additional Assurance Request.

6. The Debtors shall promptly serve a copy of this Final Order on each Utility Company listed on the Utility Service List.

7. The Debtors are authorized, as necessary, to provide a copy of this Final Order to any Utility Company not listed on the Utility Service List (each, an "**Additional Utility Company**," and collectively, the "**Additional Utility Companies**") as such Utility Companies are identified. Promptly upon providing a copy of this Final Order to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately two (2) weeks of the Debtors' estimated aggregate utility expense for such Additional Utility Company subsequent to the Petition Date. The Additional Utility Companies shall be subject to the terms of

this Final Order, including the Assurance Procedures, as of the date of service of the notice of addition of such Additional Utility Company to the Utility Service List.

8.      Each Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (i) the Debtors, in their discretion, agree to an alternative assurance of payment with the Utility Company; or (ii) this Court enters an order, after a Determination Hearing, requiring that additional adequate assurance of payment be provided to the Utility Company.

9.      If any utility account with a Utility Company becomes a Closed Account during the course of the Chapter 11 Cases, without the need for further order of this Court or notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Utility Deposit by withdrawing from the Utility Deposit Account the amount deposited with respect to such Closed Account upon either (i) obtaining the affected Utility Company's consent to do so; or (ii) providing the affected Utility Company with fourteen (14) days' prior written notice of their intent to do so and receiving no response to such notice, or such response is resolved consensually or by order of this Court.  Upon the effective date of a chapter 11 plan in the Chapter 11 Cases, dismissal, or conversion of the Chapter 11 Cases, the Debtors may close the Utility Deposit Account without the need for any notice to, or action, order or approval of, this Court.

10.     The Debtors are authorized, but not directed, to satisfy any prepetition obligations owed to the Administrators in an amount not to exceed $15,000, and to honor their obligations to the Administrators postpetition in the ordinary course of business.

11.     Nothing in this Final Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the

Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of the interim order on the Motion previously entered by this Court, this Final Order or the Motion.

12.     Nothing in this Final Order:  (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

13.     All time periods referenced in this Final Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

15.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

16.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

**Dated: September 9th, 2024**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

31927472.3