## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 1007 of the Federal Rules of Bankruptcy Procedure.

Steven Shenker has signed the Schedules and Statements. Mr. Shenker serves as the Chief Restructuring Officer for each of the Debtors, and he is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Shenker has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Given the scale of the Debtors' business and the complexity of the Debtors' records, Mr. Shenker has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made a reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

### Global Notes and Overview of Methodology

1. **Description of Cases.** On August 12, 2024, (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered. *See* Docket No. 48. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the close of business on August 11, 2024.

2. **Global Notes Control.** These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.

3. **Reservations and Limitations.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements is intended to be, nor should it be construed as, a waiver of any of the Debtors' rights or an admission of any kind with respect to the Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    (a) **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim

against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b) **Recharacterization.**  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

(c) **Classifications.**  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d) **Claims Description.**  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim.  The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e) **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results may differ from such estimates.

(f) **Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

(g)     **Intellectual Property Rights.**  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(h)     **Insiders.**  In the circumstance where the Schedules and Statements require information regarding "insiders" the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors; the extent to which any individual exercised management responsibilities, functions, or corporate decision-making authority over the Debtors; or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

4.     **Methodology.**

(a)     **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)     **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(c)     **Date of Valuations.**  Except (i) as otherwise noted in the Schedules and Statements and (ii) with respect to intercompany payables, which are listed in the Schedules

and Statements as of July 31, 2024, all liabilities are valued as of August 11, 2024. Further, except as otherwise noted, all assets are listed as of July 31, 2024.

(d)     **Net Book Value.**   In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.   Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of July 31, 2024.   Market values may vary materially, from net book values.   The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property.   Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined.   Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.   The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(e)     **Property and Equipment.**   Unless otherwise indicated, owned property and equipment are valued at net book value.   The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.   To the extent possible, any such leases are listed in the Schedules and Statements.   Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(f)     **Allocation of Liabilities.**   The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.   As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(g)     **Undetermined Amounts.**   The description of an amount as "undetermined" or "unknown" is not intended to reflect upon the materiality of such amount.

(h)     **Unliquidated Amounts.**   Amounts that could not be fairly quantified by the Debtors are scheduled as "unknown," "undetermined," or "unliquidated."

(i)     **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts.   To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(j)     **Paid Claims.**   The Debtors have authority to pay certain outstanding prepetition payables pursuant to certain orders of the Court; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on account of prepetition payables.   Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements.   To the extent the

Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to an order of the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing notices of satisfaction, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.  Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest.

(k)    **Intercompany Claims.**  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates, including Equinox Group, Inc. ("**Equinox**"), are reported as of July 31, 2024 on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.  Due to historical accounting practices, the Debtors may have been unable to ascertain with precision certain intercompany balances among specific Debtors and among Debtors and non-Debtor affiliates.  As a result, the intercompany balances listed on Schedules A/B or E/F may vary from the Debtors' audited financial statements.  These balances have been calculated consistent with historical practice.

(l)    **Excluded Assets and Liabilities.**  The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; certain deferred revenue accounts that are recorded solely for accounting purposes; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits.  Other immaterial assets and liabilities may also have been excluded.

(m)    **Liens.**  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens**.**

(n)    **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(o)    **Setoffs.**  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, promotions, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Debtors' Schedules

and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.    **Specific Schedules Disclosures.**

(a)    **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.**  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Interim and Final Orders (I)Authorizing Debtors to (A) Continue Operating Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Affiliate Transactions; (II) Authorizing Debtors' Continued Use of Corporate Credit Cards and Granting Administrative Expenses Status to Postpetition Credit Card Obligations; (III) Waiving Certain U.S. Trustee Guidelines; and (IV) Granting Related Relief* [Docket No. 10] (the "**Cash Management Motion**") and the Cash Management Order.  The balances of the financial accounts listed on Schedule A/B, Part 1, are listed as of August 9, 2024.

Additionally, the Debtors have provided adequate assurance of payment for future utility services to certain counterparties, pursuant to the *Interim Order (I) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Utility Services; (II) Deeming Utility Companies Adequately Assured of Future Payment; (III) Establishing Procedures for Determining Additional Adequate Assurance of Payment; and (IV) Granting Related Relief* [Docket No. 56]; however, such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of July 31, 2024.

(b)    **Schedule A/B Part 3 Accounts Receivable.** The Debtors' accounts receivable information includes receivables from the Debtors' members, vendors, or third parties, and include any amounts that, as of July 31, 2024, may be owed to such parties in the form of offsets or other adjustments pursuant to the Debtors' day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances.  The gross accounts receivable balances in Schedule A/B, Part 3 exclude intercompany receivables.

(c)    **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed on Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

(d)     **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.**  Dollar amounts are presented net of accumulated depreciation and other adjustments as of July 31, 2024.

(e)     **Schedule A/B, Part 8 – Automobiles, vans, trucks, motorcycles, trailers; and Machinery, fixtures, equipment, and supplies used in business.** Dollar amounts are presented net of accumulated depreciation and other adjustments as of July 31, 2024.

