# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 97 |

**ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), (i) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the Chapter 11 Cases, (ii) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (iii) approving the form of and manner for filing proofs of claim, including any requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, and (iv) approving the form and manner of notice of the Bar Dates; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

31973896.1

the Motion is required except as otherwise provided herein; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors and an appropriate exercise of their business judgment; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

**I. The Proof of Claim Form**

2. The Proof of Claim Form, substantially in the form attached hereto as Exhibit 1, is approved. The Debtors may accept the Proof of Claim Form or Official Form 410 via either hardcopy or the Online Portal, subject only to limitations set forth in this Order.

**II. The Bar Dates and Procedures for Filing Proofs of Claim**

3. Each entity[3] that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original proof of claim, substantially in the form attached hereto as Exhibit 1 (the "**Proof of Claim Form**") or Official Form 410.[4] Specifically, the

---

[3] Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (i) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (ii) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (iii) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (iv) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4] Copies of Official Form 410 may be obtained: (i) by calling the Debtors' restructuring hotline at: (877) 848-5813; (ii) via email to: BlinkFitnessInfo@epiqglobal.com; (iii) online at https://dm.epiq11.com/BlinkFitness; and/or (iv) by visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

following bar dates (each, a "**Bar Date**" or collectively, the "**Bar Dates**," as applicable) are established:

    a.    Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, must be filed so that they are actually received at the addresses and in the form set forth herein before ***11:59 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the later of (i) the date the Debtors file the Schedules with this Court and (ii) the date of entry of the Bar Date Order*** (the "**General Bar Date**"). The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in the Chapter 11 Cases, except for claims specifically exempt from complying with the applicable Bar Dates as set forth in the Motion or this Order.

    b.    Subject to Local Rule 3002-1(a), all governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so they are actually received at the addresses and in the form set forth herein ***on or before 11:59 p.m. (prevailing Eastern Time) on February 10, 2025*** (the "**Governmental Bar Date**").

    c.    If the Debtors amend or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (ii) 11:59 p.m. prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment to the Schedules (the "**Amended Schedules Bar Date**").

    d.    Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (i) the General Bar Date and (ii)(A) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the entry of an order approving the rejection of any

31973896.1

3

executory contract or unexpired lease of the Debtors, or (B) the effective date of rejection (the "**Rejection Damages Bar Date**").

4. All proofs of claim must be filed so as to be actually received by Epiq Corporate Restructuring, LLC ("**Epiq**"), the notice and claims agent retained in the Chapter 11 Cases, on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein).

### III. Parties Required to File Proofs of Claim

5. Except as otherwise set forth herein, the following entities holding claims against the Debtors arising before the Petition Date **are** required to file proofs of claim on or before the applicable Bar Date:

   a. any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of the Chapter 11 Cases or share in any distribution in any of the Chapter 11 Cases;

   b. any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

   c. any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

   d. any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

### IV. Parties Exempted from the Bar Dates

6. The following categories of claimants **shall not** be required to file a proof of claim by the applicable Bar Date:

   a. any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 410;

31973896.1

4

b.   any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.   any entity whose claim has previously been allowed by order of the Court;

d.   any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.   any Debtor having a claim against another Debtor;

f.   any non-Debtor subsidiary having a claim against a Debtor;

g.   any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.   any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[5]

i.   the U.S. Trustee for any fees under 28 U.S.C. § 1930(a)(6);

j.   any landlord counterparty of an executory contract or an unexpired real property lease where such executory contract or unexpired lease has not yet been rejected as of the General Bar Date; provided, further, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amount unless and until such unexpired lease has been rejected;

k.   any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

---

[5] The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

    l.    any entity holding a claim for which a separate deadline is fixed by this Court;

    m.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

    n.    the DIP Agent, the DIP Lenders, the Prepetition Agent and Prepetition Lenders (as such terms are defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Utilize Cash Collateral; (II) Granting Senior Secured Priming Liens and Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to the Prepetition Secured Parties; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 63] and any further interim and final orders related thereto).

