## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 16, 75 & 188** |

### CERTIFICATION OF COUNSEL REGARDING *FURTHER REVISED* PROPOSED ORDER (I) APPROVING (A) KEY EMPLOYEE INCENTIVE PLAN, AND (B) KEY EMPLOYEE RETENTION PLAN; AND (II) GRANTING RELATED RELIEF

On August 15, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for an Order (I) Approving (A) Key Employee Incentive Plan, and (B) Key Employee Retention Plan; and (II) Granting Related Relief* [Docket Nos. 16 & 75] (the "**Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

On September 9, 2024, the Debtors filed the *Notice of Filing of Revised Proposed Order (I) Approving (A) Key Employee Incentive Plan, and (B) Key Employee Retention Plan; and (II) Granting Related Relief* [Docket No. 188]. A proposed form of order approving the Motion and incorporating informal comments from various parties was attached to thereto as Exhibit A (the "**Revised Proposed Order**").

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not defined herein have the meanings set forth in the Motion.

On September 10, 2024, the Court held a hearing (the "**Hearing**") to consider, among other things, the Revised Proposed Order and the relief requested therein. As announced at the Hearing, the Court indicated that it would enter the Revised Proposed Order, subject to certain further revisions being made as set forth on the record. Accordingly, a further revised version of the Revised Proposed Order (the "**Further Revised Proposed Order**") is attached hereto as <u>Exhibit A.</u> For the convenience of the Court and other interested parties, a blackline comparing the Further Revised Proposed Order against the Revised Proposed Order is attached hereto as <u>Exhibit B</u>.

[*Remainder of Page Intentionally Left Blank*]

32066704.1

WHEREFORE, the Debtors respectfully request that the Court enter the Further Revised Proposed Order without further notice or hearing at the Court's convenience.

Dated: Wilmington, Delaware
September 11, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  mnestor@ycst.com
        sgreecher@ycst.com
        amielke@ycst.com
        tpowell@ycst.com
        rlamb@ycst.com
        bcarver@ycst.com

*Counsel to the Debtors and Debtors in Possession*

32066704.1

**EXHIBIT A**

**Further Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 16, 17, 73, 74 & 75 |

### ORDER (I) APPROVING (A) KEY EMPLOYEE INCENTIVE PLAN, AND (B) KEY EMPLOYEE RETENTION PLAN; AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) approving the KEIP and KERP; and (ii) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

no other or further notice is necessary; and that the adoption and implementation of the KERP and

KEIP is supported by the Debtors' business judgment; and after due deliberation thereon; and this

Court having found that the relief herein is in the best interests of the Debtors' estates; and good

and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The KERP and KEIP are each approved on the terms described in the

Motion and on Exhibit B attached thereto.

3.      As a condition of receiving any KERP or KEIP payment, each Eligible

Employee shall be required to execute a release and waiver of claims.

4.      Upon three (3) days' written notice (which may be by email) to counsel for

the official committee of unsecured creditors appointed in the Chapter 11 Cases, the Debtors are

hereby authorized, in their sole discretion, to reallocate any forfeited KERP or KEIP payments to

other non-insider Eligible Employees without need for notice to, or further order of, this Court.

5.      The Debtors are authorized, but not directed, to take all actions necessary

to implement the KERP and the KEIP and to make all payments provided thereunder.

6.      All amounts earned and payable under the KERP and the KEIP shall have

administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for

all purposes in the Chapter 11 Cases and in any other cases under the Bankruptcy Code to which

the Chapter 11 Cases may be converted.

7.      The amount of any unsecured deficiency claim in respect of the Prepetition

Obligations remaining after receipt by the DIP Lenders and Prepetition Secured Parties of the

proceeds of any sale or disposition of DIP Collateral and Prepetition Collateral shall be reduced

by the amount of the sale proceeds paid to satisfy the Debtors' KEIP obligations (as described in

32015039.4

paragraph 23 of the Motion); *provided that*, if the sale proceeds are sufficient to indefeasibly pay the DIP Obligations and Prepetition Obligations in full in cash, Debtors' KEIP obligations shall be paid from the sale proceeds and the Prepetition Obligations shall be reduced by fifty percent (50%) of the amount of such payment.

8.      Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall itself create any right to future employment or entitlements to any Eligible Employee.

9.      Nothing in this Order shall be deemed to authorize the payment of any severance payments to insiders of the Debtors or that are otherwise subject to section 503(c)(1) or (2) of the Bankruptcy Code.

10.      Nothing in this Order:  (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay any claim.

11.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

32015039.4

# **EXHIBIT B**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket ~~No~~Nos. 16, 17, 73, 74 & 75** |

## ORDER (I) APPROVING (A) KEY EMPLOYEE INCENTIVE PLAN, AND (B) KEY EMPLOYEE RETENTION PLAN; AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[~~1~~2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) approving the KEIP and KERP; and (ii) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and

---

[1]  The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' ~~proposed~~ claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the ~~proposed~~ undersigned counsel for the Debtors.

[~~1~~2]  Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

~~32015039.1~~

adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and that the adoption and implementation of the KERP and KEIP is supported by the Debtors' business judgment; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The KERP and KEIP are each approved on the terms described in the Motion and on <u>Exhibit B</u> attached thereto.

3.      As a condition of receiving any KERP or KEIP payment, each Eligible Employee shall be required to execute a release and waiver of claims.

4.      ~~The~~Upon three (3) days' written notice (which may be by email) to counsel for the official committee of unsecured creditors appointed in the Chapter 11 Cases, the Debtors are hereby authorized, in their sole discretion, to reallocate any forfeited KERP or KEIP payments to other non-insider Eligible Employees without need for notice to, or further order of, this Court.

5.      The Debtors are authorized, but not directed, to take all actions necessary to implement the KERP and the KEIP and to make all payments provided thereunder.

6.      All amounts earned and payable under the KERP and the KEIP shall have administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for all purposes in the Chapter 11 Cases and in any other cases under the Bankruptcy Code to which the Chapter 11 Cases may be converted.

7.    The amount of any unsecured deficiency claim in respect of the Prepetition Obligations remaining after receipt by the DIP Lenders and Prepetition Secured Parties of the proceeds of any sale or disposition of DIP Collateral and Prepetition Collateral shall be reduced by the amount of the sale proceeds paid to satisfy the Debtors' KEIP obligations (as described in paragraph 23 of the Motion); *provided that*, if the sale proceeds are sufficient to indefeasibly pay the DIP Obligations and Prepetition Obligations in full in cash, Debtors' KEIP obligations shall be paid from the sale proceeds and the Prepetition Obligations shall be reduced by fifty percent (50%) of the amount of such payment.

8.    7. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall itself create any right to future employment or entitlements to any Eligible Employee.

9.    8. Nothing in this Order shall be deemed to authorize the payment of any severance payments to insiders of the Debtors or that are otherwise subject to section 503(c)(1) or (2) of the Bankruptcy Code.

9. Notwithstanding anything in the Motion or herein to the contrary, this Order and any payments made or permitted to be made hereunder, shall be subject in all respects to any interim or final order approving the use of cash collateral and/or postpetition financing, including, without limitation, any budget approved in connection therewith.

10.    Nothing in this Order:  (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity,

priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay any claim.

11.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.