**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 158<br><br>Obj. Deadline: September 26, 2024 at 4:00 p.m. (ET) |

**DECLARATION OF DISINTERESTEDNESS OF FTI CONSULTING (SC) INC. PURSUANT TO THE ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, Rose Temple declares as follows:

1. I am a Managing Director of FTI Consulting (SC) Inc., located at 555 12th Street NW, #700, Washington DC 20004 (the "**Firm**").

2. Blink Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide strategic communications services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases. The Firm, however, does not perform services for any such person in connection with the Chapter 11 Cases, or have any relationship

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.

5. Neither I nor any principal, partner, director, officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. The Firm's current customary hourly rates, subject to change from time to time, are between $420-$1,130.  In the normal course of business, the Firm revises its regular hourly rates and advises that, effective October of each year, the aforementioned rates will be revised to the regular hourly rates that will be in effect at that time.

8. The Debtors do not owe the Firm for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532. As of the Petition Date, which was the date on which the Debtors commenced the Chapter 11 Cases, the Firm was party to an agreement for indemnification with certain of the Debtors.  The Debtors have agreed to indemnify the Firm, and hold the Firm harmless against any and all claims by third parties for losses, damages or liabilities, including reasonable attorney's fees and expenses

("**Losses**"), arising in any manner out of or in connection with the agreement, unless it is finally judicially determined that such Losses resulted from the gross negligence or willful misconduct of the Firm.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2024              /s/ *Rose Temple*
                                            Rose Temple