## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 350** |

## CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED ORDER APPROVING THE STALKING HORSE BID PROTECTIONS

On September 10, 2024, the Debtors filed the *Notice of Filing of Stalking Horse Supplement* [Docket No. 350] (the "**Notice**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").[2]  A proposed form of order approving the Stalking Horse APA was attached thereto as Exhibit C (the "**Proposed Order**").  The deadline to file objections or otherwise respond to the Notice was established as September 13, 2024 at 4:00 p.m. (ET) (as may have been extended by the Debtors, the "**Objection Deadline**").

Prior to the Objection Deadline, the Debtors received informal comments from the official committee of unsecured creditors (the "**Committee**") and the "Required Lenders" under and as defined in the DIP Credit Agreement (the "**Required DIP Lenders**" and together with the Committee, collectively, the "**Responding Parties**").  No other formal or informal responses or objections to the Motion were received.

---

[1]     The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Notice.

Following discussions with the Responding Parties, the Debtors have agreed to a revised form of order (the "**Revised Proposed Order**"), a copy of which is attached hereto as <u>Exhibit A</u>, which, among other things, resolves the Responding Parties' comments. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as <u>Exhibit B</u>.

*[Remainder of page intentionally left blank]*

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, and the Responding Parties do not object to entry of the Proposed Order on the terms set forth herein, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's convenience.

Dated: Wilmington, Delaware
       September 16, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
       sgreecher@ycst.com
       amielke@ycst.com
       tpowell@ycst.com
       rlamb@ycst.com
       bcarver@ycst.com

*Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

### **Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 81, 348** |

## ORDER APPROVING THE STALKING HORSE BID PROTECTIONS

Upon the *Notice of Filing of Stalking Horse Supplement* (the "**Notice**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed in accordance with paragraph 6 of the Bidding Procedures Order, seeking entry of an order (this "**Order**") approving the Bid Protections; and this Court having jurisdiction to consider the Notice and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Notice and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having scheduled a hearing to consider the Notice in accordance with the Bid Procedures Order; and this Court having reviewed the Notice and any and all evidence submitted in support of the Bid Protections; and this Court having held a hearing to consider the relief requested in the Notice; and all objections, if any, to the Bid Protections having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Notice and applicable

---

[1]   The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Notice.

evidence submitted in connection therewith establish just cause for the relief granted herein; and it appearing that the Bid Protections are warranted and should be awarded as being in the best interest of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Bid Protections set forth in the Stalking Horse APA are approved as set forth herein.

2.       The Debtors' obligations to pay the Bid Protections to the Stalking Horse Bidder, as set forth in and to the extent payable under the Stalking Horse APA, is (a) an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b)(1)(A) of the Bankruptcy Code, (b) of substantial benefit to the Debtors' estates, (c) reasonable and appropriate, and (d) necessary to ensure that the Stalking Horse Bidder will continue to pursue its proposed acquisition of the Acquired Assets.

3.       The Bid Protections shall be payable in accordance with the terms of section 5.3(a) of the Stalking Horse APA, which are incorporated herein by reference, without further order of the Court, provided, however, that before any payment of the Expense Reimbursement to the Stalking Horse Bidder, the Stalking Horse Bidder shall provide to the advisors to the Official Committee of Unsecured Creditors (the "**Committee**") on a "professional eyes only" basis reasonable documentation of the Expense Reimbursement (including good faith estimates of unbilled amounts), which shall not require time entries and may be (a) in a summary form that includes a brief description of the services provided or other expense incurred, the identity of each individual professional submitting an expense, their hourly rate and the total amount requested by

professional, and (b) redacted or modified to the extent necessary to remove any information subject to the attorney-client privilege, any information constituting attorney work product, or any confidential or commercially sensitive information (and the provision of such documentation shall not constitute any waiver of the attorney-client privilege, any benefits of the attorney work product doctrine, or any privilege or protection from disclosure of such information).  The Committee shall have five (5) Business Days from receipt (the "**Review Period**") to review such documentation for reasonableness.  If the Committee is unable to resolve any objection it may have during the Review Period, it may file an objection (prior to the expiration of the Review Period), and the Court shall determine the dispute.  The Debtors shall pay any undisputed portion of the Expense Reimbursement without further order of the Court and the disputed portion of the Expense Reimbursement shall be escrowed in a segregated account for the sole purpose of paying such disputed portion of the Expense Reimbursement to the extent approved by the Bankruptcy Court.

4.      Notwithstanding anything to the contrary in the final order approving the Debtors' postpetition financing (the "**Final DIP Order**"), the Prepetition Secured Parties and the DIP Secured Parties (each as defined in the Final DIP Order) agree (a) not to submit any credit bid or other bid competing with the bid reflected in the Stalking Horse APA, including an Incremental Bid (as defined in the Bidding Procedures Order), and (b) to support the effectiveness of the Stalking Horse APA, the TSA (as defined in the Stalking Horse APA) and the transactions contemplated thereby (subject to higher and better offers); provided that the Prepetition Secured Parties and DIP Secured Parties reserve the right to submit a credit bid or other bid in the event that (a) the Stalking Horse APA is terminated in accordance with its terms or (b) the Stalking Horse APA or the bid contemplated thereby is amended or modified in a manner materially adverse to the Prepetition Secured Parties and DIP Secured Parties without the prior written consent of the

3

Required DIP Lenders and Required Prepetition Lenders (each as defined in the Final DIP Order), respectively; provided, that any such amendment or modification that changes the terms of the Stalking Horse APA to reduce the cash purchase price shall be deemed material.

5.      Notwithstanding Bankruptcy Rule 6004(h) or any applicable provisions of the Local Rules or otherwise, this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# **EXHIBIT B**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 81, 348** |

### ORDER APPROVING THE STALKING HORSE BID PROTECTIONS

Upon the *Notice of Filing of Stalking Horse Supplement* (the "**Notice**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed in accordance with paragraph 6 of the Bidding Procedures Order, seeking entry of an order (this "**Order**") approving the Bid Protections; and this Court having jurisdiction to consider the Notice and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Notice and the requested relief being a core proceeding pursuant to 28 U.S. C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having scheduled a hearing to consider the Notice in accordance with the Bid Procedures Order; and this Court having reviewed the Notice and any and all evidence submitted in support of the Bid Protections; and this Court having held a hearing to consider the relief requested in the Notice; and all objections, if any, to the Bid Protections having been withdrawn, resolved, or

---

[1]    The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Notice.

overruled; and this Court having determined that the legal and factual bases set forth in the Notice and applicable evidence submitted in connection therewith establish just cause for the relief granted herein; and it appearing that the Bid Protections are warranted and should be awarded as being in the best interest of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Bid Protections set forth in the Stalking Horse APA are approved as set forth herein.

2.      The Debtors' obligations to pay the Bid Protections to the Stalking Horse Bidder, as set forth in and to the extent payable under the Stalking Horse APA, is (a) an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b)(1)(A) of the Bankruptcy Code, (b) of substantial benefit to the Debtors' estates, (c) reasonable and appropriate, and (d) necessary to ensure that the Stalking Horse Bidder will continue to pursue its proposed acquisition of the Acquired Assets. ~~The Bid Protections shall be payable in accordance with the terms of section 5.3(a) of the Stalking Horse APA, which are incorporated herein by reference, without further action or order by the Court.~~

3.      The Bid Protections shall be payable in accordance with the terms of section 5.3(a) of the Stalking Horse APA, which are incorporated herein by reference, without further order of the Court, provided, however, that before any payment of the Expense Reimbursement to the Stalking Horse Bidder, the Stalking Horse Bidder shall provide to the advisors to the Official Committee of Unsecured Creditors (the "**Committee**") on a "professional eyes only" basis reasonable documentation of the Expense Reimbursement (including good faith

estimates of unbilled amounts), which shall not require time entries and may be (a) in a summary form that includes a brief description of the services provided or other expense incurred, the identity of each individual professional submitting an expense, their hourly rate and the total amount requested by professional, and (b) redacted or modified to the extent necessary to remove any information subject to the attorney-client privilege, any information constituting attorney work product, or any confidential or commercially sensitive information (and the provision of such documentation shall not constitute any waiver of the attorney-client privilege, any benefits of the attorney work product doctrine, or any privilege or protection from disclosure of such information).  The Committee shall have five (5) Business Days from receipt (the "**Review Period**") to review such documentation for reasonableness.  If the Committee is unable to resolve any objection it may have during the Review Period, it may file an objection (prior to the expiration of the Review Period), and the Court shall determine the dispute.  The Debtors shall pay any undisputed portion of the Expense Reimbursement without further order of the Court and the disputed portion of the Expense Reimbursement shall be escrowed in a segregated account for the sole purpose of paying such disputed portion of the Expense Reimbursement to the extent approved by the Bankruptcy Court.

4.    3. Notwithstanding anything to the contrary in the final order approving the Debtors' postpetition financing (the "**Final DIP Order**"), the Prepetition Secured Parties and the DIP Secured Parties (each as defined in the Final DIP Order) agree (a) not to submit any credit bid or other bid competing with the bid reflected in the Stalking Horse APA, including an Incremental Bid (as defined in the Bidding Procedures Order), and (b) to support (subject to higher and better offers) the effectiveness of the Stalking Horse APA, the TSA (as defined in the Stalking Horse APA), and the transactions contemplated thereby, (subject to higher and better

3

offers); provided that the Prepetition Secured Parties and DIP Secured Parties reserve the right to submit a credit bid or other bid in the event that (a) the Stalking Horse APA is terminated in accordance with its terms or (b) the Stalking Horse APA or the bid contemplated thereby is amended or modified in a manner materially adverse to the Prepetition Secured Parties and DIP Secured Parties (without the prior written consent of the Required DIP Agent orLenders and Required Prepetition Agent, as applicable).Lenders (each as defined in the Final DIP Order), respectively; provided, that any such amendment or modification that changes the terms of the Stalking Horse APA to reduce the cash purchase price shall be deemed material.

5. 4. Notwithstanding Bankruptcy Rule 6004(h) or any applicable provisions of the Local Rules or otherwise, this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

6. 5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.