**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 350 & 374 |

**CERTIFICATION OF COUNSEL REGARDING *FURTHER REVISED* PROPOSED ORDER APPROVING THE STALKING HORSE BID PROTECTIONS**

On September 10, 2024, the Debtors filed the *Notice of Filing of Stalking Horse Supplement* [Docket No. 350] (the "**Notice**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").[2]

On September 16, 2024, the Debtors filed the *Certification of Counsel Regarding Revised Proposed Order Approving the Stalking Horse Bid Protections* [Docket No. 374] (the "**COC**"). A revised proposed form of order approving the Stalking Horse APA was attached thereto as Exhibit A (the "**Revised Proposed Order**").

Following the filing of the COC, the Court advised the Debtors that it requested certain changes to the Revised Proposed Order. The Responding Parties have discussed and modified the Revised Proposed Order in accordance with the Court's comments. A further revised form of order (the "**Further Revised Proposed Order**") which is attached hereto as Exhibit A,

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Notice or the COC, as applicable.

32110026.1

reflects the requested revisions. For the convenience of the Court and other interested parties, a blackline comparing the Further Revised Proposed Order against the Revised Proposed Order is attached hereto as <u>Exhibit B</u>.

*[Remainder of page intentionally left blank]*

...

WHEREFORE, the Debtors respectfully request that the Court enter the Further Revised Proposed Order without further notice or hearing at the Court's convenience.

Dated: Wilmington, Delaware
       September 20, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Allison S. Mielke*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  mnestor@ycst.com
          sgreecher@ycst.com
          amielke@ycst.com
          tpowell@ycst.com
          rlamb@ycst.com
          bcarver@ycst.com

*Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Further Revised Proposed Order**

32110026.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 81, 348 |

## ORDER APPROVING THE STALKING HORSE BID PROTECTIONS

Upon the *Notice of Filing of Stalking Horse Supplement* (the "**Notice**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed in accordance with paragraph 6 of the Bidding Procedures Order, seeking entry of an order (this "**Order**") approving the Bid Protections; and this Court having jurisdiction to consider the Notice and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Notice and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having scheduled a hearing to consider the Notice in accordance with the Bid Procedures Order; and this Court having reviewed the Notice and any and all evidence submitted in support of the Bid Protections; and this Court having held a hearing to consider the relief requested in the Notice; and all objections, if any, to the Bid Protections having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Notice and applicable

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Notice.

32070813.4

evidence submitted in connection therewith establish just cause for the relief granted herein; and it appearing that the Bid Protections are warranted and should be awarded as being in the best interest of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Bid Protections set forth in the Stalking Horse APA are approved as set forth herein.

2. The Debtors' obligations to pay the Bid Protections to the Stalking Horse Bidder, as set forth in and to the extent payable under the Stalking Horse APA, is (a) an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b)(1)(A) of the Bankruptcy Code, (b) of substantial benefit to the Debtors' estates, (c) reasonable and appropriate, and (d) necessary to ensure that the Stalking Horse Bidder will continue to pursue its proposed acquisition of the Acquired Assets.

3. The Bid Protections (which shall not exceed $3,250,000 on account of the Break-Up Fee and $2,000,000 on account of the Expense Reimbursement) shall be payable in accordance with the terms of section 5.3(a) of the Stalking Horse APA, which are incorporated herein by reference, <u>provided</u>, that payment of the Break-Up Fee shall be subject to the consummation of an Alternative Transaction; <u>provided</u> further, however, that before any payment of the Expense Reimbursement to the Stalking Horse Bidder, the Stalking Horse Bidder shall provide to the advisors to the Official Committee of Unsecured Creditors (the "**Committee**") on a "professional eyes only" basis reasonable documentation of the Expense Reimbursement (including good faith estimates of unbilled amounts), which shall not require time entries and may

be (a) in a summary form that includes a brief description of the services provided or other expense incurred, the identity of each individual professional submitting an expense, their hourly rate and the total amount requested by professional, and (b) redacted or modified to the extent necessary to remove any information subject to the attorney-client privilege, any information constituting attorney work product, or any confidential or commercially sensitive information (and the provision of such documentation shall not constitute any waiver of the attorney-client privilege, any benefits of the attorney work product doctrine, or any privilege or protection from disclosure of such information). The Committee shall have five (5) Business Days from receipt (the "**Review Period**") to review such documentation for reasonableness. If the Committee is unable to resolve any objection it may have during the Review Period, it may file an objection (prior to the expiration of the Review Period), and the Court shall determine the dispute. The Debtors shall pay any undisputed portion of the Expense Reimbursement without further order of the Court and the disputed portion of the Expense Reimbursement shall be escrowed in a segregated account for the sole purpose of paying such disputed portion of the Expense Reimbursement to the extent approved by the Bankruptcy Court.

4. Notwithstanding anything to the contrary in the final order approving the Debtors' postpetition financing (the "**Final DIP Order**"), the Prepetition Secured Parties and the DIP Secured Parties (each as defined in the Final DIP Order) agree (a) not to submit any credit bid or other bid competing with the bid reflected in the Stalking Horse APA, including an Incremental Bid (as defined in the Bidding Procedures Order), and (b) to support the effectiveness of the Stalking Horse APA, the TSA (as defined in the Stalking Horse APA) and the transactions contemplated thereby (subject to higher and better offers); provided that the Prepetition Secured Parties and DIP Secured Parties reserve the right to submit a credit bid or other bid in the event

32070813.4

that (a) the Stalking Horse APA is terminated in accordance with its terms or (b) the Stalking Horse APA or the bid contemplated thereby is amended or modified in a manner materially adverse to the Prepetition Secured Parties and DIP Secured Parties without the prior written consent of the Required DIP Lenders and Required Prepetition Lenders (each as defined in the Final DIP Order), respectively; provided, that any such amendment or modification that changes the terms of the Stalking Horse APA to reduce the cash purchase price shall be deemed material.

5. Notwithstanding Bankruptcy Rule 6004(h) or any applicable provisions of the Local Rules or otherwise, this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# **EXHIBIT B**

**Blackline**

32110026.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 81, 348 |

### ORDER APPROVING THE STALKING HORSE BID PROTECTIONS

Upon the *Notice of Filing of Stalking Horse Supplement* (the "**Notice**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed in accordance with paragraph 6 of the Bidding Procedures Order, seeking entry of an order (this "**Order**") approving the Bid Protections; and this Court having jurisdiction to consider the Notice and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Notice and the requested relief being a core proceeding pursuant to 28 U.S. C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having scheduled a hearing to consider the Notice in accordance with the Bid Procedures Order; and this Court having reviewed the Notice and any and all evidence submitted in support of the Bid Protections; and this Court having held a hearing to consider the relief requested in the Notice; and all objections, if any, to the Bid Protections having been withdrawn, resolved, or

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Notice.

32070813.4

overruled; and this Court having determined that the legal and factual bases set forth in the Notice and applicable evidence submitted in connection therewith establish just cause for the relief granted herein; and it appearing that the Bid Protections are warranted and should be awarded as being in the best interest of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Bid Protections set forth in the Stalking Horse APA are approved as set forth herein.

2. The Debtors' obligations to pay the Bid Protections to the Stalking Horse Bidder, as set forth in and to the extent payable under the Stalking Horse APA, is (a) an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b)(1)(A) of the Bankruptcy Code, (b) of substantial benefit to the Debtors' estates, (c) reasonable and appropriate, and (d) necessary to ensure that the Stalking Horse Bidder will continue to pursue its proposed acquisition of the Acquired Assets.

3. The Bid Protections (which shall not exceed $3,250,000 on account of the Break-Up Fee and $2,000,000 on account of the Expense Reimbursement) shall be payable in accordance with the terms of section 5.3(a) of the Stalking Horse APA, which are incorporated herein by reference, ~~without further order of the Court,~~ provided, that payment of the Break-Up Fee shall be subject to the consummation of an Alternative Transaction; provided further, however, that before any payment of the Expense Reimbursement to the Stalking Horse Bidder, the Stalking Horse Bidder shall provide to the advisors to the Official Committee of Unsecured Creditors (the "**Committee**") on a "professional eyes only" basis reasonable documentation of

the Expense Reimbursement (including good faith estimates of unbilled amounts), which shall not require time entries and may be (a) in a summary form that includes a brief description of the services provided or other expense incurred, the identity of each individual professional submitting an expense, their hourly rate and the total amount requested by professional, and (b) redacted or modified to the extent necessary to remove any information subject to the attorney-client privilege, any information constituting attorney work product, or any confidential or commercially sensitive information (and the provision of such documentation shall not constitute any waiver of the attorney-client privilege, any benefits of the attorney work product doctrine, or any privilege or protection from disclosure of such information).  The Committee shall have five (5) Business Days from receipt (the "**Review Period**") to review such documentation for reasonableness.  If the Committee is unable to resolve any objection it may have during the Review Period, it may file an objection (prior to the expiration of the Review Period), and the Court shall determine the dispute.  The Debtors shall pay any undisputed portion of the Expense Reimbursement without further order of the Court and the disputed portion of the Expense Reimbursement shall be escrowed in a segregated account for the sole purpose of paying such disputed portion of the Expense Reimbursement to the extent approved by the Bankruptcy Court.

4. Notwithstanding anything to the contrary in the final order approving the Debtors' postpetition financing (the "**Final DIP Order**"), the Prepetition Secured Parties and the DIP Secured Parties (each as defined in the Final DIP Order) agree (a) not to submit any credit bid or other bid competing with the bid reflected in the Stalking Horse APA, including an Incremental Bid (as defined in the Bidding Procedures Order), and (b) to support the effectiveness of the Stalking Horse APA, the TSA (as defined in the Stalking Horse APA) and

the transactions contemplated thereby (subject to higher and better offers); provided that the Prepetition Secured Parties and DIP Secured Parties reserve the right to submit a credit bid or other bid in the event that (a) the Stalking Horse APA is terminated in accordance with its terms or (b) the Stalking Horse APA or the bid contemplated thereby is amended or modified in a manner materially adverse to the Prepetition Secured Parties and DIP Secured Parties without the prior written consent of the Required DIP Lenders and Required Prepetition Lenders (each as defined in the Final DIP Order), respectively; provided, that any such amendment or modification that changes the terms of the Stalking Horse APA to reduce the cash purchase price shall be deemed material.

5.    Notwithstanding Bankruptcy Rule 6004(h) or any applicable provisions of the Local Rules or otherwise, this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

| Summary report: Litera Compare for Word 11.5.0.74 Document comparison done on 9/20/2024 3:48:14 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://ycstwork.ycst.com/YCST01/32070813/3 ||
| **Modified DMS:** iw://ycstwork.ycst.com/YCST01/32070813/4 ||
| **Changes:** ||
| Add | 6 |
| Delete | 1 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 7 |