**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BLINK HOLDINGS, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: 9/26/24 by 4:00p.m. (ET)**<br><br>**Ref. Docket No. 361** |

**OBJECTION OF K/BTF BROADWAY LLC**
**TO NOTICE OF (I) POTENTIAL ASSUMPTION**
**AND ASSIGNMENT OF EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

K/BTF BROADWAY LLC ("K/BTF" or "Landlord") as successor-in-interest to KRE Broadway Owner LLC ("KRE"), by and through its undersigned counsel, hereby objects (the "Objection") to the Notice of (I) Potential Assumption And Assignment of Executory Contracts And Unexpired Leases And (II) Cure Amounts [ECF 361] (the "Cure Notice"), and in support thereof respectfully states as follows:

## BACKGROUND

1. On August 12, 2024 (the "Filing Date"), Blink Holdings, Inc. and its affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

2. The Debtors have continued in possession of their property and management of their businesses pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.

4887-4234-4424, v. 5

3.     On December 4, 2014, KRE and Blink Hicksville, Inc. ("Blink Hicksville")[2] entered into a lease (the "Lease") for certain premises located in the Broadway Mall, Hicksville, New York.  The Lease is a lease "of real property in a shopping center" for purposes of Section 365(b)(3) of the Bankruptcy Code.

4.     On August 16, 2024, the Debtor filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Granting Related Relief; and (II)(A)Authorizing and Approving the Debtors' Entry Into an Asset Purchase Agreement, (B)Authorizing the Sale of all or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances, (C) Approving the Assumption and Assignment of the Assumed Contracts, and (D) Granting Related Relief* (the "Bidding Procedures Motion") [ECF 81].

5.     Pursuant to the Bidding Procedures Motion, the Debtors sought entry of an order approving the bidding procedures in connection with a sale of all or substantially all of their assets, including an assignment of leases.  On or about September 10, 2024, the Court entered an Order granting the relief requested in the Bidding Procedures Motion [ECF 347]. On September 12, 2024, in accordance with the Bidding Procedures Motion, the Debtors filed the Cure Notice [ECF 361], which lists the Debtors' proposed cure amount (the "Proposed Cure Amount") for the Lease as $22,789.08.

---

[2] Blink Hicksville is one of the affiliates that filed a Chapter 11 petition on the Filing Date.

**OBJECTION AND BASIS THEREFORE**

6. Landlord objects to the Debtors' Proposed Cure Amount for the Lease because the Proposed Cure Amount does not include certain prepetition charges ("Additional Charges") in addition to the base rent.

7. Specifically, the Additional Charges are as follows: (i) $49,313.09 for the cost of additional operating hours over and above the Operating Hours, as defined in Section 7.02(a) of the Lease and (ii) $98.27 for the electric cost of Blink Hicksville's Pylon sign, pursuant to Sections 9.01 and 9.02 of the Lease. Thus, the Additional Charges due under the Lease total $49,411.36, bringing the total cure amount to $72,200.44.

8. Debtor Blink Hicksville has certain additional obligations (not included in the Additional Charges) under the Lease, which the Proposed Cure Amount does not take into consideration. Specifically, the Proposed Cure Amount does not take into consideration the passage of time between the filing of the Cure Notice and the effective date of any assumption and assignment of the Lease by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Lease must require that the Debtors (i) comply with all obligations under the Lease pursuant to Section 365(d)(3) of the Bankruptcy Code pending the actual assumption and assignment of the Lease, and (ii) cure any additional defaults that my occur under the Lease between the date of this Objection and the effective date of any assumption and assignment by the Debtors. *See* Bankruptcy Code § 365(b)(1).

9. Second, the Debtors' Proposed Cure Amount does not include amounts that may become due under the Lease after the Lease is assumed and assigned, but which may relate to the pre-assumption and assignment period. Any order establishing cure amounts in connection with the assumption and assignment of the Lease must provide for the payment of all charges due and/or

3

accrued in the ordinary course under the terms of the Lease, notwithstanding the Debtors' Proposed Cure Amounts.

10. Third, the Lease provides that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims that may not become known until after the assumption and assignment of the Lease (*i.e.*, personal injury claims, damage to the leased premises or shopping center caused by the Debtors or their agents). Any order approving the assumption and assignment of the Lease must provide that the assumption and assignment is pursuant to the terms of the Lease, and that the proposed assignee will continue to be responsible for all such indemnification obligations, regardless of when they arose.

11. Fourth, the Landlord is entitled to certain attorneys' fees and costs under the Lease. These amounts are currently unliquidated because as of the date hereof, Landlord cannot be certain whether the Lease will be assumed and assigned and when such assumption and assignment will occur. The correct cure amount should include all of Landlord's attorneys' fees and costs to which it is entitled under the Lease.

12. Finally, to satisfy the Debtors' burden under Section 365 of the Bankruptcy Code, the Debtors must furnish Landlord with sufficient adequate assurance to determine if the proposed assignee is creditworthy and could be a viable operation of a gym and fitness facility, specifically in the context of higher requirements afforded to counterparties to shopping center leases under Section 365(b)(3) of the Bankruptcy Code.

13. Landlord reserves the right to amend or supplement this Objection on any basis, including, but not limited to, filing a response/objection to the adequate assurance of future performance provided by the proposed assignee, and to object to and contest at any hearing before this Court, any such adequate assurance of future performance by the proposed assignee.

4887-4234-4424, v. 5

WHEREFORE, for all of the foregoing reasons, Landlord respectfully requests that any order entered that establishes cure amounts with respect to the Lease is consistent with the relief requested herein, and that the Court grant Landlord such other and further relief as is just and proper.

Dated:   September 25, 2024

                          CONNOLLY GALLAGHER LLP

                          By: /s/ *Karen C. Bifferato*
                               Karen C. Bifferato (No. 3279)
                               1201 N. Market Street, 20th Floor
                               Wilmington, DE, 19801
                               T.: (302) 888-6221
                               kbifferato@connollygallagher.com

                               and

                               MELTZER, LIPPE, GOLDSTEIN &
                               BREITSTONE, LLP

                               Scott A. Steinberg, Esq. (N.Y. Bar No. 1838218)
                               190 Willis Avenue
                               Mineola, New York, 11501
                               T.: (516) 747-0300
                               ssteinberg@meltzerlippe.com

                               *Attorneys for K/BTF Broadway LLC*