**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No.: 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 361** |

**LIMITED OBJECTION OF CHELSEA W26 LLC TO NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

Chelsea W26 LLC ("Landlord"), by its undersigned counsel, submits this limited objection (the "Objection") to the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* (the "Cure Notice") [ECF No. 361] filed by the above-captioned debtors (collectively, the "Debtors"). In support of this Objection, Landlord respectfully represents as follows:

**RELEVANT BACKGROUND**

1. Landlord and Debtor Blink Eighth Avenue, Inc. ("Tenant") are parties to that certain Lease dated as of April 5, 2013 (as amended, the "Lease") for the premises located on a portion of the ground floor and basement at 308 Eighth Avenue (also known as 260 West 26th Street), New York, New York (the "Leased Premises"). Tenant's obligations under the Lease are guaranteed by Debtor Blink Holdings Inc. ("Guarantor") pursuant to that certain Guaranty of Lease and Agreement executed on March 15, 2013 (the "Guaranty").

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

{00039838. }

2. The Lease provides that Tenant shall pay, among other things, (i) fixed monthly rent and additional rent, (ii) Tenant's proportionate share of property taxes, and (iii) late charges.

3. Tenant is in default of its obligations under the Lease by, *inter alia*, its failure to pay (i) rent in the amount $22,354.84, (ii) its proportionate share of property taxes in the amount of $28,611.61, and (iii) late charges in the amount of $3,701.11. Thus, there is due and owing from Tenant under the Lease the total amount of $54,667.56. Annexed hereto as <u>Exhibit A</u> is a ledger setting forth the amount owed by Tenant under the Lease to date (as may be updated through the effective date of the proposed assumption and assignment of the Lease) (the "<u>Cure Amount</u>").

4. On September 12, 2024, the Debtors filed the Cure Notice, which asserts that the amount to cure defaults under the Lease is $22,354.84 (the "<u>Proposed Cure Amount</u>"). The Proposed Cure Amount is incorrect.

## **CURE OBJECTION**

5. Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly cure, such default…;
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). It is well-settled that, when a debtor elects to assume an executory contract or lease under section 365 of the Bankruptcy Code, it assumes the contract or lease *cum onere*, meaning that the debtor must assume all of the benefits, burdens and obligations attendant thereto. *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531-21 (1984); *In re Klein Sleep Products, Inc.*,

78 F.3d 18, 24 (2d Cir. 1996).  Section 365(b) is designed to ensure that the parties receive the benefit bargained for if a lease or a contract is assumed.  *In re Ionosphere Clubs, Inc.* 85 F.3d 992, 999 (2d Cir. 1996).

6. If there has been a default in an executory contract or unexpired lease, the debtor may not assume such contract or lease unless, at the time of assumption, the debtor: (i) cures, or provides adequate assurance that the debtor will cure, such default, (ii) compensates, or provides adequate assurance of prompt compensation, for any actual pecuniary loss resulting from such default, and (iii) provides adequate assurance of future performance under such contract or lease. 11 U.S.C. § 365(b).  The debtor must cure all defaults whether such defaults occurred pre- or post-petition.  *See In re Network Access Solutions*, *Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

7. Here, the Debtors may not assume and assign the Lease, because the Debtors have failed to satisfy their burden of proof to demonstrate compliance with all of the requirements for assumption and assignment under section 365 of the Bankruptcy Code.  The Debtors do not satisfy the requirement to cure all defaults under the contracts, because the Proposed Cure Payments is incorrect.  The Debtors have not provided any evidence to support the Proposed Cure Amount. On the other hand, the Cure Amount stated by Landlord is supported by the ledger annexed hereto as <u>Exhibit A</u>.

8. The Proposed Cure Amount also does not reflect the Debtors' continuing obligations to pay post-petition rent and other Lease obligations that will accrue under the Lease through the effective date of assumption of the Lease, that are not yet fixed or due.

9. The Proposed Cure Amount also does not take into account Landlord's attorneys' fees relating to its efforts to protect its rights and interests under the Lease, which are provided for under the Lease and applicable law.  *See In re Crown Books Co.,* 269 B.R. 12, 15 (Bankr. D. Del.

{00039838. }                                                                 3

2001) (attorneys' fees are recoverable as part of a cure claim if the lease specifically so provides); *Elkton Assocs. v. Shelco, Inc.*, 107 B.R. 483, 487 (Bankr. D. Del. 1989). A statement of Landlord's attorneys' fees will be provided in connection with the assumption and assignment of the Lease.

10. Lastly, if the Debtors dispute the Cure Amount asserted by Landlord herein and the Court schedules a separate hearing to determine the proper cure amount following the entry of an order approving the assumption of the Lease, Landlord respectfully requests that the Debtors be directed to promptly pay the undisputed portion of the asserted Cure Amount upon entry of any such order pending the resolution of the parties' disputes.

## **RESERVATION OF RIGHTS**

11. Landlord expressly reserves the right to update the asserted Cure Amount, together with other Lease obligations (including attorneys' fees and cost to the extent provided in the Lease) that will accrue or be incurred under the Lease that are not yet fixed or due, through the effective date of any assumption or assumption and assignment of the Lease.

12. Landlord also reserves the right, upon the selection of the winning bidder, to object to the assumption and assignment of the Lease absent the prevailing bidder demonstrating adequate assurance of future performance. To the extent not inconsistent with the arguments raised herein, Landlord joins in the objections of other landlords to the Cure Notice and the sale.

**WHEREFORE**, for all the foregoing reasons, Landlord respectfully requests that this Court sustain this Objection and grant Landlord such other and further relief as the Court deems just and proper.

Wilmington, Delaware
Date: September 25, 2024

**THE ROSNER LAW GROUP LLC**

/s/ *Frederick B. Rosner*
Frederick B. Rosner (No. 3995)
The Rosner Law Group LLC
824 N. Market St., Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
rosner@teamrosner.com

--and--

**RUBIN LLC**
Paul A. Rubin, Esq.
11 Broadway, Suite 715
New York, NY 10004
Telephone: (212) 390-8054
Facsimile: (212) 390-8064
prubin@rubinlawllc.com

*Counsel for Chelsea W26 LLC*