# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.,*[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: November 6, 2024 at 11:00 a.m. (ET)<br>Obj. Deadline: October 9, 2024 at 4:00 p.m. (ET) |

## APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRIS JAMES LLP AS DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO AUGUST 28, 2024

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases hereby submits this Application for the Entry of an Order Authorizing the Retention and Employment of Morris James LLP ("Morris James") as Delaware Counsel to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to the August 28, 2024 (the "Application"). In support of this Application, the Committee relies on the declaration of Eric J. Monzo (the "Monzo Declaration") attached as **Exhibit A** and the declaration of Christie Draves (the "Draves Declaration") attached as **Exhibit B**. In support of the Application, the Committee respectfully represents as follows:

---

[1] Due to the larger number of debtors in these chapter 11 cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the Debtors' counsel.

**JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 1103(a) and 328(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**BACKGROUND**

3. On August 12, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4. The Debtors have continued in the possession of their property and has continued to operate and manage their business as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

5. On August 23, 2024, the United States Trustee for the District of Delaware (the "United States Trustee") filed its notice of appointment of the five (5) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.[2] On August 26, 2024, the Committee selected Kelley Drye & Warren LLP ("Kelley Drye") as its lead counsel and August 28, 2024 Morris James was selected to serve as Delaware counsel.

---

[2] The Committee members are the following: (1) Johnson Health Tech NA, Inc.; (2) Motionsoft, Inc.; (3) FW IL-Riverside/Rivers Edge, LLC; (4) 96 N. 10th Street Holdings LLC; and (5) GS FIT ILL-1 LLC.

**RELIEF REQUESTED**

6.      By this Application, the Committee seeks to retain and employ Morris James, as counsel to the Committee *Nunc Pro Tunc* to August 28, 2024, pursuant to 11 U.S.C. § 328(a) and 1103(a). The Committee understands that Morris James will seek compensation from the Debtors' estates at its regular hourly rates for attorneys and paraprofessionals, and reimbursement of expenses incurred on the Committee's behalf, subject to prior Court approval after notice and a hearing.

7.      The Committee seeks to retain Morris James as its counsel because of Morris James' experience and knowledge in the field of business reorganizations under Chapter 11 of the Bankruptcy Code and because of Morris James' experience and knowledge practicing before this Court.

8.      Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Morris James on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Morris James. The principal attorneys and paralegals presently expected to represent the Committee are as follows:

| **Individual** | **Position** | **Hourly Rate** |
|---|---|---|
| Eric J. Monzo | Partner | $825.00 |
| Brya M. Keilson | Partner | $790.00 |
| Siena B. Cerra | Associate | $390.00 |
| Stephanie Lisko | Paralegal | $365.00 |
| Douglas J. Depta | Paralegal | $365.00 |

9.      The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, typically annually. Other attorneys and paralegals employed by Morris James may from time to time serve the Committee in connection with the matters herein described.

10. These rates are set at a level designed to fairly compensate Morris James for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Morris James will also charge for normal and customary expenses incurred in connection with the Chapter 11 Cases. The expenses charged may include, among other things, ECF charges, telephone and telecopy charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Morris James to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Any such expenses will be recorded in accordance with Morris James' customary practices and will be incurred at the same rates as customarily charged in similar engagements, or as otherwise limited by the Local Rules or any order of the Court.

11. Subject to Court approval, and in consultation with its co-counsel, Kelley Drye, so as to avoid duplication of effort, the professional services that Morris James will render to the Committee include, but shall not be limited to, the following:

   a. providing legal advice and assistance to the Committee in its consultations with the Debtors relative to the Debtors' administration of the Chapter 11 Cases;

   b. reviewing and analyzing all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtors or third parties, advising the Committee as to their propriety, and, after consultation with the Committee, taking appropriate action;

   c. preparing necessary applications, motions, answers, orders, reports, and other legal papers on behalf of the Committee;

   d. representing the Committee at hearings held before the Court and communicating with the Committee regarding the issues raised, as well as the decisions of the Court; and

    e. performing other legal services for the Committee which may be reasonably required in this proceeding.

  12. In addition to the services listed above, Morris James, in accordance with counsel's obligations, will, prior to signing and filing the same, review, in detail, all pleadings, motions, responses, objections, and other documents prepared by co-counsel, and will provide comments thereon. Morris James will assure that any pleadings comply with the Local Rules. Morris James will advise the Committee on matters of Delaware practice and procedure and Delaware law. A Morris James attorney will also personally attend all proceedings before the Court, and will attend meetings in Delaware between the Committee, the Debtors, and/or other parties in interest at which Committee counsel is requested, or required, to be present. Morris James will also, upon identification of such matters, handle any matter (if any) where co-counsel has determined that it has a conflict.

  13. Morris James has conducted a review of potential conflicts with respect to all known creditors and equity holders of the Debtors' estates that have been identified to date by the Debtors. Subject to further review and supplementation as required by Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1, the potential conflicts identified by Morris James' conflict check are listed on **Exhibit 1** to the Monzo Declaration. To the extent required, Morris James will periodically update its disclosures.

  14. To the best of the Committee's knowledge, and except as disclosed herein and in the Monzo Declaration, neither Morris James, nor any of its partners, counsel, or associates, represents any interest adverse to the Debtors, their estates, their creditors, or the Committee, in the matters upon which Morris James is to be engaged. Brya M. Keilson, a Partner at Morris James, was a trial attorney at the Office of the United States Trustee until March 13, 2019. Ms. Keilson did not have any responsibility with these Chapter 11 Cases during her tenure at the United

States Trustee's Office. Jackson Nestor, a son of Michael Nestor, a partner with Young Conaway Stargatt & Taylor, LLP and Debtors' counsel was a summer associate of Morris James and has accepted an offer of employment to work as an associate attorney in the fall of 2025, following completion of law school.  Jackson Nestor will not work on this matter. Morris James is a "disinterested person," as the Committee understands this term to be defined, within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code.

15. To the best of the Committee's knowledge, and except as disclosed in the annexed Monzo Declaration, Morris James has no prior connection with the Debtors, their creditors, or any other party-in-interest, or their respective attorneys or accountants, in the matters upon which it is to be engaged that would in any way disqualify it from representing the Committee.

16. Morris James has indicated a willingness to act as counsel on the Committee's behalf, in accordance with the terms of this Application.

17. The Committee submits that it is necessary to employ Morris James as counsel to ensure that the interests of the Debtors' unsecured creditors are represented adequately in an efficient and effective manner.  The Committee believes that, in light of Morris James' familiarity with the facts of the Chapter 11 Cases, as well as its understanding and knowledge of the Debtors' business issues, and its extensive experience before this Court, Morris James is well-suited to provide legal services to the Committee.

18. Because the Committee requested and retained the services of Morris James on August 28, 2024, the Committee requests that any order entered authorizing such retention be effective as of August 28, 2024.

**NOTICE**

19. Notice of this Application has been given to (i) the United States Trustee; (ii) counsel for the Debtors; and (iii) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

20. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Committee requests entry of an Order substantially in the form attached hereto, authorizing the Committee to retain and employ Morris James as counsel for the Committee, *Nunc Pro Tunc* to August 28, 2024, and granting such other and further relief as is just and proper.

Dated: September 25, 2024

>Respectfully submitted,
>
>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BLINK HOLDINGS, INC., *et al.*
>
>By: _____
>Chairperson of the Official Committee of Unsecured Creditors of Blink Holdings, Inc., *et al.*[3]

---

[3] Under the Bylaws of the Official Committee of Unsecured Creditors of Blink Holdings, Inc., et al., Johnson Health Tech NA, Inc., as Chairperson of the Committee, by and through its representative, has authority to sign documents on behalf of the Committee as appropriate to implement decisions of the Committee made in accordance with the Bylaws.