## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: November 6, 2024 at 11:00 a.m. (ET)**<br>**Objection Deadline: October 16, 2024 at 4:00 p.m. (ET)** |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BLINK HOLDINGS, INC., ET AL., FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF DUNDON ADVISORS LLC AS FINANCIAL ADVISORS EFFECTIVE AS OF AUGUST 27, 2024

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") hereby submits its application (the "Application") for entry of an order authorizing and approving the employment and retention of Dundon Advisers LLC ("Dundon Advisers") as financial advisor to the Committee, effective as of August 27, 2024, pursuant to §§ 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

In support of the Application, the Committee submits the *Declaration of Peter Hurwitz* (the "Hurwitz Declaration"), attached hereto as **Exhibit A**. In further support of the Application, the Committee respectfully states as follows:

---

[1] Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the Debtors' counsel.

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**Background**

4.      On August 12, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

5.      On August 23, 2024, the United States Trustee ("U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in the Debtors' chapter 11 cases (the "Chapter 11 Cases") pursuant to section 1102 of the Bankruptcy Code. (D.I. 83).

6.      On August 27, 2024 (the "Retention Date"), the Committee selected Dundon Advisers as financial advisors to the Committee, subject to Court approval.

7.      The Committee is seeking to retain Dundon Advisers solely with respect to services provided during the pendency of the Chapter 11 Cases.

## Relief Requested

8.      By this Application, the Committee seeks to retain and employ Dundon Advisers pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in the Chapter 11 Cases, *e*ffective as of August 27, 2024.

## The Retention of Dundon Advisers is Warranted

9.      The Committee is familiar with the professional standing and reputation of Dundon Advisers.  The Committee understands and recognizes that Dundon Advisers has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

10.      The services of Dundon Advisers are necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates.  Further, Dundon Advisers is well-qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

11.      Dundon Advisers is a financial advisory firm whose professionals' experience with distressed assets and the bankruptcy process goes back to the 1990s.  Dundon Advisers presently acts or recently acted as financial advisor to: Official Committees of Unsecured Creditors of *1 Global* (S.D. Fla.), *Agera Energy* (S.D.N.Y.), *Aequor Management* (E.D. Tex.), *Aerofarms* (D. Del.), *AfterShock Comics* (C.D. Cal.), *Alamo Drafthouse* (D. Del.), *All American Oil and Gas* (W.D. Tex.), *Allegiance Coal* (D. Del. ), *Alpha Entertainment* (D. Del.), *Alpha Media* (E.D. Va.), *AmeriMark* (D. Del.), *American Virtual Cloud Technologies* (D. Del.), *Aralez Pharmaceuticals* (S.D.N.Y.), *Aztec Shaeffer* (W.D. Tex.), *BeavEx* (D. Del.), *Better Nutritionals* (C.D. Cal.), *Big Village* (D. Del.), *Celadon* (D. Del.), *Comcar* (D. Del.), *Endo Pharmaceuticals* (S.D.N.Y.), *Franks*

*Theatres* (D.N.J.), *Front Sight Management* (D. Nev.), *Fuse Media* (D. Del.), *García Grain Trading* (S.D. Tex.), *Glostation USA* (C.D. Cal.), *Gold's Gym* (N.D. Tex.), *Goodrich Quality Theaters* (W.D. Mich.), *Ho Wan Kwok* (Connecticut), *HyreCar* (D. Del.), *Impresa Aerospace* (D. Del.), *In-Shape* (D. Del.), *iPic* (D. Del.), *Jagged Peak/Trade Global* (D. Nev.), *Juno USA* (D. Del.), *K&W Cafeterias* (M.D.N.C.), *Lannett* (D. Del.), *LaSalle Group* (N.D. Tex.), *LBI Media* (D. Del.), *Lifesize* (S.D. Tex.), *Loot Crate* (D. Del.), *Lucira Health* (D. Del.), *Madison Square Boys & Girls Clubs* (S.D.N.Y.), *Maines Paper & Food* (D. Del.), *Mallinckrodt* (D. Del.), *Matheson* (ED CA), *McClatchy* (S.D.N.Y.), *Meridian Restaurants* (D. Utah), *Miles Keller Trucking* (C.D. Ill.), *Mitchell Gold (D. Delaware), NewAge* (D. Del.), *NG Purvis Farms* (E.D. Va.), *Nova Shurline Wildcat* (D. Del.), *Open Road Films* (D. Del.), *Pear Therapeutics* (D. Del.), *Peer Street* (D. Del.), *Packable* (D. Del.), *Pipeline Foods* (D. Del.), *Platinum Corral* (E.D.N.C.), *Professional Technical Security Services* (N.D. Cal.), *Proteus Heath* (D. Del.), *Quanergy* (D.N.J.), *Remnant Oil Company* (W.D. Tex.), *Rive Gauche Television* (C.D. Cal.), *Rocking M Media* (D. Kan.), *SIW Holdings* (D. Del.), *Slidebelts* (E.D. Cal.), *South American Beef* (SD IA), *Structurlam* (D. Del.) *Studio Movie Grill* (N.D. Tex.), *Sunergy* (E.D. Cal.), *Sungard Availability Services* (S.D. Tex.), *Tehum Care Services, Inc.* (S.D. Tex.), *TOMS King* (N.D. Ohio), *TPC Group* (D. Del.), *Valmiera Glass* (N.D. Ga.), *Vector Launch* (D. Del.), *Video Corporation of America* (D.N.J.), *Volunteer Energy* (S.D. Ohio), *Wave Technologies* (N.D. Cal.), *YogaWorks* (N.D. Tex.), and *YouFit* (D. Del.), and the Ad Hoc Noteholder Group in the *Woodbridge Group of Companies* (D. Del.), the Ad Hoc Group of Consumer and Worker Litigation Claimants in *Hertz* (D. Del.), the Committee of Customers in *Lear Capital* (D. Del.), the Official Committee of Tort Claimants in *PG&E* (N.D. Cal.), the Ad Hoc Group of Individual Victims in *Purdue* (S.D.N.Y.), the Ad Hoc Group of Second Lien Bondholders in *CalPlant* (D. Del.), the Official Committee of Unsecured Commercial Creditors

of the *Roman Catholic Archdiocese of New Orleans* (E.D. La.), the Ad Hoc Group of Equity Security Holders in *RAIT* (D. Del.), and the Ad Hoc Group of Equity Interest Holders in *Voyager* (S.D.N.Y.).  All of the foregoing are highly complex chapter 11 cases.

12.     Dundon Advisers also provides direct services to debtors, individual creditors, and potential asset acquirors in many in-court and out-of-court restructuring proceedings; Dundon Advisers' individual creditor clients have been appointed to scores of official committees of unsecured creditors in many districts since April 2016, and Dundon Advisers has taken an active role in the activities of many of those committees.  Dundon Advisers regularly advises litigation trustees, liquidating trustees, trust administrators, and plan administrators appointed as part of the resolution of chapter 11 cases, and its senior employees regularly act as liquidating trustees, litigation trustees, trust administrators, plan administrators, members of advisory and supervisory bodies for such trustees and administrators, and independent directors or managers of corporations and companies presently or recently in financial distress.  Dundon Advisers also provides financial advisory and investment management services in many non-bankruptcy contexts.

13.     Dundon Advisers' sole affiliate is IslandDundon LLC, and Dundon Advisers keeps the books and records of IslandDundon LLC.  All connections to IslandDundon LLC were reviewed, and would have been revealed by, the same processes that determined connections to Dundon Advisers. Dundon Advisers carries out investment activities for its own account and certain institutional clients.  Dundon Advisers does not presently advise or otherwise participate in its personnel's investment activities for their respective own accounts.  Dundon Advisers was formerly an SEC-registered Registered Investment Advisor but de-registered from such status when it determined the nature of its investment activities had become such as neither to require nor permit renewal of such registration. Dundon Advisers will apply to re-register with the SEC if

and when it determines the same to be required, and will consider such application if and when it determines the same to be permitted but not required. IslandDundon LLC does not presently engage in investment activities. No investment held by Dundon Advisers for its own account or by (to Dundon's knowledge) any of Dundon Advisers' clients or personnel relate to One Table or would be materially affected by any outcome of the Debtors' bankruptcy.

14.     Leadership in the Chapter 11 Cases for Dundon Advisers will be provided by firm Principal Peter Hurwitz and Managing Director Lee Rooney. The Committee's selection of Dundon Advisers as a financial advisor was based upon, among other things: (a) the Committee's need to retain a financial advisory firm to provide advice relevant to the scope of the Committee's mandate; and (b) Dundon Advisers' senior professionals' extensive experience and excellent reputation in providing financial advisory services in chapter 11 cases such as the Chapter 11 Cases.

15.     The Committee determined that Dundon Advisers brought a unique blend of case-specific knowledge, relevant experience, and expertise. The Committee believes that Dundon Advisers' proposed compensation structure is competitive, appropriate, and reasonable in the context of the Chapter 11 Cases.

### Scope of Services

16.     Dundon Advisers will provide such financial advisory services to the Committee as the Committee deems appropriate and feasible in order to advise the Committee in the course of the Chapter 11 Cases, including, but not limited to, the following:

- Assist in the analysis, review, and monitoring of the restructuring process, including, but not limited to, an assessment of the unsecured claims pool and potential recoveries for unsecured creditors;

- Assist in the sales process for the assets of the Debtors;

- Develop a complete understanding of the Debtors' businesses and their valuations;

- Determine whether there are viable alternative paths for the disposition of the Debtors' assets from those currently or in the future proposed by any Debtor;

- Assist the Committee in identifying, valuing, and pursuing estate causes of action, including, but not limited to, relating to prepetition transactions, control person liability, and lender liability;

- Advise the Committee in negotiations with the Debtors and certain of the Debtors' lenders;

- Assist the Committee in reviewing the Debtors' financial reports;

- Review and provide analysis of the present and any subsequently proposed debtor-in-possession financing or use of cash collateral;

- Assist the Committee in evaluating and analyzing avoidance actions, including fraudulent conveyances and preferential transfers;

- Assist the Committee in investigating whether any unencumbered assets at Blink Holdings, Inc., or any of its affiliated Debtors exist;

- Attend meetings and assist in discussions with the Committee, the Debtors, the secured lenders, the U.S. Trustee and other parties in interest and professionals;

- Present at meetings of the Committee, as well as meetings with other key stakeholders and parties;

- Perform such other advisory services for the Committee as may be necessary or proper in these proceedings, subject to the aforementioned scope.

**Professional Compensation**

17.    Section 328(a) of the Bankruptcy Code provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

18.    Subject to the Court's approval, and in accordance with Bankruptcy Code section 328(a), Dundon Advisers proposes to render its services on an hourly fee basis according to its

7

customary hourly rates in effect when the services are rendered.  Dundon Advisers' professionals

will bill for services rendered at their respective current standard hourly rates as set forth below:

| Rank | Standard Hourly Rate |
| --- | --- |
| Principal | $960 |
| Managing Director and Senior Adviser | $850 |
| Senior Director | $755 |
| Director | $700 |
| Associate Director | $590 |
| Senior Associate | $485 |
| Associate | $350 |

Dundon Advisers' next scheduled rate adjustment, set to take effect on July 1, 2025, will not, to

the extent of any increase in rates, take effect with respect to the Chapter 11 Cases without notice

of same, as more particularly set forth in the proposed order.  Non-working travel time is billed at

50% of otherwise applicable rates.

19.     Dundon Advisers will be reimbursed for its reasonable and necessary out-of-pocket

expenses (which shall be charged at cost) incurred in connection with this engagement, such as

travel, lodging, duplicating, research, messenger, and telephone charges.  Dundon Advisers will

charge for these expenses at rates consistent with or discounted to charges made to other Dundon

Advisers clients and subject to the guidelines of the U.S. Trustee.

20.     Dundon Advisers will maintain detailed records of fees and expenses incurred in

connection with the rendering of the financial advisory services described above, in accordance

with applicable rules and guidelines.

21.     In light of the foregoing, the Committee believes that Dundon Advisers' fee

structure is reasonable, market-based, and designed to fairly compensate Dundon Advisers for its

work in the Chapter 11 Cases.

**Disinterestedness; Lack of Adverse Interest**

22.     To the best of the Committee's knowledge and based on the Hurwitz Declaration, the Committee submits that Dundon Advisers is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14).  The Committee submits that Dundon Advisers currently neither holds nor represents any interest adverse to the Debtors' estates or the Committee, except as set forth in the Hurwitz Declaration.  Further, except as set forth in the Hurwitz Declaration, Dundon Advisers has no connection with any Debtors, creditor, other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

23.     Dundon Advisers has not, and will not, while employed by the Committee, represented any other entity having an adverse interest in connection with the Chapter 11 Cases.

24.     The Committee has been informed that Dundon Advisers is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise.  To the extent that Dundon Advisers discovers any connection with any interested party or enters into any new relationship with any interested party, Dundon Advisers will promptly supplement its disclosure to the Court.

**Request for Approval of Retention of Dundon Advisers Effective as of the Retention Date**

25.     The Committee submits that the employment of Dundon Advisers on the terms and conditions set forth herein is in the best interests of the Committee and its constituency.  The Committee requests that Dundon Advisers' retention be made effective as of August 27, 2024, in order to allow Dundon Advisers to be compensated for the work it performed for the Committee as of and following the date it was retained, subject to the Court's consideration and approval of this Application.  Due to the size and complex nature of the Chapter 11 Cases, as well as the expedited schedule occasioned by the Debtors seeking relief during the early stages of the Chapter

11 Cases, there was an immediate need for Dundon Advisers to perform services for the Committee upon its retention and prior to the Court's consideration and approval of this Application. Immediately upon the selection of Dundon Advisers as financial advisor to the Committee on the Retention Date, Dundon Advisers turned its attention to urgent matters including, but not limited to, addressing a variety of issues relating to the Debtors' proposed financing and use of cash collateral and request for approval of bid procedures to govern the sale of substantially all of the Debtors' assets.  The Committee submits that under the circumstances, retroactive approval to August 27, 2024, the date of Dundon Advisers' retention, is warranted.

### Statement Regarding U.S. Trustee Guidelines

26.     In accordance with the U.S. Trustee Guidelines, Dundon Advisers shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Dundon Advisers also intends to make every effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by Dundon Advisers with respect to the Chapter 11 Cases.

### Notice

27.     Notice of this Application shall be given to: (i) the U.S. Trustee; (ii)  counsel to the Debtors; (iii) counsel to the DIP agent; and (iv) those persons who have formally appeared in the Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Committee respectfully submits that no other or further notice of the Application is required.

## **No Prior Request**

28.     No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit B**, authorizing the Committee to employ and retain Dundon Advisers as financial advisor to the Committee, effective as of August 27, 2024, and granting such other and further relief as is just and proper.

Dated: September 25, 2024

<div style="margin-left:40%">

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BLINK HOLDINGS, Inc., *et al.*

By: _____

Chairperson of the Official Committee of Unsecured Creditors of Blink Holdings, Inc. *et al.*[2]

</div>

---

[2]    Under the Bylaws of the Official Committee of Unsecured Creditors of Blink Holdings, Inc., et al., Johnson Health Tech NA, Inc., as Chairperson of the Committee, by and through its representative, has authority to sign documents on behalf of the Committee as appropriate to implement decisions of the Committee made in accordance with the Bylaws.