# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*, [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: 9/26/2024 @ 4:00pm (ET)**<br><br>Re: D.I. 361 |

## LIMITED OBJECTION OF THIRD AVENUE TOWER OWNER LLC TO DEBTORS' NOTICE OF ASSUMPTION OF LEASE/EXECUTORY CONTRACT - NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS

Third Avenue Tower Owner LLC (the "Landlord"), by and through its undersigned counsel, submits this Limited Objection (the "Objection") to the *Debtors' Notice of Assumption of Lease/Executory Contract - Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [D.I. 361] (the "Cure Notice") filed by the above-captioned Debtors (collectively, the "Debtors"). In support of its Objection, Landlord respectfully states as follows:

### RELEVANT BACKGROUND

1. Landlord and Debtor Blink 600 Third Avenue, Inc. (the "Tenant") are parties to a lease agreement (as amended, the "Lease") dated March 26, 2012, for the property located at 600 Third Avenue, Portion of the Ground Floor, Cellar and Sub-Cellar, New York, New York. (the "Premises").[2]

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

[2] A copy of the Lease with amendments will be provided to parties in interest upon written request therefor.

{00039758. }

2. The Lease provides that Tenant shall pay Landlord, without limitation, the following amounts:

    (i) Fixed Annual Rent;

    (ii) Additional Guaranteed Fixed Rent;

    (iii) Common Facilities Charge as Additional Rent;

    (iv) Utility Service Charges as Additional Rent;

    (v) Tax escalations as Additional Rent;

    (vi) Interest and late fee on Past Due Rent as Additional Rent; and

    (vii) Attorneys' fees as Additional Rent.

3. To provide credit support for the Lease, Landlord obtained two separate guaranties as follows: (a) Guaranty by Blink Holdings, Inc., dated March 26, 2012, and (b) Guaranty by Equinox Holdings, Inc., dated March 26, 2012 (the "Equinox Guaranty"). Significantly, the Equinox Guaranty is between Equinox Holdings, Inc. and Landlord. None of the Debtors is a party to the Equinox Guaranty. Further, Equinox agreed that the Equinox Guaranty is not affected and remains in full force and effect notwithstanding the assignment of the Lease or any bankruptcy by Blink.[3]

4. Tenant defaulted pre-petition on its obligations under the Lease by, *inter alia*, failing to make the rent payment due on August 1, 2024 as well as other Additional Rents due

---

[3] The Equinox Guaranty provides in relevant part:

"Guarantor hereby expressly agrees that this Guaranty shall be a continuing guaranty and that the validity of this Guaranty and the obligations and liability of Guarantor hereunder shall in no way be terminated, affected, diminished or impaired by reason of … b) any assignment of the Lease… or (g) any bankruptcy, insolvency, reorganization, arrangement, assignment for the benefit of creditors, receivership or trusteeship affecting Tenant or Tenant's successors or assigns whether or not notice thereof is given to Guarantor, or (h) any matter or thing whatsoever, whether or not specifically mentioned herein, other than full payment and performance of all Tenant's obligations under the Lease."

under the Lease. As of the date hereof, the total amount of unpaid obligations is not less than $ $500,824.21 (not including attorneys' fees). A spreadsheet setting forth the amounts owed to date is attached hereto as **Exhibit A** (Landlord reserves the right to amend the Cure Amount through the effective date of the proposed assumption and assignment, the "Cure Amount").

5. The Cure Notice provides that the Proposed Cure Amount is $63,190.94. Landlord disputes this amount.

## CURE OBJECTION

6. The Bankruptcy Code requires that all payments due and owing under the Lease be cured prior to assumption of the Lease. Accordingly, any Order establishing a cure amount in connection with the assumption or assumption and assignment of the Lease must expressly provide for payment in full of all amounts due and owing under the Lease at the time of assumption, as well as the cure of any nonmonetary defaults, to the extent they can be cured.

7. As noted, Landlord objects to the Proposed Cure Amount. To date, the total liquidated amount of all obligations due and owing necessary to cure pecuniary defaults under the Lease is not less than $500,824.21(not including attorneys' fees). *See* **Exhibit A**.

8. The Proposed Cure Amount also does not reflect Debtors' continuing obligations to pay post-petition rent and other Lease obligations that will accrue under the Lease through the effective date of assumption of the Lease, that are not yet fixed or due.

9. The Proposed Cure Amount also does not take into account Landlord's attorneys' fees relating to its efforts to protect its rights and interests under the Lease, which are provided for under the Lease and applicable law. *See In re Crown Books Co.,* 269 B.R. 12, 15 (Bankr. D. Del. 2001) (attorneys' fees are recoverable as part of a cure claim if the lease specifically so provides);

{00039758. }

*Elkton Assocs. v. Shelco, Inc.*, 107 B.R. 483, 487 (Bankr. Del. 1989).  A statement of Landlord's attorneys' fees will be provided in connection with the assumption and assignment.

10. Finally, Landlord objects to any attempt by the Debtors to "reject" or in any way affect Landlord's rights under the Equinox Guaranty.

## **RESERVATION OF RIGHTS**

11. Landlord expressly reserves the right to update the asserted Cure Amount, together with other Lease obligations (including attorneys' fees and cost to the extent provided in the Lease) that will accrue or be incurred under the Lease that are not yet fixed or due, through the effective date of any assumption or assumption and assignment of the Lease.

12. Landlord also reserves the right, upon the selection of the winning bidder, to object to the assumption and assignment of the Lease absent the prevailing bidder demonstrating adequate assurance of future performance.  To the extent not inconsistent with the arguments raised herein, Landlord joins in the objections of other landlords to the Cure Notice and the Sale.

**WHEREFORE**, Landlord respectfully requests that the Court enter an order (i) denying the proposed assumption and assignment of the Lease absent payment in full of the Cure Amount and (ii) grant Landlord such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: September 25, 2024
Wilmington, Delaware     **THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE #3995)
Zhao (Ruby) Liu (DE #6436)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone:  (302) 777-1111
rosner@teamrosner.com
liu@teamrosner.com
*Attorneys for Landlord*

{00039758. }