IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>Jointly Administered<br><br>**Re: Docket No. 361** |

**PRELIMINARY OBJECTION TO CURE NOTICE AND SALE
AND RESERVATION OF RIGHTS**

Motionsoft, Inc. ("Motionsoft") hereby objects (the "Preliminary Objection") to the *Notice Of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [D.I. 361] (the "Cure Notice") and the Debtors' proposed sale of substantially all their assets, as follows:

**BACKGROUND**

1.　Motionsoft provides the leading gym management software bundle in the health and fitness industry.

2.　Motionsoft is party to two agreements with Debtors that are critical to their operations. Debtor Blink Holdings, Inc. is a party to that certain Motionsoft Order Form with accompanying Master Service Agreement dated December 12, 2022 (as previously or subsequently amended, restated, modified, or supplemented from time to time, the "Master Service Agreement"). Pursuant to the Master Service Agreement, Motionsoft provides the Debtors gym management software and payment processing services. These services enable the Debtors'

---

[1]　The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

customers to manage their memberships, pay their membership dues and other fees for services, and ensure that the Debtors receive timely payments through ACH payment processing. The Master Service Agreement includes a non-exclusive, non-transferable, revocable, limited license to use Motionsoft's services, including access to Motionsoft's software and other intellectual property.

3. Debtor Blink Fitness Franchising, Inc. ("Blink Franchising") and Motionsoft are parties to that certain Blink Fitness Franchsee Referral Agreement dated June 1, 2020 (as previously or subsequently amended, restated, modified, or supplemented from time to time, the "Franchisee Referral Agreement" and, together with the Master Service Agreement, the "Motionsoft Agreements"). Pursuant to the Franchisee Referral Agreement, Motionsoft agreed to be the exclusive provider of gym management software and payment processing services to the Debtors' franchisees and Blink Franchising receives certain other benefits in return.

4. The complete terms of the Motionsoft Agreements are confidential trade secrets.

5. On August 12, 2024 (the "Petition Date") each of the Debtors commenced a voluntary case (collectively, these "Chapter 11 Cases") under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

6. On September 10, 2024, the Court entered its *Order (I)(A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Granting Related Relief; and (II) (A) Authorizing and Approving the Debtors Entry into an Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially all of the Debtors Assets Free and Clear of All Encumbrances, (C) Approving the Assumption and*

*Assignment of the Assumed Contracts, and (D) Granting Related Relief* [D.I. 348] (the "Sale Procedures Order").

7.  Pursuant to the Sale Procedures Order, the Debtors filed the Cure Notice on September 12, 2024.

8.  In the Cure Notice, the Debtors listed the following with respect to Motionsoft:

| 716 | 24-11686 | BLINK HOLDINGS, INC. | MOTIONSOFT INC<br>ATTN LEGAL DEPT<br>600 UNIVERSITY PARK PL, STE 500<br>BIRMINGHAM, AL 35209 | ORDER FORM DTD 12/14/2022 | $0.00 |
|---|---|---|---|---|---|
| 715 | 24-11686 | BLINK HOLDINGS, INC. | MOTIONSOFT INC<br>ATTN CHIEF FINANCIAL OFFIVER<br>1801 ROCKVILLE AVE, STE 501<br>ROCKVILLE, MD 20582 | STATEMENT OF WORK #BLINKSA572019 DTD 5/28/2019 | $0.00 |
| 714 | 24-11801 | BLINK FITNESS FRANCHISING, INC. | MOTIONSOFT INC<br>ATTN CHIEF FINANCIAL OFFIVER<br>1801 ROCKVILLE AVE, STE 501<br>ROCKVILLE, MD 20582 | STATEMENT OF WORK DTD 4/25/2016 | $466,923.00 |

9.  Motionsoft does not dispute that $466,923 is due on prepetition invoices for services under the Motionsoft Agreements. However, postpetition fees and other recoverable costs, including attorneys' fees, continue to accrue.

10. Moreover, the Debtors do not properly list the Motionsoft Agreements in the Cure Notice and appear to list prior versions of the Master Service Agremeent (contract number 715) and Franchisee Referral Agreement (contract number 714) rather than the current forms of those agreements.

11. Motionsoft files this Preliminary Objection out of an abundance of caution to preserve all rights and claims. Motionsoft has discussed with the Debtors the potential assumption and assignment of the Motionsoft Agreements and hopes to resolve all issues in advance of any sale hearing.

**PRELIMINARY OBJECTION TO CURE NOTICE AND SALE**

A.   *The Debtors Cannot Assume or Assign the Motionsoft Agreements without Motionsoft's Consent*

12.   Pursuant to section 365(c)(1)(A), the Debtors may not assume or assign any executory contract if "applicable law excuses a party, other than the debtor, to such contract …. from accepting performance from or rendering performance to an entity other than the debtor …." The Third Circuit applies the "hypothetical test" under section 365(c)(1)(A). Thus, if a debtor may not assign a contract under applicable law, the debtor may not assume the contract either. *Matter of West Electronics Inc.*, 852 F.2d 79, 82-84 (3d Cir. 1988); *In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015); *In re Allentown Ambassadors, Inc.*, 361 B.R. 422, 447–48 (Bankr. E.D. Pa. 2007); *In re Access Beyond Techs., Inc.*, 237 B.R. 32, 48 (Bankr. D. Del. 1999).

13.   Licenses of intellectual property—such as Motionsoft's copyrighted software—are subject to the restriction in section 365(c)(1)(A) of the Bankruptcy Code. *See In re Catapult Entm't, Inc.*, 165 F.3d 747, 750-51 (9th Cir. 1999); *see also In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (finding debtors cannot assume or assign copyrighted software without licensor's consent); *In re CFLC, Inc.*, 89 F.3d 673, 680 (9th Cir. 1996) ("[F]ederal law governs the assignability of, and because federal law makes [nonexclusive patent licenses] personal and assignable only with the consent of the licensor, the [ ] license is not assumable and assignable in bankruptcy"); *Trump Entertainment*, 526 B.R. at 126 ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable.").[2]

---

[2] Of course, a chapter 11 debtor may assume an executory contract that is otherwise subject to section 365(c)(1) with the non-debtor party's consent. *See* 11 U.S.C. § 365(c)(1)(B).

14. As discussed above, the Motionsoft Agreements provide the Debtors and their franchisees non-exclusive licenses for the use and enjoyment of Motionsoft's copyrighted and patented software and access to Motionsoft's servers and application services environment. Thus, the Debtors may not assume the Motionsoft Agreements without Motionsoft's consent.[3]

15. Motionsoft expressly conditions any assumption or assignment of the Motionsoft Agreements on (a) the Debtors assuming and assigning both Motionsoft Agreements, (b) satisfaction of all sums due and owing to Motionsoft as of the date of assignment, including all fees for services, attorneys' fees, and other recoverable expenses, (c) preservation of all rights of Motionsoft under the Motionsoft Agreements, including all rights of setoff and recoupment and all rights to indemnification regardless of when any such obligations may have arisen, and (d) any other terms necessary for Motionsoft to enjoy the full benefits of the Motionsoft Agreements.

16. Furthermore, the Debtors may not sell all of their gym locations to a single buyer. This may result in a situation where the Debtors or buyers seek to divide access to the Motionsoft software systems and data among multiple parties. Motionsoft objects to any such efforts and reserves all rights with respect to any proposed sale terms. Absent consensual assumption or assignment, the Debtors cannot compel Motionsoft to provide multiple buyers with access to member data or other information stored on Motionsoft's systems. Motionsoft reserves all rights and defenses with respect to any attempt to compel access to Motionsoft's software, systems, or

---

[3] Motionsoft reserves all rights to seek stay relief to terminate the Motionsoft Agreements. *See West Electronics*, 852 F.2d at 83-84 (contract party entitled to stay relief with respect to contract the debtor could not assume under section 365(c)(1)(A)); *Trump Entm't Resorts*, 526 B.R. at 121 ("[C]ause exists for the Court to lift the automatic stay … because the Trademark License Agreement is not assignable absent Trump AC's consent under applicable non-bankruptcy law and thus is not assumable or assignable by the Debtors under Section 365(c)(1) of the Bankruptcy Code."); *In re Rupari Holding Corp.*, 573 B.R. 111, 120 (Bankr. D. Del. 2017) ("[T]he Debtors cannot assign the License Agreement without the consent of [the licensor]. … [T]his provides 'cause' for relief from the automatic stay."); *see also In re Allentown Ambassadors, Inc.*, 361 B.R. 422, 445 (Bankr. E.D. Pa. 2007) ("§ 365(e)(2) overrides subsection (e)(1) if applicable law excuses a party from accepting performance from the trustee or an assignee and the party does not consent to assumption or assignment of the executory contract.").

data without consent and payment of all necessary fees, including fees for data export, the Debtors' unpaid invoices, and attorneys' fees.

**B.**  *The Debtors Must Satisfy all Amounts Due and Owing to Motionsoft*

17. In addition to Motionsoft's consent rights, pursuant to sections 365(b)(1) and (f)(2) of the Bankruptcy Code, a debtor-in-possession that seeks to assume and assign an executory contract must (a) cure, or provide adequate assurance that it will promptly cure, any defaults in the executory contract, (b) compensate the counterparty to the executory contract for any actual pecuniary loss to such party resulting from such defaults, and (c) provide adequate assurance of future performance under such contract.

18. As discussed above, the Debtors have not proposed to pay all amounts that may be due and owing to Motionsoft as a condition to assumption and assignment. Without limitation, as of the Petition Date, the Debtors owe Motionsoft at least $466,923.00 exclusive of interest, attorneys' fees, and other recoverable costs. Motionsoft's cure amounts, including attorneys' fees, interest, and other recoverable costs, continue to accrue.[4] All these amounts must be satisfied as a condition to assuming or assigning the Motionsoft Agreements.

19. Motionsoft further objects to any proposed assumption and assignment of the Motionsoft Agreements unless the proposed buyer assumes all obligations thereunder and provides adequate assurance of future performance. Without limitation, the Motionsoft Agreements include rights of setoff and recoupment and indemnification obligations that any buyer must assume and satisfy regardless of when any such obligations may have arisen. Motionsoft objects to any sale or assignment order that purports to limit Motionsoft's rights and claims against a buyer of Motionsoft Agreements and that does not expressly provide that (a) pursuant to 11 U.S.C. § 365,

---

[4] Motionsoft will provide the Debtors and any proposed buyer further details and itemization of these amounts upon request.

00667039.2                                                6

upon the occurrence of the assignment of the Motionsoft Agreements, the buyer shall be deemed to have assumed all rights, benefits, and liabilities under such Motionsoft Agreements, regardless of the date of accrual thereof, including without limitation any contingent or unliquidated liabilities such as indemnification obligations; (b) Motionsoft's rights, claims, and defenses under the Motionsoft Agreements are fully preserved; and (c) Motionsoft reserves all rights of setoff and recoupment against any buyer, regardless of the date of accrual of any such rights or claims.

## RESERVATION OF RIGHTS

20. Motionsoft will continue to work with the Debtors to resolve all issues raised in this Preliminary Objection, which is filed out of an abundance of caution and to preserve all rights and remedies. Motionsoft reserves the right to supplement this Preliminary Objection to, among other things, provide further detail or calculations of the current amounts due to cure the Debtors' defaults under the Motionsoft Agreements.

21. Motionsoft does not release or waive any claim, right or remedy arising under its agreements, the Bankruptcy Code, or other applicable law. Without limitation, Motionsoft expressly reserves the right to assert that amounts due and owing to Motionsoft are administrative expense claims under section 503 of the Bankruptcy Code and other applicable law.

Dated: September 26, 2024

**COOCH AND TAYLOR, P.A.**

  /s/ *R. Grant Dick IV*
R. Grant Dick IV (No. 5123)
Kevin D. Levitsky (No. 7228)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3867
Facsimile: (302) 984-3989
Email: gdick@coochtaylor.com
          klevitsky@coochtaylor.com

-and-

**BRADLEY ARANT BOULT CUMMINGS LLP**
James B. Bailey, Esquire (admitted *pro hac vice*)
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
Telephone: (205) 521.8913
Email: jbailey@bradley.com

*Counsel for Motionsoft, Inc.*