# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 361** |

## OBJECTION OF 480 SUFFOLK AVENUE, LLC TO PROPOSED CURE AMOUNTS

480 Suffolk Avenue, LLC ("**480 Suffolk**"), by and through its undersigned attorneys, hereby objects (the "**Objection**") to the proposed cure amounts found in the Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts filed on September 12, 2024 [D.I. 361] (the "**Notice**") as it pertains to 480 Suffolk and its agreements with certain of the Debtors (defined below), and respectfully represents as follows:

## RELEVANT PROCEDURAL BACKGROUND

1. On August 12, 2024 (the "**Petition Date**"), the above-captioned Debtors (collectively, "**Debtors**" and each, a "**Debtor**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (this "**Court**").

2. Pursuant to this Court's Order directing the joint administration of the Debtors' chapter 11 cases, the Debtors' chapter 11 bankruptcy cases are consolidated for procedural purposes

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting counsel for the Debtors.

only and jointly administered under Case No. 24-11686 (JKS) [D.I. 48].

3. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No trustee or examiner has been appointed in these chapter 11 cases.

4. On August 23, 2024, the Office of the United States Trustee appointed the Committee of Unsecured Creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 109].

5. In August 2024, the Debtors filed a motion seeking approval of certain bidding procedures for the sale of certain of the Debtors' assets and approval of such sale of such assets [D.I. 81] (the "**Bidding Procedures and Sale Motion**") to the highest or best qualified bidder (the "**Successful Bidder**"). On September 10, 2024, the Court approved the relief requested in the Bidding Procedures and Sale Motion (the "**Order**") [D.I. 348].

6. Pursuant to the Order, on September 12, 2024, the Debtors filed the Notice, which included, *inter alia*, a list of those executory contracts and unexpired leases that the Debtors may potentially assume and assign to the Successful Bidder, as Schedule "A" to the Notice ("**Schedule A**"). *See* Notice. The Lease (defined below), 2022 Guaranty (defined below), and related agreements are included on Schedule A at pages 9-10 (at designated line-item nos. 159, 166, 160, 163, 164, 171, 161, 172, 157, 168, 162 and 165).

### THE LEASE, 2022 GUARANTY AND CURE AMOUNTS

7. 480 Suffolk and Debtor Blink Brentwood, Inc. ("**Blink Brentwood**") are parties to a certain lease agreement dated as of June 20, 2012, as amended and modified by First Amendment to Lease and Rent Commencement Date Agreement dated as of October 5, 2012, as further amended by Rent Commencement Date Agreement dated as of May __, 2013, as further amended and modified by Second Amendment to Lease entered into as of October 25, 2016, as further amended and

modified by Third Amendment to Lease dated as of August 27, 2020, and as further amended and modified by Fourth Amendment to Lease dated as of February 21, 2022 (collectively, the "**Lease**"), for approximately 14,723 square feet of space at the premises located at 480 Suffolk Avenue, Brentwood, New York 11717, located in the Suffolk Plaza Shopping Center in the County of Suffolk and State of New York, Unit 480-1 (the "**Premises**").

8. The current term of the Lease will expire on November 30, 2028.

9. The Lease is a lease "of real property in a shopping center" as that term is used in Bankruptcy Code § 365(b)(3).  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).  Thus, 480 Suffolk is entitled to the protections that Bankruptcy Code § 365(b)(3) grants to landlords of shopping centers.

10. Blink Brentwood has remained in possession of the Premises since the Petition Date.

11. In connection with the Lease and over the years, certain guarantees were executed in favor of 480 Suffolk.  Based on 480 Suffolk's records, the operative guaranty is that certain Guaranty dated as of February 21, 2022 executed by Debtor Blink Holdings, Inc. ("**Blink Holdings**") in favor of 480 Suffolk (the "**2022 Guaranty**")2, which pertains to the Fourth Amendment to Lease dated as of February 21, 2022 (the "**Fourth Lease Amendment**"). .

12. Pursuant to the 2022 Guaranty, Blink Holdings guarantees "absolutely, unconditionally and irrevocably… Base Rent, Additional Rent and any other amounts due under the Lease and the performance of all covenants of the Lease during the Guaranteed Period …."  2022 Guaranty, sec. 1. Further, "Guaranteed Period" means "the period starting with the date of execution of the Fourth Amendment to Lease and ending on [] December 31, 2026." *Id*.  As the Fourth Lease Amendment was executed on February 21, 2022, the "Guaranteed Period" is February 21, 2022

---

2 Copies of the Lease, together with all modifications, amendments, and extensions, and the 2022 Guaranty shall be

through and including December 31, 2026.  *See id.*

13. Further, pursuant to the 2022 Guaranty, Blink Holdings agrees to "indemnify and hold Landlord harmless from and against any and all damages, losses, expenses, liabilities and claims arising from any breach, by Guarantor of its obligations.  Guarantor will also promptly reimburse Landlord for all costs and expenses (including reasonable counsel fees and disbursements) incurred by or on behalf of Landlord in enforcing the obligations or liability of Guarantor.  2022 Guaranty, sec. 6.

14. According to the Notice, the Debtors intend to assume and assign the Lease and the 2022 Guaranty.  While 480 Suffolk does not object to the proposed assumption and assignment of the Lease and 2022 Guaranty at this juncture, 480 Suffolk does object to the Debtors' proposed cure amounts.  As reflected on Schedule "A" to the Notice, the Debtors assert that the "cure cost" for the Lease is $22,278.50, and specifically assigns such cure cost to the Second Amendment to Lease entered into as of October 25, 2016 (the "**Proposed Cure Amount**"), rather than to the existing Lease in its entirety as amended and modified.

15. 480 Suffolk objects to the Proposed Cure Amount as there are pre-petition and post-petition arrearages in excess of $40,000.  This is evidenced by 480 Suffolk's tenant ledger for the Lease as of September 13, 2024 annexed hereto and incorporated by reference as **Exhibit A** (the "**Ledger**").

16. According to the Ledger, as of September 13, 2024, the outstanding arrearages in default are $40,061.60.  *See* Exhibit A.  Therefore, 480 Suffolk states that the cure amount as of September 13, 2024 totals at least $40,061.60 (the **"Actual Cure Amount"**) and that the cure amount applies to the existing Lease and all amendments and modifications thereto, *to wit* the First,

---

made available upon request, subject to any confidentiality requirements.

Second, Third and Fourth Amendments to Lease. The Debtors' intent with respect to the Lease is unclear in that the Debtors specifically assign the Proposed Cure Amount to the Second Amended to Lease, which has since been modified and amended.

17. Accordingly, 480 Suffolk objects to the Proposed Cure Amount of $22,278.50 as set forth on Schedule "A" to the Notice, and assumption and/or assignment of the Lease and the 2022 Guaranty by the Debtors unless and until the Debtors cure all existing defaults in full as required under Bankruptcy Code § 365(b) and unless and until the Debtors confirm that the existing Lease, inclusive of all modifications and amendments thereto, *to wit* the First, Second, Third and Fourth Amendments to Lease, and the obligations under the 2022 Guaranty are assumed.

18. 480 Suffolk further asserts that it is entitled to be reimbursed as part of the Actual Cure Amount for all of its pecuniary losses, including, but not limited to, attorneys' fees and costs expended with regard to the Debtors' bankruptcy cases, Blink Brentwood's and Blink Holdings' defaults and potential assumption and/or assignment of the Lease and the 2022 Guaranty.

19. 480 Suffolk submits that additional amounts may also be due with regard to the Actual Cure Amount, such as year-end adjustments to certain items, including, but not limited to, real estate taxes and common area maintenance charges pursuant to the terms of the Lease, as well as deferred rent arrears under the terms of the Lease. 480 Suffolk expressly reserves the right to assert all year-end adjustments or other amounts that are due and payable under the Lease and/or the 2022 Guaranty, regardless of their accrual or billing date, and amounts not yet known as of the date of this Objection. As some of these charges may be payable in arrears, the amounts due cannot be calculated at this time. Nevertheless, Blink Brentwood and/or Blink Holdings is/are liable for all such charges as they become due under the Lease and the 2022 Guaranty, as applicable.

20. Accordingly, 480 Suffolk requests that the Debtors, including Blink Brentwood and

Blind Holdings, or the Successful Bidder be required to provide adequate assurance that all cure amounts will be paid, along with all year-end adjustments or other amounts that may become due and payable under the Lease and the 2022 Guaranty, and that any assumption of the Lease will include all modifications and amendments thereto, including, but not limited to, those entered into before the Petition Date.

## ARGUMENT

21. Section 365(b)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract of lease, the trustee-
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default;

11 U.S.C. § 365(b)(1).

22. Pursuant to section 365(b)(3) of the Bankruptcy Code, adequate assurance of future performance of a lease of real property in a shopping center includes, but is not limited to, assumption of a lease subject to all the provisions of the lease. *See* 11 U.S.C. § 365(b)(3).

23. Based on the above, the Debtors must first pay 480 Suffolk the Actual Cure Amount, plus any and all additional unpaid charges incurred under the Lease through the effective date of assumption as a condition to such assumption, and the Debtors must provide adequate assurance of performance of all provisions and obligations of the Lease and the 2022 Guaranty, including payment to 480 Suffolk for any and all unbilled charges whether those charges cover pre-petition or pre-assumption periods of time.

24. Further, additional amounts may have accrued or will accrue with regard to the pre-petition and post-petition periods, such as year-end adjustments to various items including, but not limited to, real estate taxes and common area maintenance expenses and deferred rent. Bankruptcy Code § 365(b) requires that a debtor cure all defaults in conjunction with lease assumption. Accordingly, any Order approving the assumption of the Lease and the 2022 Guaranty must provide that, in addition to payment of the Actual Cure Amount, Blink Brentwood and Blink Holdings: (a) shall be liable for any and all unbilled charges even if those charges related to pre-petition or pre-assumption periods; and (b) shall pay any and all year-end adjustments and other charges when due pursuant to the terms of the Lease and the 2022 Guaranty regardless of when the charges accrued.

25. Additionally, the Lease contains indemnity provisions, as follows:

> Notwithstanding anything else contained herein, except to the extent caused by the acts or omissions of Landlord, its agents, employees or contractors, Landlord shall not be liable to Tenant or to Tenant's employees, agents or visitors for injury to person occurring within the Premises or the Common Area during the Term of this Lease from and after the date possession of the Premises is delivered to Tenant, and Tenant shall indemnify and defend Landlord and Landlord's agents, employees and contractors from all actual loss, damage, expense, claims or actions arising out of such injury (including any court costs and attorneys' fees). Notwithstanding anything else contained herein, except to the extent caused by the acts or omissions of Tenant, its agents, employees or contractors, Tenant shall not be liable to Landlord or to Landlord's employees, agents, contractor or visitors for injury to person occurring within the Common Area during the Term of this Lease, and Landlord shall indemnify and defend Tenant and Tenant's agents, employees, contractors and visitors from all actual loss, damage, expense, claims or actions arising out of such injury (including any court costs and reasonable attorneys' fees). The provisions of this Section 13.1 shall survive the termination or expiration of this Lease with respect to any claims or liability occurring prior to such termination or expiration. The foregoing indemnifications of Tenant and Landlord shall specifically exclude consequential damages.

Lease, Section 13.1.

26. Moreover, pursuant to the 2022 Guaranty, Blink Holdings guarantees "absolutely,

unconditionally and irrevocably… Base Rent, Additional Rent and any other amounts due under the Lease and the performance of all covenants of the Lease during the Guaranteed Period ….” 2022 Guaranty, sec. 1. Further, "Guaranteed Period" means "the period starting with the date of execution of the Fourth Amendment to Lease and ending on [] December 31, 2026." *Id*. As the Fourth Lease Amendment was executed on February 21, 2022, the "Guaranteed Period" is February 21, 2022 through and including December 31, 2026. *See id.*

27. Further, pursuant to the 2022 Guaranty, Blink Holdings agrees to "indemnify and hold Landlord harmless from and against any and all damages, losses, expenses, liabilities and claims arising from any breach, by Guarantor of its obligations. Guarantor will also promptly reimburse Landlord for all costs and expenses (including reasonable counsel fees and disbursements) incurred by or on behalf of Landlord in enforcing the obligations or liability of Guarantor. 2022 Guaranty, sec. 6.

28. Thus, any Order approving the assumption of the Lease and the 2022 Guaranty must provide that Blink Brentwood and Blink Holdings, or the Successful Bidder, will remain subject to the terms of the Lease and the 2022 Guaranty, including that Blink Brentwood and Blind Holdings or the Successful Bidder will continue to be responsible for all such indemnification obligations, regardless of when they arose.

**RESERVATION OF RIGHTS**

29. 480 Suffolk hereby reserves all of its rights to amend and/or supplement this Objection, and to make such other and further objections as 480 Suffolk may deem necessary or appropriate, including, but not limited to, assumption and/or assumption and assignment of the Lease and the 2022 Guaranty. 480 Suffolk reserves the right to further object to any modifications or amendments made to the Proposed Cure Amount by the Debtors and to increase or further reconcile

the cure claims set forth herein.

30. This Objection shall not constitute a waiver, discharge, or disallowance of any rights, claims, causes of action or defenses 480 Suffolk has asserted or may assert against the Debtors.

WHEREFORE, for all of the foregoing reasons, 480 Suffolk respectfully requests that any Order entered by this Court authorizing the assumption of the Lease and the 2022 Guaranty be consistent with this Objection and grant 480 Suffolk such other and further relief as the Court deems just and proper.

Dated: September 26, 2024

**COOCH AND TAYLOR, P.A.**

/s/ *R. Grant Dick IV*
R. Grant Dick IV (No. 5123)
Kevin D. Levitsky (No. 7228)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3800
Facsimile: (302) 984-3989
Email: gdick@coochtaylor.com
klevitsky@coochtaylor.com

-and-

**JASPAN SCHLESINGER NARENDRAN LLP**
Sophia A. Perna-Plank *(admitted pro hac vice)*
300 Garden City Plaza, 5th Floor
Garden City, New York 11530
Telephone: (516) 746-8000
Email: spernaplank@jaspanllp.com

*Counsel for 480 Suffolk Avenue, LLC*