# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC, *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: September 30, 2024**<br>**Related Docket Nos.: 81, 361** |

### OBJECTION OF HCL LONG POINT LLC AND BROOKS SHOPPING CENTERS, LLC TO NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS

HCL Long Point, LLC ("HCL") and Brooks Shopping Centers, LLC ("Brooks") (collectively, the "Landlords"), by and through their attorneys, respectfully submit this objection (the "Objection") to the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Dkt. 361] (the "Cure Notice") and reservation of rights with respect to the sale aspect of the Bid Procedures/Sale Motion (as defined below). In support of this Objection, the Landlords respectfully state as follows:

### JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

29805901.1

**BACKGROUND**

2.     On August 12, 2024 (the "Petition Date"), Blink Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") filed voluntary bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the Court.

3.     Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     The Landlords and Debtors are parties to unexpired leases of nonresidential real property (the "Leases") of the following premises (the "Premises"):

| Landlord | Shopping Center | Location |
|---|---|---|
| HCL Long Point LLC | Long Point Shopping Center | Houston, TX |
| Brooks Shopping Centers, LLC | Cross Country Center | Yonkers, NY |

5.     The Premises are located within "shopping centers" as that term is used in Section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6.     On August 16, 2024, the Debtors filed a motion, *inter alia*, to establish procedures governing the potential sale of substantially all of the Debtors' assets and approve the ultimate proposed sale [Dkt. 81] (the "Bid Procedures/Sale Motion").

7.     On September 10, 2024, the Court entered an order granting the bidding procedures aspect of the Bid Procedures/Sale Motion [Dkt. 348] (the "Bidding Procedures Order").

8.     On September 10, 2024, the Debtors filed a notice that they entered into an asset purchase agreement with Pinnacle US Holdings LLC ("Pinnacle") to serve as the proposed stalking horse bidder for substantially all of the Debtors' assets [Dkt. 350], and followed that with an

amended certification of counsel revising proposed bid protections [Dkt. 396], which was entered by the Court on September 12, 2024 [Dkt. 397].

9. On September 12, 2024, the Debtors filed the Cure Notice.

**OBJECTION**

*A.    The Proposed Cure Amounts Are Either Incorrect or Subject to Change*

10. As a condition of any assumption and assignment of the Leases, the Landlords are entitled to have all defaults cured. 11 U.S.C. § 365(b)(1)(A). The Debtors are currently in default under the Leases for failure to pay rent and other charges currently due and owing.

11. The Landlords object to the Proposed Cure Amounts to the extent that they do not reflect the correct cure amounts for the Leases as of the date of assumption (the "Correct Cure Amounts"). While the Proposed Cure Amount for Brooks is accurate as of the date listed in **Exhibit 1** hereto, the Proposed Cure Amount for HCL is not. The Proposed Cure Amounts and the Correct Cure Amounts, exclusive of (i) attorneys' fees and (ii) accrued rent and charges and indemnity obligations, are as listed on **Exhibit 1** hereto. The Correct Cure Amounts are accurate as of the dates listed in **Exhibit 1** hereto, and **Exhibit 1** also includes a detailed statement of HCL's Correct Cure Amount (exclusive of attorneys' fees and accrued rent and charges and indemnity obligations).

*B.    The Proposed Cure Amounts Do Not Include Attorneys' Fees*

12. The Landlords further object to the Proposed Cure Amounts because they do not include attorneys' fees, which the Landlords are entitled to under the Leases. Therefore, attorneys' fees must be included as part of the Landlords' cure amounts as pecuniary losses suffered as a result of the Debtors' defaults, under Section 365(b)(1)(B). *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, 2011 Bankr. LEXIS 2463, at *3 (Bankr. D. Del.

3

June 24, 2011); *see also In re French*, 131 B.R. 138, 141 (Bankr. E.D. Miss. 1991); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Entertainment, Inc.*, 223 B.R. 141, 152-153 (Bankr. N.D. Ill. 1998).

13. Attorneys' fees have been accruing and will continue to increase through any assumption and assignment of the Leases, and the Landlords may seek to supplement this Objection by the time of any proposed assumption and assignment with the current amount of accrued attorneys' fees.

  C. *Any Assumption and Assignment Must Be Cum Onere, And Any Assignee Must Assume Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations*

14. It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.,* 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). The requirement that lease assumptions be *cum onere* applies equally to assignments, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)).

15. Therefore, in the event the Debtors seek to assume and assign the Leases, the Debtors are first obligated to cure all outstanding defaults under the Leases, including the payment of the Correct Cure Amounts, plus attorneys' fees that accrued at the time of assumption and assignment.

16. Further, the Debtors have a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Debtors' proportionate share of certain common area maintenance, real property taxes, water, insurance

premiums and any percentage rent which has accrued, or will accrue under the Leases through any assumption and assignment of the Leases and are not yet due.

17. Additionally, the Proposed Cure Amounts do not include contractual obligations to indemnify the Landlords for events occurring prior to any assumption and assignment of the Leases. The Leases obligate the Debtors to indemnify and hold the Landlords harmless from and against various claims, liabilities and expenses. Any assignee must assume liability for such obligations.

18. The Debtors' obligations to pay this additional rent and charges and to satisfy their indemnity obligations are essential to the Landlords' entitlement pursuant to Section 365(b)(1) of the Bankruptcy Code to adequate assurance of future performance, and are assumed by any assignee *cum onere*. *See In re Interstate Bakeries Corp.*, 167 F.3d 843, 961 (8th Cir. 2014).

19. Therefore, all of these obligations should be assumed by any assignee as part of any assumption and assignment of the Leases in accordance with the requirement that the Landlords receive adequate assurance of future performance under the Leases.

D.   *Any Assumption and Assignment Must Be Supported by Adequate Assurance of Future Performance*

20. The Landlords reserve their rights to object to any proposed assumption and assignment of the Leases to Pinnacle or any other proposed assignee of the Leases absent identification of the exact proposed assignee, strict compliance with the adequate assurance of future performance requirements of Section 365 of the Bankruptcy Code and the Bidding Procedures Order, and the Landlords having sufficient notice and opportunity to be heard regarding any proposed assumption and assignment. The Landlords, through counsel, have requested but not yet received adequate assurance information as it relates to Pinnacle.

## JOINDER AND RESERVATION OF RIGHTS

21.  The Landlords reserve their rights to supplement this Objection and make such other and further objections as they deem necessary or appropriate, including with respect to any amended Proposed Cure Amounts and the proposed order on the sale aspect of the Bid Procedures/Sale Motion.

22.  The Landlords hereby join any other objections filed by the Debtors' landlords to the extent such objections are not inconsistent with the relief sought herein.

**WHEREFORE**, the Landlords respectfully request that the Court enter an order consistent with this Objection and grant the Landlords such other and further relief as this Court deems just and proper.

Dated: September 26, 2024
Wilmington, Delaware

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
LAW OFFICE OF SUSAN E. KAUFMAN, LLC
919 North Market Street, Suite 460
Wilmington, DE 19801
Telephone: (302) 472-7420
Email: skaufman@skaufmanlaw.com

-and-

BARCLAY DAMON LLP

Niclas A. Ferland
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Telephone: (203) 672-2667
Email: nferland@barclaydamon.com

Scott L. Fleischer
1270 Avenue of the Americas, Suite 501
New York, NY 10020
Telephone: (212) 784-5810
Email: sfleischer@barclaydamon.com

*Attorneys for HCL Long Point, LLC and Brooks Shopping Centers, LLC*