### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., et al.,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 361** |

### OBJECTION TO PROPOSED CURE AMOUNT

3560 WPR LLC and 3572 WPR LLC (collectively, the "Landlord"), by its undersigned counsel, submits this objection to the proposed cure amount set forth in the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* filed on September 12, 2024 (Docket No. 361) (the "Notice") as it pertains to that certain lease (the between Landlord and debtor Blink Williamsbridge, Inc. (the "Debtor"), and respectfully represents as follows:

### RELEVANT BACKGROUND

1. On August 12, 2024 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Section 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in these chapter 11 cases.

3. In August 2024, the Debtors filed a motion seeking approval of certain bidding procedures for the sale of certain of the Debtors' assets and approval of such sale of such assets

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors

-1-

[Docket No. 81] (the "Sale Motion") to the highest or best qualified bidder (the "Successful Bidder").

4.  On September 10, 2024, the Court approved the relief requested in the Sale Motion (Docket No. 348) (the "Sale Order"). Pursuant to the Sale Order, on September 12, 2024, the Debtor filed the Notice, which included, a schedule of executory contracts and unexpired leases that may potentially assumed and assigned to the Successful Bidder. The Lease and related agreements are included in said schedule. *See* Notice, Schedule A at lines 119-125.

5.  The Debtor lists the cure amount due under the Lease as being $80,443.75 (the "Proposed Cure Amount"). *See* Notice, Schedule A at line 119.

**The Lease and Cure Amounts**

6.  Landlord and Debtor are parties to a lease agreement dated as of Jul 19, 2013 (the "Original Lease"), as amended on March 28, 2018 (the "Lease Amendment" and collectively with the Original Lease, the "Lease"), for approximately 16,621 square feet of retail space in two buildings located at 3560-3570 White Plains Road, Bronx, New York and 3572-3584 White Plains Road, Bronx, New York (collectively, the "Premises"). Copies of the Original Lease and Lease Amendment are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

7.  The Lease term expires in 2028. *See* Lease at § 2.02.

8.  In 2020, Landlord commenced an action in the Civil Court of the City of New York, Bronx County, Landlord Tenant Division, Index No. 205967/2020 (the "Landlord-Tenant Court Proceeding") alleging certain payment default and arrears due under the Lease.

9.  On or about May 15, 2024, the parties settled the Landlord-Tenant Court Proceeding and entered into a Stipulation of Settlement (the "Stipulation"). A copy of the Stipulation is attached hereto as **Exhibit 3**.

10. Pursuant to the Stipulation, the Debtor agreed that Landlord is owed $423,597.06 for rent and use and occupancy due under the Lease through May 31, 2024. *See* Stipulation at ¶ 2.

11.     As of the Petition Date, the Debtor owes Landlord a total of $453,207.97 (the "Actual Cure Amount"), inclusive of the pre-petition arrears due under the Stipulation, under the Lease. A copy of the rental statement as of August 2024 is attached hereto as **Exhibit 4**.

## OBJECTION

12.     Landlord objects to the Proposed Cure as being insufficient to cure the defaults under the Lease. Further, Landlord objects to any proposed assumption and/or assignment of the Lease unless the Actual Cure Amount is paid in full, on (or before) the date the Lease is assumed.

13.     Section 365(b)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract of lease, the trustee —
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default . . .

11 U.S.C. § 365(b)(1).

14.     Because the Premises is located in a shopping center, Landlord is also entitled to adequate assurance of future performance. Adequate assurance of future performance of a lease of real property in a shopping center includes, but is not limited to, assumption of a lease subject to all the provisions of the lease. *See* 11 U.S.C. § 365(b)(3). Thus, the Debtor must first pay Landlord the Actual Cure Amount **and** all additional unpaid charges incurred under the Lease through the effective date of assumption as a condition to assuming the Lease.

15.     Additional amounts may have accrued or will accrue with regard to the pre-petition and post-petition periods, such as year-end adjustments to various items including, but not limited to, real estate taxes and common area maintenance charges. Section 365(b) of the Bankruptcy Code

requires that a debtor cure all defaults in conjunction with lease assumption. Accordingly, any Order approving the assumption of the Lease must provide that, in addition to payment of the Actual Cure Amount, the Debtor shall be liable for all unbilled charges, regardless of whether those charges arose pre- pr post-petition and all year-end charges and other amounts due under the Lease regardless of when the charges accrued.

## **RESERVATION OF RIGHTS**

16. Landlord reserves all of its rights to amend and/or supplement this Objection, and to make such other and further objections as Landlord deems necessary or appropriate, including, but not limited to, asserting additional objections to the assumption and/or assignment of the Lease. Landlord further reserves the right to modify or supplement the Actual Cure Amount based on any future reconciliation of amounts due under the Lease.

**WHEREFORE**, for all of the foregoing reasons, Landlord requests that any Order entered by this Court authorizing the assumption of the Lease be consistent with this Objection and grant Landlord such other and further relief as the Court deems just and proper.

Dated: September 26, 2024                    Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Morgan L. Patterson (DE Bar # 5388)
1313 North Market Street, Suite 1200
Wilmington, DE, US 19801
Telephone: (302) 252-4320
Email: morgan.patterson@wbd-us.com

-and-

Wojciech F. Jung
David M. Banker
950 Third Avenue, Suite 2400
New York, NY 10022
Telephone: (332) 258-8400
Email: wojciech.jung@wbd-us.com
         david.banker@wbd-us.com

-5-

- and –

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-4779
Email: steele@sillscummis.com

*Counsel for 3560 WPR LLC and 3572 WPR LLC*