IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al*.,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF CREDITOR THE THEATRE BUILDING ENTERPRISES, LLC TO DEBTORS' PROPOSED CURE AMOUNT FOR ASSUMPTION OF UNEXPIRED LEASE FOR PREMISES AT <u>3611 14th AVENUE, SUITE 400, BROOKLYN, NEW YORK</u>**

Landlord-Creditor, The Theatre Building Enterprises, LLC ("Landlord"), as and for its limited objection and reservation of rights pertaining to the Debtors' Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts, respectfully represents as follows:

**Background**

1. Landlord, as landlord, and Debtor Blink Myrtle Avenue, Inc. ("<u>Blink Myrtle</u>"), as tenant, are parties to that certain Retail Lease, entered into as of October 3, 2017 (the "<u>Lease</u>"), for certain leased premises comprised of approximately 14,618 usable square feet on the ground floor and basement of the building located at 55-27 Myrtle Avenue, Ridgewood (Queens), New York (the "Premises").

2. Debtor Blink Holdings, Inc. signed a certain Limited Guaranty of the Lease

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

3. The Lease requires Blink Myrtle to pay certain Base Rent and Additional Rent (collectively "Rent") for Blink Myrtle's share of, *inter alia*, real estate taxes, water usage, late charges and interest, attorneys' fees and other miscellaneous charges as more specifically set forth in the Lease and the accompanying Ledger (as defined below).

4. On August 12, 2024 (the "Petition Date"), the Debtor and its debtor affiliates (the "Debtors") filed voluntary petitions under chapter 11 of Bankruptcy Code.

5. Blink Myrtle defaulted in paying the Rent due under the Lease prior to the Petition Date.

6. The Lease is an unexpired lease subject to Blink Myrtle's assumption or rejection under Bankruptcy Code § 365.

7. On September 12, 2024, the Debtors' filed a Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts (Docket No. 361) (the "Assumption Notice"). The Lease is among the "Other Potentially Assigned Agreements" listed on Schedule A to the Assumption Notice.

8. The "Cure Amount" listed on Schedule A to the Assumption Notice with respect to the Lease is $19,268.69. However, the correct Cure Amount is $50,517.27, which is due and owing under the Lease as more fully set forth on the accompanying Transactions Ledger (the "Ledger") annexed hereto at Exhibit A.

9. Pursuant to the Assumption Notice, any objections to proposed Cure Amount determined by the Debtors must be served and filed by 4:00 p.m. on September 26, 2024.

## Cure Objection

10. Landlord objects to the Assumption Notice because, *inter alia*: (i) it does not schedule the correct Cure Amount for Landlord; (ii) it fails to include all Rent due under the Lease as of the Petition Date; (iii) Debtors have not provided information relating to adequate assurance of future performance by Blink Myrtle; and (iv) the Assumption Notice

does not propose to satisfy Blink Myrtle's cure obligations consistent with § 365(b)(1) of the Bankruptcy Code.

11. Under Bankruptcy Code § 365(b)(1), as a condition to lease assumption, the Blink Myrtle must cure all outstanding defaults and compensate the Landlord for any actual pecuniary loss, including the payment of related attorneys' fees and late fees. *See* 11 U.S.C. §365(b)(1)(B), and *LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R.747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986).

12. As of the Petition Date, and pursuant to the Ledger (annexed hereto at Exhibit A), as of August 12, 2024, Blink Myrtle's monetary Rent arrears for the Premises total $50,517.27, which sum does not include any post-petition Rent, legal fees, expenses and other charges that may be added to the Cure Amount (collectively and in total, "Landlord's Cure Amount").

13. Landlord objects to the Scheduled Cure Amount because (i) it is less than the posted amount of Rent arrears owed by the Blink Myrtle to Landlord as of the Petition Date; (ii) and does not include other damages incurred by the Landlord, including but not limited to late fees, interest, attorneys' fees and expenses.

14. The Lease entitles Landlord to recover attorneys' fees and expenses from Blink Myrtle by reason of Blink Myrtle's default in the observance or performance of any of the terms or, provisions of the Lease [*see e.g.*, Lease § 23.12]. Therefore, attorneys' fees must be included as part of the Landlord's cure amount as pecuniary losses suffered as a result of the Debtor's default, under § 365(b)(1)(B). See *In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, 2011 Bankr. LEXIS 2463, at 3 (Bankr. D. Del.

June 24, 2011); *see also In re French*, 131 B.R. 138, 141 (Bankr. E.D. Miss. 1991); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186, at 25-28 (S.D.N.Y. Apr. 8, 2002); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Entertainment, Inc.*, 223 B.R. 141, 152-153 (Bankr. N.D. Ill. 1998).

15. Consequently, the Scheduled Cure Amount does not reflect, in the aggregate, the actual amount necessary to cure all of Blink Myrtle's defaults under the Lease as required pursuant to Bankruptcy Code § 365 for the Debtor to assume the Lease. *See* 11 U.S.C. § 365(b) (requiring debtor to cure all defaults under executory contracts before they may be assumed).

16. Section 365(b)(1)(C) of the Bankruptcy Code requires the Debtor to provide adequate assurance of any future performance under the Lease.

17. Landlord objects on the grounds that Debtors have not provided adequate assurance of Blink Myrtle's ability to perform its obligations under the Lease, including, but not limited to, its ability to timely pay all Rent due under the Lease.

18. The Landlord reserves it right to amend and/or supplement this Objection, to include, without limitation, attorneys' fees, additional cure amounts as they are determined and/or accrue, and other objections to assumption and assignment regarding any proposed assignee's ability to perform under the Lease.

**WHEREFORE**, Landlord requests that any order entered by the Court approving the assumption and assignment of the Lease require Debtor Blink Myrtle to pay the Landlord's Cure Amount instead of the Debtor's Scheduled Cure Amount, provide adequate assurance of Blink Myrtle's ability to perform its obligations under the Lease, and that the Court grant to Landlord such other and further relief as this Court deems just and proper.

Dated: September 26, 2024
       Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

By: /s/ *Frederick B. Rosner*
Frederick B. Rosner, Esq.
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 319-6301
Email: rosner@teamrosner.com

-and-

**BELKIN BURDEN GOLDMAN, LLP**

By: /s/ Jay B. Solomon
Jay B. Solomon, Esq., admitted pro hac vice
One Grand Central Place
60 E 42nd Street, 16th Floor
New York, New York 10165
Telephone: (212) 867-4466, Ext. 497
Fax: (212) 297-1859
Email: jsolomon@bbgllp.com

*Counsel for The Theatre Building Enterprises, LLC*