## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Blink Holdings Inc., *et al.*,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11686 (KLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: Sept. 26, 2024**<br><br>**Ref. Docket Nos. 361, 348** |

### LIMITED OBJECTION TO THE
### PROPOSED ASSUMPTION AND ASSIGNMENT OF
### CERTAIN AGREEMENTS BETWEEN BLINK FITNESS FRANCISING AND
### PLATINUM GYM ONE, INC. AND PLATINUM GYM TWO, INC.

Platinum Gym One, Inc. ("**Platinum One**") and Platinum Gym Two, Inc. ("**Platinum Two**," and collectively "**Platinum**"), by and through their undersigned counsel, file this limited objection (the "**Limited Objection**") to Debtors' Notice of Potential Assumption and Assignment of Executory Contracts and Leases and Cure Amounts (the "**Notice**"), dated September 12 2024 [D.I. 361] and in support of this Limited Objection, Platinum states:

### BACKGROUND

1.　On August 12, 2024, (the "**Petition Date**") Blink Holdings, Inc. ("**BHI**"), Blink Fitness Franchising, Inc. ("**BFF**") and certain of its affiliates (together with BHI, BFF the "Debtors") filed petitions in the United States Bankruptcy Court for the District of Delaware seeking relief under chapter 11 of the United States Bankruptcy Code.

1

2. On August 16, 2024, the Debtors filed a motion seeking approval of certain bidding procedures, notice and assumption and assignment procedures, and authorization of a sale of substantially all of the Debtors' assets to the Successful Bidder at a proposed auction.

3. On September 12, 2024, the Debtors served the Notice. Schedule A to the Notice includes the following agreements between Blink Fitness Franchising and Platinum One or Platinum Two: 1) 2nd Amendment To Development Rights Agreement Dtd 10/31/2017 (Amends Agreement Dtd 3/10/2017); 2) Addendum to Franchise Agreement (Re: Agreement Dtd 3/10/2017); 3) Amendment to Unit Franchise Agreement dated 11/28/2018; 4) Development Incentive Addendum Dtd 3/10/2017 (Re: Unit Franchise Agreement) Agreement); 5) Development Rights Agreement Dtd 3/10/2017; 6) Second Amendment Dtd 10/31/2017 (Amends Development Rights Agreement Dtd 3/10/2017); 7) Unit Franchise Agreement Dtd 3/10/2017; 8) Addendum to Unit Franchise Agreement dated 1/31/2019 (Re Unit Franchise Agreement); 9) Rider to Unti Franchise Agreement dated 1/31/2019 (Re Unit Franchise Agreement Dtd 8/1/2018; 10) Unit Franchise Agreement dated 8/1/2018; 11) Software Agreement. All of these agreements show $0 as an estimated cure amount.

4. As a practical matter, there are three main agreements: 1) Unit Franchise Agreement between Platinum One and BFF, effective as of March 10, 2017; 2) Development Rights Agreement, dated March 10, 2017, with amendments dated March 10, 2017 and October 31, 2017; and 3) Unit Franchise Agreement between Platinum Two and BFF, dated January 30, 2019 with an effective date as of August 1, 2018. *See* ¶¶3-5 Declaration of Stephen Stabile (hereinafter "**Stabile Declaration**").

5. These agreements cannot be assumed because they were terminated prior to the petition date. *See* Stabile Declaration as **Exhibit E** is a letter dated July 3, 2024. The basis for the

termination of the Unit Franchise Agreements is BFF's failure to comply with (i) franchise disclosure rules, (ii) franchise registration rules in New York, and (iii) certain other obligations as a franchisor.

6. The Federal Trade Commission has put in place certain Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures (the "**FTC Franchise Rule**"), 16 CFR 436. Pursuant to the FTC Franchise Rule, a franchisor must prepare and disclose to prospective franchisees a Franchise Disclosure Document ("**FDD**") designed to incorporate all material information necessary to enable those prospects to make informed investment decisions before a sale takes place.

7. A franchisor's failure to keep the FDD current as of the close of the franchisor's most recent fiscal year (franchisors have 120 days under the revised FTC Franchise Rule, following the close of their fiscal years, to revise their disclosure documents so they are current in all respects) is considered an unfair or deceptive practice authorizing the FTC to proceed against a franchisor.

8. In addition to federal law, under New York law, a franchisor must register itself and its FDD to be able to legally sell franchises in the state or in any other state. N.Y. Gen. Bus. Law § 683(9)(a) (McKinney). The New York franchise statute's explicit goal is to provide prospective franchisees and potential franchise investors with material details of the franchise offering so that they may participate in the franchise system in a manner that may avoid detriment to the public interest and benefit the commerce and industry of the state. "Further, it is the intent of this law to prohibit the sale of franchises where such sale would lead to fraud or a likelihood that the franchisor's promises would not be fulfilled." N.Y. Gen. Bus. Law § 680 (McKinney).

9. Failing to immediately amend or revise an FDD upon the occurrence of a material change to the facts set forth therein and making any offers or sales of franchises at a time when a current franchise registration is not in effect are prohibited practices under both federal and New York law. A franchisor shall promptly notify the department in writing, by an application to amend the registered offering prospectus, of any material change in the information contained in the prospectus as originally submitted or amended. The department may further define by rule what is a material change for the purpose and circumstances under which an amendment of a registered prospectus shall be mandatory. N.Y. Gen. Bus. Law § 683(9)(a) (McKinney)

10. BFF has failed to update its FDD since 2020 despite the material changes in its executive management, its financial statements, the financial performance of its gym locations, and, the status of the franchise system overall, including significant closures of corporate and franchisee-owned gyms. Stabile *See* Stabile Declaration, ¶ 13.

11. BFF failed to provide the promised marketing, billing and customer services support. There has been significant turnover in the executive leadership which prevented BFF from maintaining and developing the franchise system. As a result there have been billing system issues, PCI compliance issues and lack of support from BFF to the franchises, which resulted in actual losses for Platinum *See* Stabile Declaration, ¶¶ 10-12.

12. As a result of BFFs failure to have a current FDD that was registered in New York, Platinum has been and continues to be harmed. Platinum could not obtain financing and open additional gyms as planned under the DRA, nor could Platinum sell its existing locations. *See* Stabile Declaration, ¶ 15.

13. Platinum is entitled to damages in an amount, yet to be determined but not less than $500,000 in actual damages and over $5,000,000 in lost profits.

14. BFF did not take any steps to cure prior to the Petition Date. Accordingly, there is no agreement in effect that could be assumed and assigned.

15. It is a fundamental principle of bankruptcy law that a contract which is validly terminated prior to a bankruptcy filing may not be assumed and assigned by a debtor in possession. *Collier on Bankruptcy* ¶365.02[2][e] (16th ed.) ("If the contract or lease has expired by its own terms or has been terminated under applicable law before the commencement of the bankruptcy case, there is nothing left for the trustee to assume or assign."); *See also In re Triangle Labs., Inc.,* 663 F.2d 463, 467 (3d Cir. 1981) ("For Section 365 to apply, the contract or lease must be in existence. If the contract or lease has expired by its own terms or has been terminated prior to the commencement of the bankruptcy case, then there is nothing left for the trustee to assume or assign.").

16. "[A]n executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy, and cannot therefore be included among the debtor's assets." *Id*. at 467-68; *see also, e.g., In re Greenfield Dry Cleaning & Laundry, Inc.,* 249 B.R. 634, 641 (Bankr. E.D. Pa. 2000) ("Any executory contract ... is not assumable in a bankruptcy case if it has been terminated prior to the filing of the case."); *In re AGI Software, Inc.,* 199 B.R. 850, 860 (Bankr. D. N.J. 1995) ("because the License Agreement was effectively terminated pre-petition, there was no agreement for the Trustee to assume or reject, pursuant to § 365.). In re Margulis, 323 B.R. 130, 133 (Bankr. S.D.N.Y. 2005) (holding that option terminated when debtor's cure rights elapsed pre-petition and option terminated post-petition with the passage of time).

**RESERVATION OF RIGHTS**

17.  Platinum hereby reserves the right to supplement its objections in connection with the Debtors' ability to assume and assign the agreements and/or any proposed cure and adequate assurance on any and all applicable grounds. Platinum further respectfully reserves, retains, and does not waive any arguments, rights, claims, actions, defenses, or other matters, whether jurisdictional, procedural or substantive, including, without limitation, with respect to these proceedings, the Debtors, the matters addressed herein, and any ruling, determination or relief granted by the Court in connection with the assumption and assignment of the agreements.

**CONCLUSION**

Based on the foregoing, Platinum respectfully requests that the Court deny the Debtors' application to the extent it seeks to compel assumption and assignment of any agreements between Platinum and BFF with a proposed cure amount of $0, or provide such other relief as may be appropriate.

Dated: Wilmington, Delaware
September 26, 2024

Respectfully submitted,

OFFIT KURMAN, P.A.

By: /s/ *Brian McLaughlin*
Brian McLaughlin (DE Bar No. 2462)
222 Delaware Ave Suite 1105
Wilmington, DE 19801
Telephone: 302.351.0916
Email: Brian.Mclaughlin@offitkurman.com

and

Albena Petrakov (pro hac vice admission pending)
590 Madison Avenue. 6th Floor
New York, New York 10022
Telephone: 347.589.8500
Email: apetrakov@offitkurman.com

*Counsel for Platinum One and Platinum Two.*