**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  November 6, 2024 at 11:00 a.m. (ET)** |
| | **Obj. Deadline:  September 26, 2024 at 4:00 p.m. (ET)** |
| | **Re: Docket No. 361** |

**LIMITED OBJECTION OF 5 BRYANT PARK PROPERTY INVESTORS IV, LLC TO DEBTORS' NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

5 Bryant Park Property Investors IV, LLC, as successor-in-interest to Trizechahn 1065 Avenue of the Americas Property Owner LLC ("Landlord"), by and through its undersigned counsel, hereby files its limited objection to the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Docket No. 361] (the "Cure Notice") filed by the above-captioned debtors (collectively, the "Debtors") and respectfully states as follows:

**BACKGROUND**

1.       As of October 10, 2013, Debtor Blink 1065 6th Avenue, Inc. ("Tenant") entered into that certain Retail Lease Agreement (as it has been amended from time to time, the "Lease")

---

[1]    The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

for a portion of the ground floor and basement of 5 Bryant Park a/k/a 1065 Avenue of the Americas, New York New York 10018 (the "Premises") with Landlord.  Tenant's obligations under the Lease are guaranteed by Debtor Blink Holdings, Inc. ("Guarantor") pursuant to that certain Guaranty, also dated October 10, 2013 (the "Guaranty").[2]

2.      On or about March 14, 2024, Tenant and Landlord entered into that certain Amendment of Lease (the "First Amendment"), which amended the terms of the Lease.

3.      On or about June 23, 2020, Tenant and Landlord entered into that certain Second Amendment of Lease (the "Second Amendment"), which further amended the terms of the Lease. The Second Amendment includes an affirmation of the Guaranty, but Guarantor is not a party to the Second Amendment.

4.      On or about October 28, 2022, Tenant and Landlord entered into that certain Third Amendment of Lease (the "Third Amendment" and, with the First Amendment and Second Amendment, the "Lease Amendments"), which further amended the terms of the Lease.  The Third Amendment includes an affirmation of the Guaranty, but Guarantor is not a party to the Third Amendment.

5.      As of August 12, 2024 (the "Petition Date"), Tenant was in default of its obligations under the Lease and owed an outstanding balance to Landlord of $188,209.99, plus additional unliquidated amounts owed or that come due prior to assumption related to rent, electricity, water, taxes and other Additional Rent (as that term is defined in the Lease) (collectively, the "Amount Due").  The Amount Due is evidenced by the summary of invoices and charges attached hereto as **Exhibit A**.

---

[2]    Tenant's obligations under the Lease were also guaranteed by Equinox Holdings, Inc, a non-debtor.  Landlord reserves all rights with respect thereto.

6.      However, the Cure Notice provides that Tenant owes Landlord only $91,926.75 (the "Proposed Cure Amount") and that the amount is owed under the Second Amendment and the Third Amendment.  *See* Cure Notice, Sch. A at 10–11.

7.      The Cure Notice further provides that Guarantor may assume the Second Amendment and Third Amendment, but that it owes nothing under either agreement.

8.      The Lease and the First Amendment are not listed on the Cure Notice as agreements that may be assumed by either the Landlord or the Guarantor.

## LIMITED OBJECTION

9.      Landlord is not opposed to the assumption of the Lease.  However, to assume the Lease, Tenant is required to assume the Lease in its entirety as it has been amended by the Lease Amendments.  *See N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531-21 (1984) (holding that a debtor must assume all of the benefits, burdens and obligations of a contract).  Tenant cannot assume only the Second Lease Amendment and Third Lease Amendment as it proposes in the Cure Notice.

10.     In addition, because, as of the Petition Date, Tenant owed Landlord $188,209.99 under the Lease, the Court should enter an order conditioning Tenant's assumption of the Lease (including the Lease Amendments) on payment of the full Amount Due.  *See* 11 U.S.C. § 365(b).

11.     Separately, Guarantor is not a party to either the Second Amendment or Third Amendment, so those agreements may not be assumed by the Guarantor.  To the extent the Debtors' inclusion of the Second Amendment and Third Amendment on the Cure Notice as agreements that can be assumed or rejected by the Guarantor is an attempt by the Debtors to treat the Guaranty as an executory contract, this argument must be rejected.  "[A]n agreement of guaranty of [a] lease is not an executory contract which the guarantor can reject."  *In re*

*Grayson-Robinson Stores, Inc.*, 321 F.2d 500, 502 (2d Cir. 1963); *see also In re Furniture Brands Int'l, Inc.*, No. 13-12329(CSS), 2013 Bankr. LEXIS 5162, *16 (Bankr. D. Del. Nov. 7, 2013) (finding that guaranty of lease was not an executory contract that could be rejected by the debtor). The Guaranty remains a continuing obligation of the Guarantor irrespective of the assumption or rejection of the Lease and the Guarantor is liable for the Amount Due as well as for any further amounts that may become due under the Lease after the Petition Date.

## **RESERVATION OF RIGHTS**

12.    Landlord hereby reserves its rights to amend or supplement this objection in the future as it deems appropriate based on the foregoing items or otherwise, and nothing contained herein should be construed as a waiver of any right to object to the Debtors' treatment of or performance under any agreements between the Debtors and Landlord.


*[Remainder of Page Intentionally Left Blank]*

## <u>CONCLUSION</u>

WHEREFORE, Landlord respectfully requests that the Court enter an order (i) establishing that the cure amount owed to Landlord under the Lease pursuant to section 365(b)(1)(A) of the Bankruptcy Code is the full Amount Due of $188,209.99, and (ii) granting any other relief as the Court deems appropriate under the circumstances.

Dated: September 26, 2024

**LANDIS RATH & COBB LLP**

*/s/ Joshua B. Brooks*
Kimberly A. Brown (No. 5138)
Joshua B. Brooks (No. 6765)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4414
Facsimile:  (302) 467-4450
Email:  brown@lrclaw.com
          brooks@lrclaw.com

-and-

**LOEB & LOEB LLP**
Bethany D. Simmons, Esq. (*pro hac vice* pending)
345 Park Avenue
New York, New York 10154
Telephone:  212-407-4000
Facsimile:  212-407-4990
Email:  bsimmons@loeb.com

*Counsel to 5 Bryant Park Property Investors IV, LLC*