IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLINK HOLDINGS, INC., et al., | ) | Case No. 24-11686 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Obj. Deadline: September 26, 2024 |
| | ) | Related Docket Nos.: 361 |

## OBJECTION OF PPC COMMERCIAL, LLC TO NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS

PPC Commercial, LLC, successor-in-interest to Parkchester Preservation Company, L.P. ("Landlord"), by and through counsel, hereby objects (the "Objection") to the Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts [Dkt. 361] (the "Cure Notice") filed by the above-captioned Debtors and reserves its rights with respect to the sale aspect of the Bid Procedures/Sale Motion (as defined below). In support of the Objection, Landlord states as follows:

### BACKGROUND

1. Landlord and Blink Metropolitan Avenue, Inc. (the "Tenant") entered into a Standard Commercial Building Lease dated as of September 6, 2011 and as amended by the First Amendment to Lease dated effective as of August 23, 2012 (as amended, the "Lease"). Pursuant to the Lease, Landlord agreed to lease to the Tenant certain space in the Building located at 1382-1384 Metropolitan Avenue, Bronx, New York, and as further described in the Lease (the "Premises").

2. As a condition to the Landlord's execution of the Lease, Landlord required certain Limited Guaranties, which were executed as follows: (i) Limited Guaranty executed by Blink

Holdings, Inc. on August 24, 2011 in favor of Landlord; and (ii) Limited Guaranty executed by Equinox Holdings, Inc. on August 8, 2011 in favor of Landlord (the "Equinox Guaranty").

3. On August 12, 2024 (the "Petition Date"), Blink Holdings, Inc. and its debtor affiliates (including the Tenant), as debtors and debtors in possession (collectively, the "Debtors") filed voluntary bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Premises is located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

6. On August 16, 2024, the Debtors filed a motion, inter alia, to establish procedures governing the potential sale of substantially all of the Debtors' assets and approve the ultimate proposed sale [Dkt. 81] (the "Bid Procedures/Sale Motion").

7. On September 10, 2024, the Court entered an order granting the bidding procedures aspect of the Bid Procedures/Sale Motion [Dkt. 348] (the "Bidding Procedures Order").

8. On September 10, 2024, the Debtors filed a notice that they entered into an asset purchase agreement with Pinnacle US Holdings LLC ("Pinnacle") to serve as the proposed stalking horse bidder for substantially all of the Debtors' assets [Dkt. 350].

9. The Cure Notice was filed on September 12, 2024.

10. Pursuant to the Debtor's Cure Notice, the Debtors may seek to assume and assign the Lease to the "Successful Bidder" (as defined in the Cure Notice).

## OBJECTIONS

11. The Debtors are currently in default under the Lease because they has failed to make the required payments as provided for in the Lease.

12. Inexplicably, the Cure Notice identifies various leases, amendments and guaranties as Numbers 772, 773, 774, 775, 776 and 777. Except for No. 773, all other references to the Landlord reference cure amounts as $0.00. No. 773 lists a cure amount as $237,013.71. The Cure Notice provides no delineation as to how the proposed cure amount was calculated. Landlord objects to this amount to the extent that it is inadequate to fully cure the defaults under the Lease.

13. As stated previously, there is only one Lease with two limited guaranties.

14. The "Actual Cure Amount" owed by the Debtor pursuant to the Lease, including amounts due under the Lease for October 1, 2024 is **$246,904.74** (the "Actual Cure Amount"), which includes an estimated $5,000 for the reimbursement of attorneys' fees as allowed for in the Lease, plus any additional amounts which become due on or after October 1, 2024, including ongoing rent and other amounts which continue to accrue, year-end adjustments and reconciliations for common area maintenance, taxes, insurance, utilities and/or such other amounts as may be owed pursuant to the terms of the Lease, and less any payments received by Landlord on or after September 26, 2024. A Lease Ledger delineating the amounts owed on the Lease (not including attorney fees) is attached as **Exhibit 1**.

15. The Equinox Guaranty is between Equinox Holdings, Inc. and Landlord. None of the Debtors is a party to the Equinox Guaranty. Further, Equinox agreed that the Equinox Guaranty is not affected and remains in full force and effect notwithstanding the assignment of the Lease or any bankruptcy by Tenant.

16. Landlord reserves its right to increase, amend or reconcile the Actual Cure Amount to include and/or account for amounts, including but not limited to (i) year-end adjustments for the

3

year 2023; (ii) claims for rent, taxes, common area maintenance, utilities, insurance, costs, fees, and any additional cure amounts due under the Lease or which will become due under the Lease including amounts which will become due on or after October 1, 2024; and (iii) any further amounts allowed by the Lease, applicable bankruptcy and/or non-bankruptcy law, which have not yet been billed or have not yet become due under the terms of the Lease.  These amounts, once determined, shall become part of the Actual Cure Amounts.

17. As required by 11 U.S.C. § 365(b)(1), the Debtors must pay the Actual Cure Amount in full if the Lease is to be assumed and/or assumed and assigned to a third party (collectively referred to as being assumed or an assumption).  Landlord objects to the assumption of the Lease unless the Debtors fully comply with all of the requirements of the Bankruptcy Code including section 365(b).  Absent such full compliance, the proposed assumption must be denied.

18. In addition to monetary obligations that the Debtors must satisfy under section 365, the Lease also provides that the Debtors must indemnify and hold Landlord harmless with regard to existing claims as well as with regard to events which may have occurred pre-assumption but which are not made known to Landlord or the Debtors until some period post-assumption.  Any assumption of the Lease by the Debtors specifically must assume all obligations under the Lease, including any duties to indemnify Landlord.

19. Since the Successful Bidder has not been determined, it is difficult for Landlord to determine with certainty all amounts due and owing and non-monetary defaults under the Lease which may be due at the time of assumption.  Consequently, any assumption of the Lease must be conditioned upon the payment of all amounts due Landlord, including but not limited to the Actual Cure Amounts, and the cure of all non-monetary defaults *as of the actual date of assumption*.

20. Landlord has not received information with respect to the Successful Bidder's ability to provide adequate assurance of future performance and therefore reserves its right to file

4884-2558-7434, v. 1

objections to adequate assurance of future performance with respect to any proposed assignment of Lease.

21. Finally, Landlord objects to any attempt by the Debtors to "reject" or in any way affect or modify Landlord's rights under the Equinox Guaranty.

**RESERVATION OF RIGHTS**

22. Landlord does not waive and expressly reserves its right to amend, modify and supplement this objection at or prior to the conclusion of any hearing relating to the assumption of the Lease. By this Objection, Landlord does not in any way admit or acknowledge that the Lease is assumable or assignable, or that the Lease has not been terminated by its terms, and all rights with respect thereto are being expressly reserved.

23. Landlord also reserves the right, upon the selection of the Successful Bidder, to object to the assumption and assignment of the Lease absent the Successful Bidder demonstrating adequate assurance of future performance.

24. To the extent not inconsistent with the arguments raised herein, Landlord joins in the objections of other landlords to the Cure Notice and the Sale.

[*Remainder of page intentionally blank*]

WHEREFORE, Landlord respectfully requests the entry of an order (i) sustaining the Objection; (ii) establishing the Actual Cure Amounts for the Lease to be **$246,904.74** plus any other amounts owed pursuant to the Lease through the date of assumption of the Lease**;** (iii) requiring the Debtors and any purchaser to fully comply with the requirements of §365 and other applicable sections of the Bankruptcy Code; and (iv) for such other and further relief to which Landlord may be entitled to pursuant to the Lease, the Guaranties, applicable law or in equity.

Dated: September 26, 2024          Respectfully submitted,

/s/ Michael S. Tucker
Michael S. Tucker, Esq.
Ohio Bar No. 0034398
(*Pro hac vice* admission to be sought)
UB Greensfelder LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
(216) 583-7120
(216) 583-7121 (fax)
mtucker@ubglaw.com

Counsel to PPC Commercial, LLC

4884-2558-7434, v. 1

CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, a true and correct copy of the foregoing Objection Of PPC Commercial, LLC To Notice Of (I) Potential Assumption And Assignment Of Executory Contracts And Unexpired Leases And (II) Cure Amounts was sent to the following as indicated, VIA E-MAIL ONLY:

Michael R. Nestor
Sean T. Greecher
Allison S. Mielke
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
mnestor@ycst.com
sgreecher@ycst.com
amielke@ycst.com

Peter P. Knight
Allison E. Yager
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, Illinois 60661
peter.knight@katten.com

Eric R. Wilson
Kristin S. Elliott
Kelley Drye & Warren LLP
3 World Trade Center
New York, New York 10017
ewilson@kelleydrye.com
kelliott@kelleydrye.com

Eric J. Monzo
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
emonzo@morrisjames.com

allison.yager@katten.com

Curtis S. Miller
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899
cmiller@morrisnichols.com

Benjamin A. Hackman
Office of the United States Trustee
for the District of Delaware
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, Delaware 19801
benjamin.a.hackman@usdoj.gov

/s/ Michael S. Tucker
Michael S. Tucker Ohio Bar No. 0034398
(*Pro hac vice* admission to be sought)
UB Greensfelder LLP