IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| BLINK HOLDINGS, INC., *et al.*[1] | : | Case No. 24-11686 (JKS) |
| | : | |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | **Re: D.I. 361** |

**LIMITED OBJECTION OF LEVIN PROPERTIES, L.P. TO PROPOSED
ASSUMPTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS [D.I. 361]**

Levin Properties, L.P. ("Levin") hereby submits this limited objection to the cure amount set forth in the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts dated September 12, 2024* [Docket No. 361] (the "Cure Notice"). Counsel for Levin has been in contact with counsel for Blink Holdings, Inc. and its affiliated debtors (collectively, the "Debtors") to try to resolve the discrepancy in the cure amounts and will continue those efforts.[2] Nonetheless, Levin submits this limited objection to preserve its rights to all amounts owed under the Lease (as defined below). In support of this limited objection, Levin states as follows:

**BACKGROUND**

**A.     The Lease**

1.     Levin is the owner and landlord of that certain store premises known and referred to as Clifton Plaza, located at 1006 Route 46, Clifton, New Jersey 07013. Blink Clifton, Inc. (the

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness.
[2] Counsel for the Debtor agreed to extend Levin's deadline to object to the Cure Notice to September 30, 2024.

"Debtor") leases from Levin 15,000 square feet of space located at Clifton Plaza, as more particularly described in the Lease (as defined below) (the "Premises").

2. In particular, the Debtor entered into a certain retail lease agreement dated February 3, 2014 (the "Original Lease"), as amended by that certain First Lease Modification Agreement dated October 2, 2020 (the "October 2020 Amendment"), as further amended by that certain Second Lease Modification Agreement dated October 25, 2021 (the "October 2021 Amendment" and together with the Original Lease and the October 2020 Amendment, the "Lease").  Pursuant to the Lease, Levin leased the Premises to the Debtor. A true and accurate copy of the Original Lease is annexed hereto as **Exhibit A**.[3]

3. In exchange for leasing the Premises, the Debtor agreed to pay to Levin Rent,[4] which is composed of both a Base Rent and Additional Rent, as those terms are defined in the Lease. The "Base Rent" is as follows:

| Lease Year | Annual Base Rent | Monthly Base Rent |
|---|---|---|
| 1-5 | $405,000.00 | $33,750.00 |
| 6-10 | $445,500.00 | $37,125.00 |
| 11-15 | $490,050.00 | $40,837.50 |

(*See* Lease § 1.11.)

4. The Additional Rent includes both a fixed additional monthly payment, as well as the Tenant's Pro-Rata Share of certain tax and common areas costs, as described below.

---

[3] The October 2020 Amendment and October 2021 Amendment contain confidential and proprietary commercial information, and, accordingly, they are not annexed hereto. The Debtor should have copies of such amendments, and the amendments may be made available to any party in interest subject to the entry of an appropriate protective order and to the Court for its *in camera* review, if necessary. Other than as described in footnote 5 below, the terms of the amendments are not pertinent to this limited objection.

[4] Capitalized terms not defined herein will have the meaning ascribed to them in the Lease.

5. In particular, Section 4.3 of the Lease provides that "[i]n addition to the Base Rent amounts set forth above, [the Debtor] shall pay to Landlord, as additional rent, the amount of $10,000.00 per annum during Lease Years 1 through 10 (in equal monthly installments of $833.33 per month)." (*See* Lease § 4.3.)

6. Pursuant to Sections 5.1 and 6.3 of the Lease, the Debtor is obligated to pay Tenant's Pro-Rata Share of (i) Common Area Costs (which includes the Tenant's Pro-Rata Share of Taxes) and (ii) the Administrative Fee. Pursuant to Section 6.5 of the Lease, the Debtor is obligated to pay monthly in advance 1/12 of Levin's reasonable estimate of the annual amount due for Common Area Costs and the Administrative Fee, subject to an annual reconciliation with any shortfall being paid to Levin within thirty days of its demand.

7. Lastly, the Debtor agreed to pay the Levin's attorneys' fees in connection with enforcing the terms of the Lease, including the collection of Rent. (*See* Lease §§ 13.1, 18.2(A), 18.6.)[5]

B. **The Bankruptcy Cases and Cure Amount**

8. On August 12, 2022, (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 in this Court.

9. On September 19, 2024, the Debtors filed the Cure Notice. The Cure Notice appears to list the Lease with a Cure Amount of "$14,631.18". (*See* Cure Notice, pp. 37-38.)

10. Through August 31, 2024, the Debtor owes Levin Rent and other charges under the Lease in the aggregate amount of $37,269.60, as follows:

 a. $37,125.00 for Base Rent owed for August 2024; plus

---

[5] In addition, the October 2021 Amendment provides, in pertinent part, that Levin is entitled to its reasonable attorneys' fees in connection with any bankruptcy proceeding of the Debtor.

3

b. $833.33 for Additional Rent for August 2024, pursuant to Section 4.3 of the Lease; plus

c. 3,275.00 for the Tenant's Pro-Rata Share of the Common Area Costs and Administrative Fees (excluding the Tenant's Pro-Rata Share of Taxes) for August 2024, pursuant to Section 6.3 of the Lease; plus

d. $22,046.91 for Tenant's Pro-Rata Share of Taxes for the period of July through September 2024, pursuant to Sections 5.1 and 6.3 of the Lease; plus

e. Legal fees and costs incurred through August 31, 2024, in the amount of $1,591.50 in accordance with Section 13.1 of the Lease; less

f. ($26,602.14) for a partial payment of August Rent received on September 19, 2024; and less

g. ($1,000.00) for an unapplied pre-petition payment.

11. Attached hereto as **Exhibit B** is Levin's pre-petition and post-petition ledger for the Debtor (prior to receipt of the post-petition payment of $26,602.14 for a portion of the August 2024 Rent).

## OBJECTION

12. 11 U.S.C. § 365(b)(1) requires that "[i]f there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract . . ., the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ."

13. As described above, the Debtor is in default of its obligation to timely pay certain amounts as required under the Lease. Such default must be cured as of the date of assumption pursuant to 11 U.S.C. § 365 for the Lease to be assumed.

14. As of August 31, 2024, a total of $37,369.60 is due and owing under the Lease. In addition, other amounts may continue to become due and owing under the Lease, including but not limited to (i) additional attorneys' fees and costs incurred by Levin on and after September 1, 2024, as provided in Sections 13.1, 18.2 and/or 18.6 of the Lease; and (ii) Additional Rent resulting from the reconciliation of the Common Area Costs and Administrative Fee.

15. If the Debtor desires to have the Lease assumed, then proper arrangements must be made to ensure that all outstanding amounts under the Lease are paid. Specifically, in accordance with 11 U.S.C. § 365(b), any order approving the assumption of the Lease must require the payment in full of the foregoing amounts due under the Lease and any other amounts that may become due and owing under the Lease as of the date of such assumption.

16. Counsel for Levin has been in touch with Debtors' counsel to resolve the cure amount and files this objection out of an abundance of caution to reserve all of its rights. Levin will continue to try and work with counsel for the Debtors to try and resolve the issues raised herein.

## RESERVATION OF RIGHTS

17. Levin hereby reserves the right to amend or supplement this objection to revise the cure amount to reflect the amounts due and owing under the Lease as of the date of any such assumption of the Lease, including but not limited to (i) additional attorneys' fees and costs incurred by Levin on and after September 1, 2024, as provided in Sections 13.1, 18.2 and/or 18.6 of the Lease; and (ii) Additional Rent resulting from the reconciliation of the Common Area Costs and Administrative Fee.

18. Levin hereby reserves any further objection to the assumption and assignment of the Lease, including with regard to adequate assurance of future performance.

WHEREFORE, Levin respectfully requests that the Court enter an order (i) requiring the payment of the amounts outstanding under the Lease as set forth herein as part of the cure of defaults under 11 U.S.C. § 365(b), and (ii) granting such further relief as the Court deems appropriate.

Dated: September 30, 2024        Respectfully submitted,

       */s/ Joseph C. Barsalona II*
PASHMAN STEIN WALDER & HAYDEN, P.C.
Joseph C. Barsalona II, Esq.
824 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email:     jbarsalona@pashmanstein.com

-and-

SHIPMAN & GOODWIN LLP
Eric S. Goldstein, Esq.
Anthony R. Scarcella, Esq.
One Constitution Plaza
Hartford, Connecticut 06103
Telephone: (860) 251-5000
Email:     egoldstein@goodwin.com
             ascarcella@goodwin.com

*Attorneys for Levin Properties, L.P.*