**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 414** |

**ORDER AUTHORIZING THE**
**EMPLOYMENT OF KELLEY DRYE & WARREN LLP**
**AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS EFFECTIVE AS OF AUGUST 26, 2024**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to employ Kelley Drye & Warren LLP ("Kelley Drye") as lead counsel effective as of August 26, 2024, the date the Committee decided to employ Kelley Drye, pursuant to sections 327, 328(a), and 1103 the Bankruptcy Code; and upon the Wilson Declaration attached to the Application as Exhibit B; and upon the Draves Declaration attached to the Application as Exhibit C; and the Court having jurisdiction pursuant to sections 157 and 1334 of the Bankruptcy Code to consider the Application and the relief requested therein; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United

---

[1] Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the Debtors' counsel.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

States Code; and the Court being satisfied that notice of the Application and the opportunity for a hearing on the Application were appropriate under the circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application, the Wilson Declaration, and the Draves Declaration that Kelley Drye does not represent or hold any interest adverse to the Debtors or their estates as to the matters upon which Kelley Drye has been and is to be employed, and that Kelley Drye is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and that while employed by the Committee, Kelley Drye will not represent any other person or entity having an adverse interest in connection with these chapter 11 cases; and this Court having determined that the legal and factual bases set forth in the Application, the Wilson Declaration and the Draves Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is approved as set forth herein.

2. Pursuant to sections 327, 328, and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Committee is authorized to employ Kelley Drye as its bankruptcy counsel effective as of August 26, 2024.

3. Kelley Drye will make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, in connection with any interim and/or final fee application(s) to be filed by Kelley Drye in these chapter 11 cases.

4. Kelley Drye shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable

provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order.

5. Notwithstanding anything to the contrary in the Application, Kelley Drye shall not seek reimbursement of any fees or costs arising from the defense of any of Kelley Drye's monthly fee statements or fee applications in these chapter 11 cases.

6. Kelley Drye shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. The Committee and Kelley Drye are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October 15th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE