## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | <u>Hearing Date</u>:<br>**November 6, 2024 at 11:00 a.m. (ET)** |
| | <u>Objection Deadline</u>:<br>**October 30, 2024 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED HEARING AND THE DEADLINE FOR FILING OBJECTIONS RELATED THERETO; AND (VI) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**" or the "**Solicitation Procedures Order**"), (i) approving the *Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* (as may be amended, modified, or supplemented, the "**Combined Disclosure Statement and Plan**"),[2] filed contemporaneously herewith, on an interim basis and for solicitation purposes only; (ii) establishing procedures for

---

[1]  The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

the solicitation and tabulation of votes to accept or reject the Plan; (iii) approving the form of ballot and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the combined hearing (the "**Confirmation Hearing**") to approve the Disclosure Statement, including the adequacy of the disclosures therein, on a final basis, and confirm the Plan, and establishing the deadline for filing objections related thereto; and (vi) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 3017-2.

## BACKGROUND

**A.    General Background**

4.    On August 12, 2024 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    On August 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No. 109] (the "**Committee**").  No request has been made for the appointment of a trustee or an examiner.

6.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Steven Shenker, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "**First Day Declaration**").

**B.    The Sale and the Combined Disclosure Statement and Plan**

7.    On August 19, 2024, the Debtors filed a motion [Docket No. 81] (the "**Bidding Procedures Motion**") seeking entry of orders approving bidding procedures for the sale of all or substantially all of their assets (the "**Sale**") and, ultimately, approving the Sale free and clear of all liens, claims, encumbrances, and other interests.

8.    On September 10, 2024, the Court entered an order [Docket No. 348] (the "**Bidding Procedures Order**"), approving the Bidding Procedures Motion and establishing the procedures by which the Debtors, with the assistance of their advisors, will effectuate the Sale.

9.    Through the Combined Disclosure Statement and Plan, the Debtors seek to appoint a Plan Administrator to wind down their estates following the approval and consummation

31938841.3

3

of the Sale. The Combined Disclosure Statement and Plan provides for the satisfaction of Administrative Claims, Professional Fee Claims, Priority Tax Claims, Priority Non-Tax Claims, and Other Secured Claims, as well as vesting of the Wind Down Assets in the Post-Effective Date Debtors for distribution to the Holders of Claims, as applicable.

10.     The Debtors are the proponents of the Plan and seek a combined hearing because they believe that the Combined Disclosure Statement and Plan provides the most efficient means to conclude the Chapter 11 Cases under the circumstances.

**RELIEF REQUESTED**

11.     By this Motion, the Debtors seek entry of the Proposed Order: (i) approving the Combined Disclosure Statement and Plan, on an interim basis for solicitation purposes only; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan; (iii) approving the form of Ballot (as defined below) and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and establishing the deadline for filing objections related thereto; and (vi) granting related relief. A summary of the key dates proposed to be established by the Proposed Order, subject to the Court's availability, is set forth below:

| Event | Proposed Date |
|---|---|
| Voting Record Date | November 4, 2024 |
| Service Date (as defined below) | No later than four (4) business days after the entry of the Proposed Order (or as soon as reasonably practicable thereafter) |
| Deadline to File Rule 3018 Motions | November 19, 2024 at 4:00 p.m. (ET) |
| Deadline to File Plan Supplement | December 3, 2024 |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | December 10, 2024 at 4:00 p.m. (ET) |
| Voting Deadline | December 10, 2024 at 4:00 p.m. (ET) |

| Event | Proposed Date |
|---|---|
| Deadline to File (i) Voting Declaration, (ii) Confirmation Declaration, (iii) Confirmation Brief, and (iv) Proposed Confirmation Order | December 13, 2024 at 12:00 p.m. (ET) (or two (2) business days prior to the Confirmation Hearing) |
| Proposed Confirmation Hearing Date | December 17, 2024 at 11:00 a.m. (ET) |

## BASIS FOR RELIEF

### A. Interim Approval of the Combined Disclosure Statement and Plan for Solicitation Purposes

12.     Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the bankruptcy court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan.  11 U.S.C. § 1125(b).  "Adequate information" is defined in the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

13.     In evaluating whether a disclosure statement provides "adequate information," courts adhere to the Bankruptcy Code's instruction that making this determination is a flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the court.  *See, e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available

from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case."); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) (stating that a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.").

14.    In accordance with these principles, the Combined Disclosure Statement and Plan provides the pertinent information necessary for the Holders of the Prepetition Loan Secured Claims to make an informed decision about whether to vote to accept or reject the Plan. Specifically, the Combined Disclosure Statement and Plan provides, among other things, information regarding:

- an overview of the major events that occurred prior to, and during the course of, the Chapter 11 Cases;
- a summary of the classification and treatment of all Classes of Claims and Interests under the Plan;
- an estimate of distributions to the Holders of Allowed Claims pursuant to the Plan;
- the provisions governing distributions under the Plan; and
- the means for implementation of the Plan.

15.    The Debtors respectfully submit that the Combined Disclosure Statement and Plan complies with all aspects of section 1125 of the Bankruptcy Code.  However, at the hearing on this Motion—which is scheduled for November 6, 2024—the Debtors seek only interim approval of the Combined Disclosure Statement and Plan for solicitation purposes.  At the Confirmation Hearing, the Debtors will demonstrate, on a final basis, that the information set forth therein contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

16.    The Debtors filed this Motion and are seeking approval of the procedures and timeline requested herein because, among other reasons, following the approval of the Sale,

the Debtors desire to exit from bankruptcy in an efficient manner that will maximize value for the benefit of their stakeholders.  To ensure that the Plan is confirmed in a timely manner, the Debtors have determined, in their business judgment, that it is necessary and prudent to proceed with a combined plan and disclosure statement process and on the timeline proposed herein. Accordingly, the Debtors respectfully request that the Court enter the Proposed Order approving, among other things, the Combined Disclosure Statement and Plan on an interim basis for solicitation purposes only.

17.    The Debtors request that any objections or proposed modifications to the interim approval of the Combined Disclosure Statement and Plan (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "**Notice Parties**"):  (i) counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (ii) counsel to the Prepetition Agent and DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com), and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (iv) counsel for the Committee, Kelley Drye & Warren LLP, Attn: Eric R. Wilson

(ewilson@kelleydrye.com) and Kristin Elliott (kelliott@kelleydrye.com); in each case, by no later than **4:00 p.m. (prevailing Eastern Time) on October 30, 2024**.

**B.      Solicitation Procedures**

    ***i. Approval of Form of Solicitation Materials and Ballots***

   18. Pursuant to the Plan, the Debtors have classified Claims and Interests into six (6) separate Classes:

| Class | Type | Status Under Plan | Voting Status |
|:---:|---|:---:|:---:|
| 1 | Priority Non-Tax Claims | Unimpaired | <u>Not</u> Entitled to Vote (Presumed to Accept) |
| 2 | Other Secured Claims | Unimpaired | <u>Not</u> Entitled to Vote (Presumed to Accept) |
| 3 | Prepetition Loan Secured Claims | Impaired | **<u>Entitled</u> to Vote** |
| 4 | General Unsecured Claims | Impaired | <u>Not</u> Entitled to Vote (Deemed to Reject) |
| 5 | Intercompany Claims | Impaired | <u>Not</u> Entitled to Vote (Deemed to Reject) |
| 6 | Interests | Impaired | <u>Not</u> Entitled to Vote (Deemed to Reject) |

   19. Class 3 (Prepetition Loan Secured Claims) (the "**Voting Class**") is the only Impaired Class that is entitled to vote to accept or reject the Plan.  The remaining classes (collectively, the "**Non-Voting Classes**") are not entitled to vote on the Plan, as they either are (a) conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code (*e.g.*, Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims)) or (b) deemed to have rejected the Plan (*e.g.*, Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims), and Class 6 (Interests)).

20.     Bankruptcy Rule 3017(d) identifies the materials that must be provided to the holders of claims and equity interests for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> > (1)     the disclosure statement approved by the court;
> >
> > (2)     the plan or a court-approved summary of the plan;
> >
> > (3)     notice of the time within which acceptances and rejections of the plan may be filed; and
> >
> > (4)     any other information as the court may direct, including any court order approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

21.     The Debtors propose that the following materials be mailed within four (4) business days after the entry of the Proposed Order (or as soon as reasonably practicable thereafter) (the "**Service Date**") by the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC (the "**Voting Agent**" or "**Epiq**"), to the Holders of the Claims in the Voting Class (each, a "**Solicitation Package**"):

(a)     the form of ballot attached to the Proposed Order as <u>Exhibit 1</u> (the "**Ballot**");[3]

(b)     the notice of, among other things, the Confirmation Hearing and related objection procedures (the "**Confirmation Notice**"), substantially in the form attached to the Proposed Order as <u>Exhibit 2</u>;

(c)     either a paper copy or a copy in "pdf" format on a flash drive of the Combined Disclosure Statement and Plan;

(d)     either a paper copy or a copy in "pdf" format on a flash drive of the Proposed Order (without exhibits attached);

(e)     a pre-addressed return envelope; and

(f)     any other documents or materials that the Debtors deem appropriate.

22.     The Solicitation Package will also include a notification that the Combined Disclosure Statement and Plan (with exhibits) and the Proposed Order (without exhibits attached) are available at no charge via the internet at https://dm.epiq11.com/case/blinkfitness. Except as specified above, all other contents of the Solicitation Package, including the Ballot and the Confirmation Hearing Notice, will be provided in paper format.  Any party that would prefer paper format may contact the Voting Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense) by: (a) writing to (i) if by first class mail, Blink Holdings, Inc., c/o Epiq Ballot Processing, P.O. Box 4422, Beaverton, OR 97076-4422, or (ii) if by hand delivery or overnight mail, Blink Holdings, Inc., c/o Epiq Ballot Processing, 10300 SW Allen Blvd., Beaverton, OR 97005; (b) calling (877) 607-9009 (domestic, toll-free) or (971) 365-4515 (international, toll); or (c) emailing BlinkFitnessInfo@epiqglobal.com (with "Blink Holdings Solicitation" in the subject line). Additionally, the Debtors will provide the Solicitation Package (excluding the Ballot) to the U.S.

---

[3]     The Ballot is substantially similar to Official Form No. 14 but have been modified to be consistent with the specific provisions of the Combined Disclosure Statement and Plan and the facts of these Chapter 11 Cases.

Trustee and all parties requesting service of notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

23.    The Debtors request that they not be required to transmit Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes, and instead propose sending such parties only the notice of non-voting status (the "**Notice of Non-Voting Status**"), attached to the Proposed Order as <u>Exhibit 3</u>.  The Notice of Non-Voting Status sets forth, among other things, the manner in which a copy of the Combined Disclosure Statement and Plan and the Solicitation Procedures Order may be obtained free of charge through the website maintained by the Voting Agent or upon request to the Voting Agent.

24.    For purposes of serving the solicitation materials, the Debtors and Voting Agent seek authorization to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors and provided by the Debtors to the Voting Agent.  To that end, the Debtors seek a waiver of any obligation for the Debtors or Voting Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including an undeliverable Ballot) and to not be required to resend Solicitation Packages or other materials, including Confirmation Notices, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

25.    Notwithstanding anything herein to the contrary, the Debtors request that neither they nor the Voting Agent be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of this Motion or other mailed notice in these Chapter 11 Cases was returned as undeliverable, unless the Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

31938841.3

### ii.    *Establishment of the Voting Deadline*

26.    Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan." Fed. R. Bankr. P. 3017(c).  The Debtors will conduct the plan solicitation period by mailing the Solicitation Package (including the applicable Ballot) to the Voting Class no later than four (4) business days after the entry of the Proposed Order (or as soon as reasonably practicable thereafter).  Based on this schedule, the Debtors propose that any Ballot being cast must be properly executed, completed, and delivered by mail or electronic ballot ("**E-Ballot**") to the Voting Agent in accordance with the instructions set forth in the Ballots, so that each Ballot is *actually received* no later than **4:00 p.m. (prevailing Eastern Time) on December 10, 2024** (the "**Voting Deadline**").  This date is consistent with the Bankruptcy Rules and Local Rules and will provide the Holders of the Claims in the Voting Class sufficient time to review the solicitation materials and vote.

### iii.    *Approval of Tabulation Procedures*

27.    The Debtors propose that the following procedures be utilized in tabulating the votes to accept or reject the Plan (the "**Tabulation Rules and Procedures**"):

28.    <u>Parties Entitled to Vote</u>:  Holders of Class 3 Prepetition Loan Secured Claims are the only parties entitled to vote on the Combined Disclosure Statement and Plan.

29.    Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtors' rights in any other context, the Debtors propose each Claim entitled to vote to accept or reject the Plan be in an amount determined by the following procedures, to the extent applicable, *provided* that the Debtors shall be permitted to waive any such procedure in their sole discretion:

(a)     if a Claim is deemed allowed under the Plan, an order of the Court or a stipulated agreement between the parties, such claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein:

(b)     if a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors or the Voting Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(c)     if a Claim, for which a Proof of Claim was timely filed, is listed as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(d)     if a Claim was listed in the filed Schedules in an amount that is liquidated, non-contingent, and undisputed, and a Proof of Claim was not filed by the applicable Claims Bar Date, such Claim is allowed for voting in the liquidated, non-contingent, undisputed, amount set forth in the filed Schedules;

(e)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

(f)     if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(g)     Proofs of Claim filed for $0.00 and Claims scheduled for $0.00 are not entitled to vote;

(h)     if the Debtors have served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i)     for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim in such Class,

and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(j)    notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(k)    if a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

30.    The Debtors further propose that the following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by the Debtors:

(a)    except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in their discretion; *provided*, *however*, that any extensions of the Voting Deadline shall be disclosed in the report tabulating the voting on the Plan (the "**Voting Report**");

(b)    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c)    any Ballot cast by a person or entity that does not hold a Claim in a Voting Class as of the Voting Record Date will not be counted;

(d)    any unsigned Ballot will not be counted;

(e)    any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted;

(f)    whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

31938841.3

14

(g)     subject to the other Tabulation Rules and Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(h)     claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Plan, and any votes that are split will not be counted;

(i)      any Ballot transmitted to the Voting Agent by facsimile, or other means not specifically approved by the Court; and

(j)      subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot; *provided*, *however*, that any such waivers shall be disclosed in the Voting Report.

31.     The Debtors request that the Court authorize the Debtors or the Voting Agent, as applicable, to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, revocation or withdrawals of Ballots, which determination will be final and binding.

32.     To assist in the solicitation process, the Debtors request that the Court grant the Voting Agent the authority to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided*, that neither the Debtors nor the Voting Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

33.     The Voting Agent is required to retain all electronic copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package, and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

31938841.3

34.    The Debtors respectfully submit that the Tabulation Rules and Procedures are appropriate and reasonable under the circumstances and should be approved.

### iv.    *Establishment of Voting Record Date*

35.    Bankruptcy Rule 3017 provides that the bankruptcy court may set the date on which the disclosure statement is approved or another date as the record date for determining which holders of securities are entitled to receive solicitation materials, including ballots for voting on a chapter 11 plan.  *See* Fed. R. Bankr. P. 3017(d).

36.    The Debtors propose that the Court establish November 4, 2024, as the record date (the "**Voting Record Date**") for purposes of determining which Holders of Prepetition Loan Claims are entitled to receive a Ballot to vote to accept or reject the Combined Disclosure Statement and Plan.  Only Holders of Class 3 Prepetition Secured Loan Claims are entitled to vote. Establishing November 4, 2024 as the Voting Record Date is consistent with the Bankruptcy Rules and will provide sufficient time for the Debtors and the Voting Agent to ensure that the Solicitation Packages can be mailed by the Service Date.

### v.    *Establishment of Deadline to File Rule 3018 Motions*

37.    The Debtors propose that any Holder of a Claim that seeks to challenge the temporary allowance of its claim for voting purposes based on the Tabulation Rules and Procedures be required to file a motion, pursuant to Bankruptcy Rule 3018(a),[4] for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Disclosure Statement and the Plan (a "**Rule 3018 Motion**"), no later than **November 19, 2024 at 4:00 p.m. (prevailing Eastern Time)**, and serve the Rule 3018 Motion on the Debtors.  The Debtors (and, with respect to filing a response, any party in interest) will then

---

[4]    Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

have:  (i) until November 26, 2024 to file and serve any responses to a Rule 3018 Motion; and (ii) to coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing.  In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and Procedures and other applicable provisions contained herein unless and until the underlying claim or interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

**C.    Confirmation Hearing, Confirmation Objection Deadline, and Notice Thereof**

38.    Bankruptcy Rule 3017 provides that, on or before the approval of a disclosure statement, a bankruptcy court "may fix the date for the hearing on confirmation." *See* Fed. R. Bankr. P. 3017(c). Section 105 of the Bankruptcy Code expressly authorizes a court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the bankruptcy court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortg. Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009). Local Rule 3017-2 also provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation a plan.  Del. Bankr. L.R. 3017-2.

39.    Consistent with the foregoing authority, the Debtors respectfully request that the Confirmation Hearing to consider confirmation of the Plan, including final approval of the adequacy of the disclosures set forth in the Combined Disclosure Statement and Plan, be set for December 17, 2024 at 11:00 a.m. (ET).  The Debtors submit that a combined hearing will

streamline and expedite the Confirmation process, which will inure directly to the benefit of creditors by allowing the Debtors to implement the Plan in a timely and efficient manner and limiting the amount of time the Debtors remain in chapter 11.  Under the circumstances, a combined hearing will spare the Debtors from additional administrative expenses associated with a two-stage process and promote judicial efficiency and economy.

40.    In the interests of orderly procedure, the Debtors further request that objections to confirmation of the Plan, including final approval of the adequacy of the disclosures contained in the Combined Disclosure Statement and Plan, if any, must (a) be in writing and (b) be filed with the Court and served on the Notice Parties, so that they are received no later than **4:00 p.m. (prevailing Eastern Time) on December 10, 2024** (the "**Confirmation Objection Deadline**").  The Debtors and any other party in interest may file a reply to any such objections or brief in support of final approval of the Combined Disclosure Statement and Plan and confirmation of the Plan by no later than **noon (prevailing Eastern Time) on December 13, 2024 (or two (2) business days prior to the date of any adjourned Confirmation Hearing)**.  The Debtors further request that the proposed Confirmation Order be filed by no later than **noon (prevailing Eastern Time) on December 13, 2024 (or two (2) business days prior to the date of any adjourned Confirmation Hearing)**.

41.    Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors and parties in interest at least twenty-eight (28) days prior to the deadline for filing objections to confirmation of the Plan, and the hearing on the final approval of the Combined Disclosure Statement and Plan.  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be given notice of these matters in the manner and form directed by the Court.

42.     The Confirmation Notice sets forth, among other things, (i) the Confirmation Objection Deadline, (ii) the time, date, and place of the Confirmation Hearing, and (iii) instructions on how to obtain a copy of the Combined Disclosure Statement and Plan free of charge.  The Debtors will cause the Confirmation Notice to be served by the Service Date on the following parties, unless such parties are otherwise entitled to a Solicitation Package or the Notice of Non-Voting Status:  (a) all persons or entities that have filed, or are deemed to have filed, a Proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Internal Revenue Service; (d) the United States Attorney for the District of Delaware; (e) other known Holders of Claims (or potential Claims) and Interests; (f) all entities known by the Debtors to hold or assert a lien or other interest in the Debtors' property; and (g) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.  Under the Debtors' proposed timeline set forth herein, the Confirmation Notice will be served at least twenty-eight (28) days prior to the Confirmation Objection Deadline, and more than thirty-five (35) days prior to the Confirmation Hearing.

43.     The Debtors submit that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline, and related matters fully comply with Bankruptcy Rules 2002 and 3017, Local Rules 3017-1 and 3017-2, and the time limits set forth therein, are consistent with sections 105, 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d) with respect to parties that are not entitled to vote on the Combined Disclosure Statement and Plan, are both fair to Holders of Claims or Interests and other parties in interest, and are designed to permit an organized and efficient Confirmation Hearing. Accordingly, the Debtors respectfully request that the Court approve such notice procedures as

31938841.3

appropriate under the circumstances of the Chapter 11 Cases and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## NOTICE

44.    The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the Prepetition Agent and DIP Agent; (c) counsel to the Committee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In addition, the Debtors will cause notice of this Motion to be posted on the Debtors' case website maintained by Epiq.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
October 16, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Rebecca L. Lamb*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email: mnestor@ycst.com
        sgreecher@ycst.com
        amielke@ycst.com
        tpowell@ycst.com
        rlamb@ycst.com
        bcarver@ycst.com

*Counsel to the Debtors and Debtors in Possession*

31938841.3