**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

**ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT
AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY;
(II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES;
(III) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS;
(IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE,
TIME, AND PLACE FOR THE COMBINED HEARING AND THE DEADLINE FOR
FILING OBJECTIONS THERETO; AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors

and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"):

(i) approving the Combined Disclosure Statement and Plan, on an interim basis and for solicitation

purposes only; (ii) establishing procedures for the solicitation and tabulation of votes to accept or

reject the Plan; (iii) approving the form of ballot and solicitation materials; (iv) establishing a

voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and the

deadline for filing objections related thereto; and (vi) granting related relief; and upon the

statements of counsel made in support of the relief requested in the Motion at the hearing before

this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to

---

[1]  The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for
Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number
of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax
identification numbers, and their addresses are not provided herein.  A complete list of such information may be
obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by
contacting the undersigned counsel for the Debtors.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AS FOLLOWS**:

A.    The form of ballot attached hereto as Exhibit 1 (the "**Ballot**"): (i) is consistent with Official Form No. 14; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) is appropriate for the Voting Class; and (iv) complies with Bankruptcy Rule 3017(d).

B.    The Ballot need not be provided to Holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Plan in accordance with Bankruptcy Code section 1126(f), or (ii) impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under Bankruptcy Code section 1126(g):

*[Continues on Next Page]*

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 1 | Priority Non-Tax Claims | Unimpaired | Presumed to Accept |
| 2 | Other Secured Claims | Unimpaired | Presumed to Accept |
| 4 | General Unsecured Claims | Impaired | Deemed to Reject |
| 5 | Intercompany Claims | Impaired | Deemed to Reject |
| 6 | Interests | Impaired | Deemed to Reject |

C.       The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Class to make informed decisions to accept or reject the Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

D.       The Tabulation Rules and Procedures (defined below) for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E.       The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The relief requested in the Motion is granted as set forth herein.

**Combined Disclosure Statement and Plan**

2.       The Combined Disclosure Statement and Plan is approved on an interim basis for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

3.      The Ballot, substantially in the form attached hereto as <u>Exhibit 1</u>, is approved.

4.      To be counted as a vote to accept or reject the Combined Disclosure Statement and Plan, a Ballot must be properly executed, completed, and delivered, by electronic mail to the Voting Agent, with a copy to the Debtors' counsel, in accordance with the instructions on the Ballot, so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on December 10, 2024** (the "**Voting Deadline**").

5.      The following procedures, to the extent applicable, shall be used in tabulating the votes to accept or reject the Plan (the "**Tabulation Rules and Procedures**"), *provided* that the Debtors shall be permitted to waive any such procedure in their sole discretion:

6.      <u>Parties Entitled to Vote</u>:    Holders of Class 3 Prepetition Loan Secured Claims are the only parties entitled to vote on the Combined Disclosure Statement and Plan.

7.      Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtors' rights in any other context, each Claim entitled to vote to accept or reject the Plan shall be in an amount determined by the following procedures:

(a)    if a Claim is deemed allowed under the Plan, an order of this Court or a stipulated agreement between the parties, such claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein:

(b)    if a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors or the Voting Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(c)    if a Claim, for which a Proof of Claim was timely filed, is listed as contingent, unliquidated, or disputed in part, such Claim is temporarily

allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(d)     if a Claim was listed in the filed Schedules in an amount that is liquidated, non-contingent, and undisputed, and a Proof of Claim was not filed by the applicable Claims Bar Date, such Claim is allowed for voting in the liquidated, non-contingent, undisputed, amount set forth in the filed Schedules;

(e)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes; provided, however, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

(f)     if a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, such Claim is temporarily allowed in the amount so estimated or allowed by this Court for voting purposes only, and not for purposes of allowance or distribution;

(g)     Proofs of Claim filed for $0.00 and Claims scheduled for $0.00 are not entitled to vote;

(h)     if the Debtors have served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by this Court before the Voting Deadline;

(i)     for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(j)     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(k)     if a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as

otherwise ordered by this Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

8.      The Debtors further propose that the following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by the Debtors:

(a)     Except as otherwise ordered by this Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in their discretion; *provided*, *however*, that any extensions of the Voting Deadline shall be disclosed in the Voting Report;

(b)     any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c)     any Ballot cast by a person or entity that does not hold a Claim in a Voting Class as of the Voting Record Date will not be counted;

(d)     any unsigned Ballot will not be counted;

(e)     any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

(f)     whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

(g)     subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(h)     claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan, and any votes that are split will not be counted;

(i)     any Ballot transmitted to the Voting Agent by facsimile, or other means not specifically approved by this Court; and

(j)     subject to any contrary order of this Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot; *provided*, *however*, that any such waivers shall be disclosed in the Voting Report.

9.      The Debtors or Voting Agent, as applicable, without further order of this Court, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding.

10.      If any Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") no later than **November 19, 2024 at 4:00 p.m. (prevailing Eastern Time)** and serve the Rule 3018 Motion on the Debtors.  The Debtors (and, with respect to filing a response, any other party in interest) shall then (i) have until November 26, 2024 to file and serve any responses to such Rule 3018 Motions, and (ii) coordinate with this Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing.  Any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or interest is temporarily allowed by this Court for voting purposes in a different amount, after notice and a hearing.

11.      The Debtors or Voting Agent are authorized to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtors nor the Voting Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

12.     The Voting Agent is required to retain all electronic copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package, and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

13.     The Confirmation Hearing is hereby scheduled for **December 17, 2024 at 11:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing) or (b) indicating same in an agenda filed on the docket of the Chapter 11 Cases.

14.     Objections to approval and confirmation of the Combined Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "**Notice Parties**"): (i) counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (ii) counsel to the Prepetition Agent and DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iii) the Office of the United States

Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (iv) counsel for the Committee, Kelley Drye & Warren LLP, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin Elliott (kelliott@kelleydrye.com); in each case by no later than **4:00 p.m. (prevailing Eastern Time) on December 10, 2024**.

15.     The Debtors and any other party in interest may file a reply to any objections or brief in support of approval of the Combined Disclosure Statement and Plan by no later than **noon (prevailing Eastern Time) on December 13, 2024** (or two (2) business days prior to the date of any adjourned Confirmation Hearing).

16.     The Debtors shall file a proposed form of the Confirmation Order by no later than **noon (prevailing Eastern Time) on December 13, 2024** (or two (2) business days prior to the date of any adjourned Confirmation Hearing).

17.     The Confirmation Notice, in substantially the form attached hereto as <u>Exhibit 2</u>, is approved.  The Debtors are authorized to publish the Confirmation Notice in the national edition of *The New York Times* or another nationally circulated publication.

18.     Pursuant to Bankruptcy Rule 3017(d), November 4, 2024 shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Plan (the "**Voting Record Date**").

19.     No later than four (4) business days after the entry of this Order, or as soon as reasonably practicable thereafter (the "**Service Date**"), in accordance with the terms of this Order, the Voting Agent shall transmit the Solicitation Package to the Voting Class containing copies of: (a) the Confirmation Notice; (b) either a paper copy or a copy in "pdf" format on a flash

drive of the Combined Disclosure Statement and Plan; (c) either a paper copy or a copy in "pdf" format on a flash drive of the Solicitation Procedures Order, without exhibits; and (d) the form of ballot attached to hereto as <u>Exhibit 1</u>. Additionally, the Debtors shall provide complete Solicitation Materials (excluding the Ballots) to the U.S. Trustee and all parties requesting service of notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

20.    On or prior to the Service Date, the Voting Agent shall cause the Confirmation Notice to be served on the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package or the Notice of Non-Voting Status: (a) all persons or entities that have filed, or are deemed to have filed a proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; (h) all parties listed on the Debtors' creditor matrix; and (i) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

21.    On or prior to the Service Date, the Voting Agent shall cause the Notice of Non-Voting Status, substantially in the form attached hereto as <u>Exhibit 3</u>, to be served on the Non-Voting Classes.

22.    The Debtors and Voting Agent are authorized to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors and provided by the Debtors to the Voting Agent. Neither the Debtors nor the Voting Agent are required to conduct any additional research for updated addresses based on undeliverable solicitation materials

(including undeliverable Ballots) and will not be required to resend a Solicitation Package or other materials, including Confirmation Notices, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

23.     Notwithstanding anything herein or in the Motion to the contrary, neither the Debtors nor the Voting Agent are required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of Motion or other mailed notice in this case was returned as undeliverable, unless the Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

24.     Attached hereto as Annex I is a timetable of the significant dates related to solicitation and confirmation of the Plan.

25.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## ANNEX I

**Dates and Deadlines in Connection with Confirmation**

| Event | Proposed Date |
|---|---|
| Voting Record Date | November 4, 2024 |
| Service Date | No later than four (4) business days after the entry of the Solicitation Procedures Order (or as soon as reasonably practicable thereafter) |
| Deadline to File Rule 3018 Motions | November 19, 2024 at 4:00 p.m. (ET) |
| Deadline to File Plan Supplement | December 3, 2024 |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | December 10, 2024 at 4:00 p.m. (ET) |
| Voting Deadline | December 10, 2024 at 4:00 p.m. (ET) |
| Deadline to File (i) Voting Declaration, (ii) Confirmation Declaration, (iii) Confirmation Brief, and (iv) Proposed Confirmation Order | December 13, 2024 at 12:00 p.m. (ET) (or two (2) business days prior to the Confirmation Hearing) |
| Proposed Confirmation Hearing Date | December 17, 2024 at 11:00 a.m. (ET) |

## <u>EXHIBIT 1</u>

### Class 3 Ballot

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |

**CLASS 3 (PREPETITION LOAN SECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION OF BLINK HOLDINGS, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

---

**TO BE COUNTED, A BALLOT WITH YOUR VOTE MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE OF DECEMBER 10, 2024 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

This ballot (the "**Ballot**") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit your vote to accept or reject the chapter 11 plan (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "**Plan**") embodied in the *Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and its Affiliated Debtors and Debtors in Possession* [D.I. [●]] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "**Combined Disclosure Statement and Plan**").[2] Copies of the Combined Disclosure Statement and Plan may be obtained free of charge on the dedicated webpage of Epiq Corporate Restructuring, LLC (the "**Voting Agent**") at https://dm.epiq11.com/blinkfitness or upon request to the Voting Agent by (i) telephone at (877) 607-9009 (domestic, toll-free) or (971) 365-4515 (international, toll); or (c) emailing BlinkFitnessInfo@epiqglobal.com (with "Blink Holdings Solicitation" in the subject line).

The Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Holders of Claims in Class 3 who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.

---

[1]   The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2]   All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Disclosure Statement and Plan.

### VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  For your vote to count, you must:

    a.  **Submit a Ballot with your vote in the envelope provided or by _one_ of the following methods:**

| If by First Class Mail: | If by Electronic Submission through the E-Balloting Portal |
|---|---|
| Blink Holdings, Inc.<br>c/o Epiq Ballot Processing<br>PO Box 4422<br>Beaverton, OR 97076-4422<br><br>**If by Overnight Service or Courier:**<br><br>Blink Holdings, Inc.<br>c/o Epiq Ballot Processing<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 | Epiq will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://dm.epiq11.com/case/blinkfitness click on the "E-Ballot" link under the "Case Actions" section of Epiq's website for the Debtors and follow the instructions to submit your Ballot.<br><br>IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:<br><br>**Unique E-Ballot ID#:**_____ |

b.  In the boxes provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan by checking the appropriate box;

c.  Review and sign the acknowledgements in Item 3 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Prepetition Loan Secured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

d.  **Return your Ballot so it is _received_ by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, December 10, 2024 at 4:00 p.m. (prevailing Eastern Time)**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2.  You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.  The Ballot does not constitute and will not be deemed a Proof of Claim or an assertion of a Claim or Interest.

4.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest dated properly completed, valid Ballot will supersede any prior received Ballots.

5.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.  PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL **_NOT_** ACCEPT BALLOTS BY FACSIMILE.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL (BLINKFITNESSINFO@EPIQGLOBAL.COM) OR BY TELEPHONE AT (877) 607-9009 (DOMESTIC TOLL-FREE), (971) 365-4515 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

31938841.3

Class 3 Ballot

**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS
IN THE COMBINED DISCLOSURE STATEMENT AND PLAN**

**7.** PLEASE BE ADVISED THAT THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THOSE LISTED BELOW. **AS A HOLDER OF A CLASS 3 PREPETITION SECURED LOAN CLAIM, YOU ARE DEEMED TO GRANT THE FOLLOWING RELEASE:**

Section 14.1(c) contains the following consensual releases by Holders of Claims and Interests:

**<u>Consensual Releases by Certain Parties</u>. As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall, and shall be deemed to, completely and forever release each and all of the Third-Party Released Parties of and from any and all claims, Causes of Action, obligations, suits, judgments, damages, demands, debts, rights, remedies, and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Credit Agreement, the DIP Facility, any of the Debtors' in- or out-of-court restructuring efforts, the Sale Transaction, the Sale Documents, or this Combined Disclosure Statement and Plan, that may be asserted by or on behalf of any of the Releasing Parties against any of the Third-Party Released Parties (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and this Plan); *provided however*, that nothing in this section shall operate as a release of (i) any causes of action or liabilities arising out of gross negligence, willful misconduct, or fraud, (ii) any obligations of the Debtors, Estates, or the Plan Administrator under this Plan or the Sale Documents arising from and after the Effective Date, or (iii) criminal acts of any such Third-Party Released Party as determined by a Final Order. For the avoidance of doubt, the release set forth above does not release any Preserved Causes of Action against any Former Directors and Officers.**

As defined in the Combined Disclosure Statement and Plan:

**"Third-Party Released Parties"** shall mean, collectively, each of and in each case in its capacity as such, (a) the Debtors and their Estates; (b) the DIP Agent and DIP Lenders (c) the Prepetition Agent and the Prepetition Lenders; (d) the Committee; and (e) with respect to each of the Entities described in subsections (a) through (d), such Entity's Related Parties; *provided, however*, that in each case a person or entity shall not be a Third-Party Released Party if such person or entity objects to or declines to provide the Plan's release provisions; *provided, further*, that no Former Directors and Officers shall be deemed to constitute "Third-Party Released Parties" hereunder.

**"Releasing Parties"** shall mean, collectively, in each case solely in their respective capacities as such: (a) the DIP Agent and DIP Lenders; (b) the Prepetition Agent and Prepetition Lenders; (c) the Committee; (d) the Debtors and their Estates, and (e) with respect to each of the Entities described in subsections (a) through (d), such Entity's Related Parties, solely with respect to claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities that such Related Parties could have properly asserted on behalf of such Releasing Parties.

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN ARTICLE XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1. Voting Amount and Treatment.** The undersigned certifies that, as of November 4, 2024, the undersigned was the Holder of a Class 3 Prepetition Loan Secured Claim in the amount of $108.9 million.[3]  Under the Plan, if confirmed and the Effective Date occurs, in full and final satisfaction of, and in exchange for such Claim, each Holder of an Allowed Prepetition Loan Secured Claim shall receive on account of such Holder's Allowed Prepetition Loan Secured Claim, its Pro Rata share of the Sale Proceeds.

**Item 2. Vote on Plan.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐  **Accept** the Plan                           ☐  **Reject** the Plan

**You are consenting to the releases set forth in Section 14.1(c) of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law.**

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for voting purposes.

| | |
|---|---|
| _____ | _____ |
| Name of Creditor | Telephone Number |
| _____ | _____ |
| Signature | Email Address |
| _____ | |
| If by Authorized Agent, Name and Title | |
| _____ | _____ |
| Name of Institution | Date Completed |
| _____ | |
| Street Address | |
| _____ | |
| City, State, Zip Code | |

---

[3]     For voting purposes only, subject to tabulation rules.

31938841.3

Class 3 Ballot

**EXHIBIT 2**

**Confirmation Notice**

31938841.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Docket Ref. No. ___** |

### PLEASE TAKE NOTICE OF:

**(I)  APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; AND**

**(II)  THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN**

On August 12, 2024 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (together, the "**Debtors**") filed voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

### I.  APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS

On November ___, 2024, the Court entered an order (the "**Solicitation Procedures Order**"), which, among other things, approved the *Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* (as may be amended, modified, or supplemented from time to time, the "**Combined Disclosure Statement and Plan**")[2] on an interim basis for solicitation purposes only.

Copies of the Combined Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at **https://dm.epiq11.com/blinkfitness** or upon request to the Voting Agent by (i) telephone at (877) 607-9009 (domestic, toll-free) or (971) 365-4515 (international, toll); or (c) emailing BlinkFitnessInfo@epiqglobal.com.

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

## II. THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN

1. **Confirmation Hearing**.  A combined hearing (the "**Confirmation Hearing**") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable J. Kate Stickles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 5th Floor, Courtroom #6, 824 North Market Street, Wilmington, Delaware 19801, on **December 17, 2024 at 11:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

2. **Voting Deadline**.  Only the Holders of the Prepetition Loan Secured Claims in Class 3 are entitled to vote to accept or reject the Combined Disclosure Statement and Plan. The deadline for the receipt of such vote is **December 10, 2024 at 4:00 p.m. (prevailing Eastern Time)**.

3. **Parties Not Entitled to Vote**.  Holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) will be paid in full or otherwise rendered Unimpaired and are conclusively presumed to accept the Plan.  Holders of Claims or Interests in Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims), and Class 6 (Interests) are deemed to reject the plan and are not entitled to vote.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims (including Professional Fee Claims), DIP Claims, Priority Tax Claims, and U.S. Trustee Fee Claims, as described in the Combined Disclosure Statement and Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  The respective treatment of such unclassified Claims is set forth in Article VII of the Combined Disclosure Statement Plan.

4. **Objections to Confirmation**. Objections to confirmation of the Plan, including any objection to the adequacy of the disclosures contained in the Combined Disclosure Statement and Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on December 10, 2024**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT SECTION 14.1(c) OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

<u>**Consensual Releases by Certain Parties.**</u>  **As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall, and shall be deemed to, completely and forever release each and all of the Third-Party Released Parties of and from any and all claims, Causes of Action, obligations, suits, judgments, damages, demands, debts, rights, remedies, and liabilities of any**

---

[3]   The Notice Parties are: (i) counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (ii) counsel to the Prepetition Agent and DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (iv) counsel for the Committee, Kelley Drye & Warren LLP, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin Elliott (kelliott@kelleydrye.com).

31938841.3

nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Credit Agreement, the DIP Facility, any of the Debtors' in- or out-of-court restructuring efforts, the Sale Transaction, the Sale Documents, or this Combined Disclosure Statement and Plan, that may be asserted by or on behalf of any of the Releasing Parties against any of the Third-Party Released Parties (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and this Plan); provided however, that nothing in this section shall operate as a release of (i) any causes of action or liabilities arising out of gross negligence, willful misconduct, or fraud, (ii) any obligations of the Debtors, Estates, or the Plan Administrator under this Plan or the Sale Documents arising from and after the Effective Date, or (iii) criminal acts of any such Third-Party Released Party as determined by a Final Order.  For the avoidance of doubt, the release set forth above does not release any Preserved Causes of Action against any Former Directors and Officers.**

As defined in the Combined Disclosure Statement and Plan:

**"Third-Party Released Parties" shall mean, collectively, each of and in each case in its capacity as such, (a) the Debtors and their Estates; (b) the DIP Agent and DIP Lenders (c) the Prepetition Agent and the Prepetition Lenders; (d) the Committee; and (e) with respect to each of the Entities described in subsections (a) through (d), such Entity's Related Parties; *provided*, *however*, that in each case a person or entity shall not be a Third-Party Released Party if such person or entity objects to or declines to provide the Plan's release provisions; *provided*, *further*, that no Former Directors and Officers shall be deemed to constitute "Third-Party Released Parties" hereunder.**

**"Releasing Parties" shall mean, collectively, in each case solely in their respective capacities as such: (a) the DIP Agent and DIP Lenders; (b) the Prepetition Agent and Prepetition Lenders; (c) the Committee; (d) the Debtors and their Estates, and (e) with respect to each of the Entities described in subsections (a) through (d), such Entity's Related Parties, solely with respect to claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities that such Related Parties could have properly asserted on behalf of such Releasing Parties.**

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN ARTICLE XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

*[Signature Page Follows]*

31938841.3

Dated: Wilmington, Delaware
  [__], 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_/s/_____

Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email: mnestor@ycst.com
          sgreecher@ycst.com
          amielke@ycst.com
          tpowell@ycst.com
          rlamb@ycst.com
          bcarver@ycst.com

_Counsel to the Debtors and Debtors in Possession_

31938841.3

## **EXHIBIT 3**

**Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Docket Ref. No. ___ |

## NOTICE OF NON-VOTING STATUS

   **PLEASE TAKE NOTICE THAT** on November ___, 2024, the Court entered an order (the "**Solicitation Procedures Order**"), which, among other things, approved the *Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* (as may be amended, modified, or supplemented from time to time, the "**Combined Disclosure Statement and Plan**")[2] on an interim basis for solicitation purposes only.  The Solicitation Procedures Order authorizes the Debtor to solicit votes to accept or reject the Plan from the Holders of the Claims in the Voting Class (as defined in the Disclosure Statement Order).

   **YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS IN CLASSES OF UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN, OR OF CLAIMS AND INTERESTS IN CLASSES OF IMPAIRED CLAIMS DEEMED TO REJECT THE PLAN THAT, IN EITHER CASE, ARE NOT ENTITLED TO VOTE ON THE PLAN. THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN.**

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | Presumed to Accept |
| 2 | Other Secured Claims | Unimpaired | Presumed to Accept |
| 4 | General Unsecured Claims | Impaired | Deemed to Reject |
| 5 | Intercompany Claims | Impaired | Deemed to Reject |
| 6 | Interests | Impaired | Deemed to Reject |

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS AND INTERESTS IN CLASSES 1 AND 2 ARE UNIMPAIRED UNDER THE PLAN AND THEREFORE, PURSUANT TO THE PLAN AND BANKRUPTCY CODE SECTION 1126(f), ARE (I) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND TO CONSENT TO THE RELEASES SET FORTH IN SECTION 14.1(c) OF THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS AND INTERESTS IN CLASS 4, CLASS 5, AND CLASS 6 ARE IMPAIRED UNDER THE PLAN AND ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF THEIR CLAIMS OR INTERESTS IN THOSE CLASSES AND THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION 1126(g), ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

       **PLEASE TAKE FURTHER NOTICE** that, notwithstanding this Notice of Non-Voting Status, you have the right to object to confirmation of the Plan.  Objections to confirmation of the Plan, including any objection to the adequacy of the disclosures contained in the Combined Disclosure Statement and Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the following parties so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on December 10, 2024**: (i) counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (ii) counsel to the Prepetition Agent and DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (iv) counsel for the Committee, Kelley Drye & Warren LLP, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin Elliott (kelliott@kelleydrye.com). Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

       **PLEASE TAKE FURTHER NOTICE** that a combined hearing (the "**Confirmation Hearing**") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable J. Kate Stickles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 5th Floor, Courtroom #6, 824 North Market Street, Wilmington, Delaware 19801, on **December 17, 2024 at 11:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

       **Copies of the Combined Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://dm.epiq11.com/blinkfitness or upon request to the Voting Agent by (i) telephone at (877) 607-9009 (domestic, toll-free) or (971) 365-4515 (international, toll); or (ii) emailing BlinkFitnessInfo@epiqglobal.com (with "Blink Holdings Solicitation" in the subject line).**

31938841.3

Dated: Wilmington, Delaware
[__], 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_/s/_ _____

Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email: mnestor@ycst.com
      sgreecher@ycst.com
      amielke@ycst.com
      tpowell@ycst.com
      rlamb@ycst.com
      bcarver@ycst.com

_Counsel to the Debtors and Debtors in Possession_

31938841.3