## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |

## AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF DEBTORS

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Bankruptcy Rule 9014, the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned Debtors will take the deposition upon oral examination of the Debtors' Chief Restructuring Officer, Steven Shenker (c/o Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attention: Michael R. Nestor, Sean T. Greecher and Allison S. Mielke), recorded by video and/or stenographic means, before a court reporter authorized by law to take depositions.

The deposition is being taken in connection with the Debtors' *Motion for Entry of Orders (I)(A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of The Sale of All or Substantially All of the Debtors Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Granting Related Relief; and (II)(A) Authorizing and Approving the Debtors Entry Into An Asset Purchase Agreement, (B) Authorizing the Sale of*

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed counsel for the Debtors.

*All or Substantially All of the Debtors Assets Free and Clear of All Encumbrances, (C) Approving the Assumption and Assignment of the Assumed Contracts, and (D) Granting Related Relief* [D.I. 81] (the "Sale Motion"). The deposition will commence on **Friday, November 1, 2024, at 8:30 a.m. (ET)**, or at some other time mutually agreed upon by the parties, and will continue until completed or adjourned, and shall take place at the office of Kelley Drye & Warren LLP, 3 World Trade Center, New York, NY 10007.  The deposition will be taken for purposes of discovery, preservation of testimony, for use at trial, and any other purposes permitted by the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Federal Rules of Evidence, or other applicable law.

Pursuant to Rule 30(b)(6), the Debtors are required to designate one or more knowledgeable persons to testify on the Debtors' behalf with respect to the matters set forth in Exhibit A, and the person(s) so designated shall be required to testify to those matters known or reasonably available to the Debtors.   For each person designated, the Debtors shall advise counsel for the Committee of the identity of the person and identify the topic(s) on which that person shall testify at least one (1) business day before the deposition.  To the extent such person(s) will rely on documents or information not yet produced, the Debtors are further requested to produce documents or that information as soon as its available, and no less than one (1) business day before the deposition.

The Committee reserves its rights to issue other or further notices of deposition.

*[Remainder of Page Intentionally Left Blank]*

17012794/1

Dated: October 30, 2024

**MORRIS JAMES LLP**

*/s/ Siena B. Cerra*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Siena B. Cerra (DE Bar No. 7290)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
       bkeilson@morrisjames.com
       scerra@morrisjames.com
-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: ewilson@kelleydrye.com
       kelliott@kelleydrye.com
       abarajas@kelleydrye.com

*Counsel to the Official Committee of*
*Unsecured Creditors*

## Exhibit A

Topics for Examination

1.     All aspects of the Transition Services Agreement, dated December 1, 2016, between the Debtors and Equinox Holding, Inc. (and together with its insiders and affiliates, "Equinox"), as well as the first and second amendments thereof, and any prior agreements and other amendments, including the negotiation of all such agreements, performance thereunder, and communications with potential bidders regarding same.

2.     All aspects of the form of Transition Services Agreement attached as an exhibit to the Stalking Horse Asset Purchase Agreement (the "Stalking Horse Agreement") the Debtors entered on September 10, 2024, including, without limitation, drafts of such agreement and any subsequent amendments, including the negotiation of the agreement, and communications with third parties regarding the agreement and its negotiation.

3.     All aspects of the form of Transition Services Agreement negotiated between Varagon Capital Partners Agent, LLC or any of its affiliates (collectively, "Varagon") and Equinox in our about August 2024, including, without limitation, drafts of such agreement and any subsequent amendments, including the negotiation of the agreement, the Debtors' approval of the agreement, and the Debtors' communications with any party regarding the agreement.

4.     All aspects of the Debtors' books and records, including, without limitation, the manner in which they are maintained and the Debtors' reliance on Equinox for record keeping.

5.     All aspects of the Debtors' accounting system.

6.     All aspects of the Debtor's employment of Guy Harkless, Ben Balick, Carissa Ganelli, Todd Magazine and David Phillipps.

7.     All aspects of Harvey Spevak's involvement with the Debtors.

8.      All aspects of the appointment and service of any independent directors for the Debtors.

9.      All aspects of any investigations conducted by the Debtors' independent directors or any special committee of the Debtors or any other party on behalf of the Debtors.

10.     The Debtors' officers and directors since 2016.

11.     All aspects of the Restructuring Support Agreement ("RSA") filed at Docket Number 483 in the above-referenced chapter 11 cases, including the Debtors' determination to enter into the RSA, as well as any prior agreements and subsequent amendments, including the negotiation of the RSA and any amendments, performance under the RSA, and other communications with Varagon or Equinox related to the RSA.

12.     All payments made by Debtors to Equinox since January 1, 2018.

13.     All payments made in respect of the repurchase of preferred capital stock of Blink Intermediate Holdings, LLC, Blink Intermediate Holdings II, LLC, Blink Company Intermediate Holdco Inc., and any other party referred to as "Parent" in the Debtors' prepetition Credit Agreement with Varagon and the amendments thereto.

14.     HPS Investment Partners, LLC's loan to and/or lien on the assets of Blink Holdings II, Inc. or any other Debtor, including all documents regarding the Securities Purchase Agreement, dated June 30, 2021, and the Security Agreement, dated February 3, 2021.

15.     All aspects of the Debtors' Key Employee Incentive Program.

16.     All aspects of the Debtors' investment in Alshaya, including without limitation, any valuation thereof performed by Houlihan Lokey and any transfer or other disposition of such investment.

17012794/1

17.     The defective corporate acts referred to in Blink Holdings II Inc.'s Written Consent of Stockholders dated August 8, 2023.

18.     The Debtors' responses to the Committee's requests for documents from the Debtors.

19.     All aspects of Equinox's proposal to the Debtors' Restructuring Committee to acquire Varagon's prepetition debt, whether before or after the Petition Date.

20.     All aspects of the Debtors' corporate governance.

21.     All aspects of the Stalking Horse Agreement, including the Debtors' decision to enter into such agreement.

22.     All aspects of the Debtors' decision to file chapter 11 petitions on the Petition Date.

17012794/1