**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLINK HOLDINGS, INC., *et al.*[1] | ) | Case No. 24-11686 (JKS) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hearing Date: December 17, 2024 at 11:00 a.m. EST |
| | ) | Objection Deadline: November 15, 2024 at 4:00 p.m. EST |
| _____ | ) | |

## MOTION OF MARLON WILLIAMS FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) OF THE BANKRUPTCY CODE

Marlon Williams ("Movant"), by and through his undersigned counsel, hereby moves this court (the "Motion") pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an Order granting relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit Movant to prosecute a personal injury action pending in the Supreme Court of the State of New York, County of the Bronx, Index No. 809796/2023E against Blink Holdings, Inc. together with its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and to proceed to collection any award against the Debtors' and/or the Debtors' applicable insurance policies. In support of this Motion, Movant respectfully states as follows:

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the proposed undersigned counsel for the Debtors.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §1408 and 1409.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d)(1) and § 365(d)(2), Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001-1.

**FACTS**

4. On August 12, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' have requested joint administration of their bankruptcy cases.

5. Prior to the Petition Date, on or about October 4, 2022, Movant was seriously and permanently injured as a result of an incident that occurred at Blink Fitness in the Bronx, New York, that was caused in full or in part by the negligence of Debtors.

6. As a result of the injuries sustained by Movant and the Debtors' negligence, the Movant commenced a civil action in the Supreme Court of the State of New York, County of the Bronx, against Debtors and non-debtor co-defendants, under Index No. 809796/2023E (the "State Court Action"). A copy of the underlying Verified Complaint is attached hereto as Exhibit A.

7. The Movant's claim in the State Court Action have been delayed as a consequence of the Debtors' chapter 11 filings and the automatic stay provisions set forth in 11 U.S.C. §362(a).

8. Upon information and belief, at the time of October 4, 2022 incident, Debtor, Blink Holdings, Inc., was covered by a liability insurance policy with coverage limits sufficient to cover Movant's claims in the event Movant is successful in the State Court Action.

9. Movant wishes to pursue his claims against the Debtors only to the extent of the limit of Debtors' applicable insurance policies. Movant seeks an Order of this Court modifying the Stay and allowing him to pursue his claims against Debtors, only to the extent of the applicable limits of liability insurance policies available in his cause.

## RELIEF REQUESTED

10. Through this Motion, Movant seeks the entry of an Order pursuant to §362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that he may file and prosecute his claims to judgment in the State Court Action and satisfy any award or other resolution he may obtain against the Debtors, the Debtors' applicable insurance policies any other responsible individual or entity.

## BASIS FOR RELIEF REQUESTED

11. Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). Section 362(d) of the Bankruptcy Code provides in relevant part:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay… (1) for cause, including the lack of adequate protection of an interesting property for such party interest.

11 U.S.C. § 362(d).

13. "Cause" is not defined in the Bankruptcy Code, it must be determined on a case-by-case basis. *Int'l Bus. Machines v. Fernstrom Storage and Van Co*., 938 F.2d 731, 735 (7th Cir. 1991). Courts have found that cause for lifting or modifying the automatic stay exists in order to permit litigation in another forum to liquidate a claim. *See, e.g., In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (noting that the legislative history of § 362(d) shows that cause may be established by a single factor such as "a desire to permit an action to proceed … in another

tribunal."); *In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) (citing liquidation of a claim as "cause" for relief); *In re Holtkamp*, 669 F.2d 505 (7th Cir. 1982) (affirming the lifting of the automatic stay by the Bankruptcy Court to allow a personal injury suit against debtor to proceed to judgment).

14. At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtors' equity in property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. §362(g). If a creditor seeking relief from the automatic say makes a *prima facie* case of "cause" for lifting the stay, the burden going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

15. Courts often follow the logic of the intent behind §362(d) which is that it is often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d)) (internal citations omitted).

16. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

> (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;
>
> (2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and
>
> (3) The creditor's probability of success on the merits.

*See In re Tribune Co.,* 418 B.R. at 126.

17. Here, the facts weigh heavily in Movant's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because Movant's claims must eventually be liquidated before he can recover from the bankruptcy estate and/or any applicable insurance coverage maintained by the Debtors. Movant's claims against this Debtor are negligence and personal injury claims which do not present any factual or legal issues that will impact or distract the Debtors from their reorganization or liquidation process. Indeed, because Movant's claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 11 U.S.C. §157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose…"). Furthermore, Movant has demanded a jury trial in the State Court Action and a jury trial is not available in this Court.

18. Upon information and belief, the Debtors' liability in this matter is covered by insurance. As such, any recovery by Movant will not affect the Debtors' estates, or to the extent the Debtors' applicable insurance policies contain any self-insured retention, any direct recovery against the Debtors by Movant would result in a prepetition claim, treated as any other prepetition claim in the Debtors' cases. Any liability over and above any self-insured retention would be borne by the Debtors' insurers. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy. "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are

not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993).

19. Movant agrees that he is not seeking immediate recovery against the Debtors' or the Debtors' estate for any amount owed to him that is not covered by Debtors' primary, excess or umbrella insurance as a result of any settlement or judgment of the claims against the Debtors in the State Court Action. Upon information and belief, any settlement or judgment in the State Court action that results in liability of the Debtors not covered by applicable insurance would be limited in the amount of any self-insured retention, which would result in a allowed general unsecured claim against the Debtors estates, would be treated as any other allowed general unsecured claim in the Debtors' bankruptcy cases and as prescribed in any order confirming the Debtors' plan of reorganization or liquidation. Any liability over and above any self-insured retention would be borne by the Debtors' insurers. As such, relief would not prejudice the Debtors and would permit the immediate enforcement of any judgment against the Debtors' applicable insurance.

20. Second, Movant will face substantial hardship if the stay is not lifted. Movant's injuries were caused as a result of the Debtors' negligence and Movant will be prejudiced by the continued delay resulting from the automatic stay due to the possibility of witnesses moving to unknown locations or who may pass away and the memory of events becoming less clear. Any delay in permitting Movant to prosecute the State Court Action increases the likelihood that these witnesses will not be located.

21. Movant resides in the State of New York and the events which form the basis of his claims occurred exclusively in New York. If Movant is forced to litigate his claims in Delaware, he would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the say to permit claim liquidation is to conserve judicial resources." *In re Peterson,* 116 B.R. 247, 250 (D. Colo. 1990). Judicial

economy would be served by lifting the automatic stay and allowing Movant's claim to be liquidated in the forum where he is presently postured to be filed and adjudicated quickly. In addition, Movant is entitled to a jury trial for his claims and damages and a jury trial is not available in this Court. A jury trial in the Supreme Court of the State of New York, County of the Bronx is best suited to try all issues raised in the State Court Action. Accordingly, as the court in *Rexene* suggests, "[i]t will be often be more appropriate to permit proceedings to continue in their place of origin …." *In re Rexene*, 141 B.R. at 576.

22.  Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Movant's favor. The facts regarding the Debtors' serious negligence set forth in the attached Complaint speaks for itself. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where…the decision- making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

23.  When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute his claims against the Debtors and any other responsible individual or entity to judgment in the State Court Action and satisfy any award or other resolution he may obtain against the Debtors from the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the injuries sustained.

## **NOTICE**

24.  Pursuant to Local Rule 4001-(a), notice of this Motion has been provided to: (i)

counsel for the Debtors; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel for the debtor-in-possession financing lenders; (iv) the Office of the United States Trustee; and the Chapter 11 Trustee. The Movant submits that no other or further notice need be provided.

WHEREFORE, Movant respectfully request the entry of an order: (a) lifting the automatic stay for cause to allow the State Court Action to continue through to judgment or other resolution; (b) permitting Movant to liquidate and satisfy such judgment or other resolution granted, if any, from applicable insurance coverage available to the Debtors, to the extent insurance is available; (c) directing that relief from the automatic stay be effective immediately upon entry of an order granting this motion and that the 14 day stay provided in Bankruptcy Rule 4001(a)(3) not apply; and (d) granting such other and further relief as the Court deems appropriate.

**REGER RIZZO & DARNALL LLP**

<u>/s/ Louis J. Rizzo, Jr., Esquire</u>
Louis J. Rizzo, Jr., Esquire (#3374)
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE 19803
(302) 477-7100
*Attorney for Movant, Marlon Williams*

Dated:  October 31, 2024

## **CERTIFICATE OF SERVICE**

       The undersigned attorney hereby certifies on this 31st day of October, 2024, that a true and correct copy of the Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code was caused to be served upon all parties required to receive notice pursuant to De. Bankr. LR 4001-1 via this Court's ECF filing system and/or by United States Mail, postage prepaid, upon the following parties:

| | |
|---|---|
| Michael R. Nestor, Esquire<br>Sean T. Greecher, Esquire<br>Allison S. Mielke, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>Rodney Square<br>1000 N. King Street<br>Wilmington, DE 19801 | Peter P. Knight, Esquire<br>Allison E. Yager, Esquire<br>Katten Muchin Rosenman LLP<br>525 W. Monroe Street<br>Chicago, IL 60661 |
| Benjamin A. Hackman, Esquire<br>Office of the United States Trustee<br>U.S. Department of Justice<br>844 King Street, Suite 2207<br>Wilmington, DE 19801 | Curtis S. Miller, Esquire<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, DE 19899 |
| Eric R. Wilson, Esquire<br>Kristin S. Elliott, Esquire<br>Kelley Drye & Warren LLP<br>3 World Trade Center<br>New York, NY 10017 | Eric J. Monzo, Esquire<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801 |
| Epiq Corporate Restructuring, LLC<br>777 Third Avenue, 12th Floor<br>New York, New York 10017 | |

**REGER RIZZO & DARNALL LLP**

*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire (#3374)
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE 19803
(302) 477-7100
*Attorney for Movant, Marlon Williams*