**Exhibit "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

Index No.:

---

MARLON WILLIAMS,

                  Plaintiff(s),

against

BLINK HOLDINGS, INC. d/b/a BLINK FITNESS,
3560 WPR LLC and
3572 WPR LLC,

                  Defendant(s).

Plaintiff designates the
COUNTY OF THE BRONX
as the place of trial.
The basis of the venue is
PLAINTIFF'S residence.

**SUMMONS**

Plaintiff's residence is
432 East 162nd Street
County of THE BRONX

---

To the above-named defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney(s) within 20 days after the service of this summons, excluded of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer a judgment will be taken against you by default for the relief demanded in the complaint.

Date: June 26, 2023

*Mark J. Linder*
Mark J. Linder, Esq.
**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff(s)
3 Park Avenue, Suite 2300
New York, NY 10016

Defendants' address:

3572 WPR LLC
121 Tweed Blvd.
Nyack, NY 10960

3560 WPR LLC
121 Tweed Blvd.
Nyack, NY 10960

BLINK HOLDINGS, INC. d/b/a BLINK FITNESS
c/o Corporation Service Company
31 Hudson Yards
New York, NY 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-----------------------------------------------------------------x
MARLON WILLIAMS,

                        **Plaintiff,**

      -against-                       **VERIFIED COMPLAINT**
                                                       Index No.:

**BLINK HOLDINGS, INC. d/b/a BLINK FITNESS,**
**3560 WPR LLC and**
**3572 WPR LLC,**

                                  **Defendants.**
-----------------------------------------------------------------x

        Plaintiff complaining of the defendants herein, by his attorneys HARMON, LINDER & ROGOWSKY, respectfully set forth and allege, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

1.   That at the time of the commencement of this action plaintiff was a resident of the County of THE BRONX and State of New York.

2.   That defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS was and still is a foreign business corporation organized in Delaware and authorized under the laws of the State of New York.

3.   That defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS was and still is conducting business in the State of New York.

4.   That defendant 3560 WPR LLC was and still is a domestic limited liability company organized and authorized under the laws of the State of New York.

5.   That defendant 3560 WPR LLC was and still is conducting business in the State of New York.

6.   That defendant 3572 WPR LLC was and still is a domestic limited liability company organized and authorized under the laws of the State of New York.

7. That defendant 3572 WPR LLC was and still is conducting business in the State of New York.

8. That at all times herein mentioned, the location and place of the plaintiff's accident was inside Blink Fitness on and upon the lands and/or premises located at **3580 White Plains Road, in the County of THE BRONX** and State of New York

9. That at all times herein mentioned, the date and time of the plaintiff's accident was on **October 4, 2022 at approximately 11:45am.**

10. That on said date, time and place, the plaintiff, while lawfully present at said location, was involved in an accident.

11. That on said date, time and place, the plaintiff, while lawfully present at said location, was involved in an accident and sustained injuries.

12. That on said date, time and place, the plaintiff was involved in an accident and sustained injuries due to negligent, dangerous and/or defective conditions.

13. That on said date, time and place, the plaintiff was involved in an accident and sustained injuries due to the carelessness and recklessness of the defendants.

14. That on said date, time and place, the plaintiff was lawfully at said location when the ceiling and/or ceiling lighting suddenly and unexpectedly fell and collapsed upon the plaintiff's head and body thereby causing the plaintiff to sustain severe and permanent injuries as hereinafter set forth.

15. That at all times herein mentioned, the defendants knew or should have known of the aforesaid dangerous condition(s).

16. The defendants, at all relevant times, and for significant time beforehand caused, created, allowed and/or permitted said dangerous condition.

17. The defendants, at the time of the accident, negligently caused, created, allowed and/or permitted said dangerous condition(s) at the aforementioned location to remain and failed to correct the condition.

18. Upon information and belief, that at the time of the accident the defendants had actual notice of the condition on the day of the accident.

19. Upon information and belief, that at the time of the accident the defendants had constructive notice of the condition on the day of the accident.

20. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS owned certain lands and/or premises at said location.

21. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS was the lessor of certain lands and/or premises at said location.

22. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS was the lessee of certain lands and/or premises at said location

23. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS operated certain lands and/or premises at said location.

24. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS managed certain lands and/or premises at said location.

25. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS maintained certain lands and/or premises at said location.

26. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS controlled certain lands and/or premises at said location.

27. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS supervised certain lands and/or premises at said location.

28. That defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS through its acts and/or omissions inadequately and/or improperly owned, leased, operated, managed, maintained, supervised and/or controlled certain lands and/or premises at said location.

29. That defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS through its acts and/or omissions, negligently, carelessly, inadequately and/or improperly cleaned/repaired/inspected and/or failed to clean/repair/inspect certain lands and/or premises at said location.

30. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS was hired/paid/obligated to provide services including but not limited to inspection, repair, maintenance, remediation, remodeling and/or other types of services upon certain lands and/or premises at said location.

31. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS had a duty to provide the services rendered in accordance with industry standards and in accordance with the specific demands for the conditions at certain lands and/or premises at said location.

32. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS failed to provide the services rendered in accordance with industry standards at certain lands and/or premises at said location.

33. That on said date, time and place defendant BLINK HOLDINGS, INC. d/b/a BLINK FITNESS failed to provide the services rendered in accordance with the specific demands for the conditions at certain lands and/or premises at said location.

34. That on said date, time and place defendant 3560 WPR LLC owned certain lands and/or premises at said location.

35. That on said date, time and place defendant 3560 WPR LLC was the lessor of certain lands and/or premises at said location.

36. That on said date, time and place defendant 3560 WPR LLC was the lessee of certain lands and/or premises at said location.

37. That on said date, time and place defendant 3560 WPR LLC operated certain lands and/or premises at said location.

38. That on said date, time and place defendant 3560 WPR LLC managed certain lands and/or premises at said location.

39. That on said date, time and place defendant 3560 WPR LLC maintained certain lands and/or premises at said location.

40. That on said date, time and place defendant 3560 WPR LLC controlled certain lands and/or premises at said location.

41. That on said date, time and place defendant 3560 WPR LLC supervised certain lands and/or premises at said location.

42. That defendant 3560 WPR LLC through its acts and/or omissions inadequately and/or improperly owned, leased, operated, managed, maintained, supervised and/or controlled certain lands and/or premises at said location.

43. That defendant 3560 WPR LLC through its acts and/or omissions, negligently, carelessly, inadequately and/or improperly cleaned/repaired/inspected and/or failed to clean/repair/inspect certain lands and/or premises at said location.

44. That on said date, time and place defendant 3560 WPR LLC was hired/paid/obligated to provide services including but not limited to inspection, repair, maintenance, remediation, remodeling and/or other types of services upon certain lands

and/or premises at said location.

45. That on said date, time and place defendant 3560 WPR LLC had a duty to provide the services rendered in accordance with industry standards and in accordance with the specific demands for the conditions at certain lands and/or premises at said location.

46. That on said date, time and place defendant 3560 WPR LLC failed to provide the services rendered in accordance with industry standards at certain lands and/or premises at said location.

47. That on said date, time and place defendant 3560 WPR LLC failed to provide the services rendered in accordance with the specific demands for the conditions at certain lands and/or premises at said location.

48. That on said date, time and place defendant 3572 WPR LLC owned certain lands and/or premises at said location.

49. That on said date, time and place defendant 3572 WPR LLC was the lessor of certain lands and/or premises at said location.

50. That on said date, time and place defendant 3572 WPR LLC was the lessee of certain lands and/or premises at said location.

51. That on said date, time and place defendant 3572 WPR LLC operated certain lands and/or premises at said location.

52. That on said date, time and place defendant 3572 WPR LLC managed certain lands and/or premises at said location.

53. That on said date, time and place defendant 3572 WPR LLC maintained certain lands and/or premises at said location.

54. That on said date, time and place defendant 3572 WPR LLC controlled certain

lands and/or premises at said location.

55. That on said date, time and place defendant 3572 WPR LLC supervised certain lands and/or premises at said location.

56. That defendant 3572 WPR LLC through its acts and/or omissions inadequately and/or improperly owned, leased, operated, managed, maintained, supervised and/or controlled certain lands and/or premises at said location.

57. That defendant 3572 WPR LLC through its acts and/or omissions, negligently, carelessly, inadequately and/or improperly cleaned/repaired/inspected and/or failed to clean/repair/inspect certain lands and/or premises at said location.

58. That on said date, time and place defendant 3572 WPR LLC was hired/paid/obligated to provide services including but not limited to inspection, repair, maintenance, remediation, remodeling and/or other types of services upon certain lands and/or premises at said location.

59. That on said date, time and place defendant 3572 WPR LLC had a duty to provide the services rendered in accordance with industry standards and in accordance with the specific demands for the conditions at certain lands and/or premises at said location.

60. That on said date, time and place defendant 3572 WPR LLC failed to provide the services rendered in accordance with industry standards at certain lands and/or premises at said location.

61. That on said date, time and place defendant 3572 WPR LLC failed to provide the services rendered in accordance with the specific demands for the conditions at certain lands and/or premises at said location.

62. That on said date, time and place defendants, their agents, servants and/or employees thorough their acts and/or omissions were careless and negligent in the ownership, operation and control of said lands and/or premises at said location; in causing, allowing and/or permitting said lands and/or premises at said location to become and remain in dangerous condition, unmaintained, negligent, improper and/or unsafe condition; in causing, allowing and/or permitting said lands and/or premises at said location to be and remain in a hazardous condition; in failing to make proper, timely and adequate inspection thereof; in failing to maintain said location in a proper manner; in the negligent and dangerous design, installation, maintenance and management of said location; in failing to set up proper safeguards and/or barriers; in failing to warn persons lawfully traversing the area of the said trap-like, dangerous and hazardous condition; in failing to have sufficient and adequate manpower; in failing to protect invitee of said area; in creating a nuisance or trap; in failing to provide and/or use proper equipment; in failing to have adequate and proper lighting; and in otherwise failing to use due care, caution and prudence on the premises.

63. That the defendants were at all times under a duty to keep said location in a condition free from negligent, dangerous and/or defective conditions.

64. That as a result of the foregoing, the plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

65. That this occurrence and the injuries sustained by the plaintiff were caused by the negligence of defendants.

66. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

67. The defendants were in violation of and/or in noncompliance with the New York City Administrative Code including but not limited to §28-301.1 of the New York City Administrative Code.

68. The defendants were in violation of and/or in noncompliance with the New York City Housing Maintenance Code including but not limited to §27-2005(a) of the New York City Housing Maintenance Code.

69. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF

70. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "69", as if the same were fully hereinafter set forth at length.

71. That the defendants' conduct as earlier described was negligent and careless in *inter alia*:

    (a) Failing to take proper precautions for the safety and wellbeing of the plaintiff;

    (b) That the defendants were negligent in the hiring, screening, training, and supervising of its employees, agents, contractors, etc.,

    (c) Failing to adopt appropriate procedures for the protection of customers and patrons including the plaintiff;

    (d) Negligence at law.

72. That the defendants should have known that its failure in such regards would cause harm.

73. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

74. This plaintiff repeats, reiterate and re-alleges each and every allegation contained in paragraphs 1-73 inclusive.

75. The plaintiff sustained an injury due to the aforesaid dangerous conditions and the negligence of the defendants.

76. The plaintiff sustained an injury from an event that does not ordinarily occur and therefore would not have occurred except for the defendants being negligent.

77. The defendants had exclusive management and control of said premises at the time of this incident.

78. The plaintiff is free of any and all contributory negligence as that the plaintiff did not contribute/cause this incident.

79. The plaintiff alleges that the doctrine of res ipsa loquitur applies in this case and will rely on said doctrine at the time of trial.

80. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants on the First through Third Causes of Action together with interest and the costs and disbursements of this action.

Dated:  New York, New York
        June 26, 2023

                                                    *Mark J. Linder*
                                                    Mark J. Linder, Esq.
                                                    **HARMON, LINDER & ROGOWSKY**
                                                    Attorneys for Plaintiff
                                                    3 Park Avenue, 23rd Floor, Suite 2300
                                                    New York, NY 10016
                                                    ACD

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for the plaintiff.

I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions held with the plaintiff(s) and papers and/or documents in the file.

The reason I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated: New York, NY
June 26, 2023

*Mark J. Linder*
_____
Mark J. Linder, Esq.

Index No.:                                          Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
------------------------------------------------------------
MARLON WILLIAMS,

                                                    Plaintiff(s),

        -against-


BLINK HOLDINGS, INC. d/b/a BLINK FITNESS,
3560 WPR LLC and
3572 WPR LLC,

                                                    Defendant(s).
------------------------------------------------------------

**VERIFIED SUMMONS AND COMPLAINT**

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462

To:
Attorney(s) for

Service of a Copy of the within                    is hereby admitted.

Dated:
                                                    Attorneys for

PLEASE TAKE NOTICE:

NOTICE OF        That the within is a (certified) true copy of a
ENTRY            entered in the office of the clerk of the within named Court on     20


NOTICE OF        that an Order of which the within is a true copy will be presented for settlement to the
SETTLEMENT       Hon.                one of the Judges of the within named Court, on
                     20 , at         M.
Dated:

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462