**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 21, 2024 at 4:00 p.m. (ET)** |

**SUMMARY OF FIRST MONTHLY FEE APPLICATION OF KELLEY DRYE & WARREN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM AUGUST 26, 2024 THROUGH AND INCLUDING SEPTEMBER 30, 2024**

| Name of Applicant: | Kelley Drye & Warren LLP |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of August 26, 2024[1] |
| Period for which compensation and reimbursement is sought: | August 26, 2024 through and including September 30, 2024 |
| Amount of compensation sought as actual, reasonable, and necessary: | $813,438.75 |
| Less 20% holdback per procedures for interim compensation and reimbursement of expenses: | $162,687.75 |
| Total fees sought at this time: | $650,751.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $2,826.97 |

This is a(n):    X   Monthly            __ Interim            __ Final Application

This is a monthly application. This is Kelley Drye & Warren LLP's first monthly application filed in these cases.

The total time expended for the preparation of this Application is approximately 0.0 hours with a value of $0.00.[2]

---

[1]   Docket No. 490.

[2]   If compensation is requested for time expended preparing this Application, it will be reflected in a monthly fee application to be filed at a later date.

17015530/1

## **PRIOR MONTHLY APPLICATION HISTORY**

No prior monthly fee applications have been filed.

## **PRIOR INTERIM APPLICATION HISTORY**

No prior fee applications have been filed.

## COMPENSATION BY TIMEKEEPER

| Name of Professional | Position | Law School Grad Year | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Eric R. Wilson | Partner | 1997 | $1,170.00 | 147.5 | $172,575.00 |
|  |  |  | $585.00[3] | 4.8 | 2,808.00 |
| Robert L. LeHane | Partner | 1998 | $1,010.00 | 1.4 | $1,414.00 |
| Kristin S. Elliott | Partner | 2002 | $990.00 | 222.5 | $220,275.00 |
|  |  |  | $495.00[3] | 3.3 | $1,633.50 |
| Wendy A. Clarke | Partner | 2009 | $945.00 | 40.1 | $37,894.50 |
| John Ramirez | Special Counsel | 2008 | $975.00 | 44.4 | $43,290.00 |
| Rich Gage | Special Counsel | 2013 | $975.00 | 28.6 | $27,885.00 |
| Philip A. Weintraub | Senior Associate | 2005 | $835.00 | 44.4 | $37,074.00 |
| Andres Barajas | Senior Associate | 2017 | $775.00 | 131.6 | $101,990.00 |
|  |  |  | $387.50[3] | 1.5 | 581.25 |
| Stephanie A. Carroll | Senior Associate | 2018 | $775.00 | 18.7 | $14,492.50 |
| Connie Y. Choe | Associate | 2020 | $690.00 | 93.4 | $64,446.00 |
| John A. Churchill, Jr. | Associate | 2021 | $620.00 | 72.7 | $45,074.00 |
| Jamie K. Sarmiento | Associate | 2022 | $570.00 | 36.2 | $20,634.00 |
| Timothy Hopper | Associate | 2023 | $530.00 | 18.5 | $9,805.00 |
| Gina C. Karnick | Paralegal | N/A | $375.00 | 26.2 | $9,825.00 |
| Sherlly Alceus | Paralegal | N/A | $335.00 | 5.2 | $1,742.00 |
|  |  |  | **Total:** | **941.0** | **$813,438.75** |
|  |  |  | **Blended Rate:** |  | **$864.44** |

---

[3]    Non-working travel time billed at 50% of the professional's standard rate.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 64.4 | $54,205.00 |
| Pleadings Review | 38.8 | $27,358.00 |
| Retention Matters | 47.5 | $39,646.50 |
| Fee Matters | 8.2 | $6,062.00 |
| Financing | 138.4 | $131,296.50 |
| Asset Analysis and Disposition | 148.0 | $127,365.50 |
| Executory Contracts and Leases | 27.9 | $20,974.00 |
| Claims Administration | 5.1 | $3,560.00 |
| Plan and Disclosure Statement | 13.4 | $12,295.50 |
| Committee and Creditor Communications | 133.2 | $119,708.00 |
| Business Operations | 15.3 | $10,856.00 |
| Court Hearings | 43.6 | $41,239.00 |
| Employee Matters | 27.6 | $26,684.50 |
| Lender Investigation | 89.7 | $71,839.50 |
| Debtor Communications | 22.8 | $23,209.50 |
| General Investigation | 107.5 | $92,116.50 |
| Non-Working Travel | 9.6 | $5,022.75 |
| **Total:** | **941.0** | **$813,438.75** |

## EXPENSE SUMMARY

| Expense Category | Amount |
|---|---:|
| Westlaw Research | $784.14 |
| Lexis Research | $60.96 |
| Binding | $21.17 |
| Duplication | $258.10 |
| Cab Service | $1,093.70 |
| Long Distance Travel | $167.00 |
| Local Travel | $404.00 |
| Parking | $27.65 |
| Meals | $10.25 |
| **Total:** | **$2,826.97** |

17015530/1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: November 21, 2024 at 4:00 pm (ET)** |

**FIRST MONTHLY FEE APPLICATION OF**
**KELLEY DRYE & WARREN LLP FOR COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD**
**FROM AUGUST 26, 2024 THROUGH AND INCLUDING SEPTEMBER 30, 2024**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "Interim Compensation Order"),[1] Kelley Drye & Warren LLP ("Kelley Drye") hereby submits its first monthly application (the "Application") for compensation for professional services rendered and reimbursement of expenses incurred as lead counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), for the period from August 26, 2024 through and including September 30, 2024 (the "Application Period"). In support of its Application, Kelley Drye respectfully represents as follows:

---

[1] Docket No. 162.

17015530/1

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction to consider and decide this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are: (i) sections 330 and 331 of the Bankruptcy Code; (ii) Bankruptcy Rule 2016; and (iii) Local Rule 2016-2.

**BACKGROUND**

3. On August 12, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have remained in possession of their assets and continue to operate and manage their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On August 23, 2024, the U.S. Trustee appointed a five-member Committee consisting of: (i) Johnson Health Tech NA, Inc.; (ii) Motionsoft, Inc.; (iii) FW IL-Riverside/Rivers Edge, LLC; (iv) 96 N. 10th Street Holdings LLC; and (v) GS FIT ILL-1 LLC.[2] The Committee selected Kelley Drye as its lead counsel, Morris James LLP ("Morris James") as its Delaware co-counsel, and Dundon Advisers LLC ("Dundon") as its financial advisor.

5. On August 20, 2024, the Debtors filed their *Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* (the "Interim Compensation Motion"),[3] and on September 5, 2024 the Court entered the Interim Compensation Order.[4]

---

[2] Docket No. 109.
[3] Docket No. 93.
[4] Docket No. 162.

6. On September 25, 2024, the Committee filed the *Application of the Official Committee of Unsecured Creditors For Entry of an Order Authorizing the Employment of Kelley Drye & Warren LLP as Lead Counsel Effective as of August 26, 2024* (the "Retention Application").[5] On October 15, 2024, the Court entered an order approving the Retention Application, effective as of August 26, 2024.[6]

7. Pursuant to the terms of the Interim Compensation Order, if no objection to a monthly fee application is served within 21 days of filing the application, the respective professional may be paid eighty percent (80%) of the fees and one hundred percent (100%) of the expenses set forth in the applicable monthly fee application.

## SUMMARY OF SERVICES RENDERED

8. Kelley Drye rendered professional legal services to the Committee throughout the Application Period, including:

> a. Detailed analyses of the Debtors' DIP financing and corresponding budget, including assessment of the propriety of certain financing terms;
>
> b. Analyses of the Debtors' proposed bidding procedures for a sale of their business pursuant to section 363 of the Bankruptcy Code;
>
> c. Preparation of an objection to the DIP financing on the grounds of soft marshaling and inequitable carve-out allocations;
>
> d. Preparation of an objection to the proposed bidding procedures to address Committee concerns;
>
> e. Extensive negotiations with the Debtors and the DIP agent to try to resolve the Committee's objections to DIP financing and other second day motions;

---

[5] Docket No. 414.

[6] Docket No. 490.

      f.      Analyses of the Debtors' key employee retention and programs and preparation of a limited objection to the insider incentive plan;

      g.      Analyses of the stalking horse bid, negotiation of Committee right to review expenses paid under the expense reimbursement, and preparation of a limited objection regarding same;

      h.      Investigation of the DIP agent's liens and claims against the Debtors and Equinox's insider relationship to the Debtors; and

      i.      Ongoing communications with the Committee regarding these chapter 11 cases, including the Debtors' business operations, DIP financing, bidding procedures, and the Committee's investigations.

## SUMMARY OF SERVICES BY PROJECT

9. To assist the Court in its review of the fees requested in this Application, Kelley Drye has divided its time entries into the project categories set forth below. Attached hereto as **Exhibit A** for August time, and **Exhibit B** for September time, are detailed itemizations, by project category, of all services performed by Kelley Drye with respect to these chapter 11 cases during the Application Period.

**Case Administration** (Hours: 64.4 - Fees: $54,205.00)

10. This category represents time spent by Kelley Drye addressing general administrative matters. During the Application Period, Kelley Drye prepared the Committee's bylaws, negotiated the confidentiality provisions thereof with the Debtors, and prepared and maintained a case task list and critical dates chart. Kelley Drye also conferred regularly with Morris James and Dundon regarding general case administration and held regular working group calls to manage progress on all open workstreams.

4

**Pleadings Review** (Hours: 38.8 - Fees: $27,358.00)

11. This category represents time spent by Kelley Drye monitoring the docket and reviewing relevant pleadings, including notices, objections, second-day motions, certifications of counsel, and proposed orders.

**Retention Matters** (Hours: 47.5 - Fees: $39,646.50)

12. This category represents time spent by Kelley Drye on matters related to the retention of estate professionals. During the Application Period, Kelley Drye led the Committee's interview process to engage a financial advisor. Kelley Drye also prepared its retention application, conducted conflicts analysis attendant to same, prepared a staffing plan and budget, and reviewed and commented on Morris James' and Dundon's respective retention applications. The firm also analyzed the Debtors' retention applications and worked with Dundon to negotiate certain changes to the terms of Moelis' compensation structure.

**Fee Matters** (Hours: 8.2 Fees - $6,062.00)

13. This category represents time spent by Kelley Drye (i) reviewing and commenting on the Interim Compensation Order, (ii) preparing templates for the Committee's professionals' monthly and interim fee applications, and (iii) reviewing firm invoices for redaction and reasonableness.

**Financing** (Hours: 138.4 - Fees: $131,296.50)

14. This category represents time spent by Kelley Drye to review, analyze, and negotiate DIP financing. During the Application Period, Kelley Drye analyzed the Debtors' DIP financing motion, the interim financing order, the final financing order, the corresponding DIP budget, and related credit agreements. Kelley Drye prepared an issues list and outline of the Committee's objections to the financing to initiate negotiations with the Debtors and the DIP agent

to try and resolve the Committee's objections consensually. While negotiations were ongoing, Kelley Drye prepared and filed an objection to the DIP financing motion.

15. The Committee was not able to resolve its DIP financing objection out of court. As a result, Kelley Drye prepared for and appeared at the Court's hearing on the contested DIP financing motion. After the hearing, Kelley Drye negotiated the final financing order with the Debtors.

**Asset Analysis and Disposition** (Hours: 148.0 - Fees: $127,365.50)

16. This category represents time spent by Kelley Drye on the Debtors' efforts to sell substantially all of their assets pursuant to an auction process. During the Application Period, Kelley Drye analyzed and provided comments to the Debtors' proposed bidding procedures and prepared an objection addressing the Committee's concerns. Kelley Drye also analyzed the stalking horse bid and negotiated the Committee's right to review the stalking horse's expenses prior to payment. Kelley Drye prepared a limited objection on this issue when it appeared the Debtors would not agree to include a review right in the stalking horse approval order.

17. During the Application Period, Kelley Drye also (i) analyzed the Debtors' schedules and statements of financial affairs ("SOFAs") to determine the scope of assets covered by the sale; and (ii) began analyzing the Debtors' transition services agreement (the "TSA") with Equinox and the condition that bidders assume the TSA and release Equinox in connection with the sale.

**Executory Contracts and Leases** (Hours: 27.9 - Fees: $20,974.00)

18. This category represents time spent by Kelley Drye analyzing the Debtors' executory contracts and unexpired leases. During the Application Period, Kelley Drye analyzed multiple rejection notices and conferred with the Debtors regarding the Committee's comments and concerns to the proposed orders to same. Kelley Drye also negotiated improvements to the

form of rejection order regarding the abandonment of property at rejected locations. In addition, Kelley Drye tracked the Debtors' go-forward lease and contract portfolio, including a review of the Debtors' proposed cure amounts for potential go-forward contracts and leases.

### **Claims Administration** (Hours: 5.1 Fees - $3,560.00)

19. This category represents time spent by Kelley Drye related to the analysis of claims against the Debtors' estates. During the Application Period, Kelley Drye reviewed and negotiated changes to the Debtors' bar date order.

### **Plan and Disclosure Statement** (Hours: 13.4 - Fees: $12,295.50)

20. This category represents time spent by Kelley Drye related to the Debtors' plan, disclosure statement and exit strategy. During the Application Period, Kelley Drye reviewed and analyzed the Debtors' restructuring support agreement with the DIP agent and a draft of the Debtors' proposed plan and disclosure statement to implement such agreement.

### **Committee and Creditor Communications** (Hours: 133.2 - Fees: $119,708.00)

21. This category represents time spent by Kelley Drye preparing for and participating in regular committee meetings as well as communicating with Committee members and other creditors on an individual basis. During the Application Period, Kelley Drye regularly updated the Committee and individual members of the Committee via weekly telephonic meetings and email reports on case developments, filed pleadings, the sale process, and other Committee business. Kelley Drye also coordinated with Morris James and Dundon regarding materials for distribution to the Committee and to prepare for Committee meetings.

### **Business Operations** (Hours: 15.3 Fees - $10,856.00)

22. This category represents time spent by Kelley Drye analyzing the Debtors' cash flow and business operations. During the Application Period, Kelley Drye analyzed the Debtors' request to increase their deposit with Bank of America, the Debtors' credit card processor.

Kelley Drye raised concerns regarding the request and subsequently worked with Dundon to try and resolve the request on favorable terms.

**Court Hearings** (Hours: 43.6 - Fees: $41,239.00)

23. This category represents time spent by Kelley Drye preparing for and participating in hearings before the Court. During the Application Period, Kelley Drye prepared for and appeared at the second day hearing on DIP financing and the Debtors' key employee retention and incentive plans.

**Employee Matters** (Hours: 27.6 Fees - $26,684.50)

24. This category represents time spent by Kelley Drye addressing the Debtors' various employee matters. During the Application Period, Kelley Drye analyzed the Debtors' motion to approve key employee incentive and retention plans. To evaluate the motion, Kelley Drye conferred with Dundon to assess the metrics and justifications for the requested employee payments and worked with Morris James to draft a limited objection to the proposed insider bonuses. Thereafter, Kelley Drye negotiated with the Debtors and the DIP agent to resolve the Committee's limited objection.

**Lender Investigation** (Hours: 89.7 - Fees: $71,839.50)

25. This category represents time spent by Kelley Drye to investigate the DIP agent's liens and claims against the Debtors. During the Application Period, Kelley Drye conducted an in-depth analysis of the loan and collateral documents and assessed the perfection status of various prepetition collateral. Kelley Drye also analyzed the Debtors' schedules and SOFAs in connection with its lien investigation. Based on its review of relevant documents, Kelley Drye prepared a comprehensive presentation to the Committee analyzing the DIP agent's liens and prepetition claims.

**Debtor Communications** (Hours: 22.8 Fees: $23,209.50)

26. This category represents time Kelley Drye spent communicating with the Debtors. During the Application Period, Kelley Drye conferred with Debtors' counsel regarding initial case issues, proposed revisions to various second-day orders, the Committee's DIP financing objections, questions regarding the sale process, outstanding document requests, and overall case status.

**General Investigation** (Hours: 107.5 Fees - $92,116.50)

27. This category represents time spent by Kelley Drye analyzing the Debtors' current and historic relationship with Equinox and other insiders. During the Application Period, Kelley Drye (i) propounded discovery requests, (ii) reviewed documents produced by the Debtors and Equinox, and (iii) investigated various potential claims against insiders and the legal theories and elements thereof. Additional details regarding the Committee's insider investigation are described in the objection the Committee filed to the proposed sale on October 22, 2024.[7]

**Non-Working Travel Time** (Hours: 9.6 - Fees: $5,022.75)[8]

28. During the Application Period, Kelley Drye professionals spent 9.6 hours traveling to and from the second day hearing.

## SUMMARY OF EXPENSES

29. During the Application Period, Kelley Drye incurred out-of-pocket expenses in the amount of $2,826.97.[9] Attached hereto as **Exhibit C** is a description of the

---

[7] Docket No. 515.

[8] Fees incurred for non-working travel time are billed at 50% of each professional's standard hourly rate.

[9] Kelley Drye reserves the right to request reimbursement of additional expenses incurred during the Application Period in subsequent applications, to the extent that any such additional expenses have not been processed to date in Kelley Drye's billing system.

17015530/1

expenses actually incurred by Kelley Drye in the performance of services rendered as lead counsel to the Committee.

## VALUATION OF SERVICES

30. Kelley Drye's professionals have expended a total of 941.0 hours to represent the Committee during the Application Period. The amount of time spent by each of the professionals providing services to the Committee during the Application Period is set forth on **Exhibit A** and **Exhibit B**. The rates charged are Kelley Drye's normal hourly rates for work of this character. The reasonable value of the services Kelley Drye rendered during the Application Period is $813,438.75.

31. Kelley Drye believes that the time entries included in **Exhibit A** and **Exhibit B**, and the expense breakdown set forth in **Exhibit C** comply with the Interim Compensation Order and the requirements of Local Rule 2016-2.

32. All services for which compensation is requested by Kelley Drye were performed for or on behalf of the Committee, and not on behalf of the Debtors or other persons. There is no agreement or understanding between Kelley Drye and any other person, other than members of the firm, for the sharing of compensation to be received in these chapter 11 cases.

33. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (i) the complexity of these cases and the time sensitivity of the matters addressed; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under this title.

10

**CERTIFICATE OF COMPLIANCE AND WAIVER**

34. The undersigned representative of Kelley Drye certifies that he has reviewed the requirements of Local Rule 2016-2, and that the Application substantially complies with same.

35. If the Application does not comply in all respects with the requirements of Local Rule 2016-2, Kelley Drye believes such deviations are not material and respectfully requests that any such requirements be waived.

**NOTICE**

36. Pursuant to the Interim Compensation Order, notice of this Application has been provided to: (i) the Debtors; (ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com), (iii) counsel to the DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com), and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov). Kelley Drye respectfully submits that no further notice of the Application is necessary or required.

**CONCLUSION**

**WHEREFORE,** Kelley Drye respectfully requests: (i) interim allowance of $813,438.75 in fees for necessary professional services rendered to the Committee during the Application Period and reimbursement of actual and necessary expenses incurred by Kelley Drye during the Application Period in the sum of $2,826.97; (ii) payment of $653,577.97, which represents 80% of the fees and 100% of the expenses incurred during this Application Period; and (iii) such other relief as this Court deems just and proper.

Dated: October 31, 2024

**KELLEY DRYE & WARREN LLP**

*/s/ Eric R. Wilson*
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: ewilson@kelleydrye.com
       kelliott@kelleydrye.com
       abarajas@kelleydrye.com

*Counsel to the Official Committee of Unsecured Creditors*