# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 81, 518** |

## REPLY OF VARAGON CAPITAL PARTNERS AGENT, LLC, AS DIP AGENT AND PREPETITION AGENT TO COMMITTEE'S SALE OBJECTION

Varagon Capital Partners Agent, LLC, in its capacity as DIP Agent for the DIP Lenders and Prepetition Agent for the Prepetition Lenders (in such capacities, "Agent"; and the DIP Lenders and Prepetition Lenders, collectively, the "Lenders;" and together with the Agent, the "Lender Parties") hereby submits this reply in response to the *Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Debtors' Entry Into an Asset Purchase Agreement, (II) Authorizing the Sale of All of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances, (III) Approving the Assumption and Assignment of the Assumed Contracts, and (IV) Granting Related Relief* [Docket No. 518] (the "Objection"), filed by the Official Committee of Unsecured Creditors (the "Committee"), and respectfully states as follows:

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

**Reply**[2]

A. **Distribution of Sale Proceeds**

1.  The only pertinent issue raised by the Committee with respect to the Lender Parties and the requested relief in the Sale Motion is the distribution of the Sale proceeds. The Committee acknowledges that a portion of the Sale proceeds in an amount necessary to repay the new money portion of the DIP Obligations should be distributed to the DIP Agent, for the benefit of the DIP Lenders. However, the Debtors are also obligated to distribute the Sale proceeds to the DIP Agent on account of the Roll-Up, and then to the Prepetition Agent for application to the Prepetition Obligations. As described below, the distribution of Sale proceeds is clearly governed by the Final DIP Order, and the Committee's attempts to re-litigate its provisions at this stage of the case should be rejected.

2.  With respect to the Roll-Up, the DIP Credit Agreement approved by this Court (which is attached as Exhibit A to the Final DIP Order) expressly requires that the net proceeds of any "Disposition" (*i.e.*, the sale or other disposition of property of the Debtors) be remitted to Agent for application to the "Loans," which is in turn defined to include both the New Money DIP Loans and the Roll-Up Loans. (*See* DIP Credit Agreement at § 1.01 (definitions of "Disposition" and "Loans") and § 2.05(b)(ii) (Mandatory Prepayment of Loans; Dispositions and Involuntary Dispositions).) The Final DIP Order further confirms that the "DIP Loans" include both the New Money DIP Loans and the Roll-Up, and that the "DIP Obligations" include both the Debtors' obligations in respect of (*See* Preamble to Final DIP Order at ¶ (ii) (definition of "DIP Loans"); *id.* at ¶ F(iii) (definition of "DIP

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the *Debtors' Motion for Entry of Orders (I) Approving Certain Bidding Procedures and the Form and Notice Thereof, (B) Scheduling an Auction and Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Granting Related Relief; and (II) (A) Authorizing and Approving the Debtors' Entry Into an Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances, (C) Approving the Assumption and Assignment of the Assumed Contracts, and (D) Granting Related Relief* [Docket No. 81] (the "Sale Motion") or the Final DIP Order [Dkt. No. 393], as applicable.

Obligations").) Thus, the DIP Credit Agreement expressly requires the application of Sale proceeds to both the New Money and Roll-Up portions of the DIP Obligations and does not, as the Committee would suggest, restrict the DIP Lenders' entitlement to Sale proceeds for application to only the New Money Loans.

3.     For the avoidance of doubt, the Agent and Lenders acknowledge that remittance of any Sale proceeds with respect to the Roll-Up or Prepetition Obligations remains subject to the Committee's Challenge rights under paragraph 12 of the Final DIP Order (and the Lenders' rights and defenses with respect thereto). The reservation of those Challenge rights is clearly reserved in the proposed Sale Order [Dkt. No. 466 at ¶ 31]. However, the Committee's right to assert a Challenge does not preclude the remittance of the Sale proceeds at this time.

B. **Reservation of Credit Bid Rights**

4.     The Committee also contends that Lender Parties should be prohibited from credit bidding the Roll-Up portion of the DIP Obligations and suggest certain other limitations on the Lender Parties' right to credit bid. The Debtors are not seeking approval of any credit bid by the Agent and Lenders at this time so this issue is presently moot. In the event unforeseen circumstances necessitate a credit bid at a later date, Agent and Lenders explicitly reserve their rights under Section 363(k) of the Bankruptcy Code and otherwise to assert a credit bid at any time during the Sale process,[3] and to seek a finding of good faith under Section 363(m) in connection therewith. Agent's and Lenders' sincere hope and expectation is that these issues will remain moot as a result of the closing of the Sale.

---

[3] Paragraph XIV of the Bidding Procedures, attached to the Bidding Procedures Order [Dkt. No. 348] as Exhibit 1, specifically preserves Agent and Lender's right to credit bid at any time during the Sale process.

C. **Committee's Other Unfounded Accusations**

5. In a thinly-veiled attempt to circumvent the Agent and Lenders' clear entitlement to the proceeds of the Sale, the Committee also makes numerous meritless accusations in its Objection, with no factual or evidentiary basis whatsoever, against Agent and Lenders with respect to the integrity of the Sale process. The majority of such accusations are redacted from the public docket, so Agent is mindful of maintaining the confidentiality of those statements. However, for the avoidance of doubt, Agent and the Lenders vehemently dispute the Committee's absurd theories and will respond to those if and when they are properly before the Court. For now, the Committee's baseless allegations regarding the Sale process are irrelevant to the approval of the Sale and distribution of Sale proceeds in accordance with the Final DIP Order and other DIP Documents.

*[Remainder of page intentionally left blank]*

WHEREFORE, for the reasons discussed herein, Agent respectfully requests that the Court overrule the Objection and grant such other and further relief as the Court deems appropriate.

Dated: November 1, 2024
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Curtis S. Miller*
Curtis S. Miller (No. 4583)
Echo Yi Qian (No. 7330)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Email: cmiller@morrisnichols.com
eqian@morrisnichols.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
Peter P. Knight (admitted *pro hac vice*)
Terence G. Banich (admitted *pro hac vice*)
Allison E. Yager (admitted *pro hac vice*)
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Email: peter.knight@katten.com
terence.banich@katten.com
allison.yager@katten.com

*Counsel for Varagon Capital Partners Agent, LLC, as Prepetition Agent and DIP Agent*