# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*, | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 81, 348, 515, 518 |
| | Hearing Date: November 6, 2024 at 11:00 a.m. (ET)<br>Objection Deadline: November 1, 2024 at 4:00 p.m. (ET) |

**SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO AN ASSET PURCHASE AGREEMENT, (II) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED CONTRACTS, AND (IV) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files its supplemental objection and reservation of rights (the "Supplemental Objection") to the *Debtors' Motion for Entry of Orders (I) (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Granting Related Relief; and (II) (A) Authorizing and Approving the Debtors' Entry into an Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances, (C) Approving the Assumption and Assignment of the Assumed Contracts, and (D)*

*Granting Related Relief*.[1]  In support of its Supplemental Objection, the Committee respectfully states as follows:

1. It bears emphasis that the Committee supports a going concern sale of the Debtors' business.  In that regard, the Committee is pleased that it was able to facilitate a competitive auction by assisting Supreme Orange LLC ("Supreme") in securing an extension of the bid deadline, which led to a robust auction.  Ultimately, with various objections noted on the record by the parties, the Debtors declared a $121 million bid (with a $24.2 million deposit) from Pinnacle US Holdings LLC as the winning bid — a $16 million increase over the stalking horse bid.  All parties' rights with respect to the conduct of the auction were reserved.

2. Just hours before this Supplemental Objection was due, counsel for Supreme directed correspondence attached hereto as **Exhibit A** (the "Supreme Correspondence") to counsel for the debtors, the secured lenders and the committee.  The Committee's counsel has had limited time to review the Supreme Correspondence in advance of the supplemental objection deadline,[2] but notes that the Supreme Correspondence sets forth concerns regarding the conduct of the auction and the circumstances surrounding its closure.  Attached to the Supreme Correspondence were two alternative proposals by Supreme to acquire the Debtors' assets.

3. Based on the descriptions of each proposal in the Supreme Correspondence, the first proposal is an offer to purchase the Debtors' assets for $142 million (with a $28.4 million deposit).  Importantly, ***the proposal does not require a transition services agreement with Equinox and excludes any release of claims against Equinox and its various affiliated parties*** (the "Equinox Releases").  The proposal also does not require a filing under the Hart-Scott-Rodino

---

[1]   Docket No. 81.

[2]   The Committee requested an extension of the supplemental objection deadline, but it did not receive a response before it was constrained to file this Supplemental Objection by the supplemental objection deadline.

2

Anititrust Improvement Act of 1976 ("HSR") and provides a corresponding indemnity for breach of that representation. The second proposal mirrors the first and increases the offer to $155 million (with a $31.0 million deposit) but requires an HSR filing.

4. Both alternatives provide that the debtors may use up to $3 million of the deposit if regulatory hurdles require an extension of the closing date past December 2. If the closing does not occur due to regulatory hurdles, including under HSR, the Debtors may retain 50% of the applicable deposit and 100% in the event an injunction prevents the closing of the sale.

5. As set forth in detail in the Sale Objection, the Committee has serious concerns regarding the Equinox Releases and is presently considering its options in light of the Supreme Correspondence. With respect to the issues raised in the Sale Objection, the Committee notes that nearly a month has passed since the Committee advised counsel for the Debtors, the secured lenders and Equinox of the results of its preliminary investigation. No explanation whatsoever has been provided by any of those parties as to why the Committee's concerns regarding the Equinox Releases are unfounded, nor has additional discovery obviated the Committee's concerns. The Committee's evaluation of the Supreme Correspondence is ongoing, as is its investigation, and all rights are reserved.

Dated: November 1, 2024

**MORRIS JAMES LLP**

*/s/ Siena B. Cerra*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Siena B. Cerra (DE Bar No. 7290)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
  bkeilson@morrisjames.com
  scerra@morrisjames.com
-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: ewilson@kelleydrye.com
       kelliott@kelleydrye.com
       abarajas@kelleydrye.com

*Counsel to the Official Committee of Unsecured Creditors*
