**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 81, 348, 361, 423, 546** |

**SUPPLEMENTAL OBJECTION TO SALE**
**AND RESERVATION OF RIGHTS**

Motionsoft, Inc. ("Motionsoft") hereby submits this supplemental objection and reservation of rights (the "Supplemental Objection") regarding the Debtors' proposed sale of substantially all their assets, as follows:

**BACKGROUND**

1. Motionsoft provides a leading gym management software bundle in the health and fitness industry.

2. Motionsoft is party to agreements with Debtors that are critical to their operations. Debtor Blink Holdings, Inc. is a party to that certain Motionsoft Order Form with accompanying Master Service Agreement dated December 12, 2022 (as previously or subsequently amended, restated, modified, or supplemented from time to time, the "Motionsoft Agreements"). Pursuant to the Motionsoft Agreements, Motionsoft provides the Debtors member management software and payment processing services. These services serve as the Debtors' system of record, and enable, among other things, the Debtors to manage their memberships, market services to their

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

members, manage access to facilities, draft membership dues and other fees for services, and ensure that the Debtors receive timely payments. The Motionsoft Agreements includes a non-exclusive, non-transferable, revocable, limited license to use Motionsoft's services, including access to Motionsoft's software and other intellectual property.

3. The complete terms of the Motionsoft Agreements are confidential trade secrets.

4. On August 12, 2024 (the "Petition Date") each of the Debtors commenced a voluntary case (collectively, these "Chapter 11 Cases") under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

5. On September 10, 2024, the Court entered its *Order (I)(A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Granting Related Relief; and (II) (A) Authorizing and Approving the Debtors Entry into an Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially all of the Debtors Assets Free and Clear of All Encumbrances, (C) Approving the Assumption and Assignment of the Assumed Contracts, and (D) Granting Related Relief* [D.I. 348] (the "Sale Procedures Order").

6. Pursuant to the Sale Procedures Order, the Debtors filed their *Notice Of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [D.I. 361] (the "Cure Notice") on September 12, 2024.

7. Motionsoft filed its *Preliminary Objection to Cure Notice and Sale and Reservation of Rights* [D.I. 423] (the "Preliminary Objection") on September 26, 2024.

8. As more particularly set forth in the Preliminary Objection, Motionsoft does not dispute that $466,923 is due on prepetition invoices for services under the Motionsoft Agreements. However, postpetition fees and other recoverable costs, including attorneys' fees, continue to accrue and must be satisfied as a condition to assumption and assignment of the Motionsoft Agreements.

9. Furthermore, Motionsoft stated in the Preliminary Objection that it objects to any sale or assignment order that purports to limit Motionsoft's rights and claims against a buyer of the Motionsoft Agreements and that does not expressly provide that (a) pursuant to 11 U.S.C. § 365, upon the occurrence of the assignment of the Motionsoft Agreements, the buyer shall be deemed to have assumed all rights, benefits, and liabilities under such Motionsoft Agreements, regardless of the date of accrual thereof, including without limitation any contingent or unliquidated liabilities such as indemnification obligations; (b) Motionsoft's rights, claims, and defenses under the Motionsoft Agreements are fully preserved; and (c) Motionsoft reserves all rights of setoff and recoupment against any buyer, regardless of the date of accrual of any such rights or claims.

10. On October 30, 2024, the Debtors filed their *Notice of Succesful Bidder* [D.I. 532] designating Pinnacle US Holdings LLC (the "Pinnacle") as the succesful bidder for substantially all of the Debtors' assets and operations.

11. On November 1, 2024, the Official Committee of Unsecured Creditors (the "Committee") filed its supplemental objection to the Debtors proposed sale [D.I. 546] (the "Committee Supplemental Objection").[2] Among other things, the Committee seeks to reopen the

[2] Motionsoft was previously a member of the Committee but has resigned as of November 4, 2024.

auction and have the Debtors accept an offer (the "Supreme APA") from Supreme Orange LLC ("Supreme") that requires the Debtors to pursue litigation against Motionsoft:

> At the written direction of Buyer (and within one day of such direction of Buyer), and no earlier than three (3) days after the Final Lease Specification Time, Sellers shall seek appropriate emergency relief from the Bankruptcy Court to compel Motionsoft, Inc. ("Motionsoft") to turn over to Blink member data possessed by Motionsoft in a scope consistent with industry standard for a migration from one billing and membership management provider to another for the purpose of allowing Buyer to collect any and all member payments due and owing pursuant to the membership agreements from and after the Closing, including but not limited to all "untokenized" active member names, physical addresses, e-mail addresses, phone numbers, credit card/bank account information, barcode or membership number, membership agreements, account balances, payment history, and all invoice schedules (collectively, the "Motionsoft Data"). Any and all Motionsoft Data related to the Business obtained as a result of the foregoing shall be securely delivered to Buyer or ABC Fitness Solutions, LLC (as directed by Buyer) at Closing. The Buyer Cure Costs shall include any Cure Costs related to the Order Form, dated December 14, 2022, by and between Motionsoft and Blink. Buyer shall fund all related and reasonable litigation costs incurred with respect to such request for relief. Without limitation to the foregoing, Sellers shall use commercially reasonable efforts to securely deliver the Motionsoft Data that is reasonably available to Sellers to Buyer or ABC Fitness Solutions, LLC (as directed by Buyer) at Closing. Furthermore, prior to Closing, Sellers shall provide Buyer, its affiliates, and its service providers ongoing reasonable access to information and Motionsoft and Blink's employees. Notwithstanding any provisions of this Agreement to the contrary, the seeking of the relief contemplated in this Section 5.4(c) shall not constitute a breach of this Agreement.

*See* Asset Purchase Agreement, Section 5.4(c), filed at D.I. 546-1, at p. 61 of 335.

12. On November 4, 2024, the Debtors filed their *Notice of Agenda for Hearing of Matters Scheduled for November 6, 2024 at 11:00 A.M. (ET)* [D.I. 555] (the "Agenda"). In the Agenda, the Debtors allege that "[t]he Debtors filed a supplemental cure notice, which resolved MotionSoft's cure objection." *See* Agenda at p. 12.

13. On November 4, 2024, the Debtors also filed a proposed version of sale order [D.I. 554], which does not include any proposed language resolving Motionsoft's Preliminary Objection.

14. Motionsoft submits this Supplemental Objection to advise the Court and parties in interest that it maintains all objections and rights with respect to the proposed sales.

**SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS**

**A. *The Debtors or Applicable Buyer Must Pay all Amounts Due and Owing to Motionsoft***

15. Motionsoft must preserve its right to recover all amounts due and owing by the Debtors as of the date of any assumption or assignment of the Motionsoft Agreements. As stated in the Preliminary Objection, the cure amount listed in the Cure Notice only covers prepetition amounts due and owing and additional amounts continue to accrue. Any sale order must condition assumption or assignment on the payment of all amounts due to Motionsoft, including without limitation all service fees, costs, interest, and attorneys' fees. All these amounts continue to accrue.

**B. *Any Sale Order Must Preserve Motionsoft's Rights Under the Motionsoft Agreements***

16. It is black letter bankruptcy law that a debtor assuming and/or assigning an executory contract must assume all liabilities thereunder. The Motionsoft Agreements include rights of setoff and recoupment and indemnification obligations that any buyer must assume and satisfy regardless of when any such obligations may have arisen. Motionsoft maintains is objection to any sale order that purports to limit Motionsoft's rights and claims against a buyer or assignee of the Motionsoft Agreements and that does not expressly provide that (a) pursuant to 11 U.S.C. § 365, upon the occurrence of the assignment of the Motionsoft Agreements, the buyer shall be deemed to have assumed all rights, benefits, and liabilities under such Motionsoft Agreements, regardless of the date of accrual thereof, including without limitation any contingent or unliquidated liabilities such as indemnification obligations; (b) Motionsoft's rights, claims, and defenses under the Motionsoft Agreements are fully preserved; and (c) Motionsoft reserves all

rights of setoff and recoupment against any buyer, regardless of the date of accrual of any such rights or claims.

### C. *Motionsoft Reserves all Objections to any Relief Sought Under the Supreme Asset Purchase Agreement*

17. As of the filing of this Supplemental Objection, Pinnacle is the Debtors' designated successful bidder. However, as discussed above, the Committee seeks to compel a reopening of the auction and acceptance of the Supreme's APA, which requires the Debtors to pursue litigation against Motionsoft.

18. Motionsoft disputes the Debtors' or Supreme's right to the relief described in Section 5.4(c) of the Supreme APA and reserves all rights, claims, and defenses. As is evident from the terms of the Supreme APA, Supreme believes the Debtors must sue Motionsoft to compel production of certain data because the Debtors have no right to such production without assumption of the Motionsoft Agreement and compliance with their express provisions. If necessary, Motionsoft will litigate these issues.

19. However, even if the Debtors and Supreme prevailed in litigation—which Motionsoft disputes—the mere production of data would not ensure a smooth transition of operations to Supreme. Transitioning member data from one member management software provider to another is a costly and time consuming process. Motionsoft deeply doubts that Supreme will be able to timely integrate the payment processing data and collect membership payments after closing without severe disruption to business operations and membership drafts. The Debtors and Supreme will almost certainly need Motionsoft to continue payment processing or risk losing significant revenue.

20. Motionsoft is a leader in the gym management software industry and hopes to avoid any disruption in operations for the Debtors and ultimate buyer. Nonetheless, Motionsoft must preserve its rights and defenses under the Motionsoft Agreements and applicable law.

**D. *The Debtors and Buyers Must Consider Post-Closing Services***

21. The Debtors propose to sell a smaller portion of their facilities to other buyers and this may cause logistical problems for post-closing payments and transition of services. Without limitation, assuming Motionsoft continues to provide payment processing services to any buyer, it may have to make remittances to multiple buyers. However, Motionsoft is not aware of any proposal or agreement among the multiple proposed buyers as to how Motionsoft can continue payment processing under the Motionsoft Agreements and direct remittances to buyers that are not parties to such Motionsoft Agreements. Motionsoft hopes the parties can work together to resolve these post-closing payment issues and avoid any confusion or disputes regarding payment processing.

## CONCLUSION

22. Motionsoft will continue to work with the Debtors to resolve all issues raised in this Supplemental Objection, which is filed out of an abundance of caution and to preserve all rights and remedies.

23. Motionsoft does not release or waive any claim, right or remedy arising under its agreements, the Bankruptcy Code, or other applicable law. Without limitation, Motionsoft expressly reserves the right to assert that amounts due and owing to Motionsoft are administrative expense claims under section 503 of the Bankruptcy Code and other applicable law.

Dated: November 5, 2024

**COOCH AND TAYLOR, P.A.**

/s/ *R. Grant Dick IV*
R. Grant Dick IV (No. 5123)
Kevin D. Levitsky (No. 7228)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3867
Facsimile: (302) 984-3989
Email: gdick@coochtaylor.com
klevitsky@coochtaylor.com

-and-

**BRADLEY ARANT BOULT CUMMINGS LLP**
James B. Bailey, Esquire (admitted *pro hac vice*)
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
Telephone: (205) 521.8913
Email: jbailey@bradley.com

*Counsel for Motionsoft, Inc.*