IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*, | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 81, 348, 515, 518, 546** |
| | **Hearing Date: November 6, 2024 at 11:00 a.m. (ET)** |

**STATEMENT AND RESERVATION OF RIGHTS OF BIDDER SUPREME ORANGE LLC CONCERNING THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO AN ASSET PURCHASE AGREEMENT, (II) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED CONTRACTS, AND (IV) GRANTING RELATED RELIEF**

Bidder Supreme Orange LLC ("Supreme"), by and through its undersigned counsel, hereby files its statement (the "Statement") and reservation of rights concerning the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") *Motion for Entry of Orders (I) (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Granting Related Relief; and (II) (A) Authorizing and Approving the Debtors' Entry into an Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances, (C) Approving the Assumption and Assignment of the Assumed Contracts, and (D) Granting Related Relief.*[1]

---

[1] D.I. 81.

12690690-1

1. Supreme was one of two active bidders for the Debtors' New York and New Jersey bids at the auction; the other being the Stalking Horse Bidder. Supreme challenges the intrinsic fairness of the auction and is prepared to discuss the corresponding irregularities at the hearing.[2] These irregularities suppressed the winning bid price and terms and led to the auction's premature close on the afternoon of Wednesday, October 30, that named the $121 million bid of the Staking Horse Bidder as the "successful" bid.

2. On Friday morning, November 1, Supreme presented two alternate topping bid proposals. One bid proposal is for $142 million and the other is for $155 million. The former topping bid is premised upon no Hart-Scott-Rodino antitrust review ("HSR") being required. The corresponding asset purchase agreement includes a representation along those lines and provides for indemnification of the Debtors should that prove false. This inclusion was responsive to a request made by the Debtors at auction.

3. The latter topping bid contemplates HSR review, as does the "successful" bid of the Stalking Horse Bidder. Unlike the "successful" bid, however, neither of Supreme's topping bids contemplates the purchase of claims against Equinox. This is something that the Creditors' Committee has made clear was important concerning any bid and that the Debtors indicated that they may take into account in evaluating any bid.

4. A copy of the letter accompanying the topping bids containing more detail is attached as **Exhibit A** hereto (it was also attached to the Creditors' Committee's supplemental

---

[2] As an aggrieved bidder who participated at auction, Supreme asserts it has standing to test the intrinsic fairness of the auction. *See In re RTI Holding Co., LLC,* No. 20-12456, 2021 WL 4994414, at *7 n.40 (Bankr. D. Del. Oct. 27, 2021). Among the issues here was the Debtors accepting a bid from the Stalking Horse Bidder that purportedly allowed it to waive its back-up bid requirements but still credited the Stalking Horse Bidder for its break-up fee and expense reimbursement for any future bid.

12690690-1

objection filed on Friday at D.I. 546). Subsequent to the letter, Supreme has been in communication with various estate constituencies in an effort to address any concerns.

5. Supreme is ready, willing, and able to proceed on either of these two bids or to entertain any modifications and respectfully submits that the Court not enter the sale order until bidding has been exhausted.

| | |
|---|---|
| Dated: November 5, 2024<br>Wilmington, Delaware | **LEWIS BRISBOIS BISGAARD & SMITH LLP**<br><br>*/s/ Scott D. Cousins*<br>Scott D. Cousins (Del. Bar No. 3079)<br>500 Delaware Avenue, Suite 700<br>Wilmington, DE 19801<br>Telephone: (302) 295-9940<br>Fax: (302) 985-6001<br>Email: scott.cousins@lewisbrisbois.com<br><br>-and-<br><br>**OLSHAN FROME WOLOSKY LLP**<br><br>Jonathan T. Koevary (*pro hac vice* pending)<br>1325 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 451-2300<br>Fax: (212) 451-2222<br>Email: afriedman@olshanlaw.com<br>            jkoevary@olshanlaw.com<br><br>*Counsel to Supreme Orange LLC* |

12690690-1