**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br><u>Hearing Date</u>:<br>December 5, 2024 at 4:00 p.m. (ET)<br><br><u>Objection Deadline</u>:<br>November 22, 2024 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR AN ORDER EXTENDING THE DEADLINE FOR
THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF
NON-RESIDENTIAL REAL PROPERTY UNDER WHICH
<u>ANY OF THE DEBTORS IS A LESSEE</u>**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as <u>Exhibit A</u>, granting the Debtors a 90-day extension, through and including March 10, 2025, of the statutory deadline for the Debtors to assume or reject each of the leases, subleases, and other agreements under which any of the Debtors is a lessee and that may be considered unexpired leases of non-residential real property under applicable law (collectively, the "**Real Property Leases**"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").

**BACKGROUND**

4. On August 12, 2024 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On August 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No. 109] (the "**Committee**"). No other trustee or an examiner has been appointed in the Chapter 11 Cases.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Steven Shenker, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "**First Day Declaration**").[2]

## RELIEF REQUESTED

7. Pursuant to section 365(d)(4) of the Bankruptcy Code, debtors have an initial 120-day period following the filing of a bankruptcy petition in which to elect to assume or reject unexpired leases of non-residential real property under which any of the debtors is a lessee. *See* 11 U.S.C. § 365(d)(4). Section 365(d)(4)(B) of the Bankruptcy Code provides, however, that, upon a motion by the debtors, the Court may extend the initial 120-day deadline by 90 days "for cause." 11 U.S.C. § 365(d)(4)(B). Any subsequent extensions of the deadline to assume or reject unexpired leases of non-residential real property under which any of the debtors is a lessee may only be granted with the prior written consent of the affected lessors. 11 U.S.C. § 365(d)(4)(B)(ii). Under section 365(d)(4) of the Bankruptcy Code, if the debtors fail to assume or reject an unexpired lease of non-residential real property under which any of the debtors is a lessee prior to the applicable deadline, such lease will automatically be deemed rejected. 11 U.S.C. § 365(d)(4)(A).

8. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors initially have until December 10, 2024 to assume or reject any Real Property Leases (the "**Assumption/Rejection Period**").

9. By this Motion, the Debtors request that the Court enter the Proposed Order, extending the Assumption/Rejection Period by 90 days, through and including

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

March 10, 2025, pursuant to section 365(d)(4) of the Bankruptcy Code. Pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, such an extension would be without prejudice to the Debtors' rights to request a further extension of the Assumption/Rejection Period with the consent of the affected lessors.

## BASIS FOR RELIEF

10. The Debtors submit that ample cause exists to extend the Assumption/Rejection Period as requested herein. For the reasons set forth below, the Debtors require additional time to determine whether any of the Real Property Leases should ultimately be assumed or rejected. The requested extension of the Assumption/Rejection Period is consistent with the goals of the Bankruptcy Code and will not unduly prejudice any lessors under any Real Property Leases (collectively, the "**Lessors**").

11. Since the commencement of the Chapter 11 Cases, the Debtors have worked diligently to ensure a smooth transition into chapter 11 and to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders. To that end, the Debtors have, among other things: (i) commenced and pursued robust marketing and sale processes to sell substantially all of their assets (each, a "**Sale**," and collectively, the "**Sales**") pursuant to the Court-approved bidding procedures [Docket No. 348] (the "**Bidding Procedures Order**"), including responding to various diligence and discovery requests, holding a three-day auction with respect to such Sales, and having sought approval of such Sales with this Court over the course of a two-day, in-person contested hearing; (ii) filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 199-202, 205-256 & 258-339]; (iii) established claims bar dates for prepetition claims and claims pursuant to section 503(b)(9) of the Bankruptcy Code [Docket No. 347]; (iv) obtained entry of orders [Docket Nos. 63 & 391] approving the Debtors' postpetition debtor-in-possession financing; (v) retained professionals;

4

(vi) filed a proposed combined plan and disclosure statement [Docket No. 502] and sought approval of solicitation procedures with respect to same [Docket No. 501]; (vii) responded to various creditor inquiries and demands; and (viii) handled various other tasks related to the administration of the Debtors' estates and the Chapter 11 Cases.

12. As highlighted above, the Debtors have labored to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders. The Debtors continue to do so, and that includes analyzing their assets, including any Real Property Leases. The Debtors are filing this Motion out of an abundance of caution to preserve the rights of the Debtors and their estates to assume and assign, or reject, any remaining Real Property Leases to maximize value for their stakeholders.

13. The Third Circuit Court of Appeals has recognized that "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993). As the bankruptcy court in one frequently cited decision observed, there are essentially three factors that are weighed by the courts in determining whether cause exists to extend the deadline to assume or reject unexpired leases of non-residential real property:

> (i) whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization that may be proposed by the debtors;
>
> (ii) whether the case is complex and involves large numbers of leases; and
>
> (iii) whether or not the debtors have had sufficient time to intelligently appraise the value of each lease for purposes of a plan of reorganization.

*In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); *accord Channel Home Ctrs.*, 989 F.2d at 689 (noting that "it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating").

14. The Debtors submit that the *Wedtech* factors are readily satisfied in the Chapter 11 Cases. First, until the Debtors, in their business judgment, determine otherwise, each Real Property Lease is potentially an important asset of the Debtors' estates, and therefore, the decision to assume or reject any Real Property Leases is necessarily of central importance to the Debtors' efforts to preserve and maximize the value of their estates for the benefit of all stakeholders. As a result, the Debtors must be afforded sufficient time to determine which Real Property Leases should be assumed.

15. Moreover, as set forth above, the Debtors have devoted a significant amount of time, energy, and resources to tasks other than evaluating the Real Property Leases, including pursuing the Sales, and therefore, an extension of the Assumption/Rejection Period is necessary to allow the Debtors sufficient time to fully evaluate all of the Real Property Leases, particularly given that such leases are critical to the Debtors' Sale process.

16. Given the inherent fluidity in the Chapter 11 Cases, circumstances may arise during the pendency of the Chapter 11 Cases that would cause the Debtors to re-evaluate the need to continue leasing a particular property. In the absence of an extension of the Assumption/Rejection Period, the Debtors would be prematurely forced to assume Real Property Leases that may later prove to be burdensome, which could give rise to unnecessary administrative expense claims against the Debtors' estates and jeopardize the Debtors' ability to successfully prosecute the Chapter 11 Cases. Alternatively, the Debtors could be prematurely forced to reject certain Real Property Leases that ultimately could have benefited the Debtors'

estates. Among other things, the extension requested herein will decrease the risk of such negative outcomes for the Debtors' estates and will therefore benefit all stakeholders.

17. Furthermore, there should be no prejudice to the Lessors as a result of the requested extension of the Assumption/Rejection Period. Pending their election to assume or reject any Real Property Leases, the Debtors will perform their undisputed obligations arising from and after the Petition Date in a timely fashion and as required by the Bankruptcy Code. As a result, the requested extension will afford the Debtors the opportunity to preserve and maximize estate value, without prejudicing the rights of the Lessors.

### NOTICE

18. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the Prepetition Agent and DIP Agent; (c) counsel to the Committee; (d) the Lessors for any Real Property Leases and their counsel, if known; and (e) any party that has requested notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>November 8, 2024 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Timothy R. Powell*<br>Michael R. Nestor (No. 3526)<br>Sean T. Greecher (No. 4484)<br>Allison S. Mielke (No. 5934)<br>Timothy R. Powell (No. 6894)<br>Rebecca L. Lamb (No. 7223)<br>Benjamin C. Carver (No. 7176)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mnestor@ycst.com<br>      sgreecher@ycst.com<br>      amielke@ycst.com<br>      tpowell@ycst.com<br>      rlamb@ycst.com<br>      bcarver@ycst.com<br><br>*Counsel to the Debtors and Debtors in Possession* |