**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date**:<br>December 17, 2024 at 11:00 a.m. (ET)<br>**Objection Deadline**:<br>November 22, 2024 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR AN ORDER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as Exhibit A, extending the period within which the Debtors may remove actions and related proceedings, pursuant to 28 U.S.C. § 1452 and rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), by 90 days, through and including February 10, 2025. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal bases for the relief requested herein are Bankruptcy Rules 9006 and 9027.

## BACKGROUND

4. On August 12, 2024 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**," and such cases, collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On August 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No. 109] (the "**Committee**"). No other trustee or an examiner has been appointed in the Chapter 11 Cases.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration*

32330439.1

*of Steven Shenker, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "**First Day Declaration**").[2]

## RELIEF REQUESTED

7. The Debtors' deadline to file notices removing actions and related proceedings, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, is currently November 12, 2024 (the "**Current Removal Deadline**"). By this Motion, the Debtors request that the Court enter the Proposed Order extending the Current Removal Deadline by 90 days, through and including February 10, 2025, without prejudice to the rights of the Debtors and their estates to seek further extensions.[3]

## BASIS FOR RELIEF

8. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part, that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

32330439.1

3

reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988, 990-91 (Bankr. E.D. Pa. 1986) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York* (*In re Jandous Elec. Constr. Corp.*), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same); *see also Doan v. Loomis* (*In re Fort Dodge Creamery Co.*), 117 B.R. 438, 442-43 (Bankr. N.D. Iowa 1990) (implying that the time period in which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

10. The Debtors may be parties to actions currently pending in other courts (collectively, the "**Actions**"), and believe that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to protect the rights of the Debtors and their estates to remove any such Actions.

11. Since the commencement of the Chapter 11 Cases, the Debtors have worked diligently to ensure a smooth transition into chapter 11, and to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders. To that end, the Debtors have, among other

things: (i) commenced and pursued robust marketing and sale processes to sell substantially all of their assets (each, a "**Sale**," and collectively, the "**Sales**") pursuant to the Court-approved bidding procedures [Docket No. 348] (the "**Bidding Procedures Order**"), including responding to various diligence and discovery requests, holding a three-day auction with respect to such Sales, and having sought approval of such Sales with this Court over the course of a two-day, in-person contested hearing; (ii) filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 199-202, 205-256 & 258-339]; (iii) established claims bar dates for prepetition claims and claims pursuant to section 503(b)(9) of the Bankruptcy Code [Docket No. 347]; (iv) obtained entry of orders [Docket Nos. 63 & 391] approving the Debtors' postpetition debtor-in-possession financing; (v) retained professionals; (vi) filed a proposed combined plan and disclosure statement [Docket No. 502] and sought approval of solicitation procedures with respect to same [Docket No. 501]; (vii) responded to various creditor inquiries and demands; and (viii) handled various other tasks related to the administration of the Debtors' estates and the Chapter 11 Cases.

12. As a result of the foregoing efforts and various others, the Debtors have not had sufficient time to determine if any Actions should be removed pursuant to Bankruptcy Rule 9027(a). Accordingly, the Debtors submit that extending the Current Removal Deadline is in the best interests of the Debtors, their estates, and their creditors. The extension sought will afford the Debtors an opportunity to make more fully informed decisions concerning the removal of any Action and will assure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452. Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of any other parties to the Actions because such parties may not prosecute them absent relief from the automatic stay. In addition, nothing

herein will prejudice any party to an Action that the Debtors may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C § 1452(b) at the appropriate time.

13. For the reasons set forth above, the Debtors submit that extending the Current Removal Deadline through and including February 10, 2025 is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors.

## NOTICE

14. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the Prepetition Agent and DIP Agent; (c) counsel to the Committee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
November 8, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Timothy R. Powell
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
sgreecher@ycst.com
amielke@ycst.com
tpowell@ycst.com
rlamb@ycst.com
bcarver@ycst.com

*Counsel to the Debtors and Debtors in Possession*

32330439.1