#### IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Related to: Doc. 533 |

#### ORDER GRANTING MARLON WILLIAMS LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the *Motion of Marlon Williams for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code* (the "**Motion**")[2] seeking relief from the automatic stay with respect to the action entitled *Marlon Williams v. Blink Holdings, Inc. d/b/a Blink Fitness, 3560 WPR LLC and 3572 WPR LLC*, currently pending in the Supreme Court of the State of New York, City of the Bronx, Index No. 809796/2023E (the "**Action**"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is APPROVED as set forth herein.

2. The automatic stay imposed by section 362(a) of the Bankruptcy Code in respect of the Debtors is hereby modified to permit the prosecution of the Action through all stages of discovery, arbitration, trial, judgment, settlement, enforcement, and/or appeal, if any, but only to the extent of the Debtors' existing insurance coverage, to the extent available and applicable, and insofar as such proceeds are not an asset of the Debtors' estates or otherwise available to the creditor body.

3. The Claimant has agreed to waive and hereby waives and releases any claim he may have against the estate of any Debtors in the Chapter 11 Cases and agrees to proceed solely against any third-party insurance coverage applicable to the Debtors.

4. The Claimant shall not file any proof of claim in the Chapter 11 Cases, and any and all proofs of claim filed by the Claimant during the course of the Chapter 11 Cases shall be, and are hereby deemed, disallowed and expunged.

5. Other than as set forth herein, the automatic stay shall remain in full force and shall not be modified.  Without limitation of the foregoing, the automatic stay shall remain in

3

full force with respect to any third party actions that may be or that might otherwise have been asserted against any Debtor in consolidation or in connection with the Action.

      6.      The Court shall retain jurisdiction to resolve any disputes arising from or related to this Order.

      7.      This Order shall become effective immediately upon entry of this Order notwithstanding anything in the Bankruptcy Rules or otherwise to the contrary.