IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 590 & 591** |

**ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CONSENT LEASES IN FURTHERANCE OF THE SALE TO LOTEMD FIT LLC**

Upon consideration of the *Certification of Counsel Regarding Order Authorizing the Assumption and Assignment of Primestor Lease in Furtherance of the Sale to Lotemd Fit LLC* (the "**Certification**"); and this Court having entered the *Order (I) Approving the Sale of Assets to Lotemd Fit LLC Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 591] (the "**Sale Order**");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that due and appropriate notice of the relief provided for herein has been given under the circumstances; and the Court having determined

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Certification or the Sale Order, as applicable.

DMFIRM

that the relief provided for herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The unexpired leases of nonresidential real property covering the premises located at Freedom Plaza, 2450 E. Century Boulevard, Los Angeles, California (the "**Primestor Lease**") with landlord Primestor Jordan Downs, LLC (the "**Primestor Landlord**"), 8201 Broadway Street, Houston, Texas (the "**Brixmor Lease**") with landlord Brixmor Holdings 12 SPE, LLC (the "**Brixmor Landlord**"), and 15519 Normandie Ave., Gardena, California (the "**Normandie Lease**" and together with the Primestor Lease and the Brixmor Lease, the "**Consent Leases**") with landlord 15519 Normandie, LLC (the "**Normandie Landlord**" and together with the Primestor Landlord and the Brixmor Landlord, the "**Consent Landlords**", shall constitute and be deemed an Assumed Lease pursuant to the Sale Order.

2. Except as explicitly set forth herein, the rights and responsibilities of the Debtors, the Purchaser, and the Consent Landlords in respect of the Consent Leases shall be governed by the terms of the Sale Order.

3. Solely with respect to the Consent Leases, and notwithstanding anything in the Sale Order or the Asset Purchase Agreement to the contrary, (a) the Consent Leases shall not be assumed by the Debtors and assigned to a Buyer Designee other than (i) with respect to the Primestor Lease, Watts Gym LLC; (ii) with respect to the Brixmor Lease, Hobby Gym LLC; and (iii) with respect to the Normandie Lease, Gardena Gym LLC; (b) nothing shall relieve the Debtors from the timely payment of any unpaid post-petition, pre-Closing obligations due and payable under the Consent Leases pursuant to Section 365(d)(3) of the Bankruptcy Code and as otherwise agreed between the Consent Landlords and the Debtors, including such agreed attorneys' fees to

compensate the Consent Landlords for their pecuniary losses, if any; (c) Assumed Liabilities shall include any and all obligations under the Consent Leases, including those obligations that have accrued or are accruing but are not yet due, to be the responsibility of the Buyer when billed in accordance the terms of the Consent Leases and Paragraph 16 of the Sale Order; (d) any section 365(k) release of the Debtors from liability under the Consent Leases shall (i) be subject to the payment of any applicable Cure Amounts or other amounts to be paid by the Debtors pursuant to the terms of the Sale Order and this Order, (ii) be limited to curing monetary defaults only, and (iii) not limit, restrict or waive any right of the Consent Landlords to seek to recover from the Debtors (but not the Buyer) and the Debtors are not released from, any indemnification obligations under the applicable Consent Leases, if any, arising from third party claims, events or circumstances arising or as a result of the Debtors' use and occupancy of the leased premises prior to the Closing Date for which the Debtors had a duty to indemnify such landlords pursuant to any of the Consent Leases; *provided, further,* that any such indemnification payments or recovery sought in connection therewith shall be solely from the proceeds of the Debtors' applicable insurance policies, and, for the avoidance of doubt, the Debtors shall not be liable for any payments for indemnification obligations in excess of any such applicable insurance coverage; (e)*,* any change of signage at the Gym Locations subject to the Consent Leases shall conform and be subject to the terms of such leases; *provided* that no such restrictions shall prevent the Buyer from changing the name in a manner consistent with its branding; (e) nothing herein or in the Asset Purchase Agreement or any related document shall authorize, absent further order of the Court or agreement among the Debtors or the Buyer, on the one hand, and the Consenting Landlord, on the other hand, the assumption and assignment of any Consent Leases free and clear of (and shall not extinguish or otherwise diminish) any Interests, covenants, or rights applicable to such Consent

Lease that limit or condition the use of the applicable real property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "**Restrictive Covenants**") that are not executory or that run with the land; and (f) Paragraph 17 of the Sale Order shall be limited to the consummation of the assignments authorized by the Sale Order.

4. This Court shall retain jurisdiction to resolve any disputes arising from or related to this order.

Dated: November 25th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE