# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**December 17, 2024 at 11:00 a.m. (ET)**<br><br>**Objection Deadline:**<br>**December 10, 2024 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, extending each of the Exclusive Periods (as defined below) by 90 days. Unless extended, the Plan Period and Solicitation Period (each as defined below) will expire on December 10, 2024 and February 10, 2025, respectively. The Debtors seek to extend the Plan Period and Solicitation Period through and including March 10, 2025 and May 12, 2025,[2] respectively, without prejudice to the Debtors' right to seek

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] The 90-day extension of the Solicitation Period (as defined below) falls on a Sunday. Pursuant to rule 9006(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors are requesting that the deadline be continued to the following Monday, May 12, 2025.

32438930.1

further extensions of the Exclusive Periods.[3] In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein are section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").

## BACKGROUND

4. On August 12, 2024 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On August 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed, pursuant to section 1102 of the Bankruptcy Code, an

---

[3] Pursuant to rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the filing of this Motion prior to the expiration of the current Exclusive Periods shall automatically extend the Exclusive Periods until the Court acts on this Motion without the necessity for entry of a bridge order. *See* Del. Bankr. L.R. 9006-2.

32438930.1

2

official committee of unsecured creditors [Docket No. 109] (the "**Committee**"). No other trustee or an examiner has been appointed in the Chapter 11 Cases.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Steven Shenker, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "**First Day Declaration**").[4]

## RELIEF REQUESTED

7. By this Motion, the Debtors request entry of the Proposed Order extending the Plan Period and Solicitation Period (each as defined below) by approximately 90 days, through and including March 10, 2025 and May 12, 2025, respectively, without prejudice to the Debtors' right to seek additional extensions of the Exclusive Periods (as defined below).

## BASIS FOR RELIEF REQUESTED

8. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan (the "**Plan Period**"). If a debtor files a plan during the Plan Period, section 1121(c)(3) of the Bankruptcy Code provides a debtor with an additional 60 days following the expiration of such Plan Period (or 180 days following the commencement of the case) to solicit acceptances of the plan without competing plan filings (the "**Solicitation Period**," and together with the Plan Period, the "**Exclusive Periods**"). Section 1121(d) of the Bankruptcy Code permits the Court to extend the Exclusive Periods for "cause." For the reasons set forth herein, "cause" exists to extend the Exclusive Periods.

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

32438930.1

3

**I.     Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods "for Cause"**

9.      The Exclusive Periods are designed to provide a debtor with a full and fair opportunity to propose a consensual plan and solicit acceptances of such plan, without disruption to the administration of the estate that may result from the filing of competing plans by non-debtor parties.  To this end, where the Exclusive Periods prove to be unfeasible timeframes, section 1121(d) of the Bankruptcy Code allows the Court to extend such Exclusive Periods for cause.[5]  Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.  *See* H.R. REP. NO. 95–595, at 231–32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

10.     Congress built flexibility into section 1121 of the Bankruptcy Code to give a debtor sufficient opportunity to stabilize its business operations at the outset of its chapter 11 case and to negotiate an effective plan with its creditors.  *See In re Newark Airport/Hotel Ltd. P'ship*, 156 B.R. 444, 451 (Bankr. D. N.J.), *aff'd*, 155 B.R. 93 (D.N.J. 1993) (noting that Congress designed chapter 11 provisions to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies); *see also Gaines v. Perkins* (*In re Perkins*), 71 B.R. 294, 297–98 (W.D. Tenn. 1987) (Congress designed

---

[5]    Pursuant to section 1121(d)(2)(A) of the Bankruptcy Code, the Plan Period may not be extended beyond a date that is 18 months after the commencement of a chapter 11 case.  Pursuant to section 1121(d)(2)(B) of the Bankruptcy Code, the Solicitation Period may not be extended beyond a date that is 20 months after the commencement of a chapter 11 case.

32438930.1

section 1121 of the Bankruptcy Code to give the debtor time to reach an agreement with its creditors regarding a plan of reorganization).

11. In making the determination to affirm or deny a request to extend the Exclusive Periods for "cause," courts have considered a variety of factors, including:

(a) the size and complexity of the debtor's case;

(b) the necessity of sufficient time to negotiate and prepare adequate information;

(c) the existence of good-faith progress towards reorganization;

(d) whether the debtor is paying its debts as they become due;

(e) whether the debtor has made progress negotiating with creditors;

(f) the length of time a case has been pending;

(g) whether the debtor is seeking an extension to pressure creditors; and

(h) whether or not unresolved contingencies exist.

*In re Cent. Jersey Airport Servs., LLC*, 228 B.R. 176, 184 (Bankr. D.N.J. 2002) (citations omitted); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (citing to most of the factors listed above in determining whether to extend the exclusive periods); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed "cause" to extend its exclusive period based upon certain of above-quoted factors).

12. Not all of the above factors are relevant to every case and courts may consider the relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g., In re Express One Int'l, Inc.*, 194 B.R. 98, 100–01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two

factors in holding that cause existed to extend exclusivity). As detailed below, the facts and circumstances of the Chapter 11 Cases justify extending the Exclusive Periods.

## II. Cause Exists for an Extension of the Exclusive Periods in the Chapter 11 Cases

13. Cause exists for an extension of the Exclusive Periods based on the numerous burdens imposed by the Debtors' chapter 11 efforts, which have required a significant expenditure of time and effort on the part of the Debtors and their professional advisors, particularly because the Debtors have limited resources to assist them in their efforts. To that end, the Debtors have, among other things: (a) negotiated and obtained debtor in possession financing and the consensual use of cash collateral; (b) prepared and prosecuted various "first day" and "second day" pleadings; (c) established and implemented cash management and other operational controls; (d) evaluated and rejected certain of the Debtors' unexpired leases; (e) conducted a robust postpetition marketing process, worked diligently with various bidders to negotiate various APAs, conducted a multi-day auction process, and following a contentious sale hearing, obtained approval of two sales for substantially all of the Debtors' assets, which the Debtors anticipate will close in the coming days; (f) negotiated and entered into a restructuring support agreement with the Debtors' prepetition lenders; (g) responded to numerous diligence and discovery requests related to the Debtors' sale process and the Committee's investigation into liens, claims, and causes of action; (h) responded to other general inquiries from interested parties; (i) prepared and filed their Schedules of Assets and Liabilities, Statements of Financial Affairs, and multiple monthly operating reports; (j) established various claims bar dates; (k) complied with the various reporting requirements under the Bankruptcy Code; (*l*) retained various professionals; (m) drafted and filed a proposed chapter 11 plan and related documents; and (n) handled the various other tasks related to the administration of the Debtors' bankruptcy estates and the Chapter 11 Cases.

32438930.1

14. Extensive resources have been required of the Debtors and its professionals to achieve the measures reached in the Chapter 11 Cases. In light of these circumstances, the Debtors submit that extension of the Exclusive Periods is appropriate and necessary to afford the Debtors sufficient time to solicit acceptance of, and confirm, a plan.

**III.    Other Relevant Factors Favor Extending the Exclusive Periods**

　　A.    *The Size, Complexity, and Duration of the Chapter 11 Cases*

15. This Motion is the Debtors' first request to extend the Exclusive Periods. In the three and a half months since the Petition Date, the Debtors have addressed critical case management issues in an effort to maximize the value of the Debtors' estates and to preserve the value of the Debtors' businesses as going concerns. The complexity of the various issues addressed and the time, effort, and planning required to obtain the progress made thus far warrant the requested extension of the Exclusive Periods.

　　B.    *Good Faith Progress Made in the Chapter 11 Cases*

16. The Debtors have made significant and material progress in the Chapter 11 Cases. As discussed above, these achievements were the result of the extensive efforts of the Debtors, their management, and their professional advisors, in cooperation with various parties in interest in the Chapter 11 Cases, to maximize the value of the Debtors' estates. Accordingly, the Debtors submit that this factor weighs in favor of extending the Exclusive Periods.

　　C.    *The Necessity of Sufficient Time to Negotiate and Prepare Adequate Information*

17. As set forth above, since the Petition Date, the Debtors and their professionals have focused substantially all of their time, energy, and resources on smoothly transitioning into chapter 11, addressing critical case management issues, and conducting a robust postpetition marketing and sale process, all in an effort to maximize the value of the Debtors'

32438930.1

estates. The Debtors believe that, in light of the progress that the Debtors and other professionals have made in the Chapter 11 Cases over the past three months, and the Debtors' demonstrated efforts to work cooperatively with their stakeholders, it is reasonable and appropriate that the Debtors be granted an extension of the Exclusive Periods. Accordingly, the Debtors submit that this factor weighs in favor of extending the Exclusive Periods.

### D. The Debtors Are Paying Their Debts as They Come Due

18. The Debtors continue to pay undisputed postpetition obligations on a timely basis. As such, the requested extension of the Exclusive Periods will afford the Debtors a meaningful opportunity to solicit votes on a plan and negotiate with key parties to confirm a plan without prejudice to the parties in interest in the Chapter 11 Cases.

### E. The Debtors Are Not Seeking an Extension to Pressure Creditors

19. Throughout the chapter 11 process, the Debtors have endeavored to establish and maintain cooperative working relationships with their primary creditor constituencies. Importantly, the Debtors are not seeking the extension of the Exclusive Periods to delay administration of the Chapter 11 Cases or to exert pressure on their creditors, but rather to continue the orderly, efficient, and cost-effective chapter 11 process. Thus, this factor also weighs in favor of the requested extension of the Exclusive Periods.

### F. Termination of the Debtors' Exclusive Periods Would Adversely Impact the Chapter 11 Cases

20. Termination of the Exclusive Periods would adversely impact the Debtors' efforts to preserve and maximize the value of the estates and the progress of the Chapter 11 Cases. In effect, if the Court were to deny the Debtors' request for an extension of the Exclusive Periods, any party in interest would be free to propose an alternative chapter 11 plan for the Debtors. Terminating the Exclusive Periods would only foster a chaotic environment and provide

opportunistic parties to engage in counterproductive behavior in pursuit of alternatives that are not value-maximizing or feasible under the circumstances of the Chapter 11 Cases.

21. Based upon the foregoing, the Debtors respectfully submit that cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code. Specifically, the Debtors request that the Plan Period and Solicitation Period be extended through and including March 10, 2025 and May 12, 2025, respectively, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods, as may be appropriate under the circumstances.

## NOTICE

22. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Prepetition Agent and DIP Agent; (c) counsel to the Committee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 27, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Timothy R. Powell*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
      sgreecher@ycst.com
      amielke@ycst.com
      tpowell@ycst.com
      rlamb@ycst.com
      bcarver@ycst.com

*Counsel to the Debtors and Debtors in Possession*