## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** <br> **December 17, 2024 at 11:00 a.m. (ET)** |
| | **Objection Deadline:** <br> **December 13, 2024 at 4:00 p.m. (ET)** |

**DEBTORS' FOURTH OMNIBUS MOTION FOR AN ORDER (I) AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS; <br> AND (II) GRANTING RELATED RELIEF**

> **EACH CONTRACT COUNTERPARTY RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES AND CONTRACT DESCRIPTION IN THE SCHEDULE ATTACHED TO THE PROPOSED ORDER AS SCHEDULE 1**

The above-captioned affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), (i) authorizing the Debtors to reject, effective as of the Rejection Date (as defined below), certain executory contracts, including any supplements, schedules, amendments, modifications, or other agreements in connection therewith to which any Debtor is a party, which the Debtors have determined, in their business judgment, should be rejected; and (ii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Steven Shenker in Support*

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

*of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] (the "**First Day Declaration**").[2] In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 365(a), and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

### I.   General Background

4. On August 12, 2024 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

---

[2]   Capitalized terms used but not defined herein shall have the meanings set forth in the First Day Declaration or the Sale Order (as defined below), as applicable.

The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On August 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No. 109] (the "**Committee**").  No request has been made for the appointment of a trustee or an examiner.

6.     Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

## II.     Sale to Pinnacle US Holdings LLC

7.     On August 16, 2024, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale or All or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Granting Related Relief; and (II)(A) Authorizing and Approving the Debtors' Entry into an Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially All of the Debtors Assets Free and Clear of All Encumbrances, (C) Approving the Assumption and Assignment of the Assumed Contracts, and (D) Granting Related Relief* [Docket No. 81].

8.     On November 13, 2024, the Court entered the *Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 611] (the "**Sale Order**"), approving the sale (the "**Sale**") of Acquired Assets to Pinnacle US Holdings LLC (the "**Buyer**") in accordance with the terms of

the Asset Purchase Agreement appended to the Sale Order.  The Sale closed on November 29, 2024.

## III.    Rejection of Executory Contracts

9.    The Debtors have entered into certain agreements in the ordinary course of their business, including, but not limited to, vendor agreements and agreements to franchise certain of their health club operations, among others.  Continued performance by the Debtors or the counterparties under these agreements is no longer necessary or beneficial to the Debtors' ongoing business.  Included among such agreements are those executory contracts set forth on <u>Schedule 1</u> to the Proposed Order (including any amendments, side letters, modifications, schedules, or supplements thereto, or other agreements in connection therewith to which any Debtor is a party, the "**Rejected Contracts**").  The Debtors have determined to immediately reject the Rejected Contracts, effective as of November 29, 2024 (the "**Rejection Date**"), to avoid potentially incurring further costs and expenses after the closing of the Sale, which would only undermine the Debtors' efforts to maximize value of the Debtors' assets for the benefit of their stakeholders.

## RELIEF REQUESTED

10.    By this Motion, the Debtors request that the Court enter of the Proposed Order (i) authorizing the Debtors to reject, effective as of the Rejection Date, the Rejected Contracts, which the Debtors have determined, in their business judgment, should be rejected; and (ii) granting related relief.

## BASIS FOR RELIEF REQUESTED

## I.    Rejection of the Rejected Contracts Is Authorized by Section 365(a) of the Bankruptcy Code

11.    Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval may . . . reject any executory contract or unexpired

lease of the debtor." 11 U.S.C. § 365(a); *see also In re Univ. Med. Ctr.*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (quoting *Phoenix Exploration, Inc. v. Yaquinto* (*In re Murexco Petroleum, Inc.*), 15 F.3d 60, 62 (5th Cir. 1994)).

12.     The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee. *See NLRB v. Bildisco & Bildisco* (*In re Bildisco*)*,* 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *Delightful Music Ltd. v. Taylor* (*In re Taylor*), 913 F.2d 102, 107 (3d Cir. 1990); *see also Computer Sales Int'l, Inc. v. Fed. Mogul* (*In re Fed. Mogul Glob., Inc.*), 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Glob. Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim, or caprice. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Fed. Mogul Glob., Inc.*, 293 B.R. at 126 (court should approve a debtor's decision to reject a contract unless the decision is the product of bad faith or a gross abuse of discretion); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").

13.     Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Com.*

*Fin., Ltd. v. Hawaii Dimensions, Inc.* (*In re Hawaii Dimensions, Inc.*), 47 B.R. 425, 427 (D. Haw. 1985) ("Under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate."). Accordingly, if the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the rejection of an executory contract or an unexpired lease. *See, e.g.*, *Bildisco & Bildisco*, 465 U.S. at 523; *In re Fed. Mogul Glob., Inc.*, 293 B.R. at 126.

14.    A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See Bildisco & Bildisco*, 465 U.S. at 523 (stating that rejection relates back to the petition date); *Thinking Machs. v. Mellon Fin. Servs. Corp.* (*In re Thinking Machs. Corp.*), 67 F.3d 1021, 1028 (1st Cir. 1995) ("In the section 365 context . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC* (*In re CCI Wireless, LLC*), 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *In re Amber's Stores*, 193 B.R. 819, 827 (N.D. Tex. 1996); *Constant Ltd. P'ship v. Jamesway Corp.* (*In re Jamesway Corp.*), 179 B.R. 33, 37–38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection).

15.    The Debtors have analyzed each of the Rejected Contracts and have determined that such agreements do not provide the Debtors any ongoing material benefit and should be immediately rejected to cut off the potential incurrence of additional administrative cost or expense. The facts and circumstances of the Chapter 11 Cases and the balance of the equities favor the Debtors' rejection of the Rejected Contracts effective as of the Rejection Date. Without

a retroactive date of rejection, the Debtors may incur unnecessary administrative charges. Moreover, the counterparties to the Rejected Contracts will not be unduly prejudiced if the Rejected Contracts are rejected effective as of the Rejection Date because the Debtors will serve this Motion on each counterparty or its agent or representative by overnight delivery and, if possible, electronic mail, stating that the Debtors intend to reject the Rejected Contracts.

16.      Therefore, as it is in the Debtors' and their estates' interests to eliminate the potential incurrence of administrative expenses, and to avoid the potential accrual of any further obligations under the Rejected Contracts, the Debtors respectfully submit that the retroactive rejection of the Rejected Contracts effective as of the Rejection Date is appropriate.

## **WAIVER OF STAY PURSUANT TO BANKRUPTCY RULE 6004(h)**

17.      Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As provided herein, and to implement the foregoing successfully, the Debtors request that the Proposed Order include a finding that the Debtors have established cause to exclude such relief from the fourteen (14)-day stay period under Bankruptcy Rule 6004(h).

18.      For this reason and those set forth above, the Debtors submit that ample cause exists to justify a waiver of the fourteen (14)-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable to the Proposed Order.

## **RESERVATION OF RIGHTS**

19.      Nothing in the Proposed Order or this Motion: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates

with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

## NOTICE

20.     Notice of this Motion has been or will be provided to:     Notice of this Motion has been or will be provided to:   (i) U.S. Trustee; (ii) counsel to the Prepetition Agent and DIP Agent; (iii) counsel to the Committee; (iv) the non-debtor counterparties to the Rejected Contracts and their counsel, if known; and (v) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
     November 29, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Rebecca L. Lamb*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
     sgreecher@ycst.com
     amielke@ycst.com
     tpowell@ycst.com
     rlamb@ycst.com
     bcarver@ycst.com

*Counsel to the Debtors and Debtors in Possession*