IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 646 |

**ORDER (I) AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY; (II) AUTHORIZING ABANDONMENT OF ANY REMAINING PROPERTY LOCATED AT THE PREMISES, IN EACH CASE EFFECTIVE AS OF THE REJECTION DATE; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) authorizing the Debtors to reject, effective as of the Rejection Date, certain unexpired leases, including any supplements, schedules, amendments, modifications, guarantees, or other agreements in connection therewith to which any Debtor is a party, which the Debtors have determined, in their business judgment, should be rejected; (ii) authorizing the Debtors to abandon property remaining at any location covered by an unexpired lease that this Court authorizes the Debtors to reject pursuant to the Motion; and (iii) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

32397237.4

the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Rejected Agreements listed on Schedule 1 hereto, including, as applicable, any and all supplements, schedules, amendments, modifications, guarantees, or other agreements in connection therewith to which any Debtor is a party, are hereby rejected effective as of the Rejection Date.

3. The Debtors are authorized to abandon any Remaining Property, and such Remaining Property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. The Landlords may, in their sole discretion and without further notice or order of this Court, utilize, and/or dispose of such property without further notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; *provided*, that the DIP Lenders and the Prepetition Lenders consent to the release of their interests in (if any), and liens on (if any), the Remaining Property, and to the Landlords' disposition of such Remaining Property, and any such interests

32397237.4

2

and liens are hereby released; *provided*, *further,* that the Debtors are not aware of any other parties with interests in the Remaining Property. The rights of the Landlords to assert claims for the disposition of the abandoned property are reserved, as are all parties' rights to object to such claims.

4. Claims arising out of the rejection of the Rejected Agreements, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in the Chapter 11 Cases, and (b) thirty (30) days after the date of entry of this order.

5. Nothing herein shall prejudice the rights of the Debtors to assert that any of the Rejected Agreements were terminated prior to the Rejection Date, or that any claim for damages arising from the rejection of any of the Rejected Agreements are limited to the remedies available under any applicable termination provision of such lease or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates, or to otherwise contest any claims that may be asserted in connection with any of the Rejected Agreements.

6. All of the rights of the Debtors as to whether they surrendered the premises subject to the Rejected Agreements and abandoned the Remaining Property prior to the Rejection Date are preserved.

7. Nothing in this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

8. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 11th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

32397237.4

4