**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> BLINK HOLDINGS, INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-11686 (JKS) <br><br> (Jointly Administered) <br><br> **Hearing Date: January 15, 2025 at 10:30 a.m. (ET)** <br> **Objection Deadline: January 6, 2025 at 4:00 p.m. (ET)** |

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF KELLEY
DRYE & WARREN LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR THE PERIOD FROM
<u>AUGUST 26, 2024 THROUGH AND INCLUDING OCTOBER 31, 2024</u>**

| | |
|---|---|
| Name of applicant: | Kelley Drye & Warren LLP |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Petition date: | August 12, 2024 |
| Date of retention: | Effective as of August 26, 2024[2] |
| Period for which compensation and reimbursement is sought: | August 26, 2024 through and including October 31, 2024 |
| Terms and conditions of employment | Hourly. No retainer. |
| Monthly/Interim/Final: | Interim |
| Total fees sought to be paid this period: | $1,465,335.75[3] |
| Total expenses sought to be paid this period: | $11,761.25 |
| Total fees and expenses sought this period: | $1,477,097.00 |
| Total fees and expenses approved by interim order to date: | N/A |

---

[2]  Docket No. 490.

[3]  Represents $1,503,105.25 in total fees incurred, less $37,769.50 in fees related to litigation against Varagon that are excluded from the carve-out under paragraph 27 of the Final DIP Order and for which the firm seeks interim allowance, but not payment, at this time.

3

| | |
|---|---|
| Blended rate in this application for all timekeepers: | $865.48 |
| Fees sought in this application paid pursuant to a monthly compensation order but not yet allowed: | $650,751.00 |
| Expenses sought in this application paid pursuant to a monthly compensation order but not yet allowed: | $2,826.97 |
| Number of timekeepers included in this application: | 18 |
| Number of timekeepers billing fewer than 15 hours to the case during this period: | 4 |
| Are any rates higher than those approved or disclosed at retention? | No |

This is a(n):  __ Monthly    _X_ Interim    __ Final application

This application includes 36.2 hours, with a value of $24,654.50, incurred to prepare the firm's first and second monthly fee applications. No interim fee applications have been filed before this application.

**PRIOR MONTHLY APPLICATION HISTORY**

| Date Filed and Docket No. | Period Covered | Requested | | Allowed (Pending) | | 20% Holdback |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| October 31, 2024 Docket No. 537 | August 26, 2024 – September 30, 2024 | $813,438.75 | $2,826.97 | $650,751.00 | $2,826.97 | $162,687.75 |
| December 16, 2024 Docket No. 682 | October 1, 2024 – October 31, 2024 | $651,897.00[4] | $8,934.28 | $TBD | $TBD | $130,379.40 |
| **Totals:** | | **$1,465,335.75** | **$11,761.25** | **$TBD** | **$TBD** | **$293,067.15** |

**PRIOR INTERIM APPLICATION HISTORY**

No prior interim fee applications have been filed.

---

[4] Represents $689,666.50 in total fees incurred, less $37,769.50 in fees related to litigation against Varagon that are excluded from the carve-out under paragraph 27 of the Final DIP Order and for which the firm seeks interim allowance, but not payment, at this time.

5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 15, 2025 at 10:30 a.m. (ET)**<br>**Objection Deadline: January 6, 2025 at 4:00 p.m. (ET)** |

**FIRST INTERIM FEE APPLICATION OF KELLEY DRYE & WARREN LLP
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM AUGUST 26, 2024 THROUGH AND INCLUDING OCTOBER 31, 2024**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "Interim Compensation Order"),[1] Kelley Drye & Warren LLP ("Kelley Drye") submits its first interim fee application (the "Application") for compensation for professional services rendered and reimbursement of expenses incurred as lead counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), for the period from August 26, 2024 through and including October 31, 2024 (the "Application Period"). In support of its Application, Kelley Drye respectfully states as follows:

---

[1] Docket No. 162.

17091069/1

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are: (i) sections 330 and 331 of the Bankruptcy Code; (ii) Bankruptcy Rule 2016; and (iii) Local Rule 2016-2.

**BACKGROUND**

3. On August 12, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have remained in possession of their assets and continue to operate and manage their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On August 23, 2024, the U.S. Trustee appointed a five-member Committee consisting of: (i) Johnson Health Tech NA, Inc.; (ii) Motionsoft, Inc.; (iii) FW IL-Riverside/Rivers Edge, LLC; (iv) 96 N. 10th Street Holdings LLC; and (v) GS FIT ILL-1 LLC.[2]

5. On August 26, 2024, the Committee selected Kelley Drye as its lead counsel. On August 27, 2024, the Committee selected Dundon Advisors LLC as its financial advisor. On August 28, 2024, the Committee selected Morris James LLP as its Delaware co-counsel.

6. On August 20, 2024, the Debtors filed their *Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for*

---

[2] Docket No. 109. On November 4, 2024, Motionsoft, Inc. resigned from the Committee. Docket No. 571.

*Professionals and (II) Granting Related Relief* (the "Interim Compensation Motion"),[3] and on September 5, 2024, the Court entered the Interim Compensation Order.[4]

7. On September 25, 2024, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment of Kelley Drye & Warren LLP as Lead Counsel Effective as of August 26, 2024* (the "Retention Application").[5] On October 15, 2024, this Court entered an order approving the Retention Application, effective as of August 26, 2024.[6]

8. On October 31, 2024, Kelley Drye filed the *First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including September 30, 2024* (the "First Monthly Application").[7]

9. On November 21, 2024, (i) Varagon Capital Partners Agent, LLC ("Varagon"), the Prepetition Agent and the DIP Agent (each as defined in the final DIP financing order (the "Final DIP Order"),[8] filed a reservation of rights to the First Monthly Application,[9] and (ii) the Debtors filed an objection and reservation of rights to the First Monthly Application.[10] Neither of those pleadings opposed the interim payment of fees and expenses requested in the First Monthly Application.

---

[3] Docket No. 93.

[4] Docket No. 162.

[5] Docket No. 414.

[6] Docket No. 490.

[7] Docket No. 537.

[8] Docket No. 393. Capitalized terms used but not defined in this Second Application have the meanings ascribed to them in the Final DIP Order.

[9] Docket No. 630.

[10] Docket No. 631.

3

10. On November 25, 2024, Kelley Drye filed the *Certification of Counsel Regarding First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including September 30, 2024*.[11] Kelley Drye has received payment of 80% of the fees and 100% of the expenses requested in the First Monthly Application.

11. On December 16, 2024, Kelley Drye filed the *Second Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from October 1, 2024 Through and Including October 31, 2024* (the "Second Monthly Application").[12]

12. Kelley Drye incorporates by reference the First Monthly Application and the Second Monthly Application into this Application.

## SUMMARY OF COMPENSATION AND EXPENSES REQUESTED FOR THE APPLICATION PERIOD

13. By this Application, Kelley Drye requests interim allowance of (i) $1,503,105.25, and payment of $1,465,335.75,[13] as compensation for professional services rendered to the Committee during the Application Period, totaling 1,693.1 hours of professional time; and (ii) $11,761.25 as reimbursement for actual and necessary expenses incurred during the Application Period.

---

[11] Docket No. 640.

[12] Docket No. 682.

[13] Kelley Drye incurred $37,769.50 in fees related to litigation against Varagon that are excluded from the carve-out under paragraph 27 of the Final DIP Order and for which the firm seeks interim allowance, but not payment, at this time.

14. Attached hereto as: (i) **Exhibit A** is a summary of compensation by each Kelley Drye professional that worked on these cases during the Application Period; (ii) **Exhibit B** is a summary of compensation by project category for the Application Period; (iii) **Exhibit C** is a summary of expenses incurred by Kelley Drye during the Application Period; (iv) **Exhibit D** is Kelley Drye's staffing plan for the Application Period; (v) **Exhibit E** is Kelley Drye's customary and comparable compensation disclosures; (vi) **Exhibit F** is Kelley Drye's budget for the Application Period; (vii) **Exhibit G** is a summary of fees and hours budgeted compared to fees and hours billed during the Budget Period; and (viii) **Exhibit H** is the certification of Eric R. Wilson, which certifies certain matters addressed in the Interim Compensation Order and UST Guidelines.

## VALUATION OF SERVICES

15. Kelley Drye's professionals have expended a total of 1,693.1 hours in connection with this matter during the Application Period. The amount of time spent by each of the professionals providing services to the Committee for the Application Period is set forth in **Exhibit A**. The rates are Kelley Drye's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Kelley Drye for the Application Period as counsel for the Committee in these Cases is $1,503,105.25.[14]

16. All services for which compensation is requested by Kelley Drye were performed for or on behalf of the Committee, and not on behalf of the Debtors or other persons. There is no agreement or understanding between Kelley Drye and any other person, other than members of the firm, for the sharing of compensation to be received in these Cases.

---

[14] Of which Kelley Drye seeks payment of $1,465,335.75 at this time.

17. As described more fully in the First Monthly Application and the Second Monthly Application, Kelley Drye submits that the amount requested is fair and reasonable given the complexities and expedited nature of these cases, the time expended, the nature and extent of the services rendered, the value of such services and their benefits to the estates, and the costs of comparable services other than in a case under this title.

## EXPENSES

18. Kelley Drye's out of pocket disbursements during the Application Period total $11,761.25.[15] These disbursements are broken down into categories of charges, a summary of which is attached hereto as **Exhibit C**.

## CERTIFICATE OF COMPLIANCE AND WAIVER

19. The undersigned representative of Kelley Drye certifies that he has reviewed the requirements of Local Rule 2016-2, and that the Application substantially complies with them.

20. If the Application does not comply in all respects with the requirements of Local Rule 2016-2, Kelley Drye believes that such deviations are not material and respectfully requests that any such requirements be waived.

## NOTICE

21. Notice of this Application has been given to the following parties: (a) the Debtors; (b) counsel to the Debtors; (c) counsel to the DIP Agent; (d) the Office of the United States Trustee; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. Kelley Drye submits that no other or further notice is necessary.

---

[15] Kelley Drye reserves the right to request reimbursement of additional expenses incurred during the Application Period in subsequent applications, to the extent that any such additional expenses have not been processed to date in Kelley Drye's billing system.

**CONCLUSION**

**WHEREFORE,** Kelley Drye respectfully requests: (i) interim allowance of $1,503,105.25 and payment of $1,465,335.75 in fees for necessary professional services rendered to the Committee during the Application Period and reimbursement of actual and necessary expenses incurred in the sum of $11,761.25; (ii) that the Debtors be authorized and directed to pay the outstanding amount of such sums to Kelley Drye; and (iii) such other relief as this Court deems just and proper.

Dated:  December 16, 2024

**KELLEY DRYE & WARREN LLP**

*/s/ Eric R. Wilson*
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: ewilson@kelleydrye.com
         kelliott@kelleydrye.com
         abarajas@kelleydrye.com

*Counsel to the Official Committee of Unsecured Creditors*