# EXHIBIT A

## Compensation by Timekeeper

## August 26, 2024 through and including October 31, 2024

| Name of Professional | Position | Year of Law School Graduation | Hourly Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Eric R. Wilson | Partner | 1997 | $1,170.00 | 233.6 | $273,312.00 |
| | | | $585.00[1] | 4.8 | $2,808.00 |
| Robert L. LeHane | Partner | 1998 | $1,010.00 | 1.4 | $1,414.00 |
| Kristin S. Elliott | Partner | 2002 | $990.00 | 450.5 | $445,995.00 |
| | | | $495.00[1] | 3.3 | $1,633.50 |
| William S. Gyves | Partner | 1991 | $935.00 | 104.8 | $97,988.00 |
| David H. Evans | Partner | 1995 | $1,040.00 | 2.5 | $2,600.00 |
| Wendy A. Clarke | Partner | 2009 | $945.00 | 40.7 | $38,461.50 |
| John Ramirez | Special Counsel | 2008 | $975.00 | 71.5 | $69,712.50 |
| Richard Gage | Special Counsel | 2013 | $975.00 | 72.8 | $70,980.00 |
| Randall L. Morrison, Jr. | Special Counsel | 2014 | $895.00 | 2.7 | $2,416.50 |
| Philip A. Weintraub | Senior Associate | 2005 | $835.00 | 68.1 | $56,863.50 |
| Stephanie A. Carroll | Senior Associate | 2018 | $775.00 | 37.1 | $28,752.50 |
| Andres Barajas | Senior Associate | 2017 | $775.00 | 281.9 | $218,472.50 |
| | | | $387.50[1] | 1.5 | $581.25 |
| Connie Y. Choe | Associate | 2020 | $690.00 | 119.6 | $82,524.00 |
| John A. Churchill, Jr. | Associate | 2021 | $620.00 | 103.1 | $63,922.00 |
| Jamie K. Sarmiento | Associate | 2022 | $570.00 | 36.2 | $20,634.00 |
| Timothy D. Hopper | Associate | 2023 | $530.00 | 18.5 | $9,805.00 |
| Gina C. Karnick | Paralegal | N/A | $375.00 | 33.3 | $12,487.50 |
| Sherlly Alceus | Paralegal | N/A | $335.00 | 5.2 | $1,742.00 |
| | | | Total: | 1,693.1 | $1,503,105.25 ($37,769.50)[2] $1,465,335.75 |

---

[1] Non-Working Travel time billed at 50% of normal rate.

[2] Amounts to related to litigation against Varagon that are excluded from the carve-out under paragraph 27 of the Final DIP Order.

17091069/1

**EXHIBIT B**

**Compensation by Project Category**

**August 26, 2024 through October 31, 2024**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 77.3 | $65,076.50 |
| Pleading Review | 40.9 | $28,390.50 |
| Retention Matters | 48.5 | $40,390.00 |
| Fee Matters | 36.2 | $24,654.50 |
| Financing | 141.9 | $133,891.50 |
| Asset Analysis and Disposition | 598.8 | $542,207.00 |
| Executory Contracts and Leases | 31.0 | $23,603.00 |
| Claims Administration | 6.9 | $5,059.00 |
| Plan and Disclosure Statement | 52.7 | $50,004.50 |
| Committee & Creditor Communication | 172.6 | $157,985.00 |
| Business Operations | 17.3 | $12,914.50 |
| Court Hearings | 47.3 | $45,018.00 |
| Employee Matters | 27.6 | $26,684.50 |
| Lender Investigation | 89.7 | $71,839.50 |
| Debtor Communications | 40.7 | $41,421.50 |
| General Investigation | 204.4 | $182,350.00 |
| General Litigation | 49.7 | $46,593.00 |
| Non-Working Travel (billed at 50% rate) | 9.6 | $5,022.75 |
| **Total:** | **1,693.1** | **$1,503,105.25**<br>**($37,769.50)**[1]<br>**$1,465,335.75** |

---

[1] Amounts to related to litigation against Varagon that are excluded from the carve-out under paragraph 27 of the Final DIP Order.

17091069/1

## EXHIBIT C

**Expense Summary**

**August 26, 2024 through October 31, 2024**

| Expense Category | Amount |
|---|---:|
| Westlaw Research | $3,346.75 |
| Lexis Research | $630.62 |
| Binding | $73.57 |
| Duplication | $2,081.55 |
| Cab Service | $1,590.72 |
| Long Distance Travel | $167.00 |
| Local Travel | $404.00 |
| Parking | $50.00 |
| Meals | $209.04 |
| Transcriptions | $3,208.00 |
| **Total:** | $11,761.25 |

17091069/1

## EXHIBIT D

### Staffing Plan

### August 26, 2024 through October 31, 2024

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| **Partner** | 3 | $1,000 |
| **Special Counsel** | 2 | $950 |
| **Associate** | 5 | $665 |
| **Paraprofessionals** | 2 | $355 |

## **EXHIBIT E**

**Customary and Comparable Compensation Disclosures**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed or Collected in 2023 in KDW's New York Office (Excluding Bankruptcy)[1] | Billed in this Fee Application |
| Partner | $908 | $1,040 |
| Special Counsel | $769 | $975 |
| Associate | $582 | $723 |
| Paraprofessionals | $356 | $370 |
| **All timekeepers aggregated** | **$711** | **$865** |

---

[1] Under the UST Guidelines, "preceding year" means "either the applicant's prior completed fiscal year or a rolling 12-month year." Kelley Drye's blended rates reflect work performed in Kelley Drye's 2023 fiscal year in Kelley Drye's domestic offices, excluding all data from bankruptcy law matters.

17091069/1

# EXHIBIT F
## Budget for Kelley Drye & Warren LLP
## August 26, 2024 through October 31, 2024

| Project Category | Estimated Hours | Estimated Fees |
|---|---:|---:|
| Case Administration | 75 | $110,000.00 |
| Pleadings Review | 40 | $35,000.00 |
| Retention Matters | 50 | $35,000.00 |
| Fee Matters | 50 | $30,000.00 |
| Financing | 200 | $130,000.00 |
| Asset Recovery and Disposition | 275 | $200,000.00 |
| Executory Contracts | 50 | $35,000.00 |
| Avoidance Actions | 25 | $15,000.00 |
| Claims Administration | 30 | $25,000.00 |
| Disclosure Statement and Plan | 80 | $40,000.00 |
| Committee and Creditor Communications | 150 | $150,000.00 |
| Business Operations | 25 | $15,000.00 |
| Court Hearings | 100 | $70,000.00 |
| Employee Issues | 40 | $25,000.00 |
| Lender Investigation | 80 | $80,000.00 |
| Debtor Communications | 55 | $45,000.00 |
| General Investigation | 300 | $175,000.00 |
| General Litigation | 50 | $30,000.00 |
| Non-Working Travel Time | 30 | $10,000.00 |
| **Total:** | **1,705** | **$1,255,000.00** |

## EXHIBIT G

## Comparison of Fees and Hours Budgeted vs. Fees and Hours Billed

## August 26, 2024 through October 31, 2024

| Project Category | Estimated Hours | Hours Billed | Estimated Fees | Fees Incurred |
|---|---|---|---|---|
| Case Administration | 75 | 77.3 | $110,000.00 | $65,076.50 |
| Pleadings Review | 40 | 40.9 | $35,000.00 | $28,390.50 |
| Retention Matters | 50 | 48.5 | $35,000.00 | $40,390.00 |
| Fee Matters | 50 | 36.2 | $30,000.00 | $24,654.50 |
| Financing | 200 | 141.9 | $130,000.00 | $133,891.50 |
| Asset Recovery and Disposition | 275 | 598.8 | $200,000.00 | $542,207.00 |
| Executory Contracts | 50 | 31.0 | $35,000.00 | $23,603.00 |
| Avoidance Actions | 25 | 0.0 | $15,000.00 | $0.00 |
| Claims Administration | 30 | 6.9 | $25,000.00 | $5,059.00 |
| Disclosure Statement and Plan | 80 | 52.7 | $40,000.00 | $50,004.50 |
| Committee and Creditor Communications | 150 | 172.6 | $150,000.00 | $157,985.00 |
| Business Operations | 25 | 17.3 | $15,000.00 | $12,914.50 |
| Court Hearings | 100 | 47.3 | $70,000.00 | $45,018.00 |
| Employee Issues | 40 | 27.6 | $25,000.00 | $26,684.50 |
| Lender Investigation | 80 | 89.7 | $80,000.00 | $71,839.50 |
| Debtor Communications | 55 | 40.7 | $45,000.00 | $41,421.50 |
| General Investigation | 300 | 204.4 | $175,000.00 | $182,350.00 |
| General Litigation | 50 | 49.7 | $30,000.00 | $46,593.00 |
| Non-Working Travel Time | 30 | 9.6 | $10,000.00 | $5,022.75 |
| **Total:** | **1,705** | **1693.1** | **$1,255,000.00** | **$1,503,105.25**[1] |

---

[1]    Inclusive of fees spent on litigation against Varagon.

17091069/1

# **EXHIBIT H**

**Certification of Eric R. Wilson**

17091069/1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered) |

**CERTIFICATION OF ERIC R. WILSON IN SUPPORT OF THE FIRST INTERIM FEE APPLICATION OF KELLEY DRYE & WARREN LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM AUGUST 26, 2024 THROUGH AND INCLUDING OCTOBER 31, 2024**

I, Eric R. Wilson, Esq., certify that I am a partner of Kelley Drye,[1] which is counsel to the Committee; that I am authorized to make this declaration on Kelley Drye's behalf; that the facts set forth in the Application are true and correct to the best of my information, knowledge, and belief; that I have reviewed the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware and the *United States Trustee Program's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), and submit that the Application substantially complies with such rules; that Kelley Drye has no agreement, directly or indirectly, and that no understanding exists in any form or guise with any person, for a division of the compensation requested in the Application, except that compensation to be received by

---

[1] Capitalized terms used but not defined in this certification have the meanings ascribed to them in the *First Interim Fee Application of Kelley Drye & Warren LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including October 31, 2024* (the "Application"), filed contemporaneously herewith.

17091069/1

Kelley Drye will be shared among Kelley Drye's partners and employees as permitted by section 504 of the Bankruptcy Code.

1. Pursuant to the U.S. Trustee Guidelines, I certify the following:

    (a) Kelley Drye did not agree to vary or alter our standard or customary billing rates, fees, or retention terms for this engagement.

    (b) None of the professionals included in this Application varied their hourly rate based on the geographic location of the Debtors' bankruptcy cases.

    (d) The Application includes 5.3 hours and $4,286.00 to review or revise time records or invoices, including to comply with confidentiality restrictions in these cases.

    (e) Fees billed by Kelley Drye during the Fee Period were $248,105.25 more than the firm's original budget for the Application Period.

2. Any differences in the blended hourly rates of Kelley Drye's non-bankruptcy and bankruptcy timekeepers result from several factors. First, a comparison of non-bankruptcy and bankruptcy rates fails to account for the demands of a chapter 11 case, as opposed to other more routine engagements, as well as alternative fee structures such as flat fee arrangements or capped fees that may apply to non-bankruptcy matters.

3. Second, Kelley Drye's bankruptcy group differs from the general composition of Kelley Drye as a whole. Kelley Drye's bankruptcy group has proportionately fewer junior attorneys given the nature of the matters handled by the firm's bankruptcy practice. As a creditor-oriented practice, Kelley Drye's bankruptcy group generally has more senior, experienced attorneys to effectively address the demands of a chapter 11 bankruptcy case and efficiently meet the needs of our clients. The composition of Kelley Drye's bankruptcy group could not mirror the general composition of timekeepers across the firm without utilizing non-bankruptcy lawyers to perform bankruptcy-specific tasks. Doing that would lead to significant inefficiencies that would ultimately result in substantially increased fees.

4.      Third, Kelley Drye was engaged by the Committee to address time-sensitive, complex restructuring issues that required specialized expertise and, therefore, higher rates.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on December 16, 2024

By:   <u>*/s/ Eric R. Wilson*</u>  
      Eric R. Wilson

3

17091069/1