**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 611** |

**CERTIFICATION OF COUNSEL REGARDING AGREED ORDER
AUTHORIZING THE RELEASE OF REMAINING DISTRIBUTABLE SALE
PROCEEDS IN FURTHERANCE OF ORDER (I) APPROVING THE SALE OF
ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES,
AND INTERESTS, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES,
AND (III) GRANTING RELATED RELIEF**

The undersigned hereby certifies as follows:

1.     On November 13, 2024, the Court entered the *Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 611] (the "**Sale Order**").[2]

2.     Pursuant to paragraph 31 of the Sale Order, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") were authorized and directed to promptly deposit all net proceeds of the Sale that would otherwise be available to repay the Roll-Up and Prepetition Obligations pursuant to the DIP Documents and the Prepetition Loan Documents (such

---

[1]     The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2]     Capitalized terms not defined herein shall have the meanings provided to them in the Sale Order or the Plan (defined below), as applicable.

net proceeds, as defined in the Sale Order the "**Remaining Distributable Sale Proceeds**") into an interest-bearing escrow account (the "**Escrow Account**"), and subject to an escrow agreement, reasonably acceptable to the Committee, the Debtors, the DIP Agent and the Prepetition Agent (the "**Escrow Agreement**"), subject to release in accordance with the Escrow Agreement or by further order of the Court.

3.    Since the entry of the Sale Order, the Debtors, Committee, DIP Agent and Prepetition Agent have negotiated various remaining open matters in connection with the resolution of these cases, and have agreed to resolve their differences pursuant to the terms of a chapter 11 plan of liquidation (the "**Plan**")[3] that will, among other things, resolve the Standing Motion.  In connection with the parties' agreement to resolve these cases pursuant to the Plan, the parties have agreed to the prompt release of the Remaining Distributable Sale Proceeds and any interest thereon for purposes of repayment of the Roll-Up and Prepetition Obligations pursuant to the DIP Documents and the Prepetition Loan Documents (the "**Repayment**"); provided, that the Repayment is without prejudice to the Committee's rights and remedies against the Prepetition Agent or the Prepetition Lenders under the Standing Motion, including to request disgorgement of the Repayment, if the Plan is not confirmed; *provided further*, that the Prepetition Agent and Prepetition Lenders also reserve the right to object to and defend the Standing Motion and any request for disgorgement, if the plan is not confirmed.

4.    A proposed order authorizing and directing the release of the Remaining Distributable Sale Proceeds and any interest thereon from the Escrow Account is attached hereto

---

[3] The current form of the Plan appears as Exhibit C to the *Certification of Counsel Regarding Revised Proposed Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis For Solicitation Purposes Only; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballot and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the Deadline for Filing Objections Thereto; and (VI) Granting Related Relief*, which is filed at Docket No. 677-3.

**Exhibit A** (the "**Proposed Order**").  The Debtors, Committee, DIP Agent and Prepetition Agent

agree to entry of the Proposed Order.

   **WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order

and grant such other and further relief that the Court deems just and proper.

Dated: Wilmington, Delaware    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
   December 17, 2024

         */s/ Sean T. Greecher*
         Michael R. Nestor (No. 3526)
         Sean T. Greecher (No. 4484)
         Allison S. Mielke (No. 5934)
         Timothy R. Powell (No. 6894)
         Rebecca L. Lamb (No. 7223)
         Benjamin C. Carver (No. 7176)
         Rodney Square
         1000 North King Street
         Wilmington, Delaware 19801
         Telephone:  (302) 571-6600
         Facsimile:  (302) 571-1253
         Email:  mnestor@ycst.com
           sgreecher@ycst.com
           amielke@ycst.com
           tpowell@ycst.com
           rlamb@ycst.com
           bcarver@ycst.com

         *Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**(Proposed Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 611, _____ |

**AGREED ORDER AUTHORIZING THE RELEASE OF REMAINING
DISTRIBUTABLE SALE PROCEEDS IN FURTHERANCE OF ORDER (I)
APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) AUTHORIZING THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the ***Certification of Counsel Regarding Agreed Order Authorizing the Release of Remaining Distributable Sale Proceeds*** (the "**Certification**"); and the Court having reviewed the Certification; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     Consistent with the *Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 611] (the "**Sale Order**"),[2] the Escrow Agent is hereby authorized and directed to release all

---

[1]     The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2]     Capitalized terms not defined herein shall have the meanings provided to them in the Certification or the Sale Order, as applicable.

funds held in the Escrow Account to the Debtors, and the Debtors are authorized and directed to promptly repay such Remaining Distributable Sale Proceeds and any and all interest thereon to the DIP Agent and then to the Prepetition Agent, which amounts shall be applied against the DIP Obligations in respect of the Roll-Up and then against the Prepetition Obligations, respectively, in accordance with the priorities, terms and conditions set forth in the DIP Documents and the Prepetition Loan Documents, respectively.

2.      The Repayment is without prejudice to the Committee's rights and remedies against the Prepetition Agent or the Prepetition Lenders under the Standing Motion, including to request disgorgement of the Repayment, if the Plan is not confirmed; *provided* that the Prepetition Agent and Prepetition Lenders also reserve the right to object to and defend the Standing Motion and any request for disgorgement, if the Plan is not confirmed.

3.      The parties are authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

4.      This Order is effective immediately upon approval by the Court and is not subject to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

5.      This Court shall retain jurisdiction with regard to all matters arising from or related to the implementation or interpretation of this Order.