**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 501 |

**ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT
AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY;
(II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES;
(III) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS;
(IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE,
TIME, AND PLACE FOR THE COMBINED HEARING AND THE DEADLINE FOR
FILING OBJECTIONS THERETO; AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"): (i) approving the Combined Disclosure Statement and Plan, on an interim basis and for solicitation purposes only; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan; (iii) approving the form of ballot and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and the deadline for filing objections related thereto; and (vi) granting related relief; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

32336580.4

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other or further notice is necessary; and after due deliberation thereon; and this Court having found that the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AS FOLLOWS**:

A. The form of ballot attached hereto as Exhibit 1 (the "**Ballot**"): (i) is consistent with Official Form No. 14; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) is appropriate for the Voting Class; and (iv) complies with Bankruptcy Rule 3017(d).

B. The Ballot need not be provided to Holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Plan in accordance with Bankruptcy Code section 1126(f), or (ii) impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under Bankruptcy Code section 1126(g):

*[Continues on Next Page]*

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | Presumed to Accept |
| 2 | Other Secured Claims | Unimpaired | Presumed to Accept |
| 4 | General Unsecured Claims | Impaired | Deemed to Reject |
| 5 | Intercompany Claims | Impaired | Deemed to Reject |
| 6 | Interests | Impaired | Deemed to Reject |

C. The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Class to make informed decisions to accept or reject the Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

D. The Tabulation Rules and Procedures (defined below) for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E. The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

**Combined Disclosure Statement and Plan**

2. The Combined Disclosure Statement and Plan is approved on an interim basis for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

3. The Ballot, substantially in the form attached hereto as <u>Exhibit 1</u>, is approved.

4. To be counted as a vote to accept or reject the Combined Disclosure Statement and Plan, a Ballot must be properly executed, completed, and delivered, by electronic mail to the Voting Agent, with a copy to the Debtors' counsel, in accordance with the instructions on the Ballot, so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on January 15, 2025** (the "**Voting Deadline**").

5. The following procedures, to the extent applicable, shall be used in tabulating the votes to accept or reject the Plan (the "**Tabulation Rules and Procedures**"), *provided* that the Debtors shall be permitted to waive any such procedure in their sole discretion.

6. <u>Parties Entitled to Vote</u>:  Holders of Class 3 Prepetition Loan Secured Claims are the only parties entitled to vote on the Combined Disclosure Statement and Plan.

7. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtors' rights in any other context, each Claim entitled to vote to accept or reject the Plan shall be in an amount determined by the following procedures:

   (a) if a Claim is deemed allowed under the Plan, an order of this Court or a stipulated agreement between the parties, such claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein:

   (b) if a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors or the Voting Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

   (c) if a Claim, for which a Proof of Claim was timely filed, is listed as contingent, unliquidated, or disputed in part, such Claim is temporarily

        allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(d)      if a Claim was listed in the filed Schedules in an amount that is liquidated, non-contingent, and undisputed, and a Proof of Claim was not filed by the applicable Claims Bar Date, such Claim is allowed for voting in the liquidated, non-contingent, undisputed, amount set forth in the filed Schedules;

(e)      if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes; provided, however, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

(f)      if a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, such Claim is temporarily allowed in the amount so estimated or allowed by this Court for voting purposes only, and not for purposes of allowance or distribution;

(g)      Proofs of Claim filed for $0.00 and Claims scheduled for $0.00 are not entitled to vote;

(h)      if the Debtors have served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by this Court before the Voting Deadline;

(i)      for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(j)      notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(k)      if a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as

32336580.4

otherwise ordered by this Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

8. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by the Debtors:

(a) Except as otherwise ordered by this Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in their discretion; *provided*, *however*, that any extensions of the Voting Deadline shall be disclosed in the Voting Report;

(b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c) any Ballot cast by a person or entity that does not hold a Claim in a Voting Class as of the Voting Record Date will not be counted;

(d) any unsigned Ballot will not be counted;

(e) any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

(f) whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

(g) subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(h) claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan, and any votes that are split will not be counted;

(i) any Ballot transmitted to the Voting Agent by facsimile, or other means not specifically approved by this Court; and

(j) subject to any contrary order of this Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot; *provided*, *however*, that any such waivers shall be disclosed in the Voting Report.

9. The Debtors or Voting Agent, as applicable, without further order of this Court, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding.

10. If any Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") no later than **January 15, 2025 at 4:00 p.m. (prevailing Eastern Time)** and serve the Rule 3018 Motion on the Debtors. The Debtors (and, with respect to filing a response, any other party in interest) shall then (i) have until January 29, 2025 to file and serve any responses to such Rule 3018 Motions, and (ii) coordinate with this Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing. Any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or interest is temporarily allowed by this Court for voting purposes in a different amount, after notice and a hearing.

11. The Debtors or Voting Agent are authorized to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtors nor the Voting Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

12. The Voting Agent is required to retain all electronic copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package, and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

13. The Confirmation Hearing is hereby scheduled for **February 4, 2025 at 10:00 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing), which shall be documented in a notice filed on the docket of the Chapter 11 Cases, or (b) indicating same in an agenda filed on the docket of the Chapter 11 Cases.

14. Objections to approval and confirmation of the Combined Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "**Notice Parties**"): (i) counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (ii) counsel to the Prepetition Agent and DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware

19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (iv) counsel for the Committee, Kelley Drye & Warren LLP, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin Elliott (kelliott@kelleydrye.com); in each case by no later than **4:00 p.m. (prevailing Eastern Time) on January 15, 2025**.

15. The Debtors and any other party in interest may file a reply to any objections or brief in support of approval of the Combined Disclosure Statement and Plan by no later than **noon (prevailing Eastern Time) on January 31, 2025** (or two (2) business days prior to the date of any adjourned Confirmation Hearing).

16. The Debtors shall file a proposed form of the Confirmation Order by no later than **noon (prevailing Eastern Time) on January 31, 2025** (or two (2) business days prior to the date of any adjourned Confirmation Hearing).

17. The Confirmation Notice, in substantially the form attached hereto as Exhibit 2, is approved. The Debtors are authorized to publish the Confirmation Notice in the national edition of *The New York Times* or another nationally circulated publication.

18. Pursuant to Bankruptcy Rule 3017(d), December 18, 2024 shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Plan (the "**Voting Record Date**").

19. No later than four (4) business days after the entry of this Order, or as soon as reasonably practicable thereafter (the "**Service Date**"), in accordance with the terms of this Order, the Voting Agent shall transmit the Solicitation Package to the Voting Class containing

32336580.4

copies of: (a) the Confirmation Notice; (b) either a paper copy or a copy in "pdf" format on a flash drive of the Combined Disclosure Statement and Plan; (c) either a paper copy or a copy in "pdf" format on a flash drive of the Solicitation Procedures Order, without exhibits; and (d) the form of ballot attached to hereto as <u>Exhibit 1</u>. Additionally, the Debtors shall provide complete Solicitation Materials (excluding the Ballots) to the U.S. Trustee and all parties requesting service of notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

20. On or prior to the Service Date, the Voting Agent shall cause the Confirmation Notice to be served on the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package or the Notice of Non-Voting Status: (a) all persons or entities that have filed, or are deemed to have filed a proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; (h) all parties listed on the Debtors' creditor matrix; and (i) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

21. On or prior to the Service Date, the Voting Agent shall cause the Notice of Non-Voting Status, substantially in the form attached hereto as <u>Exhibit 3</u>, to be served on the Non-Voting Classes.

22. The Debtors and Voting Agent are authorized to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors and provided by the Debtors to the Voting Agent. Neither the Debtors nor the Voting Agent are required to conduct

any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and will not be required to resend a Solicitation Package or other materials, including Confirmation Notices, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

23. Notwithstanding anything herein or in the Motion to the contrary, neither the Debtors nor the Voting Agent are required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of Motion or other mailed notice in this case was returned as undeliverable, unless the Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

24. Attached hereto as <u>Annex I</u> is a timetable of the significant dates related to solicitation and confirmation of the Plan.

25. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 18th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

32336580.4