**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Docket Ref. No. 697, 698 |

**PLEASE TAKE NOTICE OF:**

**(I)** **APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; AND**

**(II)** **THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN**

---

On August 12, 2024 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (together, the "**Debtors**") filed voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

## I.   APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS

On December 18, 2024, the Court entered an order (the "**Solicitation Procedures Order**"), which, among other things, approved the *Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* (as may be amended, modified, or supplemented from time to time, the "**Combined Disclosure Statement and Plan**")[2] on an interim basis for solicitation purposes only.

Copies of the Combined Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at **https://dm.epiq11.com/blinkfitness** or upon request to the Voting Agent by

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

(i) telephone at (877) 607-9009 (domestic, toll-free) or (971) 365-4515 (international, toll); or (c) emailing BlinkFitnessInfo@epiqglobal.com.

## II.    THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN

1. **Confirmation Hearing**.  A combined hearing (the "**Confirmation Hearing**") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable J. Kate Stickles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 5th Floor, Courtroom #6, 824 North Market Street, Wilmington, Delaware 19801, on **February 4, 2025 at 10:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing, which shall be documented in a notice filed on the docket of the Chapter 11 Cases or as indicated in any agenda filed with the Court on the docket in the Chapter 11 Cases.

2. **Voting Deadline**.  Only the Holders of the Prepetition Loan Secured Claims in Class 3 are entitled to vote to accept or reject the Combined Disclosure Statement and Plan. The deadline for the receipt of such vote is **January 15, 2025 at 4:00 p.m. (prevailing Eastern Time)**.

3. **Parties Not Entitled to Vote**.  Holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) will be paid in full or otherwise rendered Unimpaired and are conclusively presumed to accept the Plan.  Holders of Claims or Interests in Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims), and Class 6 (Interests) are deemed to reject the plan and are not entitled to vote.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims (including Professional Fee Claims), DIP Claims, Priority Tax Claims, and U.S. Trustee Fee Claims, as described in the Combined Disclosure Statement and Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  The respective treatment of such unclassified Claims is set forth in Article VII of the Combined Disclosure Statement Plan.

4. **Objections to Confirmation**. Objections to confirmation of the Plan, including any objection to the adequacy of the disclosures contained in the Combined Disclosure Statement and Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[3] so as to be received

---

[3]  The Notice Parties are: (i) counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com); (ii) counsel to the Prepetition Agent and DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A.

no later than **4:00 p.m. (prevailing Eastern Time) on January 15, 2025**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT SECTION 14.1(c) OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**<u>Consensual Releases by Certain Parties</u>.  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall, and shall be deemed to, completely and forever release each and all of the Third-Party Released Parties of and from any and all claims, Causes of Action, obligations, suits, judgments, damages, demands, debts, rights, remedies, and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Credit Agreement, the DIP Facility, any of the Debtors' in- or out-of-court restructuring efforts, the Sale Transaction, the Sale Documents, or this Combined Disclosure Statement and Plan, that may be asserted by or on behalf of any of the Releasing Parties against any of the Third-Party Released Parties (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and this Plan);** *provided however*, **that nothing in this section shall operate as a release of (i) any causes of action or liabilities arising out of gross negligence, willful misconduct, or fraud, (ii) any obligations of the Debtors, Estates, or the Plan Administrator under this Plan or the Sale Documents arising from and after the Effective Date, or (iii) criminal acts of any such Third-Party Released Party as determined by a Final Order.  For the avoidance of doubt, the release set forth above does not release any Preserved Causes of Action against any Former Directors and Officers or any direct or indirect members, equityholders or shareholders of the Debtors.**

As defined in the Combined Disclosure Statement and Plan:

**"Third-Party Released Parties"** shall mean, collectively, each of and in each case in its capacity as such, (a) the Debtors and their Estates; (b) the DIP Agent and DIP Lenders (c) the Prepetition Agent and the Prepetition Lenders; (d) the Committee; and (e) with respect to each of the Entities described in subsections (a) through (d), such Entity's Related Parties; *provided*, *however*, that in each case a person or entity shall not be a Third-Party Released Party if such person or entity objects to or declines to provide the Plan's release provisions; *provided*, *further*, that (i) no Former Directors and Officers and (ii) no direct or indirect members, equityholders or shareholders of the Debtors shall be deemed to constitute "Third-Party Released Parties" hereunder.

**"Releasing Parties"** shall mean, collectively, in each case solely in their respective capacities as such: (a) the DIP Agent and DIP Lenders; (b) the Prepetition Agent and Prepetition Lenders; (c) the Committee; and (d) with respect to each of the Entities described in subsections (a) through

---

Hackman (benjamin.a.hackman@usdoj.gov); and (iv) counsel for the Committee, Kelley Drye & Warren LLP, Attn: Eric R. Wilson (ewilson@kelleydrye.com) and Kristin Elliott (kelliott@kelleydrye.com).

(c), such Entity's Related Parties, solely with respect to claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities that such Related Parties could have properly asserted on behalf of such Releasing Parties.

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN ARTICLE XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: Wilmington, Delaware
December 18, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Sean T. Greecher*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
sgreecher@ycst.com
amielke@ycst.com
tpowell@ycst.com
rlamb@ycst.com
bcarver@ycst.com

*Counsel to the Debtors and Debtors in Possession*