**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BLINK HOLDINGS, INC., *et al.*,[1] | ) Case No. 24-11686 (JKS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Obj. Deadline: January 22, 2025 at 4:00 p.m. (ET)[2]** |
| | ) **Hearing Date: Feb. 4, 2025 at 10:00 a.m. (ET)** |
| | ) **Re: Docket No. 698** |

**LIMITED OBJECTION OF 16302 JAMAICA AVENUE LLC AND
LODI VALUE ADD II, LLC TO AMENDED COMBINED DISCLOSURE
STATEMENT AND JOINT CHAPTER 11 PLAN OF BLINK HOLDINGS, INC.
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

16302 Jamaica Avenue LLC, and Lodi Value Add II, LLC (the "Landlords"), by and

through their undersigned counsel, hereby file this limited objection (the "Objection") to the

*Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and*

*its Affiliated Debtors and Debtors in Possession* [D.I. 698] (as may be amended from time to time,

the "Plan"), and respectfully state as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

1.     On August 12, 2024 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code with the United States

Bankruptcy Court for the District of Delaware (the "Court"), which cases have been jointly

consolidated for administrative purposes only (the "Chapter 11 Cases"). The Debtors continue to

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Deadline extended by agreement of the parties.

operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[3]  No trustee or examiner has been appointed in the Chapter 11 Cases.

2.       The Debtors lease retail space (the "Premises") from the Landlords pursuant to unexpired leases of nonresidential real property (individually, a "Lease," and collectively, the "Leases") at each of the locations (the "Centers") set forth below:

| Landlord | Center | Location |
|---|---|---|
| Lodi Value Add II, LLC | Lodi Marketplace | Lodi, NJ |
| 16302 Jamaica Avenue LLC | 163-02 Jamaica Avenue | New York, NY |

3.       Each Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3).  See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4.       On October 16, 2024, Debtors filed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and its Affiliated Debtors and Debtors in Possession* [D.I. 502], and on that same date, the Debtors also filed *Debtors' Motion for Entry of an Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballot and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time and Place for the Combined Hearing and Deadline for Filing Objections Related Thereto and (VI) Granting Related Relief* [D.I. 501] (the "Solicitation Procedures Motion"), seeking, among other things, an order approving the adequacy of the Plan on an interim basis for solicitation purposes, approving the solicitation and notice procedures, approving the form and manner of ballots and notices, and scheduling certain dates and deadlines related thereto.

---

[3]  Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

5.      On December 18, 2024 the Court entered an *Order (I) Approving The Combined Disclosure Statement and Plan on An Interim Basis For Solicitation Purposes Only; (II) Establishing Solicitation And Tabulation Procedures; (III) Approving the Form of Ballot and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the Deadline for Filing Objections Thereto; and (VI) Granting Related Relief* [D.I. 697] (the "Solicitation Order").  That same date, the Debtors filed the solicitation version of the Plan.

6.      The Solicitation Order establishes February 4, 2025 at 10:00 a.m. (prevailing Eastern Time) as date and time for the hearing to approve confirmation of the Plan (the "Confirmation Date").

7.      On November 13, 2024, this Court entered an order [D.I. 611] (the "Sale Order") which approved the sale of certain of the Debtors' assets (the "Sale") to Pinnacle US Holdings LLC (the "Buyer"), including the assumption and assignment of certain unexpired real property leases, pursuant to that certain Asset Purchase Agreement dated as of October 31, 2024 [D.I. 611-1] (the "Purchase Agreement").  The Sale closed on November 29, 2024.

8.      Under the Purchase Agreement, the Buyer's Designation Rights provide that the Buyer may designate any contract or lease for either assumption and assignment to the Buyer or rejection during "the period from the Closing Date through and including the 90th day after the Closing Date; provided that such date may be extended with respect to any Reserved Agreement with the consent of Buyer, Sellers and the applicable Designation Counterparty" (the "Designation Rights Period").  See Purchase Agreement, § 1.1.   The Designation Rights Period expires on February 27, 2025.

9.     The Leases were listed on that certain *Notice of Designation of Assumed and Reserved Agreements* [D.I. 658] that was filed by the Debtors on December 2, 2024, and are among the leases that the Buyer may seek to have assumed and assigned to it during the Designation Rights Period (the "Reserved Agreements").

10.     On November 26, 2024, this Court also entered an order [D.I. 644] (the "Extension Order"), which extended the deadline under section 365(d)(4) of the Bankruptcy Code for the Debtors to assume or reject any unexpired nonresidential real property lease through the earlier of (i) March 10, 2025, and (ii) the **date of the entry** of an order confirming a plan (the "365(d)(4) Deadline"). Extension Order, ¶ 2 (emphasis added).

11.     The Landlords do not object to the Debtors' efforts to confirm a plan of liquidation, but as drafted, the Plan improperly seeks to modify the Landlords' rights under their Leases and the Bankruptcy Code.

## II.    **ARGUMENT**

12.     Article XII of the Plan seeks to improperly extend the 365(d)(4) Deadline beyond the Confirmation Date.

13.     As indicated, the Sale Order provides that the Buyer has until February 27, 2025 to assume or reject unexpired leases subject to the Designation Rights Period outlined in the Sale Order and Purchase Agreement.  As of the date of the filing of this Objection, the Leases have not yet been designated for assumption and assignment to the Buyer, or for rejection.

14.     Notwithstanding, the Debtors have scheduled confirmation prior in time to the expiration of the Designation Rights Period.

15.     The Plan provides that—

> On the Effective Date, each of the Debtors' Executory Contracts and Unexpired Leases will be deemed rejected as of the Effective Date

in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, unless any such Executory Contract or Unexpired Lease (i) is specifically designated on the Assumption Schedule filed with the Plan Supplement; (ii) is subject to a pending motion to assume such Executory Contract or Unexpired Lease as of the Effective Date; or (iii) was previously assumed, assumed and assigned, or rejected by the Debtors in the Chapter 11 Cases, including in connection with the Sale Transaction; *provided, however, that any Executory Contract or Unexpired Lease that has been designated a Reserved Agreement in accordance with the Stalking Horse Agreement, shall be assumed or rejected in accordance with the terms of the Stalking Horse Agreement upon or before the expiration of the Designation Rights Period.*

See Plan, Article XII (emphasis added). Should the Court enter an order confirmation the Plan on the Confirmation Date, it will cut off the ability of the Buyer to designate the Leases for assumption or rejection beyond that date, as they will be deemed rejected by operation of the statute with the expiration of the 365(d)(4) Deadline.

16.     Section 1129(a)(1) provides that "a plan may not be confirmed unless the plan complies with the applicable provisions of Title 11 . . . ." Mabey v. S.W. Elec. Power Co. (In the Matter of Cajun Elec. Power Cooperative, Inc.), 150 F. 3d 503, 513, n.3 (5th Cir. 1998) (citing Mickey's Enters., Inc. v. Saturday Sales, Inc. (In re Mickey's Enters., Inc.), 165 B.R. 188, 193 (Bankr. W.D. Tex. 1994) ("In order to confirm a plan the court must find that the plan and its proponent have complied with the applicable provisions of Title 11.")). Moreover, a plan cannot be confirmed if it violates the provisions of Title 11. See Resorts Int'l., Inc. v. Lowenschuss (In re Lowenschuss), 67 F.3d 1394 (9th Cir. 1995).

17.     The Debtors cannot contract around or pick and choose which Bankruptcy Code provisions to follow and which to ignore. Section 365(d)(4) requires the assumption or rejection of leases no later than the earlier of: *"the date of the entry of the order confirming a plan,"* or the date that is 120 days after the Petition Date (or if extended for cause, the date that is 210 days after

the Petition Date), otherwise "an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected" by operation of the statute upon the expiration of the 365(d)(4) Deadline.  11 U.S.C. §§ 365(d)(4)(A), Extension Order, ¶ 2.  The Debtors must abide by this provision to confirm their Plan.

18.     As noted above, the Purchase Agreement and Sale Order give the Buyer the ability to designate leases for assumption or rejection through February 27, 2025, and the Plan seeks to preserve those rights, contrary to the express mandate of the Bankruptcy Code.  Section 365(d)(4) is automatic and the Debtors or this Court is without any statutory authority to extend the period beyond the Confirmation Date.  See In re Ariz. Appetito's Stores, Inc., 893 F.2d 216, 219 (9th Cir. 1990) ("[T]he rejection of a lease occurs automatically without the need for court approval. Once statutory rejection of a lease has occurred, the rejection is conclusive."); see also In re Wisper, LLC, No. 13-10770, 2015 Bankr. LEXIS 2505, *9 (Bankr. W.D. Tenn. Feb. 13, 2015) (citing In re Brown, 367 B.R. 599, 603 (Bankr. S.D. Ohio 2006)) ("If a debtor-in-possession fails to assume a lease of nonresidential real property within § 365(d)(4)(A)'s time period or fails to seek an extension of that time period pursuant to § 365(d)(4)(B), the lease is deemed rejected. Such rejection occurs by operation of law because § 365(d)(4)'s provisions are 'self-executing.'"); In re Dickinson Theatres, Inc., Case No. 12-22602, 2012 Bankr. LEXIS 5684, at *8 (Bankr. D. Kan. Dec. 4, 2012) (explaining that section 365(d)(4) "unambiguously states that a lease of nonresidential real property will be deemed rejected unless assumed by the earlier of two dates, one of which is the date of an order of confirmation. There is no provision in § 365(d)(4) allowing for a conditional assumption - an assumption subject to a later option to reject….The Court therefore concludes that the Plan violates § 365(d)(4) by attempting to extend the time for Debtor to decide whether to assume or reject the Palm Valley portion of the Master Lease beyond the date

of entry of an order of confirmation."); <u>In re Esmizadeh</u>, 272 B.R. 377, 386 (Bankr. E.D.N.Y. 2002) ("The Landlord has no affirmative duty to seek Lease rejection upon the expiration of the 60-day period following the filing of the petition in bankruptcy as § 365(d)(4) of the Code states that the Lease is deemed rejected if the Debtor (or the Trustee) fails to move to assume the Lease within the 60-day period, and such rejection is self-executing."); <u>see also</u> <u>In re Grayson-Robinson Stores, Inc.</u>, 227 F. Supp. 609, 613-15 (S.D.N.Y. 1964) (pre-Code case where court refused to permit rejection of an executory contract after plan confirmation).

19.     We understand that the Debtors are intending to ask this Court to have the Confirmation Order entered on the Confirmation Date, and intend to propose language for the Confirmation Order that proposes "for purposes of section 365(d)(4) of the Bankruptcy Code, this Confirmation Order shall not be deemed entered," in an attempt to extend the 365(d)(4) Deadline through the expiration of the Designation Rights Period.  The date the confirmation order is entered controls, and cannot be deemed not entered.  The relief sought by the Debtors is not supported by the Bankruptcy Code, and is an attempt to contract around the automatic expiration of the 365(d)(4) Deadline, any deemed rejection of the Leases and the requirement to obtain the Landlord counterparty's consent.

20.     The Bankruptcy Code requires that all leases of non-residential real estate be assumed or rejected no later than the <u>date of entry</u> of the confirmation order, absent the written consent by the counterparty to extend such date beyond the time permitted under the statute. Accordingly, the Debtors must either designate their remaining leases for assumption or rejection on or before the Confirmation Date, or the Debtors must delay entry of the confirmation order in order to abide by their contractual obligations to the Buyer under the Sale Order and Purchase Agreement to give the Buyer the full benefit of the Designation Rights Period.  Otherwise, the

7

Leases will be deemed rejected prematurely in violation of the Debtors' obligations to the Buyer under the Purchase Agreement, and expose the Debtors' estates to damages for breach.

21.      Prior to the 1984 amendments to the Bankruptcy Code, the final date when a chapter 11 debtor could assume or reject an unexpired lease was the date of confirmation of its plan of reorganization. 11 U.S.C. § 365(d)(2) (1978). Nothing in the subsequent amendments to the Bankruptcy Code has changed the requirement that a lease be assumed or rejected no later than plan confirmation.[4] In fact, in 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act, which included explicit language regarding the outside date for assumption or rejection of nonresidential real property leases, and the current language of Section 365(d)(4) still includes this language, providing that the Debtor must assume or reject the Leases "by the earlier of – (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan." 11 U.S.C. § 365(d)(4). Therefore, there is no authority for the Debtor to delay the assumption of the Leases beyond the date of plan confirmation. *See* In re Dynamic Tooling Systems, Inc., 349 B.R. 847, 854 (Bankr. D. Kan. 2006); see also In re Cole, 189 B.R. 40, 46 (Bankr. S.D.N.Y. 1995) *citing* 5 L. King, Collier on Bankruptcy, ¶ 1123.02 at 1123-20 to 1123-21 (15th ed. 1994). In fact, it is well-established that "a sale of designation rights with respect to leases cannot and does not result in an exemption from the requirements of section 365". In re Ames Dept. Stores, Inc., 287 B.R. 112, 115 (Bankr. S.D.N.Y. 2002).

22.      As a result, Congress has specifically stated that debtors cannot extend the time to assume or reject their nonresidential real property leases beyond the date of confirmation. Should

---

[4] The authority to assume or reject leases is limited by the express terms of Section 365(a) to a trustee, which includes a debtor-in-possession by virtue of Section 1107(a), but does not extend to reorganized debtors. See In re Grinstead, 75 B.R. 2, 3 (Bankr. D. Minn. 1985) ("There is no debtor in possession status of a debtor post confirmation.").

the Debtors' intend to proceed with Confirmation on February 4, 2025, then this Court should deny

any request that "deem the Confirmation as not entered" for purposes of making an end run around

Section 365(d)(4) of the Bankruptcy Code, and direct the Debtors to modify the Plan to provide

that the Debtors will assume or reject all leases no later than the entry of an order confirming the

Plan, and that such date cannot be extended absent the written consent of the landlord counterparty.

## III.   JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS

23.    To the extent consistent with the objections expressed herein, Landlords also join

in the objections of other shopping center lessors to the Debtors' proposed relief.

## V.   CONCLUSION

WHEREFORE, Landlords respectfully request that the Court enter an order consistent with

the foregoing Objection and for such other and further relief as may be just and proper under all

of the circumstances.

Dated:  January 22, 2025
Wilmington, Delaware

*/s/ Leslie C. Heilman*
Leslie C. Heilman (DE No. 4716)
Laurel D. Roglen (DE No. 5759)
Margaret A. Vesper (DE No. 6995)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com
          roglenl@ballardspahr.com
          vesperm@ballardspahr.com

*Counsel for 16302 Jamaica Avenue LLC and
Lodi Value Add II, LLC*