## EXHIBIT B

**Shenker Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| | (Jointly Administered) |
| Debtors. | |

**DECLARATION OF STEVEN SHENKER IN SUPPORT OF
DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS
(NON-SUBSTANTIVE)**

I, Steven Shenker, pursuant to 28 U.S.C. § 1746, declare:

1. I am the Chief Restructuring Officer for above-captioned debtors and debtors in possession (collectively, the "**Debtors**"). In this capacity, I am familiar with the Debtors' day-to-day business operations and affairs, the Books and Records, and the Debtors' chapter 11 efforts.

2. I submit this declaration (this "**Declaration**") in support of the *Debtors' First Omnibus Objection to Claims (Non-Substantive)* (the "**Objection**").[2]

3. I have reviewed the Objection and am directly, or by and through other personnel or representatives of the Debtors, reasonably familiar with the information contained therein, the Proposed Order, and the schedules attached to the Proposed Order. I am executing this Declaration on behalf of the Debtors.

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

4. Considerable resources and time have been expanded in reviewing and reconciling the claims filed against, or scheduled by, the Debtors and their estates in the Chapter 11 Cases.

5. In preparing this Declaration, I reviewed the Claims Register maintained by Epiq, which contains the record of all claims scheduled by, or filed against, the Debtors in connection with the Chapter 11 Cases. Additionally, I or other representatives of the Debtors (a) reviewed (i) the Claims Register, by which we identified various claims that should be objected to, and (ii) the Books and Records with respect to the claims described in the Objection, (b) conferred with the Debtors' representatives and outside counsel having knowledge relevant to understanding the validity of the claims, (c) approved the inclusion of the claims in the Objection, and (d) reviewed the Objection and the Proposed Order. Accordingly, I am familiar with the information contained therein and in Schedule 1, Schedule 2, Schedule 3, and Schedule 4 to the Proposed Order.

6. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge of the Debtors' operations, finances, and Books and Records, my review of the claims and Claims Register, or information received from other members of the Debtors, or the Debtors' other advisors. If called upon to testify, I would testify competently to the facts set forth herein.

**I.    Amended Claims**

7. I, along with other representatives of the Debtors, reviewed the Amended Claims to determine the basis upon which liability was asserted against the Debtors. This process included a review of the Claims, and any supporting documentation, for the Amended Claims.

8. Based on this review, I have determined that the Amended Claims have been amended and superseded by a subsequently filed claim. Accordingly, I believe that the Amended Claims should be disallowed and expunged in their entirety.

## II. Duplicate Claims

9. I understand that the Duplicate Claims are duplicative of another claim filed by the same claimant against the same Debtor. I do not believe that it was the intention of the claimant asserting these multiple identical claims to seek a double recovery against the same Debtor. Regardless of the claimant's intention, any failure to disallow and expunge the Duplicate Claims will result in the applicable claimant potentially receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other creditors in the Chapter 11 Cases. Accordingly, I seek to disallow and expunge the Duplicate Claims in their entirety.

## III. Late Filed Claims

10. I, along with other representatives of the Debtors, reviewed the Late Filed Claims listed on Schedule 3 to the Proposed Order to determine whether such claims were timely filed. This process included a review of each of the Late Filed Claims and comparing the applicable Bar Date against the date each Late Filed Claim was received by Epiq.

11. Based on this review, I have determined that the Late Filed Claims were filed after the applicable Bar Date. Accordingly, I believe that the Late Filed Claims should be disallowed and expunged in their entirety.

## IV. Insufficient Documentation Claim

12. The Debtors have determined, based upon a review of the Insufficient Documentation Claim and its supporting information and documents, that it was submitted with insufficient documentation to support the alleged claims. Moreover, the Debtors have made reasonable efforts to reconcile the Insufficient Documentation Claim against the Books and

4

Records and believe that such claim does not provide *prima facie* evidence of the validity and amount of such claim. Accordingly, the Debtors seek to disallow and expunge the Insufficient Documentation Claim in its entirety.

      I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information, and belief.

Executed on January 31, 2025

                                    */s/ Steven Shenker*
                                    Steven Shenker
                                    Chief Restructuring Officer