## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:**<br>**March 19, 2025 at 10:30 a.m. (ET)** |
| | **Objection Deadline:**<br>**February 21, 2025 at 4:00 p.m. (ET)** |

### DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

#### (Reclassified Claim and No Liability Claims)

> **THIS OBJECTION SEEKS TO RECLASSIFY AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN CLAIMS.  CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE SCHEDULES ATTACHED TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this objection (this "**Objection**") for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as <u>**Exhibit A**</u>, (a) reclassifying and allowing a claim (the "**Reclassified Claim**"), which is listed on <u>Schedule 1</u> to the Proposed Order, and (b) disallowing and expunging certain claims to which the Debtors assert they have no liability (the "**No Liability Claims**," and collectively with the Reclassified Claim, the "**Disputed Claims**"), which are listed on <u>Schedule 2</u> to the Proposed Order.  In support of this Objection, the

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

Debtors rely on the *Declaration of Steven Shenker in Support of Debtors' Second Omnibus Objection to Claims (Substantive)* (the "**Shenker Declaration**"), which is attached hereto as **Exhibit B**. In further support of this Objection, the Debtors respectfully represent as follows:

### JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 3007-1.

### BACKGROUND

4.      On August 12, 2024 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

32808484.3

5.      On August 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No. 109] (the "**Committee**").  No other trustee or an examiner has been appointed in the Chapter 11 Cases.

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Steven Shenker, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "**First Day Declaration**").[2]

## BAR DATES

7.      On September 10, 2024, the Court entered an order [Docket No. 347] (the "**Bar Date Order**") providing that (a) all entities, other than governmental units, holding claims that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claim so that such proofs of claim are actually received on or before 11:59 p.m. (prevailing Eastern Time) on October 10, 2024 (the "**General Bar Date**"), unless such entity's claim falls within one of the exceptions set forth in the Bar Date Order; and (b) all governmental units holding claims that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims so that such proofs of claim are actually received on or before 11:59 p.m. (prevailing Eastern Time) on February 10, 2025 (the "**Governmental Bar Date**").

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or Bar Date Order (as defined herein), as applicable.

8.     The Bar Date Order also provides that if the Debtors amend or supplement the Schedules (as defined below) to reduce the undisputed, noncontingent, and unliquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file a proof of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m. (prevailing Eastern Time) on the date that is 30 days from the date on which the Debtors provide written notice of the amendment to the Schedules (the "**Amended Schedules Bar Date**").

9.     The Bar Date Order further provides that, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (a) the General Bar Date or Governmental Bar Date, as applicable, and (b)(i) 11:59 p.m. (prevailing Eastern Time) on the date that is 30 days after the entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, or (ii) the effective date of rejection (the "**Rejection Damages Bar Date**," and collectively with the General Bar Date, Governmental Bar Date, and Amended Schedules Bar Date, the "**Bar Dates**").

## SCHEDULES, PROOFS OF CLAIM, AND CLAIMS RECONCILIATION

10.     On September 9, 2024, each Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs [Docket Nos. 199–202, 205–256 & 258–339] (collectively, the "**Schedules**"), as may have been amended from time to time.

11.     The Debtors' register of claims (the "**Claims Register**"), maintained by Epiq Corporate Restructuring, LLC ("**Epiq**"), indicates that, as of the date of this Objection, approximately 3,351 claims have been filed or scheduled in the Chapter 11 Cases.

12.     In the ordinary course of business, the Debtors maintain books and records (the "**Books and Records**") that reflect, among other things, the nature and amount of the liabilities owed to their creditors.  The Debtors and their professionals continue to review, compare, and reconcile the claims (including any supporting documentation) with the Schedules and Books and Records.  This reconciliation process includes identifying particular categories of claims that may be subject to objection.  While this analysis and reconciliation is ongoing, the Debtors have determined that the Disputed Claims should be reclassified and allowed or disallowed and expunged for one or more reasons described below.

## RELIEF REQUESTED

13.     By this Objection, the Debtors respectfully request entry of the Proposed Order (a) reclassifying and allowing the Reclassified Claim, and (b) disallowing and expunging the No Liability Claims.

## OBJECTION

### I.     Reclassified Claim

14.     After reconciling the Reclassified Claim against the Books and Records, the Debtors have determined that the Reclassified Claim asserts an amount that is not entitled to secured, administrative, and/or priority status under the Bankruptcy Code, and therefore, the classification status of the Reclassified Claim should be adjusted as set forth more fully under the heading "Modified Claim" on Schedule 1 to the Proposed Order.  Failure to reclassify the Reclassified Claim would award the applicable claimant improper secured, administrative, and/or priority status.

15.     Accordingly, the Debtors request entry of the Proposed Order reclassifying and allowing the Reclassified Claim as set forth on Schedule 1.

32808484.3

5

## II.    No Liability Claims

16.    After reconciling each of the No Liability Claims against the Books and Records, the Debtors have determined that they are not liable with respect to the No Liability Claims for the reasons set forth on <u>Schedule 2</u> to the Proposed Order.  Any failure to disallow and expunge the No Liability Claims will result in the applicable claimants potentially receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these Chapter 11 Cases.

17.    Accordingly, the Debtors object to the No Liability Claims and requests entry of the Proposed Order disallowing and expunging each of the No Liability Claims as set forth on <u>Schedule 2</u>.

## **BASIS FOR RELIEF**

18.    Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.  *See* 11 U.S.C. § 502(b).

19.    Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party rebuts a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992).  The burden of persuasion with respect to the claim is always on the claimant. *See id*. at 174.  Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus

32808484.3

objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims "[do] not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance."  Fed. R. Bankr. P. 3007(d)(6).

20.     However, a claimant asserting administrative expense priority bears the burden of establishing entitlement to such priority.  *See, e.g.*, *In re Bernard Techs., Inc.*, 342 B.R. 174, 177 (Bankr. D. Del. 2006); *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 533 (3d Cir. 1999); *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010); *In re Interstate Grocery Distribs. Sys.*, 2001 Bankr. LEXIS 1240, at *17 (Bankr. D.N.J. Oct. 4, 2001) (citing *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 482 (Bankr. S.D.N.Y. 1991)) ("The burden of proving entitlement to an administrative expense claim is on the claimant and the measure of proof is preponderance of the evidence.").  Section 503(b)(1)(A) of the Bankruptcy Code grants administrative priority to claims for, among other enumerated categories of estate expenses, "the actual, necessary costs and expenses of preserving the estate."  11 U.S.C. § 503(b)(1)(A).  The Third Circuit utilizes a two-part test to determine whether a claim is entitled to administrative expense priority.  "For a claim in its entirety to be entitled to . . . priority under § 503(b)(1)(A), the debt must arise from a transaction with the debtor-in-possession and the consideration supporting the claimant's right to payment must be beneficial to the debtor-in-possession in the operation of the business."  *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 532–33.

21.     Claimants bear a similar burden for claims under section 503(b)(9) of the Bankruptcy Code.  To establish entitlement to a section 503(b)(9) claim, a claimant must prove by a preponderance of the evidence that "(1) the vendor sold 'goods' to the debtor; (2) the goods were

received by the debtor within twenty days [before the bankruptcy] filing; and (3) the goods were sold . . . in the ordinary course of business." *In re World Imports, Ltd.*, 862 F.3d 338, 341 (3d Cir. 2017) (quoting *In re Goody's Fam. Clothing, Inc.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009)). Section 503(b)(9) of the Bankruptcy Code grants an administrative priority claim for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). For a claim to be afforded administrative expense priority under section 503(b)(9) of the Bankruptcy Code, the claimant would have to establish, among other things, that the Debtors or their agent physically received goods during the period from July 23, 2024, through the Petition Date. Claimants bear the ultimate burden of proof in establishing a valid administrative expense claim. *See SRC Liquidation*, 573 B.R. at 540 (citation omitted).

22.     The Disputed Claims are unenforceable against the Debtors for the reasons set forth above. Therefore, pursuant to sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein.

### RESPONSES TO OBJECTION

23.     Filing and Service of Responses:  To contest this Objection, a claimant must file and serve a written response to this Objection (a "**Response**") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m. (prevailing Eastern Time) on February 21, 2025 (the "**Response Deadline**"). Claimants should locate their names and claims on Schedule 1 and Schedule 2 to the Proposed Order, and carefully review this Objection. A Response must address each ground upon which the Debtors object to a particular Disputed Claim. A hearing to consider this Objection will be held on March 19, 2025,

32808484.3

8

at 10:30 a.m. (prevailing Eastern Time), before the Honorable J. Kate Stickles, United States

Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, located at

824 N. Market Street, 5th Floor, Courtroom #6, Wilmington, Delaware 19801 (the "**Hearing**").

24.     Each Response must be filed and served upon the following entities at the

following addresses:  (a) the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor,

Wilmington, Delaware 19801; and (b) Young Conaway Stargatt & Taylor, LLP, 1000 N. King St.,

Wilmington, Delaware 19801, Attn:  Timothy R. Powell.

25.     <u>Content of Responses</u>: Every Response to this Objection must contain, at a

minimum, the following:

> a.     a caption setting forth the name of the Court, the above-referenced case number, and the title of this Objection to which the Response is directed;

> b.     the name of the claimant and description of the basis for the amount of the Disputed Claim;

> c.     a concise statement setting forth the reasons why a particular Disputed Claim should not be reclassified and allowed or disallowed and expunged for the reasons set forth in this Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing this Objection at the Hearing;

> d.     all documentation or other evidence of the Disputed Claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing this Objection at the Hearing;

> e.     the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Disputed Claim on behalf of the claimant; and

> f.     the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the Debtors should serve any reply to the Response.

26.     <u>Timey Response Required; Hearing; Replies</u>:  If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant.  If no consensual resolution is reached, the Court will conduct the Hearing with respect to this Objection and the Response(s) on March 19, 2025, at 10:30 a.m. (ET), or such other date and time as parties filing Responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by the Court at any such Hearing.

27.     <u>Adjournment of Hearing</u>:  The Debtors reserve the right to adjourn the Hearing on any Disputed Claim included in this Objection.  In the event that the Debtors so adjourn the Hearing, they will state that the Hearing on that particular Disputed Claim has been adjourned on the agenda for the Hearing on this Objection, which agenda will be served on the person designated by the claimant in its Response.

28.     If a claimant whose Disputed Claim is subject to this Objection, and who is served with this Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order reclassifying and allowing or disallowing and expunging the Disputed Claim without further notice to the claimant.

29.     <u>Separate Contested Matter</u>:  Each of the Disputed Claims and the Debtors' objection(s) thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Debtors request that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Disputed Claim.

## <u>RESERVATION OF RIGHTS</u>

30.     The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any claims (filed or not) that may be asserted

32808484.3

against the Debtors and their estates.  Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Disputed Claims or any other claims on any other grounds that the Debtors discover or elect to pursue.

31.    Notwithstanding anything contained in this Objection, or the exhibits and schedules attached to the Proposed Order, nothing herein will be construed as a waiver of any rights that the Debtors or any successor to the Debtors, may have to enforce rights of setoff against the claimants.

32.    Nothing in this Objection will be deemed or construed:  (a) as an admission as to the validity of any claim or interest against the Debtors; (b) as a waiver of the Debtors' rights to dispute or otherwise object to any claim or proof of interest on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

## **STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1**

33.    The undersigned representative of the Debtors has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule.  To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

32808484.3

## NOTICE

34.    Notice of this Objection will be provided to:    (a) the U.S. Trustee; (b) counsel to the Prepetition Agent and DIP Agent; (c) counsel to the Committee; (d) the holders of the Disputed Claims, or their counsel, if known; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
   January 31, 2025

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Timothy R. Powell*
Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
   sgreecher@ycst.com
   amielke@ycst.com
   tpowell@ycst.com
   rlamb@ycst.com
   bcarver@ycst.com

*Counsel to the Debtors and
Debtors in Possession*

32808484.3