**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: March 5, 2025 at 4:00 p.m. (ET)** |

**SUMMARY OF THIRD MONTHLY FEE APPLICATION OF KELLEY DRYE
& WARREN LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM
NOVEMBER 1, 2024 THROUGH AND INCLUDING NOVEMBER 30, 2024**

| | |
|---|---|
| Name of applicant: | Kelley Drye & Warren LLP |
| Authorized to provide professional services to: | The Official Committee of Unsecured Creditors |
| Date of retention: | Effective as of August 26, 2024[1] |
| Period for which compensation and reimbursement is sought: | November 1, 2024 through and including November 30, 2024 |
| Amount of compensation sought as actual, reasonable, and necessary: | $430,732.25 |
| Less 20% holdback per procedures for interim compensation and reimbursement of expenses: | $86,146.45 |
| Total fees sought at this time: | $344,585.80 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $11,413.15 |

This is a(n):   _X_  Monthly            __ Interim            __ Final Application

This is a monthly application.  This is Kelley Drye & Warren LLP's third monthly application filed in these cases.

This application includes 20.1 hours, with a value of $12,771.00, incurred to prepare the firm's second monthly fee application.[2]

---

[1]      Docket No. 490.

[2]      If compensation is requested for time spent to prepare this application, it will be reflected in a subsequent monthly application.

## PRIOR MONTHLY APPLICATION HISTORY

| Date Filed and Docket No. | Period Covered | Requested | | Allowed | | 20% Holdback |
| --- | --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses | |
| October 31,2024 Docket No. 537 | August 26, 2024 – September 30, 2024 | $813,438.75 | $2,826.97 | $650,751.00 | $2,826.97 | $162,687.75 |
| December 16, 2024 Docket No. 682 | October 1, 2024 – October 31, 2024 | $689,666.50 ($37,769.50) $651,897.00[3] | $8,934.28 | $521,517.60 | $8,934.28 | $130,379.40 |
| **Totals:** | | **$1,465,335.75** | **$11,761.25** | **$1,172,268.60** | **$11,761.25** | **$293,067.15** |

## PRIOR INTERIM APPLICATION HISTORY

| Date Filed and Docket No. | Period Covered | Requested | | Allowed | |
| --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses |
| December 16, 2024 Docket No. 685 | August 26, 2024 – September 30, 2024 | $1,502,170.25 ($37,769.50) $1,464,400.75[4] | $11,761.25 | $1,502,170.25 ($37,769.50) $1,464,400.75 | $11,761.25 |
| **Totals:** | | **$1,464,400.75** | **$11,761.25** | **$1,464,400.75** | **$11,761.25** |

---

[3]     Represents $686,666.50 in total fees incurred, less $37,769.50 in fees related to litigation against Varagon that are excluded from the carve-out under paragraph 27 of the Final DIP Order.

[4]     Represents $1,502,170.25 in total fees incurred, less $37,769.50 in fees related to litigation against Varagon that are excluded from the carve-out under paragraph 27 of the Final DIP Order and for which the firm sought interim allowance, but not payment, in prior monthly applications.

17178534/1

## COMPENSATION BY TIMEKEEPER

| Name of Professional | Position | Law School Grad Year | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Eric R. Wilson | Partner | 1997 | $1,170.00 | 73.7 | $86,229.00 |
| | | | $585.00[5] | 5.9 | $3,451.50 |
| Robert LeHane | Partner | 1998 | $1,010.00 | 2.0 | $2,020.00 |
| Kristin S. Elliott | Partner | 2002 | $990.00 | 116.1 | $114,939.00 |
| | | | $495.00 | 6.7 | $3,316.50 |
| David H. Evans | Partner | 1995 | $1,040.00 | 4.7 | $4,888.00 |
| William S. Gyves | Partner | 1991 | $935.00 | 39.6 | $37,026.00 |
| Richard Gage | Special Counsel | 2013 | $975.00 | 45.7 | $44,557.50 |
| | | | $487.50 | 2.0 | $975.00 |
| Randall L. Morrison, Jr. | Special Counsel | 2014 | $895.00 | 7.3 | $6,533.50 |
| Andres Barajas | Senior Associate | 2017 | $775.00 | 87.0 | $67,425.00 |
| | | | $387.50 | 3.5 | $1,356.25 |
| Stephanie A. Carroll | Senior Associate | 2018 | $775.00 | 19.3 | $14,957.50 |
| Connie Y. Choe | Associate | 2020 | $690.00 | 31.4 | $21,666.00 |
| John A. Churchill, Jr. | Associate | 2021 | $620.00 | 24.5 | $15,190.00 |
| Angela Carter-Anderson | Discovery Services | N/A | $420.00 | 6.2 | $2,604.00 |
| Christopher Arellano | Discovery Services | N/A | $400.00 | 1.0 | $400.00 |
| Gary Mathieu | Discovery Services | N/A | $385.00 | 1.0 | $385.00 |
| Gina C. Karnick | Paralegal | N/A | $375.00 | 7.5 | $2,812.50 |
| | | | **Total:** | **485.1** | **$430,732.25** |
| | | | **Blended Rate:** | | **$887.92** |

---

[5]     Non-Working Travel Time billed at 50%.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 2.6 | $1,539.00 |
| Pleadings Review | 4.4 | $2,764.00 |
| Retention Matters | 0.7 | $545.00 |
| Fee Matters | 22.8 | $14,925.50 |
| Financing | 4.6 | $3,444.00 |
| Asset Analysis and Disposition | 197.9 | $174,924.00 |
| Plan and Disclosure Statement | 27.0 | $25,778.00 |
| Committee and Creditor Communications | 42.3 | $38,043.00 |
| Court Hearings | 151.4 | $148,102.50 |
| General Litigation | 13.3 | $11,568.00 |
| Non-Working Travel Time | 18.1 | $9,099.25 |
| **Total:** | **485.1** | **$430,732.25** |

## EXPENSE SUMMARY

| Expense Category | Amount |
|---|---|
| Color Duplication | $0.25 |
| Duplication | $268.10 |
| Courier | $272.80 |
| Local Travel | $562.34 |
| Long Distance Travel | $188.00 |
| Transcriptions | $7,327.50 |
| Cab Service | $260.39 |
| Meals | $1,270.65 |
| Binding | $4.00 |
| Lodging | $609.00 |
| Westlaw Research | $573.72 |
| Lexis Research | $9.10 |
| Parking | $67.30 |
| **Total:** | **$11,413.15** |

17178534/1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: March 5, 2025 at 4:00 pm (ET)** |

**THIRD MONTHLY FEE APPLICATION OF**
**KELLEY DRYE & WARREN LLP FOR COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD**
**FROM NOVEMBER 1, 2024 THROUGH AND INCLUDING NOVEMBER 30, 2024**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "Interim Compensation Order"),[1] Kelley Drye & Warren LLP ("Kelley Drye") hereby submits its third monthly application (the "Third Application") for compensation for professional services rendered and reimbursement of expenses incurred as lead counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), for the period from November 1, 2024 through and including November 30, 2024 (the "Application Period"). By this Third Application, Kelley Drye seeks interim allowance, but not payment, of its fees and expenses at this time. Kelley Drye will seek payment of the fees and expenses in this

---

[1]     Docket No. 162.

Third Application pursuant to the final fee application it will file in these cases.  In support of the

Third Application, Kelley Drye respectfully states:

## JURISDICTION AND VENUE

1.       This Court has subject matter jurisdiction over this Third Application

pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.       The statutory predicates for the relief requested are: (i) sections 330 and 331

of the Bankruptcy Code; (ii) Bankruptcy Rule 2016; and (iii) Local Rule 2016-2.

## BACKGROUND

3.       On August 12, 2024 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  Since the

Petition Date, the Debtors have remained in possession of their assets and continue to operate and

manage their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

4.       On August 23, 2024, the U.S. Trustee appointed a five-member Committee

consisting of:  (i) Johnson Health Tech NA, Inc.; (ii) Motionsoft, Inc.; (iii) FW IL-Riverside/Rivers

Edge, LLC; (iv) 96 N. 10th Street Holdings LLC; and (v) GS FIT ILL-1 LLC.[2]  The Committee

selected Kelley Drye as its lead counsel, Morris James LLP ("Morris James") as its Delaware co-

counsel, and Dundon Advisers LLC ("Dundon") as its financial advisor.

5.       On August 20, 2024, the Debtors filed their *Motion for Entry of an Order*

*(I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for*

---

[2]        Docket No. 109.  On November 4, 2024, Motionsoft, Inc. resigned from the Committee.  Docket No. 571.

17178534/1

*Professionals and (II) Granting Related Relief* (the "Interim Compensation Motion"),[3] and on September 5, 2024, the Court entered the Interim Compensation Order.[4]

6.    Pursuant to the terms of the Interim Compensation Order, if no objection to a monthly fee application is served within 21 days of filing the application, the respective professional may be paid eighty percent (80%) of the fees and one hundred percent (100%) of the expenses set forth in the applicable monthly fee application.

7.    On September 25, 2024, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment of Kelley Drye & Warren LLP as Lead Counsel Effective as of August 26, 2024* (the "Retention Application").[5]  On October 15, 2024, the Court entered an order approving the Retention Application, effective as of August 26, 2024.[6]

8.    On October 31, 2024, Kelley Drye filed the *First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including September 30, 2024* (the "First Application").[7]

9.    On November 21, 2024, (i) Varagon Capital Partners Agent, LLC ("Varagon"), the Prepetition Agent and the DIP Agent (each as defined in the final DIP financing order entered in these cases (the "Final DIP Order"),[8] filed a reservation of rights to the First

---

[3]    Docket No. 93.

[4]    Docket No. 162.

[5]    Docket No. 414.

[6]    Docket No. 490.

[7]    Docket No. 537.

[8]    Docket No. 393.  Capitalized terms used but not defined in this Third Application have the meanings ascribed to them in the Final DIP Order.

3

Application,[9] and (ii) the Debtors filed an objection and reservation of rights to the First Application.[10]  Neither of those pleadings opposed the interim payment of fees and expenses requested in the First Application.

10.    On November 25, 2024, Kelley Drye filed the *Certification of Counsel Regarding First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including September 30, 2024*.[11] Kelley Drye received payment of $653,577.97, which represents 80% of the fees and 100% of the expenses requested in the First Application.

11.    On December 16, 2024, Kelley Drye filed the *Second Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from October 1, 2024 Through and Including October 31, 2024* (the "Second Application").[12]

12.    Also on December 16, 2024, Kelley Drye filed the *First Interim Fee Application of Kelley Drye & Warren LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including October 31, 2024* (the "First Interim Application").[13]

---

[9]    Docket No. 630.

[10]   Docket No. 631.

[11]   Docket No. 640.

[12]   Docket No. 682.

[13]   Docket No. 685.

17178534/1

13.     On January 7, 2025, Kelley Drye filed a certificate of no objection with respect to the Second Application.[14]

14.     On January 9, 2025, Morris James filed a Certification of Counsel regarding the Committee professionals' first interim fee applications, including Kelley Drye's First Interim Application.[15]  Pursuant to that Certificate of Counsel, Kelley Drye confirmed its agreement to reduce its requested allowed interim fees to $1,502,170.25 on account of an inadvertent billing error.

15.     On January 15, 2025, the Court entered an order approving the First Interim Application (the "Interim Fee Order").[16]  Subsequent to the entry of the Interim Fee Order, Kelley Drye received payment in the amount of $641,639.87 in partial payment of the fees and expenses requested in the First Interim Application.

## SUMMARY OF SERVICES RENDERED

16.     Kelley Drye rendered various legal services to the Committee during the Application Period, including:

    a.     Continued analysis of the Debtors' proposal to sell substantially all of their assets, including estate causes of action, including analysis of the stalking horse asset purchase agreement with the buyer, transition services agreement with Equinox, proposed form of sale order, and competing bids;

    b.     Preparation of a supplemental objection to the proposed sale based on a competing proposal for the Debtors' assets;

    c.     Preparation and participation at the Court's two-day contested sale hearing;

    d.     Continued investigation of potential estate claims and causes

---

[14]     Docket No. 712.

[15]     Docket No. 721.

[16]     Docket No. 736.

17178534/1

of action and analysis of documents produced to the Committee in connection with same;

e.     Preparation of a standing motion and draft complaint against Varagon;

f.     Review of bids received for the Debtors' outer market assets and attend the auction thereon;

g.     Negotiation with the Debtors and Varagon regarding the Debtors' proposed plan and disclosure statement and a potential global settlement of the Committee's objections thereto;

h.     Preparation of the Second Application; and

i.     Ongoing communications with the Committee regarding all outstanding issues in these chapter 11 cases.

### SUMMARY OF SERVICES BY PROJECT

17.     To assist the Court in its review of the fees requested in this Third Application, Kelley Drye has divided its time entries into the project categories set forth below. Attached as **Exhibit A** to this Third Application are detailed invoices, by project category, of all services performed by Kelley Drye with respect to these chapter 11 cases during the Application Period.

**A.     Case Administration** (Hours: 2.6 - Fees: $1,539.00)

18.     This category represents time spent by Kelley Drye addressing general administrative matters.  During the Application Period, Kelley Drye maintained a working task/project management tracker as well as a critical dates chart to manage all case workstreams and deadlines.

**B.     Pleadings Review** (Hours: 4.4 - Fees: $2,764.00)

19.     This category represents time spent by Kelley Drye monitoring the docket and conducting an initial review of pleadings filed in these cases, including notices, stipulations, extension motions, objections, certifications of counsel, and proposed orders.

6

**C.**    **Retention Matters** (Hours: 0.7 - Fees: $545.00)

20.    This category represents time spent by Kelley Drye on matters regarding the retention of estate professionals.  During the Application Period, Kelley Drye reviewed a supplemental declaration filed by Moelis and a supplemental Ordinary Course Professionals list produced by the Debtors.  Kelley Drye also corresponded internally regarding its internal supplemental conflict checks of case parties.

**D.**    **Fee Matters** (Hours: 22.8 Fees - $14,925.50)

21.    This category represents time spent by Kelley Drye to (i) review and address responses filed by the Debtors and Vargon to the First Application; (ii) prepare the Second Application; (iii) review and comment on the other Committee professionals' second monthly fee applications; (iv) review the Debtors' professionals' fee applications; and (v) review and revise the firm invoices for reasonableness and compliance with confidentiality obligations in these cases.

**E.**    **Financing** (Hours: 4.6 - Fees: $3,444.00)

22.    This category represents time spent by Kelley Drye to prepare and deliver weekly fee estimates required under the Final DIP Order.  Kelley Drye also reviewed the Debtors' weekly fee estimates and requests for reimbursement of fees and expenses submitted by Varagon.

**F.**    **Asset Analysis and Disposition** (Hours: 197.9 - Fees: $174,924.00)

23.    This category represents time spent by Kelley Drye in connection with the sale of substantially all of the Debtors' assets pursuant to an auction process (the "Sale") including the sale of the Debtors' (i) NY and NJ business to Pinnacle US Holdings LLC d/b/a PureGym (the "Stalking Horse"), and (ii) assets related to other markets to Lotemd Fit LLC ("Lotemd").

24.    During the Application Period, Kelley Drye continued to prepare to litigate the Committee's objection to the Sale.  Among other things, Kelley Drye prepared for and deposed the Debtors' chief restructuring officer and Equinox's financial advisor in connection with the

7

Committee's objection to the Sale.  Kelley Drye also prepared for and defended depositions the Debtors took of (i) Robert Hoge, of Johnson Health Tech NA, Inc., the Committee's Chair, and (ii) Lee Rooney of Dundon.  In advance of the hearing on the Sale, Kelley Drye worked with the Committee's other professionals to prepare trial exhibits and coordinated with the Debtors regarding the admission of same.  The firm also conducted legal and documentary research and prepared arguments to present to the Court at the Sale hearing.

25.     Kelley Drye also continued to analyze bids the Debtors received for their assets.  After the auction, Kelley Drye analyzed two (2) alternate bids Supreme Orange LLC ("Supreme") submitted for the NY/NJ assets, communicated with Supreme and the Debtors regarding same and prepared a supplemental Sale objection based on Supreme's augmented bids.[17]

26.     Following the Sale hearing, Kelley Drye negotiated revisions to the Sale order with the Debtors and Varagon, including changes to implement the escrow of Sale proceeds the Court ordered at the Sale hearing.  Finally, Kelley Drye reviewed bids received for the Debtors' outer market assets, including the prevailing bid package submitted by Lotemd.

**G.     Plan and Disclosure Statement** (Hours: 27.0 - Fees: $25,778.00)

27.     This category represents time spent by Kelley Drye on the Debtors' plan, disclosure statement and exit strategy.  During the Application Period, Kelley Drye reviewed and provided comments to the Debtors' proposed disclosure statement and plan and coordinated with Dundon regarding the terms of the Debtors' proposed liquidation.  Kelley Drye developed and analyzed various potential settlement scenarios and strategized with Dundon and the Committee to develop a global settlement proposal to try and resolve the Committee's case-wide objections through a consensual plan.

---

[17]     Docket No. 546.

17178534/1

**H.**    <u>**Committee and Creditor Communications**</u> (Hours: 42.3 - Fees: $38,043.00)

28.    This category represents time spent by Kelley Drye preparing for and participating in regular Committee meetings as well as communicating with Committee members and other creditors on an individual basis.  During the Application Period, Kelley Drye updated the Committee and individual members of the Committee via weekly telephonic meetings and regular email reports on case developments, filed pleadings, and other Committee business.  Kelley Drye also coordinated with Morris James and Dundon to develop materials for distribution to the Committee and to prepare for Committee meetings.  In addition, Kelley Drye corresponded with creditors and Committee members to address individual inquiries on various issues in these chapter 11 cases.

**I.**    <u>**Court Hearings**</u> (Hours: 151.4 - Fees: $148,102.50)

29.    This category represents time spent by Kelley Drye preparing for and participating in the contested, two-day hearing on the Sale.  During the Application Period, Kelley Drye continued to review key documents, including discovery, deposition and auction transcripts, and transactional documents, to prepare the Committee's record for the Sale hearing.  Kelley Drye also developed its legal arguments for presentation to the Court at the Sale hearing, including revising such arguments based on ongoing developments regarding the Sale, including Supreme's alternate bids for the Debtors' assets.

30.    Kelley Drye also coordinated with Dundon to prepare for its testimony and with Morris James on trial logistics.  Kelley Drye attended and participated in the Court's two-day evidentiary hearing and thereafter attended the Court's conference to deliver its oral ruling on the Sale.

9

**J.**     **General Litigation** (Hours: 13.3 - Fees: $11,568.00)

31.     This category represents time spent by Kelley Drye to investigate and prepare a standing motion and draft complaint to assert certain Challenges against Varagon. During the Application Period, Kelley Drye finalized the Committee's standing motion, prepared redactions based on confidentiality restrictions in the case and coordinated with Morris James to file and serve the standing motion and draft complaint.

**K.**     **Non-Working Travel Time** (Hours: 18.1 Fees - $9,099.25)

32.     This category represents non-working time spent by Kelley Drye to travel to and from Delaware to attend the multi-day Sale hearing.

## SUMMARY OF EXPENSES

33.     During the Application Period, Kelley Drye incurred out-of-pocket expenses in the amount of $11,413.15.[18]  Attached hereto as **Exhibit B** is a description of the expenses actually incurred by Kelley Drye in the performance of services rendered as lead counsel to the Committee.

## VALUATION OF SERVICES

34.     Kelley Drye's professionals expended a total of 485.1 hours to represent the Committee during the Application Period.  The amount of time spent by each of the professionals providing services to the Committee during the Application Period is set forth on **Exhibit A**.  The rates charged are Kelley Drye's normal hourly rates for work of this character.  The reasonable value of the services Kelley Drye rendered during the Application Period is $430,732.25.

---

[18]     Kelley Drye reserves the right to request reimbursement of additional expenses incurred during the Application Period in subsequent applications, to the extent that any such additional expenses have not been processed to date in Kelley Drye's billing system.

35.     Kelley Drye believes that the time entries included in **Exhibit A**, and the expense breakdown set forth in **Exhibit B** comply with the Interim Compensation Order and the requirements of Local Rule 2016-2.

36.     All services for which compensation is requested by Kelley Drye were performed for or on behalf of the Committee, and not on behalf of the Debtors or other persons. There is no agreement or understanding between Kelley Drye and any other person, other than members of the firm, for the sharing of compensation to be received in these chapter 11 cases.

37.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (i) the complexity of the Debtors' cases, (ii) the nature and extent of the services rendered, (iii) the value of such services, and (iv) the costs of comparable services other than in a case under this title.

## CERTIFICATE OF COMPLIANCE AND WAIVER

38.     The undersigned representative of Kelley Drye certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Third Application substantially complies with them.

39.     If the Third Application does not comply in all respects with the requirements of Local Rule 2016-2, Kelley Drye believes such deviations are not material and respectfully requests that any such requirements be waived.

## NOTICE

40.     Pursuant to the Interim Compensation Order, notice of this Third Application has been provided to: (i) the Debtors; (ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com), (iii) counsel to the DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois

11

60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com), and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Kelley Drye respectfully submits that no further notice of the Third Application is necessary or required.

**CONCLUSION**

WHEREFORE, Kelley Drye respectfully requests: (i) interim allowance of $430,732.25 in fees for necessary professional services rendered to the Committee during the Application Period and $11,413.15 in actual and necessary expenses incurred by Kelley Drye during the Application Period; and (ii) such other relief as this Court deems just and proper.

Dated: February 12, 2025

**KELLEY DRYE & WARREN LLP**

*/s/ Eric R. Wilson*
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: ewilson@kelleydrye.com
        kelliott@kelleydrye.com
        abarajas@kelleydrye.com

*Counsel to the Official Committee of Unsecured Creditors*