**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 697, 698, 767, 772, 806 |

## NOTICE OF FILING OF REVISED PROPOSED CONFIRMATION ORDER

**PLEASE TAKE NOTICE** that, on February 24, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed their *Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 806] (as the same may be amended, supplemented, or modified, the "Plan") with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a revised proposed form of order confirming the Plan (the "Proposed Confirmation Order"). For the convenience of the Court and parties in interest, attached hereto as **Exhibit B** is a blackline comparing the Proposed Confirmation Order, as revised, to the version of the Proposed Confirmation Order filed with the Court on January 31, 2025 [Docket No. 772].

**PLEASE TAKE FURTHER NOTICE** that the continued hearing (the "Confirmation Hearing") to consider confirmation of the Plan is scheduled for **February 28, 2025 at 9:00 a.m. (ET)** before the Honorable J. Kate Stickles. The Confirmation Hearing will be conducted remotely, and may be continued from time to time.

---

[1]    The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right to amend, revise, modify, or supplement the Proposed Confirmation Order prior to, at, or as a result of, the Confirmation Hearing.

Dated: Wilmington, Delaware

February 24, 2025

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Sean T. Greecher*

Michael R. Nestor (No. 3526)
Sean T. Greecher (No. 4484)
Allison S. Mielke (No. 5934)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Benjamin C. Carver (No. 7176)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
          sgreecher@ycst.com
          amielke@ycst.com
          tpowell@ycst.com
          rlamb@ycst.com
          bcarver@ycst.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Confirmation Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 806** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**
**AND ORDER APPROVING AND CONFIRMING THE THIRD AMENDED**
**COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11**
**PLAN OF BLINK HOLDINGS, INC. AND ITS AFFILIATED**
<u>**DEBTORS AND DEBTORS IN POSSESSION**</u>

Upon consideration of (a) the *Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 806] (as amended, modified, or supplemented, the "**Combined Disclosure Statement and Plan**" or the "**Plan**"),[2] attached hereto as **<u>Exhibit A</u>**, (b) the *Debtors' Motion for Entry of an Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballot and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the Deadline for Filing Objections Thereto; and (VI) Granting Related Relief* [Docket No. 501] (the

---

[1]    The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting counsel for the Debtors.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan, unless otherwise noted.

"**Solicitation Motion**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), (c) the *Memorandum of Law in Support of Confirmation of the Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 771] (the "**Confirmation Memorandum**"), (d) the *Declaration of Emily Young Regarding Tabulation of Votes in Connection with the Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 740] (the "**Voting Declaration**"), (e) the *Declaration of Steven Shenker in Support of Confirmation of the Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 770] (the "**Confirmation Declaration**") and (f) the *Notice of (I) Approval of Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; and (II) the Hearing to Consider (A) Final Approval of the Combined Disclosure Statement and Plan as Containing Adequate Information and (B) Confirmation of the Plan* [Docket No. 699] (the "**Publication Notice**"); and this Court, by order dated December 18, 2024 [Docket No. 697] (the "**Interim Approval and Procedures Order**"), having conditionally approved the Combined Disclosure Statement and Plan for solicitation purposes only and authorized the Debtors to solicit votes for the Combined Disclosure Statement and Plan; and all objections and all reservations of rights that have not been withdrawn, waived, or settled pertaining to final approval and Confirmation of the Combined Disclosure Statement and Plan having been overruled on the merits; and a hearing having been held on February 4, 2025, which was continued to February 28, 2025, regarding final approval and Confirmation of the Combined Disclosure Statement and Plan (the "**Confirmation Hearing**"); and upon the evidence adduced and proffered and the arguments of counsel made at or in

2

connection with the Confirmation Hearing; and this Court having reviewed all documents in connection with Confirmation and having heard all parties desiring to be heard with respect to Confirmation; and upon the record compiled in the Chapter 11 Cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; this Court hereby makes the following

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue of these proceedings and the Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b), and this Court may enter a final order hereon under Article III of the U.S. Constitution.

C.      On October 16, 2024, the Debtors filed the initial version of the Combined Disclosure Statement and Plan [Docket No. 502].  On December 18, 2024 and January 31, 2025, the Debtors filed amended versions of the Combined Disclosure Statement and Plan [Docket Nos. 698 and 767].  The filing of the Combined Disclosure Statement and Plan satisfies Bankruptcy Rule 3016 and Local Rule 3017-2.

D.     As evidenced by the *Certificate of Service of Solicitation Materials* [Docket No. 707], on December 20, 2024, the Debtors caused the Ballots to be distributed to the Holders of the Prepetition Loan Secured Claims in Class 3 as required by sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Local Rules, all other applicable provisions of the Bankruptcy Code, the Interim Approval and Procedures Order, and all other rules, laws, and regulations applicable to such solicitation. The Solicitation Package (as defined in the Interim Approval and Procedures Order) was transmitted in accordance with the Interim Approval and Procedures Order. Such transmittal and service was adequate and sufficient under the circumstances, and no other or further notice is or shall be required.

E.     As evidenced by the *Certificate of Service of Solicitation Materials* [Docket No. 707] and the Publication Notice, the Debtors provided adequate and sufficient notice of the Combined Disclosure Statement and Plan and Confirmation Hearing, as required by Bankruptcy Rule 3017(d), to all Holders of Claims and Interests and all other parties in interest, and no other or further notice is or shall be required.

F.     The solicitation of an acceptance or rejection of the Combined Disclosure Statement and Plan has been fair, properly conducted, in good faith, and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Approval and Procedures Order, and all other rules, laws, and regulations applicable to such solicitation.

G.     The procedures by which the Ballots for acceptance or rejection of the Plan were distributed and tabulated, including as set forth in the Voting Declaration, under the circumstances of the Chapter 11 Cases were fair, properly conducted, in good faith, and complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable non-bankruptcy law,

and the Interim Approval and Procedures Order.  As more fully set forth in the Voting Declaration, Class 3 for each Debtor voted to accept the Plan.

H.    The Combined Disclosure Statement and Plan complies with all of the applicable provisions of the Bankruptcy Code including, but not limited to:  (a) the proper classification of Claims and Interests (sections 1122 and 1123(a)(1) of the Bankruptcy Code); (b) the specification of Unimpaired Classes (section 1123(a)(2) of the Bankruptcy Code); (c) the specification of treatment of Impaired Classes (section 1123(a)(3) of the Bankruptcy Code); (d) the provision for the equal treatment of each Claim or Interest within a particular Class (section 1123(a)(4) of the Bankruptcy Code); (e) the provision for adequate and proper means of implementation (section 1123(a)(5) of the Bankruptcy Code); (f) the prohibition against the issuance of non-voting equity securities (section 1123(a)(6) of the Bankruptcy Code); (g) the manner of selection of the Plan Administrator (section 1123(a)(7) of the Bankruptcy Code); and (h) the inclusion of additional Plan provisions permitted to effectuate and implement the transactions contemplated by the Combined Disclosure Statement and Plan (section 1123(b) of the Bankruptcy Code).    Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(1) of the Bankruptcy Code.

I.    Article IX of the Plan provides for the appointment of the Plan Administrator, who, as of the Effective Date, will be empowered and directed to, among other things, implement the terms of the Combined Disclosure Statement and Plan and the Plan Administrator Agreement, and otherwise effectuate the Wind Down of the Estates and administer the Wind Down Assets, in accordance with the terms of the Combined Disclosure Statement and Plan, the Wind Down Budget, this Confirmation Order, and the Plan Administrator Agreement.

The foregoing is consistent with the interest of Holders of Claims and Interests and with public policy, and therefore, section 1123(a)(7) of the Bankruptcy Code is satisfied.

J.    The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class or Sub-Class, unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest.  Thus, section 1123(a)(4) of the Bankruptcy Code is satisfied.

K.    The settlements and compromises pursuant to and in connection with the Combined Disclosure Statement and Plan comply with and satisfy the requirements of section 1123(b)(3) of the Bankruptcy Code.

L.    This Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b), and the *Amended Standing Order of Reference* dated as of February 29, 2012, from the United States District Court, to approve the releases and exculpations set forth in Article XIV of the Combined Disclosure Statement and Plan, and the related injunctions provided for therein.  Section 105(a) of the Bankruptcy Code permits approval of such releases, exculpations, and injunctions because, as has been established here, based upon the record in the Chapter 11 Cases and the evidence presented at or in connection with the Confirmation Hearing, such provisions set forth in Article XIV of the Combined Disclosure Statement and Plan are:  (a) within the jurisdiction of this Court as set forth above; (b) an appropriate exercise of the Debtors' business judgment; (c) given in exchange for the good and valuable consideration provided by Released Parties; (d) essential to the formulation and implementation of the Plan; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and an opportunity to object and be heard with respect thereto, as the Combined Disclosure Statement and Plan, the Confirmation Notice, and the Ballots each unambiguously state that (i) the Plan contains certain

release, exculpation, and injunction provisions and (ii) affected parties may object to such release, exculpation, and injunction provisions; (h) are consistent with sections 105, 524, 1123, 1129, and 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code and applicable law; and (i) a bar to any Entity asserting any claim or Cause of Action released or exculpated by Article XIV of the Combined Disclosure Statement and Plan, including a bar to any of the Releasing Parties asserting any released claims or Causes of Action against any of the Released Parties, as and to the extent provided for in the Plan and this Confirmation Order.

M.      The releases in Article XIV of the Plan are consensual as they pertain to the Releasing Parties because they are given and made after due notice and an opportunity to object and be heard with respect thereto, as the Combined Disclosure Statement and Plan, the Confirmation Notice, and the Ballots each state that (a) the Plan contains such releases and (b) the affected parties consented to the Court's approval of the releases set forth in Section 14(c) of the Plan and the related injunction.

N.      In accordance with Bankruptcy Rule 3016(a), the Combined Disclosure Statement and Plan is dated and identifies the Debtors as the proponents thereof.

O.      As required by section 1129(a)(2) of the Bankruptcy Code, the Debtors, as proponents of the Combined Disclosure Statement and Plan, have complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Approval and Procedures Order, and all other rules, laws, and regulations applicable to such solicitation. The Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Combined Disclosure Statement and Plan pursuant to section 1121(a) of the Bankruptcy Code.

P.      The Combined Disclosure Statement and Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code, and not by any means forbidden by law, thus satisfying section 1129(a)(3) of the Bankruptcy Code.

Q.      Any payments made or promised by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to approval of, this Court as reasonable, thus satisfying section 1129(a)(4) of the Bankruptcy Code.

R.      The identity of, and the terms of the proposed compensation to be paid to, the Plan Administrator are consistent with the interests of Holders of Claims and Interests and with public policy, and thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

S.      The provisions of section 1129(a)(6) of the Bankruptcy Code are inapplicable to the Chapter 11 Cases.

T.      As evidenced by the Combined Disclosure Statement and Plan, the Voting Declaration, and the Confirmation Declaration, and established at or in connection with the Confirmation Hearing, each holder of a Claim or Interest in each Impaired Class has either accepted the Combined Disclosure Statement and Plan or will receive or retain under the Combined Disclosure Statement and Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors liquidated under chapter 7 of the Bankruptcy Code on such date.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

U.      As evidenced by the Voting Declaration, Class 3 for each Debtor voted in favor of the Combined Disclosure Statement and Plan.  Classes 1 and 2 are Unimpaired under the Combined Disclosure Statement and Plan and are, therefore, presumed to have accepted the Combined Disclosure Statement and Plan under section 1126(f) of the Bankruptcy Code, thus satisfying section 1129(a)(8) of the Bankruptcy Code.  Classes 4, 5, and 6 are Impaired by the Combined Disclosure Statement and Plan and are not entitled to receive or retain any property under the Combined Disclosure Statement and Plan and, therefore, are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code.  As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the fact that Classes 4, 5, and 6 are Impaired and deemed to have rejected the Combined Disclosure Statement and Plan.

V.      Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Combined Disclosure Statement and Plan of the type specified in sections 507(a)(1) and 507(a)(3)-(8) of the Bankruptcy Code, if any, complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

W.      Class 3 is Impaired and has accepted the Combined Disclosure Statement and Plan, determined without including any acceptances of the Combined Disclosure Statement and Plan by any insider.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

X.      The Combined Disclosure Statement and Plan provides for adequate means for its implementation and, thus, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.  Because the Combined Disclosure Statement and Plan is a plan of liquidation

for the Debtors, Confirmation is not likely to be followed by the need for further financial reorganization of the Debtors.

Y.     All U.S. Trustee Fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code together with the statutory rate of interest set forth in section 3717 of Title 31 of the U.S. Code to the extent applicable shall be paid in accordance with section 16.6 of the Combined Disclosure Statement and Plan.

Z.     No Debtor offered "retiree benefits," as that term is used in the Bankruptcy Code, was required to pay a domestic support obligation, or is an individual.  Accordingly, sections 1129(a)(13)-(15) of the Bankruptcy Code are inapplicable.

AA.     The Debtors are moneyed, business, or commercial corporations. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable.

BB.     The primary purpose of the Combined Disclosure Statement and Plan is not the avoidance of taxes or the requirements of section 5 of the Securities Act of 1933.

CC.     The Debtors and their independent directors, officers, managers, employees, advisors, professionals, and other agents and representatives have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Interim Approval and Procedures Order in connection with all of their respective activities relating to the solicitation of the Plan and their participation in the activities described in section 1125(e) of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunction, exculpation, and release provisions set forth in Article XIV of the Plan and in this Confirmation Order to the extent provided in the Plan and this Confirmation Order.

DD.    Holders of Claims and Interests in Classes 4, 5, and 6 are deemed to have rejected the Combined Disclosure Statement and Plan.  Based upon the evidence proffered, adduced, and presented by the Debtors in the Confirmation Declaration or in connection with the Confirmation Hearing, the Combined Disclosure Statement and Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1)–(2) of the Bankruptcy Code.  Thus, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the deemed rejection of the Combined Disclosure Statement and Plan by the Holders of Claims and Interests in Classes 4, 5, and 6.

EE.    The conditions to the occurrence of the Effective Date in Article XIII of the Combined Disclosure Statement and Plan are reasonably likely to be satisfied or waived in accordance with the Combined Disclosure Statement and Plan.

FF.    With respect to any and all Executory Contracts of the Debtors that have not been assumed or assumed and assigned by the Debtors as of the Effective Date, such Executory Contracts are burdensome to the Estates, and rejection of such Executory Contracts pursuant to the Plan and this Confirmation Order is in the best interests of the Debtors and their Estates and is an appropriate exercise of the Debtors' business judgment.

GG.    The Debtors, as proponents of the Combined Disclosure Statement and Plan, have met their burden of proving the elements of sections 1129(a)–(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.  This Court also finds that the Debtors have satisfied the elements of sections 1129(a)–(b) of the Bankruptcy Code under the clear and convincing standard of proof.

HH.    The other discretionary provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(6) of the Bankruptcy Code.

II.    This Court properly may retain jurisdiction over the matters set forth in Article XV of the Combined Disclosure Statement and Plan.

JJ.    Under the circumstances, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 7062(a) be waived.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

1.    The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.    The Combined Disclosure Statement and Plan, including all exhibits and modifications thereto, attached hereto as **Exhibit A**, including, without limitation, the Plan Supplement, is approved and confirmed pursuant to section 1129 of the Bankruptcy Code; *provided, however*, that, if there is any conflict between the terms of the Combined Disclosure Statement and Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. The terms of the Combined Disclosure Statement and Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. Any objections to approval and Confirmation of the Combined Disclosure Statement and Plan, or any reservations of rights thereto, to the extent not withdrawn, waived, or resolved herein, are hereby overruled and denied on the merits.

3.    The Combined Disclosure Statement and Plan is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code,

and any objections to the adequacy of the information contained in the Combined Disclosure Statement and Plan not withdrawn, waived, or resolved herein are hereby overruled and denied on the merits.

4.      Pursuant to section 1123 of the Bankruptcy Code, upon the Effective Date, all settlements and compromises set forth in the Plan are approved in all respects, and constitute good faith compromises and settlements.

5.      Subject to the provisions of the Combined Disclosure Statement and Plan, in accordance with section 1141(a) of the Bankruptcy Code, and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be immediately binding upon, and inure to the benefit of:  (a) the Debtors; (b) the Post-Effective Date Debtors; (c) any and all Holders of Claims or Interests (irrespective of whether any of such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan, whether the Holders of such Claims or Interests accepted, rejected, or are presumed to have accepted or deemed to have rejected the Combined Disclosure Statement and Plan, or whether such Holders filed a proof of claim or interest in the Chapter 11 Cases); (d) any other Entity giving, acquiring, or receiving property under the Combined Disclosure Statement and Plan; (e) the Plan Administrator (in its capacity as such); (f) any and all non-Debtor parties to any Executory Contract; and (g) the respective Affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, successors, or assigns, if any, or any Entity claiming by, through, or in the right of such Entity, of any of the foregoing.  On the Effective Date, except as otherwise set forth in the Combined Disclosure Statement and Plan: (i) all settlements, compromises, releases, waivers, exculpations, and injunctions set forth in the Combined Disclosure Statement and Plan shall be effective and binding on all Entities as provided

for in the Combined Disclosure Statement and Plan and this Confirmation Order; and (ii) pursuant to sections 1141(b)–(c) of the Bankruptcy Code, the Wind Down Assets shall vest in the Estates of the Post-Effective Date Debtors on a free-and-clear basis.

6.       The Combined Disclosure Statement and Plan shall not become effective unless and until the conditions set forth in Section 13.1 of the Combined Disclosure Statement and Plan have been satisfied or waived pursuant to Section 13.3 thereof.

7.       In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims who voted to accept the Plan, or who are conclusively presumed to have accepted the Plan, are deemed to accept the Plan as modified after the Ballots were received.

8.       The Plan's classification scheme is approved.  The classification set forth in any solicitation notices:  (a) was set forth solely for purposes of voting to accept or reject the Plan; (b) does not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim as representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding on the Debtors or the Estates, except for Plan voting purposes.

9.       Except as expressly provided in the Plan, the Plan Supplement, or this Confirmation Order, and unless sold or transferred through the Sale Order, or otherwise waived, relinquished, exculpated, resolved, released, compromised, or settled pursuant to the Plan or a Final Order of this Court:  (i) in accordance with section 1123(b)(3) of the Bankruptcy Code, the Post-Effective Date Debtors shall retain all Preserved Causes of Action and nothing contained in the Plan or this Confirmation Order shall be deemed a release, waiver or relinquishment of any

such Preserved Causes of Action; and (ii) the Post-Effective Date Debtors shall have, retain, reserve and be entitled to assert all such Preserved Causes of Action as fully as if the Chapter 11 Cases had not been commenced, and all of the Post-Effective Date Debtors' legal and equitable rights respecting any Claims that are not specifically waived or relinquished by the Plan, this Confirmation Order, or any Final Order (including settlement or other agreements authorized thereby) may be asserted after the Effective Date to the same extent as if the Chapter 11 Cases had not been commenced.

10.     Unless a Preserved Cause of Action against a Holder or other person or Entity is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including this Confirmation Order), the Debtors, the Estates, and the Post-Effective Date Debtors, as applicable, expressly reserve such Preserved Cause of Action for later adjudication, including, without limitation, Preserved Causes of Action of which the Debtors may presently be unaware or which may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist (but not, for the avoidance of doubt, any Avoidance Actions which are released and expressly waived by the Debtors).  Therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), laches, or the like shall apply to such Preserved Causes of Action upon or after the entry of this Confirmation Order or the Effective Date based on the Combined Disclosure Statement and Plan or this Confirmation Order, except where such Preserved Causes of Action have been expressly waived, relinquished, released, compromised, or settled in the Plan, this Confirmation Order, or any Final Order of this Court or,

following the Effective Date, in a written agreement duly executed by the Plan Administrator, which agreement, by its terms, is not subject to Court approval.

11.     On the Effective Date, the Plan Administrator is authorized to do all things and to execute and deliver all agreements, documents, instruments, notices, and certificates as are contemplated by the Plan and to take all necessary or appropriate actions required in connection therewith, in the name of and on behalf of the Post-Effective Date Debtors.

12.     The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Plan Administrator to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan, the Plan Administrator Agreement, or this Confirmation Order.

13.     The appointment of Burton Hastings Advisors LLC as the Plan Administrator is hereby approved.  The Plan Administrator is hereby authorized to wind up the Debtors' affairs and may make Distributions after the Effective Date in accordance with this Confirmation Order, the Combined Disclosure Statement and Plan, the Plan Administrator Agreement, and the Wind Down Budget (including the DIP Budget Increased Amount).  The Plan Administrator shall have such rights, powers, and duties set forth in this Confirmation Order, the Plan Supplement, the Plan Administrator Agreement, and the Debtors' operating agreements and shall receive such compensation as is provided for in the Plan Administrator Agreement. The terms of the Debtors' organizational documents and such organizational documents including, but not limited to, the *Certificate of Incorporation of Blink Holdings II, Inc.*, the *Certificate of Merger of Blink Mergersub Inc. with and into Blink Holdings, Inc.*, and the *Second Amended and Restated LLC Agreement of Blink Intermediate Holdings, LLC* providing for the limitation on personal

liability shall apply to the Plan Administrator as sole director, member, manager and officer of the Post-Effective Date Debtors.  The Debtors and the Post-Effective Date Debtors shall take all necessary steps to have the Plan Administrator included as an additional insured under the Debtors' directors' and officers' insurance policies.

14.     The Plan Administrator Agreement, substantially in the form filed with the Plan Supplement, is hereby approved.  The Plan Administrator Agreement sets forth the procedures for the appointment of a successor Plan Administrator.  If the Plan Administrator fails to appoint a successor Plan Administrator prior to the Plan Administrator's resignation, death, disability or removal, this Court may appoint a successor Plan Administrator *sua sponte* or upon motion.

15.     Upon entry of this Confirmation Order, all Executory Contracts or Unexpired Leases that have not been assumed, assumed and assigned, or rejected, or are not subject to a motion to assume, assume and assign, or reject filed before the date of entry of this Confirmation Order, shall be deemed rejected pursuant to the Plan and this Confirmation Order, effective as of the date of entry of this Confirmation Order.

16.     **All objections to Claims (other than the Professional Fees, which shall be governed by Article VI of the Plan), if any, shall be filed by the Post-Effective Date Debtors or the Plan Administrator on or before 180 days after the Effective Date, which date may be extended by this Court upon a motion filed by the Plan Administrator on or before the Claims Objection Deadline with notice only to those parties entitled to notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the filing of such motion.**

17.     **Unless required to be filed by an earlier date by another order of this Court, any Holder of an Administrative Claim that arose prior to the Effective Date, other**

than Professional Fees or a claim for U.S. Trustee Fees, must file with this Court and serve on (a) the Plan Administrator and its counsel, (b) the U.S. Trustee, and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002, a request for payment of such Administrative Claim so as to be <u>received by 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the Effective Date Notice is filed and served</u>. Such request must include at a minimum: (i) the name of the Debtor(s) that are purported to be liable for the Administrative Claim; (ii) the name of the Holder of the Administrative Claim; (iii) the amount of the Administrative Claim; (iv) the basis of the Administrative Claim; and (v) all supporting documentation for the Administrative Claim. Any Administrative Claim that is not timely filed as set forth above may be forever barred, and Holders of such Administrative Claims may not be able to assert such Claims in any manner against the Plan Administrator, the Debtors, or their Estates, or their respective successors or assigns or their respective property.

18. Unless required to be filed by an earlier date by another order of this Court, all Professional Fees must be filed with this Court and served on (a) the Plan Administrator and its counsel (to the extent filed after the Effective Date), and (b) the U.S. Trustee, <u>so as to be received by the Professional Fee Deadline, which shall be the date that is forty-five (45) days after the Effective Date Notice is filed</u>. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of this Court in the Chapter 11 Cases, this Court shall determine the Allowed amounts of such Professional Fees. Any request for payment of Professional Fees that is not timely filed as set forth above will be forever barred unless the Post-Effective Date Debtors and the Plan Administrator determine otherwise, and Holders of such Professional Fees will not be able

**to assert such Claims in any manner against the Plan Administrator, the Debtors, or their Estates, or their respective successors or assigns or their respective property.**

19.     For the avoidance of doubt, any remaining funds held in the Professional Fee Escrow after all Allowed Professional Fees have been irrevocably paid (up to the respective applicable amounts allocated to each Professional in the Wind Down Budget and otherwise in accordance with the Plan) pursuant to one or more Final Orders shall be remitted to the Prepetition Agent for distribution to the Prepetition Secured Parties on account of their then outstanding Prepetition Loan Secured Claims.

20.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Combined Disclosure Statement and Plan.   Each federal, state, commonwealth, local, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Combined Disclosure Statement and Plan and this Confirmation Order.

21.     The Debtors are hereby authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and to take such other actions, as may be necessary or appropriate to effectuate, implement, or further evidence the terms and conditions of the Combined Disclosure Statement and Plan.   On and after the Effective Date, the Plan Administrator is authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases, and other agreements in the name of and on behalf of the Post-Effective Date Debtors.

22.     To the extent permitted by section 1146(a) of the Bankruptcy Code, any transfers of property under the Combined Disclosure Statement and Plan shall not be subject to any stamp tax or similar tax.  Upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax and may accept for filing and recordation this Confirmation Order without the payment of any such tax, recordation fee, or governmental assessment.

23.     This Court hereby retains jurisdiction of the Chapter 11 Cases and all matters arising under, out of, or related to the Chapter 11 Cases and the Combined Disclosure Statement and Plan (a) as provided for in Article XV of the Combined Disclosure Statement and Plan, (b) as provided for in this Confirmation Order, and (c) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.

24.     The release, exculpation, injunction, and indemnification provisions contained in the Combined Disclosure Statement and Plan including, without limitation, those set forth in Article XIV of the Combined Disclosure Statement and Plan, are expressly incorporated into this Confirmation Order as if set forth herein in full, and are hereby authorized and approved and shall be effective and binding on all persons or entities, to the extent provided therein.

25.     No Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any Assets that are to be distributed under the Combined Disclosure Statement and Plan other than Assets required to be distributed to that Entity under the Combined Disclosure Statement and Plan.  All parties are precluded from asserting against any property to be distributed under the Combined Disclosure Statement and Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Combined Disclosure

Statement and Plan or this Confirmation Order.  Except as otherwise expressly provided for in the Combined Disclosure Statement and Plan or in obligations issued pursuant to the Combined Disclosure Statement and Plan, all Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest that has been released or exculpated in the Combined Disclosure Statement and Plan, from:  (a) commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, the Plan Administrator, their successors and assigns, and any of their assets and properties on account of such Claim or Interest; (b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, the Plan Administrator, their successors and assigns, and any of their assets and properties on account of such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind against any Estate, the Plan Administrator, their successors and assigns, and any of their assets and properties on account of such Claim or Interest; (d) asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, the Plan Administrator or their successors and assigns, or against any of their assets and properties on account of such Claim or Interest, except to the extent a right to setoff or subrogation is asserted with respect to a timely Filed Proof of Claim or exercised prepetition;  or (e) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Interest or Cause of Action released under Article XIV of the Plan.  All injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of the Chapter 11 Cases.

26.     Notwithstanding any provisions in the Combined Disclosure Statement and Plan to the contrary, the Debtors are not entitled to, and shall not receive, a discharge pursuant to section 1141(d)(3) of the Bankruptcy Code.

27.     All Distributions shall be free and clear of all liens, claims, encumbrances, and other interests.

28.     As to any Governmental Unit, nothing in the Plan or this Confirmation Order shall limit or expand the scope of the release or injunction to which the Debtors or the Post-Effective Date Debtors are entitled under the Bankruptcy Code, if any.  The release and injunction provisions contained in the Plan and this Confirmation Order are not intended and shall not be construed to bar any Governmental Unit from, subsequent to entry of this Confirmation Order, pursuing any police or regulatory action.

29.     Notwithstanding anything contained in the Plan or this Confirmation Order to the contrary, nothing in the Plan or this Confirmation Order shall release, impair, or otherwise preclude:  (1) any liability to any Governmental Unit that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code; (2) any Claim of any Governmental Unit arising on or after the Confirmation Date; (3) any valid right of setoff or recoupment of any Governmental Unit against any of the Debtors; or (4) any liability of the Debtors or the Post-Effective Date Debtors under police or regulatory statutes or regulations to any Governmental Unit as the owner, lessor, lessee or operator of property that such entity owns, operates, or leases after the Confirmation Date.  Nor shall anything in this Confirmation Order or the Plan:  (i) enjoin or otherwise bar any Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence; or (ii) divest any court, commission, or tribunal of jurisdiction to determine

whether any liabilities asserted by any Governmental Unit are discharged or otherwise barred by this Confirmation Order, the Plan, or the Bankruptcy Code.

30.     Moreover, nothing in this Confirmation Order or the Plan shall release or exculpate any non-debtor, including any Released Parties and/or Exculpated Parties, from any liability to any Governmental Unit, including, but not limited to, any liabilities arising under the Internal Revenue Code, the environmental laws, or the criminal laws against the Released Parties and/or Exculpated Parties, nor shall anything in the Confirmation Order or the Plan enjoin any Governmental Unit from bringing any claim, suit, action, or other proceeding against any non-Debtor for any liability whatsoever.  Nothing contained in the Plan or this Confirmation Order shall be deemed to determine the tax liability of any person or entity, including, but not limited to, the Debtors and the Post-Effective Date Debtors, nor shall the Plan or this Confirmation Order be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of the Plan, nor shall any language in the Plan or this Confirmation Order be deemed to expressly expand or diminish the jurisdiction of this Court to make determinations as to federal tax liability and federal tax treatment under the Bankruptcy Code and 28 U.S.C. §§ 157 and 1334.

31.     The Sale Documents shall remain in full force and effect notwithstanding entry of this Confirmation Order, and the Court shall retain jurisdiction to resolve any disputes arising under the Sale Documents to the extent set forth therein.

32.     The failure to reference or discuss any particular provision of the Combined Disclosure Statement and Plan in this Confirmation Order shall have no effect on the validity, binding effect, and enforceability or such provision, and such provision shall have the same

validity, binding effect, and enforceability as every other provision of the Combined Disclosure Statement and Plan.

33.    **Resolution With Texas Taxing Authorities**.  Notwithstanding anything to the contrary in the Combined Plan and Order, the Debtors or Post-Effective Date Debtors shall pay all post-petition ad valorem tax liabilities (tax year 2025 and subsequent tax years), if any, owing to the Texas Taxing Authorities[3] in the ordinary course of business as such tax debt comes due and prior to said ad valorem taxes becoming delinquent without the need of the Texas Taxing Authorities to file an administrative expense claim and/or request for payment.  The Texas Taxing Authorities shall retain their post-petition liens (the "**Tax Liens**") against the Debtors' or Post-Effective Date Debtors' personal property located in Texas, if any, until any such post-petition taxes are paid in full, including any accrued penalties and interest; provided that, the Tax Liens are valid, senior, perfected, enforceable and nonavoidable.  The Tax Liens shall not be primed or subordinated by any exit financing in conjunction with confirmation of the Plan or otherwise.  In the event the Debtors or Post-Effective Date Debtors sell, convey, or transfer any property which is the collateral of the Texas Taxing Authorities, the Debtors or Post-Effective Date Debtors shall remit such sales proceeds first to the Texas Taxing Authorities to be applied to the Texas Taxing Authorities' post-petition taxes incident to any such property sold, conveyed or transferred and such proceeds shall be disbursed by the closing agent at the time of closing prior to any disbursement of the sale proceeds to any other person or entity.

34.    **Resolution with Specified Landlords**. Notwithstanding anything to the contrary herein, nothing in the Plan or this Confirmation Order shall modify the rights, if any, of

---

[3]    The "**Texas Taxing Authorities**" consist of the following entities: Fort Bend County, City of Houston (for accounts collected by Linebarger), Houston Community College System, Houston Independent School District, Tarrant County, Fort Bend Independent School District, City of Houston (for accounts collected by Perdue), Alief Independent School District and Spring Branch Independent School District.

the Specified Landlords[4] to assert any right of setoff or recoupment that such party may have under

applicable bankruptcy Law or non-bankruptcy Law, including, but not limited to, the (i) ability, if

any, of the Specified Landlords to setoff or recoup a security deposit held pursuant to the terms of

their Unexpired Lease(s) with the Debtors, or any successors to the Debtors, under the Plan, (ii)

assertion of rights of setoff or recoupment, if any, in connection with Claims reconciliation, or (iii)

assertion of setoff or recoupment as a defense, if any, to any Claim or action by the Debtors, the

Post-Effective Date Debtors, or any successors of the Debtors.

35.    **Resolution With Surety**.

a.    The rights of Hartford Fire Insurance Company, individually, and with its affiliated surety

or sureties ("**Surety**") with respect to subrogation to the extent any Claim is paid by a

Surety, setoff and recoupment rights, lien rights and trust claims, if any, are not primed,

subordinated, affected or impaired by the Plan Documents (including but not limited to

Section 14.1(d)(4) of the Plan), or any order of the Court, and neither are the rights of any

party to whom a Surety may be subrogated.  Accordingly, Section 9.15 of the Plan shall

apply to the Surety (in addition to the DIP Secured Parties and Prepetition Secured Parties).

Sections 11.4 or 11.7 of the Plan shall not apply to the Surety or to any Claim to which a

Surety may be subrogated.

b.    On the Effective Date, any bonds of any kind issued by the Surety, and any agreements

related thereto, shall be deemed rejected (to the extent executory) and cancelled. Nothing

in the Plan Documents or any order entered by the Bankruptcy Court shall prime, modify,

subordinate, impair or affect the Surety's rights against any non-Debtor, or any non-

---

[4]    The "**Specified Landlords**" consist of the following entities:  16302 Jamaica Avenue LLC, Brixmor Morris Hills
LLC, Brixmor SPE 6, LLC, Lodi Value Add II, LLC, Oak Lawn Joint Venture I, LLC, SUP II Acquisitions, LLC
and UE Bergen Mall Owner LLC.

Debtors' rights against the Surety, except to the extent explicitly set forth in the Sale Orders.

c.      For the avoidance of doubt, the Surety (and the holders of claims to which the Surety may be subrogated) are not "Releasing Parties."

36.     The Effective Date Notice, substantially in the form attached hereto as **Exhibit B**, is hereby approved.  Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Plan Administrator shall serve the Effective Date Notice in accordance with Section 13.2 of the Combined Disclosure Statement and Plan no later than five (5) Business Days after the Effective Date.

37.     The Plan Administrator is authorized and empowered to effect the dissolution of any of the Debtors as soon as practicable after the Effective Date, or to allow for the administrative dissolution of any or all of the Debtors under applicable state law, without the need for any company action or approval.  All governance activities of a Debtor shall be exercised by the Plan Administrator in accordance with the Combined Plan and Disclosure Statement, the Plan Administrator Agreement, and this Confirmation Order, and the Plan Administrator shall be authorized and empowered to take or cause to be taken all actions necessary or appropriate to implement and consummate the Plan in accordance with the Combined Plan and Disclosure Statement, the Plan Administrator Agreement, and this Confirmation Order.

38.     The Plan Administrator shall seek and obtain a final decree from the Bankruptcy Court upon the full administration of the Estates and the Chapter 11 Cases.  For the avoidance of doubt, the Plan Administrator may, in its sole discretion, seek to close any Chapter 11 Case as and when such Chapter 11 Case is fully administered; provided, that, at least one

Chapter 11 Case shall remain open until the Plan is fully administered and a final decree is obtained.

39.     Subject to the occurrence of the Effective Date, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, 8001, or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be, and hereby are, immediately effective and enforceable and deemed binding upon the Debtors, the Post-Effective Date Debtors, the Plan Administrator, any and all other Holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan, whether the Holders of such Claims or Interests accepted, were presumed to have accepted, rejected, or were deemed to have rejected the Combined Disclosure Statement and Plan, or whether such Holders filed a proof of claim or interest in the Chapter 11 Cases), any trustees or examiners appointed in the Chapter 11 Cases, all Entities that are party to or subject to the settlements, compromises, releases, injunctions, stays, and exculpations described in the Combined Disclosure Statement and Plan or herein, each Entity acquiring property under the Combined Disclosure Statement and Plan, any and all non-Debtor parties to Executory Contracts, and all other parties in interest, and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, or any Entity claiming by, through or in the right of such Entity, of any of the foregoing.

40.     The Debtors are authorized to consummate the Combined Disclosure Statement and Plan at any time after the entry of this Confirmation Order, subject to satisfaction or waiver of the conditions precedent to the occurrence of the Effective Date as set forth in Article XIII of the Combined Disclosure Statement and Plan.  On the Effective Date, the Plan shall

be deemed to be substantially consummated within the meaning in section 1101 of the Bankruptcy Code and pursuant to section 1127(b) of the Bankruptcy Code.

41.     This Confirmation Order (a) is intended to be a final order such that the period in which an appeal must be filed shall commence upon the entry hereof, (b) shall be immediately effective and enforceable upon the entry hereof, and (c) for good cause shown, based on the record of the Confirmation Hearing, shall not be subject to any stay otherwise applicable under the Bankruptcy Rules, including Bankruptcy Rules 3020(e) and 6004(h).

## EXHIBIT A

**Combined Disclosure Statement and Plan**

**EXHIBIT B**

**Effective Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) ENTRY OF CONFIRMATION ORDER,
(II) OCCURRENCE OF EFFECTIVE DATE, AND (III) RELATED BAR DATES**

**TO:    ALL PARTIES IN INTEREST**

      **PLEASE TAKE NOTICE THAT:**

      **Confirmation of Plan**.  On February [_____], 2025, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered its *Findings of Fact, Conclusions of Law, and Order Approving and Confirming the Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. ___] (the "**Confirmation Order**").  Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the *Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* attached as Exhibit A to the Confirmation Order (the "**Plan**").[2]  Copies of the Confirmation Order and the Plan may be obtained by accessing https://dm.epiq11.com/case/BlinkFitness.

      **Effective Date**.  The Effective Date of the Plan occurred on [_____], 2025.  Each of the conditions precedent to consummation of the Plan enumerated in Section 13.1 of the Plan have been satisfied and/or waived as provided in Section 13.3 of the Plan.

      **Release, Exculpation, and Injunction**.  Pursuant to the Confirmation Order, the release, injunction, and exculpation provisions in Article XIV of the Plan are now in full force and effect.

      **Administrative Claims Deadline**.  In accordance with Section 6.2 of the Plan and the Confirmation Order, unless required to be filed by an earlier date by another order of the Bankruptcy Court, any Holder of an Administrative Claim that arose after the Petition Date but

---

1    The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting counsel for the Debtors.

2    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan or the Confirmation Order, as applicable.

prior to the Effective Date, other than Professional Fees or a claim for U.S. Trustee Fees, must file with the Bankruptcy Court and serve on (a) the Plan Administrator and its counsel, (b) the U.S. Trustee, and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002, a request for payment of such Administrative Claim so as to be received by **5:00 p.m. (ET) on [_____]**, 2025 (the "**Administrative Expense Deadline**").  Such request must include at a minimum: (i) the name of the Debtor(s) that are purported to be liable for the Administrative Claim; (ii) the name of the Holder of the Administrative Claim; (iii) the amount of the Administrative Claim; (iv) the basis of the Administrative Claim; and (v) all supporting documentation for the Administrative Claim.  Any Administrative Claim that is not timely filed as set forth above will be forever barred, and Holders of such Administrative Claims will not be able to assert such Claims in any manner against the Plan Administrator, the Debtors, or their Estates, or their respective successors or assigns or their respective property.

      **Professional Fee Claims Deadline**.  In accordance with the Section 6.3 of the Plan, Professionals asserting Professional Fees for services rendered by Professionals in connection with the Chapter 11 Cases from the Petition Date through and including the Effective Date must file an application for allowance and payment of such Professional Fees no later than **5:00 p.m. (ET) on [_____]** (the "**Professional Fee Deadline**").  Objections to any applications of Retained Professionals must be filed by no later than twenty (20) days after service of the applicable final application for allowance and payment of Professional Fees.

Dated: Wilmington, Delaware
     [____], 2025

               */s/ DRAFT* _____

**Exhibit B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ~~767~~806** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**
**AND ORDER APPROVING AND CONFIRMING THE ~~SECOND~~THIRD AMENDED**
**COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11**
**PLAN OF BLINK HOLDINGS, INC. AND ITS AFFILIATED**
**DEBTORS AND DEBTORS IN POSSESSION**

Upon consideration of (a) the *~~Second~~Third* *Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. ~~767~~806] (as amended, modified, or supplemented, the "**Combined Disclosure Statement and Plan**" or the "**Plan**"),[2] attached hereto as **Exhibit A**, (b) the *Debtors' Motion for Entry of an Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballot and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the Deadline for Filing Objections Thereto; and (VI)*

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan, unless otherwise noted.



*Granting Related Relief* [Docket No. 501] (the "**Solicitation Motion**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), (c) the *Memorandum of Law in Support of Confirmation of the Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 771] (the "**Confirmation Memorandum**"), (d) the *Declaration of Emily Young Regarding Tabulation of Votes in Connection with the Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 740] (the "**Voting Declaration**"), (e) the *Declaration of Steven Shenker in Support of Confirmation of the Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 770] (the "**Confirmation Declaration**") and (f) the *Notice of (I) Approval of Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; and (II) the Hearing to Consider (A) Final Approval of the Combined Disclosure Statement and Plan as Containing Adequate Information and (B) Confirmation of the Plan* [Docket No. 699] (the "**Publication Notice**"); and this Court, by order dated December 18, 2024 [Docket No. 697] (the "**Interim Approval and Procedures Order**"), having conditionally approved the Combined Disclosure Statement and Plan for solicitation purposes only and authorized the Debtors to solicit votes for the Combined Disclosure Statement and Plan; and all objections and all reservations of rights that have not been withdrawn, waived, or settled pertaining to final approval and Confirmation of the Combined Disclosure Statement and Plan having been overruled on the merits; and a hearing having been held on February 4, 2025, which was continued to February 28, 2025, regarding final approval and Confirmation of the Combined Disclosure Statement and Plan (the "**Confirmation Hearing**"); and upon the



evidence adduced and proffered and the arguments of counsel made at or in connection with the Confirmation Hearing; and this Court having reviewed all documents in connection with Confirmation and having heard all parties desiring to be heard with respect to Confirmation; and upon the record compiled in the Chapter 11 Cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; this Court hereby makes the following

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.       The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.       This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue of these proceedings and the Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b), and this Court may enter a final order hereon under Article III of the U.S. Constitution.

C.       On October 16, 2024, the Debtors filed the initial version of the Combined Disclosure Statement and Plan [Docket No. 502].  On December 18, 2024 and January 31, 2025, the Debtors filed an amended versionversions of the Combined Disclosure Statement and Plan


32559205.4
32559205.5

[Docket ~~No~~Nos. 698 and 767].  The filing of the Combined Disclosure Statement and Plan satisfies Bankruptcy Rule 3016 and Local Rule 3017-2.

D.      As evidenced by the *Certificate of Service of Solicitation Materials* [Docket No. 707], on December 20, 2024, the Debtors caused the Ballots to be distributed to the Holders of the Prepetition Loan Secured Claims in Class 3 as required by sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Local Rules, all other applicable provisions of the Bankruptcy Code, the Interim Approval and Procedures Order, and all other rules, laws, and regulations applicable to such solicitation.  The Solicitation Package (as defined in the Interim Approval and Procedures Order) was transmitted in accordance with the Interim Approval and Procedures Order.  Such transmittal and service was adequate and sufficient under the circumstances, and no other or further notice is or shall be required.

E.      As evidenced by the *Certificate of Service of Solicitation Materials* [Docket No. 707] and the Publication Notice, the Debtors provided adequate and sufficient notice of the Combined Disclosure Statement and Plan and Confirmation Hearing, as required by Bankruptcy Rule 3017(d), to all Holders of Claims and Interests and all other parties in interest, and no other or further notice is or shall be required.

F.      The solicitation of an acceptance or rejection of the Combined Disclosure Statement and Plan has been fair, properly conducted, in good faith, and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Approval and Procedures Order, and all other rules, laws, and regulations applicable to such solicitation.

G.      The procedures by which the Ballots for acceptance or rejection of the Plan were distributed and tabulated, including as set forth in the Voting Declaration, under the



circumstances of the Chapter 11 Cases were fair, properly conducted, in good faith, and complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable non-bankruptcy law, and the Interim Approval and Procedures Order. As more fully set forth in the Voting Declaration, Class 3 for each Debtor voted to accept the Plan.

H.    The Combined Disclosure Statement and Plan complies with all of the applicable provisions of the Bankruptcy Code including, but not limited to: (a) the proper classification of Claims and Interests (sections 1122 and 1123(a)(1) of the Bankruptcy Code); (b) the specification of Unimpaired Classes (section 1123(a)(2) of the Bankruptcy Code); (c) the specification of treatment of Impaired Classes (section 1123(a)(3) of the Bankruptcy Code); (d) the provision for the equal treatment of each Claim or Interest within a particular Class (section 1123(a)(4) of the Bankruptcy Code); (e) the provision for adequate and proper means of implementation (section 1123(a)(5) of the Bankruptcy Code); (f) the prohibition against the issuance of non-voting equity securities (section 1123(a)(6) of the Bankruptcy Code); (g) the manner of selection of the Plan Administrator (section 1123(a)(7) of the Bankruptcy Code); and (h) the inclusion of additional Plan provisions permitted to effectuate and implement the transactions contemplated by the Combined Disclosure Statement and Plan (section 1123(b) of the Bankruptcy Code). Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(1) of the Bankruptcy Code.

I.    Article IX of the Plan provides for the appointment of the Plan Administrator, who, as of the Effective Date, will be empowered and directed to, among other things, implement the terms of the Combined Disclosure Statement and Plan and the Plan Administrator Agreement, and otherwise effectuate the Wind Down of the Estates and administer the Wind Down Assets, in accordance with the terms of the Combined Disclosure



Statement and Plan, the Wind Down Budget, this Confirmation Order, and the Plan Administrator Agreement. The foregoing is consistent with the interest of Holders of Claims and Interests and with public policy, and therefore, section 1123(a)(7) of the Bankruptcy Code is satisfied.

J.     The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class or Sub-Class, unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest. Thus, section 1123(a)(4) of the Bankruptcy Code is satisfied.

K.     The settlements and compromises pursuant to and in connection with the Combined Disclosure Statement and Plan comply with and satisfy the requirements of section 1123(b)(3) of the Bankruptcy Code.

L.     This Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b), and the *Amended Standing Order of Reference* dated as of February 29, 2012, from the United States District Court, to approve the releases and exculpations set forth in Article XIV of the Combined Disclosure Statement and Plan, and the related injunctions provided for therein. Section 105(a) of the Bankruptcy Code permits approval of such releases, exculpations, and injunctions because, as has been established here, based upon the record in the Chapter 11 Cases and the evidence presented at or in connection with the Confirmation Hearing, such provisions set forth in Article XIV of the Combined Disclosure Statement and Plan are:  (a) within the jurisdiction of this Court as set forth above; (b) an appropriate exercise of the Debtors' business judgment; (c) given in exchange for the good and valuable consideration provided by Released Parties; (d) essential to the formulation and implementation of the Plan; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice



and an opportunity to object and be heard with respect thereto, as the Combined Disclosure Statement and Plan, the Confirmation Notice, and the Ballots each unambiguously state that (i) the Plan contains certain release, exculpation, and injunction provisions and (ii) affected parties may object to such release, exculpation, and injunction provisions; (h) are consistent with sections 105, 524, 1123, 1129, and 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code and applicable law; and (i) a bar to any Entity asserting any claim or Cause of Action released or exculpated by Article XIV of the Combined Disclosure Statement and Plan, including a bar to any of the Releasing Parties asserting any released claims or Causes of Action against any of the Released Parties, as and to the extent provided for in the Plan and this Confirmation Order.

M.    The releases in Article XIV of the Plan are consensual as they pertain to the Releasing Parties because they are given and made after due notice and an opportunity to object and be heard with respect thereto, as the Combined Disclosure Statement and Plan, the Confirmation Notice, and the Ballots each state that (a) the Plan contains such releases and (b) the affected parties consented to the Court's approval of the releases set forth in Section 14(c) of the Plan and the related injunction.

N.    In accordance with Bankruptcy Rule 3016(a), the Combined Disclosure Statement and Plan is dated and identifies the Debtors as the proponents thereof.

O.    As required by section 1129(a)(2) of the Bankruptcy Code, the Debtors, as proponents of the Combined Disclosure Statement and Plan, have complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Approval and Procedures Order, and all other rules, laws, and regulations applicable to such solicitation.  The Debtors are proper



debtors under section 109 of the Bankruptcy Code and proper proponents of the Combined Disclosure Statement and Plan pursuant to section 1121(a) of the Bankruptcy Code.

P.      The Combined Disclosure Statement and Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code, and not by any means forbidden by law, thus satisfying section 1129(a)(3) of the Bankruptcy Code.

Q.      Any payments made or promised by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to approval of, this Court as reasonable, thus satisfying section 1129(a)(4) of the Bankruptcy Code.

R.      The identity of, and the terms of the proposed compensation to be paid to, the Plan Administrator are consistent with the interests of Holders of Claims and Interests and with public policy, and thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

S.      The provisions of section 1129(a)(6) of the Bankruptcy Code are inapplicable to the Chapter 11 Cases.

T.      As evidenced by the Combined Disclosure Statement and Plan, the Voting Declaration, and the Confirmation Declaration, and established at or in connection with the Confirmation Hearing, each holder of a Claim or Interest in each Impaired Class has either accepted the Combined Disclosure Statement and Plan or will receive or retain under the Combined Disclosure Statement and Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors liquidated under



chapter 7 of the Bankruptcy Code on such date.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

U.      As evidenced by the Voting Declaration, Class 3 for each Debtor voted in favor of the Combined Disclosure Statement and Plan.  Classes 1 and 2 are Unimpaired under the Combined Disclosure Statement and Plan and are, therefore, presumed to have accepted the Combined Disclosure Statement and Plan under section 1126(f) of the Bankruptcy Code, thus satisfying section 1129(a)(8) of the Bankruptcy Code.  Classes 4, 5, and 6 are Impaired by the Combined Disclosure Statement and Plan and are not entitled to receive or retain any property under the Combined Disclosure Statement and Plan and, therefore, are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code.  As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the fact that Classes 4, 5, and 6 are Impaired and deemed to have rejected the Combined Disclosure Statement and Plan.

V.      Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Combined Disclosure Statement and Plan of the type specified in sections 507(a)(1) and 507(a)(3)-(8) of the Bankruptcy Code, if any, complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

W.      Class 3 is Impaired and has accepted the Combined Disclosure Statement and Plan, determined without including any acceptances of the Combined Disclosure Statement and Plan by any insider.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(10) of the Bankruptcy Code.



X.    The Combined Disclosure Statement and Plan provides for adequate means for its implementation and, thus, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.  Because the Combined Disclosure Statement and Plan is a plan of liquidation for the Debtors, Confirmation is not likely to be followed by the need for further financial reorganization of the Debtors.

Y.    All U.S. Trustee Fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code together with the statutory rate of interest set forth in section 3717 of Title 31 of the U.S. Code to the extent applicable shall be paid in accordance with section 16.6 of the Combined Disclosure Statement and Plan.

Z.    No Debtor offered "retiree benefits," as that term is used in the Bankruptcy Code, was required to pay a domestic support obligation, or is an individual. Accordingly, sections 1129(a)(13)-(15) of the Bankruptcy Code are inapplicable.

AA.    The Debtors are moneyed, business, or commercial corporations. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable.

BB.    The primary purpose of the Combined Disclosure Statement and Plan is not the avoidance of taxes or the requirements of section 5 of the Securities Act of 1933.

CC.    The Debtors and their independent directors, officers, managers, employees, advisors, professionals, and other agents and representatives have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Interim Approval and Procedures Order in connection with all of their respective activities relating to the solicitation of the Plan and their participation in the activities described in section 1125(e) of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the



Bankruptcy Code and the injunction, exculpation, and release provisions set forth in Article XIV of the Plan and in this Confirmation Order to the extent provided in the Plan and this Confirmation Order.

DD.     Holders of Claims and Interests in Classes 4, 5, and 6 are deemed to have rejected the Combined Disclosure Statement and Plan.  Based upon the evidence proffered, adduced, and presented by the Debtors in the Confirmation Declaration or in connection with the Confirmation Hearing, the Combined Disclosure Statement and Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1)–(2) of the Bankruptcy Code.  Thus, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the deemed rejection of the Combined Disclosure Statement and Plan by the Holders of Claims and Interests in Classes 4, 5, and 6.

EE.     The conditions to the occurrence of the Effective Date in Article XIII of the Combined Disclosure Statement and Plan are reasonably likely to be satisfied or waived in accordance with the Combined Disclosure Statement and Plan.

FF.     With respect to any and all Executory Contracts of the Debtors that have not been assumed or assumed and assigned by the Debtors as of the Effective Date, such Executory Contracts are burdensome to the Estates, and rejection of such Executory Contracts pursuant to the Plan and this Confirmation Order is in the best interests of the Debtors and their Estates and is an appropriate exercise of the Debtors' business judgment.

GG.     The Debtors, as proponents of the Combined Disclosure Statement and Plan, have met their burden of proving the elements of sections 1129(a)–(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.  This



Court also finds that the Debtors have satisfied the elements of sections 1129(a)–(b) of the Bankruptcy Code under the clear and convincing standard of proof.

HH.    The other discretionary provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(6) of the Bankruptcy Code.

II.    This Court properly may retain jurisdiction over the matters set forth in Article XV of the Combined Disclosure Statement and Plan.

JJ.    Under the circumstances, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 7062(a) be waived.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

1.    The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.    The Combined Disclosure Statement and Plan, including all exhibits and modifications thereto, attached hereto as **Exhibit A**, including, without limitation, the Plan Supplement, is approved and confirmed pursuant to section 1129 of the Bankruptcy Code; *provided, however*, that, if there is any conflict between the terms of the Combined Disclosure Statement and Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.  The terms of the Combined Disclosure Statement and Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.  Any objections to approval and Confirmation of the Combined Disclosure Statement and Plan, or any reservations of rights thereto, to the extent not withdrawn, waived, or resolved herein, are hereby overruled and denied on the merits.



3.    The Combined Disclosure Statement and Plan is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Combined Disclosure Statement and Plan not withdrawn, waived, or resolved herein are hereby overruled and denied on the merits.

4.    Pursuant to section 1123 of the Bankruptcy Code, upon the Effective Date, all settlements and compromises set forth in the Plan are approved in all respects, and constitute good faith compromises and settlements.

5.    Subject to the provisions of the Combined Disclosure Statement and Plan, in accordance with section 1141(a) of the Bankruptcy Code, and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be immediately binding upon, and inure to the benefit of:  (a) the Debtors; (b) the Post-Effective Date Debtors; (c) any and all Holders of Claims or Interests (irrespective of whether any of such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan, whether the Holders of such Claims or Interests accepted, rejected, or are presumed to have accepted or deemed to have rejected the Combined Disclosure Statement and Plan, or whether such Holders filed a proof of claim or interest in the Chapter 11 Cases); (d) any other Entity giving, acquiring, or receiving property under the Combined Disclosure Statement and Plan; (e) the Plan Administrator (in its capacity as such); (f) any and all non-Debtor parties to any Executory Contract; and (g) the respective Affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, successors, or assigns, if any, or any Entity claiming by, through, or in the right of such Entity, of any of the foregoing.  On the Effective Date, except as otherwise set forth in the Combined Disclosure Statement and Plan:



(i) all settlements, compromises, releases, waivers, exculpations, and injunctions set forth in the Combined Disclosure Statement and Plan shall be effective and binding on all Entities as provided for in the Combined Disclosure Statement and Plan and this Confirmation Order; and (ii) pursuant to sections 1141(b)–(c) of the Bankruptcy Code, the Wind Down Assets shall vest in the Estates of the Post-Effective Date Debtors on a free-and-clear basis.

6.    The Combined Disclosure Statement and Plan shall not become effective, ~~and for purposes of section 365(d)(4) of the Bankruptcy Code this Confirmation Order shall not be deemed entered,~~ unless and until the conditions set forth in Section 13.1 of the Combined Disclosure Statement and Plan have been satisfied or waived pursuant to Section 13.3 thereof.

7.    In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims who voted to accept the Plan, or who are conclusively presumed to have accepted the Plan, are deemed to accept the Plan as modified after the Ballots were received.

8.    The Plan's classification scheme is approved.  The classification set forth in any solicitation notices:  (a) was set forth solely for purposes of voting to accept or reject the Plan; (b) does not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim as representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding on the Debtors or the Estates, except for Plan voting purposes.

9.    Except as expressly provided in the Plan, the Plan Supplement, or this Confirmation Order, and unless sold or transferred through the Sale Order, or otherwise waived, relinquished, exculpated, resolved, released, compromised, or settled pursuant to the Plan or a



Final Order of this Court:  (i) in accordance with section 1123(b)(3) of the Bankruptcy Code, the Post-Effective Date Debtors shall retain all Preserved Causes of Action and nothing contained in the Plan or this Confirmation Order shall be deemed a release, waiver or relinquishment of any such Preserved Causes of Action; and (ii) the Post-Effective Date Debtors shall have, retain, reserve and be entitled to assert all such Preserved Causes of Action as fully as if the Chapter 11 Cases had not been commenced, and all of the Post-Effective Date Debtors' legal and equitable rights respecting any Claims that are not specifically waived or relinquished by the Plan, this Confirmation Order, or any Final Order (including settlement or other agreements authorized thereby) may be asserted after the Effective Date to the same extent as if the Chapter 11 Cases had not been commenced.

10.    Unless a Preserved Cause of Action against a Holder or other person or Entity is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including this Confirmation Order), the Debtors, the Estates, and the Post-Effective Date Debtors, as applicable, expressly reserve such Preserved Cause of Action for later adjudication, including, without limitation, Preserved Causes of Action of which the Debtors may presently be unaware or which may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist (but not, for the avoidance of doubt, any Avoidance Actions which are released and expressly waived by the Debtors).  Therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), laches, or the like shall apply to such Preserved Causes of Action upon or after the entry of this Confirmation Order or the Effective Date based on the Combined Disclosure Statement and Plan


32559205.4
32559205.5

or this Confirmation Order, except where such Preserved Causes of Action have been expressly waived, relinquished, released, compromised, or settled in the Plan, this Confirmation Order, or any Final Order of this Court or, following the Effective Date, in a written agreement duly executed by the Plan Administrator, which agreement, by its terms, is not subject to Court approval.

11.     On the Effective Date, the Plan Administrator is authorized to do all things and to execute and deliver all agreements, documents, instruments, notices, and certificates as are contemplated by the Plan and to take all necessary or appropriate actions required in connection therewith, in the name of and on behalf of the Post-Effective Date Debtors.

12.     The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Plan Administrator to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan, the Plan Administrator Agreement, or this Confirmation Order.

13.     The appointment of Burton Hastings Advisors LLC as the Plan Administrator is hereby approved.  The Plan Administrator is hereby authorized to wind up the Debtors' affairs and may make Distributions after the Effective Date in accordance with this Confirmation Order, the Combined Disclosure Statement and Plan, the Plan Administrator Agreement, and the Wind Down Budget (including the DIP Budget Increased Amount).  The Plan Administrator shall have such rights, powers, and duties set forth in this Confirmation Order, the Plan Supplement, the Plan Administrator Agreement, and the Debtors' operating agreements and shall receive such compensation as is provided for in the Plan Administrator



Agreement.  The terms of the Debtors' organizational documents and such organizational documents including, but not limited to, the *Certificate of Incorporation of Blink Holdings II, Inc.*, the *Certificate of Merger of Blink Mergersub Inc. with and into Blink Holdings, Inc.*, and the *Second Amended and Restated LLC Agreement of Blink Intermediate Holdings, LLC* providing for the limitation on personal liability shall apply to the Plan Administrator as sole director, member, manager and officer of the Post-Effective Date Debtors.  The Debtors and the Post-Effective Date Debtors shall take all necessary steps to have the Plan Administrator included as an additional insured under the Debtors' directors' and officers' insurance policies.

14.    The Plan Administrator Agreement, substantially in the form filed with the Plan Supplement, is hereby approved.   The Plan Administrator Agreement sets forth the procedures for the appointment of a successor Plan Administrator.  If the Plan Administrator fails to appoint a successor Plan Administrator prior to the Plan Administrator's resignation, death, disability or removal, this Court may appoint a successor Plan Administrator *sua sponte* or upon motion.

15.    On the Effective DateUpon entry of this Confirmation Order, all Executory Contracts or Unexpired Leases that have not been assumed, assumed and assigned, or rejected, prior to the Effective Date, or are not subject to a motion to assume, assume and assign, or reject filed before the Effective Date,date of entry of this Confirmation Order, shall be deemed rejected pursuant to the Plan and this Confirmation Order, effective as of the Effective Datedate of entry of this Confirmation Order.

16.    **All objections to Claims (other than the Professional Fees, which shall be governed by Article VI of the Plan), if any, shall be filed by the Post-Effective Date Debtors or the Plan Administrator on or before 180 days after the Effective Date, which**

date may be extended by this Court upon a motion filed by the Plan Administrator on or before the Claims Objection Deadline with notice only to those parties entitled to notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the filing of such motion.

   17. Unless required to be filed by an earlier date by another order of this Court, any Holder of an Administrative Claim that arose prior to the Effective Date, other than Professional Fees or a claim for U.S. Trustee Fees, must file with this Court and serve on (a) the Plan Administrator and its counsel, (b) the U.S. Trustee, and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002, a request for payment of such Administrative Claim so as to be <u>received by 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the Effective Date Notice is filed and served</u>.  Such request must include at a minimum:  (i) the name of the Debtor(s) that are purported to be liable for the Administrative Claim; (ii) the name of the Holder of the Administrative Claim; (iii) the amount of the Administrative Claim; (iv) the basis of the Administrative Claim; and (v) all supporting documentation for the Administrative Claim.  Any Administrative Claim that is not timely filed as set forth above may be forever barred, and Holders of such Administrative Claims may not be able to assert such Claims in any manner against the Plan Administrator, the Debtors, or their Estates, or their respective successors or assigns or their respective property.

   18. Unless required to be filed by an earlier date by another order of this Court, all Professional Fees must be filed with this Court and served on (a) the Plan Administrator and its counsel (to the extent filed after the Effective Date), and (b) the U.S. Trustee, <u>so as to be received by the Professional Fee Deadline, which shall be the date that is forty-five (45) days after the Effective Date Notice is filed</u>.  After notice and a hearing in


32559205.4
32559205.5

**accordance with the procedures established by the Bankruptcy Code and prior orders of this Court in the Chapter 11 Cases, this Court shall determine the Allowed amounts of such Professional Fees. Any request for payment of Professional Fees that is not timely filed as set forth above will be forever barred unless the Post-Effective Date Debtors and the Plan Administrator determine otherwise, and Holders of such Professional Fees will not be able to assert such Claims in any manner against the Plan Administrator, the Debtors, or their Estates, or their respective successors or assigns or their respective property.**

19.     For the avoidance of doubt, any remaining funds held in the Professional Fee Escrow after all Allowed Professional Fees have been irrevocably paid (up to the respective applicable amounts allocated to each Professional in the Wind Down Budget and otherwise in accordance with the Plan) pursuant to one or more Final Orders shall be remitted to the Prepetition Agent for distribution to the Prepetition Secured Parties on account of their then outstanding Prepetition Loan Secured Claims.

20.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Combined Disclosure Statement and Plan. Each federal, state, commonwealth, local, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Combined Disclosure Statement and Plan and this Confirmation Order.

21.     The Debtors are hereby authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and to take such other actions,



as may be necessary or appropriate to effectuate, implement, or further evidence the terms and conditions of the Combined Disclosure Statement and Plan.  On and after the Effective Date, the Plan Administrator is authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases, and other agreements in the name of and on behalf of the Post-Effective Date Debtors.

22.    To the extent permitted by section 1146(a) of the Bankruptcy Code, any transfers of property under the Combined Disclosure Statement and Plan shall not be subject to any stamp tax or similar tax.  Upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax and may accept for filing and recordation this Confirmation Order without the payment of any such tax, recordation fee, or governmental assessment.

23.    This Court hereby retains jurisdiction of the Chapter 11 Cases and all matters arising under, out of, or related to the Chapter 11 Cases and the Combined Disclosure Statement and Plan (a) as provided for in Article XV of the Combined Disclosure Statement and Plan, (b) as provided for in this Confirmation Order, and (c) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.

24.    The release, exculpation, injunction, and indemnification provisions contained in the Combined Disclosure Statement and Plan including, without limitation, those set forth in Article XIV of the Combined Disclosure Statement and Plan, are expressly incorporated into this Confirmation Order as if set forth herein in full, and are hereby authorized and approved and shall be effective and binding on all persons or entities, to the extent provided therein.



25.     No Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any Assets that are to be distributed under the Combined Disclosure Statement and Plan other than Assets required to be distributed to that Entity under the Combined Disclosure Statement and Plan.  All parties are precluded from asserting against any property to be distributed under the Combined Disclosure Statement and Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Combined Disclosure Statement and Plan or this Confirmation Order.  Except as otherwise expressly provided for in the Combined Disclosure Statement and Plan or in obligations issued pursuant to the Combined Disclosure Statement and Plan, all Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest that has been released or exculpated in the Combined Disclosure Statement and Plan, from:   (a) commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, the Plan Administrator, their successors and assigns, and any of their assets and properties on account of such Claim or Interest; (b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, the Plan Administrator, their successors and assigns, and any of their assets and properties on account of such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind against any Estate, the Plan Administrator, their successors and assigns, and any of their assets and properties on account of such Claim or Interest; (d) asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, the Plan Administrator or their successors and assigns, or against any of their assets and properties on account of such Claim or Interest, except to the extent a right to setoff or subrogation is asserted with respect to a timely Filed



Proof of Claim or exercised prepetition; or (e) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Interest or Cause of Action released under Article XIV of the Plan.  All injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of the Chapter 11 Cases.

26.    Notwithstanding any provisions in the Combined Disclosure Statement and Plan to the contrary, the Debtors are not entitled to, and shall not receive, a discharge pursuant to section 1141(d)(3) of the Bankruptcy Code.

27.    All Distributions shall be free and clear of all liens, claims, encumbrances, and other interests.

28.    As to any Governmental Unit, nothing in the Plan or this Confirmation Order shall limit or expand the scope of the release or injunction to which the Debtors or the Post-Effective Date Debtors are entitled under the Bankruptcy Code, if any.  The release and injunction provisions contained in the Plan and this Confirmation Order are not intended and shall not be construed to bar any Governmental Unit from, subsequent to entry of this Confirmation Order, pursuing any police or regulatory action.

29.    Notwithstanding anything contained in the Plan or this Confirmation Order to the contrary, nothing in the Plan or this Confirmation Order shall release, impair, or otherwise preclude:  (1) any liability to any Governmental Unit that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code; (2) any Claim of any Governmental Unit arising on or after the Confirmation Date; (3) any valid right of setoff or recoupment of any Governmental Unit against any of the Debtors; or (4) any liability of the Debtors or the Post-Effective Date Debtors under police or regulatory statutes or regulations to any



Governmental Unit as the owner, lessor, lessee or operator of property that such entity owns, operates, or leases after the Confirmation Date.  Nor shall anything in this Confirmation Order or the Plan:  (i) enjoin or otherwise bar any Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence; or (ii) divest any court, commission, or tribunal of jurisdiction to determine whether any liabilities asserted by any Governmental Unit are discharged or otherwise barred by this Confirmation Order, the Plan, or the Bankruptcy Code.

        30.     Moreover, nothing in this Confirmation Order or the Plan shall release or exculpate any non-debtor, including any Released Parties and/or Exculpated Parties, from any liability to any Governmental Unit, including, but not limited to, any liabilities arising under the Internal Revenue Code, the environmental laws, or the criminal laws against the Released Parties and/or Exculpated Parties, nor shall anything in the Confirmation Order or the Plan enjoin any Governmental Unit from bringing any claim, suit, action, or other proceeding against any non-Debtor for any liability whatsoever.  Nothing contained in the Plan or this Confirmation Order shall be deemed to determine the tax liability of any person or entity, including, but not limited to, the Debtors and the Post-Effective Date Debtors, nor shall the Plan or this Confirmation Order be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of the Plan, nor shall any language in the Plan or this Confirmation Order be deemed to expressly expand or diminish the jurisdiction of this Court to make determinations as to federal tax liability and federal tax treatment under the Bankruptcy Code and 28 U.S.C. §§ 157 and 1334.



31.     The Sale Documents shall remain in full force and effect notwithstanding entry of this Confirmation Order, and the Court shall retain jurisdiction to resolve any disputes arising under the Sale Documents to the extent set forth therein.

32.     The failure to reference or discuss any particular provision of the Combined Disclosure Statement and Plan in this Confirmation Order shall have no effect on the validity, binding effect, and enforceability or such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Combined Disclosure Statement and Plan.

33.     **Resolution With Texas Taxing Authorities**.  Notwithstanding anything to the contrary in the Combined Plan and Order, the Debtors or Post-Effective Date Debtors shall pay all post-petition ad valorem tax liabilities (tax year 2025 and subsequent tax years), if any, owing to the Texas Taxing Authorities[3] in the ordinary course of business as such tax debt comes due and prior to said ad valorem taxes becoming delinquent without the need of the Texas Taxing Authorities to file an administrative expense claim and/or request for payment.  The Texas Taxing Authorities shall retain their post-petition liens (the "**Tax Liens**") against the Debtors' or Post-Effective Date Debtors' personal property located in Texas, if any, until any such post-petition taxes are paid in full, including any accrued penalties and interest; provided that, the Tax Liens are valid, senior, perfected, enforceable and nonavoidable.  The Tax Liens shall not be primed or subordinated by any exit financing in conjunction with confirmation of the Plan or otherwise.  In the event the Debtors or Post-Effective Date Debtors sell, convey, or

---

[3]     The "**Texas Taxing Authorities**" consist of the following entities: Fort Bend County, City of Houston (for accounts collected by Linebarger), Houston Community College System, Houston Independent School District, Tarrant County, Fort Bend Independent School District, City of Houston (for accounts collected by Perdue), Alief Independent School District and Spring Branch Independent School District.



24

transfer any property which is the collateral of the Texas Taxing Authorities, the Debtors or Post-Effective Date Debtors shall remit such sales proceeds first to the Texas Taxing Authorities to be applied to the Texas Taxing Authorities' post-petition taxes incident to any such property sold, conveyed or transferred and such proceeds shall be disbursed by the closing agent at the time of closing prior to any disbursement of the sale proceeds to any other person or entity.

34.    **Resolution with Specified Landlords**. Notwithstanding anything to the contrary herein, nothing in the Plan or this Confirmation Order shall modify the rights, if any, of the Specified Landlords[4] to assert any right of setoff or recoupment that such party may have under applicable bankruptcy Law or non-bankruptcy Law, including, but not limited to, the (i) ability, if any, of the Specified Landlords to setoff or recoup a security deposit held pursuant to the terms of their Unexpired Lease(s) with the Debtors, or any successors to the Debtors, under the Plan, (ii) assertion of rights of setoff or recoupment, if any, in connection with Claims reconciliation, or (iii) assertion of setoff or recoupment as a defense, if any, to any Claim or action by the Debtors, the Post-Effective Date Debtors, or any successors of the Debtors.

35.    **Resolution With Surety**.

a.    The rights of Hartford Fire Insurance Company, individually, and with its affiliated surety or sureties ("**Surety**") with respect to subrogation to the extent any Claim is paid by a Surety, setoff and recoupment rights, lien rights and trust claims, if any, are not primed, subordinated, affected or impaired by the Plan Documents (including but not limited to Section 14.1(d)(4) of the Plan), or any order of the Court, and neither are the rights of any party to whom a Surety may be subrogated.  Accordingly, Section 9.15 of the Plan shall

---

[4]    The "**Specified Landlords**" consist of the following entities:  16302 Jamaica Avenue LLC, Brixmor Morris Hills LLC, Brixmor SPE 6, LLC, Lodi Value Add II, LLC, Oak Lawn Joint Venture I, LLC, SUP II Acquisitions, LLC and UE Bergen Mall Owner LLC.



apply to the Surety (in addition to the DIP Secured Parties and Prepetition Secured Parties). Sections 11.4 or 11.7 of the Plan shall not apply to the Surety or to any Claim to which a Surety may be subrogated.

b.      On the Effective Date, any bonds of any kind issued by the Surety, and any agreements related thereto, shall be deemed rejected (to the extent executory) and cancelled. Nothing in the Plan Documents or any order entered by the Bankruptcy Court shall prime, modify, subordinate, impair or affect the Surety's rights against any non-Debtor, or any non-Debtors' rights against the Surety, except to the extent explicitly set forth in the Sale Orders.

c.      For the avoidance of doubt, the Surety (and the holders of claims to which the Surety may be subrogated) are not "Releasing Parties."

36.      The Effective Date Notice, substantially in the form attached hereto as **Exhibit B**, is hereby approved.  Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Plan Administrator shall serve the Effective Date Notice in accordance with Section 13.2 of the Combined Disclosure Statement and Plan no later than five (5) Business Days after the Effective Date.

37.      The Plan Administrator is authorized and empowered to effect the dissolution of any of the Debtors as soon as practicable after the Effective Date, or to allow for the administrative dissolution of any or all of the Debtors under applicable state law, without the need for any company action or approval.  All governance activities of a Debtor shall be exercised by the Plan Administrator in accordance with the Combined Plan and Disclosure Statement, the Plan Administrator Agreement, and this Confirmation Order, and the Plan Administrator shall be authorized and empowered to take or cause to be taken all actions



necessary or appropriate to implement and consummate the Plan in accordance with the Combined Plan and Disclosure Statement, the Plan Administrator Agreement, and this Confirmation Order.

38.     The Plan Administrator shall seek and obtain a final decree from the Bankruptcy Court upon the full administration of the Estates and the Chapter 11 Cases.  For the avoidance of doubt, the Plan Administrator may, in its sole discretion, seek to close any Chapter 11 Case as and when such Chapter 11 Case is fully administered; provided, that, at least one Chapter 11 Case shall remain open until the Plan is fully administered and a final decree is obtained.

39.     Subject to the occurrence of the Effective Date, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, 8001, or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be, and hereby are, immediately effective and enforceable and deemed binding upon the Debtors, the Post-Effective Date Debtors, the Plan Administrator, any and all other Holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan, whether the Holders of such Claims or Interests accepted, were presumed to have accepted, rejected, or were deemed to have rejected the Combined Disclosure Statement and Plan, or whether such Holders filed a proof of claim or interest in the Chapter 11 Cases), any trustees or examiners appointed in the Chapter 11 Cases, all Entities that are party to or subject to the settlements, compromises, releases, injunctions, stays, and exculpations described in the Combined Disclosure Statement and Plan or herein, each Entity acquiring property under the Combined Disclosure Statement and Plan, any and all non-Debtor parties to Executory Contracts, and all other parties in interest, and the



respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, or any Entity claiming by, through or in the right of such Entity, of any of the foregoing.

40.     The Debtors are authorized to consummate the Combined Disclosure Statement and Plan at any time after the entry of this Confirmation Order, subject to satisfaction or waiver of the conditions precedent to the occurrence of the Effective Date as set forth in Article XIII of the Combined Disclosure Statement and Plan.  On the Effective Date, the Plan shall be deemed to be substantially consummated within the meaning in section 1101 of the Bankruptcy Code and pursuant to section 1127(b) of the Bankruptcy Code.

41.     This Confirmation Order (a) is intended to be a final order such that the period in which an appeal must be filed shall commence upon the entry hereof, (b) shall be immediately effective and enforceable upon the entry hereof, and (c) for good cause shown, based on the record of the Confirmation Hearing, shall not be subject to any stay otherwise applicable under the Bankruptcy Rules, including Bankruptcy Rules 3020(e) and 6004(h).



## EXHIBIT A

**Combined Disclosure Statement and Plan**



**<u>EXHIBIT B</u>**

**Effective Date Notice**



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) ENTRY OF CONFIRMATION ORDER,
(II) OCCURRENCE OF EFFECTIVE DATE, AND (III) RELATED BAR DATES**

**TO:    ALL PARTIES IN INTEREST**

        **PLEASE TAKE NOTICE THAT:**

        **Confirmation of Plan**.  On February [_____], 2025, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered its *Findings of Fact, Conclusions of Law, and Order Approving and Confirming the ~~Second~~Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. ____] (the "**Confirmation Order**").  Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the ~~Second~~Third *Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* attached as Exhibit A to the Confirmation Order (the "**Plan**").[2]  Copies of the Confirmation Order and the Plan may be obtained by accessing https://dm.epiq11.com/case/BlinkFitness.

        **Effective Date**.  The Effective Date of the Plan occurred on [_____], 2025.  Each of the conditions precedent to consummation of the Plan enumerated in Section 13.1 of the Plan have been satisfied and/or waived as provided in Section 13.3 of the Plan.

        **Release, Exculpation, and Injunction**.  Pursuant to the Confirmation Order, the release, injunction, and exculpation provisions in Article XIV of the Plan are now in full force and effect.

        **Administrative Claims Deadline**.  In accordance with Section 6.2 of the Plan and the Confirmation Order, unless required to be filed by an earlier date by another order of the

---

[1]    The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354.  The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036.  Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting counsel for the Debtors.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan or the Confirmation Order, as applicable.



Bankruptcy Court, any Holder of an Administrative Claim that arose after the Petition Date but prior to the Effective Date, other than Professional Fees or a claim for U.S. Trustee Fees, must file with the Bankruptcy Court and serve on (a) the Plan Administrator and its counsel, (b) the U.S. Trustee, and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002, a request for payment of such Administrative Claim so as to be received by **5:00 p.m. (ET) on [_____]**, 2025 (the "**Administrative Expense Deadline**").  Such request must include at a minimum:   (i) the name of the Debtor(s) that are purported to be liable for the Administrative Claim; (ii) the name of the Holder of the Administrative Claim; (iii) the amount of the Administrative Claim; (iv) the basis of the Administrative Claim; and (v) all supporting documentation for the Administrative Claim.  Any Administrative Claim that is not timely filed as set forth above will be forever barred, and Holders of such Administrative Claims will not be able to assert such Claims in any manner against the Plan Administrator, the Debtors, or their Estates, or their respective successors or assigns or their respective property.

    **Professional Fee Claims Deadline**.  In accordance with the Section 6.3 of the Plan, Professionals asserting Professional Fees for services rendered by Professionals in connection with the Chapter 11 Cases from the Petition Date through and including the Effective Date must file an application for allowance and payment of such Professional Fees no later than **5:00 p.m. (ET) on [_____]** (the "**Professional Fee Deadline**").  Objections to any applications of Retained Professionals must be filed by no later than twenty (20) days after service of the applicable final application for allowance and payment of Professional Fees.

Dated: Wilmington, Delaware
  [_____], 2025

       */s/ DRAFT*_____


32559205.4
32559205.5

| Summary report: Litera Compare for Word 11.5.0.74 Document comparison done on 2/24/2025 10:46:30 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://ycstwork.ycst.com/YCST01/32559205/4 | |
| **Modified DMS:** iw://ycstwork.ycst.com/YCST01/32559205/5 | |
| **Changes:** | |
| Add | 28 |
| Delete | 26 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 54 |