## EXHIBIT A

**Proposed Order**

DMFIRM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 611, 658 & 797 |

**ORDER AUTHORIZING THE ASSUMPTION AND
ASSIGNMENT OF RESERVED AGREEMENT
(PREMISES LOCATED AT 4 MEMORIAL DRIVE, LODI, NEW JERSEY)
IN FURTHERANCE OF THE SALE TO PINNACLE US HOLDINGS, LLC**

Upon consideration of the *Certification of Counsel Regarding Order Authorizing the Assumption and Assignment of Reserved Agreement (Premises Located at 4 Memorial Drive, Lodi, New Jersey) in Furtherance of the Sale to Pinnacle US Holdings, LLC* (the "**Certification**"); and this Court having entered the *Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 611] (the "**Sale Order**");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Certification or the Sale Order, as applicable.

DMFIRM

found that due and appropriate notice of the relief provided for herein has been given under the circumstances; and the Court having determined that the relief provided for herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Upon entry of this Order, the unexpired lease of nonresidential real property (the "**Lodi Lease**") covering the premises located at Lodi Commons, 4 Memorial Drive, Lodi, New Jersey (the "**Lodi Premises**") with landlord Lodi Common South, LLC (successor to Lodi Value Add II, LLC, the "**Lodi Landlord**") shall constitute and be deemed an Assumed Lease pursuant to the Sale Order.

2. Except as explicitly set forth herein, the rights and responsibilities of the Debtors, the Buyer, and the Lodi Landlord in respect of the assumption and assignment of the Lodi Lease shall be governed by the terms of the Sale Order, including the agreements between the Buyer, the Debtors and the Lodi Landlord as more fully set forth in Paragraph 43 of the Sale Order.

3. Solely with respect to the Lodi Lease, and notwithstanding anything in the Sale Order or the Asset Purchase Agreement to the contrary, (a) the Lodi Lease shall not be assumed by the Debtors and assigned to a Buyer Designee other than to PureFitness, LLC; (b) nothing shall relieve the Debtors from the timely payment of any unpaid post-petition, pre-Closing obligations due and payable under the Lodi Lease pursuant to Section 365(d)(3) of the Bankruptcy Code and as otherwise agreed between the Lodi Landlord and the Debtors; (c) Assumed Liabilities shall include any and all obligations under the Lodi Lease, including those obligations that have accrued or are accruing but are not yet due, to be the responsibility of the Buyer when billed in accordance the terms of the Lodi Lease and Paragraph 16 of the Sale Order; and (d) any section

365(k) release of the Debtors from liability under the Lodi Lease shall (i) be subject to the payment of any applicable Cure Amounts or other amounts to be paid by the Debtors pursuant to the terms of the Sale Order and this Order, (ii) be limited to curing monetary defaults only, and (iii) not limit, restrict or waive any right of the Lodi Landlord to seek to recover from the Debtors (but not the Buyer) and the Debtors are not released from, any indemnification obligations under the Lodi Lease, if any, arising from third party claims, events or circumstances arising or as a result of the Debtors' use and occupancy of the leased premises prior to the Closing Date for which the Debtors had a duty to indemnify the Lodi Landlord pursuant to the Lodi Lease; *provided, further,* that any such indemnification payments or recovery sought in connection therewith shall be solely from the proceeds of the Debtors' applicable insurance policies, and, for the avoidance of doubt, the Debtors shall not be liable for any payments for indemnification obligations in excess of any such applicable insurance coverage.

4. This Court shall retain jurisdiction to resolve any disputes arising from or related to this order.