# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| | (Jointly Administered) |
| Debtors. | Ref. Docket No. 775 |

## ORDER SUSTAINING DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

Upon consideration of the objection (the "**Objection**")[2] of the Debtors for the entry of an order (this "**Order**") disallowing and expunging the Disputed Claims set forth on **Schedule 1**, **Schedule 2**, **Schedule 3**, and **Schedule 4** attached hereto; and upon consideration of the Objection and the Shenker Declaration; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection and the hearing thereon, if any, having been given as set forth in the Motion; and such notice having been

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and after due deliberation and sufficient cause, therefore

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Objection is SUSTAINED as set forth herein.

2. The Amended Claims identified on **Schedule 1** attached hereto are disallowed and expunged in their entirety.

3. The Duplicate Claim identified on **Schedule 2** attached hereto are disallowed and expunged in their entirety.

4. The Late Filed Claims identified on **Schedule 3** attached hereto are disallowed and expunged in their entirety.

5. The Insufficient Documentation Claim identified on **Schedule 4** attached hereto is disallowed and expunged in its entirety.

6. This Order shall be deemed a separate order with respect to each of the Disputed Claims identified on **Schedule 1**, **Schedule 2**, **Schedule 3**, and **Schedule 4** attached hereto.  Any stay of this Order pending appeal by any of the claimants whose Disputed Claim(s) are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7. The Debtors and Epiq are authorized to take all actions necessary and appropriate to give effect to this Order.

8. Epiq is authorized to modify the Claims Register to comport with the relief granted by this Order.

9. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors may have to enforce rights of setoff against the claimants.

10. Nothing in the Objection or this Order shall be deemed or construed: (a) as an admission as to the validity of any claim against the Debtors; (b) as a waiver of the Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

11. The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: February 27th, 2025**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**