# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: March 21, 2025 at 4:00 p.m. (ET)** |

**SUMMARY OF FIFTH MONTHLY FEE APPLICATION OF KELLEY DRYE & WARREN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 1, 2025 THROUGH AND INCLUDING JANUARY 31, 2025**

| Name of applicant: | Kelley Drye & Warren LLP |
|---|---|
| Authorized to provide professional services to: | The Official Committee of Unsecured Creditors |
| Date of retention: | Effective as of August 26, 2024[1] |
| Period for which compensation and reimbursement is sought: | January 1, 2025 through and including January 31, 2025 |
| Amount of compensation sought as actual, reasonable, and necessary: | $59,456.00 |
| Less 20% holdback per procedures for interim compensation and reimbursement of expenses: | $11,891.20 |
| Total fees sought at this time: | $47,564.80 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $21.05 |

This is a(n):    X   Monthly            __ Interim            __ Final Application

This is a monthly application. This is Kelley Drye & Warren LLP's fifth monthly application filed in these cases.

This application includes 14.9 hours, with a value of $11,414.00, incurred to prepare the firm's Third Monthly Application.[2]

---

[1] Docket No. 490.

[2] If compensation is requested for time spent to prepare this application, it will be reflected in a subsequent monthly application.

2

**PRIOR MONTHLY APPLICATION HISTORY**

| Date Filed and Docket No. | Period Covered | Requested | | Allowed | | 20% Holdback |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| October 31, 2024 Docket No. 537 | August 26, 2024 – September 30, 2024 | $813,438.75 | $2,826.97 | $650,751.00 | $2,826.97 | $162,687.75 |
| December 16, 2024 Docket No. 682 | October 1, 2024 – October 31, 2024 | $689,666.50 ($37,769.50) $651,897.00[3] | $8,934.28 | $521,517.60 | $8,934.28 | $130,379.40 |
| February 12, 2025 Docket No. 794 | November 1, 2024 – November 30, 2024 | $430,732.25 | $11,413.15 | $344,585.80 | $11,413.15 | $86,146.45 |
| February 24, 2025 Docket No. 809 | December 1, 2024 - December 31, 2024 | $121,649.50 | $3,521.18 | $97,319.60 | $3,521.18 | $24,329.90 |
| **Totals:** | | **$2,017,717.50** | **$26,695.58** | **$1,614,174.00** | **$26,695.58** | **$403,543.50** |

**PRIOR INTERIM APPLICATION HISTORY**

| Date Filed and Docket No. | Period Covered | Requested | | Allowed | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| December 16, 2024 Docket No. 685 | August 26, 2024 – October 31, 2024 | $1,502,170.25 ($37,769.50) $1,464,400.75[4] | $11,761.25 | $1,502,170.25 ($37,769.50) $1,464,400.75 | $11,761.25 |
| **Totals:** | | **$1,464,400.75** | **$11,761.25** | **$1,464,400.75** | **$11,761.25** |

---

[3] Represents $686,666.50 in total fees incurred, less $37,769.50 in fees related to litigation against Varagon that are excluded from the carve-out under paragraph 27 of the Final DIP Order.

[4] Represents $1,502,170.25 in total fees incurred, less $37,769.50 in fees related to litigation against Varagon that are excluded from the carve-out under paragraph 27 of the Final DIP Order and for which the firm sought interim allowance, but not payment.

17204959/1

## COMPENSATION BY TIMEKEEPER

| Name of Professional | Position | Law School Grad Year | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Eric R. Wilson | Partner | 1997 | $1,280.00 | 12.0 | $15,360.00 |
| Kristin S. Elliott | Partner | 2002 | $1,060.00 | 12.0 | $12,720.00 |
| Dana Kane | Special Counsel | 1998 | $945.00 | 1.9 | $1,795.50 |
| Andres Barajas | Senior Associate | 2017 | $875.00 | 15.6 | $13,650.00 |
| Connie Y. Choe | Associate | 2020 | $785.00 | 5.5 | $4,317.50 |
| John A. Churchill, Jr. | Associate | 2021 | $735.00 | 15.8 | $11,613.00 |
| | | | **Total:** | **62.8** | **$59,456.00** |
| | | | **Blended Rate:** | | **$946.75** |

5

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Retention Matters | 4.2 | $3,822.00 |
| Fee Matters | 25.2 | $21,413.00 |
| Plan and Disclosure Statement | 27.8 | $28,378.50 |
| Committee and Creditor Communications | 2.7 | $2,900.50 |
| Court Hearings | 2.9 | $2,942.00 |
| **Total:** | **62.8** | **$59,456.00** |

## EXPENSE SUMMARY

| Expense Category | Amount |
|---|---:|
| Discovery & Litigation Tech Services | $21.05 |
| **Total:** | **$21.05** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>Objection Deadline: March 21, 2025 at 4:00 pm (ET) |

**FIFTH MONTHLY FEE APPLICATION OF
KELLEY DRYE & WARREN LLP FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM JANUARY 1, 2025 THROUGH AND INCLUDING JANUARY 31, 2025**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "Interim Compensation Order"),[1] Kelley Drye & Warren LLP ("Kelley Drye") hereby submits its fifth monthly application (the "Fifth Application") for compensation for professional services rendered and reimbursement of expenses incurred as lead counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), for the period from January 1, 2025 through and including January 31, 2025 (the "Application Period"). By this Fifth Application, Kelley Drye seeks interim allowance, but not payment, of its fees and expenses at this time. Kelley Drye will only seek payment of the fees and expenses in

---

[1] Docket No. 162.

17204959/1

this Fifth Application pursuant to the final fee application it will file in these cases. In support of the Fifth Application, Kelley Drye respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this Fifth Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are: (i) sections 330 and 331 of the Bankruptcy Code; (ii) Bankruptcy Rule 2016; and (iii) Local Rule 2016-2.

## BACKGROUND

3. On August 12, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have remained in possession of and have managed their assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On August 23, 2024, the U.S. Trustee appointed a five-member Committee consisting of: (i) Johnson Health Tech NA, Inc.; (ii) Motionsoft, Inc.; (iii) FW IL-Riverside/Rivers Edge, LLC; (iv) 96 N. 10th Street Holdings LLC; and (v) GS FIT ILL-1 LLC.[2] The Committee selected Kelley Drye as its lead counsel, Morris James LLP ("Morris James") as its Delaware co-counsel, and Dundon Advisers LLC ("Dundon") as its financial advisor.

5. On August 20, 2024, the Debtors filed their *Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for*

---

[2] Docket No. 109. On November 4, 2024, Motionsoft, Inc. resigned from the Committee. Docket No. 571.

*Professionals and (II) Granting Related Relief* (the "<u>Interim Compensation Motion</u>"),[3] and on September 5, 2024, the Court entered the Interim Compensation Order.[4]

      6.      Pursuant to the terms of the Interim Compensation Order, if no objection to a monthly fee application is served within 21 days of filing the application, the respective professional may be paid eighty percent (80%) of the fees and one hundred percent (100%) of the expenses set forth in the applicable monthly fee application.

      7.      On September 25, 2024, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment of Kelley Drye & Warren LLP as Lead Counsel Effective as of August 26, 2024* (the "<u>Retention Application</u>").[5] On October 15, 2024, the Court entered an order approving the Retention Application, effective as of August 26, 2024.[6]

      8.      On October 31, 2024, Kelley Drye filed the *First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including September 30, 2024* (the "<u>First Application</u>").[7]

      9.      On November 21, 2024, (i) Varagon Capital Partners Agent, LLC ("<u>Varagon</u>"), the Prepetition Agent and the DIP Agent (each as defined in the final DIP financing

---

[3] Docket No. 93.

[4] Docket No. 162.

[5] Docket No. 414.

[6] Docket No. 490.

[7] Docket No. 537.

order (the "Final DIP Order")),[8] filed a reservation of rights to the First Application,[9] and (ii) the Debtors filed an objection and reservation of rights to the First Application.[10] Neither of those pleadings opposed the interim payment of fees and expenses requested in the First Application.

10. On November 25, 2024, Kelley Drye filed the *Certification of Counsel Regarding First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including September 30, 2024*.[11] Kelley Drye has received payment of $653,577.97, which represents 80% of the fees and 100% of the expenses requested in the First Application.

11. On December 16, 2024, Kelley Drye filed the *Second Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from October 1, 2024 Through and Including October 31, 2024* (the "Second Application").[12]

12. Also on December 16, 2024, Kelley Drye filed the *First Interim Fee Application of Kelley Drye & Warren LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including October 31, 2024* (the "First Interim Application").[13]

---

[8] Docket No. 393. Capitalized terms used but not defined in this Fourth Application have the meanings ascribed to them in the Final DIP Order.

[9] Docket No. 630.

[10] Docket No. 631.

[11] Docket No. 640.

[12] Docket No. 682.

[13] Docket No. 685.

17204959/1

13. On January 7, 2025, Kelley Drye filed a certificate of no objection with respect to the Second Application.[14]

14. On January 9, 2025, Morris James filed a Certification of Counsel regarding the Committee professionals' first interim fee applications, including Kelley Drye's First Interim Application.[15] Pursuant to that Certificate of Counsel, Kelley Drye confirmed its agreement to reduce its requested allowed interim fees to $1,502,170.25 on account of an inadvertent billing error.

15. On January 15, 2025, the Court entered the *Omnibus Order Approving Committee Professionals' First Interim Fee Applications for the Period from August 26, 2024 Through October 31, 2024* (the "Interim Fee Order").[16] Subsequent to the entry of the Interim Fee Order, Kelley Drye received payment in the amount of $641,639.87 which represents a portion of the amounts owed in fees and expenses requested in the First Interim Application.

16. On February 12, 2025, Kelley Drye filed the *Third Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from November 1, 2024 Through and Including November 30, 2024* (the "Third Application").[17]

17. On February 24, 2025, Kelley Drye filed the *Fourth Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as*

---

[14] Docket No. 712.

[15] Docket No. 721.

[16] Docket No. 736.

[17] Docket No. 794.

17204959/1

*Lead Counsel to the Official Committee of Unsecured Creditors for the Period from December 1, 2024 Through and Including December 31, 2024* (the "Fourth Application).[18]

## SUMMARY OF SERVICES RENDERED

18. Kelley Drye rendered various legal services to the Committee during the Application Period, including:

    a.    Reviewed and negotiated various changes to the Debtors' plan, plan administrator agreement and confirmation order;

    b.    Prepared and filed a supplemental declaration to disclose a new relationship with a connection to the Debtors;

    c.    Prepared the Third Application and the First Interim Application; and

    d.    Communicated with the Committee regarding all outstanding issues in these chapter 11 cases.

## SUMMARY OF SERVICES BY PROJECT

19. To assist the Court in its review of the fees requested in this Fifth Application, Kelley Drye has divided its time entries into the project categories set forth below. Attached as **Exhibit A** to this Fifth Application are detailed invoices, by project category, of all services performed by Kelley Drye with respect to these chapter 11 cases during the Application Period.

**A.**    **Retention Matters** (Hours: 4.2 - Fees: $3,822.00)

20. This category represents time spent by Kelley Drye to prepare and file a supplemental retention declaration to disclose a new relationship between Kelley Drye and a connection to the Debtors.

---

[18]    Docket No. 809.

6

17204959/1

**B.**   **Fee Matters** (Hours: 25.2 Fees - $21,413.00)

21.   This category represents time spent by Kelley Drye to (i) prepare the Third Application; (ii) respond to certain questions from the Court regarding Kelley Drye's First Interim Application; (iii) revise and finalize the certifications of counsel and proposed order approving the First Interim Application; and (iv) review and revise firm invoices for reasonableness and compliance with confidentiality obligations.

**C.**   **Plan and Disclosure Statement** (Hours: 27.8 - Fees: $28,378.50)

22.   This category represents time spent by Kelley Drye on plan and confirmation-related issues.  During the Application Period, Kelly Drye negotiated various modifications to the plan, plan administrator agreement, and confirmation order.  Kelley Drye also corresponded with the Debtors regarding such documents and began to prepare for the confirmation hearing.

**D.**   **Committee and Creditor Communications** (Hours: 2.7 - Fees: $2,900.50)

23.   This category represents time spent by Kelley Drye communicating with Committee members and other general unsecured creditors of the Debtors.  During the Application Period, Kelley Drye updated the Committee and individual members of the Committee via email with reports on case developments, including updates on efforts to finalize the plan and related documents.

**E.**   **Court Hearings** (Hours: 2.9 - Fees: $2,942.00)

24.   This category represents time spent by Kelley Drye to prepare for the Court's hearing on the Committee's professionals' first interim fee applications.[19]

---

[19]   The hearing on interim fee applications ultimately was cancelled.

**SUMMARY OF EXPENSES**

25.     During the Application Period, Kelley Drye incurred out-of-pocket expenses in the amount of $21.05.[20] Attached hereto as **Exhibit B** is a description of the expenses actually incurred by Kelley Drye in the performance of services rendered as lead counsel to the Committee.

**VALUATION OF SERVICES**

26.     Kelley Drye's professionals expended a total of 62.8 hours to represent the Committee during the Application Period. The amount of time spent by each of the professionals providing services to the Committee during the Application Period is set forth on **Exhibit A**. The rates charged are Kelley Drye's normal hourly rates for work of this character. The reasonable value of the services Kelley Drye rendered during the Application Period is $59,456.00.

27.     Kelley Drye believes that the time entries included in **Exhibit A**, and the expense breakdown set forth in **Exhibit B** comply with the Interim Compensation Order and the requirements of Local Rule 2016-2.

28.     All services for which compensation is requested by Kelley Drye were performed for or on behalf of the Committee, and not on behalf of the Debtors or other persons. There is no agreement or understanding between Kelley Drye and any other person, other than members of the firm, for the sharing of compensation to be received in these chapter 11 cases.

29.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (i) the complexity of the Debtors' cases,

---

[20]     Kelley Drye reserves the right to request reimbursement of additional expenses incurred during the Application Period in subsequent applications, to the extent that any such additional expenses have not been processed to date in Kelley Drye's billing system.

(ii) the nature and extent of the services rendered, (iii) the value of such services, and (iv) the costs of comparable services other than in a case under this title.

## CERTIFICATE OF COMPLIANCE AND WAIVER

30. The undersigned representative of Kelley Drye certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Fifth Application substantially complies with them.

31. If the Fifth Application does not comply in all respects with the requirements of Local Rule 2016-2, Kelley Drye believes such deviations are not material and respectfully requests that any such requirements be waived.

## NOTICE

32. Pursuant to the Interim Compensation Order, notice of this Fifth Application has been provided to: (i) the Debtors; (ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com), (iii) counsel to the DIP Agent, (a) Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com), and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. Kelley Drye respectfully submits that no further notice of the Fifth Application is necessary or required.

## CONCLUSION

**WHEREFORE,** Kelley Drye respectfully requests: (i) interim allowance of $59,456.00 in fees for necessary professional services rendered to the Committee during the Application Period and reimbursement of actual and necessary expenses incurred by Kelley Drye during the Application Period in the sum of $21.05; and (ii) such other relief as this Court deems just and proper.

Dated: February 28, 2025

**KELLEY DRYE & WARREN LLP**

*/s/ Eric R. Wilson*
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: ewilson@kelleydrye.com
           kelliott@kelleydrye.com
           abarajas@kelleydrye.com

*Counsel to the Official Committee of Unsecured Creditors*