**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:**<br>March 12, 2025 at 4:00 p.m. (ET)<br>**Hearing Date:**<br>March 19, 2025 at 10:30 a.m. (ET) |

**REQUEST OF 2 FERRY, LLC C/O PARAMOUNT ASSETS, LLC**
**FOR ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE**
**EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 503(b) and 507(a)(2)**

2 Ferry, LLC c/o Paramount Assets, LLC ("2 Ferry"), by and through its undersigned counsel, hereby requests (this "Motion") allowance and payment of an administrative expense pursuant to 11 U.S.C §§ 503(b) and 507(a)(2). In support hereof, 2 Ferry respectfully states as follows:

**JURISDICTION & VENUE**

1. The Court has jurisdiction over the subject matter of this motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding arising under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), that the Court has authority to hear and determine within the meaning of 28 U.S.C. § 157(b)(2)(8). The statutory predicate for the relief sought herein is 11 U.S.C. §§ 503(b) and 507(a)(2).

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

2.  2 Ferry consents pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

3.  On August 12, 2024 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (such cases, the "Chapter 11 Cases"). Since the Petition Date, each of the Debtors has continued to operate as a debtor in possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

4.  On May 26, 2017, 2 Ferry, as lessor and landlord, and Debtor Blink Newark, Inc. (the "Debtor Obligor") as lessee and tenant, entered into that certain lease agreement (as amended, the "Lease")[2] for certain non-residential real property located at Lease agreement for store space located at 2-14 Ferry Street (a/k/a 372-374 Market Street), Newark, NJ 07105, (the "Leased Premises").

5.  Pursuant to the Lease, Debtor Obligor is required to pay 2 Ferry, among other things, rent, additional rent, taxes, and other charges (collectively the "Rent") on a monthly basis.

6.  As of the Petition Date, the Lease remained in full force and effect between the parties.

---

[2] 2 Ferry believes that the Debtors have a copy of the Lease and all relevant amendments, however, a copy can be provided upon request.

2

7.	Post-petition, on September 1, 2024, October 1, 2024, and November 1, 2024, the Debtor Obligor was required, pursuant to the Lease, to pay Rent in the below amounts,[3] but the Debtor Obligor failed to pay the full amount of Rent to 2 Ferry:

**Lease Unpaid Charges**
Tenant: Blink Newark, Inc #674(t0008583)

| Date | Description | Ctl | Charge (Adjusted for Stub Rent From 8/13/2024 - 8/31/2024) | Payment | Net Due | Balance |
|---|---|---|---|---|---|---|
| 8/1/2024 | Additional Rent (08/2024) | C-575689 | 4,994.03 | 0.00 | 4,994.03 | 4,994.03 |
| 8/1/2024 | Additional Rent (08/2024) | C-575690 | 4,048.18 | 0.00 | 4,048.18 | 9,042.21 |
| 8/1/2024 | RE Tax Estimate (08/2024) | C-575693 | 3,826.35 | 991.88 | 2,834.47 | 11,876.69 |
| 9/1/2024 | Retail Rent (09/2024) | C-578941 | 29,333.33 | 16,133.33 | 13,200.00 | 25,076.69 |
| 10/1/2024 | Additional Rent (10/2024) | C-581680 | 8,148.15 | 0.00 | 8,148.15 | 33,224.84 |
| 10/1/2024 | Retail Rent (10/2024) | C-581682 | 36,666.67 | 16,133.33 | 20,533.34 | 53,758.18 |
| 11/1/2024 | Additional Rent (11/2024) | C-584455 | 8,148.15 | 0.00 | 8,148.15 | 61,906.33 |
| 11/1/2024 | Retail Rent (11/2024) | C-584457 | 36,666.67 | 16,133.33 | 20,533.34 | 82,439.67 |

8.	During this post-petition period, the Debtors and 2 Ferry entered into negotiations related to a potential rent reduction amendment (the "Reduction") for the Leased Premises. Such Reduction, however, was never finally agreed to or executed by 2 Ferry. Therefore, the Debtor Obligor remained obligated to timely pay the full amount of Rent owed to 2 Ferry pursuant to the Lease.

9.	On December 12, 2024, upon motion by the Debtors, the Court entered its *Order (I) Authorizing Rejection Of Certain Unexpired Leases Of Non-Residential Real Property; (II) Authorizing Abandonment Of Any Remaining Property Located At The Premises, In Each Case Effective As Of The Rejection Date; And (III) Granting Related Relief* (D.I. 674), whereby 2 Ferry's Lease was rejected as of November 26, 2024.

---

[3] The summary chart reflects invoiced amounts from 2 Ferry to the Debtor Obligor. 2 Ferry believes that the Debtors have copies of the monthly statements, but copies can be provided upon request.

**RELIEF REQUESTED**

10. By this Motion, 2 Ferry respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) allowing 2 Ferry an administrative expense, pursuant to section 503(b) of the Bankruptcy Code, in the amount of $82,439.67 (the "Allowed Administrative Expense Claim"); (ii) requiring immediate payment of 2 Ferry's Allowed Administrative Expense Claim; and (iii) granting such other and further relief in favor of 2 Ferry as the Court deems just and proper.

**BASIS FOR RELIEF**

11. The Court should require the Debtor Obligor to pay the 2 Ferry's Allowed Administrative Expense Claim. Pursuant to section 365(d)(3) of the Bankruptcy Code, the Debtors must timely perform all of their obligations "arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3). The language of section 365(d)(3) requires that "an obligation arises under a lease for the purposes of § 365(d)(3) when the legally enforceable duty to perform arises under that lease." *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 211 (3d Cir. 2001). Moreover, section 365(d)(3) provides "for the allowance and timely payment of administrative claims for post-petition rent." *In re Goody's Family Clothing, Inc.*, 392 B.R. 604 (Bankr. D. Del. 2008).

12. In addition, section 503 of the Bankruptcy Code provides, in relevant part, that "there shall be allowed administrative expenses" for "the actual, necessary costs and expenses of preserving the estate[.]" 11 U.S.C. § 503(b)(1)(A). Section 507(a)(2) of the Bankruptcy Code further provides that administrative expense claims allowed under section 503(b) have first

priority. *See* 11 U.S.C. § 507(a)(2). Furthermore, a landlord's claim for stub rent[4] is entitled to administrative expense priority under section 503(b)(1)(A) if the landlord can show the stub rent was "an actual and necessary benefit to the debtor in the operation of its business." *In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) (affirming the District Court's holding that "stub rent" is an administrative expense under section 503(b)(1) entitled to priority).

13. The Debtors had possession of, and operated from, the Leased Premises during the post-petition, pre-rejection period of between the Petition Date of August 12, 2024 through the rejection date of November 26, 2024. 2 Ferry is therefore entitled to an allowed administrative expense under section 365(d)(3) and/or section 503(b)(1)(A) of the Bankruptcy Code in the amount of the Allowed Administrative Expense Claim for unpaid Rent attributable to that period. *See In re Goody's*, 610 F.3d at 819 ("[d]ebtors' retaining possession of the premises, thereby inducing post-petition services from the Landlords, is sufficient . . . to be a transaction justifying administrative priority."); *see also Zagata Fabricators v. Superior Air Prods.*, 893 F.2d 624, 627-28 (3d Cir. 1990) ("[a]t a minimum, [a creditor] is . . . entitled to a reasonable value for the use and occupancy of its land as an administrative cost under section 503 of the Bankruptcy Code."); *In re ZB Co.*, 302 B.R. 316, 319 (Bankr. D. Del. 2003) ("[i]t is beyond dispute that all of the Debtors' landlords whose properties are occupied and used post-petition have valid administrative claims"); *In re DVI, Inc.*, 308 B.R. 703, 707-08 (Bankr. D. Del. 2004) ("[a] landlord is entitled to an administrative claim in the amount of the fair market value of the premises when a debtor occupies and uses them post-petition"). There is a presumption that the lease rate is the fair market value of the premises. *See In re ZB Co.*, 302 B.R. at 319 (presumption that the lease rate is the fair market value unless there is evidence to the contrary).

---

[4] Stub rent being "the amount due a landlord for the period of occupancy and use between the petition date and the first post-petition rent payment." *In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 815 (3d Cir. 2010).

WBD (US) 4932-1000-7073v2

14. The unpaid post-petition Rent comprising the Allowed Administrative Expense Claim, including stub rent owed to 2 Ferry, is unquestionably an administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code because it benefited and preserved the Debtors' estates. The Debtors and their creditors benefited from the Debtors' use of the Leased Premises under the Lease after the Petition Date until the date of rejection. Such continued possession and use permitted the Debtors to undertake, among other things, the continued operation of the Debtors' business. Therefore, all unpaid Rent for this post-petition period owed to 2 Ferry, including the stub rent, is an "actual, necessary cost[] and expense of preserving the estate."

15. Accordingly, 2 Ferry requests that the Court enter an order approving the allowance of all unpaid post-petition rent and other post-petition obligations under the Lease owed to 2 Ferry as an administrative expense claim under section 503(b) of the Bankruptcy Code in the total amount of not less than $82,439.67.

16. 2 Ferry also requests that the Court order immediate payment of the Allowed Administrative Expense Claim. On February 28, 2025, the Court entered its *Findings Of Fact, Conclusions Of Law, And Order Approving And Confirming The Third Amended Combined Disclosure Statement And Joint Chapter 11 Plan Of Blink Holdings, Inc. And Its Affiliated Debtors And Debtors In Possession* (D.I. 831), confirming the *Third Amended Combined Disclosure Statement And Joint Chapter 11 Plan Of Blink Holdings, Inc. And Its Affiliated Debtors And Debtors In Possession* (D.I. 831-1) (the "Plan"). The Debtors' Plan provides for payment in full of administrative expense claims. *See* Plan, Art. 6.2. Therefore, the Debtors will not be prejudiced by the Court ordering immediate payment of 2 Ferry's Allowed Administrative Expense Claim.

**NOTICE**

17. Notice of this Motion has been provided to (i) the Debtors; (ii) the Office of the United States Trustee; and (iii) all parties who have noted their appearances pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. 2 Ferry submits that no further or other notice is required.

**CONCLUSION**

WHEREFORE, 2 Ferry respectfully requests that the Court enter the Proposed Order (i) allowing 2 Ferry an administrative expense in the amount of $82,439.67; (ii) requiring immediate payment of 2 Ferry's Allowed Administrative Expense Claim; and (iii) granting such other and further relief in favor of 2 Ferry as the Court deems just and proper.

Dated: March 3, 2025　　　　　　　　　　**WOMBLE BOND DICKINSON (US) LLP**
　　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　*/s/ Marcy J. McLaughlin Smith*
　　　　　　　　　　　　　　　　　　　　Matthew P. Ward (DE Bar No. 4471)
　　　　　　　　　　　　　　　　　　　　Marcy J. McLaughlin Smith (DE Bar No. 6184)
　　　　　　　　　　　　　　　　　　　　1313 North Market Street, Suite 1200
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　Telephone: (302) 252-4320
　　　　　　　　　　　　　　　　　　　　Facsimile:  (302) 252-4330
　　　　　　　　　　　　　　　　　　　　Email: matthew.ward@wbd-us.com
　　　　　　　　　　　　　　　　　　　　　　　　marcy.smith@wbd-us.com

　　　　　　　　　　　　　　　　　　　　*Counsel to 2 Ferry, LLC*
　　　　　　　　　　　　　　　　　　　　*c/o Paramount Assets, LLC*