## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*, [1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Ref: Docket No. 835 |

## PLAN ADMINISTRATORS' RESPONSE IN OPPOSITION TO THE REQUEST OF 2 FERRY, LLC C/O PARAMOUNT ASSETS, LLC FOR ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM

Burton Hastings Advisors LLC, solely in its capacity as plan administrator of Blink Holdings, Inc., *et al* (the "Plan Administrator"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the post-effective date debtors (the "Post-Effective Date Debtors") by and through its undersigned counsel, hereby submits this response in opposition (the "Response") to the *Request of 2 Ferry, LLC C/O Paramount Assets, LLC for Allowance and Payment of an Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(b) and 507(a)(2)* [Docket No. 835] (the "Motion") filed by 2 Ferry LLC c/o Paramount Assets, LLC ("2 Ferry" or the "Landlord"), which seeks allowance and to compel immediate payment of an administrative expense claim in the amount of $82,439.67.  In support of this Response, the Plan Administrator respectfully states as follows:

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the undersigned counsel for the Debtors.

17222852/3

## PRELIMINARY STATEMENT

1.     The Landlord agreed to a postpetition lease amendment and accepted reduced monthly rent payments until the lease was rejected.  Throughout this period, 2 Ferry consistently accepted these reduced payments as full satisfaction of any amounts owed.  Only now, after the rejection damages claim deadline does 2 Ferry assert that additional amounts are owed under the lease and should be awarded administrative priority. However, the alleged unpaid lease obligations provided no actual postpetition benefit to the Debtors' estates and the unpaid costs were not necessary to preserve the value of the Debtors' estates necessary to warrant administrative expense allowance.

## BACKGROUND

2.     On May 26, 2017, 2 Ferry and Debtor Blink Newark, Inc. (the "Tenant") entered into a lease agreement (the "Lease") of a non-residential, office space located at 2-14 Ferry Street (a/k/a 372-374 Market Street), Newark, NJ 07105 (the "Leased Premises").

3.     The Lease was amended as follows:

   1. February 20, 2018 (Amendment to Retail Lease);

   2. June 26, 2020 (Amendment of Lease);

   3. March 11, 2021 (Amendment of Lease #2);

   4. June 27, 2022 (Amendment of Lease #3);

   5. January, 2024 (Amendment of Lease #4) ("Amendment 4"); and

   6. September 1, 2024 (Amendment of Lease #5) ("Amendment 5").

4.     On August 12, 2024 (the "Petition Date") each of the above-captioned debtors and

17222852/3

debtors in possession (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Following the Petition Date, the Debtors continued to operate as debtors in possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

5.     Effective September 1, 2024, the Landlord and Tenant negotiated Amendment 5, that resulted in the Tenant's continued postpetition occupancy. *See* Amendment 5 attached hereto as **<u>Exhibit A</u>**. Section 2(i) of Amendment 5 stated that the base rent table in section 1.11 was deleted and replaced with a new table. The new table specified that the monthly base rent from September 1, 2024, through September 30, 2028, was reduced to $16,133.33. *Id.* Amendment 5 also provided in relevant part to this Response:

> 6. Bankruptcy Matters.
>
> i)     Tenant and certain of its affiliates are debtors and debtors-in-possession in proceedings under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), which proceedings are referred to herein as the "Chapter 11 Cases." The Chapter 11 Cases were commenced on August 12, 2024. Landlord and Tenant agree that their rights and obligations under the Lease shall be subject to any orders of the Bankruptcy Court. For the avoidance of doubt, all obligations under this Amendment and the Existing Lease shall be treated as prepetition obligations and subject to all rights and defenses of Tenant as a debtor in the Chapter 11 Cases, including all rights afforded to Tenant to assume, assume and assign, or reject the Lease under section 365 of the Bankruptcy Code. Nothing herein shall constitute an assumption or assignment of the Existing Lease or Amendment. Notwithstanding the foregoing, the amended terms set forth in paragraph 2 of this Amendment shall be in force effective as of the Effective Date.

Amendment 5, at ¶6 (i).

6.     Paragraph 6 of Amendment 5 further provided that if the Lease was rejected through the Chapter 11 Cases, 2 Ferry retained the right to assert a claim for any rejection damages arising from rejection of the Lease. *See* Amendment 5, at ¶6 (iii). Rejection damages were to be based on the Lease as it was in effect prior to execution of Amendment 5, and the Landlord waived

17222852/3

any right to assert that any rejection damages claim should be measured by or calculated based on the Lease as modified by Amendment 5.  *Id.*

7.      The Landlord did not sign Amendment 5, but the parties acknowledged and accepted it as the most recent and controlling amendment through emails and a course of conduct. *See* **Exhibit B**. On August 30, 2024, Landlord's Jerry Rockoff sent Tenant's Steven Shenker Amendment 5, which was signed and returned by Tenant, and Landlord responded "Received verbal approval from the bank.  Waiting for final sign off expected shortly.  Will send back executed at that time." *Id.*  The Debtors/Tenant complied with Amendment 5 by paying the agreed reduced amount of $16,331.33/mo. on September 1, 2024, October 1, 2024, and November 1, 2024, which, upon information and belief, was accepted by 2 Ferry without any reservation of rights.

8.      In addition to the alleged amounts owed beyond the monthly reduced base rent payments, the Motion also asserts Debtors' obligations related to "additional rent." These appear, upon information and belief, to relate to certain COVID-19 deferred payments that were independent of postpetition stub rent (the "Pandemic Deferral Payments").  Finally, the difference in real estate taxes paid and those alleged to be owed in the Motion are considered by the Debtors to be due and owing in August 2024 and prior to the petition date ("Real Estate Taxes").

9.      The general bar date was October 10, 2024 (the "Bar Date") pursuant to the *Notice of Deadlines for the Filing of Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code* filed on September 12, 2024. *See* Docket No. 358.  Landlord filed no claim.

10.      On November 11, 2024, *Debtors' Third Omnibus Motion for an Order (I) Authorizing Rejection of Certain Unexpired Leases of Non-Residential Real Property;*

*(II) Authorizing Abandonment of Any Remaining Property Located At The Premises, In Each Case*

*Effective As Of The Rejection Date; and (III) Granting Related Relief* was filed at Docket No. 646

(the "Third Omnibus Rejection Motion"). Schedule 1 of the Third Omnibus Rejection Motion lists

the Lease as a "rejected agreement." *See* Docket No. 646-2.

11.    On December 12, 2024, the Court entered an order authorizing the Third Omnibus

Rejection Motion (the "Third Rejection Order"). *See* Docket No. 674. The Third Rejection Order

provided, in relevant part, that the Lease was deemed rejected as of November 26, 2024 (the

"Rejection Date") and that any rejection damages claims arising from the rejected contracts must

be filed on or before the later of the Bar Date and 30 days after the date of entry of the Third

Rejection Order.[2]  2 Ferry did not make a rejection damages claim, notwithstanding the

understanding reached in Amendment 5, paragraph 6 (iii) relating to treatment and calculation of

any rejection damages claim.

12.    On February 28, 2025, the Court entered the *Findings of Fact, Conclusions of Law,*

*and Order Approving and Confirming the Third Amended Combined Disclosure Statement and*

*Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession*

(the "Plan") [Docket No. 831]. The Plan went effective on February 28, 2025 (the "Effective

Date"). *See* Docket No. 833.

13.    Pursuant to Article IX 9.6 of the Plan, the Plan Administrator is empowered and

directed to:

> …perform the duties assigned to the Plan Administrator under this Plan or the Plan
> Administrator Agreement; (ii) comply with this Plan and the obligations under this
> Plan;… (iv) object to Claims and Interests as provided in this Plan and prosecute such
> objections; (v) compromise and settle any issue or dispute regarding the amount,
> validity, priority, treatment or allowance of any Claims or Interests; (vi) exercise such
> other powers as may be vested in the Plan Administrator pursuant to this Plan, the Plan

---

[2] As further defined in Third Omnibus Rejection Motion ¶ 9.

Administrator Agreement or any other Final Order of the Bankruptcy Court, including the Confirmation Order, or otherwise act on behalf of and for the Debtors and the Plan Administrator from and after the Effective Date…

14.     2 Ferry alleges that Debtors owe it $82,439.67 in administrative expenses related to the Lease pursuant to 11 U.S.C. §§ 365(d)(3), 503(b)(1)(A) and 507(a)(2) and requests the immediate payment of the same. *See* Administrative Expense Motion ¶¶ 10, 12.  The claim stems from 2 Ferry's assertion that Amendment 4 (and the pre-Amendment 5 existing Lease terms) remained in effect postpetition, ignoring the parties' agreement reached through Amendment 5.

<u>**RESPONSE**</u>

15.     The Debtors made full postpetition payments as required under its agreement with the Landlord.  2 Ferry has not provided any facts to substantiate its allegations that it did not accept these payments as full and satisfactory payments under the Lease.  2 Ferry did not file a rejection damages claim.

16.     Under Rule 3002(c)(4) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), a party may file a proof of claim arising from a rejected, unexpired lease within the time set by the court. *See* Fed. R. Bankr. P. 3002(c)(4). The Third Rejection Order states that "[c]laims arising out of the Rejected Agreements, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in the Chapter 11 Cases, and (b) thirty (30) days after the date of entry of this order." *See* Third Rejection Order at ¶ 4.

17.     2 Ferry missed the Bar Date to file a claim and then failed to submit a claim within 30 days after the Third Rejection Order, which was January 11, 2025. *See* Third Rejection Order. These failures bar 2 Ferry from claiming any rejection damages. Now, 2 Ferry is attempting to disguise its rejection damages claim as an administrative expense to circumvent the procedural bar.  The deadline to file rejection damages has passed, and it is improper for 2 Ferry to assert its

6

untimely rejection damages claim as an administrative expense.

**A.  The Landlord Benefited from the Continued Post Petition Rent.**

18.     The Debtors and 2 Ferry entered into a postpetition agreement to prevent the rejection of the Lease. Amendment 5, effective September 1, 2024, reduced the monthly rental obligations paid to 2 Ferry.  In exchange, 2 Ferry waived any additional rent payments beyond the modified base rent. This agreement was formalized as Amendment 5 and signed by the Tenant. *See* **Exhibit A**.  This Amendment 5 was confirmed by email, and 2 Ferry stated that it would execute Amendment 5 in due course and instructed Debtors to begin paying the modified based rent on September 1, 2024. *See* **Exhibit B**, which are copies of emails from the Debtors' books and records between the parties.  Rent payments were made through November 2024.

19.     The Debtors reasonably relied on the agreement with 2 Ferry and fulfilled their obligations under Amendment 5, which reduced base rent for the relevant term. These accepted base rent payments provided a reasonable and necessary benefit to the Debtors' estate throughout the Chapter 11 process. The additional amounts do not. 2 Ferry is estopped from asserting an administrative expense for the alleged difference between the modified base rent payments and prior prepetition amounts.  If there had been no agreement to the reduced rent amounts, the Debtors would have rejected the Lease as of the Petition Date.

20.     Pursuant to section 24.9 of the Lease, New Jersey law governs. To plead promissory estoppel, New Jersey law requires: the claimant must demonstrate "(1) a clear and definite promise; (2) made with the expectation that promise will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." *Toll v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 944 A.2d 1, 19 (N.J. 2008)(citing *Lobiondo v. O'Callaghan*, 357 N.J.Super. 488, 499, 815 A.2d 1013 (App. Div.), *certif. denied*, 177 N.J. 224, 827 A.2d 291 (2003)).

21.     The Debtors reasonably and justifiably relied on 2 Ferry's promises to honor Amendment 5. In accordance with this agreement, the Tenant fulfilled its obligations, including making the postpetition modified base rent payments.  Debtors' reliance on 2 Ferry's conduct and agreement, which constituted an accord and satisfaction of any disputed debt, resulted in the Debtors' detriment.  Immediate rejection was forestalled because of the postpetition agreement. Now, after the payments have been made and 2 Ferry failed to file a rejection damages claim, it seeks an improper claim in excess of the agreed-upon obligations under Amendment 5.

22.     The Debtors fulfilled their postpetition Lease obligations according to the bargained-for agreement under Amendment 5.  This agreement remained effective until November 26, 2024, when the Lease was rejected by the Debtors pursuant to the Court's Third Rejection Order. All rent obligations for the relevant period were satisfied, and the Plan Administrator firmly opposes any alleged liability for additional amounts.

23.     2 Ferry's only remedy was to bring a rejection damages claim, which it waived. The Tenant paid the agreed-upon reduced base monthly rent from September 2024 through November 2024, and 2 Ferry did not object during this period. As a result, 2 Ferry is now prohibited from asserting the claim due to its previous actions and statements, which make it inequitable to do so, and are inconsistent with the allegations in the Motion.

**B.  Relief Under Section 503 Is Inappropriate.**

24.     Section 503 of the Bankruptcy Code provides for the allowance of administrative expenses for "the actual, necessary costs and expenses of preserving the estate[.]" 11 U.S.C. § 503(b)(1)(A).

25.     2 Ferry does not allege any facts to demonstrate it provided actual benefits or necessary costs to the estate that would entitle it to administrative claim under Section 503 of the

bankruptcy Code. A claimant "seeking compensation or reimbursement under Section 503(b)(1)(A)(i) carries a 'heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets.'" *In re Bernard Techs., Inc.*, 342 B.R. 174, 177 (Bankr. D. Del. 2006)(citing *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527, 533 (3rd Cir.1999)). A party seeking such relief must demonstrate it is entitled to the requested administrative expense by a preponderance of the evidence. *Id.* at 177.

26.    2 Ferry cannot meet its burden of showing that it provided an actual benefit to the estates or that the asserted costs were necessary for preserving the value of Debtors' estates.

**C. Deferred Payments Related to COVID-19 and Alleged Unpaid August Taxes Were Prepetition Claims and Not Entitled to Administrative Priority.**

27.    Any liability associated with the Lease was incurred prepetition and does not give rise to administrative priority. *See* 11 U.S.C. §¶503(b)(1)(A); *see also Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.),* 258 F.3d 385, 387 (5th Cir.2001) (stating "[i]n order to qualify as an 'actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee that benefited the estate.")(citation omitted)).

28.    The Pandemic Deferral Payments and the remaining August Real Estate Taxes were prepetition liabilities. This was acknowledged by 2 Ferry in Amendment 5 to the Lease.  *See* Amendment 5 at ¶6.  The parties had previously agreed that certain Pandemic Deferral Payments would be made in August 2024 due of the COVID-19 pandemic.  These payments became due in early August 2024, prior to the Petition Date, and not during the bankruptcy. Therefore, the amounts now claimed were neither actual nor necessary to benefit the estate postpetition.

**D. Any Hearing on the Motion Should Occur After the Administration Expense Deadline and the Benefit of Discovery.**

29.    Any hearing on the merits of the Motion should occur after the universe of any motions for administrative expenses is set and the Plan Administrator has the full opportunity to conduct discovery on any open factual issues.  The deadline for parties to assert administrative expense claims is March 31, 2025.  *See* Docket No. 833.

## <u>RESERVATION OF RIGHTS</u>

30.    The Plan Administrator expressly reserves its right to amend, modify, or supplement its response. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors or their post-effective date estates; (b) a waiver of the right to dispute any other claim on any grounds; (c) an agreement to pay any other claim; and (d) an assumption or rejection of any other executory contract or unexpired lease, or any other limitation on rights under section 365 of the Bankruptcy Code.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for reasons set forth above, the Court should deny the Motion and award the Post-

Effective Date Debtors' estates such further relief as may be just and appropriate.

Dated: March 13, 2025                        **MORRIS JAMES LLP**

                                        */s/ Eric J. Monzo*
                                        Eric J. Monzo (DE Bar No. 5214)
                                        Brya M. Keilson (DE Bar No. 4643)
                                        Siena B. Cerra (DE Bar 7290)
                                        500 Delaware Avenue, Suite 1500
                                        Wilmington, DE 19801
                                        Telephone: (302) 888-6800
                                        Facsimile: (302) 571-1750
                                        E-mail: emonzo@morrisjames.com
                                        E-mail: bkeilson@morrisjames.com
                                        E-mail: scerra@morrisjames.com

                                            and

                                        **KELLEY DRYE & WARREN LLP**
                                        Eric R. Wilson, Esq. (admitted *pro hac vice*)
                                        Kristin S. Elliott, Esq. (admitted *pro hac vice*)
                                        Andres Barajas, Esq. (admitted *pro hac vice*)
                                        3 World Trade Center
                                        New York, NY 10007
                                        Telephone: (212) 808-7800
                                        Facsimile: (212) 808-7897
                                        E-mail: ewilson@kelleydrye.com
                                        E-mail: kelliott@kelleydrye.com
                                        E-mail: abarajas@kelleydrye.com

                                        *Counsel to Plan Administrator*

17222852/3