# **EXHIBIT A**

Amendment of Lease #5

17222852/3

31934447.1

## AMENDMENT OF LEASE #5

This Amendment of Lease #5 (this "Amendment"), dated effective as of September 1, 2024 (the "Effective Date"), by and between 2 Ferry LLC, as landlord ("Landlord"), and Blink Newark, Inc., as tenant ("Tenant").

W I T N E S S E T H:

**WHEREAS,** Landlord and Tenant are the parties to a lease dated **May 26, 2017** (the "Original Lease"), as heretofore amended, including, without limitation, up to and by that certain Amendment of Lease #4 dated **January __, 2024** (collectively the "Prior Amendments" and collectively with the Original Lease and all other Prior Amendments, the "Existing Lease"), demising to Tenant that certain premises consisting of approximately **15,713 useable square feet,** as more particularly set forth in the Existing Lease (the "Premises") in the building known as and located at **2-14 Ferry Street (a/k/a 372-374 Market Street) Newark, New Jersey 07105** (the "Building"); and

**WHEREAS,** the parties have agreed to further modify certain terms of the Existing Lease as more fully set forth in this Amendment.

**NOW, THEREFORE,** in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, Landlord and Tenant hereby agree as follows:

1. <u>Definitions</u>. All capitalized terms contained in this Amendment shall, for the purposes hereof, have the same meanings ascribed to them in the Existing Lease unless otherwise defined herein. As used herein, the term "Lease" shall mean the Existing Lease, as amended by this Amendment and as the same may hereafter be further amended.

2. <u>Amended Terms</u>. Notwithstanding anything to the contrary set forth in in the Existing Lease, effective as of the date of this Amendment, the Lease is hereby amended as follows:

    (i) As of the Effective Date, the Base Rent table in Section 1.11 is deleted and replaced with the following new Base Rent table:

| Balance of Remaining Lease Years in the Term | Annual Base Rent | Monthly Base Rent |
|---|---|---|
| September 1, 2024 through September 30, 2028 | $193,599.96 | $16,133.33 |

31934447.1

        (ii)    As of the effective Date, Tenant's right to renew the Lease described in Section 1.6 and in Exhibit C of the Lease shall be deemed deleted in its entirety, and in its place, the following shall be inserted:

"At Tenant's option, and no less than one (1) year prior to the end of the current Lease Term, Tenant may serve Landlord with a written notice requesting that the parties enter into negotiations for one (1)- five (5) year renewal term for the Lease. Thereafter, Landlord and Tenant agree to negotiate renewal terms in good faith in attempt to agree upon mutually acceptable terms under which Tenant shall remain in the Premises.  The parties specifically agree and acknowledge that in the event a written Amendment to Lease, extending the Lease Term, is not fully executed within one hundred eighty (180) days following Landlord's receipt of Tenant's written notice described hereinabove, then in that event, Tenant's option to renew shall be deemed finally and conclusively waived by Tenant and Tenant shall vacate the Premises and return possession thereof back to the Landlord at the end of the current Lease Term and in the condition described in the Lease."

        (iii)    As of the Effective Date, and in partial consideration of this Amendment, Landlord covenants, acknowledges and agrees that any and all deferred sums or other outstanding or unpaid sums or obligations due from Tenant accruing or attributable to any time period **prior** to the filing of the Chapter 11 Cases, as described hereinafter, , including but not limited to Base Rent under the Existing Lease (including any Prior Amendments) are no longer due and payable by Tenant and are hereby waived, released, and otherwise extinguished by Landlord.

        3.    Notwithstanding anything contained in the Lease to the contrary, Landlord shall have the right to market the Premises to third parties upon such terms and conditions as Landlord determines in its sole and absolute discretion, including the amount of base rent but otherwise expressly subject to the Tenant's rights as provide below (the "Third Party LOI "), provided such base rent under the Third Party LOI (the "Third Party Base Rent") is greater than the Base Rent established under this Amendment and  is expressly subject to the Tenant's rights with respect to the LOI  Acceptance/Rejection  Notice as provided below (the "Third Party LOI ").  In the event Landlord receives a bona fide and binding Third Party LOI  containing all of the terms and conditions that Landlord is prepared to accept, including a Third Party Base Rent in excess of the Base Rent provided under this Amendment and provided such Third Party LOI  has been executed and delivered by such third party (the "Third Party") to Landlord, then provided Landlord is not in default of the Lease beyond any applicable notice and cure period,   Landlord shall forward a copy of said Third Party LOI to Tenant providing Tenant with ten (10) days following Tenant's receipt of said Third Party LOI to provide Landlord with an LOI Acceptance/Rejection Notice wherein Tenant is **either** rejecting the Third Party Base Rent of the Third Party LOI **or** accepting the Third Party Base Rent of the Third Party LOI.  If Tenant accepts the Third Party Base Rent of the Third Party LOI, said Third Party LOI shall be deemed null and void, and Landlord will prepare and forward to Tenant an amendment to Lease incorporating the Third Party Base Rent of the Third Party LOI for review and execution by Tenant and Landlord.  In the event Tenant rejects the Third Party Base Rent of the Third Party LOI, Landlord will continue negotiations with the Third Party based on the Third Party LOI  and upon full execution and delivery between the Landlord and the Third Party of the lease for the

31934447.1

Premises (the "Third Party Lease"), Landlord shall have the right to terminate the Lease (the "Landlord Termination Notice") upon the date that is ninety (90) days after Tenant's receipt of a written notice of such termination from Landlord, (the "Termination Date") which shall include a copy of the Third Party Lease as executed by the Third Party and Landlord. Tenant covenants and agrees to surrender and vacate the Premises and deliver possession to Landlord and Landlord agrees to accept possession of the Premises on the Termination Date in its then existing "as-is" condition, with the Premises and without any obligation or liability of Tenant (a) that the Premises be in a broom clean condition or free of debris or (b) to be responsible for the removal of any personal property, trade fixtures, furniture, signage, equipment or apparatus (collective the "Premises Contents") all of which may be left in place at the Premises in its "as is" and "where is" condition (the "Permitted Premises Condition"). Any Premises Contents remaining as of the Termination Date shall be deemed abandoned by Tenant without any obligation of Landlord to compensate or pay Tenant any sums for the Premises Contents and which Landlord may remove and dispose of in such manner as Landlord may determine. On the Termination Date, Landlord shall have the right to inspect the Premises to confirm that Tenant has delivered possession in the Permitted Premises Condition and Tenant shall remain responsible for delivering the Premises in the Permitted Premises Condition which obligation shall survive the termination of the Lease. . A failure by Landlord to receive an LOI Acceptance/Rejection Notice within the time period required hereinabove shall be conclusively presumed to be **rejection** by Tenant of the terms of the Third Party LOI.

  4. <u>Further Assurances</u>. Subject to the other terms of this Amendment, each of Landlord and Tenant agree to execute and deliver such other agreements, amendments or other documents and perform such other acts, in addition to the matters herein specified, as may be reasonably necessary, from time to time, to effectuate the modifications, waivers and amendments contemplated by this Amendment, including but not limited to any amendment to the Lease to reflect the provisions of the Lease Reinstatement Notice.

  5. <u>Lease Ratified/Estoppel</u>. Except as modified by this Amendment, the Existing Lease and all terms and conditions thereof shall remain in full force and effect and are hereby ratified and confirmed. As of the Effective Date, and subject to the terms of this Amendment, (i) Landlord represents and warrants that Tenant is not in default under any of the terms or provisions of the Lease and (ii) Tenant represents and warrants that Landlord is not in default under any of the terms or provisions of the Lease.

  6. <u>Bankruptcy Matters.</u>

    i) Tenant and certain of its affiliates are debtors and debtors-in-possession in proceedings under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), which proceedings are referred to herein as the "Chapter 11 Cases." The Chapter 11 Cases were commenced on August 12, 2024. Landlord and Tenant agree that their rights and obligations under the Lease shall be subject to any orders of the Bankruptcy Court. For the avoidance of doubt, all obligations under this Amendment and the Existing Lease shall be treated as prepetition obligations and subject to all rights and defenses of Tenant

Docusign Envelope ID: EDE23653-ADEB-4349-8DCD-27E7646101BF
Case 24-11686-JKS    Doc 847-1    Filed 03/13/25    Page 5 of 7

31934447.1

as a debtor in the Chapter 11 Cases, including all rights afforded to Tenant to assume, assume and assign, or reject the Lease under section 365 of the Bankruptcy Code. Nothing herein shall constitute an assumption or assignment of the Existing Lease or Amendment. Notwithstanding the foregoing, the amended terms set forth in paragraph 2 of this Amendment shall be in force effective as of the Effective Date.

ii) In the event that Tenant, its affiliated debtors and debtors-in-possession in their pending bankruptcy cases commenced under Chapter 11 of Title 11 of the United States Code, jointly administered under Case No. 24-11686 in the United States Bankruptcy Court for the District of Delaware, or any successor thereto seeks to amend, modify, terminate or reject the leases for Blink East Orange Inc. or Blink Irvington Inc. without the prior written consent of 582 Central Urban Renewal LLC or 874 Springfield LLC respectively, this Agreement shall be deemed nullified and voided, and the original terms of the Lease, as it was in effect prior to execution of this Agreement, shall control.

iii) In the event the Lease is not assumed by Tenant and/or its affiliated debtors and debtors-in-possession in their pending bankruptcy cases commenced under Chapter 11 of Title 11 of the United States Code, jointly administered under Case No. 24-11686 in the United States Bankruptcy Court for the District of Delaware, Landlord shall retain the right to assert a claim for any rejection damages arising from the rejection of the Lease ("Rejection Damages") with such Rejection Damages to be calculated on the basis of the Lease as it was in effect prior to execution of this Agreement. For the avoidance of doubt, Tenant hereby waives any right to assert that any Rejection Damages claim should be measured by or calculated on the basis of the Lease as modified by this Agreement.

7. <u>Successors and Assigns</u>. This Amendment shall bind and inure to the benefit of the parties hereto and their respective successors and assigns.

8. <u>Construction of Agreement</u>. In construing this Amendment, all headings and titles are for the convenience of the parties only and shall not be considered a part of this Amendment. Whenever required by the context, the singular shall include the plural and the masculine shall include the feminine and vice versa. This Amendment shall not be construed as if prepared by one of the parties, but rather according to its fair meaning as a whole, as if both parties had prepared it.

9. <u>Partial Invalidity</u>. The provisions of this Amendment shall be deemed independent and severable, and the invalidity or partial invalidity or enforceability of any one provision shall not affect the validity of enforceability of any other provision hereof.

10. <u>Counterparts</u>. This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. Facsimiles or scanned documents, including all signatures, electronic, digital, by DocuSign or otherwise shall be deemed originals for all purposes. The transmission of a signed

31934447.1
counterpart of this Amendment by facsimile or by portable document file shall have the same force and effect as delivery of an original signed counterpart of this Amendment, and shall constitute valid and effective delivery for all purposes.

**[END OF TEXT – SIGNATURE PAGE FOLLOWS]**

31934447.1

**IN WITNESS WHEREOF,** the parties hereto have executed this Amendment as of the day and year first above written.

**LANDLORD:**

**2 Ferry LLC**

By: _____
Print Name: _____
Print Title: _____

**TENANT:**

**BLINK NEWARK, INC.**

By: *Guy Harkless* (Signed by: BA5A2552275547C...)
Print Name: Guy Harkless
Print Title: President & CEO