## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BLINK HOLDINGS, INC., *et al*.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-11686-JKS <br><br> (Jointly Administered) <br><br> **Objection Deadline: April 14, 2025 at 4:00 p.m. (ET)** <br> **Hearing Date: June 3, 2025 at 11:00 a.m. (ET)** |

**MOTION OF 2857 WEST 8TH STREET ASSOCIATES LLC TO ALLOW AND COMPEL IMMEDIATE PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM**

2857 West 8th Street Associates LLC (the "**Landlord**") hereby moves (the "**Motion**") pursuant to sections 365(d), 503(b), and 507(a)(2) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order substantially in the form attached hereto as Exhibit A (the "**Proposed Order**") for immediate payment of an administrative expense claim. In further support of the Motion, the Landlord, by and through its undersigned counsel respectfully represents:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Landlord consents to entry of a final order under Article

---

[1] The last four digits of Blink Holdings, Inc.'s federal tax identification number are 6354. The mailing address for Blink Holdings, Inc. is 45 West 45th Street, 10th Floor, New York, New York 10036. Due to the large number of debtors in these chapter 11 cases, which the Debtors have requested be jointly administered, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting counsel for the Debtors.

III of the United States Constitution. Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are 11 U.S.C. §§ 365(d)(3), 503(b)(1), and 507(a)(2).

## BACKGROUND

### I. The Lease and Premises

3.  The Landlord owns commercial real property located at 2857 West 8th Street, Brooklyn, New York (the "**Property**").

4.  Debtor Blink West 8th Street, Inc. (the "**Tenant**") occupied a portion of the Property (the "**Demised Premises**") under a lease agreement between the Tenant and the Landlord entered into in November 2014, pursuant to which the Tenant took possession of the Demises Premises in April 2015 (the "**Lease**"). The Lease is attached hereto as Exhibit B.

### II. The Bankruptcy Case

5.  On August 12, 2024 (the "**Petition Date**"), Tenant, together with its parent, Blink Holdings Inc. and 136 affiliates (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

6.  On November 13, 2024, the Bankruptcy Court entered the *Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 611] (the "**Sale Order**"). The Sale Order approved the Debtors' entry into that certain *Amended and Restated Asset Purchase Agreement By and Among*

2

*Blink Holdings, Inc., the Other Sellers Party Hereto, and Pinnacle US Holdings LLC*, dated as of October 31, 2024 (the "**APA**"), attached to the Sale Order as Exhibit A.

7. On December 2, 2024, the Debtors filed the *Notice of Designation of Assumed and Reserved Agreements* [Docket No. 658] (the "**Designation Notice**"). The Designation Notice designated the Lease as a "Reserved Agreement," as such term was defined in the APA.

8. On February 20, 2025, the Debtors assumed the Lease, and assigned the Lease to PureFitness, LLC.

9. On February 28, 2025, the Bankruptcy Court issued its *Findings of Fact, Conclusions of Law, and Order Approving and Confirming the Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 831] ("**Confirmation Order**"). Pursuant to the confirmed plan and Confirmation Order, Burton Hasting Advisors LLC was appointed as the plan administrator (the "**Plan Administrator**") to wind-down the Debtors.

10. The effective date of the confirmed plan occurred on February 28, 2025 (the "**Effective Date**"). *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 833] ("**Notice of Effective Date**"). The Notice of Effective Date provided that the Administrative Expense Deadline is March 31, 2025. *Id*.

### III. The Real Estate Taxes Administrative Expense Claim

11. In addition to monthly base rent, Article 5 of the Lease required the Tenant to pay "Tenant's Pro-Rata Share of that portion of Taxes for each fiscal year after the Tax Base Year that exceed Taxes for the Tax Base Year" (the "**Real Estate Taxes**"). Such payments were to be made in monthly installments; *provided, however,* that the Landlord may estimate such amounts and then perform a final reconciliation at the end of the tax year. Historically, it has been the Landlord's

practice to perform a reconciliation of the Real Estate Taxes at the end of the fiscal year and then bill Tenant for amounts outstanding.

12. As reflected in Exhibit C, the total Taxes for the Tax Base Year were $190,052.00 and the total Taxes for the 2024-2025 fiscal year were $415,396.98, creating total excess taxes in the amount of $225,344.98. However, only 25.50% of this amount was allocated to Tenant based on Tenant's occupancy of the Demised Premises. As a result, the total excess Taxes for which Tenant was responsible for the 2024-2025 fiscal year was $57,462.97, or $4,788.60 per month. The post-petition excess taxes owed by Tenant are calculated as follows:

| | |
|---|---|
| August 12, 2024-August 31, 2024 | $2,780.47[2] |
| September 1, 2024-September 30, 2024 | $4,788.58 |
| October 1, 2024-October 31, 2024 | $4,788.58 |
| November 1, 2024-November 30, 2024 | $4,788.58 |
| December 1, 2024-December 31, 2024 | $4,788.58 |
| January 1, 2025-January 31, 2025 | $4,788.58 |
| February 1, 2025-February 28, 2025 | $4,788.58 |
| **TOTAL** | **$31,511.95** |

13. The underlying tax bills giving rise to the Real Estate Taxes are attached hereto as Exhibits D-1 and D-2.

14. The Landlord seeks allowance and immediate payment of an administrative expense claim in the amount of **$31,511.95**, which reflects the amount of Real Estate Taxes that accrued during the period of August 12, 2024 through February 28, 2025 (the "**Administrative Claim Amount**").

### **RELIEF REQUESTED**

15. By this Motion, the Landlord respectfully requests that the Court enter an order (i) allowing the administrative expense priority treatment of the Administrative Claim Amount and

---

[2] This amount was calculated by determining the daily amount of Taxes owed by the Tenant for the month of August and multiplying such amount by 18 (the number of days in August following the Petition Date).

4

(ii) compelling the immediate payment thereof pursuant to sections 365(d)(3), 503(b)(1), and 50(a)(2). Sections 365(d), 503(b), and 507(a)(2) of title 11 of the Bankruptcy Code entitle the Landlord to recover the Administrative Claim Amount.

## BASIS FOR RELIEF

16. The Administrative Claim Amount relates to post-petition unpaid real estate tax obligations, which embody actual, necessary costs and expenses of preserving the estates and obligations that became due and payable under the Lease post-petition.

17. Section 365(d)(3) mandates that the Debtors "shall timely perform all of the obligations of the debtor[s]… arising from and after the [Petition Date] under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3). *See generally In re Montgomery Ward Holding, Corp.*, 268 F.3d 305, 209 (3d Cir. 2001) (noting that the "clear and express intent of § 365(d)(3) is to require the [Debtor] to perform the lease in accordance with its terms"); *In re Pac-West TeleComm, Inc.*, 377 B.R. 119, 123 (Bankr. D. Del. 2007) (commenting "the [Debtor] must fulfill any obligation that arises under a non-residential lease after the filing of the bankruptcy petition"). Section 365(d)(3) requires the Debtors to pay all post-petition obligations under the Lease, pursuant to its terms. Here, section 365(d)(3) requires the Tenant to pay the Landlord for post-petition Real Estate Taxes, which are obligations under the Lease that accrued post-petition.

18. Section 503(b)(1) of the Bankruptcy Code provides "there shall be allowed administrative expenses, … including – the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1). Section 503 affords priority to claims of third parties who a debtor-in-possession induced to supply goods or services. *See In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 609 (Bankr. D. Del. 2008), *aff'd*, 610 F.3d 812 (3d Cir. 2010); *In re Jartran, Inc.*, 732

5

F.2d 584, 586 (7th Cir. 1984). The Third Circuit has held that real estate taxes billed to the tenant under an unexpired lease after the bankruptcy petition filing had to be paid in full under section 503(b)(1). *In re Montgomery Ward*, 268 F.3d at 211. Here, the Real Estate Taxes arose on or after the Petition Date, but before the Effective Date, and are therefore post-petition obligations of the Debtors, which must be timely performed. *See id* (citations omitted). Section 507(a)(2) confirms "administrative expenses allowed under section 503(b)" enjoy priority treatment.

19.     The Tenant enjoyed the use and occupancy of the Demised Premises post-petition. Therefore, the Administrative Claim Amount is an administrative expense claim under § 503(b)(1)(A). *See In re Goody's Family*, 2009 WL 2355705 (D. Del. July 30, 2009), *aff'd*, 610 F.3d 812 (3d Cir. 2010) (noting that "the longstanding and consistent practice of recovering post-petition rent as an administrative expense, clearly establish that [] rent is recoverable on a priority basis"). The Court should allow the full amount of Administrative Claim Amount as an administrative expense and compel the Debtors to pay it immediately.

20.     Ordering immediate payment of a section 503(b)(1) administrative claim is within this Court's sound discretion. *See, e.g.*, *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002). As detailed above, the Tenant has not paid the Real Estate Taxes, which accrued after the Petition Date, but before the Effective Date. The unpaid Real Property Taxes are administrative expense claims under sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code. Accordingly, the Landlord respectfully requests entry of an order allowing the Administrative Claim Amount in full as an administrative expense claim and compelling the Debtors to make immediate payment thereof.

**NO PRIOR REQUEST**

21. The Landlord submits that no prior motion for the relief requested herein has been made to this or any other Court.

**NOTICE**

22. Notice of this Motion will be provided to: (i) counsel to the Debtors; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the Plan Administrator; and (v) all parties having filed a request for notice in these cases pursuant to Fed. R. Bank. P. 2002.

**RESERVATION OF RIGHTS**

23. The Landlord reserves all rights with respect to the Debtors, their affiliates, and other parties. Nothing herein shall be considered a waiver or release of any rights, claims, or defenses that the Landlord or its affiliates may have against anyone, including but not limited to the Debtors and their affiliates.

**WHEREFORE**, the Landlord respectfully requests entry of an order granting (i) all of the relief requested herein; and (ii) such other and further relief as the Court may deem just and proper.

Dated: March 31, 2025
Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

*/s/ Katherine M. Devanney*
Shanti M. Katona (Del. Bar No. 5352)
Katherine M. Devanney (Del. Bar No. 6356)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
skatona@polsinelli.com
kdevanney@polsinelli.com

*Counsel to 2857 West 8th Street Associates LLC*