**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: June 3, 2025 at 11:00 a.m. (ET)**<br>**Objection Deadline: May 2, 2025 at 4:00 p.m. (ET)** |

**SUMMARY OF COMBINED SIXTH MONTHLY AND FINAL FEE
APPLICATION OF KELLEY DRYE & WARREN LLP FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
THE MONTHLY PERIOD FROM FEBRUARY 1, 2025 THROUGH AND
INCLUDING JUNE 28, 2025, AND THE FINAL PERIOD AUGUST 26,
2024 THROUGH AND INCLUDING FEBRUARY 28, 2025**

| Name of applicant: | Kelley Drye & Warren LLP |
|---|---|
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Petition date: | August 12, 2024 |
| Date of retention: | Effective as of August 26, 2024[1] |
| Terms and conditions of employment | Hourly. No retainer. |
| Monthly Period for which compensation and reimbursement is sought: | February 1, 2025 through and including February 28, 2025 |
| Monthly fees sought to be paid this period: | $36,012.00 |
| Monthly expenses sought to be paid this period: | $539.54 |
| Monthly fees and expenses sought this period: | $36,551.54 |
| Final Period for which compensation and reimbursement is sought: | August 26, 2024 through and including February 28, 2025 |
| Final fees sought to be paid this period: | $2,162,520.00[2] |

---

[1] Docket No. 490.

[2] Represents $2,150,955.00 in total fees incurred, (i) less $935.00 due to an inadvertent billing error in the First Interim Application; and (ii) plus an estimated $12,500 in additional fees and expenses incurred after February 28, 2025 in connection with preparing this Application and attending the hearing thereon. Kelley Drye reserves the right to seek additional fees or expenses incurred during the time period indicated above if not accounted for herein, and in preparing this Application and reviewing the final fee applications of other professionals.

17279276/1

| Final expenses sought to be paid this period: | $27,256.17 |
|---|---|
| Final fees and expenses sought this period: | $2,189,776.17 |
| Total fees and expenses approved by interim order to date: | $1,502,170.25 |
| Total fees and expenses paid to date: | $1,295,217.84 |
| Blended Rate in this Application for All Timekeepers: | $888.31 |
| Fees Sought in This Application Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed by Interim Order: | $0.00 |
| Expenses Sought in This Application Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed by Interim Order: | $0.00 |
| Number of Professionals Included in This Application: | 23 |
| Number of Timekeepers Billing Fewer than 15 Hours to the Case During This Period: | 9 |
| Are any rates higher than those approved or disclosed at retention? | Yes. Kelley Drye's rates increased as of January 1, 2025. This was disclosed at Docket No. 700. |

This is a(n):        X  Monthly            __ Interim            X  Final Application

This is, in part, a monthly application. This is Kelley Drye's sixth monthly application filed in these cases.

This Application includes 11.6 hours, with a value of $9,293.00, incurred to prepare the firm's third, fourth and fifth monthly fee applications.

**PRIOR MONTHLY APPLICATION HISTORY**

| Date Filed and Docket No. | Period Covered | Requested | | Allowed | | 20% Holdback |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| October 31, 2024 Docket No. 537 | August 26, 2024 – September 30, 2024 | $813,438.75 | $2,826.97 | $650,751.00 | $2,826.97 | $162,687.75 |
| December 16, 2024 Docket No. 682 | October 1, 2024 – October 31, 2024 | $689,666.50 | $8,934.28 | $551,733.20 | $8,934.28 | $137,933.30 |
| February 12, 2025 Docket No. 794 | November 1, 2024 – November 30, 2024 | $430,732.25 | $11,413.15 | $344,585.80 | $11,413.15 | $86,146.45 |
| February 24, 2025 Docket No. 809 | December 1, 2024 - December 31, 2024 | $121,649.50 | $3,521.18 | $97,319.60 | $3,521.18 | $24,329.90 |
| February 28, 2025 Docket No. 828 | January 1, 2025 – January 31, 2025 | $59,456.00 | $21.05 | $47,564.80 | $21.05 | $11,891.20 |
| Totals: | | **$2,114,943.00** | **$26,716.63** | **$1,691,954.40** | **$26,716.63** | **$422,988.60** |

**PRIOR INTERIM APPLICATION HISTORY**

| Date Filed and Docket No. | Period Covered | Requested | | Allowed | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| December 16, 2024 Docket No. 685 | August 26, 2024 – October 31, 2024 | $1,502,170.25 | $11,761.25 | $1,502,170.25 | $11,761.25 |
| Totals: | | **$1,502,170.25** | **$11,761.25** | **$1,502,170.25** | **$11,761.25** |

3

17279276/1

### COMPENSATION BY TIMEKEEPER FOR THE MONTHLY PERIOD

| Name of Professional | Position with Applicant | Year of Law School Graduation | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Eric R. Wilson | Partner | 1997 | $1,280.00 | 6.7 | $8,576.00 |
| Kristin Elliott | Partner | 2002 | $1,060.00 | 6.1 | $6,466.00 |
|  |  |  | $530.00[3] | 3.7 | $1,961.00 |
| Andres Barajas | Senior Associate | 2017 | $875.00 | 11.2 | $9,800.00 |
|  |  |  | $437.50 | 0.8 | $350.00 |
| John Churchill | Associate | 2021 | $735.00 | 11.4 | $8,379.00 |
| Thomas Burns | Paralegal | N/A | $400.00 | 1.2 | $480.00 |
|  |  |  | Total: | 41.1 | $36,012.00 |
|  |  |  | Blended Rate: |  | $876.20 |

### COMPENSATION BY PROJECT CATEGORY FOR THE MONTHLY PERIOD

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 0.4 | $403.00 |
| Pleading Review | 0.9 | $770.50 |
| Fee Matters (Applications & Orders) | 15.5 | $12,434.00 |
| Plan & Disclosure Statement | 9.2 | $8,816.00 |
| Committee & Creditor Communications | 3.4 | $3,266.50 |
| Court Hearings | 7.2 | $8,011.00 |
| Non-Working Travel Time | 4.5 | $2,311.00 |
| **Total:** | **41.1** | **$36,012.00** |

### EXPENSE SUMMARY FOR THE MONTHLY PERIOD

| Expense Category | Total Expenses |
|---|---|
| Local Travel | $121.96 |
| Long Distance Travel | $303.00 |
| Cab Service | $58.91 |
| Meals | $16.32 |
| Discovery and Litigation Tech Services | $21.05 |
| Pacer Charges | $18.30 |
| **Total:** | **$539.54** |

---

[3] Non-working Travel Time billed at 50% of normal rate.

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: June 3, 2025 at 11:00 a.m. (ET)**<br>**Objection Deadline: May 2, 2025 at 4:00 p.m. (ET)** |

**COMBINED SIXTH MONTHLY AND FINAL FEE APPLICATION OF
KELLEY DRYE & WARREN LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR THE MONTHLY PERIOD FROM FEBRUARY 1,
2025 THROUGH AND INCLUDING FEBRUARY 28, 2025, AND THE FINAL PERIOD
FROM AUGUST 26, 2024 THROUGH AND INCLUDING FEBRUARY 28, 2025**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "Interim Compensation Order"),[1] Kelley Drye & Warren LLP ("Kelley Drye"), lead counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits its combined sixth monthly and final fee application (the "Application") seeking (i) compensation for professional services rendered and reimbursement of expenses incurred as lead counsel to the Committee for the monthly period from February 1, 2025, through and including February 28, 2025 (the "Monthly Period"), and (ii) entry of an order granting it final

---

[1] Docket No. 162.

17279276/1

compensation and reimbursement of expenses for the final period from August 26, 2024 through February 28, 2025 (the "Final Period"). In support of its Application, Kelley Drye respectfully represents as follows:

**JURISDICTION, VENUE AND**
**STATUTORY PREDICATES FOR RELIEF SOUGHT**

1.   This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.   The statutory predicates for the relief requested herein are: (i) sections 330 and 331 of the Bankruptcy Code; (ii) Bankruptcy Rule 2016; and (iii) Local Rule 2016-2.

**BACKGROUND**

**A. General Background**

3.   On August 12, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have remained in possession of their assets and operated their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. From and after February 28, 2025, the Plan's Effective Date,[2] the Plan Administrator has managed the Debtors and their remaining assets pursuant to the terms of the Plan, the Confirmation Order and the Plan Administrator Agreement.

4.   On August 23, 2024, the U.S. Trustee appointed a five-member Committee consisting of: (i) Johnson Health Tech NA, Inc.; (ii) Motionsoft, Inc.; (iii) FW IL-Riverside/Rivers

---

[2]   Capitalized terms used but not defined in this Application have the meanings ascribed to them in the *Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* (the "Plan"), Docket No. 806.

2

Edge, LLC; (iv) 96 N. 10th Street Holdings LLC; and (v) GS FIT ILL-1 LLC.[3] The Committee selected Kelley Drye as its lead counsel, Morris James LLP ("Morris James") as its Delaware co-counsel, and Dundon Advisers LLC ("Dundon") as its financial advisor.

5. On August 20, 2024, the Debtors filed their *Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* (the "Interim Compensation Motion"),[4] and on September 5, 2024, the Court entered the Interim Compensation Order.[5]

6. On September 25, 2024, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment of Kelley Drye & Warren LLP as Lead Counsel Effective as of August 26, 2024* (the "Retention Application").[6] On October 15, 2024, the Court entered an order approving the Retention Application, effective as of August 26, 2024.[7]

**B. Kelly Drye's Prior Fee Applications**

7. On October 31, 2024, Kelley Drye filed the *First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including September 30, 2024* (the "First Application").[8]

---

[3] Docket No. 109. On November 4, 2024, Motionsoft, Inc. resigned from the Committee. Docket No. 571.
[4] Docket No. 93.
[5] Docket No. 162.
[6] Docket No. 414.
[7] Docket No. 490.
[8] Docket No. 537.

3

8. On November 21, 2024, (i) Varagon Capital Partners Agent, LLC ("Varagon"), the Prepetition Agent and the DIP Agent (each as defined in the final DIP financing order (the "Final DIP Order")),[9] filed a reservation of rights to the First Application,[10] and (ii) the Debtors filed an objection and reservation of rights to the First Application.[11] Neither of those pleadings opposed the interim payment of fees and expenses requested in the First Application.

9. On November 25, 2024, Kelley Drye filed the *Certification of Counsel Regarding First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including September 30, 2024*.[12] Kelley Drye has received payment of $653,577.97 on account of the First Application, which represents 80% of the fees and 100% of the expenses requested therein.

10. On December 16, 2024, Kelley Drye filed the *Second Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from October 1, 2024 Through and Including October 31, 2024* (the "Second Application").[13] On January 7, 2025, Kelley Drye filed a certificate of no objection with respect to the Second Application.[14]

11. Also on December 16, 2024, Kelley Drye filed the *First Interim Fee Application of Kelley Drye & Warren LLP for Allowance of Compensation for Services Rendered*

---

[9]  Docket No. 393.
[10] Docket No. 630.
[11] Docket No. 631.
[12] Docket No. 640.
[13] Docket No. 682.
[14] Docket No. 712.

17279276/1

*and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from August 26, 2024 Through and Including October 31, 2024* (the "<u>First Interim Application</u>").[15]

12. On January 9, 2025, Morris James filed a Certification of Counsel regarding the Committee professionals' first interim fee applications, including Kelley Drye's First Interim Application.[16] Pursuant to that Certificate of Counsel, Kelley Drye confirmed its agreement to reduce its requested allowed interim fees to $1,502,170.25 on account of an inadvertent billing error.

13. On January 15, 2025, the Court entered the *Omnibus Order Approving Committee Professionals' First Interim Fee Applications for the Period from August 26, 2024 Through October 31, 2024* (the "<u>Interim Fee Order</u>").[17] Subsequent to the entry of the Interim Fee Order, Kelley Drye received payment in the amount of $641,639.87 which represents a portion of the fees and expenses requested in the First Interim Application.

14. On February 12, 2025, Kelley Drye filed the *Third Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from November 1, 2024 Through and Including November 30, 2024* (the "<u>Third Application</u>").[18] On March 6, 2025, Kelley Drye filed a certificate of no objection with respect to the Third Application.[19]

---

[15] Docket No. 685.

[16] Docket No. 721.

[17] Docket No. 736.

[18] Docket No. 794.

[19] Docket No. 842.

15. On February 24, 2025, Kelley Drye filed the *Fourth Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from December 1, 2024 Through and Including December 31, 2024* (the "Fourth Application").[20]  On March 18, 2025, Kelley Drye filed a certificate of no objection with respect to the Fourth Application.[21]

16. On February 28, 2025, Kelley Drye filed the *Fifth Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from January 1, 2025 2024 Through and Including January 31, 2025* (the "Fifth Application").[22]  On March 24, 2025, Kelley Drye filed a certificate of no objection with respect to the Fifth Application.[23]

**C. The Plan**

17. On February 24, 2025, the Debtors filed the Plan.  Among other things, the Plan implements a global settlement reached among the Debtors, Varagon and the Committee (the "Global Settlement").  Pursuant to the Global Settlement, the parties agreed to fix the maximum amount payable on account of allowed Committee professional fees and expenses to $3,100,000.00 (the "Committee Professional Allocation").  The Plan was confirmed on February 28, 2025, and the Effective Date occurred on that day.

**SUMMARY OF SERVICES RENDERED DURING THE MONTHLY PERIOD**

18. Kelley Drye performed various legal services to the Committee throughout the Monthly Period, including:

---

[20] Docket No. 809.

[21] Docket No. 853.

[22] Docket No. 828.

[23] Docket No. 858.

    a. Reviewed and negotiated the Plan, Plan Administrator Agreement and Confirmation Order;

    b. Prepared for and attended the Court's hearings to consider confirmation of the Plan held on February 4, 2025 and February 28, 2025;

    c. Prepared the Fourth Application and Fifth Application; and

    d. Communicated with the Committee regarding all outstanding issues in these chapter 11 cases.

## SUMMARY OF SERVICES BY PROJECT DURING THE MONTHLY PERIOD

19. To assist the Court in its review of the fees requested for the Monthly Period in this Application, Kelley Drye has divided its time entries into the project categories set forth below. Attached as **Exhibit A-1** to this Application are detailed invoices, by project category, of all services performed by Kelley Drye with respect to these chapter 11 cases during the Application Period.

**Case Administration** (Hours: 0.4 – Fees: $403.00)

20. This category represents time spent by Kelley Drye addressing general administrative matters. During the Monthly Period, Kelley Drye maintained a working task/project management tracker as well as a team calendar of critical dates to manage all case workstreams and deadlines.

**Pleadings Review** (Hours: 0.9 – Fees: $770.50)

21. This category represents time spent by Kelley Drye monitoring the case docket and conducting an initial review of documents filed in these cases, including objections, notices and orders.

**Fee Matters** (Hours: 15.5 – Fees: $12,434.00)

22. This category represents time spent by Kelley Drye to (i) finalize the Third Application; (ii) prepare the Fourth Application and Fifth Applications; (iii) coordinate the filing of monthly applications with the other Committee Professionals; and (iv) review and revise firm invoices for reasonableness and compliance with confidentiality obligations.

**Plan and Disclosure Statement** (Hours: 9.2 – Fees: $8,816.00)

23. This category represents time spent by Kelley Drye on plan and confirmation-related issues. During the Monthly Period, Kelley Drye reviewed and provided comments to the finalized versions of the Plan, Plan Administrator Agreement and Confirmation Order. Kelley Drye also prepared for the Court's hearings to consider confirmation of the Plan.

**Committee and Creditor Communications** (Hours: 3.4 – Fees: $3,266.50)

24. This category represents time spent by Kelley Drye communicating with the Committee. During the Monthly Period, Kelley Drye updated the Committee regarding confirmation of the Plan, including efforts to address confirmation issues that arose between the Court's first and second hearings on Plan confirmation.

**Court Hearings** (Hours: 7.2 – Fees: $8,011.00)

25. This category represents time spent by Kelley Drye to prepare for and attend the Court's two hearings on February 4, 2025 and February 28, 2025 to consider confirmation of the Plan.

**Non-Working Travel Time** (Hours: 4.5 – Fees: $2,311.00)

26. This category represents non-working time (billed at 50%) spent by Kelley Drye to travel to and from Delaware to attend the Confirmation Hearing on February 4, 2025.

8

**SUMMARY OF EXPENSES DURING THE MONTHLY PERIOD**

27.  Kelley Drye incurred $539.54 in out-of-pocket disbursements during the Monthly Period. Attached hereto as **Exhibit A-2** is a description of the expenses actually incurred by Kelley Drye to perform its services as lead counsel to the Committee during the Monthly Period.

**VALUATION OF SERVICES DURING THE MONTHLY PERIOD**

28.  Attorneys and paraprofessionals of Kelley Drye billed a total of 41.1 hours in connection with these cases during the Monthly Period. A detailed breakdown of the hours spent and services performed by the attorneys and paraprofessionals during the Monthly Period is set forth on **Exhibit A-1**. The rates charged are Kelley Drye's normal hourly rates for work of this character and pursuant to the firm's agreement with the Committee. The reasonable value of the services rendered by Kelley Drye to the Committee during the Monthly Period is $36,012.00.

29.  Kelley Drye believes that the time entries included in **Exhibit A-1**, and the expense breakdown set forth in **Exhibit A-2** comply with the Interim Compensation Order and the requirements of Local Rule 2016-2.

30.  All services for which compensation is requested by Kelley Drye were performed for or on behalf of the Committee, and not on behalf of the Debtors or other persons. There is no agreement or understanding between Kelley Drye and any other persons, other than members of the firm, for the sharing of compensation to be received in these chapter 11 cases.

31.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (i) the complexity of these cases and the time sensitivity of the matters addressed, (ii) the time expended, (iii) the nature and extent of the services rendered, (iv) the value of such services, and (v) the costs of comparable services other than in a case under this title.

## SUMMARY OF COMPENSATION AND
## EXPENSES REQUESTED FOR THE FINAL PERIOD

32.     By this Application, Kelley Drye seeks final allowance of $2,162,520.00[24] as compensation for professional services rendered to the Committee during the Final Period, totaling 2,421.4 hours of professional time, and $27,256.17 as reimbursement for actual and necessary expenses incurred during the Final Period.

33.     Attached hereto as: (i) **Exhibit B-1** is a summary of compensation by each Kelley Drye professional that worked on the above-captioned chapter 11 cases during the Final Period; (ii) **Exhibit B-2** is a summary of compensation by project category for the Final Period; (iii) **Exhibit B-3** is a summary of expenses incurred by Kelley Drye during the Final Period; (iv) **Exhibit B-4** is Kelley Drye's customary and comparable compensation disclosures; (v) **Exhibit B-5** is Kelley Drye's aggregate budget for these cases; (vii) **Exhibit B-6** is a summary of fees and hours budgeted compared to fees and hours billed during the Final Period; (viii) **Exhibit B-7** is Kelley Drye's staffing plan for these cases; and (ix) **Exhibit B-8** is the certification of Eric R. Wilson, which certifies certain matters addressed in the Interim Compensation Order and UST Guidelines.

## NOTICE

34.     Notice of this Application has been provided to: (i) the Debtors; (ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn: Sean T. Greecher (sgreecher@ycst.com) and Allison S. Mielke (amielke@ycst.com), (iii) counsel to the DIP Agent, (a) Katten Muchin Rosenman LLP,

---

[24] Represents $2,150,955.00 in total fees incurred, (i) less $935.00 due to an inadvertent billing error in the First Interim Application; and (ii) plus an estimated $12,500 in additional fees and expenses incurred after February 28, 2025 to prepare this Application and attend the hearing thereon.

525 W. Monroe Street, Chicago, Illinois 60661, Attn: Peter P. Knight (peter.knight@katten.com) and Allison E. Yager (allison.yager@katten.com), and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Curtis S. Miller (cmiller@morrisnichols.com); (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); (v) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (vi) all known creditors of the Debtors as required under Fed. R. Bankr. P. 2002.  The Committee respectfully submits that no further notice of the Application is necessary or required.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE,** Kelley Drye hereby requests that the Court: (i) grant the Application and authorize (a) allowance of compensation for necessary and valuable professional services rendered to the Committee in the sum of $36,012.00 and reimbursement of actual and necessary expenses incurred in the sum of $539.54 for the Monthly Period, and (b) final allowance of compensation for necessary and valuable professional services rendered to the Committee in the sum of $2,162,520.00 and reimbursement of actual and necessary expenses incurred in the sum of $27,256.17 for the Final Period; (ii) authorize payment in full of all amounts requested in the Application, less any payments already made and solely to the extent of the Committee Professional Allocation; and (iii) grant such other relief as this Court deems just and proper.

Dated:   April 11, 2025
         New York, New York

>  */s/ Eric R. Wilson*
> **KELLEY DRYE & WARREN LLP**
> Eric R. Wilson, Esq. (admitted *pro hac vice*)
> Kristin S. Elliott, Esq. (admitted *pro hac vice*)
> Andres Barajas, Esq. (admitted *pro hac vice*)
> 3 World Trade Center
> New York, NY 10007
> Telephone: (212) 808-7800
> Facsimile: (212) 808-7897
> E-mail: ewilson@kelleydrye.com
>         kelliott@kelleydrye.com
>         abarajas@kelleydrye.com
>
> *Counsel to the Official Committee of Unsecured Creditors.*

17279276/1