**EXHIBIT B-1**

**Compensation by Timekeeper**
**August 26, 2024 through February 28, 2025**

| Name of Professional | Position with Applicant | Year of Law School Graduation | 2024 Hourly Billing Rate | 2025 Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Eric R. Wilson | Partner | 1997 | $1,170.00 | $1,280.00 | 350.3 | $411,908.00 |
| | | | $585.00[1] | N/A | 10.7 | $6,259.50 |
| Robert L. LeHane | Partner | 1998 | $1,010.00 | N/A | 4.2 | $4,242.00 |
| David H. Evans | Partner | 1995 | $1,040.00 | N/A | 7.2 | $7,488.00 |
| Kristin S. Elliott | Partner | 2009 | $990.00 | $1,060.00 | 631.7 | $626,650.00 |
| | | | $495.00 | $530.00 | 17.8 | $8,940.50 |
| Wendy A. Clarke | Partner | 2009 | $945.00 | N/A | 40.7 | $38,461.50 |
| William S. Gyves | Partner | 1991 | $935.00 | N/A | 144.4 | $135,014.00 |
| John Ramirez | Special Counsel | 2008 | $975.00 | N/A | 71.5 | $69,712.50 |
| Richard Gage | Special Counsel | 2013 | $975.00 | N/A | 118.5 | $115,537.50 |
| | | | $487.50 | N/A | 2.0 | $975.00 |
| Randall Morrison, Jr. | Special Counsel | 2014 | $895.00 | N/A | 10.0 | $8,950.00 |
| Dana P. Kane | Special Counsel | 1998 | $885.00 | $945.00 | 1.9 | $1,795.50 |
| Philip A. Weintraub | Senior Associate | 2005 | $835.00 | N/A | 68.1 | $56,863.50 |
| Stephanie A. Carroll | Senior Associate | 2018 | $775.00 | N/A | 56.4 | $43,710.00 |
| Andres Barajas | Senior Associate | 2017 | $775.00 | $875.00 | 423.5 | $330,892.50 |
| | | | $387.50 | $437.50 | 5.8 | $2,287.50 |
| Connie Y. Choe | Associate | 2020 | $690.00 | $785.00 | 170.2 | $117,960.50 |
| John A. Churchill Jr. | Associate | 2021 | $620.00 | $735.00 | 174.2 | $111,132.00 |
| Jamie K. Sarmiento | Associate | 2022 | $570.00 | N/A | 36.2 | $20,634.00 |
| Timothy D. Hopper | Associate | 2023 | $530.00 | N/A | 18.5 | $9,805.00 |

---

[1]    Non-working Travel Time billed at 50% of normal rate.

| Angela Carter-Anderson | Discovery Services | N/A | $420.00 | N/A | 6.2 | $2,604.00 |
|---|---|---|---|---|---|---|
| Christopher Arellano | Discovery Services | N/A | $400.00 | N/A | 1.0 | $400.00 |
| Gary Mathieu | Discovery Services | N/A | $385.00 | N/A | 1.0 | $385.00 |
| Gina C. Karnick | Paralegal | N/A | $375.00 | N/A | 43.0 | $16,125.00 |
| Thomas Burns | Paralegal | N/A | N/A | $400.00 | 1.2 | $480.00 |
| Sherlly Alceus | Paralegal | N/A | $335.00 | N/A | 5.2 | $1,742.00 |
| | | | | **Total:** | **2,421.4** | **$2,150,995.00** |
| | | | | **Blended Rate:** | | **$888.31** |

2

**EXHIBIT B-2**

**Compensation by Project Category**
**August 26, 2024 through February 28, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 80.3 | $67,018.50 |
| Pleadings Review | 49.8 | $33,734.00 |
| Retention Matters | 53.4 | $44,757.00 |
| Fee Matters | 148.2 | $111,439.50 |
| Financing | 150.2 | $140,206.50 |
| Asset Recovery and Disposition | 797.5 | $717,909.00 |
| Executory Contracts and Leases | 31.0 | $23,603.00 |
| Claims Administration | 6.9 | $5,059.00 |
| Plan and Disclosure Statement | 167.3 | $163,771.00 |
| Committee and Creditor Communications | 240.1 | $219,370.00 |
| Business Operations | 17.3 | $12,914.50 |
| Court Hearings | 215.3 | $210,293.50 |
| Employee Matters | 27.6 | $26,684.50 |
| Lender Investigation | 89.7 | $71,839.50 |
| Debtor Communications | 40.7 | $41,421.50 |
| General Investigation | 204.4 | $182,350.00 |
| General Litigation | 65.4 | $60,121.50 |
| Non-Working Travel | 36.3 | $18,462.50 |
| **Total:** | **2,421.4** | **$2,150,955.00** |

**EXHIBIT B-3**

**Kelley Drye Expense Summary**
**August 26, 2024 through February 28, 2025**

| | |
|---|---|
| Westlaw Research | $3,920.47 |
| Lexis Research | $639.72 |
| Lodging | $609.00 |
| Binding | $77.57 |
| Duplication | $2,349.40 |
| Color Duplication | $0.50 |
| Cab Service | $1,910.02 |
| Courier | $272.80 |
| Long Distance Travel | $658.00 |
| Local Travel | $1,205.54 |
| Parking | $117.30 |
| Meals | $1,503.64 |
| Transcriptions | $13,636.76 |
| Discovery and Litigation Tech Services | $303.15 |
| Pacer | $52.30 |
| **Total:** | **$27,256.17** |

17279276/1

**EXHIBIT B-4**

**Customary and Comparable Compensation Disclosures**
**August 26, 2024 through February 28, 2025**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed or Collected in 2023 in KDW's New York Office (Excluding Bankruptcy)[1] | Billed in this Fee Application |
| Partner | $908 | $1,039 |
| Special Counsel | $769 | $975 |
| Associate | $582 | $728 |
| Paraprofessionals | $356 | $377 |
| **All timekeepers aggregated** | **$711** | **$888** |

---

[1]    Under the UST Guidelines, "preceding year" means "either the applicant's prior completed fiscal year or a rolling 12-month year."  Kelley Drye's blended rates reflect work performed in Kelley Drye's 2023 fiscal year in Kelley Drye's domestic offices, excluding all data from bankruptcy law matters.

**EXHIBIT B-5**

**Budget for Kelley Drye & Warren LLP**
**August 26, 2024 through October 31, 2024[1]**

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Case Administration | 75 | $110,000.00 |
| Pleadings Review | 40 | $35,000.00 |
| Retention Matters | 50 | $35,000.00 |
| Fee Matters | 50 | $30,000.00 |
| Financing | 200 | $130,000.00 |
| Asset Recovery and Disposition | 275 | $200,000.00 |
| Executory Contracts | 50 | $35,000.00 |
| Avoidance Actions | 25 | $15,000.00 |
| Claims Administration | 30 | $25,000.00 |
| Plan and Disclosure Statement | 80 | $40,000.00 |
| Committee and Creditor Communications | 150 | $150,000.00 |
| Business Operations | 25 | $15,000.00 |
| Court Hearings | 100 | $70,000.00 |
| Employee Issues | 40 | $25,000.00 |
| Lender Investigation | 80 | $80,000.00 |
| Debtor Communications | 55 | $45,000.00 |
| General Investigation | 300 | $175,000.00 |
| General Litigation | 50 | $30,000.00 |
| Non-Working Travel Time | 30 | $10,000.00 |
| **Total:** | **1,705** | **$1,255,000.00** |

---

[1] In light of the Global Settlement and the negotiation of the Committee Professional Allocation, which fixed the budget for the balance of these cases, Kelley Drye did not prepare a supplemental budget breakdown after October 31, 2024.

**EXHIBIT B-6**

**Comparison of Fees and Hours Budgeted vs. Fees and Hours Billed**
**August 26, 2024 through February 28, 2025[1]**

| Project Category | Estimated Hours | Hours Billed | Estimated Fees Through 10/31/24 | Actual Fees Through 10/31/24 | Total Fees Through 2/28/25 |
|---|---|---|---|---|---|
| Case Administration | 75 | 80.3 | $110,000.00 | $65,076.50 | $67,018.50 |
| Pleadings Review | 40 | 49.8 | $35,000.00 | $28,390.50 | $33,734.00 |
| Retention Matters | 50 | 53.4 | $35,000.00 | $40,390.00 | $44,757.00 |
| Fee Matters | 50 | 148.2 | $30,000.00 | $24,654.50 | $111,439.50 |
| Financing | 200 | 150.2 | $130,000.00 | $133,891.50 | $140,206.50 |
| Asset Recovery and Disposition | 275 | 797.5 | $200,000.00 | $542,207.00 | $717,909.00 |
| Executory Contracts | 50 | 31.0 | $35,000.00 | $23,603.00 | $23,603.00 |
| Avoidance Actions | 25 | 0.0 | $15,000.00 | $0.00 | $0.00 |
| Claims Administration | 30 | 6.9 | $25,000.00 | $5,059.00 | $5,059.00 |
| Plan and Disclosure Statement | 80 | 167.3 | $40,000.00 | $50,004.50 | $163,771.00 |
| Committee and Creditor Communications | 150 | 240.1 | $150,000.00 | $157,985.00 | $219,370.00 |
| Business Operations | 25 | 17.3 | $15,000.00 | $12,914.50 | $12,914.50 |
| Court Hearings | 100 | 215.3 | $70,000.00 | $45,018.00 | $210,293.50 |
| Employee Issues | 40 | 27.6 | $25,000.00 | $26,684.50 | $26,684.50 |
| Lender Investigation | 80 | 89.7 | $80,000.00 | $71,839.50 | $71,839.50 |
| Debtor Communications | 55 | 40.7 | $45,000.00 | $41,421.50 | $41,421.50 |
| General Investigation | 300 | 204.4 | $175,000.00 | $182,350.00 | $182,350.00 |
| General Litigation | 50 | 65.4 | $30,000.00 | $46,593.00 | $60,121.50 |
| Non-Working Travel Time | 30 | 36.3 | $10,000.00 | $5,022.75 | $18,462.50 |
| **Total:** | **1,705** | **2,421.4** | **$1,255,000.00** | **$1,503,105.25** | **$2,150,955.00** |

---

[1]     In light of the Global Settlement and the negotiation of the Committee Professional Allocation, which fixed the budget for the balance of these cases, Kelley Drye did not prepare a supplemental budget breakdown after October 31, 2024.

**EXHIBIT B-7**

**Kelley Drye's Staffing Plan**

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| **Partner** | 2 | $883.32 |
| **Special Counsel** | 3 | $786.13 |
| **Senior Associate** | 1 | $810.00 |
| **Associate** | 2 | $508.55 |
| **Paraprofessionals** | 1 | $320.00 |

**EXHIBIT B-8**

**CERTIFICATION OF ERIC R. WILSON**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*, | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |

### CERTIFICATION OF ERIC R. WILSON IN SUPPORT OF THE COMBINED SIXTH MONTHLY AND FINAL FEE APPLICATION OF KELLEY DRYE & WARREN LLP

I, Eric R. Wilson, Esq., hereby declare that I am a partner in the law firm of Kelley Drye & Warren LLP ("Kelley Drye"), lead counsel to the official committee of unsecured creditors (the "Committee"); that I am authorized to make this declaration; that the facts set forth in the foregoing Application are true and correct to the best of my information, knowledge, and belief; that I have reviewed the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware and the *United States Trustee Program's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), and submit that the Application complies with such rules; that Kelley Drye has no agreement, directly or indirectly, and that no understanding exists in any form or guise with any person for a division of the requested compensation, except that the compensation Kelley Drye receives will be shared among Kelley Drye's partners and employees as permitted by section 504 of the Bankruptcy Code.

1.      Pursuant to the U.S. Trustee Guidelines, I certify the following:

(a)      Kelley Drye did not agree to variations, or alternatives to our standard or customary billing rates, fees, or terms for services for this engagement.

(b)      None of the professionals included in this Application varied their hourly rate based on the geographic location of these chapter 11 cases.

(c)     The Application includes approximately 3.7 hours and $4,505 related to reviewing or revising time records or preparing, reviewing, or revising invoices.

(d)     The Application includes approximately 5.7 hours and $4,418 related to reviewing time records to redact privileged or other confidential information.

(e)     The Application includes Kelley Drye's standard annual rate increase implemented in January 2025.

(f)     In connection with its initial engagement by the Committee, Kelley Drye prepared an initial budget breakdown through October 31, 2024.  In light of the Global Settlement and the negotiation of the Committee Professional Allocation, which fixed the budget for the balance of these cases, Kelley Drye did not prepare a supplemental budget breakdown after October 31, 2024.

2.     Any differences in the blended hourly rates of Kelley Drye's non-bankruptcy and bankruptcy timekeepers result from several factors.  First, a comparison of non-bankruptcy and bankruptcy rates fails to account for the demands of a chapter 11 case, as opposed to other more routine engagements, as well as alternative fee structures such as flat fee arrangements or capped fees that may apply to non-bankruptcy matters.  I submit that Kelley Drye's blended rate during the Final Period is consistent with Kelley Drye's overall firm blended rate in non-bankruptcy matters.

3.     Second, Kelley Drye's bankruptcy group differs from the general composition of Kelley Drye as a whole in that Kelley Drye's bankruptcy group has proportionately fewer junior attorneys given the nature of the matters handled by Kelley Drye's bankruptcy practice.  As a creditor-oriented practice, Kelley Drye's bankruptcy group generally has more senior, experienced attorneys to effectively address the demands of a chapter 11 bankruptcy case and efficiently meet the needs of our clients.  The composition of Kelley Drye's bankruptcy group could not mirror the general composition of timekeepers across the firm without utilizing non-

2

bankruptcy lawyers to perform bankruptcy-specific tasks.  Doing so would lead to significant inefficiencies that would ultimately result in substantially increased fees.

4.      Third, Kelley Drye was engaged by the Committee to address time-sensitive, complex restructuring issues that required specialized expertise and, therefore, higher rates.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.


Executed on April 11, 2025

By:   _/s/ Eric R. Wilson_____
Eric R. Wilson

17279276/1