**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLINK HOLDINGS, INC., *et al.*, | ) | Case No. 24-11686 (JKS) |
| | ) | |
| Debtors[1]. | ) | (Jointly Administered) |

---

[1] The Debtors, preceded by corresponding case number, in these jointly administered cases are the following: (24-11687) 692 Broadway Fitness Club, Inc.; (24-11688) Bergen Town Center Fitness Club, Inc; (24-11690) Blink 101 W 87th Street, Inc.; (24-11692) Blink 1060 W Alameda, Inc.; (24-11694) Blink 1065 6th Avenue, Inc.; (24-11751) Blink 108-14 Roosevelt, Inc.; (24-11755) Blink 1134 Fulton, Inc.; (24-11759) Blink 116th Street, Inc.; (24-11787) Blink 12201 Victory Blvd Inc.; (24-11791) Blink 125 Park, Inc.; (24-11798) Blink 125th Street, Inc.; (24-11802) Blink 130 W.G. Street, Inc.; (24-11807) Blink 16123 Bellflower Blvd., Inc.; (24-11812) Blink 16th Street, Inc.; (24-11816) Blink 18th Avenue, Inc.; (24-11817) Blink 19500 Plummer, Inc.; (24-11796) Blink 2192 Texas Parkway, Inc.; (24-11800) Blink 229 E. Foothill Boulevard, Inc.; (24-11803) Blink 2374 Grand Concourse, Inc.; (24-11806) Blink 2465 Jerome Inc.; (24-11810) Blink 2862 Fulton Street, Inc.; (24-11815) Blink 287 Broadway, Inc.; (24-11713) Blink 2883 3rd Avenue, Inc.; (24-11725) Blink 3779 Nostrand, Inc.; (24-11731) Blink 56-02 Roosevelt, Inc.: (24-11736) Blink 600 Third Avenue, Inc.; (24-11743) Blink 69th Street Inc.; (24-11747) Blink 78-14 Roosevelt, Inc.; (24-11753) Blink 79th Holdings Inc.; (24-11762) Blink 8201 Broadway, Inc.; (24-11770) Blink 833 Flatbush, Inc.; (24-11775) Blink 886 Broadway, Inc.; (24-11780) Blink 88th Street, Inc. (f/k/a Blink Hylan Blvd., Inc.); (24-11784) Blink 97-01 Northern Blvd., Inc.; (24-11789) Blink 98th Street, Inc. (f/k/a Blink 25 Broadway, Inc.); (24-11793) Blink 9901 S. Alameda, Inc.; (24-11795) Blink Abrams Road Inc.; (24-11799) Blink Airline Drive, Inc.; (24-11804) Blink Amboy Road Inc. (f/k/a Blink 1239 Fulton, Inc.); (24-11809) Blink Ashland Avenue, Inc.; (24-11813) Blink Ashland Inc.; (24-11818) Blink Atlantic Avenue LB Inc.; (24-11819) Blink Atlantic Avenue, Inc.; (24-11820) Blink Avenue A, Inc.; (24-11821) Blink Baldwin, Inc.; (24-11822) Blink Beach Street, Inc.; (24-11701) Blink Bedford, Inc.; (24-11706) Blink Belleville Inc.; (24-11714) Blink Bissonnet, Inc.; (24-11719) Blink Braddock Avenue Inc.; (24-11724) Blink Brentwood, Inc.; (24-11728) Blink Broadway Marketplace, Inc.; (24-11741) Blink Brookhurst, Inc.; (24-11746) Blink Clifton, Inc.; (24-11752) Blink Commercial Boulevard, Inc.; (24-11758) Blink Company Intermediate Holdco Inc.; (24-11764) Blink Compton & Central Avenue, Inc.; (24-11768) Blink Concourse Holdings, Inc.; (24-11774) Blink Courtesy Plaza Inc.; (24-11778) Blink Deerwood Inc.; (24-11782) Blink Diversey, Inc.; (24-11786) Blink East 54th Street, Inc.; (24-11790) Blink East Orange, Inc. (f/k/a Blink Belleville, Inc.); (24-11792) Blink East Tremont Avenue, Inc.; (24-11794) Blink Eighth Avenue, Inc.; (24-11797) Blink Farmers Boulevard Inc.; (24-11801) Blink Fitness Franchising, Inc.; (24-11805) Blink Fitness Rialto Inc.; (24-11808) Blink Flatlands Avenue, Inc.; (24-11811) Blink Fourth Avenue, Inc.; (24-11702) Blink Frankford Avenue, Inc.; (24-11705) Blink Fulton Street, Inc.; (24-11709) Blink Gage Park LLC; (24-11712) Blink Gates, Inc.; (24-11716) Blink Georgetown Inc.; (24-11720) Blink Hawthorne, Inc.; (24-11723) Blink Hicksville, Inc.; (24-11729) Blink Highway 249, Inc.; (24-11733) Blink Holdings II, Inc.; (24-11738) Blink Irvington Inc.; (24-11740) Blink Islandia, Inc.; (24-11744) Blink Jamaica Avenue, Inc.; (24-11748) Blink Jerome Avenue, Inc.; (24-11754) Blink Journal Square, Inc.; (24-11760) Blink Keller, Inc.; (24-11765) Blink Kendall Market Place Inc.; (24-11769) Blink Kenwood, Inc.; (24-11771) Blink Knickerbocker, Inc.; (24-11776) Blink KWT Holdco LLC; (24-11779) Blink Liberty Avenue, Inc.; (24-11783) Blink Linden, Inc.; (24-11689) Blink Lodi, Inc.; (24-11693) Blink Long Point, Inc.; (24-11695) Blink Macombs Road, Inc.; (24-11697) Blink Melville, Inc.; (24-11699) Blink Metropolitan Avenue, Inc.; (24-11703) Blink Miramar Parkway Inc.; (24-11707) Blink Myrtle Avenue, Inc. (f/k/a Blink 3780 Broadway, Inc.); (24-11711) Blink Nassau Street, Inc.; (24-11717) Blink Newark, Inc.; (24-11721) Blink Normandie Avenue, Inc.; (24-11726) Blink North 10th Street Corp.; (24-11730) Blink North Riverside LLC; (24-11734) Blink Nostrand Avenue, Inc.; (24-11737) Blink NRH, Inc.; (24-11742) Blink Nutley, Inc.; (24-11749) Blink Pacific Boulevard, Inc.; (24-11756) Blink Parsippany, Inc.; (24-11761) Blink Passaic, Inc.; (24-11766) Blink Paterson, Inc.; (24-11772) Blink Perth Amboy, Inc.; (24-11777) Blink Plainfield,

|  |  |  |
|---|---|---|
| LIDIA CANALES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Obj. Deadline: July 21, 2025 at 4:00 p.m. |
| | ) | Hearing Date: August 19, 2025 at 10:00 a.m. |
| BLINK MELVILLE, INC., doing business as | ) | |
| BLINK FITNESS and BLINK HOLDINGS, | ) | |
| INC., doing business as BLINK FITNESS, | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION OF LIDIA CANALES FOR
RETROACTIVE ANNULMENT OF AUTOMATIC STAY AND
PROSPECTIVE RELIEF FROM INJUNCTIVE PROVISIONS OF
<u>DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION</u>**

COMES NOW, Lidia Canales, individually, by and through her undersigned counsel, and hereby moves this Honorable Court for entry of an Order granting retroactive annulment of the automatic stay imposed by 11 U.S.C. § 362(a) and granting prospective relief from the injunctive provisions of *Debtors' Joint Chapter 11 Plan of Reorganization* to allow her to liquidate her claims against the above-named respondent Debtors and Reorganized Debtors in the New York State Court Action (defined below) and to pursue recovery from insurance policies and proceeds in the first instance (the "Motion"). In support of her Motion, Movant respectfully state as follows:

---

Inc.; (24-11781) Blink Richmond Road, Inc.; (24-11785) Blink Ridgeland Ave., Inc.; (24-11788) Blink Riverdale, Inc.; (24-11691) Blink Selden, Inc.; (24-11696) Blink SER Portfolio, Inc.; (24-11698) Blink South Orange, Inc.; (24-11700) Blink Southern Boulevard, Inc.; (24-11704) Blink St. Ann's Avenue, Inc.; (24-11708) Blink Steinway Street, Inc.; (24-11710) Blink Stonebrook, Inc.; (24-11715) Blink Sunset Park, Inc.; (24-11718) Blink Union, Inc.; (24-11722) Blink Utica Avenue, Inc.; (24-11727) Blink Valley Stream, Inc.; (24-11732) Blink Webster Avenue, Inc. (f\k\a Blink Boston Post Road. Inc.); (24-11735) Blink West 31st Street, Inc.; (24-11739) Blink West 8th Street, Inc.; (24-11745) Blink West Islip, Inc.; (24-11750) Blink Westchase Inc.; (24-11757) Blink White Plains, Inc.; (24-11763) Blink Whitman, Inc.; (24-11767) Blink Williamsbridge, Inc.; (24-11773) Blink Willingboro, Inc.; (24-11823) Blink Wissinoming, Inc.; and (24-11814) Cross County Fitness Club, Inc.

2

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Movant grants his consent, pursuant to Del. Bankr. L.R. 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments on the Motion consistent with Article III of the United States Constitution.

3. Venue of this case and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested in this Motion are 11 U.S.C. § 105(a), 362(d), Fed. R. Bankr. P. 4001(a) and 9014, and Del. Bankr. L.R. 4001-1 and 9013-1.

## BACKGROUND[2]

5. On or about August 12, 2024 (the "Petition Date"), the Debtors filed voluntary chapter 11 petitions.

6. The Debtors thereafter continued to manage their business and properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

7. On February 28, 2025, the Court entered the Confirmation Order [D.I. 831] confirming the Debtors' *Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [D.I. 698] (the "Plan").

---

[2] The following is provided by way of general summary only. For further description of the circumstances of the incident, please see draft *Verified Complaint* against Blink Melville, Inc. d/b/a Blink Fitness and Blink Holdings, Inc. d/b/a Blink Fitness pending, subject to permission of this Court, its forthcoming filing in the Supreme Court of the State of New York, County of Suffolk (the "New York State Court Action"), a draft copy of which along with a draft notice of jury demand are attached to the Affidavit of Michael Zimmerman, Esq. (hereinafter, the "Zimmerman Aff., at ¶ ___") as Exhibit A. A copy of the Zimmerman Affidavit is being filed contemporaneously herewith.

8.      Lidia Canales, age 59, is an individual resident of Suffolk County, New York. Zimmerman Aff., at ¶ 3.

9.      Pre-petition, on or about June 16, 2023, Ms. Canales was exercising at her local Blink Fitness facility located at 121 Broadhollow Road, Melville, New York, where she held membership privileges. Zimmerman Aff., at ¶ 4.

10.     Without warning, the piece of exercise equipment she was using collapsed, causing her to fall to the floor where she sustained serious personal injuries. Zimmerman Aff., at ¶ 5. As a result, she has undergone multiple surgeries. *Id.*

11.     Ms. Canales, through her personal injury counsel, has prepared a draft *Verified Complaint* against Blink Melville, Inc. d/b/a Blink Fitness and Blink Holdings, Inc. d/b/a Blink Fitness sounding in negligence and gross negligence and alleging, *inter alia*, breach of the duty of care to reasonably supervise the use and condition of the exercise equipment and the premises in which it was located, and failure to inspect, maintain, repair, and/or warn of the dangerous condition of the exercise equipment, as well as failure to properly train their employees and the users of the equipment. The draft *Verified Complaint*, a copy of which is appended to the Zimmerman Affidavit as Exhibit A and which is incorporated herein by reference, demands trial by jury.

### RELIEF REQUESTED; BASIS THEREFOR

12.     Movant hereby respectfully requests that this Court enter an order retroactively annulling the automatic stay so that she may institute the New York State Court Action with respect to the physical injuries and other damages she suffered pre-petition, and further for prospective relief from the automatic stay as well as the injunctive provisions of the Plan so that she may liquidate her claims against Defendant Debtors and Reorganized Debtors via the New York State Court Action and to pursue recovery for any judgment entered or settlement reached in her favor from any and all

applicable insurance programs, policies, and proceeds that may be applicable to her claims in the first instance and then, as to any deficiency, against the Debtors' and Reorganized Debtors' estates pursuant to further order of the Court. *See* Zimmerman Aff., at ¶ 8. Upon information and belief, insurance coverage with a $50,000 deductible is available to cover her claims. *Id.*

### A. The Automatic Stay

13. Section 362(a) of the Bankruptcy Code provides:

> [A] petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance of employment of process, of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ....

11 U.S.C. § 362(a).

14. However, a party in interest may obtain relief from the automatic stay pursuant to Section 362 (d) of the Bankruptcy Code, which provides in pertinent part as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause....

11 U.S.C. § 362(d).

15. "Cause" is not defined by section 362(d)(1). "Cause" is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay. *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007). A party opposing a request for relief from stay bears the burden of proof on all issues other than a debtor's equity in property. 11 U.S.C. § 362(g); *see also In re Absenia Holding, Inc.*, 2016 WL 5867039 * 2, Carey, J. (Bankr. D. Del. October 6, 2016) ("Curiously, the cases considering such requests for relief tend toward asking the question: 'Why should the court lift the stay?' The statute, by its burden shifting, seems almost instead to

ask, 'why shouldn't the stay be lifted?'"); *but see In re Pursuit Athletic Footwear, Inc.*, 193 B.R. 713, 718 (Bankr. D. Del. 1996) (Movant has the initial burden in proving a *prima facie* case of cause, which if proved, must be rebutted by the debtor if the stay is not to be lifted.).

16. Relief from stay motions are customarily evaluated under the three-factor test articulated in *In re Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) to determine whether:

> a) any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,
> b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and
> c) the creditor has a probability of prevailing on the merits.

*Absenia Holding,* 2016 WL 5867039 * 2; *see also In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009).

17. Courts often follow the logic of the intent behind § 362(d) in determining whether cause exists to lift the stay -- that it is often appropriate to allow litigation to proceed, if no prejudice befalls the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *Tribune*, 418 B.R. at 126 (quoting legislative history of § 362(d)) (internal citations omitted).

### B. The Discharge Injunction

18. Movant also seeks relief from the discharge injunction and any other injunctive provisions contained in Debtors' Plan.

19. Under § 105(a), "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the title." 11 U.S.C. § 105(a). Moreover, section 1141, which is incorporated by reference under section 524, generally provides that a confirmed plan binds creditors and allows the discharge of certain debts of a Chapter 11 debtor.

However, Fed. R. Bankr. P. 3020(d) retains the Court's jurisdiction following confirmation of a plan to "issue any other order necessary to administer the estate." Consequently, courts have determined that these provisions, in combination, provide the necessary authority to impose and interpret injunctive and discharge provisions following confirmation of a plan. *See In re Carematrix Corp.*, 306 B.R. 478, 485 (Bankr. D. Del. 2004); *In re Continental Airlines, Inc.*, 236 B.R. 318, 326-27 n.11 (Bankr. D. Del. 1999), *aff'd*, *In re Continental Airlines, Inc.*, 279 F.3d 226 (3d Cir. 2002).

20. Similar to modification of the automatic stay under Section 362 of the Bankruptcy Code, a court may modify a plan's permanent injunction and discharge provisions for "good cause." *See e.g.*, *In the Matter of Hendrix*, 986 F.2d 195, 198 (7th Cir. 1993) ("any court that issues an injunction can modify it for good cause on the motion of a person adversely affected by it."). The analysis of "cause" under § 362(a) has been used in determining whether to alter such provisions. *See In the matter of Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991).

21. Here, the facts weigh in Movants' favor on each of the three prongs evaluated under *Rexene Products*.

I. **Under the *Rexene* Analysis, Cause Exists to Grant Relief.**

   A. **Considering Great Prejudice to Either the Movant or Debtors.**

22. Here, consideration of the prejudice factor weighs in favor of granting relief from stay. The traditional function of the automatic stay is to provide a "breathing spell" for the debtor. *In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009). Here, the Debtors' Plan has already been confirmed. In effect, the Reorganized Debtors have emerged from bankruptcy. No additional breathing spell could possibly be needed.

23. Moreover, Movant's claim will need to be liquidated in some forum at some point in time before she can receive any compensation for her physical injuries and other damages under the Debtors' and Reorganized Debtors' insurance coverage program. Generally, "debtor-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." *In re Fernstrom Stor. and Van Co.*, 938 F.2d 731 (7th Cir. 1991) quoted in *In re 15375 Memorial Corp.*, 382 B.R. at 690.

### B. Considering the Hardship Movant Will Face if Relief is not Granted Compared to the Hardship Debtors Will Face if Relief is Granted.

24. Conversely, on the balancing-of-the-hardships factor, Movant will face substantial hardship if the stay were not lifted. The Movant is a resident of Long Island, New York. Zimmerman Aff., at ¶ 3. The incident took place in New York. *Id.*, at ¶ 6. Most of the evidence and witnesses are located in New York. *Id.* No evidence or witness is located in Delaware. *Id.* Movant alleges that the Debtor-Defendants are liable for her physical injuries and other damages pursuant to New York tort law. *Id.*

25. Movant has invested her resources developing the New York State Court Action, Zimmerman Aff., at ¶ 9, and should be permitted to have her day in court in front of a local jury of her peers in the venue of plaintiff's choosing. If she were forced to litigate her claims in Delaware, she would be forced to incur the increased expense of bringing her attorneys, witnesses, and physical evidence to Delaware. Any witness located in New York more than 100 miles from this Courthouse could not be compelled by subpoena to testify at any trial in Delaware.[3]

---

[3] Fed. R. Civ. P. 45(b)(2) and (c)(3)(A)(ii), made applicable in cases under the Bankruptcy Code by Fed. R. Bankr. P. 9016. The Committee Note to Rule 9016 states: "Although Rule 7004(d) authorizes nationwide service of process, Rule 45 F. R. Civ. P. limits the subpoena power to the judicial district and places outside the district which are within 100 miles of the place of the trial or hearing."

26. Any trial conducted in Delaware would be before the District Court as the Bankruptcy Court does not hold jury trials. The District Court, although capable, would be applying New York tort law with which it, presumably, would be less familiar than the Supreme Court of New York, County of Suffolk. That Court routinely hears matters of this nature. Zimmerman Aff., at ¶ 7.

27. Here, judicial economy would be better served by granting the relief requested and allowing the Movant to prosecute her tort claims in her chosen forum. *See In re The Conference of African Union First Colored Methodist Protestant Church*, 184 B.R. 207, 218 (Bankr. D. Del. 1995) ("[T]he existence of a more appropriate forum than the bankruptcy court is "cause" for relief under Code §362(d)(1)."); *In the Matter of Baker*, 75 B.R. 120, 121 (Bankr. D. Del. 1987) (granting relief from stay to permit Family Court to determine issues with which it had expertise).

28. Moreover, as this Court explained in granting stay relief in *15375 Memorial*, a claimant under a liability policy will suffer prejudice from delay due to the "lost time value of money," as well as "the lapse of time in terms of its ability to effectively prosecute its claims. Witnesses and documents become unavailable." *15375 Memorial*, 382 B.R. at 690.

29. If relief were not granted, Movant's hardship would be palpable. However, if relief were granted, Debtors' and Reorganized Debtors' hardship would be insignificant.

C. **Considering Movant's Probability of Success on the Merits.**

30. The final prong of the *Rexene Products'* analysis is satisfied by "even a slight probability of success on the merits ... in an appropriate case." *In re Continental Airlines*, 152 B.R. 420, 425 (D. Del 1993). While the Debtors and Reorganized Debtors have not yet had a chance to articulate their defenses, it cannot not be said that the *Verified Complaint's* 39 well-plead paragraphs alleging negligence and gross negligence fail to state a claim for which relief can be

9

granted. "Only strong defenses to [non-bankruptcy] court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where ... the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990). At the very least, there can be no question that the New York State Court Action presents triable factual issues. *See In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) (the court lifted the automatic stay where underlying action was not frivolous); *In re Peterson*, 116 B.R. at 249 (the bankruptcy court will not "pre-try" the case; "all that is required is that the movant make more than a 'vague initial showing' that he can establish a prima facie case.").

31. When analyzed under the *Rexene* factors, these facts demonstrate that cause exists to lift the stay. *See Rexene Products*, 141 B.R. 574 at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal).

## **CONCLUSION**

WHEREFORE, Ms. Canales respectfully requests the entry of an Order, substantially in the form attached hereto as Exhibit A, (i) retroactively annulling the automatic stay imposed by section 362(a) of the Bankruptcy Code to permit Movant to file the New York State Court Action, (ii) granting prospective relief from the automatic stay and the injunctive provisions of the Plan to permit Movant to liquidate her claims against the Debtors and Reorganized Debtors via the New York State Court Action by way of judgment or other resolution so she can then collect from any available insurance belonging to the Debtors or Reorganized Debtors that is applicable to her claim in the first instance, and (iii) return to this Court to have any deficiency amount of that liquidated claim that is not covered by the Debtors' insurance allowed as a general unsecured claim, and (iv) granting to Movant such other and further relief as is just and proper.

| | |
|---|---|
| Date:  July 7, 2025<br>Wilmington, DE | **SULLIVAN · HAZELTINE · ALLINSON LLC**<br><br>*/s/  D-R-A-F-T*<br>Elihu E. Allinson III (No. 3476)<br>919 North Market Street, Suite 420<br>Wilmington, DE 19801<br>Tel: (302) 428-8191<br>Fax: (302) 428-8195<br>Email: zallinson@sha-llc.com<br><br>- and -<br><br>**ZIMMERMAN LAW, P.C.**<br>Michael Zimmerman, Esq.<br>315 Walt Whitman Road, Suite 215<br>Huntington Station, NY  11746<br>P: (613) 415-0900<br><br>*Attorneys for Lidia Canales* |