# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X
LIDIA CANALES,　　　　　　　　　　　　　　　　　　Index No.:

　　　　　　　　　　　Plaintiff,　　　　　　　　**VERIFIED COMPLAINT**

　　-against-

BLINK MELVILLE, INC., and BLINK HOLDINGS, INC.,
doing business as BLINK FITNESS,

　　　　　　　　　　　Defendants,
------------------------------------------------------------------X

　　Plaintiff, by her attorney, ZIMMERMAN LAW, P.C., upon information and belief, complains of the defendants herein as follows:

1. At all times relevant herein, plaintiff, LIDIA CANALES was and still is a resident of the County of Suffolk, State of New York.

2. At all times relevant herein, defendant BLINK MELVILLE, INC. was and still is a Domestic Corporation authorized to do business in the State of New York

3. At all times relevant herein, defendant BLINK HOLDINGS, INC., doing business as BLINK FITNESS, was and still is a Foreign Corporation authorized to do business in the State of New York.

4. This action falls within one or more of the exceptions set forth in CPLR 1602.

5. At all times relevant herein, the defendant, BLINK MELVILLE, INC., was the owner, operator, manager, maintainer, and/or agent responsible for the operation, management, and maintenance of the premises known as Blink Fitness, located at 121 Broadhollow Road, Melville, New York (hereinafter referred to as "Blink Fitness") where the incident that gives rise to this Complaint occurred.

6. At all times relevant herein, the defendant, BLINK MELVILLE, INC., by and through their agents, servants, employees, staff, licensees and/or independent contractors, responsible for

the care, maintenance, inspection, repair and overall safety of the premises and exercise equipment located at Blink Fitness.

7. At all times relevant herein, the defendant, BLINK MELVILLE, INC., by and through their agents, servants, employees, staff, licensees and/or independent contractors, managed the premises and exercise equipment at Blink Fitness.

8. At all times relevant herein, the defendant, BLINK MELVILLE, INC., by and through their agents, servants, employees, staff, licensees and/or independent contractors, maintained the premises and exercise equipment at Blink Fitness.

9. At all times relevant herein, the defendant, BLINK MELVILLE, INC., by and through their agents, servants, employees, staff, licensees and/or independent contractors, controlled the premises and exercise equipment at Blink Fitness.

10. At all times relevant herein, the defendant, BLINK HOLDINGS, INC., doing business as BLINK FITNESS (hereinafter referred to as "BLINK HOLDINGS, INC."), was the owner, operator, manager, maintainer, and/or agent responsible for the operation, management, and maintenance of the premises known as Blink Fitness.

11. At all times relevant herein, the defendant, BLINK HOLDINGS, INC., by and through their agents, servants, employees, staff, licensees and/or independent contractors, responsible for the care, maintenance, inspection, repair and overall safety of the premises and exercise equipment located at Blink Fitness.

12. At all times relevant herein, the defendant, BLINK HOLDINGS, INC., by and through their agents, servants, employees, staff, licensees and/or independent contractors, managed the premises and exercise equipment at Blink Fitness.

13. At all times relevant herein, the defendant, BLINK HOLDINGS, INC., by and through their agents, servants, employees, staff, licensees and/or independent contractors, maintained the premises and exercise equipment at Blink Fitness.

14. At all times relevant herein, the defendant, BLINK HOLDINGS, INC., by and through their agents, servants, employees, staff, licensees and/or independent contractors, controlled the premises and exercise equipment at Blink Fitness.

15. From this point forward, the defendants, BLINK MELVILLE INC. and BLINK HOLDINGS, INC., shall be referred to as the "Defendants".

16. On or about June 16, 2023, plaintiff, LIDIA CANALES, was legally and lawfully on the premises of Blink Fitness located at 121 Broadhollow Road, Melville, NY 11747.

17. On or about On or about June 16, 2023, the plaintiff, LIDIA CANALES, was legally and lawfully present at Blink Fitness with the knowledge of the Defendants.

18. On or about June 16, 2023, the plaintiff, LIDIA CANALES, was legally and lawfully present at Blink Fitness with the consent of the Defendants.

19. On or about June 16, 2023, the plaintiff, LIDIA CANALES, was legally and lawfully present at Blink Fitness with the permission of the Defendants.

20. On or about June 16, 2023, while exercising at the gym, plaintiff, LIDIA CANALES, was using a piece of exercise equipment which was provided, maintained, controlled, and operated by Defendants.

21. Without warning and through no fault of her own, plaintiff LIDIA CANALES, fell off the machine due to dangerous and unsafe conditions, including but not limited to defective design, improper maintenance, lack of inspection, failure to repair, and/or failure to warn of known hazards.

22. At the time of the incident, the machine was unstable, malfunctioning, and/or otherwise unsafe for its intended use, creating an unreasonable risk of harm to patrons such as plaintiff.

23. At all times relevant herein, the Defendants knew, or through the exercise of reasonable care, should have known of the hazardous and dangerous condition of the equipment.

24. At all times relevant herein, the Defendants owed a duty to plaintiff to exercise reasonable care in maintaining the premises and exercise equipment in a safe and suitable condition for use.

25. At all times relevant herein, the Defendants owed a duty to maintain the premises in a reasonably safe condition, which included having a qualified individual readily available to monitor the use of the exercise equipment.

26. At all times relevant herein, the Defendants owed a duty to reasonably supervise the use and condition of the exercise equipment and the premises in which it was located.

27. At all times relevant herein, the Defendants owed a duty to maintain the premises in a reasonably safe condition, which included having a qualified individual readily available to intervene, assist, or correct improper or unsafe usage of the exercise equipment.

28. At all relevant times herein, Defendants, owed a duty to the plaintiff to exercise reasonable care in the ownership, operation, maintenance, supervision, and control of the premises and the exercise equipment.

29. At all relevant times herein, Defendants were under duty and obligation to remove the subject exercise machine from service and/or to prevent customers from using it once they knew or should have known that it was in a dangerous, defective, or unsafe condition.

30. At all relevant times herein, the Defendants breached their duties by failing to inspect, maintain, repair, and/or warn of the dangerous condition of the exercise equipment.

31. At all relevant times herein, the Defendants breached their duties by failing to ensure the safety, well-being, and physical condition of their members, including the plaintiff.

32. At all relevant times herein, the Defendants failed to properly train their employees in the inspection, maintenance, supervision, and safe operation of the exercise equipment.

33. At all relevant times here, the Defendant failed to train users in the proper and safe operation of the exercise equipment.

34. At all relevant times herein, the Defendants were grossly negligent in their duty and obligation to ensure that the exercise equipment was safe for use, properly functioning, maintained, monitored, and controlled.

35. At all relevant times, herein, the Defendants acted with negligence, exhibiting a reckless disregard for the safety, health, and well-being of others, including plaintiff, LIDIA CANALES.

36. As a direct and proximate result of the Defendant's negligence and breaches of duty, the plaintiff, LIDIA CANALES, sustained serious personal injuries.

37. The aforesaid incident and resulting injuries were caused solely and directly by the negligence, carelessness, and recklessness of the Defendant in the ownership, operation, maintenance, inspection, and repair of the premises and exercise equipment.

38. By reason of the foregoing, the plaintiff, LIDIA CANALES, has been damaged in an amount which exceeds the jurisdictional limit of all lower courts, which might otherwise have jurisdiction over this matter.

**WHEREFORE**, plaintiff demands judgment against the defendants, in an amount which exceeds the jurisdictional limit of all lower courts which might otherwise have jurisdiction over this matter, all together with the costs and disbursements of this action and such other, further and different relief as the court deems is just and proper.

Dated: Huntington Station, New York
      May 1, 2025

Yours, etc.,

_____
ZIMMERMAN LAW, P.C.
By: Michael Zimmerman, Esq.
Attorney for Plaintiff
315 Walt Whitman Road, Suite 215
Huntington Station, New York 11746
(631) 415-0900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
LIDIA CANALES,                                                                                    Index No.:

                                 Plaintiff,

    -against-


BLINK HOLDINGS, INC., doing business as BLINK
FITNESS,

                                Defendants.
-------------------------------------------------------------------X

## VERIFIED COMPLAINT

ZIMMERMAN LAW, P.C.
Attorneys for Plaintiff
315 Walt Whitman Road, Suite 215
Huntington Station, New York 11746
(631) 415-0900

================================================================================

**CERTIFICATION BY ATTORNEY:**

      The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, shows: I certify that, to the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstances, the presentation of the paper(s) listed above or contention(s) herein are not frivolous as defined in subsection (c) of section 130-1.1.

Dated: May 1, 2025

                                                                  _____
                                                                   MICHAEL ZIMMERMAN, ESQ.

# NOTE OF ISSUE

For Use of Clerk

Calendar No: (if any)
Index No.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X
LIDIA CANALES,

                              Plaintiff,

   -against-

BLINK MELVILLE, INC., and BLINK HOLDINGS, INC., doing business as BLINK FITNESS,

                             Defendant.

-------------------------------------------------------------------------X

**NOTICE FOR TRIAL**

☒ Trial by jury demanded

| Filed by attorney for | PLAINTIFF |
|---|---|
| Date summons served | |
| Date service completed | |
| Date issue joined | |

☐ of all issues
☐ of issues specified below or attached hereto
☐ Trial without jury

**NATURE OF ACTION OR SPECIAL PROCEEDING**

Tort:
   ☐ Motor vehicle negligence
   ☐ Medical malpractice
   ☒ Other tort

☐ Contract
☐ Contested matrimonial
☐ Uncontested matrimonial
☐ Tax certiorari
☐ Condemnation
☐ Other(not itemized above) specify _____

☐ This is a class action
   Amount demanded: <u>amount which exceeds the jurisdictional limit of all lower courts</u>
   Other relief: _____

| Special preference claimed under | | | Insurance Carrier(s) if known | |
| On the ground that | | | | |
| | | | | |
| Attorney(s) for Plaintiff(s) | ZIMMERMAN LAW, P.C. | | | |
| Office and P.O. Address | 315 Walt Whitman Road, Suite 215, Huntington Station, NY 11746 | | | |
| Phone No. | (631) 415-0900 | | (631) 415-0901 fax | |
| | | | | |
| Attorney(s) for Defendant FRED KAMINTZKY | | | | |
| Office and P. O. Address | | | | |
| Phone No. | | | | |
| | | | | |
| Attorney(s) Third Party Defendant . | | | | |
| Office and P. O. Address | | | | |
| Phone No. | | | | |

**NOTE**: *The clerk will not accept this note of issue unless accompanied by a certificate of readiness.*

**CERTIFICATE OF READINESS FOR TRIAL**

(Items 1-7 must be checked)

For use of clerk

|   | Completed | Waived | Not Required |
|---|---|---|---|
| 1. All pleadings …………………………………………….. | X | | |
| 2. Bill of particulars…….………………………………… | X | | |
| 3. Physical examinations completed….……………………….. | X | | |
| 4. Medical reports exchanged……….………………………… | X | | |
| 5. Appraisal reports exchanged……………………………… | | | X |
| 6. Compliance with section 202.16 of the Rules of the Chief Administrator (22 NYCRR 202.16) in matrimonial actions….. | | | X |
| 7. Discovery proceedings now known to be necessary completed……………………………………………………… | X | | |

8. **There are no outstanding requests for discovery.**

9. There has been a reasonable opportunity to complete the foregoing proceedings.

10. There has been compliance with any order issued pursuant to section 202.12 of the Rules of the Chief Administrator (22 NYCRR 202.12).

11. If a medical malpractice action, there has been compliance with any order issued pursuant to section 202.56 of the Rules of the Chief Administrator (22 NYCRR 202.56)

12. The case is ready for trial.


Dated:    Huntington Station, New York
          June 25, 2025

_____
ZIMMERMAN LAW, PC
By: Michael Zimmerman
Attorneys for Plaintiff
315 Walt Whitman Road, Suite 215
Huntington Station, NY 11746
(631) 415-0900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
LIDIA CANALES,

                                         Plaintiffs,

      -against-

BLINK MELVILLE, INC., and BLINK HOLDINGS,
INC., doing business as BLINK FITNESS,

                                         Defendant.
-------------------------------------------------------------------X

Index No.:

**AFFIRMATION**

      **MICHAEL ZIMMERMAN, ESQ.,** an attorney duly admitted to practice in the Courts of the State of New York, under penalties of perjury, and pursuant to papers in a file maintained in his office, affirms:

      I am an attorney with the office of ZIMMERMAN LAW, P.C., attorneys for the Plaintiff herein and as such I am fully familiar with the facts and circumstances surrounding this action. That all orders and directives of this Court have been complied with and this case is ready for trial.

Dated:   Huntington Station, New York
           June 25, 2025

                                                                             _____
                                                                         MICHAEL ZIMMERMAN

# AFFIRMATION OF ELECTRONIC FILING

MICHAEL ZIMMERMAN, ESQ., affirms the truth of the following under the penalties of perjury that:

I am not a party to the action, am over 18 years of age and have a business residence in Huntington Station, New York.

On June 25, 2025, I served the within **NOTE OF ISSUE, CERTIFICATE OF READINESS AFFIRMATION,** by electronic filing this date to:

I affirm (  ) this day of (   ) 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law

_____
MICHAEL ZIMMERMAN

Index No.:
SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF QUEENS
==================================================================
LIDIA CANALES,

                                                              Plaintiff,

                                -against-

BLINK MELVILLE, INC., and BLINK HOLDINGS, INC., doing business as BLINK FITNESS,

                                                              Defendant.
==================================================================
## NOTE OF ISSUE AND CERTIFICATE OF READINESS
==================================================================

ZIMMERMAN LAW, PC
*Attorneys for Plaintiffs*
315 Walt Whitman Road, Suite 215
Huntington Station, NY 11746
631-415-0900
==================================================================

**CERTIFICATION**

The above-referenced items are hereby certified pursuant to 22 NYCRR 130-1.1-a

Dated: Huntington Station, NY
       June 25, 2025

                                                              _____
                                                               MICHAEL ZIMMERMAN