# **EXHIBIT 1**

Stipulation

17419425/1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.,*[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |

## STIPULATION GRANTING JUANA GONZALEZ
## LIMITED RELIEF FROM THE PLAN INJUNCTION

This stipulation and order (the "Stipulation") is entered into by and among Burton Hastings Advisors LLC, not individually, but solely in its capacity as the Plan Administrator (the "Plan Administrator") in the above-captioned cases (collectively, the "Debtors," and after the Effective Date, the "Post-Effective Date Debtors"), and Juana Gonzalez ("Ms. Gonzalez" and collectively with the Plan Administrator, the "Parties" and each a "Party"), through undersigned counsel. The Parties hereby stipulate and agree as follows:

## RECITALS

A.   On August 12, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, thereby commencing the above-captioned chapter 11 cases.

B.   On February 28, 2025, the Court entered an order [Docket No. 831] (the "Confirmation Order") confirming the *Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in*

---

[1]   Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness, or by contacting the Plan Administrator's undersigned counsel.

17409993/2

*Possession* [Docket No. 806] (the "Plan").[2]  On February 28, 2025, the Debtors' Plan went effective (the "Effective Date").[3]

C.      Pursuant to the Plan and Confirmation Order, Burton Hastings Advisors LLC was appointed as the Plan Administrator and vested with the exclusive authority to act for the Post-Effective Date Debtors, including the authority to enforce the Plan and compromise and settle general unsecured claims.[4]

D.      Pursuant to Section 14.1(d) of the Plan (the "Plan Injunction"), except as otherwise expressly provided in the Plan or in obligations issued pursuant to the Plan, all Entities are permanently enjoined, as of the Effective Date, from, among other things, commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, the Estates, the Post-Effective Date Debtors, the Plan Administrator, their successors and assigns, or any of their assets or properties, on account of any Claim or Interest that has been released or exculpated under the Plan.[5]

E.      On January 15, 2024, Ms. Gonzalez commenced an action styled *Gonzalez v. Blink Holdings Inc. d/b/a Blink Fitness, New Hold Equities Corp., and BLDG Management Co., Inc.*, Index No. 800787/2024E (the "State Court Action") in the Supreme Court of the State of New York, County of Bronx related to alleged injuries that occurred as a result of an injury sustained on August 22, 2022 (the "Incident").

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3]     *See* Notice of Effective Date [Docket No. 833].

[4]     Confirmation Order, ¶ 13; Plan, § 9.6.

[5]     Plan, § 14.1(d).

17409993/2

F.  On August 19, 2024, Ms. Gonzalez filed proof of claim number 10006 ("Claim 10006") against Blink Holdings, Inc. asserting a non-priority, general unsecured claim in the amount of $2,000,000, arising from alleged damages related to the Incident.

G.  The Debtors maintained certain commercial general liability, excess and umbrella policies (collectively, the "Insurance Policies") which may be applicable to the Incident.

H.  Pursuant to Section 16.9 of the Plan, the Confirmation Order and Effective Date had no effect on the Insurance Policies and each insurance company is prohibited from denying coverage on any basis regarding or related to the Chapter 11 Cases.[6]

I.  Ms. Gonzalez acknowledges that the continued pursuit of the State Court Action against the Debtors or Post-Effective Date Debtors is enjoined by the Plan Injunction, and now seeks limited relief solely to proceed with the State Court Action to access available insurance coverage, if any, and not to recover against the Debtors, the Post-Effective Date Debtors, their estates, or their successors.

J.  The Parties have agreed, subject to approval of the Bankruptcy Court, to (i) disallow in part, and cap in part, Claim 10006 as set forth herein; and (ii) modify the Plan Injunction solely to permit Ms. Gonzalez to proceed with the State Court Action nominally against Blink Holdings, Inc., for the purpose of pursuing any available insurance, subject to the terms set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND AMONGST THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

---

[6]  Plan, § 16.9.

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "Stipulation Effective Date").

2. Upon the Stipulation Effective Date, Claim 10006 shall be deemed amended and modified to assert a non-priority general unsecured claim against Blink Holdings, Inc. in the amount of $50,000, and allowed.

3. Upon the Stipulation Effective Date, the Plan Injunction shall be modified solely and exclusively to permit Ms. Gonzalez to continue the prosecution of the State Court Action nominally against Blink Holdings Inc., for the limited purpose of seeking recovery from applicable insurance coverage, including the Insurance Policies, if any, and not against the Debtors, the Post-Effective Date Debtors, their estates, the Plan Administrator, or their successors.

4. Ms. Gonzalez expressly agrees that she shall not seek to recover, and shall have no right to recover, any amounts from the Debtors, the Post-Effective Date Debtors, their estates, the Plan Administrator, or any of their assets or properties. Ms. Gonzalez's recovery, if any, shall be limited solely to the extent of available insurance coverage.

5. Ms. Gonzalez further agrees that (i) to the extent that applicable Insurance Policies do not satisfy alleged damages arising from or related to the Incident or the State Court Action, for any reason, neither the Debtors, the Post-Effective Date Debtors, their estates, the Plan Administrator, or any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in these chapter 11 proceedings, and Ms. Gonzalez shall not seek to collect on any such unsatisfied portion from the Debtors, the Post-Effective Date Debtors, their estates, the Plan Administrator, or any of their successors, and (ii) to hold the Debtors, the Post-Effective Date Debtors, their estates, the Plan Administrator, or any of their successors harmless with respect to any claim that may be asserted by any insurance

carrier on account of any deductible or self-insured retention that must be satisfied prior to the payment to Claimant of any settlement.

6. Neither the Debtors, the Post-Effective Date Debtors, their estates, the Plan Administrator, nor any of their successors shall be required to fund costs associated with, or otherwise provide assistance to any party or Person in connection with (i) any self-insured retention or deductible liability, (ii) any obligation to post any security or deposit with any insurance carrier pursuant to the terms of the applicable insurance policy, if any, or (iii) any other costs, including, without limitation, attorneys' fees and expenses, or assistance of any kind concerning any and all aspects of the State Court Action, including, without limitation, (a) discovery and (b) insurance carriers' claims based on indemnification obligations or applicable insurance policies, if any.

7. Ms. Gonzalez agrees that Claim 10006 shall be amended as set forth herein, and any other claim or proofs of claim filed or to be filed by Ms. Gonzalez in connection with the Incident or the State Court Action against the Debtors, their estates, or their successors in these chapter 11 cases, if any, are, by entry of this Stipulation, deemed disallowed, and the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC, and the Clerk of the Court are authorized to take all necessary actions to reflect the modification and allowance of Claim 10006 and the disallowance of any other claims referenced herein on the official claims register for the above-captioned chapter 11 cases.

8. Nothing in this Stipulation shall be deemed or construed as: (i) an acknowledgment by the Plan Administrator of the existence, availability, or applicability of any insurance coverage with respect to the claims asserted in the State Court Action; (ii) a waiver or release of any rights, claims, or defenses of the Debtors, Post-Effective Date Debtors, their insurers or Plan

Administrator; (iii) a determination as to the merits of the claims asserted in the State Court Action; or (iv) a modification of the Plan or Confirmation Order except as expressly set forth herein.

9. Ms. Gonzalez acknowledges and agrees that, pursuant to Section 14.1 of the Plan, and except as expressly provided in the Plan or in obligations issued pursuant to the Plan, all Entities are permanently enjoined, as of the Effective Date, from: (i) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, their Estates, the Post-Effective Date Debtors, the Plan Administrator, or any of their respective successors or assigns, or any of their respective assets or properties, (ii) on account of any Claim or Interest that has been released or exculpated under the Plan.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties related to the subject matter herein and supersedes all prior agreements and understandings between the Parties.

11. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

12. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

13. Except as otherwise expressly set forth herein, all other provisions of the Plan and the Plan Injunction shall remain in full force and effect until and unless terminated or modified by the Bankruptcy Court.

17409993/2

14. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

15. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Stipulation Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

16. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

17. The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Stipulation.

[*Remainder of Page Intentionally Blank*]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: July 25, 2025

| | |
|---|---|
| **GUERRERO & ROSENGARTEN** | **MORRIS JAMES LLP** |
| */s/ Enrique Guerrero* | */s/ Siena B. Cerra* |
| Enrique Guerrero, Esq. | Eric J. Monzo (DE Bar No. 5214) |
| 363 7th Avenue, 7th Floor | Siena B. Cerra (DE Bar No. 7290) |
| New York, New York 10001 | 500 Delaware Avenue, Suite 1500 |
| Telephone: (212) 533-2606 | Wilmington, DE 19801 |
| | Telephone: (302) 888-6800 |
| *Attorneys for Juana Gonzalez* | Facsimile: (302) 571-1750 |
| | E-mail: emonzo@morrisjames.com |
| |         scerra@morrisjames.com |

-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail:  ewilson@kelleydrye.com
         kelliott@kelleydrye.com
         abarajas@kelleydrye.com

*Counsel to the Plan Administrator*