**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLINK HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: November 4, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: November 13, 2025 at 10:00 a.m. (ET)** |

**PLAN ADMINISTRATOR'S FIRST OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO CERTAIN (I) INSUFFICIENT DOCUMENTATION CLAIMS;
(II) LATE FILED CLAIMS; AND (III) AMENDED AND SUPERSEDED CLAIMS**

> **THIS FIRST OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE SCHEDULES ATTACHED TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS.**

Burton Hastings Advisors LLC, not individually, but solely in its capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtors (collectively, the "Debtors," and after the Effective Date of the Debtors' confirmed chapter 11 plan, the "Post-Effective Date Debtors"),[2] files this omnibus objection (the "First Omnibus Objection") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), disallowing in full and expunging the following: (i) certain claims that were

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness.

[2] Docket No. 806 (the "Plan"). Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the Plan.

17580201/1

filed with insufficient supporting documentation (collectively, the "Insufficient Documentation Claims"), which are listed on **Schedule 1** to the Proposed Order, (ii) certain late filed claims (collectively, the "Late Filed Claims"), which are listed on **Schedule 2** to the Proposed Order, and (iii) certain claims that were subsequently amended and superseded (collectively, the "Amended and Superseded Claims"), which are listed on **Schedule 3** to the Proposed Order.

In support of this First Omnibus Objection, the Plan Administrator relies on the *Declaration of Peter Hurwitz in Support of Plan Administrator's First Omnibus (Non-Substantive) Objection to Certain (I) Insufficient Documentation Claims; (II) Late Filed Claims; and (III) Amended and Superseded Claims* (the "Hurwitz Declaration"), attached hereto as **Exhibit B**. In further support of this First Omnibus Objection, the Plan Administrator respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article XV of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of these cases and the First Omnibus Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Rules 3007 and 9014 of the Bankruptcy Rules, and Local Rule 3007-1.

4. The Plan Administrator consents to the entry of a final order by the Court in connection with the First Omnibus Objection to the extent that it is later determined that this Court,

absent consent of the relevant parties, cannot enter final orders or judgments in connection with the First Omnibus Objection consistent with Article III of the United States Constitution.

## BACKGROUND

### I. The Chapter 11 Cases

5. On August 12, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until they closed the sale of substantially all of their assets to the Stalking Horse Bidder on November 29, 2024.

6. On September 9, 2024, each of the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.[3]

7. On February 28, 2025, the Court entered an order (the "Confirmation Order") confirming the Plan.[4] On February 28, 2025, the Debtors' Plan went effective (the "Effective Date").[5]

### II. The Bar Dates

8. On September 10, 2024, the Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar*

---

[3] Docket Nos. 199-202, 205-339.
[4] Docket No. 831.
[5] Docket No. 833.

3
17580201/1

*Date, (III) Approving the Form of and Manner for Filing Proofs Of Claim, Including Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (IV) Approving Form and Manner of Notice Thereof* (the "Bar Date Order").[6]

9. The Bar Date Order established October 10, 2024, at 11:59 p.m. (prevailing Eastern Time) as the deadline for creditors to file proofs of claim for each Claim they assert against the Debtors that arose before the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "General Bar Date"). The Bar Date Order also established the governmental bar date for governmental units to file proofs of claims against any Debtor as February 10, 2025, at 11:59 p.m. (prevailing Eastern Time) (the "Governmental Bar Date"). Additionally, the Bar Date Order approved the form proof of claim to be filed against the Debtors and the manner of giving notice of the General Bar Date (the "Bar Date Notice"). The Bar Date Notice was published in The New York Times on September 17, 2024.[7]

10. The Confirmation Order established March 31, 2025, at 5:00 p.m. (prevailing Eastern Time) (the "Administrative Claims Bar Date," and collectively with the General Bar Date and Governmental Bar Date, the "Bar Dates") as the deadline for creditors to file requests for payment of an Administrative Claim that arose prior to the Effective Date.[8]

## CLAIMS RECONCILIATION

11. Pursuant to the Confirmation Order and Plan, on the Effective Date, Burton Hastings Advisors LLC was appointed Plan Administrator in these Chapter 11 Cases.[9] The Plan

---

[6] *See* Docket No. 347.

[7] *See* Docket No. 387

[8] *See* Confirmation Order, ¶ 17.

[9] *See* Confirmation Order, ¶ 13; Plan, § 9.1.

authorizes and empowers the Plan Administrator to, among other things, object to Claims and Interests and prosecute or otherwise resolve such objections.[10]

12. As of the Effective Date, the register of claims (the "Claims Register") maintained by Epiq Corporate Restructuring, LLC ("Epiq"), evidenced over 720 filed and scheduled Claims against the Debtors, asserting over $417 million in liabilities, plus unliquidated amounts, across all priority levels. Of this total, there was an aggregate of approximately 135 filed Secured Claims, Administrative Claims, and Priority Claims (collectively, the "SAP Claims").

13. The Plan Administrator and its professionals have been reviewing and analyzing SAP Claims since the Effective Date of the Plan. This process includes identifying categories of SAP Claims that may be targeted for disallowance and expungement, reduction and/or reclassification.

14. On September 8, 2025, the Plan Administrator filed the *Notice of Claims Previously Satisfied*,[11] which disallowed and expunged, pursuant to section 11.4 of the Plan, 26 SAP Claims asserting an aggregate amount of approximately $190,000 that had been previously paid.

15. As part of its ongoing review of SAP Claims, the Plan Administrator has reviewed each of the SAP Claims listed on **Schedule 1** through **Schedule 3** to the Proposed Order, and has concluded that each such SAP Claim should be expunged and disallowed.[12]

---

[10] *Id.*, § 9.6.

[11] Docket No. 925.

[12] The Plan Administrator is not undertaking the time or expense to reconcile General Unsecured Claims, because Holders of General Unsecured Claims are not entitled to receive any distribution on account of their Claims under the Plan.

16. To reduce the number of SAP Claims, and to avoid possible double or otherwise improper recovery by claimants, the Plan Administrator anticipates filing additional objections to Claims.

## RELIEF REQUESTED

17. By this First Omnibus Objection, and for the reasons described more fully below, the Plan Administrator requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit 1**, disallowing and expunging the SAP Claims set forth on **Schedule 1** through **Schedule 3** attached thereto pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Bankruptcy Rule 3007-1, the Confirmation Order, Plan and the Bar Date Order, as applicable.

## OBJECTION

18. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."[13] Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim.[14]

19. Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."[15] While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a

---

[13] 11 U.S.C. § 502(a).
[14] *See* 11 U.S.C. § 502(b).
[15] 11 U.S.C. § 502(b)(1).

preponderance of evidence.[16] The burden of persuasion with respect to the claim is always on the claimant.[17] The failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity.[18]

20. For the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of each SAP Claim on **Schedules 1-3** to the Proposed Order.

I. **Insufficient Documentation Claims**

21. The Insufficient Documentation Claims listed on **Schedule 1** do not include sufficient supporting information and documentation for the existence and/or amount of the underlying claim and the Debtors' books and records have no record of any liability with respect to such Insufficient Documentation Claims. The Plan Administrator has made reasonable efforts to research the Insufficient Documentation Claims in the Debtors' books and records and has found no *prima facie* evidence of the validity and amount of such Insufficient Documentation Claims.

22. Accordingly, the Plan Administrator requests that the Court enter the Proposed Order disallowing and expunging the Insufficient Documentation Claims listed on **Schedule 1** to the Proposed Order.

---

[16] *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also In re EHT US1, Inc.*, No. 21-10036 (CSS), 2022 WL 775093, at *8 (Bankr. D. Del. Mar. 15, 2022) ("An objecting party may overcome the prima facie validity of a claim by 'refuting at least one of the allegations . . . essential to the claim's legal sufficiency' whereupon the burden shifts back to the claimant to prove the validity of his claim by a preponderance of the evidence.").

[17] *See Allegheny Int'l, Inc.*, 954 F.2d at 174.

[18] *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

17580201/1

**II.     Late Filed Claims**

23. Pursuant to section 502(b)(9) of the Bankruptcy Code, a claim shall not be allowed "to the extent that . . . proof of such claim is not timely filed[.]"[19] As a result of its review of filed proofs of claim and requests for payment, the Plan Administrator has determined that the Late Filed Claims identified on **Schedule 2** were filed after the applicable Bar Date.

24. Accordingly, the Plan Administrator requests that the Court enter the Proposed Order disallowing and expunging the Late Filed Claims listed on **Schedule 2** to the Proposed Order.

**III.    Amended and Superseded Claims**

25. As set forth in the Hurwitz Declaration, the Plan Administrator, together with its professionals, reviewed the Claims Register and determined that each Amended and Superseded Claim identified on **Schedule 3** in the "Amended Claim" column was superseded by another Claim in the same row in the "Surviving Claim" column filed by the same claimant. The "surviving claims" identify on their face that they amend the corresponding Amended and Superseded Claim by referencing the claim number or filing date of the Amended and Superseded Claim. The Plan Administrator therefore seeks to disallow and expunge the Amended and Superseded Claims, which have been superseded by the later filed Surviving Claim also identified on **Schedule 3**.

26. Unless the Amended and Superseded Claims are disallowed, the claimants listed on **Schedule 3** will receive an excess recovery. The claimants affected by this First Omnibus Objection will not be prejudiced if the Amended and Superseded Claims are expunged, because

---

[19] 11 U.S.C. § 502(b)(9); *see also First Fidelity Bank, N.A. v. Hooker Inves. Inc. (In re Hooker Inves. Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991) (enforcing the bar date and stating, *inter alia*, that "a bar date order does not function merely as a procedural gauntlet"); *In re Energy Future Holdings Corp.*, 522 B.R. 520, 526-27 (Bankr. D. Del. 2015) (stating that the "[b]ar date is akin to a statute of limitations, and must be strictly observed"); *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995) (same).

17580201/1

each will retain the corresponding Surviving Claim against the estates that is identified on **Schedule 3**.[20]

## RESPONSES TO OMNIBUS OBJECTIONS

27. To contest an objection, a claimant must file and serve a written response to this First Omnibus Objection (a "Response") so that it is received no later than **September 26, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and served on the following parties, so that the Response is received no later than the Response Deadline:

| **Counsel to the Plan Administrator** |
|---|
| Morris James LLP |
| 3205 Avenue North Blvd., Suite 100 |
| Wilmington, DE 19803 |
| Attn: Carl N. Kunz |
| Attn: Siena B. Cerra |
| |
| -and- |
| |
| Kelley Drye & Warren LLP |
| 175 Greenwich Street |
| New York, New York 10007 |
| Attn: Kristin S. Elliott |
| Attn: Andres Barajas |

28. Every Response to this First Omnibus Objection must contain, at a minimum, the following information:

    (i) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of objection to which the Response is directed;

    (ii) the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the Claim;

---

[20] As the claims reconciliation process is ongoing, the Plan Administrator reserves all rights to object to the Surviving Claims on any grounds, including pursuant to section 502(d) of the Bankruptcy Code.

  (iii) the specific factual basis and supporting legal argument upon which the party will rely in opposing this First Omnibus Objection;

  (iv) any supporting documentation, to the extent it was not included with the Proof of Claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the Proof of Claim; and

  (v) the name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Plan Administrator should communicate with respect to the Claim or the First Omnibus Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

29. If a claimant fails to file and serve a timely Response by the Response Deadline, the Plan Administrator will present to the Court an appropriate order, substantially in the form of the Proposed Order, disallowing such claimant's SAP Claim without further notice to the claimant.

## REPLIES TO RESPONSES

30. Consistent with Local Rule 9006-1(d), the Plan Administrator may, at its option, file and serve a reply to a Response no later than 4:00 p.m. (prevailing Eastern Time) one (1) day prior to the deadline for filing the agenda for any hearing to consider this First Omnibus Objection.

## SEPARATE CONTESTED MATTERS

31. To the extent a Response is filed regarding any SAP Claim listed in this First Omnibus Objection and the Plan Administrator is unable to resolve the Response, the objection by the Plan Administrator to each such SAP Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this First Omnibus Objection shall be deemed a separate order with respect to each SAP Claim.

## RESERVATION OF RIGHTS

32. The Plan Administrator reserves all of its rights to seek further objections to the SAP Claims, as appropriate, as well as to seek estimation of any SAP Claims.

**NOTICE**

33. Notice of this First Omnibus Objection will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) each of the claimants whose claim is subject to this First Omnibus Objection; and (iii) all entities that filed a post-Effective Date renewed request for notices pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Plan Administrator submits that no further notice is required.

**COMPLIANCE WITH LOCAL RULE 3007-1**

34. The undersigned certifies that they have reviewed the requirements of Local Rule 3007-1 and that the First Omnibus Objection substantially complies with that Local Rule. To the extent that the First Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

[*Remainder of Page Intentionally Lefty Blank*]

**WHEREFORE**, the Plan Administrator respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**: (i) disallowing and expunging (a) the Insufficient Documentation Claims, (b) the Late Filed Claims, and (c) the Amended and Superseded Claims, which are listed on **Schedule 1** through **Schedule 3** to the Proposed Order, respectively; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: October 13, 2025

**MORRIS JAMES LLP**

*/s/ Siena B. Cerra*
Carl N. Kunz, III (DE Bar No. 3201)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Siena B. Cerra (DE Bar No. 7290)
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail:   ckunz@morrisjames.com
             emonzo@morrisjames.com
             bkeilson@morrisjames.com
             scerra@morrisjames.com

-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail:   ewilson@kelleydrye.com
             kelliott@kelleydrye.com
             abarajas@kelleydrye.com

*Counsel to the Plan Administrator*