# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLINK HOLDINGS, INC., *et al.*,[1] | Case No. 24-11686 (JKS) |
| Debtors. | (Jointly Administered) |
| | Obj. Deadline: November 25, 2025, at 4:00 p.m. (ET)<br>Hearing Date: December 2, 2025, at 3:30 p.m. (ET) |

## PLAN ADMINISTRATOR'S SECOND MOTION FOR ENTRY
## OF AN ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE

Burton Hastings Advisors LLC, solely in its capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtors (collectively, the "Debtors," and after the Effective Date of the Debtors' confirmed chapter 11 plan (the "Plan"),[2] the "Post-Effective Date Debtors"), files this motion (the "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the deadline to object to Claims[3] by 180 days, from December 31, 2025 through and including June 29, 2026. In support of the Motion, the Plan Administrator respectfully states:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and Article XV of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/BlinkFitness.

[2] Docket No. 806. Capitalized terms not otherwise defined in this Motion have the meanings ascribed to them in the Plan.

[3] The Plan Administrator notes that it is not undertaking the time or cost to reconcile any General Unsecured Claims against the Debtors because Holders of General Unsecured Claims are not entitled to receive any distribution on account of their Claims under the Plan.

17641092/1

2. The Plan Administrator consents to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that this Court, absent consent of the relevant parties, cannot enter final orders or judgments in connection with the Motion consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 502, and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9006-1 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4. On August 12, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively the "Chapter 11 Cases"). These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continued to operate their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the close of the sale of substantially all of their assets on November 29, 2024.

5. On September 9, 2024, each of the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.[4]

6. On September 10, 2024, the Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9) of the*

---

[4] *See* Docket Nos. 199-202, 205-339.

*Bankruptcy Code, (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs Of Claim, Including Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (IV) Approving Form and Manner of Notice Thereof* (the "Bar Date Order").[5]

7. The Bar Date Order established October 10, 2024, at 11:59 p.m. (prevailing Eastern Time) as the deadline for creditors to file proofs of claim for each Claim they assert against the Debtors that arose before the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "General Bar Date"). The Bar Date Order also established the governmental bar date for governmental units to file proofs of claims against any Debtor as February 10, 2025, at 11:59 p.m. (Prevailing Eastern Time). Additionally, the Bar Date Order approved the form proof of claim to be filed against the Debtors and the manner of giving notice of the General Bar Date (the "Bar Date Notice"). The Bar Date Notice was published in The New York Times on September 17, 2024.[6]

8. On February 28, 2025, the Court entered an order (the "Confirmation Order") confirming the Plan.[7] On February 28, 2025, the Debtors' Plan went effective (the "Effective Date").[8]

9. The Confirmation Order established March 31, 2025, at 5:00 p.m. (prevailing Eastern Time) as the deadline for creditors to file requests for payment of an Administrative Claim that arose prior to the Effective Date.[9]

---

[5] *See* Docket No. 347.
[6] *See* Docket No. 387
[7] Docket No. 831.
[8] *See* Notice of Effective Date [Docket No. 833].
[9] *See* Confirmation Order, ¶ 17.

3

10. Pursuant to the Plan, the initial deadline to object to Claims was August 27, 2025 (the "Initial Claims Objection Deadline").[10] On August 14, 2025, the Court entered the *Order Extending the Claims Objection Deadline* extending of the Initial Claims Objection Deadline through and including December 31, 2025 (the "Claims Objection Deadline").[11]

## CLAIMS RECONCILIATION PROCESS

11. Pursuant to the Confirmation Order and Plan, on the Effective Date, Burton Hastings Advisors LLC was appointed Plan Administrator in these Chapter 11 Cases.[12] The Plan further provides the Plan Administrator with the power and authority to, among other things, (i) distribute funds to Holders of Allowed Claims entitled to receive a distribution under the Plan; (ii) object to Claims and Interests and prosecute such objections; (iii) compromise and settle disputes regarding Claims or Interests; (iv) file tax returns for the Debtors; and (v) monetize Wind Down Assets in the best interests of the Post-Effective Date Debtors.[13]

12. As of the Effective Date, the register of claims (the "Claims Register") prepared and maintained by Epiq Corporate Restructuring, LLC ("Epiq"), evidenced over 720 Filed and scheduled Claims, totaling in excess of $417 million, plus unliquidated amounts, across all priority levels. Of this total, there was an aggregate of approximately 135 Filed Secured Claims, Administrative Claims, and Priority Claims (collectively, the "SAP Claims").

13. Since the Effective Date, the Plan Administrator has, among other things, (i) retained professionals, (ii) prepared and filed quarterly reports, (iii) coordinated with Equinox to transition services under the Equinox TSA to the Plan Administrator, (iv) negotiated stipulations

---

[10]    *See* Plan § 1.35.
[11]    Docket No. 915.
[12]    *See* Confirmation Order, ¶ 13; Plan, § 9.1.
[13]    *Id.*, § 9.6.

with certain personal injury claimants for limited relief from the automatic stay and/or the Plan injunction, (v) obtained entry of a final decree closing 127 of the Chapter 11 Cases, and (vi) started dissolving the Post-Effective Date Debtor entities.[14]

14. The Plan Administrator has also addressed SAP Claims. Among other things, the Plan Administrator has expunged twenty-eight SAP Claims asserting an aggregate amount of approximately $204,000 pursuant to notices of satisfied claims.[15] Additionally, the Court entered an order sustaining the *Plan Administrator's First Omnibus (Non-Substantive) Objection to Certain (I) Insufficient Documentation Claims; (III) Late Filed Claims; and (III) Amended and Superseded Claims*.[16] With that order, thirteen SAP Claims were disallowed and expunged, including unliquidated amounts asserted in various claims. Further, the Plan Administrator has reconciled and paid (or will pay following receipt of a completed Form W-9), approximately twenty Allowed SAP Claims.

15. While the Plan Administrator has reconciled the vast majority of SAP Claims, there are approximately ten SAP Claims that the Plan Administrator is working to resolve. The Plan Administrator requires an additional extension of the Claims Objection Deadline to address and fully reconcile (or object, as necessary) to those claims.

**RELIEF REQUESTED**

16. The Plan Administrator respectfully requests entry of an order extending the Claims Objection Deadline for a period of 180 days, through and including June 29, 2026.[17] The proposed

---

[14] Docket No. 893. Contemporaneously with the filing of this Motion, the Plan Administrator filed the *Plan Administrator's Second Motion for a Final Decree and Order Closing Certain of the Debtors' Chapter 11 Cases*, which seeks entry of a final decree closing 10 of remaining Chapter 11 Cases.

[15] Docket No. 925.

[16] Docket No. 941.

[17] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Claims Objection Deadline serves to automatically extend the Claims Objection Deadline until such time as the Court rules on

5

extension is without prejudice to the rights of the Plan Administrator to seek additional extensions of the Claims Objection Deadline, as appropriate.

## BASIS FOR RELIEF

17. Sections 502 and 503 of the Bankruptcy Code contemplate that claims will be challenged when appropriate and, if necessary, estimated.[18] The Plan vests the discretion to object to, or seek estimation of, Claims and Administrative Claim Requests filed against the Post-Effective Date Debtors' estates with the Plan Administrator.

18. Bankruptcy Rule 9006(b) provides extensions of time for cause. Specifically:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.[19]

19. Section 105 of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[20]

20. The Plan Administrator submits that extending the Claims Objection Deadline is necessary to administer the Plan and Post-Effective Date Debtors' estates efficiently and cost-effectively and is in the best interests of creditors. As discussed above, the Plan Administrator has been working diligently since the Effective Date to discharge its duties under the Plan.

21. The requested extension of the Claims Objection Deadline will not prejudice any claimant or other party in interest and will benefit all Holders of Allowed SAP Claims. The Plan Administrator does not seek to extend the Claims Objection Deadline for purposes of delay, nor

---

this Motion. *See* Del. Bankr. LR 9006-2.

[18] *See* 11 U.S.C. §§ 502(b)–(c), 503.

[19] Fed R. Bankr. P. 9006(b)(1).

[20] 11 U.S.C. § 105(a).

will an extension affect any claimant's substantive defense(s) to any objection. This Motion represents the second, and likely final, extension that has been or will be requested since the Plan was confirmed and became effective approximately nine (9) months ago. Over that period, as discussed above, the Plan Administrator has made significant progress addressing SAP Claims to ensure that only holders of Allowed SAP Claims receive a recovery from the Debtors' estates. Indeed, the Plan Administrator believes the reconciliation of SAP Claims is nearly complete. The Plan Administrator seeks a further extension of the Claims Objection Deadline solely to continue engaging with certain claimants consensually, thereby reducing costs for the estates and such claimants.

22. Absent the requested extension, the estates will be prejudiced because invalid, misclassified and/or overstated SAP Claims will not be challenged, and such creditors will receive distributions to which they are not entitled under the Plan.

23. Not only will the requested extension allow the Plan Administrator to complete its efforts to reconcile remaining unresolved SAP Claims, it will conserve estate resources by providing sufficient time to pursue settlements in lieu of protracted and expensive litigation.

24. This is the Plan Administrator's second request to extend the Claims Objection Deadline.

**RESERVATION OF RIGHTS**

25. While the Plan Administrator will work to resolve all remaining unresolved SAP Claims within the requested extension, the Post-Effective Date Debtors reserve all of their rights to seek further extensions of the Claims Objection Deadline, as appropriate, as well as to object to and/or seek estimation of any Claims.

**NOTICE**

26. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware and (ii) all parties who, as of the filing of the Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. A copy of this Motion is also available on the Post-Effective Date Debtors' case website at https://dm.epiq11.com/case/blinkfitness/info. In light of the procedural nature of the post-confirmation relief requested herein, the Plan Administrator submits that such notice is sufficient under the circumstances and that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Plan Administrator respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**: (i) extending the Claims Objection Deadline through and including June 29, 2026, without prejudice to the rights of the Plan Administrator to seek additional extensions of such deadline as appropriate; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: November 18, 2025

**MORRIS JAMES LLP**

*/s/ Siena B. Cerra*
Carl N. Kunz, III (DE Bar No. 3201)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Siena B. Cerra (DE Bar No. 7290)
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
       emonzo@morrisjames.com
       bkeilson@morrisjames.com
       scerra@morrisjames.com

-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: ewilson@kelleydrye.com
       kelliott@kelleydrye.com
       abarajas@kelleydrye.com

*Counsel to the Plan Administrator*