# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Blink Holdings, Inc.,[1]<br><br>        Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>Obj. Deadline: January 21, 2026 at 4:00 p.m. (ET)<br>Hearing Date: Only if objections are filed |

### FIFTH MOTION FOR ENTRY OF AN ORDER
### EXTENDING THE DEADLINE TO FILE NOTICES TO REMOVE ACTIONS

Burton Hastings Advisors LLC, solely in its capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtor (the "Debtor" and after the Effective Date of the Debtor's confirmed chapter 11 plan, the "Post-Effective Date Debtor"), files this fifth motion (the "Motion") pursuant to 28 U.S.C. § 1452, rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), approving the extension of the deadline by which actions may be removed (the "Removal Deadline"). In support of this Motion, the Plan Administrator states:

### RELIEF REQUESTED

1. Pursuant to Bankruptcy Rule 9027(a)(2), the time period by which the Plan Administrator may file notices of removal of claims and causes of action pursuant to 28 U.S.C. § 1452 is set to expire on January 7, 2026.[2]

2. By this Motion, pursuant to 28 U.S.C. § 1452, Bankruptcy Rules 9006(b) and 9027, and Local Rule 9006-2, the Plan Administrator requests entry of an order extending the Removal

---

[1] The Post-Effective Date Debtor's service address is c/o Burton Hastings Advisors LLC, 40 Half Moon Lane, Irvington, NY 10533.

[2] Bankruptcy Rule 9027(a)(2) provides that the time period will expire ninety (90) days from the Petition Date.

17696041/2

Deadline by 120 days, through and including May 7, 2026 with respect to all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2) (the "Prepetition Actions") in addition to any and all matters initiated after the Petition Date as specified in Bankruptcy Rule 9027(a)(3) (the "Postpetition Actions," together with the Prepetition Actions," the "Actions").[3]

3. The Plan Administrator further requests that the Order approving this Motion be entered without prejudice to (a) any position the Plan Administrator may take regarding whether section 362 of title 11 of the United States Code (the "Bankruptcy Code") applies to stay any given Action, and (b) the right of the Plan Administrator to seek further extensions of the Removal Deadline.

## JURISDICTION AND VENUE

4. The United State Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The predicates for the relief requested by this Motion are 28 U.S.C. § 1452, section 105(a) of the Bankruptcy Code, Bankruptcy Rules 9006(b) and 9027, and Local Rule 9006-2.

6. Pursuant to Local Rule 9013-1(f), the Plan Administrator consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Removal Deadline automatically extends such deadline until such time as the Court rules on this Motion.

**BACKGROUND**

7. On August 12, 2024, (the "Petition Date"), Blink Holdings, Inc. and certain of its affiliates (the "Debtors" and after the Effective Date of the Debtors' confirmed chapter 11 plan, the "Post-Effective Date Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively the "Chapter 11 Cases").

8. On November 8, 2024, the Debtors filed a *Debtors' Motion for an Order Extending the Period Within Which the Debtors May Remove Actions Pursuant To 28 U.S.C. § 1452*.[4] On November 25, 2024, the Bankruptcy Court entered an order approving that motion and extending the Removal Deadline to May 12, 2025.[5]

9. On February 5, 2025, the Debtors filed a *Debtors' Motion for an Order Further Extending the Period Within Which the Debtors May Remove Actions Pursuant To 28 U.S.C. § 1452*.[6] On February 21, 2025, the Bankruptcy Court entered an order approving that motion and extending the Removal Deadline to May 12, 2025.[7]

10. On February 28, 2025, the Court entered an order (the "Confirmation Order")[8] confirming the *Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* (the "Plan").[9] On February 28, 2025, the Plan became effective (the "Effective Date").[10]

---

[4] Docket No. 596.
[5] *See* Docket No. 643.
[6] Docket No. 786.
[7] *See* Docket No. 805.
[8] Docket No. 831.
[9] Docket No. 806.
[10] *See* Notice of Effective Date [Docket No. 833].

11.     In accordance with the Plan and Confirmation Order, Burton Hastings Advisors LLC was appointed Plan Administrator and took over the administration of the Post-Effective Date Assets as of the Effective Date.

12.     On May 9, 2025, the Plan Administrator filed the *Third Motion for Entry of an Order Extending the Deadline to File Notices to Remove Actions*.[11]  On May 27, 2025, the Bankruptcy Court entered an order approving that motion and extending the Removal Deadline to September 9, 2025.[12]

13.     On May 27, 2025, the Court entered the first *Final Decree and Order Closing Certain of the Debtors' Chapter 11 Cases*[13] authorizing the Post-Effective Date Debtors and Plan Administrator to close 127 of the Chapter 11 Cases.

14.     On August 5, 2025, the Plan Administrator filed the *Fourth Motion for Entry of an Order Extending the Deadline to File Notices to Remove Actions*.[14]  On August 13, 2025, the Bankruptcy Court entered an order approving that motion and extending the Removal Deadline to January 7, 2026.[15]

15.     On December 5, 2025, the Court entered the second *Final Decree and Order Closing Certain of the Debtors' Chapter 11 Cases*[16] authorizing the Post-Effective Date Debtors and Plan Administrator to amend the case caption used in the Chapter 11 Cases and close certain cases while keeping the lead case, *Blink Holdings, Inc.*, Case No. 24-11686 (JKS), open.

---

[11]     Docket No. 883.
[12]     *See* Docket No. 892.
[13]     Docket No. 893.
[14]     Docket No. 911.
[15]     *See* Docket No. 916.
[16]     Docket No. 952.

17696041/2

## BASIS FOR RELIEF REQUESTED

16. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.[17]

17. Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.[18]

18. With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> within the shorter of these periods (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.[19]

19. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Removal Deadline, without notice:

> [W]hen these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a

---

[17] 28 U.S.C. § 1452(a).
[18] Fed. R. Bankr. P. 9027(a)(2).
[19] Fed. R. Bankr. P. 9027(a)(3).

5

specified period. Except as provided in (2) and (3), the court may—at any time and for cause—extend the time to act if…with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires . . . .[20]

20. It is well settled that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027.[21]

21. The Plan Administrator submits that ample cause exists to extend the Removal Deadline. The Plan Administrator and its professionals have not yet had the opportunity to fully consider, or make decisions concerning, all Actions currently pending and, as a result, the Plan Administrator believes in good faith that it is prudent to seek an extension of the Removal Deadline to preserve the rights of the Plan Administrator, Post-Effective Date Debtor, and the estate to potentially remove any Actions, if necessary.

22. The Plan Administrator's primary focuses since the Effective Date have included, among other things, retaining professionals, satisfying reporting requirements, responding to creditor inquiries, reviewing and reconciling secured, administrative, and priority claims, dissolving the Debtors' entities, and closing the Debtors' bankruptcy cases. As a result, the Plan Administrator has not finalized its evaluation of the pending Actions and possible removal pursuant to Bankruptcy Rule 9027(a). Accordingly, the Plan Administrator believes the current Removal Deadline of January 7, 2026 does not provide sufficient time for the Plan Administrator

---

[20] Fed. R. Bankr. P. 9006(b)(1).

[21] *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by, Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *see also In re TK Holdings Inc.*, 2018 WL 1306271, at *46 (Bankr. D. Del. Mar. 18, 2010) (extending the time provided by Bankruptcy Rule 9027 to remove a civil action under 28 U.S.C. § 1452); *In re The Hertz Corp. et al.*, Case No. 20-11218 (MFW) (Bankr. D. Del. Aug. 10, 2020) (extending the removal period by 120 days without prejudice to right of debtors to seek further extensions); *In re PWM Property Management LLC, et al.*, Case No. 21-11445 (MFW) (Bankr. D. Del. Feb. 3, 2022) (same); *In re Virgin Orbit Holdings, Inc. et al.*, Case No. 23-10405 (KBO) (Bankr. D. Del. July 18, 2023) (same).

17696041/2

to determine conclusively which Actions, if any, it should seek to remove. The requested extension will afford the Plan Administrator an opportunity to make more fully-informed decisions concerning the existence of any Actions and their removal, and will ensure that the Plan Administrator, Post-Effective Date Debtor, and the estate does not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452. Absent the requested extension, the Plan Administrator will not be able to complete this review adequately, and the result could, among other things, unnecessarily hinder the Plan Administrator' ability to recover assets for the benefit of the Post-Effective Date Debtor's estate. Furthermore, the Plan Administrator submits that granting the requested extension will not prejudice the rights of any adversary in an existing Action because such parties are prevented from prosecuting Actions absent relief from the automatic stay. In addition, nothing herein will prejudice any party to an existing Action that the Plan Administrator may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C.§ 1452(b) at the appropriate time.

23. For the reasons set forth above, the Plan Administrator submits that extending the current Removal Deadline through and including May 7, 2026 is necessary, prudent, and in the best interests of the Plan Administrator, Post-Effective Date Debtor, the estate, and creditors.

## **NOTICE**

24. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (a) the U.S. Trustee; (b) non-Debtor parties to all pending civil actions in which a Debtor is a party and (c) all parties who, as of the filing of this Motion, have filed a renewed notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 and section 16.12 of the Plan. The Plan Administrator submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

WHEREFORE, for the reasons set forth herein, the Plan Administrator respectfully requests that the Court grant the relief requested in this Motion and such other and further relief as is just and proper.

Dated: January 7, 2026

**MORRIS JAMES LLP**

*/s/ Siena B. Cerra*
Carl N. Kunz, III (DE Bar No. 3201)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Siena B. Cerra (DE Bar No. 7290)
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail:  ckunz@morrisjames.com
emonzo@morrisjames.com
bkeilson@morrisjames.com
scerra@morrisjames.com

-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail:  ewilson@kelleydrye.com
kelliott@kelleydrye.com
abarajas@kelleydrye.com

*Counsel to the Plan Administrator*