**<u>EXHIBIT A</u>**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Blink Holdings, Inc.,[1] | Case No. 24-11686 (JKS) |
| Post-Effective Date Debtor. | **Re: Docket Nos. 861, 931** |

**ORDER APPROVING SETTLEMENT AGREEMENT REGARDING (A) REQUEST BY HARTFORD FIRE INSURANCE COMPANY TO ALLOW AND REQUIRE PAYMENT OF ADMINISTRATIVE EXPENSE AND (B) FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN (I) INSUFFICIENT DOCUMENTATION CLAIMS; (II) LATE FILED CLAIMS; AND (III) AMENDED AND SUPERSEDED CLAIMS**

Upon the certification of counsel regarding the *Settlement Agreement* (the "Settlement Agreement"),[2] a copy of which is attached hereto as **Exhibit 1**, entered into by and between the Plan Administrator and Hartford Fire Insurance Company, on behalf of itself and its affiliated insurance companies ("Surety"), and this Bankruptcy Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 case in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that sufficient notice of the Settlement Agreement has been given; and after due deliberation; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.     The Settlement Agreement is hereby APPROVED in its entirety as set forth herein.

2.     The Parties are hereby authorized to enter into the Settlement Agreement, substantially in the form attached hereto as **Exhibit 1**.

---

[1]     The Post-Effective Date Debtor's service address is c/o Burton Hastings Advisors LLC, 40 Half Moon Lane, Irvington, NY 10533.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.

3.      The terms of the Settlement Agreement shall become effective upon the entry of this Order and as otherwise provided by the terms of the Settlement Agreement.

4.      The Bankruptcy Court shall retain jurisdiction over the Parties hereto with respect to the Settlement Agreement including, without limitation, for the purposes of interpreting, implementing, and enforcing its terms.

5.      The rights of all parties and non-parties to the Settlement Agreement to move to amend this Order or the Settlement Agreement are fully reserved.

2

# **EXHIBIT 1**

Settlement Agreement

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Blink Holdings, Inc.,[1] | Case No. 24-11686 (JKS) |
| Post-Effective Date Debtor. | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Hartford Fire Insurance Company, on behalf of itself and its affiliated insurance companies ("Surety") on the one hand, and Burton Hastings Advisors LLC, not individually, but solely in its capacity as the Plan Administrator for the Debtors' (as defined below) wind-down estates (the "Plan Administrator" and with the Surety, the "Parties"), on the other hand.

WHEREAS, on August 12, 2024 (the "Petition Date"), Blink Holdings, Inc. and certain of its affiliates (collectively, the "Debtors," and after the Effective Date of the Debtors' confirmed chapter 11 plan, the "Post-Effective Date Debtors") each filed a voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

WHEREAS, prior to the Petition date, the Surety, as a surety company, issued and/or executed surety bonds and/or related instruments (the "Bonds"), including certain health club/spa surety bonds in which various Debtors are listed as principal on the bonds, and, which were issued, generally, in favor of state jurisdictions and/or members of such health clubs/spas who suffer a financial loss as a result of the closure of a facility.

---

[1] The Post-Effective Date Debtor's service address is c/o Burton Hastings Advisors LLC, 40 Half Moon Lane, Irvington, NY 10533.

WHEREAS, in connection with the Surety's execution and/or issuance of the Bonds, the Debtors and/or their non-debtor affiliates agreed to indemnify, exonerate and hold harmless the Surety, more specifically, certain of the Debtors and/or their non-debtor affiliates executed a general indemnity agreement dated September 30, 2020, and signed by Blink Holdings Inc. on or about November 2, 2020, (the "Indemnity Agreement") in favor of the Surety.

WHEREAS, the Indemnity Agreement provides in part that Blink Holdings, Inc., and any of its affiliated debtor and/or non-debtors affiliates, are contractual indemnitors and, as such, they are, among other things, jointly and severally liable to the Surety for, without limitation, any and all losses, costs, and/or expenses incurred and/or to be incurred in relation to the Bonds and/or the surety program described herein.

WHEREAS, pursuant to an *Order Waiving Certain Proof of Claim Requirements for Hartford Fire Insurance Company* filed October 1, 2024 [Docket No. 458] the Surety was permitted to file proofs of claim only in the lead case, *In re Blink Holdings Inc.*, bankruptcy case no. 24-11686 (the "Lead Case"), which filing(s) would then be deemed to constitute the filing of such proofs of claim in each of the Debtors' jointly administered chapter 11 cases.

WHEREAS the Surety filed in the Lead Case, claim no. 10198 on October 9, 2024 ("Claim No. 10198"), claim no. 10320 on March 24, 2025 ("Claim No. 10320"), and claim no. 10321 on March 25, 2025 ("Claim No. 10321" and collectively with Claim No. 10198 and Claim No. 10320, the "Prepetition Claims") asserting secured and priority claims of unliquidated amounts.

WHEREAS, on February 28, 2025, the Bankruptcy Court issued *Findings of Fact, Conclusions of Law, and Order Approving and Confirming the Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* ("Confirmation Order") [Docket No. 831] confirming the

2

*Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* (the "Plan") [Docket No. 806].[2]

WHEREAS, Pursuant to the Plan and Confirmation Order, Burton Hastings Advisors LLC was appointed as the Plan Administrator and vested with the exclusive authority to act for the Post-Effective Date Debtors, including the authority to resolve claims, object to claims, and enforce the Plan.

WHEREAS, the Confirmation Order provides in pertinent part that "[t]he rights of Hartford Fire Insurance Company, individually, and with its affiliated surety or sureties ("**Surety**") with respect to subrogation to the extent any Claim is paid by a Surety, setoff and recoupment rights, lien rights and trust claims, if any, are not primed, subordinated, affected or impaired by the Plan Documents … or any order of the Court, and neither are the rights of any party to whom a Surety may be subrogated…." and "on the Effective Date, any bonds of any kind issued by the Surety, and any agreements related thereto, shall be deemed rejected (to the extent executory) and cancelled….." (Confirmation Order at ¶ 35).

WHEREAS, the Effective Date occurred on February 28, 2025. (*See*, Docket No. 833, *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates*) ("Notice of Effective Date").

WHEREAS, the Notice of Effective Date provided that the Administrative Claims Deadline was March 31, 2025. (*Id.*).

WHEREAS, the Surety incurred legal fees and expenses totaling $57,821.56 from the Petition Date through the Effective Date, relative to enforcement of the Indemnity Agreement or

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Other Surety Document, among other elements of "Loss," as provided for in the Indemnity Agreement.

WHEREAS, on March 25, 2025, the Surety filed the *Request by Hartford Fire Insurance Company to Allow and Require Payment of Administrative Expense* (the "Admin Claim") [Docket No. 861], seeking, among other things, an Administrative Expense Claim for not less than $57,821.56, constituting the unreimbursed fees and costs incurred by the Surety during the administrative expense claim period (August 12, 2024 through February 28, 2025), plus unliquidated amounts.

WHEREAS, on or about October 13, 2025, the Plan Administrator filed its *First Omnibus (Non-Substantive) Objection to Certain (I) Insufficient Documentation Claims; (II) Late Filed Claims; and (III) Amended and Superseded Claims* [Docket No. 931] seeking, among other things, to disallow Claim No. 10198 and Claim No. 10320 in favor of surviving Claim No. 10321 as "Amended and Superseded Claims."

WHEREAS, following good faith discussions and negotiations, the Parties have agreed to a consensual resolution of the Admin Claim and Prepetition Claims as set forth in this Agreement.

**NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein, the Parties agree as follows.**

1.      Incorporation of "Whereas" Clauses.  The foregoing preamble and introductory (including "Whereas") clauses are incorporated herein and made a part of this Agreement.

2.      Agreement Effective Date.  The Agreement shall be effective upon entry of an order by the Bankruptcy Court approving this Agreement (the "Agreement Effective Date").

3.      Allowance and Payment.  The Surety shall have an Allowed Administrative Claim for $15,000.00 (the "Allowed Admin Claim") which shall be paid to the Surety (the "Settlement

4

Payment") within thirty (30) days after the later of (i) the Agreement Effective Date and (ii) the receipt of the Surety's duly executed and completed IRS form W-9.

4.    <u>No Other Claims</u>:  In consideration of the Settlement Payment, the Surety shall have no further Claims in any of the Debtors' bankruptcy cases.  For the avoidance of doubt, the Admin Claim and the Prepetition Claims of the Surety are hereby resolved and shall each be deemed withdrawn and expunged.  The Surety's Allowed Admin Claim is in full satisfaction of all claims that Hartford now has or ever had against the Debtors, their estates, or the Plan Administrator, and Hartford waives its right to assert any other claims against the Plan Administrator, any Debtor, or the Debtors' estates in any other amount.  Epiq Corporate Restructuring, LLC, as the claims and noticing agent, is hereby authorized to reflect the terms of this Agreement on the official claims register in these chapter 11 cases.

5.    <u>Entire Agreement</u>.  The Parties hereto agree that the Agreement constitutes the entire agreement between the Parties relating to the subject matter of the Agreement and that there are no other agreements, understandings, representations or warranties made or given, except as to expressly set forth herein.  All prior agreements, understandings, letters and/or communications relating to the subject matter of the Agreement shall be null and void and shall be superseded by the Agreement, except as expressly set forth herein.

6.    <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, including copies by facsimile or electronic mail which shall be deemed originals, all of which together shall constitute one original Agreement.  Any proof of the Agreement shall require production of only one such counterpart duly executed by the party to be charged therewith.

7.    <u>Facsimile and Email Signatures</u>.  PDF copies of signatures and signatures transmitted by facsimile or email shall be accepted and deemed to be original signatures for all purposes and shall be binding on the Parties upon signing.

17797735/1

8.    <u>Governing Law</u>.  This Agreement shall be governed and construed in accordance with the laws of the State of Delaware without regard to any law concerning the conflicts of laws.

9.    <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Agreement.

IN WITNESS WHEREOF, the Parties duly execute this Agreement as indicated by the signatures of their respective counsel below:

Dated:  March 11, 2026

By: */s/ Gary D. Bressler*
   Gary D. Bressler (DE Bar No. 5544)
   MCELROY, DEUTSCH, MULVANEY &
   CARPENTER, LLP
   300 Delaware Ave., Suite 1014
   Wilmington, DE 19801
   Tel:  (302) 300-4515
   Fax:  (302) 654-4031
   Email: gbressler@mdmc-law.com

   *Counsel to Surety*

By: */s/ Siena B. Cerra*
   Eric J. Monzo (DE Bar No. 5214)
   Brya M. Keilson (DE Bar No. 4643)
   Siena B. Cerra (DE Bar No. 7290)
   MORRIS JAMES LLP
   3205 Avenue North Blvd., Suite 100
   Wilmington, DE  10803
   Tel:  (302) 888-6800
   Fax: (302) 571-1759
   Email: emonzo@morrisjames.com
        bkeilson@morrisjames.com
        scerra@morrisjames.com

   -and-

   Eric R. Wilson, Esq. (admitted *pro hac vice*)
   Kristin S. Elliott, Esq.(admitted *pro hac vice*)
   Andres Barajas, Esq. (admitted *pro hac vice*)
   KELLEY DRYE & WARREN LLP
   3 World Trade Center
   New York, NY  10007
   Tel:  (212) 808-7800
   Fax:  (212) 808-7897
   Email:  ewilson@kelleydrye.com
        kelliott@kelleydrye.com
        abarajas@kelleydrye.com

   *Counsel to the Plan Administrator*

17797735/1