## EXHIBIT 1

Stipulation

18035109/1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Blink Holdings, Inc.,[1] | Case No. 24-11686 (JKS) |
| Post-Effective Date Debtor | |

**STIPULATION GRANTING LIDIA CANALES**
**LIMITED RELIEF FROM THE PLAN INJUNCTION**

This stipulation and order (the "Stipulation") is entered into by and among Burton Hastings Advisors LLC, solely in its capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtor (the "Post-Effective Date Debtor"), and Lidia Canales ("Ms. Canales" and collectively with the Plan Administrator, the "Parties" and each a "Party"), through undersigned counsel. The Parties hereby stipulate and agree as follows:

**RECITALS**

A.      On or about June 16, 2023, Ms. Canales alleges that she sustained injuries at her local Blink Fitness facility located at 121 Broadhollow Road, Melville, New York (the "Incident").

B.      On August 12, 2024, Blink Holdings, Inc. and certain of its affiliates (the "Debtors" and after the Effective Date of the Debtors' confirmed chapter 11 plan, the "Post-Effective Date Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, thereby commencing the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases").

C.      On September 10, 2024, the Bankruptcy Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9) of*

---

[1]      The Post-Effective Date Debtor's service address is c/o Burton Hastings Advisors LLC, 40 Half Moon Lane, Irvington, NY 10533.

18035109/1

*the Bankruptcy Code, (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs Of Claim, Including Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 347] (the "Bar Date Order").

D.      On October 9, 2024, Ms. Canales filed proof of claim number 10206 ("Claim No. 10206")[2] against Blink Holdings, Inc. asserting a non-priority General Unsecured Claim in the amount of $2,500,000.00 plus unliquidated amounts, arising from alleged damages related to the Incident.

E.      On February 28, 2025, the Court entered an order [Docket No. 831] (the "Confirmation Order") confirming the *Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 806] (the "Plan").[3]   On February 28, 2025, the Debtors' Plan went effective (the "Effective Date").[4]

F.      Pursuant to Section 7.4 of the Plan, Holders of General Unsecured Claims "will not receive or retain any property or interest in property under the Plan on account of their General Unsecured Claims."[5]

G.      Pursuant to the Plan and Confirmation Order, Burton Hastings Advisors LLC was appointed as the Plan Administrator and vested with the exclusive authority to act for the

---

[2]      Claim No. 10206 erroneously listed "Committee of Unsecured Creditors" as the name of the creditor.

[3]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[4]      *See* Notice of Effective Date [Docket No. 833].

[5]      Plan, § 7.4.

Post-Effective Date Debtors, including the authority to enforce the Plan and compromise and settle General Unsecured Claims.[6]

G.  Pursuant to Section 14.1(d) of the Plan (the "Plan Injunction"), except as otherwise expressly provided in the Plan or in obligations issued pursuant to the Plan, all Entities[7] are permanently enjoined, as of the Effective Date, from, among other things, commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, the Estates, the Post-Effective Date Debtors, the Plan Administrator, their successors and assigns, or any of their assets or properties, on account of any Claim or Interest that has been released or exculpated under the Plan.[8]

H.  On March 14, 2025, Ms. Canales filed proof of claim number 10312 ("Claim No. 10312") against Blink Holdings, Inc. amending Claim No. 10206.  That same day, Ms. Canales, filed (i) proof of claim number 10313 ("Claim No. 10313") against Blink Melville, Inc. asserting a non-priority General Unsecured Claim in the amount of $2,500,000.00 plus unliquidated amounts, arising from alleged damages related to the Incident, and (ii) proof of claim number 10314 ("Claim No. 10314") against Blink Holdings, Inc. amending Claim No. 10312 asserting a non-priority, unliquidated, General Unsecured Claim from alleged damages related to the Incident.

I.  On July 7, 2025, Ms. Canales, filed the *Motion of Lidia Canales for Retroactive Annulment of Automatic Stay and Prospective Relief from Injunctive Provisions of Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 897] (the "Stay Relief Motion") seeking approval of the Bankruptcy Court to pursue her New York state law and related claims arising out of the

---

[6]  Confirmation Order, ¶ 13; Plan, § 9.6.

[7]  "Entities" shall have the meaning ascribed to it in the Plan.

[8]  Plan, § 14.1(d).

18035109/1

Incident against Debtor Blink Melville, Inc. d/b/a Blink Fitness and Debtor Blink Holdings, Inc. d/b/a Blink Fitness (together, the "Blink Fitness Debtors").

J.      The Debtors maintained certain commercial general liability, excess and umbrella policies (collectively, the "Insurance Policies") which may be applicable to the Incident.

K.      Pursuant to Section 16.9 of the Plan, the Confirmation Order and Effective Date had no effect on the Insurance Policies and each insurance company is prohibited from denying coverage on any basis regarding or related to the Chapter 11 Cases.[9]

L.      Ms. Canales acknowledges that the commencement of litigation against the Debtors or Post-Effective Date Debtors is enjoined by the Plan Injunction, and now seeks limited relief solely to proceed nominally against the Blink Fitness Debtors and/or the Post-Effective Date Debtors for the limited purpose of pursuing available insurance coverage, if any, and not to recover against the Debtors, the Post-Effective Date Debtors, their estates, or their successors.

M.      The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Plan Injunction solely to permit Ms. Canales to proceed nominally against the Blink Fitness Debtors and/or the Post-Effective Date Debtors for the limited purpose of pursuing any available insurance, subject to the terms set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, AND FOR VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS HEREBY ACKNOWLEDGED BY ALL PARTIES, IT HEREBY IS STIPULATED AND AGREED, BY AND AMONGST THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "Stipulation Effective Date").

---

[9]      Plan, § 16.9.

4

2.      Upon the Stipulation Effective Date, the Plan Injunction shall be modified solely and exclusively to permit Ms. Canales to proceed nominally against the Blink Fitness Debtors and/or the Post-Effective Date Debtors for the limited purpose of seeking recovery from applicable insurance coverage, including the Insurance Policies, if any. Nothing herein shall permit Ms. Canales to seek or obtain recovery from the Debtors, the Post-Effective Date Debtors, their estates, the Plan Administrator, or any of their respective successors other than the maintenance of Claim No. 10314 and Claim No. 10313 for the purpose of establishing a foundation for pursuit of insurance proceeds.

3.      Except as set forth in paragraph 2 above, Ms. Canales expressly agrees that she shall not seek to recover, and shall have no right to recover, any amounts from the Debtors, the Post-Effective Date Debtors, their estates, the Plan Administrator, or any of their assets or properties, other than applicable insurance coverage, including the Insurance Policies, if any. Ms. Canales's recovery, if any, shall be limited solely to the extent of available insurance coverage.

4.      Ms. Canales further agrees that to the extent that applicable Insurance Policies do not satisfy alleged damages arising from or related to the Incident, for any reason, neither the Debtors, the Post-Effective Date Debtors, their estates, the Plan Administrator, or any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a General Unsecured Claim in these Chapter 11 Cases, and Ms. Canales shall not seek to collect on any such unsatisfied portion from the Debtors, the Post-Effective Date Debtors,  their estates, the Plan Administrator, or any of their successors.

5.      Ms. Canales agrees that any claim or proofs of claim filed or to be filed by Ms. Canales (other than Claims Nos.  10313 and 10314) in connection with the Incident against the Debtors, their estates, or their successors in these Chapter 11 Cases, if any, are, by entry of this

Stipulation, deemed disallowed, and the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC, and the Clerk of the Court are authorized to take all necessary actions to ensure that the official claims register for these Chapter 11 Cases so reflects.

6. Within five (5) business days of the Stipulation Effective Date, Ms. Canales shall file a notice of withdrawal of the Stay Relief Motion.

7. Nothing in this Stipulation shall be deemed or construed as: (i) an acknowledgment by the Plan Administrator of the existence, availability, or applicability of any insurance coverage with respect to the claims asserted in any future action; (ii) a waiver or release of any rights, claims, or defenses of the Debtors, Post-Effective Date Debtors, their insurers or Plan Administrator; (iii) a determination as to the merits of the claims that may be asserted in any such action; or (iv) a modification of the Plan or Confirmation Order, except as expressly set forth herein.

8. Ms. Canales acknowledges and agrees that, except as set forth in paragraph 2 above, pursuant to Section 14.1 of the Plan, and except as expressly provided in the Plan or in obligations issued pursuant to the Plan, all Entities are permanently enjoined, as of the Effective Date, from: commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, their Estates, the Post-Effective Date Debtors, the Plan Administrator, or any of their respective successors or assigns, or any of their respective assets or properties on account of any Claim or Interest that has been released or exculpated under the Plan.

9. This Stipulation shall constitute the entire agreement and understanding of the Parties related to the subject matter herein and supersedes all prior agreements and understandings between the Parties.

18035109/1

10.     Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

11.     This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any paper copies, electronic copies, or facsimiles signed by the Parties hereto.  Conformed or other electronic signatures shall be deemed live signatures and shall be self-authenticating.

12.     Except as otherwise expressly set forth herein, all other provisions of the Plan and the Plan Injunction shall remain in full force and effect until and unless terminated or modified by the Bankruptcy Court.

13.     This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

14.     Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Stipulation Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

15.     This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

16.     The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Stipulation.

7

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: July 24, 2026

**SULLIVAN · NIMEROFF · BROWN · HILL LLC**

*/s/ E.E. Allinson III*
Elihu E. Allinson, III (No. 3476)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: zallinson@snbhlaw.com


- and -


**ZIMMERMAN LAW, P.C.**
Michael Zimmerman, Esq.
315 Walt Whitman Road, Suite 215
Huntington Station, NY 11746
P: (613) 415-0900


*Attorneys for Lidia Canales*

**KELLEY DRYE & WARREN LLP**

*/s/ Andres Barajas*
Eric R. Wilson, Esq. (admitted *pro hac vice*)
Kristin S. Elliott, Esq. (admitted *pro hac vice*)
Andres Barajas, Esq. (admitted *pro hac vice*)
3 World Trade Center
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: ewilson@kelleydrye.com
        kelliott@kelleydrye.com
        abarajas@kelleydrye.com


-and-

**MORRIS JAMES LLP**
Eric J. Monzo (DE Bar No. 5214)
Jason S. Levin (DE Bar No. 6434)
3205 Avenue North Blvd, Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
        jlevin@morrisjames.com


*Counsel to the Plan Administrator*

8

18035109/1