# <u>EXHIBIT A</u>

## Proposed Final Decree

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Blink Holdings, Inc.,[1]<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 24-11686 (JKS)<br><br>**Re: Docket No. ___** |

**FINAL DECREE AND ORDER (I) CLOSING THE DEBTOR'S REMAINING CHAPTER 11 CASE; (II) TERMINATING SERVICES OF EPIQ CORPORATE RESTRUCTURING, LLC; (III) DISCHARGING THE PLAN ADMINISTRATOR; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Plan Administrator in the above-captioned case (the "Plan Administrator") for entry of an order (this "Order") under sections 105(a) and 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, (i) closing the Remaining Case as of the date of entry of this Order, (ii) terminating the services of Epiq Corporate Restructuring, LLC in its capacities as the Notice and Claims Agent and Administrative Advisor, (iii) discharging the Plan Administrator and its professionals from further duties in the Remaining Case, and (iv) granting other related relief; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the legal

---

[1] The Post-Effective Date Debtor's service address is c/o Burton Hastings Advisors LLC, 40 Half Moon Lane, Irvington, NY 10533.

[2] Capitalized terms used but not otherwise defined in this Order have the meaning ascribed to them in the Motion.

and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Plan Administrator, the Post-Effective Date Debtors' estate, other creditors and parties in interest; and upon the record in these proceedings; and after due deliberation; and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Remaining Case, *Blink Holdings, Inc.* (No. 24-11686), shall be, and hereby is closed pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, effective as of the date of entry of this Order.

3. The Clerk of the Court shall enter this Order on the docket of the Post-Effective Date Debtor's Remaining Case and thereafter such docket shall be marked as "Closed."

4. To the extent not already paid, the fees required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by the Plan Administrator as soon as reasonably practicable after the date of entry of this Order.

5. Pursuant to Local Rule 2002-1(e), except as otherwise set forth in this paragraph, Epiq, in its capacities as the Notice and Claims Agent and the Administrative Advisor, is relieved of any further obligations with respect to its claims and noticing services effective immediately upon entry of this Order. In accordance with Local Rule 2002-1(e)(ix), within twenty-eight days after the entry of this Order, the Notice and Claims Agent shall: (i) forward to the Clerk an electronic version of all imaged claims, (ii) upload the creditor mailing list into CM/ECF, and (iii) docket a Claims Register containing claims from all cases originally administered jointly with the Remaining Case.

6. The Plan Administrator's abandonment of any remaining assets of the Post-Effective Date Debtor is approved.

7. Without further order of the Court, immediately effective upon the filing of the 2026 Tax Return, the Plan Administrator and its professionals are discharged, relieved, and released of any further duties with respect to the Plan, the Post-Effective Date Debtors, the Plan Administrator Agreement, and the Remaining Case.

8. Entry of this Order shall be without prejudice to the rights of the Post-Effective Date Debtor, the Plan Administrator or any other party-in-interest to seek to reopen any of the Chapter 11 Cases for cause.

9. The Plan Administrator, on behalf of the Post-Effective Date Debtor, is empowered and authorized to take all actions necessary or appropriate to effect the relief granted in this Order.

10. Notwithstanding any stay that might be applicable to this Order, this Order shall be effective and enforceable immediately upon entry hereof.

11. The Court shall retain jurisdiction to construe and enforce the terms of this Order.