# EXHIBIT B

## Final Report

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Blink Holdings, Inc.,[1]<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 24-11686 (JKS) |

**FINAL REPORT IN CHAPTER 11 CASE**

To the best of the knowledge, information, and belief of the undersigned, the following is a breakdown of the results in the above-captioned chapter 11 case:

**BACKGROUND**

1. On August 12, 2024, (the "Petition Date"), Blink Holdings, Inc. and its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

2. On November 7 and November 13, 2024, the Court entered orders pursuant to section 363 of the Bankruptcy Code approving the sales of substantially all of the Debtors' assets to certain third-party purchasers.[2]

3. On February 28, 2025, the Court entered an order (the "Confirmation Order")[3] confirming the *Third Amended Combined Disclosure Statement and Joint Chapter 11*

[1] The Post-Effective Date Debtor's service address is c/o Burton Hastings Advisors LLC, 40 Half Moon Lane, Irvington, NY 10533.

[2] Docket Nos. 591, 611.

[3] Docket No. 831.

*Plan of Blink Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* (the "Plan").[4] On February 28, 2025, the Plan became effective (the "Effective Date").[5]

4. Under the Plan, holders of Allowed Secured Claims, Allowed Administrative Claims, and Allowed Priority Claims (collectively, the "Allowed SAP Claims," and prior to Allowance or Disallowance, the "SAP Claims") are entitled to receive a Distribution.[6] Holders of General Unsecured Claims are not entitled to receive any Distribution under the Plan.[7]

5. On the Effective Date, the Debtors and the Plan Administrator executed the *Plan Administrator Agreement* (the "PA Agreement")[8] which appointed the Plan Administrator as the sole director, member, officer and manager of the Post-Effective Date Debtor.[9]

6. Pursuant to the Confirmation Order and Plan, the Plan Administrator is responsible for making Distributions to Holders of Allowed SAP Claims in accordance with the Plan.[10] The Plan further provides the Plan Administrator with the power and authority to (i) object to Claims and Interests and prosecute such objections; (ii) compromise and settle disputes regarding Claims or Interests; (iii) file tax returns for the Debtors; and (iv) dissolve the Post-Effective Date Debtors.[11]

---

4 Docket No. 831, Ex. A. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

5 *See* Docket No. 833.

6 Plan, §§ 6.2, 6.4, 7.1–7.3.

7 *Id.*, § 7.4.

8 Docket No. 769, Ex. B.

9 Confirmation Order, ¶ 11; Plan, § 9.4; Docket No. 769.

10 *See* Plan, § 9.1.

11 *Id.*, § 9.6.

7. On the Effective Date, the Wind Down Assets vested in the estates of the Post-Effective Date Debtors.[12] The Wind-Down Assets are defined broadly under the Plan as all of the remaining property of the Debtors remaining on the Effective Date, which included the Wind-Down Reserve and Preserved Causes of Action.[13]

8. The Preserved Causes of Action are defined in the Plan as any Causes of Actions that are not Excluded Actions.[14] Given the broad scope of Excluded Actions, the Post-Effective Date Debtors do not possess any colorable Preserved Causes of Action.[15] Accordingly, the Wind Down Reserve is the only source available to fund Distributions to holders of Allowed SAP Claims under the Plan.

9. On September 23, 2026, the Plan Administrator filed *Plan Administrator's Motion for a Final Decree and Order (I) Closing the Debtor's Remaining Chapter 11 Case; (II) Terminating the Services of Epiq Corporate Restructuring, LLC; (III) Discharging the Plan Administrator; and (IV) Granting Related Relief* (the "Motion for Final Decree"), which is scheduled to be heard on October 14, 2026.

---

[12] *Id.*, § 9.3.

[13] *Id.*, § 1.179.

[14] *Id.*, § 1.130.

[15] The Plan defines "Excluded Actions" to mean:

> any Causes of Action that: (a) were sold to the Buyer(s) under the Asset Purchase Agreements; (b) are or have been released pursuant to a Final Order entered by the Bankruptcy Court (to the extent that any such Final Order is in a form acceptable to the DIP Agent and the Prepetition Agent); (c) is an Avoidance Action; or (d) are or have been released by the Debtors or the Post-Effective Date Debtors pursuant to the Final DIP Order or this Plan, including as set forth in Article XIV.

*Id.*, § 1.72.

10. Subject to the making of final distributions to Holders of Allowed SAP Claims as set forth in the Motion for Final Decree, the Plan Administrator has completed all of its duties.

**FEES AND EXPENSES / DISTRIBUTIONS / TRUST ASSET ADMINISTRATION**

11. Pursuant to 28 U.S.C. § 1930: (a) all fees have been paid through June 30, 2026; and (b) will pay fees that will become due following the close of the third quarter of 2026 as soon as practicable following entry of an order with respect to the Motion for Final Decree.

12. The fees and expenses awarded to and paid to professionals in the Chapter 11 Cases from the Petition Date through the Effective Date of the Plan amounted to $14,119,072 in the aggregate, and are set forth in detail on the attached Exhibit 1.

13. All distributions on account of Allowed SAP Claims have been made and/or will be made before the Motion for Final Decree is scheduled to be heard by this Court, and are set forth on the attached Exhibit 2.

14. Pursuant to section 9.7 of the Plan, following the final Distribution to holders of Allowed SAP Claims, entry of the Proposed Final Decree, and satisfaction of (or provision for) all of the Plan Administrator's fees and expenses, all of the Plan Administrator's professionals' fees and expenses, and any remaining expenses of the Post-Effective Date Debtor, the Plan Administrator will cause the Post-Effective Debtor to remit all remaining amounts in the Wind Down Reserve to the Prepetition Agent on account of the Class 3 Prepetition Loan Secured Claims.

15. Subject to the foregoing, all assets of the Post-Effective Date Debtor have been administered or, where the Plan Administrator has determined they are of inconsequential value to Holders of Allowed SAP Claims, will be abandoned upon entry of the order granting the Motion for Final Decree.

**Burton Hastings Advisors LLC**, solely
in its capacity as the Plan Administrator
to the Post-Effective Date Debtor

*/s/ Peter Hurwitz*
Name: Peter Hurwitz
Title: Managing Member

**EXHIBIT 1**

***Blink Holdings, Inc.***
**Case No. 24-11686 (JKS)**
**Cumulative Pre-Effective Date Professional Fees and Expenses**
**August 12, 2024 through and including February 28, 2025**

| Name of Professional | Professional Services Provided | Cumulative Fees |
|---|---|---|
| Young Conaway Stargatt & Taylor, LLP | Counsel to the Debtors | $3,714,622 |
| Moelis & Company | Investment Banker to the Debtors | $3,611,620 |
| Epiq Corporate Restructuring, LLC. | Notice and Claims Agent to the Debtors | $1,119,255 |
| Triple P RTS, LLC | Financial Advisor to the Debtors | $2,604,999 |
| Kelley Drye & Warren LLP | Counsel to the Official Committee of Unsecured Creditors | $2,172,701 |
| Morris James LLP | Delaware Counsel to the Official Committee of Unsecured Creditors | $300,228 |
| Dundon Advisers LLC | Financial Advisor to the Official Committee of Unsecured Creditors | $593,001 |
| Littler Mendelson | Ordinary Course Professional to the Debtors | $2,646 |
| **TOTAL** | | **$14,119,072** |

# EXHIBIT 2

## Summary of Distributions Under the Plan[1]

| CLASS | Claims/ Interest | Approximate Actual Recovery and Treatment Under the Plan |
|---|---|---|
| 1 | Priority Non- Tax Claims | 100%<br><br>Holder of an Allowed Priority Non-Tax Claim will be paid in full in cash or otherwise receive treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code; provided, however, nothing herein shall obligate the DIP Secured Parties or the Prepetition Secured Parties to fund, or make available DIP Collateral proceeds or Prepetition Collateral Proceeds (including Cash Collateral and including via section 506(c) surcharge) to pay, any such Allowed Priority Non-Tax Claims except as and to the extent provided in the Final DIP Order in accordance with the DIP Budget and Carve Out thereunder.. |
| 2 | Other Secured Claims | 100%<br><br>Holder of an Allowed Other Secured Claim shall receive, at the Debtors' or Post-Effective Date Debtors' option: (a) Cash equal to the unpaid portion of the amount of such Allowed Other Secured Claim; (b) the return of the Holder's collateral securing such Claim; or (c) such other treatment permitted by the Bankruptcy Code; provided however, that to the extent such Other Secured Claims are proposed to be satisfied using the Sale Proceeds, such proceeds shall not exceed $1.0 million without the prior written consent of the DIP Agent, Prepetition Agent, DIP Required Lenders, and Prepetition Required Lenders. |
| 3 | Prepetition Loan Secured Claims | 30-35%<br><br>Holder of an Allowed Prepetition Loan Secured Claim shall receive on account of such Holder's Allowed Prepetition Loan Secured Claim, to the extent not indefeasibly paid and following repayment in full of all DIP Claims in Cash and subject to the Carve Out, (i) its Pro Rata share of 100% of the Sale Proceeds remaining after the payment, or establishment of appropriate reserves for previously unpaid amounts in respect of the Carve-Out and Wind Down Reserve or, at the election of the Holders of Allowed Prepetition Loan Secured Claims, (ii) any excess unused amount of the Wind Down Reserve, if any, in accordance with Section 9.7 hereof, and (iii) 100% of all other Distributable Proceeds. |
| 4 | General Unsecured Claims | 0%<br><br>Holders of General Unsecured Claims (including the Prepetition Loan Deficiency Claim, if any) will not receive or retain any property or interest in property under the Plan on account of their General Unsecured Claims. |
| 5 | Intercompany Claims | N/A<br><br>Intercompany Claims shall be cancelled, released, and extinguished as of the Effective Date and holders of Intercompany Claims did not receive any Distribution on account of such Interests under the Plan.. |

[1] The information set forth in the table is for convenience of reference only. Each Holder of a Claim or Interest should refer to the Plan for a full description of the classification and treatment of Claims and Interests provided under the Plan.

| CLASS | Claims/ Interest | Approximate Actual Recovery and Treatment Under the Plan |
|---|---|---|
| 5 | Equity Interests | NA<br><br>Interests were cancelled, released and extinguished as of the Effective Date and holders of Interests did not receive any Distribution on account of such Interests under the Plan. |