(f)     **Schedule A/B, Part 9 – Real Property.** Actual realizable values of the identified leasehold improvements may vary significantly relative to net book values as of July 31, 2024 and exclude potential impairments realized subsequent to July 31, 2024 with respect to leasehold improvements, etc.

(g)     **Schedule A/B, Part 10 – Intangibles and Intellectual Property.** The Debtors have identified intangible assets as of August 11, 2024.  The Debtors have not listed the value of certain of such assets because the values reflected in the Debtors' books and records may not accurately reflect such assets' value in the marketplace.

(h)     **Schedule A/B, Part 11 – All Other Assets.**  Dollar amounts are presented net of impairments and other adjustments as of July 31, 2024.  The Debtors have listed their gross intercompany receivable balances in Schedule A/B, Part 11.

*Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, Including Counterclaims of the Debtor and Rights to Setoff Claims.*  In the ordinary course of their business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, crossclaims, setoffs, refunds with their customers and vendors.  Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counterclaims and/or crossclaims as a defendant.  Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

*Tax refunds and unused net operating losses (NOLs).*  The Debtors report certain of their net operating losses ("**NOLs**") jointly with a non-Debtor affiliate. Therefore, the amounts listed in Schedule A/B, Part 11 are estimates and should not be relied upon for any purpose.

*Interests in Insurance Policies or Annuities.*  A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Interim and Final Orders (I) Authorizing (A) Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Insurance and Surety Programs, Including Payment of Policy Premiums, Broker Fees, and Claims Administrator Fees, and (B) Continuation of Insurance Premium Financing Program; (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief* [Docket No. 8].

31964690.4

(i)     **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, unless otherwise agreed or ordered by the Court, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

Although there are multiple parties that hold a portion of the Debtors' senior secured funded debt, only the administrative agent has been listed for purposes of Schedule D.

(j)     **Schedule E/F – Creditors Who Have Unsecured Claims.**

The liabilities identified on Schedule E/F, Part 2, are derived from the Debtors' books and records and are listed as of August 11, 2024. The Debtors have made a reasonable attempt to verify their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. The Debtors have not listed potential claims as a result of demand letters received from potential litigants given the purely speculative nature of such potential claims.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose,

31964690.4

accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the date hereof, the Debtors have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligation, to amend Schedules D and E/F if and as they receive additional prepetition invoices.

**Potential Customer Claims**.  The Debtors have over 443,000 current members (collectively, the "**Customers**").  Estimating Customer claims would be, to the extent possible, speculative, cost prohibitive, unduly burdensome, and would cause the Schedules to become unwieldy and voluminous. Nonetheless, unless otherwise listed with respect to certain litigation claims, the Debtors are unaware of any Customer claims existing as of the Petition Date.  The Debtors encourage any Customer who believes that he or she has a claim to file a proof of claim in the Debtors' cases on account of such claim.

The listing of a claim on Schedule E/F does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status either as a deposit or otherwise and the Debtors expressly reserve their rights to contest the characterization of any such claim.

(k)    **Schedule G – Executory Contracts and Unexpired Leases.**  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease, that such contract or agreement was in effect on the Petition Date, or that such contract or agreement is valid or enforceable.  The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnification obligations, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth on Schedule G.  Moreover, to the extent any agreements are governed by a master services agreement, the Debtors have endeavored to list the master services agreement on Schedule G.  The Debtors have made reasonable efforts to identify the Debtor entity for each contract, and, in instances where this could not be determined, the contract is listed on the Schedules of Blink Holdings, Inc.

31964690.4

In the ordinary course of business, the Debtors have entered into numerous agreements, both written and oral, regarding the provision of certain services on a month-to-month or at-will basis, as well as purchase orders, statements of work, It would it be unduly burdensome and cost-prohibitive to list such agreements in Schedule G and, therefore, such agreements are not listed individually on Schedule G.

The Debtors have not listed any contracts or unexpired leases for which the Debtors have requested authority to reject (collectively, the "**Rejected Leases**") pursuant to the *Debtors' First Omnibus Motion for an Order (I) Authorizing Rejection of Certain Unexpired Leases; (II) Authorizing Abandonment of Any Remaining Property Located at the Premises, in Each Case Effective as of the Petition Date; and (III) Granting Related Relief* [Docket No. 15] and the *Debtors' Second Omnibus Motion for an Order (I) Authorizing Rejection of Certain Unexpired Leases; (II) Authorizing Abandonment of Any Remaining Property Located at the Premises, in Each Case Effective as of the Rejection Date; and (III) Granting Related Relief* [Docket No. 130].

The description of any contract on Schedule G does not constitute an admission by the Debtors as to the characterization of such contract.  The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract.  The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

(l)    **Schedule H – Co-Debtors.**  Blink Holdings, Inc. and non-Debtor Equinox serve as guarantors in connection with certain of the Debtors' unexpired leases.  Given the Debtors' substantial club footprint, it would be unduly burdensome to list such parties on Schedule H of each Debtor to a real property lease.  Therefore, the Debtors have not identified either party as a co-debtor on Schedule H with respect to such obligations.  The Debtors reserve all rights to amend Schedule H to the extent that additional information associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements is identified.

6.    <u>**Specific Statements Disclosures.**</u>

(a)    **Statements, Part 1, Question 2 – Income from other than Operations.**  Values listed in this section include revenue regardless of whether that revenue is taxable.

Non-business income is derived from rental income from subletting certain physical therapy space at specific gym locations.

(b) **Statements, Part 2, Question 3 – Payments to Certain Creditors.** Disbursements made on account of multiple invoices may be reflected as a single payment.  All transfers in Part 2, Question 3 of the Schedules are listed as of the check date.

(c) **Statements, Part 5, Question 10 – Certain Losses.**  The Debtors incur certain immaterial losses in the ordinary course of business.  Such amounts are not listed in the Statements.

(d) **Statements, Part 9, Question 16 – Personally Identifiable Information.**  The Debtors collect a limited amount of information from club members and guests, including personally identifiable information, via their website portals, over the telephone, or in person in order to provide services to members and guests and inform them of new products and services.  Examples of the types of information collected by the Debtors include, among other things, mailing addresses, email addresses, phone number, and names.  The Debtors retain such information as long as is necessary for the Debtors to comply with business, tax, and legal requirements.  The Debtors maintain privacy policies and have information security protocols to safeguard personally identifiable information.

(e) **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.**  The Debtors provide certain parties, such as banks, factors, auditors, potential investors, vendors, and financial advisors, with financial statements.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided full lists of these parties in Part 13, Question 26 of the Statements.

**Fill in this information to identify the case:**

Debtor    Blink 79th Holdings Inc.

United States Bankruptcy Court for the:    District of Delaware

Case number    24-11753
(if known)

☐ Check if this is an
    amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals     12/15

---

| **Part 1:** | **Summary of Assets** |
| --- | --- |

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
       Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| NOT APPLICABLE |
| --- |

   1b. **Total personal property:**
       Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| UNDETERMINED |
| --- |

   1c. **Total of all property:**
       Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| UNDETERMINED |
| --- |

---

| **Part 2:** | **Summary of Liabilities** |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

| $161,458,478.16 |
| --- |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

   3a. **Total claim amounts of priority unsecured claims:**
       Copy the total claims from Part 1 from line 5a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

| UNKNOWN |
| --- |

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
       Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F . . . . . . . . . . . . .

| +      NOT APPLICABLE |
| --- |

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   Lines 2 + 3a + 3b

| $161,458,478.16 |
| --- |

**Fill in this information to identify the case:**

Debtor      Blink 79th Holdings Inc.

United States Bankruptcy Court for the:      District of Delaware

Case number      24-11753
(if known)

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

**1.    DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
   ☑ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2.    CASH ON HAND** | |
| **3.    CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**<br>*(IDENTIFY ALL)* | |
| **4.    OTHER CASH EQUIVALENTS** | |
| **5    Total of Part 1.**<br>ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | NOT APPLICABLE |

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

**6.    DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **7.    DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**<br>DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT | |
| **8.    PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**<br>DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |

Debtor    Blink 79th Holdings Inc                                     Case number (if known)    24-11759
             (Name)

| 9 | Total of Part 2. ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | NOT APPLICABLE |
|---|---|---|

**Part 3:    ACCOUNTS RECEIVABLE**

**10.  DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**
☒ No. Go to Part 4.
☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **11.  ACCOUNTS RECEIVABLE** | |

| 12 | Total of Part 3. CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | NOT APPLICABLE |
|---|---|---|

**Part 4:    INVESTMENTS**

**13.  DOES THE DEBTOR OWN ANY INVESTMENTS?**
☒ No. Go to Part 5.
☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14.  MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1** NAME OF FUND OR STOCK: | | |
| **15.  NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** | | |
| **16.  GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1** DESCRIBE: | | |

| 17 | Total of Part 4. ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | NOT APPLICABLE |
|---|---|---|

**Part 5:    INVENTORY, EXCLUDING AGRICULTURE ASSETS**

**18.  DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**
☒ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.  RAW MATERIALS** | | | | |
| **20.  WORK IN PROGRESS** | | | | |
| **21.  FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22.  OTHER INVENTORY OR SUPPLIES** | | | | |

| 23 | Total of Part 5. ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | NOT APPLICABLE |
|---|---|---|

| Debtor | Blink 79th Holdings Inc | Case number (if known) | 24-11686 |
| | (Name) | | |

**24. Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 6: | FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND) |

**27. DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **28. CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29. FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30. FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31. FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32. OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |
| **33 Total of Part 6.** ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | | | NOT APPLICABLE |

**34. Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes.  Is any of the debtor's property stored at the cooperative ?
   ☐ No
   ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 7: | OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES |

**38. DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
☒ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **39. OFFICE FURNITURE** | | | |
| **40. OFFICE FIXTURES** | | | |

Debtor    Blink 79th Holdings Inc    Case number (if known) 24-11686
       (Name)

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **41.  OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| **42.  COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

| | |
|---|---|
| **43   Total of Part 7.** ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | NOT APPLICABLE |

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |
|---|---|

**46.  DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| **48.  WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES**  EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| **49.  AIRCRAFT AND ACCESSORIES** | | | |
| **50.  OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |

| | |
|---|---|
| **51   Total of Part 8.** ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87. | NOT APPLICABLE |

**52.  Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

**53.  Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 9: | REAL PROPERTY |
|---|---|

**54.  DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**

☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

**55.  ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

Debtor    Blink 79th Holdings Inc    Case number (if known)    24-11686

(Name)

**55.    ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

| 56 | **Total of Part 9.** ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88. | NOT APPLICABLE |
|---|---|---|

**57.    Is a depreciation schedule available for any of the property listed in Part 9?**
☑ No
☐ Yes

**58.    Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 10:    INTANGIBLES AND INTELLECTUAL PROPERTY**

**59.    DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.    PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| **61.    INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62.    LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| **63.    CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| 63.1.    MEMBERSHIP LIST | UNDETERMINED | N/A | UNDETERMINED |
| **64.    OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65.    GOODWILL** | | | |

| 66 | **Total of Part 10.** ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89. | UNDETERMINED |
|---|---|---|

**67.    Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☑ No
☐ Yes

**68.    Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

**69.    Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 11:    ALL OTHER ASSETS**

**70.    DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.
☑ No. Go to Part 12.
☐ Yes. Fill in the information below.

| Debtor | Blink 79th Holdings Inc | Case number (if known) | 24-11759 |
| | (Name) | | |

| | | Current value of debtor's interest |
|---|---|---|

| **71.** | **NOTES RECEIVABLE** | |
| | DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |

| **72.** | **TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)** | |
| | DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |

| **73.** | **INTERESTS IN INSURANCE POLICIES OR ANNUITIES** | |

| **74.** | **CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)** | |

| **75.** | **OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS** | |

| **76.** | **TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY** | |

| **77.** | **OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP | |

| **78** | **Total of Part 11.** ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | NOT APPLICABLE |

| **79.** | **Has any of the property listed in Part 11 been appraised by a professional within the last year?** ☒ No ☐ Yes | |

| **Part 12:** | **Summary** |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| **80.** | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| **81.** | **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| **82.** | **Accounts receivable.** *Copy line 12, Part 3.* | | |
| **83.** | **Investments.** *Copy line 17, Part 4.* | | |
| **84.** | **Inventory.** *Copy line 23, Part 5.* | | |
| **85.** | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86.** | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| **87.** | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| **88.** | **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➔ | | N/A |
| **89.** | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | UNDETERMINED | |

Debtor    Blink 79th Holdings Inc    Case number (if known)    24-11459

(Name)

| | | | | |
|---|---|---|---|---|
| 90. | **All other assets.** *Copy line 78, Part 11.* | **+** | | |

| | | | | | |
|---|---|---|---|---|---|
| 91. | **Total.** Add lines 80 through 90 for each column. . . . . . . . . 91a. | $0.00 | **+** 91b. | N/A | |

| | | |
|---|---|---|
| 92. | **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $0.00 |
| | . | |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Blink 79th Holdings Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>24-11753</td></tr>
</table>

☐ Check if this is an
   amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

Be as complete and accurate as possible.

1.     **1.**   **Do any creditors have claims secured by debtor's property?**

       ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules . Debtor has nothing else to report on this form.

       ☒ Yes. Fill in all of the information below.

| **Part 1:** | **List All Creditors with Secured Claims** |
|---|---|

**2.**   **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A**<br>**Amount of claim**<br>*Do not deduct the value of collateral* | **Column B**<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** | **Creditor's name**<br>VARAGON CAPITAL PARTNERS AGENT, LLC<br><br>**Creditor's mailing address**<br>ATTN: PETER P. KNIGHT, MICHAEL HOWALD<br>525 WEST MONROE STREET<br>CHICAGO, IL  60661<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>11/8/2018<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☒ Yes<br>   Specify each creditor, including this creditor, and its relative priority.<br>   MULTIPLE LENDERS IN LENDER GROUP WITH EQUAL PRIORITY | **Describe debtor's property that is subject to a lien**<br>SUBSTANTIALLY ALL ASSETS AND PROPERTY<br><br>**Describe the lien**<br>SENIOR SECURED INTEREST PURSUANT TO CREDIT AND GUARANTY AGREEMENT<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $161,458,478.16 | UNDETERMINED |

**3.**   **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $161,458,478.16

| Debtor | Blink 79th Holdings Inc | Case number (if known) | 24-11686 |
|---|---|---|---|
| | (Name) | | |

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and Address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for ths entity |
|---|---|---|
| KATTEN MUCHIN ROSENMAN LLP<br>ATTN: PETER KNIGHT<br>525 W MOORE STREET<br>CHICAGO<br>IL, 60661 | Line 2.1 | |
| MORRIS, NICHOLS, ARSHT & TUNNEL LLP<br>ATTN: CURTIS S MILLER<br>1201 N MARKET STREET, 16TH FL<br>WILMINGTON<br>DE, 19899-1347 | Line 2.1 | |

**Fill in this information to identify the case:**

Debtor _____ Blink 79th Holdings Inc. _____

United States Bankruptcy Court for the: _____ District of Delaware _____

Case number _____ 24-11753 _____
(if known)

☐ Check if this is an
amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

**1.** Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).
☐ No. Go to Part 2.
☑ Yes. Go to line 2.

**2.** List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | **Priority creditor's name and mailing address**<br><br>ALIEF I.S.D<br>PO BOX 368<br>ALIEF, TX 77411<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.2 | **Priority creditor's name and mailing address**<br><br>ANN HARRIS BENNETT, TAX ASSESSOR COLLECTOR<br>PO BOX 4622<br>HOUSTON, TX 77210-4622<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.3 | **Priority creditor's name and mailing address**<br><br>CA DEPARTMENT OF TAX & FEE ADMINISTRATION<br>P.O. BOX 942879<br>SACRAMENTO, CA 94279<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| Debtor | Blink 79th Holdings Inc | Case number (if known) | 24-11723 |
| --- | --- | --- | --- |
| | (Name) | | |

| Part 1: | Additional Page |
| --- | --- |

| | | | Total claim | Priority amount |
| --- | --- | --- | --- | --- |

**2.4** | **Priority creditor's name and mailing address**

CALIFORNIA FRANCHISE TAX BOARD
1515 CLAY ST
STE 305
OAKLAND, CA  94612-1445

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: UNKNOWN    Priority amount: UNKNOWN

---

**2.5** | **Priority creditor's name and mailing address**

CITY OF NEWARK-PAYROLL TAX
P.O. BOX 70501
NEWARK, NJ  07101

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: UNKNOWN    Priority amount: UNKNOWN

---

**2.6** | **Priority creditor's name and mailing address**

DELAWARE DIVISION OF CORPORATIONS
PO BOX 898
DOVER, DE  19903

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: UNKNOWN    Priority amount: UNKNOWN

---

**2.7** | **Priority creditor's name and mailing address**

DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA  19101-7346

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: UNKNOWN    Priority amount: UNKNOWN

---

**2.8** | **Priority creditor's name and mailing address**

FLORIDA DEPARTMENT OF REVENUE
5050 W. TENNESSEE ST
TALLAHASSEE, FL  32399

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: UNKNOWN    Priority amount: UNKNOWN

| Debtor | Blink 79th Holdings Inc | Case number (if known) | 24-11686 |
|---|---|---|---|
| | (Name) | | |

| Part 1: | Additional Page | | Total claim | Priority amount |
|---|---|---|---|---|

**2.9** | **Priority creditor's name and mailing address**

ILLINOIS DEPARTMENT OF REVENUE
15 EXECUTIVE DR STE 2
FAIRVIEW HEIGHTS, IL  62208-1331

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.10** | **Priority creditor's name and mailing address**

LOS ANGELES COUNTY TAX COLLECTOR
KENNETH HAHN HALL OF ADMINISTRATION
500 W TEMPLE STREET
LOS ANGELES, CA  90012

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.11** | **Priority creditor's name and mailing address**

NYC DEPARTMENT OF FINANCE
66 JOHN STREET, ROOM 104
NEW YORK, NY  10038

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.12** | **Priority creditor's name and mailing address**

NYS DEPARTMENT OF TAXATION AND FINANCE
PO BOX 5300
ALBANY, NY  12205-0300

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.13** | **Priority creditor's name and mailing address**

PENNSYLVANIA DEPARTMENT OF REVENUE
PO BOX 280905
HARRISBURG, PA  17128-0905

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

| Debtor | Blink 79th Holdings Inc | Case number (if known) 24-11686 |
|---|---|---|
| | (Name) | |

| **Part 1:** | **Additional Page** |
|---|---|

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.14 | **Priority creditor's name and mailing address**<br><br>PHILADELPHIA DEPARTMENT OF REVENUE<br>1401 JOHN F. KENNEDY BLVD.<br>PHILADELPHIA, PA  19102<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.15 | **Priority creditor's name and mailing address**<br><br>SBC TAX COLLECTOR<br>268 W. HOSPITALITY LANE, FIRST FLOOR<br>SAN BERNARDINO, CA  92415<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.16 | **Priority creditor's name and mailing address**<br><br>SPRING BRANCH ISD, TAX ASSESSOR<br>PO BOX 19037<br>HOUSTON, TX  77224-9037<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.17 | **Priority creditor's name and mailing address**<br><br>STATE OF NJ - DEPARTMENT OF THE TREASURY - DIVISION OF TAXATION<br>PO BOX 211<br>TRENTON, NJ  08625-0211<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.18 | **Priority creditor's name and mailing address**<br><br>TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>PO BOX 13528<br>AUSTIN, TX  78711-3528<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

Debtor    Blink 79th Holdings Inc.                    Case number (if known) 24-11755
          (Name)

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

Do any creditors have nonpriority unsecured claims? (See 11 U.S.C. § 507).

☑ No.

☐ Yes.

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.    Add the amounts of priority and nonpriority unsecured claims.

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | UNDETERMINED |
| 5b. | Total claims from Part 2 | 5b.   + | NOT APPLICABLE |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | **UNKNOWN** |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Blink 79th Holdings Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 24-11753 |

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules . There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on  *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Blink 79th Holdings Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>24-11753</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors                                     12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

---

**1.  Does the debtor have any codebtors?**

☐ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes.

**2.  In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1  692 BROADWAY FITNESS CLUB, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.2  BERGEN TOWN CENTER FITNESS CLUB, INC | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.3  BLINK 101 W 87TH STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.4  BLINK 1060 W ALAMEDA, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.5  BLINK 1065 6TH AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.6  BLINK 108-14 ROOSEVELT, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.7  BLINK 1134 FULTON, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.8  BLINK 116TH STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.9  BLINK 12201 VICTORY BLVD INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.10  BLINK 125 PARK, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.11  BLINK 125TH STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D<br>☐ E/F<br>☐ G |

Debtor    Blink 79th Holdings Inc.                                Case number (if known)   24-11586

(Name)

| **Additional Page if Debtor Has More Codebtors** |

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply |
| 2.12 BLINK 130 W.G. STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.13 BLINK 16123 BELLFLOWER BLVD., INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.14 BLINK 16TH STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.15 BLINK 18TH AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.16 BLINK 19500 PLUMMER, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.17 BLINK 2192 TEXAS PARKWAY, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.18 BLINK 229 E. FOOTHILL BOULEVARD, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.19 BLINK 2374 GRAND CONCOURSE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.20 BLINK 2465 JEROME INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.21 BLINK 2862 FULTON STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.22 BLINK 287 BROADWAY, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.23 BLINK 2883 3RD AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.24 BLINK 3779 NOSTRAND, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.25 BLINK 56-02 ROOSEVELT, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.26 BLINK 600 THIRD AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.27 BLINK 69TH STREET INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.28 BLINK 78-14 ROOSEVELT, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |

Debtor    Blink 79th Holdings Inc
        (Name)

Case number (if known)

| | Additional Page if Debtor Has More Codebtors | | | |

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply |
| 2.29 | BLINK 8201 BROADWAY, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.30 | BLINK 833 FLATBUSH, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.31 | BLINK 886 BROADWAY, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.32 | BLINK 88TH STREET, INC. (F/K/A BLINK HYLAN BLVD., INC.) | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.33 | BLINK 97-01 NORTHERN BLVD., INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.34 | BLINK 98TH STREET, INC. (F/K/A BLINK 25 BROADWAY, INC.) | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.35 | BLINK 9901 S. ALAMEDA, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.36 | BLINK ABRAMS ROAD INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.37 | BLINK AIRLINE DRIVE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.38 | BLINK AMBOY ROAD INC. (F/K/A BLINK 1239 FULTON, INC.) | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.39 | BLINK ASHLAND AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.40 | BLINK ASHLAND INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.41 | BLINK ATLANTIC AVE LB INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.42 | BLINK ATLANTIC AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.43 | BLINK AVENUE A, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.44 | BLINK BALDWIN, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.45 | BLINK BEACH STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |

Debtor    Blink 79th Holdings Inc    Case number (if known)    24-11688

(Name)

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.46 | BLINK BEDFORD, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.47 | BLINK BELLEVILLE INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.48 | BLINK BISSONNET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.49 | BLINK BRADDOCK AVENUE INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.50 | BLINK BRENTWOOD, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.51 | BLINK BROADWAY MARKETPLACE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.52 | BLINK BROOKHURST, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.53 | BLINK CLIFTON, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.54 | BLINK COMMERCIAL BOULEVARD, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.55 | BLINK COMPANY INTERMEDIATE HOLDCO INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.56 | BLINK COMPTON & CENTRAL AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.57 | BLINK CONCOURSE HOLDINGS, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.58 | BLINK COURTESY PLAZA INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.59 | BLINK DEERWOOD INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.60 | BLINK DIVERSEY, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.61 | BLINK EAST 54TH STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.62 | BLINK EAST ORANGE, INC. (F/K/A BLINK BELLEVILLE, INC.) | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |

Debtor    Blink 79th Holdings Inc.                                   Case number (if known)    24-11686
          (Name)

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.63 | BLINK EAST TREMONT AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.64 | BLINK EIGHTH AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.65 | BLINK FARMERS BOULEVARD INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.66 | BLINK FITNESS FRANCHISING, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.67 | BLINK FITNESS RIALTO INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.68 | BLINK FLATLANDS AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.69 | BLINK FOURTH AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.70 | BLINK FRANKFORD AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.71 | BLINK FULTON STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.72 | BLINK GAGE PARK LLC | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.73 | BLINK GATES, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.74 | BLINK GEORGETOWN INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.75 | BLINK HAWTHORNE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.76 | BLINK HICKSVILLE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.77 | BLINK HIGHWAY 249, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.78 | BLINK HOLDINGS, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.79 | BLINK IRVINGTON INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |

Debtor    Blink 79th Holdings Inc.                    Case number (if known) 24-11523

(Name)

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | **Check all schedules that apply** |
| 2.80 | BLINK ISLANDIA, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.81 | BLINK JAMAICA AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.82 | BLINK JEROME AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.83 | BLINK JOURNAL SQUARE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.84 | BLINK KELLER, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.85 | BLINK KENDALL MARKET PLACE INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.86 | BLINK KENWOOD, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.87 | BLINK KNICKERBOCKER, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.88 | BLINK KWT HOLDCO LLC | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.89 | BLINK LIBERTY AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.90 | BLINK LINDEN, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.91 | BLINK LODI, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.92 | BLINK LONG POINT, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.93 | BLINK MACOMBS ROAD, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.94 | BLINK MELVILLE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.95 | BLINK METROPOLITAN AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.96 | BLINK MIRAMAR PARKWAY INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |

Debtor   Blink 79th Holdings Inc                                    Case number (if known) 24-11686
         (Name)

**Additional Page if Debtor Has More Codebtors**

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply |
| 2.97 | BLINK MYRTLE AVENUE, INC. (F/K/A BLINK 3780 BROADWAY, INC.) | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.98 | BLINK NASSAU STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.99 | BLINK NEWARK, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.100 | BLINK NORMANDIE AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.101 | BLINK NORTH 10TH STREET CORP. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.102 | BLINK NORTH RIVERSIDE LLC | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.103 | BLINK NOSTRAND AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.104 | BLINK NRH, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.105 | BLINK NUTLEY, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.106 | BLINK PACIFIC BOULEVARD, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.107 | BLINK PARSIPPANY, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.108 | BLINK PASSAIC, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.109 | BLINK PATERSON, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.110 | BLINK PERTH AMBOY, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.111 | BLINK PLAINFIELD, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.112 | BLINK RICHMOND ROAD, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.113 | BLINK RIDGELAND AVE., INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |

Debtor    Blink 79th Holdings Inc.    Case number (if known) 24-11629

(Name)

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply |
| 2.114 | BLINK RIVERDALE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.115 | BLINK SELDEN, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.116 | BLINK SER PORTFOLIO, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.117 | BLINK SOUTH ORANGE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.118 | BLINK SOUTHERN BOULEVARD, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.119 | BLINK ST. ANN'S AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.120 | BLINK STEINWAY STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.121 | BLINK STONEBROOK, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.122 | BLINK SUNSET PARK, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.123 | BLINK UNION, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.124 | BLINK UTICA AVENUE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.125 | BLINK VALLEY STREAM, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.126 | BLINK WEBSTER AVENUE, INC. (F\K\A BLINK BOSTON POST ROAD. INC.) | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.127 | BLINK WEST 31ST STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.128 | BLINK WEST 8TH STREET, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.129 | BLINK WEST ISLIP, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |
| 2.130 | BLINK WESTCHASE INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY 10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☑ D ☐ E/F ☐ G |

Debtor    Blink 79th Holdings Inc    Case number (if known)    24-11686

(Name)

**Additional Page if Debtor Has More Codebtors**

| Column 1: Codebtor | | | Column 2: Creditor | |
|---|---|---|---|---|
| **Name** | **Mailing Address** | | **Name** | *Check all schedules that apply* |
| 2.131 | BLINK WHITE PLAINS, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.132 | BLINK WHITMAN, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.133 | BLINK WILLIAMSBRIDGE, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.134 | BLINK WILLINGBORO, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.135 | BLINK WISSINOMING, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |
| 2.136 | CROSS COUNTY FITNESS CLUB, INC. | 45 WEST 45TH STREET, 10TH FLOOR NEW YORK, NY  10036 | VARAGON CAPITAL PARTNERS AGENT, LLC | ☒ D ☐ E/F ☐ G |

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
<tr><td>Debtor</td><td>Blink 79th Holdings Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>24-11753</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors <span style="float:right">12/15</span>

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

<span style="background:black">    </span> **Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  9/9/2024
      MM / DD / YYYY

✖ /s/ Steven Shenker
_____
Signature of individual signing on behalf of debtor

Steven Shenker
_____
Printed name

Chief Restructuring Officer
_____
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor    Blink 79th Holdings Inc.

United States Bankruptcy Court for the:    District of Delaware

Case number    24-11753
(if known)

☐ Check if this is an
   amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

---

## Part 1:   Income

1. **Gross revenue from business**

   ☑ None

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected
   from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

---

## Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days
   before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted
   on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☑ None

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or
   guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than
   $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)
   Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their
   relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing
   agent of the debtor. 11 U.S.C. § 101(31).

   ☑ None

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor,
   sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☑ None

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an
   account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the
   debtor owed a debt.

   ☑ None

---

## Part 3:   Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was
   involved in any capacity-within 1 year before filing this case.

   ☑ None

---

Debtor    Blink 79th Holdings Inc                                    Case number (if known)

(Name)

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

---

## Part 4:    Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

---

## Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

---

## Part 6:    Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

---

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

---

## Part 7:    Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

---

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for :

— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

---

## Part 9:    Personal Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes.  State the nature of the information collected and retained.

---

Debtor    Blink 79th Holdings Inc.
(Name)                                    Case number (if known)

---

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No.  Go to Part 10.
☐ Yes.  Does the debtor serve as plan administrator?

---

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name , or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

---

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

---

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

■ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes.  Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes.  Provide details below.

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes.  Provide details below.

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

---

Debtor    Blink 79th Holdings Inc                          Case number (if known)
         (Name)

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☒ None

---

**26. Books, records, and financial statements**

26a.    List all accountants and bookkeepers who maintained the debtor's books and records within  2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| DAVID PHILLIPPS<br>31 HUDSON YARDS<br>NEW YORK, NY  10001 | From  10/7/2020 | To  5/3/2024 |
| WILLIAM HOLDEN<br>31 HUDSON YARDS<br>NEW YORK, NY  10001 | From  6/10/2024 | To  PRESENT |

26b.    List all firms or individuals who have audited, compiled,  or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| KPMG, LLP<br>P.O.BOX 120001<br>DALLAS, TX  75312-0511 | From  8/12/2022 | To  8/12/2024 |

26c.    List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed .

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| EQUINOX HOLDINGS, INC<br>31 HUDSON YARDS<br>NEW YORK, NY  10001 | |
| KPMG, LLP<br>P.O.BOX 120001<br>DALLAS, TX  75312-0511 | |
| WILLIAM HOLDEN<br>31 HUDSON YARDS<br>NEW YORK, NY  10001 | |

26d.    List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

---

**27. Inventories**

Have any inventories of the debtor's property been taken within  2 years before filing this case?

☒ None

---

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| BLINK HOLDINGS, INC. | 45 WEST 45TH STREET, 10TH FLOOR<br>NEW YORK, NY  10036 | SHAREHOLDER | 100.00% |
| BENJAMIN BALICK | 45 WEST 45TH STREET, 10TH FLOOR<br>NEW YORK, NY  10036 | VICE PRESIDENT, FINANCE | 0.00% |
| EMMANUEL PEARLMAN | 45 WEST 45TH STREET, 10TH FLOOR<br>NEW YORK, NY  10036 | INDEPENDENT DIRECTOR | 0.00% |
| GUY HARKLESS | 45 WEST 45TH STREET, 10TH FLOOR<br>NEW YORK, NY  10036 | PRESIDENT AND BOARD MEMBER | 0.00% |
| STEVEN SHENKER | 640 5TH AVENUE<br>10TH FLOOR<br>NEW YORK, NY  10019 | CHIEF RESTRUCTURING OFFICER | 0.00% |

---

Debtor    Blink 79th Holdings Inc.                                    Case number (if known)    24-11769
         (Name)

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| | | | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| DAVID PHILLIPPS | 31 HUDSON YARDS NEW YORK, NY  10001 | EXECUTIVE VICE PRESIDENT AND CHIEF FINANCIAL OFFICER | From 12/31/2020  To 5/3/2024 |
| EMILY CHILDS | 31 HUDSON YARDS NEW YORK, NY  10001 | VICE PRESIDENT, ACCOUNTING | From 5/3/2024  To 6/23/2024 |
| HARVEY SPEVAK | 31 HUDSON YARDS NEW YORK, NY  10001 | BOARD MEMBER | From 12/18/2018  To 8/2/2024 |
| JEFFREY WEINHAUS | 31 HUDSON YARDS NEW YORK, NY  10001 | EXECUTIVE VICE PRESIDENT AND CHIEF DEVELOPMENT OFFICER | From 12/18/2018  To 6/23/2024 |
| LAUREN WOOD | ADDRESS ON FILE | VICE PRESIDENT, FINANCE AND ASSISTANT SECRETARY | From 8/29/2022  To 4/12/2024 |

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ None

SEE RESPONSE TO SOFA PART 2, QUESTION 4

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|---|---|
| BLINK HOLDINGS II, INC. | 84-4018470 |
| BLINK HOLDINGS, INC. | 27-2776354 |
| RELATED EQUINOX HOLDINGS II, LLC | 20-4188238 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

| Part 14: | Signature and Declaration |
| --- | --- |

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/09/2024.

✘  /s/ Steven Shenker                                             Steven Shenker
    Signature of individual signing on behalf of the debtor       Printed Name

    Chief Restructuring Officer
    Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☑ No
☐ Yes