**V.**     **Substantive Requirements of Proofs of Claim**

    7.    The following requirements shall apply with respect to filing and preparing each proof of claim:

    a.    <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

    b.    <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

    c.    <u>Original Signatures Required</u>.  Only *original* proofs of claim (whether submitted by hard copy or through the Online Portal available at https://dm.epiq11.com/BlinkFitness) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

    d.    <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the

    individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Blink Holdings, Inc.

e. <u>Claim Against Multiple Debtor Entities</u>.  Each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f. <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to any party in interest upon request no later than ten days from the date of such request.

g. <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***<u>actually</u> <u>received</u>*** by Epiq on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either: (i) electronically through the Online Portal (available at **https://dm.epiq11.com/BlinkFitness**) or (ii) by overnight mail, or other hand delivery system, at the following address:

    Blink Holdings, Inc.
    Claims Processing Center
    c/o Epiq Corporate Restructuring, LLC
    10300 SW Allen Blvd.
    Beaverton, OR 97005

or by first class mail to:

    Blink Holdings, Inc.
    Claims Processing Center
    c/o Epiq Corporate Restructuring, LLC
    P.O. Box 4420
    Beaverton, OR 97076-4420

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h. <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their hard copy proofs of claim were received by Epiq must submit (i) a

copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

## VI. Identification of Known Creditors

8. The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## VII. Procedures for Providing Notice of the Bar Date

### A. Service of Bar Date Notices

9. The Bar Date Notice, substantially in the form attached hereto as Exhibit 2 is approved.

10. As soon as reasonably practicable after the later of (i) entry of the Bar Date Order and (ii) filing of the Schedules, the Debtors shall cause the Bar Date Notice and the Proof of Claim Form (collectively, the "**Bar Date Package**") to be mailed via first class mail to the following entities:

    a. the U.S. Trustee;

    b. counsel to the official committee of unsecured creditors, if any;

    c. counsel to the Prepetition Agent and DIP Agent;

    d. all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

    e. all entities that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

    f. all entities that have filed proofs of claim in the Chapter 11 Cases as of the date of the Bar Date Order;

    g. all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order;

h.    all entities that are party to executory contracts and unexpired leases with the Debtors;

i.    all entities that have filed pleadings in these Chapter 11 Cases as of the date of entry of the Bar Date Order, whether or not such party has filed a notice of appearance;

j.    all entities that are party to litigation with the Debtors;

k.    all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

l.    all regulatory authorities with jurisdiction over the Debtors' businesses, including environmental and permitting authorities;

m.    the U.S. Attorney's Office for the District of Delaware;

n.    the office of the attorney general for each state in which the Debtors maintain or conduct business;

o.    the Internal Revenue Service;

p.    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

q.    the U.S. Securities and Exchange Commission.

11.    In addition, in lieu of mailing a Bar Date Package to their current members and individuals who were formerly members within the 12 months prior to the Petition Date for whom the Debtors maintain active electronic mail addresses on record (the "**Members**"), other than those Members who are known by the Debtors to have asserted a claim prior to service of the Bar Date Package, the Debtors will cause the Bar Date Package to be sent by electronic mail to such Members.

12.    Any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 410.

13.    After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that:

(i) notices are returned by the post office with forwarding addresses; (ii) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (iii) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the Bar Date (the "**Supplemental Mailing Date**"), with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.  If the Debtors determine after the Supplemental Mailing Date that additional parties should receive the Bar Date Package, then the date by which a Proof of Claim must be filed by any such parties shall be the later of (i) the General Bar Date or the Government Bar Date, as applicable, or (ii) thirty (30) days from the mailing of the Bar Date Package to such additional parties.

14. To the extent that the Debtors close any of their fitness clubs following the expiration of the General Bar Date, resulting in potential member claims that will not be honored in the ordinary course of business by a buyer or other assignee of the Debtors' obligations, the Debtors will amend the Schedules to provide affected members notice of the Amended Schedules Bar Date and an opportunity to submit proofs of claim consistent with the terms of this Order.

### B. Publication of Bar Date Notice

15. The Publication Notice, substantially in the form attached hereto as <u>Exhibit 3</u>, is approved.

16. The Debtors shall cause the Publication Notice to be published on one occasion in the national edition of the *New York Times* or another nationally circulated newspaper on or before the date that is 21 days before the General Bar Date.

17. The Publication Notice satisfies the notice requirements for creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably

ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.

**VIII.  Consequences of Failure to File a Proof of Claim**

18. Any entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan of reorganization filed in the Chapter 11 Cases, participating in any distribution in the Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

19. Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice to known and unknown creditors of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IX.  Miscellaneous**

20. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

23. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 10th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE